### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CONNIE FRANCO PAVLICAS,** <br> 55 Main Street, #10 <br> Port Washington, NY  10163 <br><br>            **Plaintiff,** <br><br>      vs. <br><br> **ELI LILLY AND COMPANY** <br> Lilly Corporate Center <br> Indianapolis, IN  46285 <br><br> **and** <br><br> **BRISTOL-MYERS SQUIBB COMPANY** <br> a successor of E.R. SQUIBB & SONS, INC. <br> P. O. Box 4500 <br> Princeton, NJ  08543 <br><br> **and** <br><br> **PHARMACIA and UPJOHN COMPANY** <br> (a/k/a THE UPJOHN COMPANY) <br> 100 Route 206 North <br> Peapack, NJ  07977 <br><br> **and** <br><br> **ABBOTT LABORATORIES, INC.** <br> 100 Abbott Park Road <br> Abbott Park, IL  60064 <br><br> **and** <br><br> **DART INDUSTRIES, INC.,** a successor to <br> **REXALL DRUG COMPANY, INC.** <br> w/s/o:  Sheila AnnMarie Moeller, Esq. <br>         Gilbride, Tusa, Last & Spellane LLC <br>         31 Brookside Drive <br>         Greenwich, CT 06836 <br><br> **and** <br><br> **GLAXOSMITHKLINE, INC.,** <br> a successor to S.E. Massengill and | **CIVIL ACTION** _____ <br><br>      **SUPERIOR COURT NO.:** <br>        **06-CA-006749** <br><br><br> **DEFENDANT ELI LILLY AND** <br> **COMPANY'S NOTICE OF** <br> **REMOVAL OF CIVIL ACTION** |

140910v1

Burroughs-Wellcome Co.,                                                )
1500 K Street, NW                                                      )
Washington, D.C.  20036                                               )
                                                                       )
and                                                                    )
                                                                       )
                                                                       )
PREMO PHARMACEUTICAL                                                    )
LABORATORIES, INC.                                                     )
w/s/o:   Corporation Trust Co.                                          )
           820 Bear Tavern Road                                        )
           West Trenton, NJ 08628                                     )
                                                                       )
and                                                                    )
                                                                       )
ORTHO MCNEIL LABS, INC.                                                 )
Camp Hill Road                                                         )
Ft. Washington, PA  19034                                             )
                                                                       )
and                                                                    )
                                                                       )
PERSON & COVEY, INC.                                                    )
616 Allen Avenue                                                       )
Glendale, CA  91221                                                   )
                                                                       )
and                                                                    )
                                                                       )
MERCK & COMPANY, INC.                                                   )
P. O. Box 4                                                            )
West Point, PA  19486                                                 )
                                                                       )
and                                                                    )
                                                                       )
MALLINCKRODT, INC.                                                     )
685 McDonnell Boulevard                                               )
St. Louis, MO 63042                                                   )
                                                                       )
and                                                                    )
                                                                       )
ELAN PHARMACEUTICALS,                                                  )
A successor to CARNRICK                                                )
LABORATORIES, INC.,                                                   )
w/s/o:  CT Corporation                                                )
           1025 Vermont Avenue, NW                                    )
           Washington, DC 20005                                      )
                                                                       )
Defendants.                                                           )
_____                               )

140910v1

## DEFENDANT ELI LILLY AND COMPANY'S
## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Eli Lilly and Company ("Lilly"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, notices the removal of this action from the Superior Court of the District of Columbia, Civil Division, to this Court. The grounds for removal are as follows:

### INTRODUCTION

1.    On September 1, 2006, Plaintiff filed this case against Lilly, Bristol-Myers Squibb Company ("Squibb"), Pharmacia and Upjohn Company ("Upjohn"), Dart Industries, Inc. ("Dart"), GlaxoSmithKline ("Glaxo"), Premo Pharmaceutical Laboratories, Inc. ("Premo"), Person & Covey, Inc. ("Person & Covey"), Merck & Company, Inc. ("Merck"), Abbott Laboratories, Inc. ("Abbott"), Elan Pharmaceuticals ("Elan"), Ortho-McNeil Pharmaceuticals, Inc. ("Ortho") (identified as Ortho McNeil Labs, Inc. in the Plaintiff's caption) and Mallinckrodt, Inc. ("Mallinckrodt"). The action is styled as *Connie Pavlicas v. Eli Lilly and Company, et al.*, Civil Action No. 06-CA-006749, in the Superior Court of the District of Columbia, Civil Division. In her Complaint, Plaintiff alleges that Connie Pavlicas's *in utero* exposure to diethylstilbestrol ("DES") caused uterine and cervical malformations, miscarriage, infertility and that Connie Pavlicas incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering. *See* Complaint at ¶ 4.

2.    Pursuant to 28 U.S.C. § 1446(a), Lilly has attached "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" as **Exhibit A.**

3.    As more fully set out below, this case is properly removed to this Court under 28 U.S.C. § 1441, because Lilly has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

## NOTICE OF REMOVAL IS TIMELY

4.    Plaintiff served her Complaint in this action on Lilly on September 8, 2006. The Complaint was the first pleading received by Lilly setting forth the claims for relief on which this action is based. On July 13, 2007, Plaintiff and co-defendant Squibb voluntarily filed a Praecipe of Dismissal with Prejudice in the Superior Court of the District of Columbia. Because Squibb is no longer a defendant in this case, diversity jurisdiction can now be asserted. As required by 28 U.S.C. § 1441(b), this Notice of Removal is filed within thirty days of receipt of this paper, and within one year after the commencement of this action. Therefore, this Notice of Removal is timely.

## DIVERSITY JURISDICTION EXISTS

5.    This Court has original jurisdiction over this action under 28 U.S.C. § 1332 and this case may be removed pursuant to 28 U.S.C. § 1441 because, as explained more fully below, it is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and involves a controversy between citizens of different states. This action is being removed to the District Court for the district where the action is pending.

6.    Title 28, U.S.C. § 1441(b) states that suits that do not arise under federal law are removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Plaintiff filed this action in the Superior Court of the District of Columbia. No defendant in this action is a citizen of the District of Columbia.

7.    Upon information and belief, at the time this action was filed Plaintiff was a citizen of New York. *See* caption of Plaintiff's Complaint, listing Plaintiff's residence in Port Washington, New York.

140910v1

8.      Squibb is a corporation organized under the laws of the State of Delaware with its principal place of business located in New York. Pursuant to 28 U.S.C. § 1332(c)(1), Squibb is a citizen of Delaware and New York. Pursuant to the Praecipe of Dismissal with Prejudice, however, Squibb is no longer a party to this case. *See* Praecipe of Dismissal with Prejudice as **Exhibit B.** Therefore, there is no longer any party that has the same citizenship as the Plaintiff.

9.      Lilly is a corporation organized under the laws of the State of Indiana with its principal place of business located in Indiana. Pursuant to 28 U.S.C. § 1332(c)(1), Lilly is a citizen of Indiana.

10.     Upjohn is a corporation organized under the laws of the State of Delaware with its principal place of business located in Michigan. Pursuant to 28 U.S.C. § 1332(c)(1), Upjohn is a citizen of Delaware and Michigan. Upjohn has consented to removal. *See* Upjohn Consent to Removal attached hereto as **Exhibit C.**

11.     Dart is a corporation organized under the laws of the State of Delaware with its principal place of business located in Florida. Pursuant to 28 U.S.C. § 1332(c)(1), Dart is a citizen of Delaware and Florida. Dart has consented to removal. *See* Dart Consent to Removal attached hereto as **Exhibit D**.

12.     Glaxo is a corporation organized under the laws of the State of Pennsylvania with a principal place of business located in Pennsylvania. Pursuant to 28 U.S.C. § 1332(c)(1), Glaxo is a citizen of Pennsylvania. Glaxo has consented to removal. *See* Glaxo Consent to Removal attached hereto as **Exhibit E.**

140910v1

13.    Mallinckrodt is a corporation organized under the laws of the State of Delaware with its principal place of business located in Missouri. Pursuant to 28 U.S.C. § 1332(c)(1), Mallinckrodt is a citizen of Delaware and Missouri. Mallinckrodt has consented to removal. *See* Mallinckrodt Consent to Removal attached hereto as **Exhibit F**.

14.    The Person & Covey is a corporation organized under the laws of the State of California with its principal place of business located in California. Pursuant to 28 U.S.C. § 1332(c)(1), Person & Covey is a citizen of California. Person & Covey has consented to removal. *See* Person & Covey Consent to Removal attached hereto as **Exhibit G**.

15.    Pursuant to 28 U.S.C. § 1332, complete diversity of citizenship exists.

## AMOUNT IN CONTROVERSY

16.    In her Complaint, Plaintiff seeks $2,000,000 in compensatory damages from Defendants. *See* Complaint at p. 7. Based on Plaintiff's damages sought, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## REMOVAL TO THIS DISTRICT

17.    Removal venue exists in the United States District Court for the District of Columbia, because the Superior Court of the District of Columbia, Civil Division, is within the District of the District of Columbia. 28 U.S.C. § 1441(a).

18.    Written notice of the filing of the Notice of Removal will be promptly served on the attorney for Plaintiff, and a copy will be promptly filed with the Clerk of the Superior Court for the District of Columbia, Civil Division, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Removal to Federal Court is attached hereto as **Exhibit H**.

140910v1

19.    As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000 and is between citizens of different states.

20.    Lilly reserves all defenses, including, without limitation, the defense of lack of personal jurisdiction.

21.    Lilly reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Lilly gives notice that the matter styled as *Connie Pavlicas v. Eli Lilly and Company, et al.*, Civil Action No. 06-CA-006749, in the Superior Court of the District of Columbia, Civil Division, is removed to the United States District Court for the District of Columbia, and requests that this Court retain jurisdiction for all further proceedings.

Respectfully submitted,

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
Judith L. O'Grady, D.C. Bar No. 494290
SHOOK, HARDY & BACON L.L.P.
600 14th Street, N.W., Suite 800
Washington, DC  20005-2004
Phone:  (202) 783-8400; Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

140910v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of July, 2007, a true and accurate copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Janet K. Coleman
Daniel Whitney
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline, Inc.
and Mallinkrodt, Inc.**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb
Company**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company,
Pharmacia and Upjohn Company and
Ortho-McNeil Pharmaceuticals, Inc.**

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Aaron M. Bailey
Goodwin Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001

Christopher Garvey
Diana Scharf
Goodwin Proctor, LLP
599 Lexington Ave.
New York, NY 10022

**Attorneys for Premo Pharmaceutical
Laboratories, Inc.**

Sean C.E. McDonough
David D. Hudgins
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005-5793
**Attorneys for Abbott Laboratories, Inc.**

Harold M. Walter
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

140910v1

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

CONNIE FRANCO PAVLICAS
55 Main Street, #10
Port Washington, NY 10163

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**     Nassau, NY
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, DC 20005

## DEFENDANTS

ELI LILLY & COMPANY, ET AL.,
Lilly Corporate Center
Indianapolis, IN 46285

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**    Marion, IN
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

ATTORNEYS (IF KNOWN)

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
Shook, Hardy & Bacon LLP
600 14th Street, N.W., Suite 800
Washington, DC 20005
PH: 202-783-8400

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○  1 U.S. Government
Plaintiff

○  2 U.S. Government
Defendant

○  3 Federal Question
(U.S. Government Not a Party)

●  4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A.** *Antitrust*

☐  410 Antitrust

○ **B.** *Personal Injury/
Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☒ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency
Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

○ **D.** *Temporary Restraining
Order/Preliminary
Injunction*

**Any nature of suit from any category may
be selected for this category of case
assignment.**

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*          **OR**          ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if
not administrative agency
review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ◉ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. 1332; 28 U.S.C. 1441; 28 U.S.C. 1446. Plaintiff alleges personal injury related to mother's ingestion of pharmaceutical product.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 4,000,000.00   Check YES only if demanded in complaint   JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE July 24, 2007   SIGNATURE OF ATTORNEY OF RECORD *John C. Cook*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# Exhibit A

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

CONNIE FRANCO PAVLICAS                                ]
55 Main Street, #10                                            ]
Port Washington, NY 10163                              ]
                                                                       ]
       Plaintiff,                                          ]
                                                                       ]  Civil Action No.
       v.                                                   ]
                                                                       ]  0006749-06
ELI LILLY AND COMPANY                                ]
Lilly Corporate Center                                       ]
Indianapolis, IN 46285                                     ]
w/s/o NATIONAL REGISTERED AGENTS, INC. ]
1090 Vermont Avenue, NW, #910                   ]
Washington, DC 20005                                    ]
                                                                       ]
       and                                                 ]
                                                                       ]
BRISTOL-MYERS SQUIBB COMPANY          ]
a successor of E.R. SQUIBB & SONS, INC.       ]
P.O. Box 4500                                                  ]
Princeton, NJ  08543                                        ]
       w/s/o   CT CORPORATION                ]
       1025 Vermont Avenue, N.W.             ]
       Washington, D.C.  20005                   ]
                                                                       ]
       and                                                 ]
                                                                       ]
PHARMACIA and UPJOHN COMPANY          ]
(aka THE UPJOHN COMPANY)                     ]
100 Route 206 North                                        ]
Peapack, NJ  07977                                          ]
       w/s/o   CT CORPORATION                ]
       1025 Vermont Avenue, N.W.             ]
       Washington, D.C.  20005                   ]
                                                                       ]
       and                                                 ]
                                                                       ]
ABBOTT LABORATORIES, INC.                 ]
100 Abbott Park Road                                      ]
Abbott Park, IL 60064                                      ]
w/s/o CT CORPORATION                             ]
1025 Vermont Avenue, NW                          ]
Washington, DC 20036                                  ]
                                                                       ]
       and                                                 ]

RECEIVED
Civil Clerk's Office
SEP - 1 2006
Superior Court of the
District of Columbia
Washington, D.C.

1

LILY. 131454 PH03-2

DART INDUSTRIES, INC. a successor to          ]
REXALL DRUG COMPANY, INC.                     ]
w/s/o: Sheila AnnMarie Moeller, Esq.          ]
        Gilbride, Tusa, Last & Spellane LLC   ]
        31 Brookside Drive                    ]
        Greenwich, CT  06836                  ]
                                              ]
        and                                   ]
                                              ]
GLAXOSMITHKLINE, INC.,                        ]
a successor to S. E. Massengill               ]
Burroughs- Wellcome Co,                       ]
1500 K Street, NW                             ]
Washington, DC  20036                         ]
                                              ]
        and                                   ]
                                              ]
PREMO PHARMACEUTICAL                          ]
    LABORATORIES, INC.                        ]
w/s/o Corporation Trust Co.                   ]
820 Bear Tavern Road                          ]
West Trenton, NJ  08628                       ]
                                              ]
        and                                   ]
                                              ]
ORTHO-MCNEIL PHARMACEUTICAL, INC              ]
A Delaware Corporation                        ]
1000 Route 202 South                          ]
Raritan, NJ 08869                             ]
                                              ]
        and                                   ]
                                              ]
PERSON & COVEY, INC                           ]
616 Allen Avenue                              ]
Glendale, CA 91221                            ]
                                              ]
        and                                   ]
                                              ]
MERCK & COMPANY, INC.                         ]
P.O. Box 4                                    ]
West Point, PA 19486                          ]
w/s/o CT CORPORATION                          ]
1025 Vermont Avenue, NW                       ]
Washington, DC 20036                          ]
                                              ]
        and                                   ]



MALLINCKRODT, INC.,                           ]
        a Delaware Corporation,               ]

2

675 McDonnell Boulevard )
St Louis, MO 63042 )
 )
    and )
 )
ELAN PHARMACEUTICALS, )
A successor to CARNRICK )
LABORATORIES, INC., )
w/s/o   CT Corporation )
        1025 Vermont Avenue, NW )
        Washington, DC 20005 )
 )
                        Defendants. )

## COMPLAINT
### (DES Litigation – Products Liability)

1. Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2. Defendants are engaged, or have been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and are doing business in the District of Columbia, and sought and obtained industry wide and governmental approval for Diethylstilbestrol ("DES") within the District of Columbia.

## COUNT I
### (Negligence)

3. On or about 1958 and 1959, during her pregnancy with Connie Pavlicas, the mother of the Plaintiff herein ingested Diethylstilbestrol ("DES") in New York. Her physician prescribed said drug during the pregnancy. The Defendants, acting in concert, manufactured, compounded, packaged, labeled, supplied, sold and advertised DES throughout the United States and the state of New York.

4. As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, uterine and cervical malformations, miscarriage, infertility, and incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering.

3

5.  Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability)

6.  All of the allegations contained in Count I are realleged and incorporated herein by reference.

7.  DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

8.  Defendants are engaged or have been engaged in the business of producing DES, and are, or have been, commercial manufacturers of said drug.

9.  Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendants' possession.

10. Said product was defective when placed on the market by Defendants.  DES was sold by Defendants without sufficient warning or instructions.  A reasonable seller would not have sold the product had he/she known of the risks involved.  The risks were greater than a reasonable buyer would expect.

11. Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

4

12. As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was unreasonably exposed to DES as an unborn child and suffered injury, loss, and damages as aforesaid.

13. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

**COUNT III**
**(Breach of Warranty)**

14. All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

15. At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

16. Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

17. At all times relevant to this action, these implied and express warranties and representatives were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18. As a direct result of the breach of warranties by the Defendants, Plaintiff has been injured as aforesaid.

## COUNT IV

### (Misrepresentation)

19. All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

20. Defendants represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

21. The mother of the Plaintiff and her attending physicians, did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

22. At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

23. As a direct result of said false representations by Defendants, Plaintiff was injured as aforesaid.

## COUNT V
### (Punitive Damages)

24. The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus.   Additionally, the Defendants knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that

6

warned of the risks and criticized its efficacy. The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendants fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

WHEREFORE, Plaintiff Connie Pavlicas, individually, demands judgment against Defendants in the sum of Two Million Dollars ($2,000,000.00) in compensatory damages, and the sum of Two Million Dollars ($2,000,000.00) as punitive damages, jointly and severally, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

Brandon J. Levine, #412130

Renee L. Robinson-Meyer, #455375

Steven J. Lewis, #472564

Counsel for Plaintiff

7

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues of material facts.

_____

Aaron M. Levine



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

CONNIE PAVLICAS
    Vs.
ELI LILLY & COMPANY

C.A. No.    2006 CA 006749 B

### INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MARY A. TERRELL
Date:  September 1, 2006
Initial Conference: 9:15 am, Friday, December 15, 2006
Location:  Courtroom 219
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

CONNIE PAVLICAS

*Plaintiff*

VS.

Civil Action No. 0006749-06

ELI LILLY AND COMPANY

*Defendant*

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Aaron M. Levine

Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500

Address

Washington, DC 20036

(202) 833-8040

Telephone

By _____

Deputy Clerk

Date  9-1-06

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

RECEIVED
SEP 1 8 2006

CONNIE FRANCO PAVLICAS,  )
  )
        Plaintiff,  )    Civil Action No. 2006ca006749 B
  )
v.  )    Judge Mary A. Terrell
  )
ELI LILLY AND COMPANY, et al.,  )
  )
        Defendants.  )

## ANSWER OF DEFENDANT DART INDUSTRIES, INC.

Defendant Dart Industries, Inc., (formerly known as Rexall Drug Company, hereinafter referred to as "Dart"), by counsel, for itself alone and denying knowledge or information sufficient to form a belief with respect to allegations concerning any other defendant in this action, answers the Complaint herein as follows.

1.    Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of the Complaint and therefore Dart denies those averments.

2.    In response to the averments contained in paragraph 2 of the Complaint, Dart admits that Rexall Drug Company sold and distributed certain DES pharmaceutical products between 1949 and 1969, and manufactured certain DES products between 1949 and 1967, if the term "manufacture" is defined to include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others and that in the past Dart has done business in the District of Columbia. Except as specifically admitted, Dart denies the averments contained in paragraph 2 of the Complaint.

LILY·131454  PH03-4

3.    In response to the averments contained in paragraph 3 of the
Complaint, Dart admits that Rexall Drug Company sold and distributed certain
DES pharmaceutical products between 1949 and 1969, and manufactured
certain DES products between 1949 and 1967, if the term "manufacture" is
defined to include the process of adding inert ingredients to the bulk active
chemical produced by and purchased from others.  Dart denies that it advertised
DES and Dart denies the remaining averments contained in the third sentence of
paragraph 3 of the Complaint.  Dart is without knowledge or information sufficient
to form a belief as to the truth of the remaining averments contained in paragraph
3 of the Complaint and therefore Dart denies those averments.

4.    Dart denies the averments contained in paragraphs 4 and 5 of the
Complaint.

5.    In response to the averments contained in paragraph 6 of the
Complaint, Dart hereby incorporates by reference its responses to paragraphs 1
through 5.

6.    Dart denies the averments contained in paragraph 7 of the
Complaint.

7.    In response to the averments contained in paragraph 8 of the
Complaint, Dart admits that Rexall Drug Company manufactured and produced
certain DES products between 1949 and 1967, if the term "manufacture" is
defined to include the process of adding inert ingredients to the bulk active
chemical produced by and purchased from others.  Except as specifically
admitted, Dart denies the averments contained in paragraph 8 of the Complaint.

2

8.    Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of the Complaint and therefore Dart denies those averments.

9.    Dart denies the averments contained in paragraphs 10 through 13 of the Complaint.

10.    In response to the averments contained in paragraph 14 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 13.

11.    Dart denies the averments contained in paragraphs 15 through 18 of the Complaint.

12.    In response to the averments contained in paragraph 19 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 18.

13.    Dart denies the averments contained in paragraphs 20 through 24 of the Complaint.

14.    All averments contained in the Complaint that are not admitted specifically above, are hereby denied.

## AS AND FOR AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

15.    Plaintiff's alleged causes of action contained in the Complaint may be barred by applicable statutes of limitation or by the doctrine of laches.

3

## SECOND AFFIRMATIVE DEFENSE

16.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

17.    If the causes of action asserted in plaintiff's Complaint state claims upon which relief can be granted, plaintiff has failed to join and include in this action all identifiable and indispensable parties without whom in equity and in fairness this action should not proceed.

## FOURTH AFFIRMATIVE DEFENSE

18.    To the extent that plaintiff asserts claims of fraud, plaintiff has failed to state a cause of action in that plaintiff asserts mere allegations and fails to state with particularity the circumstances constituting the wrong as required by Rule 9 of the Rules of Civil Procedure for the Superior Court.

## FIFTH AFFIRMATIVE DEFENSE

19.    Plaintiff lacks capacity and standing to sue by reason of the fact that no duty was owed the plaintiff by this answering defendant at the time the mother of the plaintiff allegedly used the drug referred to in the Complaint or by the reason of the doctrine of _en ventre sa mere_ and, therefore, plaintiff has failed to state facts sufficient to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

20.    The plaintiff has been unable to identify this defendant as the defendant causing the alleged injuries, and therefore has failed to state a cause of action against this defendant.

## SEVENTH AFFIRMATIVE DEFENSE

21.    Any damages, injuries or losses that may have been sustained by the plaintiff, as alleged in the Complaint, were sustained only after the mother of the plaintiff knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the drug referred to in the Complaint, with respect to herself and her offspring.

## EIGHTH AFFIRMATIVE DEFENSE

22.    Upon information and belief, any injuries, losses or damages that the plaintiff may have sustained were caused by the negligence of the plaintiff.

## NINTH AFFIRMATIVE DEFENSE

23.    Plaintiff is barred from asserting the claims contained in the Complaint because if the drug referred to in the Complaint was used by the mother of the plaintiff during her pregnancy with the plaintiff, the use of said drug was responsible for the birth of the plaintiff.

## TENTH AFFIRMATIVE DEFENSE

24.    If the plaintiff sustained any injury or incurred any loss or damage as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom this defendant exercised and had no right of control, for which this defendant is not responsible, and whose conduct this defendant had no duty or reason to anticipate or control.

## ELEVENTH AFFIRMATIVE DEFENSE

25.    If in fact the mother of the plaintiff used the product referred to in the Complaint, upon information and belief, said product was used for a purpose

5

and in a manner not intended or recommended by the manufacturer or distributor thereof and over which this defendant had no control.

## TWELFTH AFFIRMATIVE DEFENSE

26.    With respect to all claims based upon alleged breach of express or implied warranties, there was no privity between the plaintiff and this defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

27.    With respect to all claims based upon alleged breach of express or implied warranties, there was no timely notice of any alleged breach of warranty given to this defendant at any time.

## FOURTEENTH AFFIRMATIVE DEFENSE

28.    The causes of action asserted herein by the plaintiff, who admittedly is unable to identify the manufacturer of the alleged injury-causing product, fail to state a claim upon which relief can be granted, in that, _inter alia_, plaintiff has asserted claims for relief which, if granted, would contravene this defendant's constitutional rights to substantive and procedural due process of law under the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

29.    The causes of action asserted by the plaintiff herein, who admittedly is unable to identify the manufacturer of the alleged injury-causing product, fail to state a claim upon which relief can be granted, in that, _inter alia_, plaintiff has asserted claims for relief, which, if granted, would constitute a taking of private property for a public use, without just compensation and such a taking

6

would contravene this defendant's constitutional rights under the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

30.    The causes of action asserted herein by the plaintiff fail to state a claim upon which relief can be granted, in that, _inter alia_, plaintiff has asserted claims for relief which, if granted, would constitute a denial by this Court of this defendant's constitutional rights to equal protection of the laws under the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

31.    The causes of action asserted herein by the plaintiff fail to state a claim upon which relief can be granted in that, _inter alia_, plaintiff has asserted claims for relief, which, if granted, would impose an improper, retroactive penalty and impermissible intrusion on interstate commerce and federal laws and regulations and would, thereby, violate the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

32.    If in fact plaintiff's Complaint is held to contain a cause of action upon which relief could be granted, then plaintiff's recovery, if any, should be reduced by the relative amount of comparative fault attributable to the plaintiff, or her agents, or persons other than this answering defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

33.    The place of filing of this action was set without due regard to the convenience of the parties, witnesses, feasibility of compelling testimony of

witnesses, availability of physical evidence or other proof and constitutes a forum

non conveniens that requires that the action be tried in another jurisdiction.

## TWENTIETH AFFIRMATIVE DEFENSE

34.    Plaintiff's demand for punitive damages is barred by the following

clauses to the United States Constitution: the due process clauses of the

Fourteenth Amendment; the double jeopardy clause of the Fifth Amendment; and

the ex post facto clause of Article 1, section 10.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

35.    Dart incorporates by reference and makes a part hereof all

applicable affirmative defenses set forth in the answers of any other defendant

and will rely on all defenses which may become available during discovery or

trial.

**WHEREFORE**, Defendant Dart Industries, Inc. respectfully prays that this

Court dismiss the Complaint herein or otherwise deny each and every request for

relief therein and that it be awarded such other and further relief to which it may

be entitled and which this Court may deem just and proper, including the costs

and disbursements of the defense of this action.

DART INDUSTRIES, INC.

By Counsel

Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
(703) 734-4356

By: _____
     John F. Anderson
     DC Bar No. 393764

OF COUNSEL

Sheila AnnMarie Moeller
Gilbride, Tusa, Last & Spellane LLC
31 Brookside Drive
Greenwich, CT 06836
(203) 622-9360

## CERTIFICATE OF SERVICE

I hereby certify that on this **14th** day of September 2006 a copy of the

foregoing was served by first class mail on the following:

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036

Michelle R. Mangrum
Shook, Hardy & Bacon LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005

John F. Kuckelman
Shook, Hardy & Bacon LLP
2555 Grand Blvd.
Kansas City, MO  64108

Sidney Gordon Leech
Goodell, Devries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, MD 21202

Kathleen D. Leslie
Whitney & Bogris, LLP
401 Washington Ave., 12th Floor
Towson, MD 21204

Sallie F. Pullman
Goodwin Procter LLP
901 New York Ave., N.W.
Washington, D.C. 20001

9

Elizabeth Ewert
Drinker, Biddle & Reath LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005

Jennifer G. Levy
Kirkland & Ellis
655 Fifteenth Street, N.W.
Suite 1200
Washington, D.C. 20005

David D. Hudgins
Hudgins Law Firm
515 King St., Suite 400
Alexandria, VA 22314

Harold M. Walter
Tydings & Rosenberg LLP
100 East Pratt St., 26th Floor
Baltimore, MD 21202

John F. Anderson

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CONNIE FRANCO PAVLICAS,                    \*
55 Main Street, #10                         \*
Port Washington, NY  10163                  \*
                                            \*     CIVIL ACTION NO. 06-6749
            Plaintiff,                      \*
                                            \*
                                            \*
      vs.                                   \*
                                            \*
                                            \*
ELI LILLY AND COMPANY                       \*
Lilly Corporate Center                      \*
Indianapolis, IN  46285                     \*
                                            \*
                                            \*
and                                         \*
                                            \*
                                            \*
BRISTOL-MYERS SQUIBB COMPANY                \*
a successor of E.R. SQUIBB & SONS, INC.     \*
P. O. Box 4500                              \*
Princeton, NJ  08543                        \*
                                            \*
                                            \*
and                                         \*
                                            \*
                                            \*
PHARMACIA and UPJOHN COMPANY                \*
(a/k/a THE UPJOHN COMPANY)                  \*
100 Route 206 North                         \*
Peapack, NJ  07977                          \*
                                            \*
                                            \*
and                                         \*
                                            \*
                                            \*
ABBOTT LABORATORIES, INC.                   \*
100 Abbott Park Road                        \*
Abbott Park, IL  60064                      \*
                                            \*
                                            \*
and                                         \*
                                            \*
                                            \*
DART INDUSTRIES, INC., a successor to       \*
REXALL DRUG COMPANY, INC.                   \*
w/s/o:  Sheila AnnMarie Moeller, Esq.       \*
        Gilbride, Tusa, Last & Spellane LLC \*
        31 Brookside Drive                  \*
        Greenwich, CT 06836                 \*
                                            \*
and                                         \*
                                            \*
GLAXOSMITHKLINE, INC.,                      \*

RECEIVED
Civil Clerk's Office
SEP 2 0 2006
Superior Court of the
District of Columbia
Washington, D.C.

134068v1

LILY. 131454  PH03.3

a successor to S.E. Massengill and          *
Burroughs-Wellcome Co.,                     *
1500 K Street, NW                           *
Washington, D.C.  20036                     *
                                            *
and                                         *
                                            *
PREMO PHARMACEUTICAL                        *
LABORATORIES, INC.                          *
w/s/o:  Corporation Trust Co.               *
        820 Bear Tavern Road                *
        West Trenton, NJ 08628              *
                                            *
and                                         *
                                            *
ORTHO MCNEIL LABS, INC.                     *
Camp Hill Road                              *
Ft. Washington, PA  19034                   *
                                            *
and                                         *
                                            *
PERSON & COVEY, INC.                        *
616 Allen Avenue                            *
Glendale, CA  91221                         *
                                            *
and                                         *
                                            *
MERCK & COMPANY, INC.                       *
P. O. Box 4                                 *
West Point, PA  19486                       *
                                            *
and                                         *
                                            *
MALLINCKRODT, INC.                          *
685 McDonnell Boulevard                     *
St. Louis, MO 63042                         *
                                            *
and                                         *
                                            *
ELAN PHARMACEUTICALS,                       *
A successor to CARNRICK                     *
LABORATORIES, INC.,                         *
w/s/o:  CT Corporation                      *
        1025 Vermont Avenue, NW             *
        Washington, DC 20005                *
                                            *
Defendants.                                 *
* * * * * * * * * * * * * * * * * * * * * * *  *

- 2 -

## CERTIFICATE REGARDING DISCOVERY

I hereby certify that on the 20th day of September, 2006, I served Defendant Eli Lilly and Company's First Requests for Production of Documents or Tangible Things to Plaintiff Connie Franco Pavlicas and Defendant Eli Lilly and Company's First Set of Interrogatories to Plaintiff Connie Franco Pavlicas via first-class United States Mail, postage prepaid, on the following counsel for the parties in this action:

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Janet K. Coleman
Daniel Whitney
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline, Inc.
and Mallinkrodt, Inc.**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb Company**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company, Pharmacia and Upjohn Company and
Ortho-McNeil Pharmaceuticals, Inc.**

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Aaron M. Bailey
Goodwin Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001

- 3 -

134068v1

Christopher Garvey
Diana Scharf
Goodwin Proctor, LLP
599 Lexington Ave.
New York, NY 10022
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

Sean C.E. McDonough
David D. Hudgins
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005-5793
**Attorneys for Abbott Laboratories, Inc.**

Harold M. Walter
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

Respectfully submitted,

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C. 200005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550
Fax: (816) 421-5547
**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

- 4 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of September, 2006, a true and accurate copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Janet K. Coleman
Daniel Whitney
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline, Inc.
and Mallinkrodt, Inc.**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb
Company**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company,
Pharmacia and Upjohn Company and
Ortho-McNeil Pharmaceuticals, Inc.**

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Aaron M. Bailey
Goodwin Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001

Christopher Garvey
Diana Scharf
Goodwin Proctor, LLP
599 Lexington Ave.
New York, NY 10022

**Attorneys for Premo Pharmaceutical
Laboratories, Inc.**

Sean C.E. McDonough
David D. Hudgins
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005-5793
**Attorneys for Abbott Laboratories, Inc.**

Harold M. Walter
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

_____
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

134068v1

- 5 -

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CONNIE FRANCO PAVLICAS,                          \*
55 Main Street, #10                              \*
Port Washington, NY  10163                       \*
                                                 \*    CIVIL ACTION NO. 06-6749
                            Plaintiff,           \*
                                                 \*
                                                 \*
                    vs.                          \*
                                                 \*
ELI LILLY AND COMPANY                            \*
Lilly Corporate Center                           \*
Indianapolis, IN  46285                          \*
                                                 \*
and                                              \*
                                                 \*
                                                 \*
BRISTOL-MYERS SQUIBB COMPANY                     \*
a successor of E.R. SQUIBB & SONS, INC.          \*
P. O. Box 4500                                   \*
Princeton, NJ  08543                             \*
                                                 \*
                                                 \*
and                                              \*
                                                 \*
                                                 \*
PHARMACIA and UPJOHN COMPANY                     \*
(a/k/a THE UPJOHN COMPANY)                       \*
100 Route 206 North                              \*
Peapack, NJ  07977                               \*
                                                 \*
                                                 \*
and                                              \*
                                                 \*
                                                 \*
ABBOTT LABORATORIES, INC.                        \*
100 Abbott Park Road                             \*
Abbott Park, IL  60064                           \*
                                                 \*
                                                 \*
and                                              \*
                                                 \*
                                                 \*
DART INDUSTRIES, INC., a successor to            \*
REXALL DRUG COMPANY, INC.                        \*
w/s/o: Sheila AnnMarie Moeller, Esq.             \*
       Gilbride, Tusa, Last & Spellane LLC       \*
       31 Brookside Drive                        \*
       Greenwich, CT 06836                       \*
                                                 \*
                                                 \*
and                                              \*
                                                 \*
GLAXOSMITHKLINE, INC.,                           \*

RECEIVED
Civil Clerk's Office
SEP 2 0 2006
Superior Court of the
District of Columbia
Washington, D.C.

134072v1

LILY  131454  PH03-3

a successor to S.E. Massengill and     \*
Burroughs-Wellcome Co.,     \*
1500 K Street, NW     \*
Washington, D.C.  20036     \*
    \*
and     \*
    \*
PREMO PHARMACEUTICAL     \*
LABORATORIES, INC.     \*
w/s/o:  Corporation Trust Co.     \*
        820 Bear Tavern Road     \*
        West Trenton, NJ 08628     \*
    \*
and     \*
    \*
ORTHO MCNEIL LABS, INC.     \*
Camp Hill Road     \*
Ft. Washington, PA  19034     \*
    \*
and     \*
    \*
PERSON & COVEY, INC.     \*
616 Allen Avenue     \*
Glendale, CA  91221     \*
    \*
and     \*
    \*
MERCK & COMPANY, INC.     \*
P. O. Box 4     \*
West Point, PA  19486     \*
    \*
and     \*
    \*
MALLINCKRODT, INC.     \*
685 McDonnell Boulevard     \*
St. Louis, MO 63042     \*
    \*
and     \*
    \*
ELAN PHARMACEUTICALS,     \*
A successor to CARNRICK     \*
LABORATORIES, INC.,     \*
w/s/o:  CT Corporation     \*
        1025 Vermont Avenue, NW     \*
        Washington, DC 20005     \*
    \*
Defendants.     \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

- 2 -

## DEFENDANT ELI LILLY AND COMPANY'S DISCLOSURE
## OF CORPORATE AFFILIATIONS AND FINANCIAL INTERESTS

Pursuant to Superior Court Rule of Civil Procedure 7.1, Defendant Eli Lilly and

Company provides the following Corporate Disclosure Statement. Eli Lilly and Company has no

parent corporation and no publicly held corporation owns 10% or more of its stock.

Respectfully submitted,

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C. 200005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550
Fax: (816) 421-5547
**ATTORNEYS FOR DEFENDANT**
**ELI LILLY AND COMPANY**

134072v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of September, 2006, a true and accurate copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Janet K. Coleman
Daniel Whitney
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline, Inc.
and Mallinkrodt, Inc.**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb
Company**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company,
Pharmacia and Upjohn Company and
Ortho-McNeil Pharmaceuticals, Inc.**

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Aaron M. Bailey
Goodwin Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001

Christopher Garvey
Diana Scharf
Goodwin Proctor, LLP
599 Lexington Ave.
New York, NY 10022

**Attorneys for Premo Pharmaceutical
Laboratories, Inc.**

Sean C.E. McDonough
David D. Hudgins
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005-5793
**Attorneys for Abbott Laboratories, Inc.**

Harold M. Walter
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

134072v1

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CONNIE FRANCO PAVLICAS,                         \*
55 Main Street, #10                             \*
Port Washington, NY  10163                      \*
                                                \*      CIVIL ACTION NO. 06-6749
                        Plaintiff,              \*
                                                \*
                                                \*
        vs.                                     \*
                                                \*
ELI LILLY AND COMPANY                           \*
Lilly Corporate Center                          \*
Indianapolis, IN  46285                         \*
                                                \*
and                                             \*
                                                \*
BRISTOL-MYERS SQUIBB COMPANY                    \*
a successor of E.R. SQUIBB & SONS, INC.         \*
P. O. Box 4500                                  \*
Princeton, NJ  08543                            \*
                                                \*
and                                             \*
                                                \*
PHARMACIA and UPJOHN COMPANY                    \*
(a/k/a THE UPJOHN COMPANY)                      \*
100 Route 206 North                             \*
Peapack, NJ  07977                              \*
                                                \*
and                                             \*
                                                \*
ABBOTT LABORATORIES, INC.                       \*
100 Abbott Park Road                            \*
Abbott Park, IL  60064                          \*
                                                \*
and                                             \*
                                                \*
DART INDUSTRIES, INC., a successor to           \*
REXALL DRUG COMPANY, INC.                       \*
w/s/o:  Sheila AnnMarie Moeller, Esq.           \*
        Gilbride, Tusa, Last & Spellane LLC     \*
        31 Brookside Drive                      \*
        Greenwich, CT 06836                     \*
                                                \*
and                                             \*
                                                \*
GLAXOSMITHKLINE, INC.,                          \*

2101663v1

LILY 131454 PH03-3

a successor to S.E. Massengill and          *
Burroughs-Wellcome Co.,                     *
1500 K Street, NW                           *
Washington, D.C.  20036                     *
                                            *
and                                         *
                                            *
PREMO PHARMACEUTICAL                        *
LABORATORIES, INC.                          *
w/s/o:  Corporation Trust Co.               *
        820 Bear Tavern Road                *
        West Trenton, NJ 08628              *
                                            *
and                                         *
                                            *
ORTHO MCNEIL LABS, INC.                     *
Camp Hill Road                              *
Ft. Washington, PA  19034                   *
                                            *
and                                         *
                                            *
PERSON & COVEY, INC.                        *
616 Allen Avenue                            *
Glendale, CA  91221                         *
                                            *
and                                         *
                                            *
MERCK & COMPANY, INC.                       *
P. O. Box 4                                 *
West Point, PA  19486                       *
                                            *
and                                         *
                                            *
MALLINCKRODT, INC.                          *
685 McDonnell Boulevard                     *
St. Louis, MO 63042                         *
                                            *
and                                         *
                                            *
ELAN PHARMACEUTICALS,                       *
A successor to CARNRICK                     *
LABORATORIES, INC.,                         *
w/s/o:  CT Corporation                      *
        1025 Vermont Avenue, NW             *
        Washington, DC 20005                *
                                            *
Defendants.                                 *
* * * * * * * * * * * * * * * * * * * * * *  *

- 2 -

## DEFENDANT ELI LILLY AND COMPANY'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers by like numbered paragraphs the Complaint filed in this action as follows:

Answers to each paragraph of the Complaint by Lilly are made without waiving, but expressly reserving, all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Complaint.

### FIRST DEFENSE

1.      Whether this Court has jurisdiction under 11 D.C. Code § 921 is a legal question to which no response is required. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 1 of the Complaint.

2.      In response to the allegations contained in Paragraph 2 of the Complaint, Lilly states that it did sell and distribute DES in the District of Columbia. Lilly also states that it is doing business in the District of Columbia and that the U.S. Food & Drug Administration ("FDA") approved Lilly's sales of DES and declared that the drug was generally recognized as safe by experts in the field for the uses at issue here. Except as already stated, Lilly denies the allegations contained in Paragraph 2 of the Complaint.

### COUNT I – NEGLIGENCE

3.      Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 concerning the alleged prescription, purchase and ingestion of diethylstilbestrol. To the extent a response is required, however, Lilly denies such allegations. Lilly denies all other allegations contained in Paragraph 3 of the Complaint.

4.      Lilly denies the allegations contained in Paragraph 4 of the Complaint.

5.      Lilly denies the allegations contained in Paragraph 5 of the Complaint.

- 3 -

2101663v1

## COUNT II - STRICT LIABILITY

6.     Lilly repeats and realleges its answers in Count I above.

7.     Lilly denies the allegations contained in Paragraph 7 of the Complaint.

8.     Lilly denies the allegations contained in Paragraph 8 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES.  Except as already stated, Lilly denies the allegations contained in Paragraph 8 of the Complaint.

9.     Lilly denies the allegations contained in Paragraph 9 of the Complaint.

10.    Lilly denies the allegations contained in Paragraph 10 of the Complaint.

11.    Lilly denies the allegations contained in Paragraph 11 of the Complaint.

12.    Lilly denies the allegations contained in Paragraph 12 of the Complaint.

13.    Lilly denies the allegations contained in Paragraph 13 of the Complaint.

## COUNT III - BREACH OF WARRANTY

14.    Lilly repeats and realleges its answers in Counts I and II above.

15.    Lilly denies the allegations contained in Paragraph 15 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature.

16.    Lilly denies the allegations contained in Paragraph 16 of the Complaint.

17.    Lilly denies the allegations contained in Paragraph 17 of the Complaint.

18.    Lilly denies the allegations contained in Paragraph 18 of the Complaint.

## COUNT IV - MISREPRESENTATION

19.    Lilly repeats and realleges its answers in Counts I, II and III above.

- 4 -

2101663v1

20.    Lilly denies the allegations in Paragraph 20 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature.

21.    Lilly denies the allegations contained in Paragraph 21 of the Complaint.

22.    Lilly denies the allegations contained in Paragraph 22 of the Complaint.

23.    Lilly denies the allegations contained in Paragraph 23 of the Complaint.

## COUNT V – PUNITIVE DAMAGES

24.    Lilly denies the allegations contained in Paragraph 24 of the Complaint.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Lilly.

## THIRD DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations or laches.

## FOURTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

## FIFTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, Plaintiff's claims may be barred by virtue of the intervention of a learned intermediary or intermediaries to whom Defendant discharged any duty to warn.

## SIXTH DEFENSE

This court lacks personal jurisdiction over Defendant Eli Lilly.

2101663v1

### SEVENTH DEFENSE

Venue is improper.

### EIGHTH DEFENSE

Plaintiff's claims are barred and preempted by Eli Lilly and Company's compliance with the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 e seq. and/or the regulations promulgated pursuant to that Act.

### NINTH DEFENSE

Lilly hereby gives notice that it intends to rely upon other and further defenses as may become available or apparent during discovery proceedings in this case, and hereby reserves the right to amend its Answer to assert any such defense.

### JURY DEMAND

Defendant Eli Lilly and Company demands a trial by jury on all issues.

WHEREFORE, having fully answered Plaintiff's Complaint, Lilly prays as follows:

1.      That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

2.      That Lilly be awarded its costs and disbursements herein to be taxed as provided by law.

Respectfully submitted,

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783-8400; Fax: (202) 783-4211

and

David W. Brooks

- 6 -

2101663v1

SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

- 7 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of September, 2006, a true and accurate copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Janet K. Coleman
Daniel Whitney
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline, Inc.
and Mallinkrodt, Inc.**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb
Company**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company,
Pharmacia and Upjohn Company and
Ortho-McNeil Pharmaceuticals, Inc.**

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Aaron M. Bailey
Goodwin Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001

Christopher Garvey
Diana Scharf
Goodwin Proctor, LLP
599 Lexington Ave.
New York, NY 10022

**Attorneys for Premo Pharmaceutical
Laboratories, Inc.**

Sean C.E. McDonough
David D. Hudgins
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005-5793
**Attorneys for Abbott Laboratories, Inc.**

Harold M. Walter
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

- 8 -

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

CONNIE PAVLICAS                                   *

                                                  *

        Plaintiff                                 *

                                                  *

v.                                                *    Civil Action No. 06-CA-6749
                                                       Judge: Mary A. Terrell
ELI LILLY AND COMPANY, et al                      *    Next Court Event: Initial
                                                       Conference 12/15/06 @ 9:15 am
        Defendants                                *

                                                  *

*    *    *    *    *    *    *    *    *    *    *    *

## ANSWER TO COMPLAINT

    GlaxoSmithKline ("GSK"), sued herein as "GlaxoSmithKline, Inc., a successor to
S.E. Massengill and Burroughs Wellcome Company," by its undersigned attorneys, states
as follows in answer to Plaintiff's Complaint:

### Preliminary Statement

    GSK states that to the extent that averments in the Complaint refer generally to
"Defendants," GSK answers these allegations as to itself.  GSK denies knowledge or
information sufficient to form a belief as to the truth of the allegations contained in the
Complaint to the extent that such allegations refer or relate to defendants other than GSK.
GSK further denies all averments made in any heading of the Complaint.  As to the
specific allegations of the Complaint, GSK states as follows:

    1.    Denied.  The averments set forth in paragraph 1 of the Complaint are legal
conclusions to which no responsive pleading is required, and therefore are deemed
denied.

LILY131454 PH03-4

2.     Admitted in part, denied in part.  GSK admits that it manufactures and distributes certain pharmaceuticals in the United States, and that it has done and presently does business in the District of Columbia.  GSK denies the remaining averments set forth in paragraph 2 of the Complaint.

**Count I**
**(Negligence)**

3.     Denied.  GSK denies all averments in paragraph 3 of the Complaint as they relate to GSK.

4.     Denied.  GSK denies the averments set forth in paragraph 4 of the Complaint.

5.     Denied.  GSK denies the averments set forth in paragraph 5 of the Complaint.

**Count II**
**(Strict Liability)**

6.     GSK reavers and restates its responses to the averments of paragraphs 1 – 5 of the Complaint, as if fully set forth herein.

7.     Denied.  GSK denies the averments set forth in paragraph 7 of the Complaint.

8.     Admitted in part, denied in part.  GSK admits that it manufactures and distributes certain pharmaceuticals. GSK denies the remaining averments in paragraph 8 of the Complaint.

9.     Denied.  GSK denies plaintiff's exposure to its product at issue. GSK is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 of the Complaint, and therefore denies the same.

10.    Denied.    GSK denies the averments set forth in paragraph 10 of the Complaint.

11.    Denied.    GSK denies the averments set forth in paragraph 11 of the Complaint.

12.    Denied.    GSK denies the averments set forth in paragraph 12 of the Complaint.

13.    Denied.    GSK denies the averments set forth in paragraph 13 of the Complaint.

## Count III
### (Breach of Warranty)

14.    GSK reavers and restates its responses to the averments of paragraphs 1-13 of the Complaint, as if fully set forth herein.

15.    Denied.    The averments set forth in paragraph 15 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

16.    Denied.    The averments set forth in paragraph 16 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

17.    Denied.    GSK denies the averments set forth in paragraph 17 of the Complaint.

18.    Denied.    GSK denies the averments set forth in paragraph 18 of the Complaint.

## Count IV
### (Misrepresentation)

19.    GSK reavers and restates its responses to the averments of paragraphs 1-

18 of the Complaint, as if fully set forth herein.

20.    Denied.   The averments set forth in paragraph 20 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

21.    Denied.   GSK denies the averments set forth in paragraph 21 of the Complaint.

22.    Denied.   GSK denies the averments set forth in paragraph 22 of the Complaint.

23.    Denied.   GSK denies the averments set forth in paragraph 23 of the Complaint.

## Count V
### (Punitive Damages)

24.    Denied. GSK denies the averments set forth in paragraph 24 of the Complaint.

In response to the unnumbered paragraph following paragraph 24 of the Complaint, GSK states that this paragraph is a demand for relief to which GSK responds that plaintiff is not entitled to any relief, including the relief requested therein.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

1.    Plaintiff's claims based upon GSK's alleged duty to warn are barred by the learned intermediary doctrine.

## SECOND DEFENSE

2.    GSK states that the allegations set forth in the Complaint, and each and every count and claim thereof, fail to state a claim against GSK upon which relief can be granted.

## THIRD DEFENSE

3.    GSK states that the cause or causes of action set forth in the Complaint were at the time of the filing of this action and are now barred by the applicable statute of limitations.

## FOURTH DEFENSE

4.    GSK states that the cause or causes of action set forth in the Complaint were at the time of the filing of this action and are now barred by the doctrine of laches.

## FIFTH DEFENSE

5.    The causes of action set forth in the Complaint are barred in whole or in part by the applicable statute of repose.

## SIXTH DEFENSE

6.    GSK states that the plaintiff's natural mother knowingly and intentionally assumed the risks, if any, inherent in the use of diethylstilbestrol ("DES"), which is a complete bar to plaintiff's recovery in this case.

## SEVENTH DEFENSE

7.    If plaintiff is unable to identify and prove the specific manufacturer of the alleged injury-causing product, she fails to state a claim upon which relief can be granted in that she has asserted claims for relief which, if granted, would violate the public policy of the District of Columbia, and of any state law that may be deemed to apply to the action, and constitute a denial by this Court of GSK's federal and state constitutional rights to due process of law, equal protection of the law, and to be free from the imposition of state law liabilities that interfere with the federal regulation of pharmaceutical products and the free flow of commerce between and among the states.

5

## EIGHTH DEFENSE

8.      Because plaintiff is unable to identify and prove the specific manufacturer of the alleged injury-causing product, she lacks standing to pursue this action.

## NINTH DEFENSE

9.      GSK states that in the event a sale is pleaded or determined upon trial, or in the event reliance is placed upon a breach of warranty, whether express or implied, this action is barred because there was no reliance upon any warranties, if any, of GSK.

## TENTH DEFENSE

10.     GSK states that DES was and has been formulated, tested, manufactured, processed and labeled in accordance with the provisions of the Federal Food, Drug and Cosmetic Act and regulations promulgated thereto.    Accordingly, plaintiff's claims, predicated on state tort law, are preempted or barred by the Supremacy Clause of the United States Constitution.

## ELEVENTH DEFENSE

11.     GSK states that plaintiff's claims may be barred by contributory negligence, which was a direct and proximate cause of the plaintiff's alleged conditions, which is a complete bar to plaintiff's recovery in this case.

## TWELFTH DEFENSE

12.     Plaintiff has failed to join all necessary parties.

## THIRTEENTH DEFENSE

13.     If plaintiff sustained the injuries alleged in the Complaint, which is denied, there was an intervening cause or causes leading to these alleged injuries, and therefore, any action on the part of GSK was not the proximate and/or competent producing cause of the alleged injuries.

6

### FOURTEENTH DEFENSE

14.     If plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused solely by the conduct of one or more third persons for whose conduct GSK is not responsible or with whom GSK has no legal relation.

### FIFTEENTH DEFENSE

15.     If plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused by factors other than exposure to DES, and were not due to or caused by the fault, lack of care, negligence or any breach of duty by GSK.

### SIXTEENTH DEFENSE

16.     GSK states that plaintiff failed to give notice of the alleged defects within the time limitations imposed by law.

### SEVENTEENTH DEFENSE

17.     Upon information and belief, if the injuries referred to in the Complaint were caused by DES manufactured by GSK, which is denied, the injuries are the result of an idiosyncratic reaction on the part of the plaintiff's natural mother and/or plaintiff to the drug.

### EIGHTEENTH DEFENSE

18.     If DES manufactured by GSK was involved in the injuries claimed by the plaintiff, which is denied, upon information and belief, the use of DES was improper or not in accordance with prescribed, correct procedures.  In particular, as to DES manufactured by Burroughs Wellcome Company ("BW"), BW never indicated, labeled, marketed or sought regulatory approval for use of its product during pregnancy.  Accordingly, the DES was abused, misused and applied for purposes other than those which were indicated or intended, which is a complete bar to plaintiff's recovery in this case.

### NINETEENTH DEFENSE

19.     At all times relevant hereto, the benefits of DES outweighed the risks, if any, which may have been attendant to its use.

## TWENTIETH DEFENSE

20.     Some or all of the plaintiff's claims are barred by collateral estoppel and res judicata.

## TWENTY-FIRST DEFENSE

21.     If plaintiff sustained injuries or incurred expenses as alleged, which is denied, the risks complained of by plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state-of-the-art and were not discoverable using procedures required by federal or state regulatory authorities charged with supervision or licensing of the product as of the time GSK sold or otherwise parted with possession and control of the product in question.  Accordingly, GSK's product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled, and sold and therefore plaintiff is barred from recovery.

## TWENTY-SECOND DEFENSE

22.     At all applicable times, GSK fully complied with all applicable federal, state, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug, and Cosmetic Act, and promulgated by the Federal Food and Drug Administration.

## TWENTY-THIRD DEFENSE

23.     Venue is improper in this Court.

## TWENTY-FOURTH DEFENSE

24.     GSK states that the demand for punitive damages and the imposition thereof would violate GSK's rights and privileges under the United States Constitution, including but not limited to, GSK's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution, and

8

GSK's right to protection from excessive fines under the Eighth Amendment to the United States Constitution.

### TWENTY-FIFTH DEFENSE

25.    Punitive damages are not recoverable for the causes of action set forth in the Complaint or, in the alternative, the allegations of each cause of action are legally insufficient to support a claim for punitive damages.

### TWENTY-SIXTH DEFENSE

26.    GSK states that it incorporates by reference and makes a part hereof all other applicable affirmative defenses set forth in the Answer by any other defendant and intends to rely on other affirmative defenses, which may become available or apparent during discovery, and hereby reserves its right to amend this answer to assert such defenses.

WHEREFORE, GSK respectfully requests that this Honorable Court enter an Order dismissing plaintiff's Complaint with prejudice, or for such other relief as the nature of this cause may require.

Respectfully submitted,

*Janet K. Coleman*

Daniel W. Whitney (Bar No. 438668)
Janet K. Coleman (Bar No. 497902)
WHITNEY & BOGRIS, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
(410) 583-8000
**Attorneys for GlaxoSmithKline**

9

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

CONNIE PAVLICAS                     *

                                    *

        Plaintiff                   *

                                    *

v.                                  *      Civil Action No. 06-CA-6749
                                           Judge: Mary A. Terrell
                                    *      Next Court Event: Initial
ELI LILLY AND COMPANY, et al               Conference 12/15/06 @ 9:15 am
                                    *
        Defendants
                                    *


  *      *      *      *      *      *      *      *      *      *      *      *

## CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that on this  21st  day of September, 2006, I caused a copy of

the foregoing Answer to Complaint to be mailed, first class, postage prepaid to the

following counsel:

| | |
|---|---|
| Aaron M. Levine<br>AARON M. LEVINE & ASSOCIATES<br>1320 19th Street, N.W., Suite 500<br>Washington, D.C. 20036<br>**Attorneys for Plaintiffs** | Sidney G. Leech<br>GOODELL, DEVRIES, LEECH & DANN, LLP<br>One South Street, 20th Floor<br>Baltimore, MD 21202<br>**Attorneys for Bristol-Myers Squibb Co.** |
| John F. Anderson<br>Troutman Sanders LLP<br>1660 International Drive<br>Suite 600, Tysons Corner<br>McLean, Virginia 22102<br>And<br>Sheila Ann Marie Moeller<br>GILBRIDE, TUSA, LAST & SPELLANE, LLC<br>31 Brookside Drive<br>Greenwich, CT 06836<br>**Attorneys for Dart Industries, Inc** | Christopher Garvey, Esquire<br>Melanie H. Muhlstock, Esquire<br>Goodwin Procter, LLP<br>599 Lexington Avenue<br>New York, New York 10022<br>**Attorney for Premo Pharmaceutical Laboratories, Inc.** |

| David D. Hudgins, Esq.<br>Hudgins law Firm<br>515 King Street, Suite 400<br>Alexandria, VA 22314<br>**Attorneys for Person & Covey** | Elizabeth Ewert, Esq.<br>DRINKER, BIDDLE, REATH, LLP<br>1500 K Street, N.W., Suite 1100<br>Washington, D.C. 20005-1209<br>**Attorneys for Merck and Company, Inc.<br>And Pharmacia and Upjohn Company<br>And Ortho-McNeil Laboratories** |
|---|---|
| Michelle R. Mangrum, Esquire<br>Shook, Hardy & Bacon, LLP<br>600 14th Street, NW, Suite 800<br>Washington, DC 20005<br><br>John Kuckelman, Esquire<br>Shook, Hardy & Bacon, LLP<br>2555 Grand Blvd.<br>Kansas City, Missouri 64108<br>**Attorneys for Eli Lilly and Company** | Jennifer Gardner Levy, Esquire<br>Kirkland & Ellis<br>655 15th Street, N.W., Suite 1200<br>Washington, DC 20005<br>**Attorneys for Abbott laboratories, Inc.** |
| Harold M. Walter, Esquire<br>Tydings & Rosenberg, LLP<br>100 East Pratt St., 26th floor<br>Baltimore, MD 21201<br>**Attorneys for Elan Pharmaceuticals** | |

Janet K. Coleman

2

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * *

CONNIE FRANCO PAVLICAS,                          *
55 Main Street, #10                              *
Port Washington, NY 10163                        *
                                                 *
                                                 *    CIVIL ACTION NO. 06-6749
                    Plaintiff,                   *
                                                 *
                                                 *
        vs.                                      *
                                                 *
                                                 *
ELI LILLY AND COMPANY                            *
Lilly Corporate Center                           *
Indianapolis, IN 46285                           *
                                                 *
        and                                      *
                                                 *
                                                 *
BRISTOL-MYERS SQUIBB COMPANY                     *
a successor of E.R. SQUIBB & SONS, INC.          *
P. O. Box 4500                                   *
Princeton, NJ 08543                              *
                                                 *
                                                 *
        and                                      *
                                                 *
                                                 *
PHARMACIA and UPJOHN COMPANY                     *
(a/k/a THE UPJOHN COMPANY)                       *
100 Route 206 North                              *
Peapack, NJ 07977                                *
                                                 *
                                                 *
        and                                      *
                                                 *
                                                 *
ABBOTT LABORATORIES, INC.                        *
100 Abbott Park Road                             *
Abbott Park, IL 60064                            *
                                                 *
                                                 *
        and                                      *
                                                 *
                                                 *
DART INDUSTRIES, INC., a successor to            *
REXALL DRUG COMPANY, INC.                        *
w/s/o:  Sheila AnnMarie Moeller, Esq.            *
        Gilbride, Tusa, Last & Spellane LLC      *
        31 Brookside Drive                       *
        Greenwich, CT 06836                      *
                                                 *
                                                 *
        and                                      *
                                                 *
                                                 *
GLAXOSMITHKLINE, INC.,                           *

RECEIVED
Civil Clerk's Office
SEP 2 6 2006
Superior Court of the
District of Columbia
Washington, D.C.

2101663v1

LILY 131454 PH03-3

a successor to S.E. Massengill and    &ast;
Burroughs-Wellcome Co.,      &ast;
1500 K Street, NW       &ast;
Washington, D.C. 20036     &ast;
           &ast;
and           &ast;
           &ast;
PREMO PHARMACEUTICAL    &ast;
LABORATORIES, INC.      &ast;
w/s/o: Corporation Trust Co.    &ast;
   820 Bear Tavern Road   &ast;
   West Trenton, NJ 08628  &ast;
           &ast;
and           &ast;
           &ast;
ORTHO MCNEIL LABS, INC.   &ast;
Camp Hill Road       &ast;
Ft. Washington, PA 19034   &ast;
           &ast;
and           &ast;
           &ast;
PERSON & COVEY, INC.    &ast;
616 Allen Avenue      &ast;
Glendale, CA 91221     &ast;
           &ast;
and           &ast;
           &ast;
MERCK & COMPANY, INC.   &ast;
P. O. Box 4        &ast;
West Point, PA 19486    &ast;
           &ast;
and           &ast;
           &ast;
MALLINCKRODT, INC.    &ast;
685 McDonnell Boulevard   &ast;
St. Louis, MO 63042     &ast;
           &ast;
and           &ast;
           &ast;
ELAN PHARMACEUTICALS,   &ast;
A successor to CARNRICK    &ast;
LABORATORIES, INC.,     &ast;
w/s/o: CT Corporation     &ast;
   1025 Vermont Avenue, NW  &ast;
   Washington, DC 20005   &ast;
           &ast;
Defendants.        &ast;
* * * * * * * * * * * * * * * * * * * * * * * * *

- 2 -

## DEFENDANT ELI LILLY AND COMPANY'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers by like numbered paragraphs the Complaint filed in this action as follows:

Answers to each paragraph of the Complaint by Lilly are made without waiving, but expressly reserving, all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Complaint.

### FIRST DEFENSE

1.     Whether this Court has jurisdiction under 11 D.C. Code § 921 is a legal question to which no response is required.  To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 1 of the Complaint.

2.     In response to the allegations contained in Paragraph 2 of the Complaint, Lilly states that it did sell and distribute DES in the District of Columbia.  Lilly also states that it is doing business in the District of Columbia and that the U.S. Food & Drug Administration ("FDA") approved Lilly's sales of DES and declared that the drug was generally recognized as safe by experts in the field for the uses at issue here.  Except as already stated, Lilly denies the allegations contained in Paragraph 2 of the Complaint.

### COUNT I – NEGLIGENCE

3.     Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 concerning the alleged prescription, purchase and ingestion of diethylstilbestrol.  To the extent a response is required, however, Lilly denies such allegations.  Lilly denies all other allegations contained in Paragraph 3 of the Complaint.

4.     Lilly denies the allegations contained in Paragraph 4 of the Complaint.

5.     Lilly denies the allegations contained in Paragraph 5 of the Complaint.

- 3 -

## COUNT II - STRICT LIABILITY

6.      Lilly repeats and realleges its answers in Count I above.

7.      Lilly denies the allegations contained in Paragraph 7 of the Complaint.

8.      Lilly denies the allegations contained in Paragraph 8 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES.  Except as already stated, Lilly denies the allegations contained in Paragraph 8 of the Complaint.

9.      Lilly denies the allegations contained in Paragraph 9 of the Complaint.

10.     Lilly denies the allegations contained in Paragraph 10 of the Complaint.

11.     Lilly denies the allegations contained in Paragraph 11 of the Complaint.

12.     Lilly denies the allegations contained in Paragraph 12 of the Complaint.

13.     Lilly denies the allegations contained in Paragraph 13 of the Complaint.

## COUNT III - BREACH OF WARRANTY

14.     Lilly repeats and realleges its answers in Counts I and II above.

15.     Lilly denies the allegations contained in Paragraph 15 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature.

16.     Lilly denies the allegations contained in Paragraph 16 of the Complaint.

17.     Lilly denies the allegations contained in Paragraph 17 of the Complaint.

18.     Lilly denies the allegations contained in Paragraph 18 of the Complaint.

## COUNT IV - MISREPRESENTATION

19.     Lilly repeats and realleges its answers in Counts I, II and III above.

- 4 -

2101663v1

20.     Lilly denies the allegations in Paragraph 20 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature.

21.     Lilly denies the allegations contained in Paragraph 21 of the Complaint.

22.     Lilly denies the allegations contained in Paragraph 22 of the Complaint.

23.     Lilly denies the allegations contained in Paragraph 23 of the Complaint.

## COUNT V – PUNITIVE DAMAGES

24.     Lilly denies the allegations contained in Paragraph 24 of the Complaint.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Lilly.

## THIRD DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations or laches.

## FOURTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

## FIFTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, Plaintiff's claims may be barred by virtue of the intervention of a learned intermediary or intermediaries to whom Defendant discharged any duty to warn.

## SIXTH DEFENSE

This court lacks personal jurisdiction over Defendant Eli Lilly.

2101663v1

**SEVENTH DEFENSE**

Venue is improper.

**EIGHTH DEFENSE**

Plaintiff's claims are barred and preempted by Eli Lilly and Company's compliance with the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 e seq. and/or the regulations promulgated pursuant to that Act.

**NINTH DEFENSE**

Lilly hereby gives notice that it intends to rely upon other and further defenses as may become available or apparent during discovery proceedings in this case, and hereby reserves the right to amend its Answer to assert any such defense.

**JURY DEMAND**

Defendant Eli Lilly and Company demands a trial by jury on all issues.

WHEREFORE, having fully answered Plaintiff's Complaint, Lilly prays as follows:

1.     That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

2.     That Lilly be awarded its costs and disbursements herein to be taxed as provided by law.

Respectfully submitted,

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783-8400; Fax: (202) 783-4211

and

David W. Brooks

- 6 -

SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

- 7 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20ᵗʰ day of September, 2006, a true and accurate copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Janet K. Coleman
Daniel Whitney
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline, Inc.
and Mallinkrodt, Inc.**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20ᵗʰ Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb
Company**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company,
Pharmacia and Upjohn Company and
Ortho-McNeil Pharmaceuticals, Inc.**

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Aaron M. Bailey
Goodwin Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001

Christopher Garvey
Diana Scharf
Goodwin Proctor, LLP
599 Lexington Ave.
New York, NY 10022

**Attorneys for Premo Pharmaceutical
Laboratories, Inc.**

Sean C.E. McDonough
David D. Hudgins
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005-5793
**Attorneys for Abbott Laboratories, Inc.**

Harold M. Walter
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

_Emily J. David_
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

- 8 -

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CONNIE FRANCO PAVLICAS,    \*
55 Main Street, #10    \*
Port Washington, NY  10163    \*

                         \*    CIVIL ACTION NO. 06-6749
               Plaintiff,    \*

                         \*

     vs.    \*

                         \*

ELI LILLY AND COMPANY    \*
Lilly Corporate Center    \*
Indianapolis, IN  46285    \*

                         \*

and    \*

                         \*

BRISTOL-MYERS SQUIBB COMPANY    \*
a successor of E.R. SQUIBB & SONS, INC.    \*
P. O. Box 4500    \*
Princeton, NJ  08543    \*

                         \*

and    \*

                         \*

PHARMACIA and UPJOHN COMPANY    \*
(a/k/a THE UPJOHN COMPANY)    \*
100 Route 206 North    \*
Peapack, NJ  07977    \*

                         \*

and    \*

                         \*

ABBOTT LABORATORIES, INC.    \*
100 Abbott Park Road    \*
Abbott Park, IL  60064    \*

                         \*

and    \*

                         \*

DART INDUSTRIES, INC., a successor to    \*
REXALL DRUG COMPANY, INC.    \*
w/s/o:  Sheila AnnMarie Moeller, Esq.    \*
       Gilbride, Tusa, Last & Spellane LLC    \*
       31 Brookside Drive    \*
       Greenwich, CT 06836    \*

                         \*

and    \*

                         \*

GLAXOSMITHKLINE, INC.,    \*

RECEIVED
Civil Clerk's Office
SEP 2 6 2006
Superior Court of the
District of Columbia
Washington, D.C.

2101663v1

a successor to S.E. Massengill and     \*
Burroughs-Wellcome Co.,     \*
1500 K Street, NW     \*
Washington, D.C.  20036     \*
     \*
and     \*
     \*
PREMO PHARMACEUTICAL     \*
LABORATORIES, INC.     \*
w/s/o:  Corporation Trust Co.     \*
       820 Bear Tavern Road     \*
       West Trenton, NJ 08628     \*
     \*
and     \*
     \*
ORTHO MCNEIL LABS, INC.     \*
Camp Hill Road     \*
Ft. Washington, PA  19034     \*
     \*
and     \*
     \*
PERSON & COVEY, INC.     \*
616 Allen Avenue     \*
Glendale, CA  91221     \*
     \*
and     \*
     \*
MERCK & COMPANY, INC.     \*
P. O. Box 4     \*
West Point, PA  19486     \*
     \*
and     \*
     \*
MALLINCKRODT, INC.     \*
685 McDonnell Boulevard     \*
St. Louis, MO 63042     \*
     \*
and     \*
     \*
ELAN PHARMACEUTICALS,     \*
A successor to CARNRICK     \*
LABORATORIES, INC.,     \*
w/s/o:  CT Corporation     \*
       1025 Vermont Avenue, NW     \*
       Washington, DC 20005     \*
     \*
Defendants.     \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

- 2 -

## DEFENDANT ELI LILLY AND COMPANY'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers by like numbered paragraphs the Complaint filed in this action as follows:

Answers to each paragraph of the Complaint by Lilly are made without waiving, but expressly reserving, all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Complaint.

### FIRST DEFENSE

1.      Whether this Court has jurisdiction under 11 D.C. Code § 921 is a legal question to which no response is required.  To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 1 of the Complaint.

2.      In response to the allegations contained in Paragraph 2 of the Complaint, Lilly states that it did sell and distribute DES in the District of Columbia.  Lilly also states that it is doing business in the District of Columbia and that the U.S. Food & Drug Administration ("FDA") approved Lilly's sales of DES and declared that the drug was generally recognized as safe by experts in the field for the uses at issue here.  Except as already stated, Lilly denies the allegations contained in Paragraph 2 of the Complaint.

### COUNT I – NEGLIGENCE

3.      Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 concerning the alleged prescription, purchase and ingestion of diethylstilbestrol.  To the extent a response is required, however, Lilly denies such allegations.  Lilly denies all other allegations contained in Paragraph 3 of the Complaint.

4.      Lilly denies the allegations contained in Paragraph 4 of the Complaint.

5.      Lilly denies the allegations contained in Paragraph 5 of the Complaint.

2101663v1

## COUNT II - STRICT LIABILITY

6.    Lilly repeats and realleges its answers in Count I above.

7.    Lilly denies the allegations contained in Paragraph 7 of the Complaint.

8.    Lilly denies the allegations contained in Paragraph 8 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES. Except as already stated, Lilly denies the allegations contained in Paragraph 8 of the Complaint.

9.    Lilly denies the allegations contained in Paragraph 9 of the Complaint.

10.   Lilly denies the allegations contained in Paragraph 10 of the Complaint.

11.   Lilly denies the allegations contained in Paragraph 11 of the Complaint.

12.   Lilly denies the allegations contained in Paragraph 12 of the Complaint.

13.   Lilly denies the allegations contained in Paragraph 13 of the Complaint.

## COUNT III - BREACH OF WARRANTY

14.   Lilly repeats and realleges its answers in Counts I and II above.

15.   Lilly denies the allegations contained in Paragraph 15 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature.

16.   Lilly denies the allegations contained in Paragraph 16 of the Complaint.

17.   Lilly denies the allegations contained in Paragraph 17 of the Complaint.

18.   Lilly denies the allegations contained in Paragraph 18 of the Complaint.

## COUNT IV - MISREPRESENTATION

19.   Lilly repeats and realleges its answers in Counts I, II and III above.

2101663v1

20.    Lilly denies the allegations in Paragraph 20 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature.

21.    Lilly denies the allegations contained in Paragraph 21 of the Complaint.

22.    Lilly denies the allegations contained in Paragraph 22 of the Complaint.

23.    Lilly denies the allegations contained in Paragraph 23 of the Complaint.

## COUNT V – PUNITIVE DAMAGES

24.    Lilly denies the allegations contained in Paragraph 24 of the Complaint.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Lilly.

## THIRD DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations or laches.

## FOURTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

## FIFTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, Plaintiff's claims may be barred by virtue of the intervention of a learned intermediary or intermediaries to whom Defendant discharged any duty to warn.

## SIXTH DEFENSE

This court lacks personal jurisdiction over Defendant Eli Lilly.

2101663v1

## SEVENTH DEFENSE

Venue is improper.

## EIGHTH DEFENSE

Plaintiff's claims are barred and preempted by Eli Lilly and Company's compliance with the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 e seq. and/or the regulations promulgated pursuant to that Act.

## NINTH DEFENSE

Lilly hereby gives notice that it intends to rely upon other and further defenses as may become available or apparent during discovery proceedings in this case, and hereby reserves the right to amend its Answer to assert any such defense.

## JURY DEMAND

Defendant Eli Lilly and Company demands a trial by jury on all issues.

WHEREFORE, having fully answered Plaintiff's Complaint, Lilly prays as follows:

1.     That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

2.     That Lilly be awarded its costs and disbursements herein to be taxed as provided by law.

Respectfully submitted,

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783-8400; Fax: (202) 783-4211

and

David W. Brooks

- 6 -

SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT**
**ELI LILLY AND COMPANY**

- 7 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of September, 2006, a true and accurate copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Janet K. Coleman
Daniel Whitney
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline, Inc.
and Mallinkrodt, Inc.**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb
Company**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company,
Pharmacia and Upjohn Company and
Ortho-McNeil Pharmaceuticals, Inc.**

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Aaron M. Bailey
Goodwin Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001

Christopher Garvey
Diana Scharf
Goodwin Proctor, LLP
599 Lexington Ave.
New York, NY 10022
**Attorneys for Premo Pharmaceutical
Laboratories, Inc.**

Sean C.E. McDonough
David D. Hudgins
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005-5793
**Attorneys for Abbott Laboratories, Inc.**

Harold M. Walter
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

- 8 -

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

CONNIE FRANCO PAVLICAS            )
                                  )
            *Plaintiff,*           )
                                  )        Civil Action No. 06-6749
    v.                            )        Judge Mary A. Terrell
                                  )
ELI LILLY AND COMPANY, *et al.,*   )
                                  )
            *Defendants.*          )

RECEIVED
OCT 0 2 2006

**DEFENDANT MERCK & CO., INC.'S**
**ANSWER TO COMPLAINT**

Defendant Merck & Co., Inc. ("Merck"), by counsel, upon knowledge as to itself

and upon information and belief as to all others, answers Plaintiff Connie Franco

Pavlicas's Complaint as follows:

1.    Merck denies that jurisdiction is proper under 11 D.C. Code § 921.

2.    Merck admits that it sells pharmaceutical products and that its predecessor

company, at various times sold diethylstilbestrol (DES), which was approved by the

United States Food and Drug Administration ("FDA"). The allegation that Merck is

"doing business" in the District of Columbia is a legal characterization and/or conclusion

to which no response is required. The remainder of the allegations in Paragraph 2 are

denied insofar as they are addressed to Merck. To the extent that the allegations in Para-

graph 2 are directed to other defendants, Merck is without knowledge or information

sufficient to either admit or deny those allegations; therefore, they are denied.

LILY 131454    PH03-4

## COUNT I
### (Negligence)

3.      Merck admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA.  Merck is without knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 3; therefore, those allegations are denied.

4.      Merck denies the allegations in Paragraph 4.

5.      Merck denies the allegations in Paragraph 5.

## COUNT II
### (Strict Liability)

6.      Merck incorporates by reference its answers to the allegations in Count I.

7.      Merck denies the allegations in Paragraph 7.

8.      Merck denies the allegations in Paragraph 8, except admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA.

9.      Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 9; therefore, those allegations are denied.

10.     Merck denies the allegations in Paragraph 10.

11.     Merck denies the allegations in Paragraph 11.

12.     Merck denies the allegations in Paragraph 12.

13.     Merck denies the allegations in Paragraph 13.

## COUNT III
### (Breach of Warranty)

14.     Merck incorporates by reference its answers to the allegations in Counts I and II.

15.     Merck admits that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the FDA. The remainder of the allegations in Paragraph 15 are denied insofar as they are addressed to Merck. To the extent that the allegations in Paragraph 15 are directed to other defendants, Merck is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

16.     Merck denies the allegations in Paragraph 16.

17.     Merck denies the allegations in Paragraph 17.

18.     Merck denies the allegations in Paragraph 18.

## COUNT IV
### (Misrepresentation)

19.     Merck incorporates by reference its answers to the allegations in Counts I, II and III.

20.     Merck denies the allegations in Paragraph 20.

21.     Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 21; therefore, those allegations are denied.

22.     Merck denies the allegations in Paragraph 22.

23.     Merck denies the allegations in Paragraph 23.

## COUNT V
### (Punitive Damages)

24.     Merck denies the allegations in paragraph 24.

By way of further answer, Merck denies all other allegations contained in Plaintiff's Complaint that are not otherwise expressly admitted herein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statutes of limitations, statutes of repose, and/or the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint and any claim for punitive damages are barred by reason of Merck's predecessor's compliance with all applicable federal, state, local and regulatory requirements concerning DES.

## FOURTH AFFIRMATIVE DEFENSE

Merck states that unless its predecessor can be specifically identified as the manufacturer or distributor of the DES allegedly consumed by Plaintiff's mother, any recovery against it would violate its rights under the United States Constitution and the constitution(s) of the governing state(s), including its right to due process and equal protection.

## FIFTH AFFIRMATIVE DEFENSE

Merck states that to the extent Plaintiff seeks to recover punitive damages from it, such an award would, if granted, violate its rights to due process and equal protection guaranteed to it under the United States Constitution and the constitution(s) of the governing state(s).

## SIXTH AFFIRMATIVE DEFENSE

Merck states that venue is both improper and inconvenient in this judicial district.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the learned intermediary doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the doctrines of contributory negligence, comparative negligence and/or assumption of the risk.

## NINTH AFFIRMATIVE DEFENSE

Merck states that its predecessor acted at all times in full conformity with the then-existing state of the art.

## TENTH AFFIRMATIVE DEFENSE

Merck states that Plaintiff's breach of warranty claims must fail due to lack of privity and timely notice.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of preemption under the Supremacy Clause of the United States Constitution because DES has been approved as a prescription medical product by the FDA, and has been tested, manufactured and labeled in accordance with federal standards and law.

## TWELFTH AFFIRMATIVE DEFENSE

All claims raised and all causes of action asserted in the Complaint against Merck are barred by the doctrines of estoppel, laches, waiver, or statutory compliance and Plaintiff or her natural mother, including contributory negligence, assumption of risk and/or misuse or abuse of such product.

## THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part by the conduct of one or more persons or entities for whose conduct Merck was not responsible and with whom Merck has no legal connection.

## FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were not due or caused by the fault, lack of care, negligence, strict liability, fraud, misrepresentation, or breach of duty on the part of Merck.

## FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part through the operation of nature, idiosyncratic reaction or other intervening cause or causes.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses of Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to plead fraud and misrepresentation with the particularity required by Federal Rule of Civil Procedures 9(b) and should be dismissed.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join as defendants indispensable parties whose joinder is necessary for this action to proceed.

I hereby certify that a true and correct copy of the foregoing answer to complaint was sent, via first-class mail, postage prepaid, on this 27th day of September, 2006, to:

Aaron M. Levine, Esq.
Brandon J. Levine, Esq.
Renee L. Robinson-Meyer, Esq.
AARON M. LEVINE & ASSOCIATES, P.A.
1320 - 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Attorneys for Plaintiffs*

Michelle R. Mangrum, Esq.
SHOOK, HARDY, & BACON LLP
600 14th Streeet, N.W., Suite 800
Washington, DC 20005

John F. Kuckelman, Esq.
SHOOK, HARDY, & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108

*Attorneys for Eli Lilly and Company*

Sidney Gordon Leech, Esq.
GOODELL, DEVRIES, LEECH &
    DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
*Attorneys for Bristol-Myers Squibb Co.*

Jennifer G. Levy, Esq.
KIRKLAND & ELLIS
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
*Attorneys for Abbott Laboratories*

John Anderson, Esq.
TROUTMAN SANDERS, LLP
1660 International Drive, Suite 600
McLean, VA 22102
*Attorneys for Dart Industries, Inc.*

Janet K Coleman, Esq.
WHITNEY & BOGRIS, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
*Attorneys for GlaxoSmithKline, Inc.
And Mallinkrodt, Inc.*

Sallie F. Pullman, Esq.
GOODWIN PROCTER LLP
901 New York Ave., N.W.
Washington, DC 20001
*Attorneys for Premo Pharmaceutical
Laboratories, Inc.*

David D. Hudgins, Esq.
HUDGINS LAW FIRM
515 King St., Suite 400
Alexandria, VA 22314
*Attorneys for Person & Covey, Inc.*

Harold M. Walter, Esq.
TYDINGS & ROSENBERG LLP
100 East Pratt St., 26th Floor
Baltimore, MD 21202
*Attorneys for Elam Pharmeceuticals*

_Elizabeth Ewert_
Elizabeth Ewert

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

CONNIE FRANCO PAVLICAS,　　　　)
　　　　　　　　　　　　　　　)
　　　　　　　　　*Plaintiff,*　　)
　　　　　　　　　　　　　　　)　　Civil Action No. 06-6749
　　　*v.*　　　　　　　　　　)　　Judge Mary A. Terrell
　　　　　　　　　　　　　　　)
ELY LILLY AND COMPANY, *et al.,*　)
　　　　　　　　　　　　　　　)
　　　　　　　　*Defendants.*　)

RECEIVED
OCT 02 2006

## DEFENDANT PHARMACIA & UPJOHN COMPANY LLC'S
## ANSWER TO COMPLAINT

Defendant Pharmacia & Upjohn Company LLC f/k/a The Upjohn Company ("Upjohn"),
by counsel, upon knowledge as to itself and upon information and belief as to all others,
answers Plaintiff Connie Franco Pavlicas's Complaint as follows:

1.　　　Upjohn denies that jurisdiction is proper under 11 D.C. Code § 921 (1981 ed.).

2.　　　Upjohn admits that it sells pharmaceutical products and that its predecessor
company, at various times sold diethylstilbestrol (DES), which was approved by the United
States Food and Drug Administration ("FDA"). The allegation that Upjohn is "doing business"
in the District of Columbia is a legal characterization and/or conclusion to which no response is
required. The remainder of the allegations in Paragraph 2 are denied insofar as they are
addressed to Upjohn. To the extent that the allegations in Paragraph 2 are directed to other
defendants, Upjohn is without knowledge or information sufficient to either admit or deny
those allegations; therefore, they are denied.

LILY 131454　　PH03-4

## COUNT I
### (Negligence)

3.      Upjohn admits that its predecessor company at various times sold

diethylstilbestrol (DES), which was approved by the FDA.   Upjohn is without knowledge or

information sufficient to either admit or deny the remaining allegations in Paragraph 3;

therefore, those allegations are denied.

4.      Upjohn denies the allegations in Paragraph 4.

5.      Upjohn denies the allegations in Paragraph 5.

## COUNT II
### (Strict Liability)

6.      Upjohn incorporates by reference its answers to the allegations in Count I.

7.      Upjohn denies the allegations in Paragraph 7.

8.      Upjohn denies the allegations in Paragraph 8, except admits that its predecessor

company at various times sold diethylstilbestrol (DES), which was approved by the FDA.

9.      Upjohn is without knowledge or information sufficient to either admit or deny

the allegations in Paragraph 9; therefore, those allegations are denied.

10.      Upjohn denies the allegations in Paragraph 10.

11.      Upjohn denies the allegations in Paragraph 11.

12.      Upjohn denies the allegations in Paragraph 12.

13.      Upjohn denies the allegations in Paragraph 13.

## COUNT III
### (Breach of Warranty)

14.    Upjohn incorporates by reference its answers to the allegations in Counts I and II.

15.    Upjohn admits that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the FDA. The remainder of the allegations in Paragraph 15 are denied insofar as they are addressed to Upjohn. To the extent that the allegations in Paragraph 15 are directed to other defendants, Upjohn is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

16.    Upjohn denies the allegations in Paragraph 16.

17.    Upjohn denies the allegations in Paragraph 17.

18.    Upjohn denies the allegations in Paragraph 18.

## COUNT IV
### (Misrepresentation)

19.    Upjohn incorporates by reference its answers to the allegations in Counts I, II and III.

20.    Upjohn denies the allegations in Paragraph 20.

21.    Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 21; therefore, those allegations are denied.

22.    Upjohn denies the allegations in Paragraph 22.

23.    Upjohn denies the allegations in Paragraph 23.

## COUNT V
### (Punitive Damages)

24.    Upjohn denies the allegations in paragraph 24.

By way of further answer, Upjohn denies all other allegations contained in Plaintiff's Complaint which are not otherwise expressly admitted herein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statutes of limitations, statutes of repose, and/or the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint and any claim for punitive damages are barred by reason of Upjohn's predecessor's compliance with all applicable federal, state, local and regulatory requirements concerning DES.

## FOURTH AFFIRMATIVE DEFENSE

Upjohn states that unless its predecessor can be specifically identified as the manufacturer or distributor of the DES allegedly consumed by Plaintiff's mother, any recovery against it would violate its rights under the United States Constitution and the constitution(s) of the governing state(s), including its right to due process and equal protection.

## FIFTH AFFIRMATIVE DEFENSE

Upjohn states that to the extent Plaintiff seeks to recover punitive damages from it, such an award would, if granted, violate its rights to due process and equal protection guaranteed to it under the United States Constitution and the constitution(s) of the governing state(s).

## SIXTH AFFIRMATIVE DEFENSE

Upjohn states that venue is both improper and inconvenient in this judicial district.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the learned intermediary doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the doctrines of contributory negligence, comparative negligence and/or assumption of the risk.

## NINTH AFFIRMATIVE DEFENSE

Upjohn states that its predecessor acted at all times in full conformity with the then-existing state of the art.

## TENTH AFFIRMATIVE DEFENSE

Upjohn states that Plaintiff's breach of warranty claims must fail due to lack of privity and timely notice.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of preemption under the Supremacy Clause of the United States Constitution because DES has been approved as a prescription medical product by the FDA, and has been tested, manufactured and labeled in accordance with federal standards and law.

## TWELFTH AFFIRMATIVE DEFENSE

All claims raised and all causes of action asserted in the Complaint against Upjohn are barred by the doctrines of estoppel, laches, waiver, or statutory compliance and Plaintiff or her natural mother, including contributory negligence, assumption of risk and/or misuse or abuse of such product.

## THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part by the conduct of one or more persons or entities for whose conduct Upjohn was not responsible and with whom Upjohn has no legal connection.

## FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were not due or caused by the fault, lack of care, negligence, strict liability, fraud, misrepresentation, or breach of duty on the part of Upjohn.

## FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part through the operation of nature, idiosyncratic reaction or other intervening cause or causes.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses of Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to plead fraud and misrepresentation with the particularity required by Federal Rule of Civil Procedures 9(b) and should be dismissed.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff(s) have failed to join as defendants indispensable parties whose Joinder is necessary for this action to proceed.

## NINETEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injury or damage as alleged, they were exacerbated by Plaintiff's failure to mitigate such injury or damage.

## TWENTIETH AFFIRMATIVE DEFENSE

Any claims based on a breach of warranty theory are barred for lack of privity and for failure to give timely notice of any alleged breach of warranty.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter and personal jurisdiction over the claims alleged in Plaintiff's Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Upjohn adopts and incorporates by reference each and every other affirmative defense asserted by any other defendant herein.

Upjohn reserves its right to amend this Answer and/or to add additional affirmative defenses as may be appropriate.

Respectfully submitted,

By: _Elizabeth Ewert_

Elizabeth Ewert (#479368)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465
*Attorneys for Pharmacia & Upjohn
Company LLC*

Dated: September 27, 2006

I hereby certify that a true and correct copy of the foregoing answer to complaint was sent, via first-class mail, postage prepaid, on this 29th day of September, 2006, to:

Aaron M. Levine, Esq.
Brandon J. Levine, Esq.
Renee L. Robinson-Meyer, Esq.
AARON M. LEVINE & ASSOCIATES, P.A.
1320 - 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Attorneys for Plaintiffs*

Michelle R. Mangrum, Esq.
SHOOK, HARDY, & BACON LLP
600 14th Streeet, N.W., Suite 800
Washington, DC 20005

John F. Kuckelman, Esq.
SHOOK, HARDY, & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108

*Attorneys for Eli Lilly and Company*

Sidney Gordon Leech, Esq.
GOODELL, DEVRIES, LEECH &
    DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
*Attorneys for Bristol-Myers Squibb Co.*

Jennifer G. Levy, Esq.
KIRKLAND & ELLIS
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
*Attorneys for Abbott Laboratories*

John Anderson, Esq.
TROUTMAN SANDERS, LLP
1660 International Drive, Suite 600
McLean, VA  22102
*Attorneys for Dart Industries, Inc.*

Janet K Coleman, Esq.
WHITNEY & BOGRIS, LLP
401 Washington Avenue, 12th Floor
Towson, MD  21204
*Attorneys for GlaxoSmithKline, Inc.*
*And Mallinkrodt, Inc.*

Sallie F. Pullman, Esq.
GOODWIN PROCTER LLP
901 New York Ave., N.W.
Washington, DC 20001
*Attorneys for Premo Pharmaceutical*
*Laboratories, Inc.*

David D. Hudgins,  Esq.
HUDGINS LAW FIRM
515 King St., Suite 400
Alexandria, VA 22314
*Attorneys for Person & Covey, Inc.*

Harold M. Walter, Esq.
TYDINGS & ROSENBERG LLP
100 East Pratt St., 26th Floor
Baltimore, MD 21202
*Attorneys for Elam Pharmeceuticals*

Elizabeth Ewert

- 2 -

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

CONNIE FRANCO PAVLICAS,           )
                                  )
              Plaintiff,           )
                                  )        Civil Action No. 06-6749
       v.                          )        Judge Mary A. Terrell
                                  )
ELI LILLY AND COMPANY, et al.,     )
                                  )
              Defendants.          )

**DEFENDANT ORTHO-MCNEIL PHARMACEUTICAL, INC.'S**
**ANSWER TO COMPLAINT**

Defendant Ortho-McNeil Pharmaceutical, Inc. (hereinafter "Ortho-McNeil"), by

counsel, upon knowledge as to itself and upon information and belief as to all others,

answers Plaintiff Connie Franco Pavlicas's Complaint as follows:

1.      Ortho-McNeil denies that jurisdiction is proper under 11 D.C. Code § 921.

2.      Ortho-McNeil admits that it sells pharmaceutical products and that its

predecessor company, at various times sold diethylstilbestrol (DES), which was approved

by the United States Food and Drug Administration ("FDA"). The allegation that Ortho-

McNeil is "doing business" in the District of Columbia is a legal characterization and/or

conclusion to which no response is required. The remainder of the allegations in

Paragraph 2 are denied insofar as they are addressed to Ortho-McNeil. To the extent that

the allegations in Paragraph 2 are directed to other defendants, Ortho-McNeil is without

knowledge or information sufficient to either admit or deny those allegations; therefore,

they are denied.

-1-

LILY 131454    PH03-4

## COUNT I
### (Negligence)

3.      Ortho-McNeil admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA. Ortho-McNeil is without knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 3; therefore, those allegations are denied.

4.      Ortho-McNeil denies the allegations in Paragraph 4.

5.      Ortho-McNeil denies the allegations in Paragraph 5.

## COUNT II
### (Strict Liability)

6.      Ortho-McNeil incorporates by reference its answers to the allegations in Count I.

7.      Ortho-McNeil denies the allegations in Paragraph 7.

8.      Ortho-McNeil denies the allegations in Paragraph 8, except admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA.

9.      Ortho-McNeil is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 9; therefore, those allegations are denied.

10.      Ortho-McNeil denies the allegations in Paragraph 10.

11.      Ortho-McNeil denies the allegations in Paragraph 11.

12.      Ortho-McNeil denies the allegations in Paragraph 12.

13.      Ortho-McNeil denies the allegations in Paragraph 13.

## COUNT III
**(Breach of Warranty)**

14.     Ortho-McNeil incorporates by reference its answers to the allegations in Counts I and II.

15.     Ortho-McNeil admits that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the FDA.  The remainder of the allegations in Paragraph 15 are denied insofar as they are addressed to Ortho-McNeil. To the extent that the allegations in Paragraph 15 are directed to other defendants, Ortho-McNeil is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

16.     Ortho-McNeil denies the allegations in Paragraph 16.

17.     Ortho-McNeil denies the allegations in Paragraph 17.

18.     Ortho-McNeil denies the allegations in Paragraph 18.

## COUNT IV
**(Misrepresentation)**

19.     Ortho-McNeil incorporates by reference its answers to the allegations in Counts I, II and III.

20.     Ortho-McNeil denies the allegations in Paragraph 20.

21.     Ortho-McNeil is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 21; therefore, those allegations are denied.

22.     Ortho-McNeil denies the allegations in Paragraph 22.

23.     Ortho-McNeil denies the allegations in Paragraph 23.

## COUNT V
**(Punitive Damages)**

24.     Ortho-McNeil denies the allegations in paragraph 24.

-3-

By way of further answer, Ortho-McNeil denies all other allegations contained in Plaintiff's Complaint that are not otherwise expressly admitted herein.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statutes of limitations, statutes of repose, and/or the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint and any claim for punitive damages are barred by reason of Ortho-McNeil's predecessor's compliance with all applicable federal, state, local and regulatory requirements concerning DES.

### FOURTH AFFIRMATIVE DEFENSE

Ortho-McNeil states that unless its predecessor can be specifically identified as the manufacturer or distributor of the DES allegedly consumed by Plaintiff's mother, any recovery against it would violate its rights under the United States Constitution and the constitution(s) of the governing state(s), including its right to due process and equal protection.

### FIFTH AFFIRMATIVE DEFENSE

Ortho-McNeil states that to the extent Plaintiff seeks to recover punitive damages from it, such an award would, if granted, violate its rights to due process and equal protection guaranteed to it under the United States Constitution and the constitution(s) of the governing state(s).

## SIXTH AFFIRMATIVE DEFENSE

Ortho-McNeil states that venue is both improper and inconvenient in this judicial district.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the learned intermediary doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the doctrines of contributory negligence, comparative negligence and/or assumption of the risk.

## NINTH AFFIRMATIVE DEFENSE

Ortho-McNeil states that its predecessor acted at all times in full conformity with the then-existing state of the art.

## TENTH AFFIRMATIVE DEFENSE

Ortho-McNeil states that Plaintiff's breach of warranty claims must fail due to lack of privity and timely notice.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of preemption under the Supremacy Clause of the United States Constitution because DES has been approved as a prescription medical product by the FDA, and has been tested, manufactured and labeled in accordance with federal standards and law.

## TWELFTH AFFIRMATIVE DEFENSE

All claims raised and all causes of action asserted in the Complaint against Ortho-McNeil are barred by the doctrines of estoppel, laches, waiver, or statutory compliance

and Plaintiff or her natural mother, including contributory negligence, assumption of risk and/or misuse or abuse of such product.

## THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part by the conduct of one or more persons or entities for whose conduct Ortho-McNeil was not responsible and with whom Ortho-McNeil has no legal connection.

## FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were not due or caused by the fault, lack of care, negligence, strict liability, fraud, misrepresentation, or breach of duty on the part of Ortho-McNeil.

## FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part through the operation of nature, idiosyncratic reaction or other intervening cause or causes.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses of Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to plead fraud and misrepresentation with the particularity required by Federal Rule of Civil Procedures 9(b) and should be dismissed.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join as defendants indispensable parties whose joinder is necessary for this action to proceed.

### NINETEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injury or damage as alleged, they were exacerbated by Plaintiff's failure to mitigate such injury or damage.

### TWENTIETH AFFIRMATIVE DEFENSE

Any claims based on a breach of warranty theory are barred for lack of privity and for failure to give timely notice of any alleged breach of warranty.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter and personal jurisdiction over the claims alleged in Plaintiff's Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Ortho-McNeil adopts and incorporates by reference each and every other affirmative defense asserted by any other Defendant herein.

Ortho-McNeil reserves its right to amend this Answer and/or to add additional affirmative defenses as may be appropriate.

Respectfully submitted,

By: _Elizabeth Ewert_____

Elizabeth L. Ewert (#479368)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465
*Attorneys for Ortho-McNeil*
*Pharmaceutical, Inc.*

Dated:  September 27, 2006

-8-

I hereby certify that a true and correct copy of the foregoing answer to complaint was sent, via first-class mail, postage prepaid, on this _27th_ day of September, 2006, to:

Aaron M. Levine, Esq.
Brandon J. Levine, Esq.
Renee L. Robinson-Meyer, Esq.
AARON M. LEVINE & ASSOCIATES, P.A.
1320 - 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Attorneys for Plaintiffs*

Michelle R. Mangrum, Esq.
SHOOK, HARDY, & BACON LLP
600 14th Streeet, N.W., Suite 800
Washington, DC 20005

John F. Kuckelman, Esq.
SHOOK, HARDY, & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108

*Attorneys for Eli Lilly and Company*

Sidney Gordon Leech, Esq.
GOODELL, DEVRIES, LEECH &
    DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
*Attorneys for Bristol-Myers Squibb Co.*

Jennifer G. Levy, Esq.
KIRKLAND & ELLIS
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
*Attorneys for Abbott Laboratories*

John Anderson, Esq.
TROUTMAN SANDERS, LLP
1660 International Drive, Suite 600
McLean, VA  22102
*Attorneys for Dart Industries, Inc.*

Janet K Coleman, Esq.
WHITNEY & BOGRIS, LLP
401 Washington Avenue, 12th Floor
Towson, MD  21204
*Attorneys for GlaxoSmithKline, Inc.*
*And Mallinkrodt, Inc.*

Sallie F. Pullman, Esq.
GOODWIN PROCTER LLP
901 New York Ave., N.W.
Washington, DC 20001
*Attorneys for Premo Pharmaceutical*
*Laboratories, Inc.*

David D. Hudgins,  Esq.
HUDGINS LAW FIRM
515 King St., Suite 400
Alexandria, VA 22314
*Attorneys for Person & Covey, Inc.*

Harold M. Walter, Esq.
TYDINGS & ROSENBERG LLP
100 East Pratt St., 26th Floor
Baltimore, MD 21202
*Attorneys for Elam Pharmeceuticals*

Elizabeth Ewert

-10-

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

CONNIE FRANCO PAVLICAS,                    )
                                           )
              *Plaintiff,*                  )
                                           )        Civil Action No. 06-6749
      v.                                    )        Judge Mary A. Terrell
                                           )
ELI LILLY AND COMPANY, *et al.,*           )
                                           )
              *Defendants.*                 )

## NOTICE OF APPEARANCE

TO THE CLERK OF THIS COURT AND ALL PARTIES OF RECORD:

      Please enter the appearance of Elizabeth Ewert and Michael J. McManus as

counsel in this case for Defendant Pharmacia & Upjohn Company LLC.

      I certify that the above-named counsel are admitted to practice in this court.


                                    Respectfully submitted,

                              By: _Elizabeth Ewert_
                                    Elizabeth Ewert (#479368)
                                    Michael J. McManus (#262832)
                                    DRINKER BIDDLE & REATH LLP
                                    1500 K Street, N.W., Suite 1100
                                    Washington, D.C. 20005-1209
                                    Telephone: 202/842-8800
                                    Telecopier: 202/842-8465
                                    *Attorneys for Pharmacia & Upjohn
                                    Company LLC*

Dated: September 27, 2006.

LILY 131454     PH03-4

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing notice of appearance

was sent, via first-class mail, postage prepaid, on this 27th day of September, 2006, to:

Aaron M. Levine, Esq.
Brandon J. Levine, Esq.
Renee L. Robinson-Meyer, Esq.
AARON M. LEVINE & ASSOCIATES, P.A.
1320 - 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Attorneys for Plaintiffs*

Michelle R. Mangrum, Esq.
SHOOK, HARDY, & BACON LLP
600 14th Streeet, N.W., Suite 800
Washington, DC 20005

John F. Kuckelman, Esq.
SHOOK, HARDY, & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108

*Attorneys for Eli Lilly and Company*

Sidney Gordon Leech, Esq.
GOODELL, DEVRIES, LEECH &
    DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
*Attorneys for Bristol-Myers Squibb Co.*

Jennifer G. Levy, Esq.
KIRKLAND & ELLIS
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
*Attorneys for Abbott Laboratories*

John Anderson, Esq.
TROUTMAN SANDERS, LLP
1660 International Drive, Suite 600
McLean, VA  22102
*Attorneys for Dart Industries, Inc.*

Janet K Coleman, Esq.
WHITNEY & BOGRIS, LLP
401 Washington Avenue, 12th Floor
Towson, MD  21204
*Attorneys for GlaxoSmithKline, Inc.*
*And Mallinkrodt, Inc.*

Sallie F. Pullman, Esq.
GOODWIN PROCTER LLP
901 New York Ave., N.W.
Washington, DC 20001
*Attorneys for Premo Pharmaceutical*
*Laboratories, Inc.*

David D. Hudgins,  Esq.
HUDGINS LAW FIRM
515 King St., Suite 400
Alexandria, VA 22314
*Attorneys for Person & Covey, Inc.*

Harold M. Walter, Esq.
TYDINGS & ROSENBERG LLP
100 East Pratt St., 26th Floor
Baltimore, MD 21202
*Attorneys for Elam Pharmeceuticals*

_Elizabeth Ewert_
Elizabeth Ewert

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| CONNIE FRANCO PAVLICAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-6749 |
| v. | ) | Judge Mary A. Terrell |
| | ) | |
| ELI LILLY AND COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANT PHARMACIA & UPJOHN COMPANY LLC'S
CERTIFICATE REQUIRED BY SUPERIOR COURT CIVIL PROCEDURE RULE 7.1

I, the undersigned, counsel of record for Defendant Pharmacia & Upjohn Company LLC f/k/a Pharmacia & Upjohn Company f/k/a The Upjohn Company ("Upjohn"), certify that to the best of my knowledge and belief, Upjohn has the following parent companies, subsidiaries or affiliates which have any outstanding securities in the hands of the public:

- Pharmacia & Upjohn
- Pharmacia Corporation
- Pfizer, Inc.

This representation is made in order that judges of this Court may determine the need for recusal.

Respectfully submitted,

By: _Elizabeth Ewert_

Elizabeth Ewert (#479368)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465
*Attorneys for Pharmacia & Upjohn Company LLC*

Dated: September 27, 2006.

LILY 131454        PH03-4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing certificate required by

Superior Court Civil Procedure Rule 7.1 was sent, via first-class mail, postage prepaid, on this

27th day of September, 2006, to:

Aaron M. Levine, Esq.
Brandon J. Levine, Esq.
Renee L. Robinson-Meyer, Esq.
AARON M. LEVINE & ASSOCIATES, P.A.
1320 - 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Attorneys for Plaintiffs*

Michelle R. Mangrum, Esq.
SHOOK, HARDY, & BACON LLP
600 14th Street, N.W., Suite 800
Washington, DC 20005

John F. Kuckelman, Esq.
SHOOK, HARDY, & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108

*Attorneys for Eli Lilly and Company*

Sidney Gordon Leech, Esq.
GOODELL, DEVRIES, LEECH &
    DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
*Attorneys for Bristol-Myers Squibb Co.*

Jennifer G. Levy, Esq.
KIRKLAND & ELLIS
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
*Attorneys for Abbott Laboratories*

John Anderson, Esq.
TROUTMAN SANDERS, LLP
1660 International Drive, Suite 600
McLean, VA  22102
*Attorneys for Dart Industries, Inc.*

Janet K Coleman, Esq.
WHITNEY & BOGRIS, LLP
401 Washington Avenue, 12th Floor
Towson, MD  21204
*Attorneys for GlaxoSmithKline, Inc.*
*And Mallinkrodt, Inc.*

Sallie F. Pullman, Esq.
GOODWIN PROCTER LLP
901 New York Ave., N.W.
Washington, DC 20001
*Attorneys for Premo Pharmaceutical*
*Laboratories, Inc.*

David D. Hudgins,  Esq.
HUDGINS LAW FIRM
515 King St., Suite 400
Alexandria, VA 22314
*Attorneys for Person & Covey, Inc.*

Harold M. Walter, Esq.
TYDINGS & ROSENBERG LLP
100 East Pratt St., 26th Floor
Baltimore, MD 21202
*Attorneys for Elam Pharmeceuticals*

Elizabeth Ewert

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

CONNIE FRANCO PAVLICAS,          )
                                 )
                    Plaintiff,   )
                                 )        Civil Action No. 06-6749
        v.                       )        Judge Mary A. Terrell
                                 )
ELI LILLY AND COMPANY, et al.,   )
                                 )
                    Defendants.  )

DEFENDANT MERCK & CO., INC.'S
CERTIFICATE REQUIRED BY SUPERIOR COURT CIVIL PROCEDURE RULE 7.1

I, the undersigned, counsel of record for Defendant Merck & Co., Inc. ("Merck"),

certify that to the best of my knowledge and belief, Merck has no parent companies,

subsidiaries or affiliates which have any outstanding securities in the hands of the

public.

This representation is made in order that judges of this Court may determine the

need for recusal.

Respectfully submitted,

By: _____Elizabeth Evert_____
Elizabeth Evert (#479368)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465
*Attorneys for Pharmacia & Upjohn
Company LLC*

Dated: September 27, 2006.

LILY 131454      PH03-4

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing certificate required by Superior Court Civil Procedure Rule 7.1 was sent, via first-class mail, postage prepaid, on this 27th day of September, 2006, to:

Aaron M. Levine, Esq.
Brandon J. Levine, Esq.
Renee L. Robinson-Meyer, Esq.
AARON M. LEVINE & ASSOCIATES, P.A.
1320 - 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Attorneys for Plaintiffs*

Michelle R. Mangrum, Esq.
SHOOK, HARDY, & BACON LLP
600 14th Streeet, N.W., Suite 800
Washington, DC 20005

John F. Kuckelman, Esq.
SHOOK, HARDY, & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108

*Attorneys for Eli Lilly and Company*

Sidney Gordon Leech, Esq.
GOODELL, DEVRIES, LEECH &
    DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
*Attorneys for Bristol-Myers Squibb Co.*

Jennifer G. Levy, Esq.
KIRKLAND & ELLIS
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
*Attorneys for Abbott Laboratories*

John Anderson, Esq.
TROUTMAN SANDERS, LLP
1660 International Drive, Suite 600
McLean, VA  22102
*Attorneys for Dart Industries, Inc.*

Janet K Coleman, Esq.
WHITNEY & BOGRIS, LLP
401 Washington Avenue, 12th Floor
Towson, MD  21204
*Attorneys for GlaxoSmithKline, Inc.*
*And Mallinkrodt, Inc.*

Sallie F. Pullman, Esq.
GOODWIN PROCTER LLP
901 New York Ave., N.W.
Washington, DC 20001
*Attorneys for Premo Pharmaceutical*
*Laboratories, Inc.*

David D. Hudgins,  Esq.
HUDGINS LAW FIRM
515 King St., Suite 400
Alexandria, VA 22314
*Attorneys for Person & Covey, Inc.*

Harold M. Walter, Esq.
TYDINGS & ROSENBERG LLP
100 East Pratt St., 26th Floor
Baltimore, MD 21202
*Attorneys for Elam Pharmeceuticals*


_____
Elizabeth Ewert

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

CONNIE FRANCO PAVLICAS,                )
                                       )
                    *Plaintiff,*       )
                                       )        Civil Action No. 06-6749
          v.                           )        Judge Mary A. Terrell
                                       )
ELI LILLY AND COMPANY, *et al.,*       )
                                       )
                    *Defendants.*      )

## NOTICE OF APPEARANCE

TO THE CLERK OF THIS COURT AND ALL PARTIES OF RECORD:

Please enter the appearance of Michael J. McManus and Elizabeth Ewert as

counsel in this case for Defendant Merck & Co., Inc.

I certify that the above-named counsel are admitted to practice in this court.

Respectfully submitted,

By:___*Elizabeth Ewert*_____
Elizabeth Ewert (#479368)
Michael McManus (#262832)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465
*Attorneys for Pharmacia & Upjohn
Company LLC*

Dated: September 27, 2006.

LILY 131454     PH03-4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing notice of appearance was sent, via first-class mail, postage prepaid, on this ___ day of September, 2006, to:

Aaron M. Levine, Esq.
Brandon J. Levine, Esq.
Renee L. Robinson-Meyer, Esq.
AARON M. LEVINE & ASSOCIATES, P.A.
1320 - 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Attorneys for Plaintiffs*

Michelle R. Mangrum, Esq.
SHOOK, HARDY, & BACON LLP
600 14th Streeet, N.W., Suite 800
Washington, DC 20005

John F. Kuckelman, Esq.
SHOOK, HARDY, & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108

*Attorneys for Eli Lilly and Company*

Sidney Gordon Leech, Esq.
GOODELL, DEVRIES, LEECH &
    DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
*Attorneys for Bristol-Myers Squibb Co.*

Jennifer G. Levy, Esq.
KIRKLAND & ELLIS
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
*Attorneys for Abbott Laboratories*

John Anderson, Esq.
TROUTMAN SANDERS, LLP
1660 International Drive, Suite 600
McLean, VA 22102
*Attorneys for Dart Industries, Inc.*

Janet K Coleman, Esq.
WHITNEY & BOGRIS, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
*Attorneys for GlaxoSmithKline, Inc.*
*And Mallinkrodt, Inc.*

Sallie F. Pullman, Esq.
GOODWIN PROCTER LLP
901 New York Ave., N.W.
Washington, DC 20001
*Attorneys for Premo Pharmaceutical*
*Laboratories, Inc.*

David D. Hudgins, Esq.
HUDGINS LAW FIRM
515 King St., Suite 400
Alexandria, VA 22314
*Attorneys for Person & Covey, Inc.*

Harold M. Walter, Esq.
TYDINGS & ROSENBERG LLP
100 East Pratt St., 26th Floor
Baltimore, MD 21202
*Attorneys for Elam Pharmeceuticals*


Elizabeth Ewert

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

CONNIE PAVLICAS,

    Plaintiff,

v.

ELI LILLY & CO., et al.,

    Defendants.

Civil Action No. 06-6749
Judge Mary A. Terrell
Next Event:  Initial Conference 12/15/06

## DEFENDANT PERSON & COVEY, INC.'S ANSWER

Defendant Person & Covey, Inc. ("Defendant" or "Person & Covey"), by counsel, hereby submits its answer and defenses to the Complaint filed by plaintiff Connie Pavlicas, and states as follows:

### ANSWER

Answering specifically the numbered paragraphs in the Complaint:

1.    Paragraph 1 calls for a legal conclusion to which no response is required.  To the extent a response is required, all allegations are denied.

2.    Denied.

### COUNT I

3.    Defendant lacks sufficient information to admit or deny the allegations stated in the sentences one and two of paragraph 3, and demands strict proof thereof.  Defendant denies all allegations in sentence three.

4.    Denied.

5.    Denied.

LILY131454    PH03-4

## COUNT II

6.      Defendant reincorporates all responses and defenses set forth in paragraphs 1-5 as if fully set forth herein.

7.      Denied.

8.      Denied as phrased.  Person & Covey does not currently manufacture or produce DES.

9.      Defendant lacks sufficient information to admit or deny the allegations in paragraph 9, and demands strict proof thereof.  To the extent that a response is required, the allegations in paragraph 9 are denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

## COUNT III

14.     Defendant reincorporates all responses and defenses set forth in paragraphs 1-13 as if fully set forth herein.

15.     The allegations in paragraph 15 call for legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

16.     Denied.

17.     Denied.

18.     Denied.

## COUNT IV

19.     Defendant reincorporates all responses and defenses set forth in paragraphs 1-18 as if fully set forth herein.

20.     Denied.

21.     Defendants lack sufficient information to admit or deny the allegations in paragraph 21, and demand strict proof thereof.  To the extent that a response is required, the allegations in paragraph 21 are denied.

22.     Denied.

23.     Denied.

## COUNT V

24.     Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which can be granted against Person & Covey.

### SECOND DEFENSE

This court lacks personal jurisdiction over Person & Covey.

### THIRD DEFENSE

Venue is improper in this judicial district.

### FOURTH DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations and/or doctrine of laches.

### FIFTH DEFENSE

Plaintiff's claims are barred and preempted by Person & Covey's compliance with the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

### SIXTH DEFENSE

Plaintiff cannot identify Person & Covey as the manufacturer or distributor of the DES allegedly consumed by her mother.

### SEVENTH DEFENSE

To the extent that Plaintiff seeks to recover punitive damages from it, such an award would, if granted, violate its due process and equal protection guaranteed to it under the United States Constitution and the Constitution(s) of the governing states.

### EIGHTH DEFENSE

The Complaint is barred by the Learned Intermediary Doctrine.

### NINTH DEFENSE

The Plaintiff is barred by her own contributory negligence, comparative negligence, and/or assumption of the risk.

### TENTH DEFENSE

At the time Plaintiff's mother allegedly ingested DES, the drug was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, labeled, and sold, therefore, Plaintiff is barred from recovery.

### ELEVENTH DEFENSE

Plaintiff's breach of warranty claims must fail due to lack of privity and timely notice.

## TWELFTH DEFENSE

Plaintiff's natural mother was guilty of contributory negligence, which was a proximate cause of the injuries, damages, and losses complained of, and a complete bar to plaintiff's recovery in this case.

## THIRTEENTH DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of Diethylstilbestrol and her assumption of risk is a bar to Plaintiff's recovery in this case.

## FOURTEENTH DEFENSE

Plaintiff's natural mother misused or abused DES, which she consumed or ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

## FIFTEENTH DEFENSE

Plaintiff's alleged injuries, if any, were caused in whole or in part by the conduct of one or more individuals over which Person & Covey had no control.

## SIXTEENTH DEFENSE

This Complaint fails to join a necessary party or parties without whom complete relief cannot be granted.

## SEVENTEENTH DEFENSE

If the product in question was unsafe then it was unavoidably unsafe.

## EIGHTEENTH DEFENSE

The Plaintiff's causes of action are barred by the doctrine of *res judicata* or the doctrine of collateral estoppel.

### NINETEENTH DEFENSE

Plaintiff lacks standing to sue by reason of the fact that no duty was owed to the Plaintiff by Defendant at the time Plaintiff's mother allegedly used the DES referred to in the Complaint.

### TWENTIETH DEFENSE

If Defendant is found liable to Plaintiff for any loss allegedly suffered by Plaintiff, such liability shall not exceed Defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such non-economic loss.

### TWENTY-FIRST DEFENSE

Any alleged injuries suffered were caused by factors other than exposure to DES and were not due to, caused by the fault of, lack of care, negligence or breach of any duty by Person & Covey.

### TWENTY-SECOND DEFENSE

Plaintiff has failed to plead her claim for fraud with particularity pursuant to D.C. Superior Court Rule 9(b).

### TWENTY-THIRD DEFENSE

Person & Covey avails itself to all other defenses raised by co-defendants in this matter.

### TWENTY-FOURTH DEFENSE

Person & Covey reserves the right to raise additional defenses learned in discovery at the trial of this matter.

WHEREFORE, having fully answered and responded to the allegations set forth in the Complaint, Person & Covey, Inc. respectfully requests that this action be dismissed and that reasonable costs and attorneys' fees be awarded in its favor in defense of the Complaint.

PERSON & COVEY, INC.

_____
David D. Hudgins (#362451)
Sean C.E. McDonough (#438599)
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, Virginia 22314
703-739-3300
703-739-3700 fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of October 2006, I sent a true and accurate copy of the foregoing via first class mail, postage pre-paid to:

Aaron M. Levine, Esquire
Steven Lewis, Esquire
Aaron M. Levine & Associates
1320 19th Street, Suite 500
Washington, D.C. 20036
*Attorney for Plaintiff*

Michelle R. Mangrum
John Chadwick Coots, Esquire
SHOOK, HARDY & BACON, LLP
600 14th Street, NW, Suite 800
Washington, D.C. 2005-2004
*Attorney for Eli Lilly and Company*

Sidney G. Leech, Esquire
Malcolm S. Brisker, Esquire
Goodell, Devries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
*Attorney for Bristol-Myers Squibb Company*

Elizabeth Ewert, Esquire
Drinker Biddle & Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
*Attorney for Pharmacia & Upjohn Company & Merck & Company, Inc. & McNeil Labs, Inc.*

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
*Attorney for Dart Industries, Inc.*

Aaron M. Bailey, Esquire
Goodwin Proctor, LLP
901 New York Avenue, NW
9th Floor East
Washington, D.C. 20006

Christopher J. Garvey, Esquire
Goodwin Proctor, LLP
599 Lexington Avenue
New York, New York 10022
*Attorney for Premo Pharmaceutical Laboratories, Inc.*

Kathleen M. Bustraam
Lord & Whip, PA
36 South Charles Street
10th Floor
Baltimore, Maryland 21201
*Attorney for Lannett Company, Inc.*

Janet C. Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
*Attorney for GlaxoSmithKline, Inc. & Mallinckrodt, Inc.*

Counsel

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RECEIVED
Civil Clerk's Office

OCT 1 2 2006

Superior Court of the
District of Columbia
Washington, D.C.

```
* * * * * * * * * * * * * * * * * * * * * * * * *
CONNIE FRANCO PAVLICAS,                    *
55 Main Street, #10                        *
Port Washington, NY  10163                 *
                                           *       CIVIL ACTION NO. 06-6749
                 Plaintiff,                *
                                           *
                                           *
       vs.                                 *
                                           *
ELI LILLY AND COMPANY                      *
Lilly Corporate Center                     *
Indianapolis, IN  46285                    *
                                           *
and                                        *
                                           *
                                           *       NOTICE OF APPEARANCE
BRISTOL-MYERS SQUIBB COMPANY               *
a successor of E.R. SQUIBB & SONS, INC.    *
P. O. Box 4500                             *
Princeton, NJ  08543                       *
                                           *
and                                        *
                                           *
                                           *
PHARMACIA and UPJOHN COMPANY               *
(a/k/a THE UPJOHN COMPANY)                 *
100 Route 206 North                        *
Peapack, NJ  07977                         *
                                           *
and                                        *
                                           *
ABBOTT LABORATORIES, INC.                  *
100 Abbott Park Road                       *
Abbott Park, IL  60064                     *
                                           *
and                                        *
                                           *
DART INDUSTRIES, INC., a successor to      *
REXALL DRUG COMPANY, INC.                  *
w/s/o:  Sheila AnnMarie Moeller, Esq.      *
        Gilbride, Tusa, Last & Spellane LLC *
        31 Brookside Drive                 *
        Greenwich, CT 06836                *
                                           *
and                                        *
                                           *
GLAXOSMITHKLINE, INC.,                     *
```

LNY- 131454  PM03-3

a successor to S.E. Massengill and          *
Burroughs-Wellcome Co.,                     *
1500 K Street, NW                           *
Washington, D.C.  20036                     *
                                            *
and                                         *
                                            *
PREMO PHARMACEUTICAL                        *
LABORATORIES, INC.                          *
w/s/o:  Corporation Trust Co.               *
        820 Bear Tavern Road                *
        West Trenton, NJ 08628              *
                                            *
and                                         *
                                            *
ORTHO MCNEIL LABS, INC.                     *
Camp Hill Road                              *
Ft. Washington, PA  19034                   *
                                            *
and                                         *
                                            *
PERSON & COVEY, INC.                        *
616 Allen Avenue                            *
Glendale, CA  91221                         *
                                            *
and                                         *
                                            *
MERCK & COMPANY, INC.                       *
P. O. Box 4                                 *
West Point, PA  19486                       *
                                            *
and                                         *
                                            *
MALLINCKRODT, INC.                          *
685 McDonnell Boulevard                     *
St. Louis, MO 63042                         *
                                            *
and                                         *
                                            *
ELAN PHARMACEUTICALS,                       *
A successor to CARNRICK                     *
LABORATORIES, INC.,                         *
w/s/o:  CT Corporation                      *
        1025 Vermont Avenue, NW             *
        Washington, DC 20005                *
                                            *
Defendants.                                 *
* * * * * * * * * * * * * * * * * * * * * * * *

- 2 -

## PRAECIPE

## NOTICE OF APPEARANCE

To the Clerk of this Court and all parties of record:

Pursuant to D.C. SUPER. CT. R. CIV. P. 101(b) please enter the appearance of  Michelle

R. Mangrum  as counsel for Defendant Eli Lilly and Company in the above-captioned matter.


Dated: October 12, 2006

Respectfully Submitted,

SHOOK, HARDY & BACON, L.L.P.

*Michelle R. Mangrum*
Michelle R. Mangrum, DC Bar No. 473634
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004
(202) 783-8400 Telephone
(202) 783-4211 Facsimile

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

- 3 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _12th_ day of October, 2006, a true and accurate copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Janet K. Coleman
Daniel Whitney
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline, Inc.
and Mallinckrodt, Inc.**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb
Company**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company,
Pharmacia and Upjohn Company and
Ortho-McNeil Pharmaceuticals, Inc.**

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Aaron M. Bailey
Goodwin Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001

Christopher Garvey
Diana Scharf
Goodwin Proctor, LLP
599 Lexington Ave.
New York, NY 10022

**Attorneys for Premo Pharmaceutical
Laboratories, Inc.**

Sean C.E. McDonough
David D. Hudgins
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005-5793
**Attorneys for Abbott Laboratories, Inc.**

Harold M. Walter
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

_Michelle R Mangrum_
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

- 4 -

RECEIVED
Civil Clerk's Office
OCT 1 2 2006
Superior Court of the
District of Columbia
Washington, D.C.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CONNIE FRANCO PAVLICAS,                         \*
55 Main Street, #10                             \*
Port Washington, NY  10163                      \*
                                                \*
                                                \*   CIVIL ACTION NO. 06-6749
                        Plaintiff,              \*
                                                \*
            vs.                                 \*
                                                \*
                                                \*
ELI LILLY AND COMPANY                           \*
Lilly Corporate Center                          \*
Indianapolis, IN  46285                         \*
                                                \*
                                                \*
and                                             \*
                                                \*
                                                \*   NOTICE OF APPEARANCE
BRISTOL-MYERS SQUIBB COMPANY                     \*
a successor of E.R. SQUIBB & SONS, INC.          \*
P. O. Box 4500                                  \*
Princeton, NJ  08543                            \*
                                                \*
                                                \*
and                                             \*
                                                \*
                                                \*
PHARMACIA and UPJOHN COMPANY                     \*
(a/k/a THE UPJOHN COMPANY)                       \*
100 Route 206 North                             \*
Peapack, NJ  07977                              \*
                                                \*
                                                \*
and                                             \*
                                                \*
                                                \*
ABBOTT LABORATORIES, INC.                       \*
100 Abbott Park Road                            \*
Abbott Park, IL  60064                          \*
                                                \*
                                                \*
and                                             \*
                                                \*
                                                \*
DART INDUSTRIES, INC., a successor to           \*
REXALL DRUG COMPANY, INC.                        \*
w/s/o:  Sheila AnnMarie Moeller, Esq.            \*
        Gilbride, Tusa, Last & Spellane LLC     \*
        31 Brookside Drive                       \*
        Greenwich, CT 06836                      \*
                                                \*
                                                \*
and                                             \*
                                                \*
                                                \*
GLAXOSMITHKLINE, INC.,                           \*

134510v1

LLV. 131454   PH03-3

a successor to S.E. Massengill and          *
Burroughs-Wellcome Co.,                     *
1500 K Street, NW                           *
Washington, D.C.  20036                     *
                                            *
and                                         *
                                            *
PREMO PHARMACEUTICAL                        *
LABORATORIES, INC.                          *
w/s/o:   Corporation Trust Co.              *
         820 Bear Tavern Road               *
         West Trenton, NJ 08628             *
                                            *
and                                         *
                                            *
ORTHO MCNEIL LABS, INC.                     *
Camp Hill Road                              *
Ft. Washington, PA  19034                   *
                                            *
and                                         *
                                            *
PERSON & COVEY, INC.                        *
616 Allen Avenue                            *
Glendale, CA  91221                         *
                                            *
and                                         *
                                            *
MERCK & COMPANY, INC.                       *
P. O. Box 4                                 *
West Point, PA  19486                       *
                                            *
and                                         *
                                            *
MALLINCKRODT, INC.                          *
685 McDonnell Boulevard                     *
St. Louis, MO 63042                         *
                                            *
and                                         *
                                            *
ELAN PHARMACEUTICALS,                       *
A successor to CARNRICK                     *
LABORATORIES, INC.,                         *
w/s/o:   CT Corporation                     *
         1025 Vermont Avenue, NW            *
         Washington, DC 20005               *
                                            *
Defendants.                                 *
* * * * * * * * * * * * * * * * * * * * * * *  *

134510v1

**PRAECIPE**

**NOTICE OF APPEARANCE**

To the Clerk of this Court and all parties of record:

Pursuant to D.C. SUPER. CT. R. CIV. P. 101(b) please enter the appearance of John

Chadwick Coots  as counsel for Defendant Eli Lilly and Company in the above-captioned matter.


Dated: October *12*, 2006                    Respectfully Submitted,

                                             SHOOK, HARDY & BACON, L.L.P.

                                             *John Chadwick Coots*
                                             John Chadwick Coots, DC Bar No. 461979
                                             600 14th Street, N.W., Suite 800
                                             Washington, D.C. 20005-2004
                                             (202) 783-8400 Telephone
                                             (202) 783-4211 Facsimile

                                             **ATTORNEYS FOR DEFENDANT
                                             ELI LILLY AND COMPANY**

134510v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _12_ day of October, 2006, a true and accurate copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Janet K. Coleman
Daniel Whitney
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline, Inc.
and Mallinkrodt, Inc.**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb
Company**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company,
Pharmacia and Upjohn Company and
Ortho-McNeil Pharmaceuticals, Inc.**

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Aaron M. Bailey
Goodwin Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001

Christopher Garvey
Diana Scharf
Goodwin Proctor, LLP
599 Lexington Ave.
New York, NY 10022

**Attorneys for Premo Pharmaceutical
Laboratories, Inc.**

Sean C.E. McDonough
David D. Hudgins
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005-5793
**Attorneys for Abbott Laboratories, Inc.**

Harold M. Walter
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

134510v1

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

CONNIE FRANCO PAVLICAS       )
                                )
      Plaintiff,               )     Civil Action No.: 2006 CA 006749 B
                                )     Judge: Mary A. Terrell
      v.                     )     Next Court Event:  Initial Conference
                                )     12/15/06 @ 9:15
ELI LILLY AND COMPANY, et al.    )
                                )
      Defendants.          )
_____)

## DEFENDANT ELAN PHARMACEUTICALS, INC.'S ANSWER TO COMPLAINT

Defendant ELAN PHARMACEUTICALS, INC. f/k/a Carnrick Laboratories, Inc.

(referred to herein as "Elan "), by its undersigned attorneys, answers the complaint filed in this

action as follows:

### ANSWER

1.     The allegations contained in paragraph 1 of the complaint purport to set forth a

legal conclusion to which no answer from Elan is required.  To the extent that the allegations of

paragraph 1 may be deemed factual, Elan denies each and every such allegation.

2.     Elan denies each and every allegation contained in paragraph 2 of the complaint

except it admits that at certain times Elan obtained permission to market diethylstilbestrol

("DES") for prescription by duly licensed medical practitioners for various purposes.  Further,

Elan lacks knowledge or information sufficient to form a belief as to the other defendants.

### COUNT I
### (Negligence)

3.     Elan presently lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in the first two sentences of paragraph 3 of the complaint and

therefore denies same. Elan denies the remaining allegations contained in paragraph 3 of the complaint.

4.    Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint and therefore denies same.

5.    The allegations contained in paragraph 5 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 5 may be deemed factual, Elan denies each and every such allegation.

## COUNT II
(Strict Liability)

6.    Elan incorporates by reference, as if fully set forth herein, its answers and defenses to each of paragraphs 1 through 5 above.

7.    The allegations contained in paragraph 7 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 7 may be deemed factual, Elan denies each and every such allegation.

8.    Elan denies each and every allegation contained in paragraph 8 of the complaint except admits that at certain times Elan obtained permission to market DES for prescription by duly licensed medical practitioners for various purposes. Further, Elan denies knowledge or information sufficient to form a belief as to the other defendants.

9.    Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint and therefore denies same.

10.    The allegations contained in paragraph 10 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 10 may be deemed factual, Elan denies each and every such allegation.

11.     The allegations contained in paragraph 11 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 11 may be deemed factual, Elan denies each and every such allegation.

12.     The allegations contained in paragraph 12 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 12 may be deemed factual, Elan denies each and every such allegation.

13.     The allegations contained in paragraph 13 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 13 may be deemed factual, Elan denies each and every such allegation.

## COUNT III
### (Breach of Warranty)

14.     Elan incorporates by reference, as if fully set forth herein, its answers and defenses to each of paragraphs 1 through 13 above.

15.     The allegations contained in paragraph 15 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 15 may be deemed factual, Elan denies each and every such allegation. Elan does admit that at certain times Elan obtained permission to market DES for prescription by duly licensed medical practitioners for various purposes.

16.     The allegations contained in paragraph 16 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 16 may be deemed factual, Elan denies each and every such allegation.

17.     The allegations contained in paragraph 17 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 17 may be deemed factual, Elan denies each and every such allegation.

18.    The allegations contained in paragraph 18 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 18 may be deemed factual, Elan denies each and every such allegation.

<u>COUNT IV</u>
(Misrepresentation)

19.    Elan incorporates by reference, as if fully set forth herein, its answers and defenses to each of paragraphs 1 through 18 above.

20.    Elan denies each and every allegation contained in paragraph 20 of the complaint except admits that at certain times Elan obtained permission to market DES for prescription by duly licensed medical practitioners for various purposes. Further, Elan denies knowledge or information sufficient to form a belief as to the other defendants.

21.    Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the complaint and therefore denies same.

22.    The allegations contained in paragraph 22 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 22 may be deemed factual, Elan denies each and every such allegation.

23.    The allegations contained in paragraph 23 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 23 may be deemed factual, Elan denies each and every such allegation.

<u>COUNT V</u>
(Punitivie Damages)

24.    The allegations contained in paragraph 24 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 24 may be deemed factual, Elan denies each and every such allegation.

In response to the unnumbered paragraph following paragraph 24 of the complaint, Elan states that this paragraph is a demand for relief to which Elan responds that plaintiff is not entitled to any relief, including the relief requested therein.

Elan denies all of the allegations of plaintiff's complaint not herein specifically admitted, denied, or denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations asserted. Elan denies that it is in any way responsible for the injuries and damages alleged in the complaint, and further denies it is liable to plaintiff in any manner or amount whatsoever.

## AFFIRMATIVE DEFENSES

Elan pleads the following affirmative defenses to plaintiff's complaint:

1. The complaint fails to state a claim upon which any relief can be granted.

2. This Court lacks personal jurisdiction over the defendant.

3. This Court lacks jurisdiction of the subject matter of the action.

4. This Court is the improper venue for plaintiff's cause of action.

5. The place of trial of this action is set without due regard for the convenience of the parties, witnesses, feasibility of compelling testimony of witnesses, availability of physical evidence or other proof, and constitutes a *forum non conveniens* that requires that the action be tried in another jurisdiction.

6. Plaintiff lacks capacity and standing to sue by reason of the fact that no duty was owed plaintiff by this defendant at the time plaintiff's mother allegedly used the drug referred to in the complaint or by reason of the doctrine of *en ventre sa mere* and, therefore, plaintiff has failed to state facts sufficient to state a claim upon which relief can be granted.

7. The complaint fails to join all necessary and indispensable parties in whose absence complete relief cannot be afforded among those already parties.

8.    The injuries and damages allegedly sustained by plaintiff are attributable to the acts and/or omissions of other entities not parties to this action.

9.    Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitation and/or repose.

10.    Plaintiff's claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

11.    Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.

12.    Plaintiff's claims are barred by contributory negligence on the part of plaintiff and/or plaintiff's natural mother.

13.    Plaintiff's claims are barred by assumption of risk by plaintiff and/or plaintiff's natural mother.

14.    The drug referred to in plaintiff's complaint is a prescription drug and the Federal government has preempted the field of law applicable to prescription drug products and their labeling; the manufacture, distribution, and sale of the drug referred to in the complaint were and are controlled by Federal law and the manufacture, distribution, and sale of said drug at all times by this defendant were in compliance with applicable Federal law; therefore, plaintiff's causes of action fail to state any claim upon which relief can be granted in that, *inter alia*, such claims for relief if granted, would impede, impair, frustrate or burden the effectiveness of Federal law regulating the field of prescription drugs and would violate the Supremacy Clause of the United States Constitution.

15.    Elan asserts that any injuries and damages sustained by plaintiff were caused by the negligence, intentional acts, and/or omissions of persons other than Elan.

16.     The alleged injuries and/or damages of plaintiff, if any, were caused by fellow servants.

17.     At all times material to plaintiff's claims, Elan had no knowledge, either actual or constructive, and by application of reasonable, developed human skill and foresight, had no reason to know of the propensities, if any, of DES to allegedly cause or contribute to the creation of medical conditions or circumstances involving alleged injury or illness of any type whatsoever.

18.     Elan denies the applicability of the doctrine of strict liability in tort to this litigation.

19.     Plaintiff's claims are barred in whole or in part by the learned intermediary doctrine.

20.     The pharmaceutical products that plaintiff's natural mother was allegedly prescribed and ingested were, at the time of their manufacture and/or sale by Elan or other defendants, entirely safe as established by the medical and scientific art at the time of their manufacture and/or sale.

21.     Elan's products, if any, were in no way defective or ultra-hazardous in light of the existing state-of-the-art.

22.     If any products allegedly used by plaintiff's natural mother were unsafe, they were unavoidably so.

23.     Any injuries and damages sustained by the plaintiff were the result of the misuse and/or abuse of the aforesaid product by plaintiff or her natural mother.

24.     Elan's alleged failure to warn was not a cause-in-fact of plaintiff's development of any injury.

25.    There should be no recovery against Elan under any claim of implied warranty because, upon information and belief, Elan has properly and adequately disclaimed all such implied warranties.

26.    There being no privity of contract between Elan and plaintiff, there can be no cause of action against Elan for alleged breach of warranties.

27.    There is no warranty, expressed or implied, between plaintiff and Elan, and if there is such warranty, plaintiff has waived any such warranty.

28.    Plaintiff failed to give reasonably prompt or timely notice of an alleged breach of warranty and have not given Elan adequate time to cure any alleged defect.

29.    Elan did not produce, manufacture, sell, distribute or otherwise place into the stream of commerce any products that were the proximate cause of the claimed injuries of plaintiff.

30.    While denying any negligence or improper conduct with respect to the subject matter of the complaint, Elan states that insofar as negligence or improper conduct is found, it was not a proximate cause of any injury allegedly sustained by plaintiff.

31.    While denying all allegations of the complaint regarding injury and damages allegedly sustained by plaintiff, Elan states that if plaintiff proves said injuries and damages, they were caused by the superseding and intervening acts of negligence of other parties over whom this defendant had no control, nor right to control, and for whose actions this defendant is not liable.

32.    Any and all products allegedly manufactured, supplied, sold, produced or otherwise placed into the stream of commerce by this defendant were in Sealed Containers within the definitions set forth in any applicable statute in this jurisdiction that provides a complete defense to plaintiff's allegations.

33.     Plaintiff failed to allege fraudulent conduct on the part of defendant with sufficient particularity to state a cause of action for fraud and/or misrepresentation.

34.     Plaintiff failed to mitigate their damages, if any.

35.     In the event plaintiff recovers a verdict or judgment against this defendant, then said verdict or judgment must be reduced, to the extent allowed by the law of the forum jurisdiction, by those amounts which have been or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any post or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

36.     Elan avails itself of any and all such defenses as have been raised by any of the other defendants and/or third-party defendants in this proceeding as may be applicable to the complaint and/or third-party complaint.

37.     Elan reserves the right to raise such other affirmative defenses as may be available or apparent during discovery.

**WHEREFORE**, defendant, ELAN PHARMACEUTICALS, INC., f/k/a Carnrick Laboratories, Inc., demands judgment dismissing the complaint of plaintiff together with the costs of this action.

Respectfully submitted,

_____
Harold M. Walter, D.C. Bar No. 491730
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
(410) 752-9700

*Attorneys for Elan Pharmaceuticals, Inc.,*
*f/k/a Carnrick Laboratories, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this _10th_ day of October, 2006, a copy of defendant Elan

Pharmaceuticals, Inc., f/k/a Carnrick Laboratories, Inc.'s answer to the complaint was served via

first class mail, postage pre-paid to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiffs**

Christopher Gauvey, Esquire
Melanie H. Muhlstock, Esquire
Goodwin Proctor LLP
599 Lexington Avenue
New York, New York 10022
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

Michelle R. Mangrum, Esquire
Shook, Hardy & Bacon L.L.P.
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004
  AND
David W. Brooks, Esquire
Shook, Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
**Attorneys for Eli Lilly & Co.**

John F. Anderson, Esquire
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102
  AND
Sheila Ann Marie Moeller, Esquire
Gilbride, Tusa, Last & Spellane, LLC
31 Brookside Drive
Greenwich, Connecticut 06836
**Attorneys for Dart Industries, Inc.**

Elizabeth Ewert, Esquire
Michael J. McManus, Esquire
Drinker Biddle & Reath LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
**Attorneys for Merck & Company, Inc., Ortho-McNeil Pharmaceutical, Inc. and Pharmacia and Upjohn Co.**

Daniel W. Whitney, Esquire
Janet K. Colemen, Esquire
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, Maryland 21204
**Attorneys for Mallinckrodt, Inc. and GlaxoSmithKline**

#542263v.1

Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 15th Street, N.W. Suite 1200
Washington, D.C. 20005
*Attorneys for Abbot Laboratories, Inc.*

David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia 22314
*Attorneys for Person & Covey, Inc.*

Sidney G. Leech, Esquire
Goodell, DeVries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
*Attorneys for Bristol-Myers Squibb, Co.*

Harold M. Walter

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

CONNIE FRANCO PAVLICAS        )
                              )
            Plaintiff,        )       Civil Action No.: 2006 CA 006749 B
                              )       Judge:  Mary A. Terrell
      v.                      )       Next Court Event:  Initial Conference
                              )       12/15/06 @ 9:15
ELI LILLY AND COMPANY, et al. )
                              )
            Defendants.       )
                              )
_____ )

### DISCLOSURE OF CORPORATE AND FINANCIAL INTERESTS OF ELAN PHARMACEUTICALS, INC. f/k/a CARNRICK LABORATORIES, INC.

I, the undersigned, counsel of record for Elan Pharmaceuticals, Inc., f/k/a Carnrick Laboratories, Inc. ("Elan"), pursuant to Rule 7.1, certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries or affiliates of Elan which have any outstanding securities in the hands of the public:

Elan Pharmaceuticals, Inc.

These representations are made in order that judges of this court may determine the need for recusal.

Respectfully submitted,

Harold M. Walter, D.C. Bar No. 491730
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
(410) 752-9700

*Attorneys for Elan Pharmaceuticals, Inc.,*
*f/k/a Carnrick Laboratories, Inc.*

#542287v.1

## CERTIFICATE OF SERVICE

I hereby certify that on this __/0^th__ day of October 2006, a copy of defendant Elan

Pharmaceuticals, Inc., f/k/a Carnrick Laboratories, Inc.'s Disclosure of Corporate and Financial

Interests was served via first class mail, postage pre-paid to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Attorneys for Plaintiffs*

Christopher Gauvey, Esquire
Melanie H. Muhlstock, Esquire
Goodwin Proctor LLP
599 Lexington Avenue
New York, New York 10022
*Attorneys for Premo Pharmaceutical
    Laboratories, Inc.*

Michelle R. Mangrum, Esquire
Shook, Hardy & Bacon L.L.P.
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004
    AND
David W. Brooks, Esquire
Shook, Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
*Attorneys for Eli Lilly & Co.*

John F. Anderson, Esquire
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102
    AND
Sheila Ann Marie Moeller, Esquire
Gilbride, Tusa, Last & Spellane, LLC
31 Brookside Drive
Greenwich, Connecticut 06836
*Attorneys for Dart Industries, Inc.*

Elizabeth Ewert, Esquire
Michael J. McManus, Esquire
Drinker Biddle & Reath LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
*Attorneys for Merck & Company, Inc., Ortho-
McNeil Pharmaceutical, Inc. and Pharmacia
and Upjohn Co.*

Daniel W. Whitney, Esquire
Janet K. Colemen, Esquire
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, Maryland 21204
*Attorneys for Mallinckrodt, Inc. and
GlaxoSmithKline*

#542287v.1

Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 15th Street, N.W. Suite 1200
Washington, D.C. 20005
*Attorneys for Abbot Laboratories, Inc.*

Sidney G. Leech, Esquire
Goodell, DeVries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
*Attorneys for Bristol-Myers Squibb, Co.*

David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia 22314
*Attorneys for Person & Covey, Inc.*

_____

Harold M. Walter

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RECEIVED
Civil Clerk's Office

OCT 1 2 2006

Superior Court of the
District of Columbia
Washington, D.C.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CONNIE FRANCO PAVLICAS,           \*
55 Main Street, #10               \*
Port Washington, NY  10163        \*
                                  \*   CIVIL ACTION NO. 06-6749
                                  \*
            Plaintiff,            \*
                                  \*
                                  \*
    vs.                           \*
                                  \*
                                  \*
ELI LILLY AND COMPANY             \*
Lilly Corporate Center            \*
Indianapolis, IN  46285           \*
                                  \*
and                               \*
                                  \*
                                  \*   NOTICE OF APPEARANCE
BRISTOL-MYERS SQUIBB COMPANY      \*
a successor of E.R. SQUIBB & SONS, INC.  \*
P. O. Box 4500                    \*
Princeton, NJ  08543              \*
                                  \*
                                  \*
and                               \*
                                  \*
                                  \*
PHARMACIA and UPJOHN COMPANY      \*
(a/k/a THE UPJOHN COMPANY)        \*
100 Route 206 North               \*
Peapack, NJ  07977                \*
                                  \*
and                               \*
                                  \*
                                  \*
ABBOTT LABORATORIES, INC.         \*
100 Abbott Park Road              \*
Abbott Park, IL  60064            \*
                                  \*
                                  \*
and                               \*
                                  \*
                                  \*
DART INDUSTRIES, INC., a successor to  \*
REXALL DRUG COMPANY, INC.         \*
w/s/o:  Sheila AnnMarie Moeller, Esq.  \*
        Gilbride, Tusa, Last & Spellane LLC  \*
        31 Brookside Drive        \*
        Greenwich, CT 06836       \*
                                  \*
and                               \*
                                  \*
GLAXOSMITHKLINE, INC.,            \*

LILY.131454   PH03-3

a successor to S.E. Massengill and          *
Burroughs-Wellcome Co.,                     *
1500 K Street, NW                           *
Washington, D.C.  20036                     *
                                            *
and                                         *
                                            *
PREMO PHARMACEUTICAL                        *
LABORATORIES, INC.                          *
w/s/o:  Corporation Trust Co.               *
        820 Bear Tavern Road                *
        West Trenton, NJ 08628              *
                                            *
and                                         *
                                            *
ORTHO MCNEIL LABS, INC.                     *
Camp Hill Road                              *
Ft. Washington, PA  19034                   *
                                            *
and                                         *
                                            *
PERSON & COVEY, INC.                        *
616 Allen Avenue                            *
Glendale, CA  91221                         *
                                            *
and                                         *
                                            *
MERCK & COMPANY, INC.                       *
P. O. Box 4                                 *
West Point, PA  19486                       *
                                            *
and                                         *
                                            *
MALLINCKRODT, INC.                          *
685 McDonnell Boulevard                     *
St. Louis, MO 63042                         *
                                            *
and                                         *
                                            *
ELAN PHARMACEUTICALS,                       *
A successor to CARNRICK                     *
LABORATORIES, INC.,                         *
w/s/o:  CT Corporation                      *
        1025 Vermont Avenue, NW             *
        Washington, DC 20005                *
                                            *
Defendants.                                 *
* * * * * * * * * * * * * * * * * * * * * * * *

- 2 -

**PRAECIPE**

**NOTICE OF APPEARANCE**

To the Clerk of this Court and all parties of record:

Pursuant to D.C. SUPER. CT. R. CIV. P. 101(b) please enter the appearance of  Emily J.

Laird  as counsel for Defendant Eli Lilly and Company in the above-captioned matter.

Dated: October ____, 2006

Respectfully Submitted,

SHOOK, HARDY & BACON, L.L.P.

Emily J. Laird, DC Bar No. 485890
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004
(202) 783-8400 Telephone
(202) 783-4211 Facsimile

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

- 3 -

134511v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of October, 2006, a true and accurate copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Janet K. Coleman
Daniel Whitney
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline, Inc.
and Mallinkrodt, Inc.**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb
Company**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company,
Pharmacia and Upjohn Company and
Ortho-McNeil Pharmaceuticals, Inc.**

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Aaron M. Bailey
Goodwin Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001

Christopher Garvey
Diana Scharf
Goodwin Proctor, LLP
599 Lexington Ave.
New York, NY 10022

**Attorneys for Premo Pharmaceutical
Laboratories, Inc.**

Sean C.E. McDonough
David D. Hudgins
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005-5793
**Attorneys for Abbott Laboratories, Inc.**

Harold M. Walter
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**


_____
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

|  |  |
|---|---|
| CONNIE FRANCO PAVLICAS )<br><br>Plaintiff, )<br><br>v. )<br><br>ELI LILLY AND CO., BRISTOL-MYERS )<br>SQUIBB CO., MERCK & CO., INC., )<br>PHARMACIA and THE UPJOHN CO., DART )<br>INDUSTRIES, GLAXOSMITHKLINE, INC., )<br>PREMO PHARMACEUTICAL LABORATORIES,)<br>INC., ORTHO-McNEIL PHARMACEUTICAL, )<br>INC., PERSON & COVEY, INC., ELAN )<br>PHARMACEUTICALS, MALLINCKRODT, )<br>INC. and ABBOTT LABORATORIES, )<br>100 Abbott Park Road, Abbott Park, )<br>Illinois 60064-3500, )<br><br>Defendants. )<br>_____ ) | CIVIL ACTION NO.: 06-6749<br>Judge Mary A. Terrell |

## NOTICE OF DISMISSAL
## OF DEFENDANT ABBOTT LABORATORIES

Pursuant to D.C. R. Civ. P. 41(a)(1), the Clerk of said Court will please note that

Plaintiff has voluntarily dismissed all her claims against Abbott Laboratories in the above-

referenced action with prejudice.

Date: _October 31, 2006_                    Respectfully Submitted,


_____
Aaron M. Levine
D.C. Bar No: 7864
1320 19th Street, N.W.
Suite 500
Washington, D.C. 20036
202-833-8040

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of October, 2006, a true copy of the foregoing

Notice of Dismissal of Defendant Abbott Laboratories was mailed, first-class postage prepaid to:

Judge Mary A. Terrell
Superior Court of the District of Columbia
H. Carl Moultrie I Courthouse
500 Indiana Avenue, N.W.
Washington, D.C. 20001-2131

Janet Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, Twelfth Floor
Towson, MD 21204
**Counsel for Defendants GlaxoSmithKline
and Mallinckrodt, Inc.**

John F. Anderson, Esq.
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, VA 22102
**Counsel for Defendant Dart Industries, Inc.**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Counsel for Defendant Bristol-Myers
Squibb Co.**

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon, L.L.P.
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004
**Counsel for Defendant Eli Lilly & Co.**

Sean McDonough, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Counsel for Person & Covey, Inc.**

Elizabeth Ewert, Esq.
Drinker, Biddle & Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
**Counsel for Defendant Pharmacia &
Upjohn Co. LLC, Ortho-McNeil Pharm.,
and Merck & Co.**

Aaron M. Bailey, Esq.
Goodwin Procter, LLP
901 New York Avenue, N.W., 9th Floor East
Washington, D.C. 20001
**Counsel for Defendant Premo
Pharmaceutical Laboratories, Inc.**

Jennifer Levy, Esq.
Kirkland & Ellis
655 15th Street, N.W., Suite 1200
Washington, D.C. 20005
**Counsel for Defendant Abbott Labs**

Harold M. Walter, Esq.
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
**Counsel for Defendant Carnrick Labs,
Inc. n/k/a Elan Pharmaceuticals, Inc.**

_____
Aaron M. Levine

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CONNIE PAVLICAS,

      Plaintiffs,

     v.

ELI LILLY AND COMPANY, et al.,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Civil Action No. 06-0006749

Judge Mary A. Terrell

Next Event:  Initial Conference
December 15, 2006, 9:30 a.m.

### DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.'S ANSWER TO COMPLAINT

    Premo Pharmaceutical Laboratories, Inc. ("Premo"), through undersigned counsel, responds to plaintiffs' complaint filed on September 1, 2006 (the "Complaint") as follows:

    In responding to the Complaint, Premo will provide answers only for itself, and will only respond to allegations addressed to or directed at Premo.  Premo has no knowledge or information sufficient to form a belief as to the truth or falsity of any allegations relating to any other defendant herein.

    1.   Denies the allegations in paragraph 1 of the Complaint and refers all questions of law to the Court, except that Premo does not contest personal jurisdiction in this matter.

    2.   Denies the allegations in paragraph 2 of the Complaint, except admits that at certain times in the past Premo manufactured and sold DES in dosage form.

LILY 131454    PHO3-4

## RESPONDING TO COUNT I

3.      Denies the allegations in paragraph 3, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiff's mother's actions and the actions of plaintiff's mother's physician.  Further, admits that at times in the past Premo manufactured and sold DES in dosage form.

4.      Denies the allegations in paragraph 4 of the Complaint.

5.      Denies the allegations in paragraph 5 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

## RESPONDING TO COUNT II

6.      Responding to the allegations in paragraph 6 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 5 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

7.      Denies the allegations in paragraph 7 of the Complaint.

8.      Denies the allegations in paragraph 8 of the Complaint, except admits that at times in the past Premo manufactured and sold DES in dosage form.

9.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint.

10.      Denies the allegations in paragraph 10 of the Complaint.

-2-

11.     Denies the allegations in paragraph 11 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

12.     Denies the allegations in paragraph 12 of the Complaint.

13.     Denies the allegations in paragraph 13 of the Complaint and refers all questions of law to the Court.

## RESPONDING TO COUNT III

14.     Responding to the allegations in paragraph 14 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 13 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

15.     Denies the allegations of paragraph 15 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

16.     Denies the allegations in paragraph 16 of the Complaint.

17.     Denies the allegations in paragraph 17 of the Complaint and refers all questions of law to the Court, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

18.     Denies the allegations in paragraph 18 of the Complaint and refers all questions of law to the Court.

-3-

## RESPONDING TO COUNT IV

19.     Responding to the allegations in paragraph 19 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 18 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

20.     Denies the allegations in paragraph 20 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

21.     Denies the allegations in paragraph 21 of the Complaint.

22.     Denies the allegations in paragraph 22 of the Complaint and refers all questions of law to the Court, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

23.     Denies the allegations in paragraph 23 of the Complaint.

## RESPONDING TO COUNT V

24.     Denies the allegations in paragraph 25 of the Complaint, except admits that Premo believed at all times that it manufactured and sold DES that DES was safe and effective for its indicated uses.

-4-

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

### THIRD AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred by applicable statutes of limitations and by the applicable statutes of repose.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks capacity and standing to sue by reason of the fact that no duty was owed the allegedly DES-exposed plaintiff by Premo at the time such plaintiff's mother allegedly used the DES referred to in the Complaint or by reason of the doctrine of *en ventre sa mere*, and therefore, plaintiff has failed to allege facts sufficient to state a cause of action upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has been unable to identify Premo as the person causing the alleged injuries, and therefore has failed to state a cause of action against Premo upon which relief may be granted.

-5-

## SIXTH AFFIRMATIVE DEFENSE

Any damages, injuries or losses that may have been sustained by plaintiff as alleged in the Complaint were sustained only after the allegedly DES-exposed plaintiff's mother knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the DES referred to in the Complaint with respect to herself and her offspring.

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, any injuries, losses or damages that plaintiffs may have sustained were caused by the allegedly DES-exposed plaintiff's own negligence or that of such plaintiff's mother and, therefore, barred by the doctrine of contributory negligence.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting the causes of action contained in the Complaint because, if the DES referred to in the Complaint was used by the allegedly DES-exposed plaintiff's mother during pregnancy with such plaintiff, the use of said drug was responsible for the birth of such plaintiff.

## NINTH AFFIRMATIVE DEFENSE

If plaintiff sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom Premo neither exercised nor had any right of control, for which Premo is and was not responsible, and whose conduct Premo had no duty or reason to anticipate or control.

-6-

## TENTH AFFIRMATIVE DEFENSE

If in fact the allegedly DES-exposed plaintiff's mother used the DES referred to in the Complaint, upon information and belief, said DES was used for a purpose and in a manner not intended or recommended by the manufacturer or distributor thereof and over which Premo had no control.

## ELEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, if the injuries referred to in the Complaint were caused by a drug manufactured or marketed by Premo, such injuries were the result of an idiosyncratic reaction to such drug by the allegedly DES-exposed plaintiff or by such plaintiff's mother.

## TWELFTH AFFIRMATIVE DEFENSE

With respect to all causes of action based upon alleged breaches of express or implied warranties, there was no privity of contract between plaintiff and Premo.

## THIRTEENTH AFFIRMATIVE DEFENSE

With respect to all causes of action based upon alleged breaches of express or implied warranties, there was no timely notice of any alleged breach of warranty given to Premo at any time and any applicable statutes of limitations apply.

LIBNY/4555619.1

## FOURTEENTH AFFIRMATIVE DEFENSE

The DES referred to in the Complaint was a prescription drug, and the federal government has preempted the field of law applicable to prescription drug products and their labeling; the manufacture, distribution and sale of the DES referred to in the Complaint were and are controlled by federal law and the manufacture and sale of said drug by Premo at all times were in compliance with applicable federal law; therefore, the Complaint fails to state a cause of action upon which relief may be granted in that, *inter alia*, such claims, if upheld, would impede, impair, frustrate or burden the effectiveness of federal law regulating the field of prescription drugs and would constitute an invalid burden by this Court on interstate commerce, and would, therefore, violate the Supremacy Clause (Article VI, Section 2) and the Commerce Clause (Article I, Section 8) of the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

In view of plaintiff's failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a cause of action upon which relief may be granted, in that, *inter alia*, plaintiff has asserted causes of action which, if granted, would contravene Premo's constitutional rights to substantive and procedural due process of law under both the United States and all applicable state constitutions.

## SIXTEENTH AFFIRMATIVE DEFENSE

In view of plaintiff's failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a cause of action upon which relief may be

-8-

granted, in that, *inter alia*, plaintiff has asserted causes of action for relief which, if upheld, would constitute a taking of private property for a public use without just compensation and such taking would contravene Premo's constitutional rights under the United States and all applicable state constitutions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

If Premo is found liable to plaintiff for any loss allegedly suffered by plaintiff, such liability shall not exceed Premo's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such loss.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If in fact the Complaint is held to contain a cause of action upon which relief may be granted, then plaintiff's recovery, if any, should be reduced by the relative amount of comparative fault attributable to plaintiffs or their agents or persons other than Premo or completely barred by the doctrine of contributory negligence.

## NINETEENTH AFFIRMATIVE DEFENSE

If plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused by factors other than exposure to DES and were not due to the fault, lack of care, negligence or any breach of duty by Premo.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by the learned intermediary doctrine.

-9-

## TWENTY-FIRST AFFIRMATIVE DEFENSE

This Court is not the proper venue for this action.  In addition, Premo gives notice of its intention to rely upon the doctrine of *forum non conveniens*.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Premo states that to the extent that plaintiffs' demand for judgment includes a request for punitive damages, such request is in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and all applicable state constitutions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Premo states that to the extent that plaintiffs' demand for judgment includes a request for punitive damages, such request is in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and all applicable state constitutions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any award of punitive damages to plaintiffs in this case disproportionate to the actual damages incurred by plaintiffs, if any, would be in violation of the constitutional safeguards provided under the Constitution of the United States of America and all applicable state constitutions.

-10-

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Punitive damages cannot be sustained because of the lack of clarity in the standards for awarding punitive damages and plaintiffs have failed to state facts sufficient to support a claim for punitive damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel and/or waiver.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Premo incorporates by reference herein all other applicable defenses set forth in answers by any other defendants and will rely on all defenses that become available during discovery or trial.

WHEREFORE, Premo demands judgment dismissing the Complaint in all respects, for the costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief as to this Court may seem just and proper.

-11-

Dated:   Washington, D.C.
         October 18, 2006

                              Respectfully submitted,

                              By: _____
                                Aaron M. Bailey (Bar # 484262)
                                GOODWIN PROCTER LLP
                                901 New York Avenue, N.W.
                                Washington, D.C. 20001
                                Telephone:  (202) 346-4000
                                Facsimile:  (202) 346-4444
                                ABailey@goodwinprocter.com
                                *Attorneys for Defendant*
                                *Premo Pharmaceutical Laboratories, Inc.*

                              Of Counsel:
                              Christopher Garvey, Esq.
                              Diana M. Scharf, Esq.
                              GOODWIN PROCTER LLP
                              599 Lexington Avenue
                              New York, New York 10022
                              Telephone (212) 813-8800
                              Facsimile (212) 355-3333
                              Cgarvey@goodwinprocter.com
                              Drosenberg@goodwinprocter.com

                                     -12-

## CERTIFICATE OF SERVICE

I hereby certify that on October 18 2006, a copy of the above and foregoing has been duly served upon counsel of record via first class U.S. Mail, postage pre-paid, to the following:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, PA
1320 19th Street, NW
Suite 500
Washington, DC 20036
*Attorneys for Plaintiff*

John F. Kuckelman, Esquire
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, Missouri 64108
*Attorneys for Eli Lilly and Company*

Michelle R. Mangrum
John Chadwick Coots
Emily J. Laird
SHOOK, HARDY & BACON L.L.P.
600 14th Street, N.W., Suite 800
Washington, DC  20005-2004

Sidney G. Leech, Esquire
Malcolm Brisker, Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland  21202
*Attorneys for Bristol-Myers Squibb Company*

Elizabeth Ewert, Esquire
Drinker, Biddle Realth, LLP
1500 K Street, NW, Suite 1100
Washington, DC  20005-1209
*Attorneys for Defendant Pharmacia and Upjohn Company, Merck & Company, Inc. and Ortho McNeil Labs, Inc.*

-13-

John F. Anderson, Esquire
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102
*Attorneys for Defendant Dart Industries, Inc.*

Daniel W. Whitney, Esquire
Janet Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland  21204
*Attorneys for GlaxoSmithKline and Mallinckrodt, Inc.*

David D. Hudgins, Esquire
Jodi V. Zagorin, Esquire
Hudgins Law Firm
515 King Street
Suite 400
Alexandria, VA 22314
*Attorneys for Defendant Person & Covey, Inc.*

Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 Fifteenth Street
Washington, DC 20005
*Attorneys for Defendant Abbott Laboratories, Inc.*

Harold M. Walter
Tydings & Rosenberg, LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
*Attorneys for Defendant Elan Pharmaceuticals*

Aaron M. Bailey (Bar # 484262)

-14-

## Superior Court of the District of Columbia

Civil Division -- Washington, D.C. 20001

### SCHEDULING ORDER

```
┌─────────────────────────┐
│  F I L E D              │
│  IN OPEN COURT          │
│                         │
│  DEC 1 5 2006           │
│                         │
│  Superior Court         │
│  of The District of     │
│  Columbia               │
│  Washington, D.C.       │
└─────────────────────────┘
```

Case Number: **2006 CA 006749 B**

### CONNIE PAVLICAS Vs. ELI LILLY & COMPANY et al

This ORDER may not be modified except by leave of Court upon a showing of good cause; stipulations between counsel shall not be effective to change any deadlines in the order absent court approval. Failure to comply with all terms may result in dismissal, default judgment, refusal to let witnesses testify, refusal to admit exhibits, the assessment of costs and expenses, including attorney's fees, or other sanctions.

December 15, 2006
Date: _____                    _____
                                             JUDGE MARY A TERRELL

ADR Selected:  Mediation ☒        Case Evaluation ☐

Track 3 - Mediation

| | |
|---|---|
| **DEADLINE FOR DISCOVERY REQUESTS** | 03/15/2007 |
| **EXCHANGE WITNESS LISTS** | 03/15/2007 |
| **PROPONENT'S RULE 26(B) (4) STATEMENT** | 03/29/2007 |
| **OPPONENT'S RULE 26(B) (4) STATEMENT** | 05/04/2007 |
| **DISCOVERY CLOSED** | 06/13/2007 |
| **DEADLINE FOR FILING MOTIONS** | 06/28/2007 |
| **DISPOSITIVE MOTIONS DECIDED** | 07/30/2007 |
| **ADR  (MEDIATION/CASE EVALUATION)** | 08/13/2007-10/11/2007 |
| **PRETRIAL** | **(TO BE SET UPON COMPLETION OF ADR)** |

**(A Joint Pretrial Statement is required unless otherwise ordered by the Court.)**

Please **check** names of parties for accuracy and **verify** your own **name, address and telephone number**; write any correction and initial it.  Each attorney and pro se party **MUST INITIAL to acknowledge receipt of this Order.**

| PARTY | NAME  /     ADDRESS     / BAR NUMBER |
|---|---|
| PLAINTIFF | CONNIE PAVLICAS  55 MAIN STREET #10   NEW YORK  NY 10163 |
| | Mr AARON M LEVINE 1320 19th Street NW Suite 500   WASHINGTON DC 20036     007864 |

| | |
|---|---|
| Defendant | ELI LILLY & COMPANY  1090 VERMONT AVENUE NW #910  WASHINGTONDC 20005 |
| | Mr JOHN C COOTS  600 14th Street, NW Suite 800   Washington  DC 20005    461979 |

ILY131454 PH03-1



# Superior Court of the District of Columbia
Civil Division -- Washington, D.C. 20001
## SCHEDULING ORDER

FILED
IN OPEN COURT
DEC 1 5 2006
Clerk of the Court
of The District of Columbia
Washington, D.C.

Case Number: **2006 CA 006749 B**

## CONNIE PAVLICAS Vs. ELI LILLY & COMPANY et al

Defendant    BRISTOL-MYERS SQUIBB COMPANY   PO BOX 4500  PRINCETON NJ 08543
Mr SIDNEY G LEECH  GOODELL,DEVRIES,LEECH &DANN,LLPONE SOUTH STREET, #200
Washington DC 20005    **359071**

Defendant    PHARMACIA AND UPJOHN COMPANY    100 ROUTE 206 NORTH  PEAPACK  NJ 07977
Ms ELIZABETH EWERT 1500 K Street, NW Suite 1100  Washington  DC 20005    **479368**

Defendant    ABBOTT LABORATORIES, INC 100 Abbott Park Road Abbott Park  IL 60064

Defendant    DART INDUSTRIES, INC  31 Brookside Drive  Greenwich  CT 06836
Mr JOHN F ANDERSON TROUTMAN SANDERS LLP  1660 INTERNATIONAL DRIVE SUITE 600
Mclean VA 22102    **393764**

Defendant        GLAXOSMITHKLINE,INC 1500 K ST NW  WASHINGTON DC 20036        JANET K COLEMAN
401 WASHINGTON AVENUE 12TH FLOOR
TOWSON MD 21204

CASCHORD
12/15/2006

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

RECEIVED
MAR 1 6 2007

```
CONNIE FRANCO PAVLICAS          )
                                )
            Plaintiff,          )
                                )        Civil Action No. 06-6749
        v.                      )        Judge Mary A. Terrell
                                )        Next Event: Deadline for Discovery Requests
ELI LILLY AND COMPANY, et al.,  )        And Witness Lists - 3/15/2007
                                )
            Defendants.         )
                                )
```

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that on the 14th day of March, 2007, I served on all counsel hereto,

a true copy of Plaintiff's First Requests for Production to Defendant Person & Covey, Inc., that I will

retain the original of this document in my possession without alteration, until the case is concluded

in this Court, the time for noting an appeal has expired, and any appeal noted has been decided.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

/s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC   20036
202-833-8040

Counsel for Plaintiff

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

CONNIE FRANCO PAVLICAS    )
                          )
        Plaintiff,        )
                          )
    v.                    )        Civil Action No. 06-6749
                          )        Judge Mary A. Terrell
ELI LILLY AND COMPANY, et al., )
                          )
        Defendants.       )

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
TO DEFENDANT PERSON & COVEY, INC.**

TO:    Defendant Person & Covey, Inc.
       c/o Sean McDonough, Esq.
       Hudgins Law Firm
       515 King Street, Suite 400
       Alexandria, VA 22314

       Plaintiff Connie Pavlicas, through her attorneys, propounds her First Requests for

Production to Defendant Person & Covey, Inc.    Plaintiff hereby requests the following

documents within thirty (30) days.

1.  Copies of any and all statements, depositions, and/or other documents in your possession,

    other than those produced by Plaintiff Connie Pavlicas in this case, which concern the

    identity of the brand of diethylstilbestrol ("DES") to which the plaintiff was exposed or

    the identity of the DES stocked by the practice of Drs. Mortimer Speiser and Mary

    Spalding in New York City in the years 1957-1959.

2.  Copies of all labeling, promotional, educational, and other informational publications

    designed to inform and/or acquaint and/or educate a physician in the period from 1956 to

1959 with the indications, actions, benefits, warnings, and/or side effects of your DES in

dosages used for the prevention of accidents of pregnancy.

3. A listing of those depositions in your possession (from prior DES litigation) of any of

your detailmen, pharmaceutical representatives, or other pharmaceutical employees

whose territory included New York City during the period 1953-1955.

4. Any and all documents which you relied on or referred to in preparing your Answers to

Plaintiff Connie Pavlicas's First Set of Interrogatories in this matter.

*Aaron M Levine /BJC*

AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
(202) 833-8040

Counsel for Plaintiff

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14TH day of March, 2007, a true copy of the foregoing

Plaintiff's First Requests for Production to Defendant Person & Covey, Inc. was mailed, first

class postage prepaid, to:

John F. Anderson, Esq.
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tyson's Corner
McLean, VA 22102
**Counsel for Defendant Dart Industries, Inc.**

Janet Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, Twelfth Floor
Towson, MD 21204
**Counsel for Defendants GlaxoSmithKline and Mallinckrodt, Inc.**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20TH Floor
Baltimore, MD 21202
**Counsel for Defendant Bristol-Myers Squibb Co.**

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon LLP
600 14TH Street, N.W., Suite 800
Washington, DC 20005-2004

Jonathan H. Gregor, Esq.
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64018
**Counsel for Defendant Eli Lilly and Company**

Aaron M. Bailey, Esq.
Goodwin Proctor LLP
901 New York Ave., NW, 9TH Floor East
Washington, DC 20005-1209
**Counsel for Defendant Premo Pharmaceutical Laboratories, Inc.**

Elizabeth Ewert, Esq.
Drinker, Biddle & Reath, LLP
1500 K Street N.W., Suite 1100
Washington, DC 20005-1209
**Counsel for Defendants Pharmacia & Upjohn Company, Ortho-McNeil Pharmaceuticals, and Merck & Company**

Jaime W. Luse, Esq.
Tydings & Rosenberg LLP
100 East Pratt Street, 26TH Floor
Baltimore, MD 21202
**Counsel for Defendant Carnrick Labs, Inc. n/k/a Elan Pharmaceuticals, Inc.**

Sean McDonough, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Counsel for Person & Covey, Inc.**

*Aaron M Levine / BSC*
_____
Aaron M. Levine

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

RECEIVED
MAR 1 6 2007
RECEIVED

~~~~~~~~~~~~~~~~~~~~~~~~~~~)
CONNIE FRANCO PAVLICAS            )
                                 )
        Plaintiff,               )
                                 )        Civil Action No. 06-6749
    v.                           )        Judge Mary A. Terrell
                                 )        Next Event: Deadline for Discovery Requests
ELI LILLY AND COMPANY, et al.,   )        And Witness Lists - 3/15/2007
                                 )
        Defendants.              )
~~~~~~~~~~~~~~~~~~~~~~~~~~~)

**CERTIFICATE REGARDING DISCOVERY**

I HEREBY CERTIFY that on the 14th day of March, 2007, I served on all counsel hereto,

a true copy of Plaintiff's First Requests for Production to Defendant Mallinckrodt, Inc., that I will

retain the original of this document in my possession without alteration, until the case is concluded

in this Court, the time for noting an appeal has expired, and any appeal noted has been decided.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES


/s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC   20036
202-833-8040

Counsel for Plaintiff

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
CONNIE FRANCO PAVLICAS        )
                             )
        Plaintiff,            )
                             )
    v.                        )        Civil Action No. 06-6749
                             )        Judge Mary A. Terrell
                             )
ELI LILLY AND COMPANY, et al., )
                             )
        Defendants.           )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
TO DEFENDANT MALLINCKRODT, INC.**

TO:   Defendant Mallinckrodt, Inc.
      c/o Janet Coleman, Esq.
      Whitney & Bogris, LLP
      401 Washington Avenue, Twelfth Floor
      Towson, MD 21204

      Plaintiff Connie Pavlicas, through her attorneys, propounds her First Requests for

Production to Defendant Mallinckrodt, Inc.  Plaintiff hereby requests the following documents

within thirty (30) days.

1.  Copies of any and all statements, depositions, and/or other documents in your possession,

    other than those produced by Plaintiff Connie Pavlicas in this case, which concern the

    identity of the brand of diethylstilbestrol ("DES") to which the plaintiff was exposed or

    the identity of the DES stocked by the practice of Drs. Mortimer Speiser and Mary

    Spalding in New York City in the years 1957-1959.

2.  Copies of all labeling, promotional, educational, and other informational publications

    designed to inform and/or acquaint and/or educate a physician in the period from 1956 to

1959 with the indications, actions, benefits, warnings, and/or side effects of your DES in

dosages used for the prevention of accidents of pregnancy.

3. A listing of those depositions in your possession (from prior DES litigation) of any of

your detailmen, pharmaceutical representatives, or other pharmaceutical employees

whose territory included New York City during the period 1953-1955.

4. Any and all documents which you relied on or referred to in preparing your Answers to

Plaintiff Connie Pavlicas's First Set of Interrogatories in this matter.

*aaron M Levine /BSC*

AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
(202) 833-8040

Counsel for Plaintiff

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14TH day of March, 2007, a true copy of the foregoing

Plaintiff's First Requests for Production to Defendant Mallinckrodt, Inc. was mailed, first class

postage prepaid, to:

John F. Anderson, Esq.
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tyson's Corner
McLean, VA 22102
**Counsel for Defendant Dart Industries, Inc.**

Janet Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, Twelfth Floor
Towson, MD 21204
**Counsel for Defendants GlaxoSmithKline and Mallinckrodt, Inc.**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20TH Floor
Baltimore, MD 21202
**Counsel for Defendant Bristol-Myers Squibb Co.**

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon LLP
600 14TH Street, N.W., Suite 800
Washington, DC 20005-2004

Jonathan H. Gregor, Esq.
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64018
**Counsel for Defendant Eli Lilly and Company**

Aaron M. Bailey, Esq.
Goodwin Proctor LLP
901 New York Ave., NW, 9TH Floor East
Washington, DC 20005-1209
**Counsel for Defendant Premo Pharmaceutical Laboratories, Inc.**

Elizabeth Ewert, Esq.
Drinker, Biddle & Reath, LLP
1500 K Street N.W., Suite 1100
Washington, DC 20005-1209
**Counsel for Defendants Pharmacia & Upjohn Company, Ortho-McNeil Pharmaceuticals, and Merck & Company**

Jaime W. Luse, Esq.
Tydings & Rosenberg LLP
100 East Pratt Street, 26TH Floor
Baltimore, MD 21202
**Counsel for Defendant Carnrick Labs, Inc. n/k/a Elan Pharmaceuticals, Inc.**

Sean McDonough, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Counsel for Person & Covey, Inc.**

*Aaron M Levine /BJC*

Aaron M. Levine

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

**RECEIVED**
MAR 1 6 2007

CONNIE FRANCO PAVLICAS )
                       )
    Plaintiff,         )
                       )
    v.                 )         Civil Action No. 06-6749
                       )         Judge Mary A. Terrell
ELI LILLY AND COMPANY, et al., )  Next Event: Deadline for Discovery Requests
                       )         And Witness Lists - 3/15/2007
    Defendants.        )

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that on the 14th day of March, 2007, I served on all counsel hereto,

a true copy of Plaintiff's First Set of Interrogatories to Defendant Mallinckrodt, Inc., that I will retain

the original of this document in my possession without alteration, until the case is concluded in this

Court, the time for noting an appeal has expired, and any appeal noted has been decided.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

/s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC   20036
202-833-8040

Counsel for Plaintiff

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

CONNIE FRANCO PAVLICAS     )
     )
     Plaintiff,     )
     )     Civil Action No. 06-6749
     v.     )     Judge Mary A. Terrell
     )
ELI LILLY AND COMPANY, et al.,     )
     )
     Defendants.     )

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT MALLINCKRODT, INC.**

TO:    Defendant Mallinckrodt, Inc.
     c/o Janet Coleman, Esq.
     Whitney & Bogris, LLP
     401 Washington Avenue, Twelfth Floor
     Towson, MD 21204

Plaintiff Connie Pavlicas, through her attorneys, propounds her First Set of Interrogatories to Defendant Mallinckrodt, Inc. You are hereby requested to answer the following interrogatories within thirty (30) days.

A) <u>Identification</u>

1. With respect to the 5mg and 25mg DES tablets manufactured, marketed, or distributed by you in 1957-1959, describe their size, color, and shape, and a description of any markings or indentations on them. Attach to your answers any master formulary describing or illustrating said pills.

B) <u>State of the Art</u>

2.  Identify any documents, reports, or studies provided by you to the FDA or the medical profession in general, in any application, brochure, labeling, promotional material or other publication, which address the possible risks to the exposed daughter from *in utero* DES exposure.  Do not refer to your NDA but cite with specificity the particular publication or documents which you claim provided such information.

3.  Identify by author, publication, and date any controlled or double-blinded study performed or published before 1959 that was designed to evaluate the toxicity of DES to a developing female fetus (human or animal) exposed to DES *in utero*, whether conducted by you or anyone else.

4.  At any time before 1959 did you conduct, commission, or provide funds for any research project or test regarding the efficacy of DES to prevent the accidents of pregnancy associated with prenatal administration of DES?  If so, state or describe the study; the name, address, and job title of the person or persons who directed and supervised each research project or test; the period of time during which each such research project or test was conducted; the general subject matter of each such research project or test; and the name, job title, and address of the person or persons having custody of the records relating to each such research project or test.

5.  Did you conduct, support, or otherwise fund any study or studies, human or animal, prior to the marketing of DES to pregnant women which investigated the effect of DES on the fertility or fecundity of the exposed daughter?  If so, state or describe the study; the name, address, and job title of the person or persons who directed and supervised each research project or test; the period of time during which each such research project or test was

2

conducted; the general subject matter of each such research project or test; and the name, job title, and address of the person or persons having custody of the records relating to each such research project or test.

C) <u>Notice to Plaintiff</u>

6. Identify by date, publication or program the particular newspaper article or program appearing in any newspaper, magazine, television show, Internet site, or media even from any other source, which you contend came to Plaintiff Connie Pavlicas's attention and could have or should have alerted her to the suggestion or suspicion of wrongful conduct on your part in the promotion, sales, or distribution of DES, and/or which could have put her on notice of the existence of a claim, lawsuit, or litigation, more than three (3) years prior to the filing of this suit. Do not generalize but provide the specific media event you claim the plaintiffs saw, read, etc.

D) <u>Other Documents and Witnesses</u>

7. Identify, with their present location, any documents in your possession or control regarding the sale of DES to New York City and Commack, New York during the years 1957 to 1959.

8. Identify your detailmen, professional representatives, or other pharmaceutical employees serving New York City during the years 1957 to 1959.

9. Identify all individuals who investigated, provided information, or conducted any search, either physical or of data, in answering these interrogatories.

3

Aaron M. Levine & Associates

AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
(202) 833-8040

Counsel for Plaintiff

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14TH day of March, 2007, a true copy of the foregoing Plaintiff's First Set of Interrogatories to Defendant Mallinckrodt, Inc. was mailed, first class postage prepaid, to:

John F. Anderson, Esq.
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tyson's Corner
McLean, VA 22102
**Counsel for Defendant Dart Industries, Inc.**

Janet Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, Twelfth Floor
Towson, MD 21204
**Counsel for Defendants GlaxoSmithKline and Mallinckrodt, Inc.**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20TH Floor
Baltimore, MD 21202
**Counsel for Defendant Bristol-Myers Squibb Co.**

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon LLP
600 14TH Street, N.W., Suite 800
Washington, DC 20005-2004

Jonathan H. Gregor, Esq.
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64018
**Counsel for Defendant Eli Lilly and Company**

Aaron M. Bailey, Esq.
Goodwin Proctor LLP
901 New York Ave., NW, 9TH Floor East
Washington, DC 20005-1209
**Counsel for Defendant Premo Pharmaceutical Laboratories, Inc.**

Elizabeth Ewert, Esq.
Drinker, Biddle & Reath, LLP
1500 K Street N.W., Suite 1100
Washington, DC 20005-1209
**Counsel for Defendants Pharmacia & Upjohn Company, Ortho-McNeil Pharmaceuticals, and Merck & Company**

Jaime W. Luse, Esq.
Tydings & Rosenberg LLP
100 East Pratt Street, 26TH Floor
Baltimore, MD 21202
**Counsel for Defendant Carnrick Labs, Inc. n/k/a Elan Pharmaceuticals, Inc.**

Sean McDonough, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Counsel for Person & Covey, Inc.**

_Aaron M Levine_ /BJC
Aaron M. Levine

5

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

RECEIVED
MAR 16 2007

| | |
|---|---|
| CONNIE FRANCO PAVLICAS ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-6749 |
| v. ) | Judge Mary A. Terrell |
| ) | Next Event: Deadline for Discovery Requests |
| ELI LILLY AND COMPANY, et al., ) | And Witness Lists - 3/15/2007 |
| ) | |
| Defendants. ) | |

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that on the 14th day of March, 2007, I served on all counsel hereto,

a true copy of Plaintiff's First Set of Interrogatories to Defendant Bristol-Myers Squibb Company,

that I will retain the original of this document in my possession without alteration, until the case is

concluded in this Court, the time for noting an appeal has expired, and any appeal noted has been

decided.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

/s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC   20036
202-833-8040

Counsel for Plaintiff

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

|  |  |  |
|---|---|---|
| CONNIE FRANCO PAVLICAS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-6749 |
| v. | ) | Judge Mary A. Terrell |
| | ) | |
| ELI LILLY AND COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT BRISTOL-MYERS SQUIBB COMPANY**

TO:    Defendant Bristol-Myers Squibb Company
        c/o Sidney G. Leech, Esq.
        Goodell, DeVries, Leech & Dann LLP
        One South Street, 20TH Floor
        Baltimore, MD 21202

Plaintiff Connie Pavlicas, through her attorneys, propounds her First Set of Interrogatories to Defendant Bristol-Myers Squibb Company. You are hereby requested to answer the following interrogatories within thirty (30) days.

A) Identification

  1. With respect to the 5mg, 25mg, and 100mg DES tablets manufactured, marketed, or distributed by you in 1957-1959, describe their size, color, and shape, and a description of any markings or indentations on them. Attach to your answers any master formulary describing or illustrating said pills.

B) State of the Art

  2. Identify any documents, reports, or studies provided by you to the FDA or the medical profession in general, in any application, brochure, labeling, promotional material or

other publication, which address the possible risks to the exposed daughter from *in utero* DES exposure. Do not refer to your NDA but cite with specificity the particular publication or documents which you claim provided such information.

3. Identify by author, publication, and date any controlled or double-blinded study performed or published before 1959 that was designed to evaluate the toxicity of DES to a developing female fetus (human or animal) exposed to DES *in utero*, whether conducted by you or anyone else.

4. At any time before 1959 did you conduct, commission, or provide funds for any research project or test regarding the efficacy of DES to prevent the accidents of pregnancy associated with prenatal administration of DES? If so, state or describe the study; the name, address, and job title of the person or persons who directed and supervised each research project or test; the period of time during which each such research project or test was conducted; the general subject matter of each such research project or test; and the name, job title, and address of the person or persons having custody of the records relating to each such research project or test.

5. Did you conduct, support, or otherwise fund any study or studies, human or animal, prior to the marketing of DES to pregnant women which investigated the effect of DES on the fertility or fecundity of the exposed daughter? If so, state or describe the study; the name, address, and job title of the person or persons who directed and supervised each research project or test; the period of time during which each such research project or test was conducted; the general subject matter of each such research project or test; and the name, job title, and address of the person or persons having custody of the records relating to each such research project or test.

2

C) <u>Notice to Plaintiff</u>

6.  Identify by date, publication or program the particular newspaper article or program appearing in any newspaper, magazine, television show, Internet site, or media even from any other source, which you contend came to Plaintiff Connie Pavlicas's attention and could have or should have alerted her to the suggestion or suspicion of wrongful conduct on your part in the promotion, sales, or distribution of DES, and/or which could have put her on notice of the existence of a claim, lawsuit, or litigation, more than three (3) years prior to the filing of this suit.  Do not generalize but provide the specific media event you claim the plaintiffs saw, read, etc.

D) <u>Other Documents and Witnesses</u>

7.  Identify, with their present location, any documents in your possession or control regarding the sale of DES to New York City and Commack, New York during the years 1957 to 1959.

8.  Identify your detailmen, professional representatives, or other pharmaceutical employees serving New York City during the years 1957 to 1959.

9.  Identify all individuals who investigated, provided information, or conducted any search, either physical or of data, in answering these interrogatories.

Aaron M. Levine & Associates


AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
(202) 833-8040

Counsel for Plaintiff

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14TH day of March, 2007, a true copy of the foregoing

Plaintiff's First Set of Interrogatories to Defendant Bristol-Myers Squibb Company was mailed,

first class postage prepaid, to:

John F. Anderson, Esq.
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tyson's Corner
McLean, VA 22102
**Counsel for Defendant Dart Industries, Inc.**

Janet Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, Twelfth Floor
Towson, MD 21204
**Counsel for Defendants GlaxoSmithKline
and Mallinckrodt, Inc.**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20TH Floor
Baltimore, MD 21202
**Counsel for Defendant Bristol-Myers
Squibb Co.**

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon LLP
600 14TH Street, N.W., Suite 800
Washington, DC 20005-2004

Jonathan H. Gregor, Esq.
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64018
**Counsel for Defendant Eli Lilly and
Company**

Aaron M. Bailey, Esq.
Goodwin Proctor LLP
901 New York Ave., NW, 9TH Floor East
Washington, DC 20005-1209
**Counsel for Defendant Premo
Pharmaceutical Laboratories, Inc.**

Elizabeth Ewert, Esq.
Drinker, Biddle & Reath, LLP
1500 K Street N.W., Suite 1100
Washington, DC 20005-1209
**Counsel for Defendants Pharmacia &
Upjohn Company, Ortho-McNeil
Pharmaceuticals, and Merck & Company**

Jaime W. Luse, Esq.
Tydings & Rosenberg LLP
100 East Pratt Street, 26TH Floor
Baltimore, MD 21202
**Counsel for Defendant Carnrick Labs, Inc.
n/k/a Elan Pharmaceuticals, Inc.**

Sean McDonough, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Counsel for Person & Covey, Inc.**

*Aaron M. Levine / BJC*

Aaron M. Levine

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

RECEIVED
MAR 1 6 2007

```
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~  )
CONNIE FRANCO PAVLICAS        )
                             )
       Plaintiff,            )
                             )
       v.                    )
                             )
ELI LILLY AND COMPANY, et al.,)
                             )
       Defendants.           )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~  )
```

Civil Action No. 06-6749
Judge Mary A. Terrell
Next Event: Deadline for Discovery Requests
And Witness Lists - 3/15/2007

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that on the 14th day of March, 2007, I served on all counsel hereto, a true copy of Plaintiff's First Requests for Production to Defendant GlaxoSmithKline, Inc., that I will retain the original of this document in my possession without alteration, until the case is concluded in this Court, the time for noting an appeal has expired, and any appeal noted has been decided.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

/s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC   20036
202-833-8040

Counsel for Plaintiff

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

|  |  |
|---|---|
| CONNIE FRANCO PAVLICAS ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-6749 |
| v. ) | Judge Mary A. Terrell |
| ) | |
| ELI LILLY AND COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
## TO DEFENDANT GLAXOSMITHKLINE

TO:    Defendant GlaxoSmithKline, Inc.
       c/o Janet Coleman, Esq.
       Whitney & Bogris, LLP
       401 Washington Avenue, Twelfth Floor
       Towson, MD 21204

Plaintiff Connie Pavlicas, through her attorneys, propounds her First Requests for Production to Defendant GlaxoSmithKline, Inc. Plaintiff hereby requests the following documents within thirty (30) days.

1. Copies of any and all statements, depositions, and/or other documents in your possession, other than those produced by Plaintiff Connie Pavlicas in this case, which concern the identity of the brand of diethylstilbestrol ("DES") to which the plaintiff was exposed or the identity of the DES stocked by the practice of Drs. Mortimer Speiser and Mary Spalding in New York City in the years 1957-1959.

2. Copies of all labeling, promotional, educational, and other informational publications designed to inform and/or acquaint and/or educate a physician in the period from 1956 to

1959 with the indications, actions, benefits, warnings, and/or side effects of your DES in dosages used for the prevention of accidents of pregnancy.

3. A listing of those depositions in your possession (from prior DES litigation) of any of your detailmen, pharmaceutical representatives, or other pharmaceutical employees whose territory included New York City during the period 1953-1955.

4. Any and all documents which you relied on or referred to in preparing your Answers to Plaintiff Connie Pavlicas's First Set of Interrogatories in this matter.

*Aaron M. Levine /BJC*

AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
(202) 833-8040

Counsel for Plaintiff

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14TH day of March, 2007, a true copy of the foregoing

Plaintiff's First Requests for Production to Defendant GlaxoSmithKline, Inc. was mailed, first

class postage prepaid, to:

John F. Anderson, Esq.
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tyson's Corner
McLean, VA 22102
**Counsel for Defendant Dart Industries, Inc.**

Janet Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, Twelfth Floor
Towson, MD 21204
**Counsel for Defendants GlaxoSmithKline and Mallinckrodt, Inc.**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20TH Floor
Baltimore, MD 21202
**Counsel for Defendant Bristol-Myers Squibb Co.**

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon LLP
600 14TH Street, N.W., Suite 800
Washington, DC 20005-2004

Jonathan H. Gregor, Esq.
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64018
**Counsel for Defendant Eli Lilly and Company**

Aaron M. Bailey, Esq.
Goodwin Proctor LLP
901 New York Ave., NW, 9TH Floor East
Washington, DC 20005-1209
**Counsel for Defendant Premo Pharmaceutical Laboratories, Inc.**

Elizabeth Ewert, Esq.
Drinker, Biddle & Reath, LLP
1500 K Street N.W., Suite 1100
Washington, DC 20005-1209
**Counsel for Defendants Pharmacia & Upjohn Company, Ortho-McNeil Pharmaceuticals, and Merck & Company**

Jaime W. Luse, Esq.
Tydings & Rosenberg LLP
100 East Pratt Street, 26TH Floor
Baltimore, MD 21202
**Counsel for Defendant Carnrick Labs, Inc. n/k/a Elan Pharmaceuticals, Inc.**

Sean McDonough, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Counsel for Person & Covey, Inc.**

*Aaron M. Levine / BJC*
Aaron M. Levine

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

```
                                        ┌─────────────────┐
                                        │    RECEIVED     │
                                        │                 │
                                        │   MAR 1 6 2007  │
                                        │                 │
                                        │    RECEIVED     │
                                        └─────────────────┘
```

CONNIE FRANCO PAVLICAS      )
                                    )
        Plaintiff,            )
                                      )      Civil Action No. 06-6749
       v.                    )      Judge Mary A. Terrell
                                      )      Next Event: Deadline for Discovery Requests
ELI LILLY AND COMPANY, et al.,      )                 And Witness Lists - 3/15/2007
                                        )
        Defendants.         )
                                      )

## <u>CERTIFICATE REGARDING DISCOVERY</u>

     I HEREBY CERTIFY that on the 14th day of March, 2007, I served on all counsel hereto,

a true copy of Plaintiff's First Requests for Production to Defendant Bristol-Myers Squibb Company,

that I will retain the original of this document in my possession without alteration, until the case is

concluded in this Court, the time for noting an appeal has expired, and any appeal noted has been

decided.

                             Respectfully submitted,

                             AARON M. LEVINE & ASSOCIATES

                              /s/ Aaron M. Levine
                             AARON M. LEVINE, #7864
                             1320 19th Street, N.W.
                             Suite 500
                             Washington, DC   20036
                             202-833-8040

                             Counsel for Plaintiff

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| CONNIE FRANCO PAVLICAS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ELI LILLY AND COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

Civil Action No. 06-6749
Judge Mary A. Terrell

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
## TO DEFENDANT BRISTOL-MYERS SQUIBB COMPANY

TO:    Defendant Bristol-Myers Squibb Company
       c/o Sidney G. Leech, Esq.
       Goodell, DeVries, Leech & Dann LLP
       One South Street, 20TH Floor
       Baltimore, MD 21202

Plaintiff Connie Pavlicas, through her attorneys, propounds her First Requests for Production to Defendant Bristol-Myers Squibb Company. Plaintiff hereby requests the following documents within thirty (30) days.

1. Copies of any and all statements, depositions, and/or other documents in your possession, other than those produced by Plaintiff Connie Pavlicas in this case, which concern the identity of the brand of diethylstilbestrol ("DES") to which the plaintiff was exposed or the identity of the DES stocked by the practice of Drs. Mortimer Speiser and Mary Spalding in New York City in the years 1957-1959.

2. Copies of all labeling, promotional, educational, and other informational publications designed to inform and/or acquaint and/or educate a physician in the period from 1956 to

1959 with the indications, actions, benefits, warnings, and/or side effects of your DES in

dosages used for the prevention of accidents of pregnancy.

3. A listing of those depositions in your possession (from prior DES litigation) of any of

your detailmen, pharmaceutical representatives, or other pharmaceutical employees

whose territory included New York City during the period 1953-1955.

4. Any and all documents which you relied on or referred to in preparing your Answers to

Plaintiff Connie Pavlicas's First Set of Interrogatories in this matter.

AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
(202) 833-8040

Counsel for Plaintiff

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14TH day of March, 2007, a true copy of the foregoing

Plaintiff's First Requests for Production to Defendant Bristol-Myers Squibb Company was

mailed, first class postage prepaid, to:

John F. Anderson, Esq.
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tyson's Corner
McLean, VA 22102
**Counsel for Defendant Dart Industries, Inc.**

Aaron M. Bailey, Esq.
Goodwin Proctor LLP
901 New York Ave., NW, 9TH Floor East
Washington, DC 20005-1209
**Counsel for Defendant Premo
Pharmaceutical Laboratories, Inc.**

Janet Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, Twelfth Floor
Towson, MD 21204
**Counsel for Defendants GlaxoSmithKline
and Mallinckrodt, Inc.**

Elizabeth Ewert, Esq.
Drinker, Biddle & Reath, LLP
1500 K Street N.W., Suite 1100
Washington, DC 20005-1209
**Counsel for Defendant Pharmacia &
Upjohn Company, Ortho-McNeil
Pharmaceuticals, and Merck & Company**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20TH Floor
Baltimore, MD 21202
**Counsel for Defendant Bristol-Myers
Squibb Co.**

Jaime W. Luse, Esq.
Tydings & Rosenberg LLP
100 East Pratt Street, 26TH Floor
Baltimore, MD 21202
**Counsel for Defendant Carnrick Labs, Inc.
n/k/a Elan Pharmaceuticals, Inc.**

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon LLP
600 14TH Street, N.W., Suite 800
Washington, DC 20005-2004

Sean McDonough, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Counsel for Person & Covey, Inc.**

Jonathan H. Gregor, Esq.
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64018
**Counsel for Defendant Eli Lilly and
Company**

_Aaron M Levine /BJC_
Aaron M. Levine

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

RECEIVED
MAR 1 6 2007
RECEIVED

CONNIE FRANCO PAVLICAS )
)
Plaintiff, )
)
v. )
)
ELI LILLY AND COMPANY, et al., )
)
Defendants. )

Civil Action No. 06-6749
Judge Mary A. Terrell
Next Event: Deadline for Discovery Requests
And Witness Lists - 3/15/2007

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that on the 14th day of March, 2007, I served on all counsel hereto,

a true copy of Plaintiff's First Set of Interrogatories to Defendant GlaxoSmithKline, Inc., that I will

retain the original of this document in my possession without alteration, until the case is concluded

in this Court, the time for noting an appeal has expired, and any appeal noted has been decided.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

/s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC   20036
202-833-8040

Counsel for Plaintiff

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| CONNIE FRANCO PAVLICAS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-6749 |
| v. | ) | Judge Mary A. Terrell |
| | ) | |
| ELI LILLY AND COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT GLAXOSMITHKLINE, INC.**

TO:    Defendant GlaxoSmithKline, Inc.
c/o Janet Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, Twelfth Floor
Towson, MD 21204

Plaintiff Connie Pavlicas, through her attorneys, propounds her First Set of Interrogatories to Defendant GlaxoSmithKline, Inc. You are hereby requested to answer the following interrogatories within thirty (30) days.

A) Identification

1. With respect to the 5mg and 25mg DES tablets manufactured, marketed, or distributed by you in 1957-1959, describe their size, color, and shape, and a description of any markings or indentations on them. Attach to your answers any master formulary describing or illustrating said pills.

B) <u>State of the Art</u>

2. Identify any documents, reports, or studies provided by you to the FDA or the medical profession in general, in any application, brochure, labeling, promotional material or other publication, which address the possible risks to the exposed daughter from *in utero* DES exposure. Do not refer to your NDA but cite with specificity the particular publication or documents which you claim provided such information.

3. Identify by author, publication, and date any controlled or double-blinded study performed or published before 1959 that was designed to evaluate the toxicity of DES to a developing female fetus (human or animal) exposed to DES *in utero*, whether conducted by you or anyone else.

4. At any time before 1959 did you conduct, commission, or provide funds for any research project or test regarding the efficacy of DES to prevent the accidents of pregnancy associated with prenatal administration of DES? If so, state or describe the study; the name, address, and job title of the person or persons who directed and supervised each research project or test; the period of time during which each such research project or test was conducted; the general subject matter of each such research project or test; and the name, job title, and address of the person or persons having custody of the records relating to each such research project or test.

5. Did you conduct, support, or otherwise fund any study or studies, human or animal, prior to the marketing of DES to pregnant women which investigated the effect of DES on the fertility or fecundity of the exposed daughter? If so, state or describe the study; the name, address, and job title of the person or persons who directed and supervised each research project or test; the period of time during which each such research project or test was

2

conducted; the general subject matter of each such research project or test; and the name, job title, and address of the person or persons having custody of the records relating to each such research project or test.

C) Notice to Plaintiff

6.  Identify by date, publication or program the particular newspaper article or program appearing in any newspaper, magazine, television show, Internet site, or media even from any other source, which you contend came to Plaintiff Connie Pavlicas's attention and could have or should have alerted her to the suggestion or suspicion of wrongful conduct on your part in the promotion, sales, or distribution of DES, and/or which could have put her on notice of the existence of a claim, lawsuit, or litigation, more than three (3) years prior to the filing of this suit.  Do not generalize but provide the specific media event you claim the plaintiffs saw, read, etc.

D) Other Documents and Witnesses

7.  Identify, with their present location, any documents in your possession or control regarding the sale of DES to New York City and Commack, New York during the years 1957 to 1959.

8.  Identify your detailmen, professional representatives, or other pharmaceutical employees serving New York City during the years 1957 to 1959.

9.  Identify all individuals who investigated, provided information, or conducted any search, either physical or of data, in answering these interrogatories.

3

Aaron M. Levine & Associates


*Aaron M. Levine / BSC*

AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
(202) 833-8040

Counsel for Plaintiff

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14TH day of March, 2007, a true copy of the foregoing

Plaintiff's First Set of Interrogatories to Defendant GlaxoSmithKline, Inc. was mailed, first class

postage prepaid, to:

John F. Anderson, Esq.
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tyson's Corner
McLean, VA 22102
**Counsel for Defendant Dart Industries, Inc.**

Janet Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, Twelfth Floor
Towson, MD 21204
**Counsel for Defendants GlaxoSmithKline and Mallinckrodt, Inc.**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20TH Floor
Baltimore, MD 21202
**Counsel for Defendant Bristol-Myers Squibb Co.**

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon LLP
600 14TH Street, N.W., Suite 800
Washington, DC 20005-2004

Jonathan H. Gregor, Esq.
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64018
**Counsel for Defendant Eli Lilly and Company**

Aaron M. Bailey, Esq.
Goodwin Proctor LLP
901 New York Ave., NW, 9TH Floor East
Washington, DC 20005-1209
**Counsel for Defendant Premo Pharmaceutical Laboratories, Inc.**

Elizabeth Ewert, Esq.
Drinker, Biddle & Reath, LLP
1500 K Street N.W., Suite 1100
Washington, DC 20005-1209
**Counsel for Defendants Pharmacia & Upjohn Company, Ortho-McNeil Pharmaceuticals, and Merck & Company**

Jaime W. Luse, Esq.
Tydings & Rosenberg LLP
100 East Pratt Street, 26TH Floor
Baltimore, MD 21202
**Counsel for Defendant Carnrick Labs, Inc. n/k/a Elan Pharmaceuticals, Inc.**

Sean McDonough, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Counsel for Person & Covey, Inc.**

*Aaron M Levine BJC*

Aaron M. Levine

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

RECEIVED

MAR 1 6 2007

| | |
|---|---|
| CONNIE FRANCO PAVLICAS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ELI LILLY AND COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

Civil Action No. 06-6749
Judge Mary A. Terrell
Next Event: Deadline for Discovery Requests
And Witness Lists - 3/15/2007

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that on the 14th day of March, 2007, I served on all counsel hereto,

a true copy of Plaintiff's First Requests for Production to Defendant Elan Pharmaceuticals, that I will

retain the original of this document in my possession without alteration, until the case is concluded

in this Court, the time for noting an appeal has expired, and any appeal noted has been decided.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

/s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC   20036
202-833-8040

Counsel for Plaintiff

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

|  |  |  |
|---|---|---|
| CONNIE FRANCO PAVLICAS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-6749 |
| v. | ) | Judge Mary A. Terrell |
| | ) | |
| ELI LILLY AND COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
TO DEFENDANT ELAN PHARMACEUTICALS, INC.**

TO:  Defendant Elan Pharmaceuticals, Inc.
c/o Jaime W. Luse, Esq.
Tydings & Rosenberg LLP
100 East Pratt Street, 26TH Floor
Baltimore, MD 21202

Plaintiff Connie Pavlicas, through her attorneys, propounds her First Requests for Production to Defendant Elan Pharmaceuticals, Inc.  Plaintiff hereby requests the following documents within thirty (30) days.

1.  Copies of any and all statements, depositions, and/or other documents in your possession, other than those produced by Plaintiff Connie Pavlicas in this case, which concern the identity of the brand of diethylstilbestrol ("DES") to which the plaintiff was exposed or the identity of the DES stocked by the practice of Drs. Mortimer Speiser and Mary Spalding in New York City in the years 1957-1959.

2.  Copies of all labeling, promotional, educational, and other informational publications designed to inform and/or acquaint and/or educate a physician in the period from 1956 to

1959 with the indications, actions, benefits, warnings, and/or side effects of your DES in dosages used for the prevention of accidents of pregnancy.

3. A listing of those depositions in your possession (from prior DES litigation) of any of your detailmen, pharmaceutical representatives, or other pharmaceutical employees whose territory included New York City during the period 1953-1955.

4. Any and all documents which you relied on or referred to in preparing your Answers to Plaintiff Connie Pavlicas's First Set of Interrogatories in this matter.

*Aaron M. Levine/BJC*

AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
(202) 833-8040

Counsel for Plaintiff

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14TH day of March, 2007, a true copy of the foregoing

Plaintiff's First Requests for Production to Elan Pharmaceuticals, Inc. was mailed, first class

postage prepaid, to:

John F. Anderson, Esq.
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tyson's Corner
McLean, VA 22102
**Counsel for Defendant Dart Industries, Inc.**

Janet Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, Twelfth Floor
Towson, MD 21204
**Counsel for Defendants GlaxoSmithKline and Mallinckrodt, Inc.**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20TH Floor
Baltimore, MD 21202
**Counsel for Defendant Bristol-Myers Squibb Co.**

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon LLP
600 14TH Street, N.W., Suite 800
Washington, DC 20005-2004

Jonathan H. Gregor, Esq.
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64018
**Counsel for Defendant Eli Lilly and Company**

Aaron M. Bailey, Esq.
Goodwin Proctor LLP
901 New York Ave., NW, 9TH Floor East
Washington, DC 20005-1209
**Counsel for Defendant Premo Pharmaceutical Laboratories, Inc.**

Elizabeth Ewert, Esq.
Drinker, Biddle & Reath, LLP
1500 K Street N.W., Suite 1100
Washington, DC 20005-1209
**Counsel for Defendants Pharmacia & Upjohn Company, Ortho-McNeil Pharmaceuticals, and Merck & Company**

Jaime W. Luse, Esq.
Tydings & Rosenberg LLP
100 East Pratt Street, 26TH Floor
Baltimore, MD 21202
**Counsel for Defendant Carnrick Labs, Inc. n/k/a Elan Pharmaceuticals, Inc.**

Sean McDonough, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Counsel for Person & Covey, Inc.**

*Aaron M Levine /BSC*
Aaron M. Levine

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

RECEIVED
MAR 1 6 2007
RECEIVED

| | |
|---|---|
| CONNIE FRANCO PAVLICAS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ELI LILLY AND COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

Civil Action No. 06-6749
Judge Mary A. Terrell
Next Event: Deadline for Discovery Requests
And Witness Lists - 3/15/2007

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that on the 14th day of March, 2007, I served on all counsel hereto, a true copy of Plaintiff's First Set of Interrogatories to Defendant Elan Pharmaceuticals, that I will retain the original of this document in my possession without alteration, until the case is concluded in this Court, the time for noting an appeal has expired, and any appeal noted has been decided.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

/s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC  20036
202-833-8040

Counsel for Plaintiff

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| CONNIE FRANCO PAVLICAS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-6749 |
| | ) Judge Mary A. Terrell |
| ELI LILLY AND COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT ELAN PHARMACEUTICALS**

TO:    Defendant Elan Pharmaceuticals
       c/o Jaime W. Luse, Esq.
       Tydings & Rosenberg LLP
       100 East Pratt Street, 26TH Floor
       Baltimore, MD 21202

Plaintiff Connie Pavlicas, through her attorneys, propounds her First Set of Interrogatories to Defendant Elan Pharmaceuticals. You are hereby requested to answer the following interrogatories within thirty (30) days.

A) Identification

1.   With respect to the 5mg and 25mg DES tablets manufactured, marketed, or distributed by you in 1957-1959, describe their size, color, and shape, and a description of any markings or indentations on them. Attach to your answers any master formulary describing or illustrating said pills.

B) <u>State of the Art</u>

2. Identify any documents, reports, or studies provided by you to the FDA or the medical profession in general, in any application, brochure, labeling, promotional material or other publication, which address the possible risks to the exposed daughter from *in utero* DES exposure.  Do not refer to your NDA but cite with specificity the particular publication or documents which you claim provided such information.

3. Identify by author, publication, and date any controlled or double-blinded study performed or published before 1959 that was designed to evaluate the toxicity of DES to a developing female fetus (human or animal) exposed to DES *in utero*, whether conducted by you or anyone else.

4. At any time before 1959 did you conduct, commission, or provide funds for any research project or test regarding the efficacy of DES to prevent the accidents of pregnancy associated with prenatal administration of DES?  If so, state or describe the study; the name, address, and job title of the person or persons who directed and supervised each research project or test; the period of time during which each such research project or test was conducted; the general subject matter of each such research project or test; and the name, job title, and address of the person or persons having custody of the records relating to each such research project or test.

5. Did you conduct, support, or otherwise fund any study or studies, human or animal, prior to the marketing of DES to pregnant women which investigated the effect of DES on the fertility or fecundity of the exposed daughter?  If so, state or describe the study; the name, address, and job title of the person or persons who directed and supervised each research project or test; the period of time during which each such research project or test was

2

conducted; the general subject matter of each such research project or test; and the name, job title, and address of the person or persons having custody of the records relating to each such research project or test.

C) <u>Notice to Plaintiff</u>

6.  Identify by date, publication or program the particular newspaper article or program appearing in any newspaper, magazine, television show, Internet site, or media even from any other source, which you contend came to Plaintiff Connie Pavlicas's attention and could have or should have alerted her to the suggestion or suspicion of wrongful conduct on your part in the promotion, sales, or distribution of DES, and/or which could have put her on notice of the existence of a claim, lawsuit, or litigation, more than three (3) years prior to the filing of this suit. Do not generalize but provide the specific media event you claim the plaintiffs saw, read, etc.

D) <u>Other Documents and Witnesses</u>

7.  Identify, with their present location, any documents in your possession or control regarding the sale of DES to New York City and Commack, New York during the years 1957 to 1959.

8.  Identify your detailmen, professional representatives, or other pharmaceutical employees serving New York City during the years 1957 to 1959.

9.  Identify all individuals who investigated, provided information, or conducted any search, either physical or of data, in answering these interrogatories.

Aaron M. Levine & Associates

*Aaron M Levine /BJC*

AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
(202) 833-8040

Counsel for Plaintiff

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14TH day of March, 2007, a true copy of the foregoing

Plaintiff's First Set of Interrogatories to Defendant Elan Pharmaceuticals, Inc. was mailed, first

class postage prepaid, to:

John F. Anderson, Esq.
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tyson's Corner
McLean, VA 22102
**Counsel for Defendant Dart Industries, Inc.**

Janet Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, Twelfth Floor
Towson, MD 21204
**Counsel for Defendants  GlaxoSmithKline
and Mallinckrodt, Inc.**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20TH Floor
Baltimore, MD 21202
**Counsel for Defendant Bristol-Myers
Squibb Co.**

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon LLP
600 14TH Street, N.W., Suite 800
Washington, DC 20005-2004

Jonathan H. Gregor, Esq.
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64018
**Counsel for Defendant Eli Lilly and
Company**

Aaron M. Bailey, Esq.
Goodwin Proctor LLP
901 New York Ave., NW, 9TH Floor East
Washington, DC 20005-1209
**Counsel for Defendant Premo
Pharmaceutical Laboratories, Inc.**

Elizabeth Ewert, Esq.
Drinker, Biddle & Reath, LLP
1500 K Street N.W., Suite 1100
Washington, DC 20005-1209
**Counsel for Defendants Pharmacia &
Upjohn Company, Ortho-McNeil
Pharmaceuticals, and Merck & Company**

Jaime W. Luse, Esq.
Tydings & Rosenberg LLP
100 East Pratt Street, 26TH Floor
Baltimore, MD 21202
**Counsel for Defendant Carnrick Labs, Inc.
n/k/a Elan Pharmaceuticals, Inc.**

Sean McDonough, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Counsel for Person & Covey, Inc.**

_Aaron M. Levine /BSC_
Aaron M. Levine

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

MAR 1 6 2007

CONNIE FRANCO PAVLICAS )
)
Plaintiff, )
)
v. )
)
ELI LILLY AND COMPANY, et al., )
)
Defendants. )

Civil Action No. 06-6749
Judge Mary A. Terrell
Next Event: Deadline for Discovery Requests
And Witness Lists - 3/15/2007

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that on the 14th day of March, 2007, I served on all counsel hereto, a true copy of Plaintiff's First Requests for Production to Defendant Premo Pharamaceutical Laboratories, Inc., that I will retain the original of this document in my possession without alteration, until the case is concluded in this Court, the time for noting an appeal has expired, and any appeal noted has been decided.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

/s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC 20036
202-833-8040

Counsel for Plaintiff

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

CONNIE FRANCO PAVLICAS    )
                          )
        Plaintiff,        )
                          )
    v.                    )        Civil Action No. 06-6749
                          )        Judge Mary A. Terrell
ELI LILLY AND COMPANY, et al.,  )
                          )
        Defendants.       )

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
TO DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.**

TO:    Defendant Premo Pharmaceutical Laboratories, Inc.
       c/o Aaron M. Bailey, Esq.
       Goodwin Proctor LLP
       901 New York Ave., NW, 9TH Floor East
       Washington, DC 20005-1209

Plaintiff Connie Pavlicas, through her attorneys, propounds her First Requests for Production to Defendant Premo Pharmaceutical Laboratories, Inc. Plaintiff hereby requests the following documents within thirty (30) days.

1.  Copies of any and all statements, depositions, and/or other documents in your possession, other than those produced by Plaintiff Connie Pavlicas in this case, which concern the identity of the brand of diethylstilbestrol ("DES") to which the plaintiff was exposed or the identity of the DES stocked by the practice of Drs. Mortimer Speiser and Mary Spalding in New York City in the years 1957-1959.

2.  Copies of all labeling, promotional, educational, and other informational publications designed to inform and/or acquaint and/or educate a physician in the period from 1956 to

1959 with the indications, actions, benefits, warnings, and/or side effects of your DES in

dosages used for the prevention of accidents of pregnancy.

3.  A listing of those depositions in your possession (from prior DES litigation) of any of

your detailmen, pharmaceutical representatives, or other pharmaceutical employees

whose territory included New York City during the period 1953-1955.

4.  Any and all documents which you relied on or referred to in preparing your Answers to

Plaintiff Connie Pavlicas's First Set of Interrogatories in this matter.

*Aaron M Levine /BJC*

AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
(202) 833-8040

Counsel for Plaintiff

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14TH day of March, 2007, a true copy of the foregoing Plaintiff's First Requests for Production to Premo Pharmaceutical Laboratories, Inc. was mailed, first class postage prepaid, to:

John F. Anderson, Esq.
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tyson's Corner
McLean, VA 22102
**Counsel for Defendant Dart Industries, Inc.**

Aaron M. Bailey, Esq.
Goodwin Proctor LLP
901 New York Ave., NW, 9TH Floor East
Washington, DC 20005-1209
**Counsel for Defendant Premo Pharmaceutical Laboratories, Inc.**

Janet Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, Twelfth Floor
Towson, MD 21204
**Counsel for Defendants GlaxoSmithKline and Mallinckrodt, Inc.**

Elizabeth Ewert, Esq.
Drinker, Biddle & Reath, LLP
1500 K Street N.W., Suite 1100
Washington, DC 20005-1209
**Counsel for Defendants Pharmacia & Upjohn Company, Ortho-McNeil Pharmaceuticals, and Merck & Company**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20TH Floor
Baltimore, MD 21202
**Counsel for Defendant Bristol-Myers Squibb Co.**

Jaime W. Luse, Esq.
Tydings & Rosenberg LLP
100 East Pratt Street, 26TH Floor
Baltimore, MD 21202
**Counsel for Defendant Carnrick Labs, Inc. n/k/a Elan Pharmaceuticals, Inc.**

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon LLP
600 14TH Street, N.W., Suite 800
Washington, DC 20005-2004

Sean McDonough, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Counsel for Person & Covey, Inc.**

Jonathan H. Gregor, Esq.
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64018
**Counsel for Defendant Eli Lilly and Company**

Aaron M. Levine

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

CONNIE FRANCO PAVLICAS  )
          )
   Plaintiff,     )
          )  Civil Action No. 06-6749
   v.       )  Judge Mary A. Terrell
          )  Next Event: Deadline for Discovery Requests
ELI LILLY AND COMPANY, et al., )    And Witness Lists - 3/15/2007
          )
   Defendants.    )
          )

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that on the 14th day of March, 2007, I served on all counsel hereto, a true copy of Plaintiff's First Set of Interrogatories to Defendant Premo Pharmaceutical Laboratories, Inc., that I will retain the original of this document in my possession without alteration, until the case is concluded in this Court, the time for noting an appeal has expired, and any appeal noted has been decided.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

/s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC   20036
202-833-8040

Counsel for Plaintiff

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| CONNIE FRANCO PAVLICAS ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 06-6749 |
| ) | Judge Mary A. Terrell |
| v. ) | |
| ) | |
| ELI LILLY AND COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT PREMO PHARMACEUTIAL LABORATORIES, INC.**

TO:    Defendant Premo Pharmaceutical Laboratories, Inc.
       c/o Aaron M. Bailey, Esq.
       Goodwin Proctor LLP
       901 New York Ave., NW, 9TH Floor East
       Washington, DC 20005-1209

Plaintiff Connie Pavlicas, through her attorneys, propounds her First Set of Interrogatories to Defendant Premo Pharmaceutical Laboratories, Inc. You are hereby requested to answer the following interrogatories within thirty (30) days.

A) <u>Identification</u>

1.  With respect to the 5mg and 25mg DES tablets manufactured, marketed, or distributed by you in 1957-1959, describe their size, color, and shape, and a description of any markings or indentations on them. Attach to your answers any master formulary describing or illustrating said pills.

B) <u>State of the Art</u>

2. Identify any documents, reports, or studies provided by you to the FDA or the medical profession in general, in any application, brochure, labeling, promotional material or other publication, which address the possible risks to the exposed daughter from *in utero* DES exposure. Do not refer to your NDA but cite with specificity the particular publication or documents which you claim provided such information.

3. Identify by author, publication, and date any controlled or double-blinded study performed or published before 1959 that was designed to evaluate the toxicity of DES to a developing female fetus (human or animal) exposed to DES *in utero*, whether conducted by you or anyone else.

4. At any time before 1959 did you conduct, commission, or provide funds for any research project or test regarding the efficacy of DES to prevent the accidents of pregnancy associated with prenatal administration of DES? If so, state or describe the study; the name, address, and job title of the person or persons who directed and supervised each research project or test; the period of time during which each such research project or test was conducted; the general subject matter of each such research project or test; and the name, job title, and address of the person or persons having custody of the records relating to each such research project or test.

5. Did you conduct, support, or otherwise fund any study or studies, human or animal, prior to the marketing of DES to pregnant women which investigated the effect of DES on the fertility or fecundity of the exposed daughter? If so, state or describe the study; the name, address, and job title of the person or persons who directed and supervised each research project or test; the period of time during which each such research project or test was

2

conducted; the general subject matter of each such research project or test; and the name, job title, and address of the person or persons having custody of the records relating to each such research project or test.

C) <u>Notice to Plaintiff</u>

6. Identify by date, publication or program the particular newspaper article or program appearing in any newspaper, magazine, television show, Internet site, or media even from any other source, which you contend came to Plaintiff Connie Pavlicas's attention and could have or should have alerted her to the suggestion or suspicion of wrongful conduct on your part in the promotion, sales, or distribution of DES, and/or which could have put her on notice of the existence of a claim, lawsuit, or litigation, more than three (3) years prior to the filing of this suit. Do not generalize but provide the specific media event you claim the plaintiffs saw, read, etc.

D) <u>Other Documents and Witnesses</u>

7. Identify, with their present location, any documents in your possession or control regarding the sale of DES to New York City and Commack, New York during the years 1957 to 1959.

8. Identify your detailmen, professional representatives, or other pharmaceutical employees serving New York City during the years 1957 to 1959.

9. Identify all individuals who investigated, provided information, or conducted any search, either physical or of data, in answering these interrogatories.

3

Aaron M. Levine & Associates


_Aaron M Levine ADC_
AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
(202) 833-8040

Counsel for Plaintiff

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14TH day of March, 2007, a true copy of the foregoing

Plaintiff's First Set of Interrogatories to Defendant Premo Pharmaceutical Laboratories, Inc. was

mailed, first class postage prepaid, to:

John F. Anderson, Esq.
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tyson's Corner
McLean, VA 22102
**Counsel for Defendant Dart Industries, Inc.**

Janet Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, Twelfth Floor
Towson, MD 21204
**Counsel for Defendants GlaxoSmithKline and Mallinckrodt, Inc.**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20TH Floor
Baltimore, MD 21202
**Counsel for Defendant Bristol-Myers Squibb Co.**

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon LLP
600 14TH Street, N.W., Suite 800
Washington, DC 20005-2004

Jonathan H. Gregor, Esq.
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64018
**Counsel for Defendant Eli Lilly and Company**

Aaron M. Bailey, Esq.
Goodwin Proctor LLP
901 New York Ave., NW, 9TH Floor East
Washington, DC 20005-1209
**Counsel for Defendant Premo Pharmaceutical Laboratories, Inc.**

Elizabeth Ewert, Esq.
Drinker, Biddle & Reath, LLP
1500 K Street N.W., Suite 1100
Washington, DC 20005-1209
**Counsel for Defendants Pharmacia & Upjohn Company, Ortho-McNeil Pharmaceuticals, and Merck & Company**

Jaime W. Luse, Esq.
Tydings & Rosenberg LLP
100 East Pratt Street, 26TH Floor
Baltimore, MD 21202
**Counsel for Defendant Carnrick Labs, Inc. n/k/a Elan Pharmaceuticals, Inc.**

Sean McDonough, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Counsel for Person & Covey, Inc.**

_Aaron M. Levine/BJC_
Aaron M. Levine

5

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

RECEIVED
MAR 1 6 2007
RECEIVED

CONNIE FRANCO PAVLICAS    )
                          )
            Plaintiff,    )
                          )
        v.                )
                          )
ELI LILLY AND COMPANY, et al.,    )
                          )
            Defendants.    )

Civil Action No. 06-6749
Judge Mary A. Terrell
Next Event: Deadline for Discovery Requests
And Witness Lists - 3/15/2007

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that on the 14th day of March, 2007, I served on all counsel hereto,

a true copy of Plaintiff's First Set of Interrogatories to Defendant Dart Industries, Inc., that I will

retain the original of this document in my possession without alteration, until the case is concluded

in this Court, the time for noting an appeal has expired, and any appeal noted has been decided.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

/s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC   20036
202-833-8040

Counsel for Plaintiff

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

CONNIE FRANCO PAVLICAS                          )
                                                )
                Plaintiff,                      )
                                                )
                                                )        Civil Action No. 06-6749
        v.                                      )        Judge Mary A. Terrell
                                                )
ELI LILLY AND COMPANY, et al.,                  )
                                                )
                Defendants.                     )

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT DART INDUSTRIES, INC.**

TO:     Defendant Dart Industries, Inc.
        c/o John F. Anderson, Esq.
        Troutman Sanders, LLP
        1660 International Drive
        Suite 600, Tyson's Corner
        McLean, VA 22102

        Plaintiff Connie Pavlicas, through her attorneys, propounds her First Set of Interrogatories to Defendant Dart Industries, Inc. You are hereby requested to answer the following interrogatories within thirty (30) days.

A) Identification

    1. With respect to the 5mg and 25mg DES tablets manufactured, marketed, or distributed by you in 1957-1959, describe their size, color, and shape, and a description of any markings or indentations on them. Attach to your answers any master formulary describing or illustrating said pills.

B) <u>State of the Art</u>

2. Identify any documents, reports, or studies provided by you to the FDA or the medical profession in general, in any application, brochure, labeling, promotional material or other publication, which address the possible risks to the exposed daughter from *in utero* DES exposure. Do not refer to your NDA but cite with specificity the particular publication or documents which you claim provided such information.

3. Identify by author, publication, and date any controlled or double-blinded study performed or published before 1959 that was designed to evaluate the toxicity of DES to a developing female fetus (human or animal) exposed to DES *in utero*, whether conducted by you or anyone else.

4. At any time before 1959 did you conduct, commission, or provide funds for any research project or test regarding the efficacy of DES to prevent the accidents of pregnancy associated with prenatal administration of DES? If so, state or describe the study; the name, address, and job title of the person or persons who directed and supervised each research project or test; the period of time during which each such research project or test was conducted; the general subject matter of each such research project or test; and the name, job title, and address of the person or persons having custody of the records relating to each such research project or test.

5. Did you conduct, support, or otherwise fund any study or studies, human or animal, prior to the marketing of DES to pregnant women which investigated the effect of DES on the fertility or fecundity of the exposed daughter? If so, state or describe the study; the name, address, and job title of the person or persons who directed and supervised each research project or test; the period of time during which each such research project or test was

2

conducted; the general subject matter of each such research project or test; and the name, job title, and address of the person or persons having custody of the records relating to each such research project or test.

C) Notice to Plaintiff

6. Identify by date, publication or program the particular newspaper article or program appearing in any newspaper, magazine, television show, Internet site, or media even from any other source, which you contend came to Plaintiff Connie Pavlicas's attention and could have or should have alerted her to the suggestion or suspicion of wrongful conduct on your part in the promotion, sales, or distribution of DES, and/or which could have put her on notice of the existence of a claim, lawsuit, or litigation, more than three (3) years prior to the filing of this suit. Do not generalize but provide the specific media event you claim the plaintiffs saw, read, etc.

D) Other Documents and Witnesses

7. Identify, with their present location, any documents in your possession or control regarding the sale of DES to New York City and Commack, New York during the years 1957 to 1959.

8. Identify your detailmen, professional representatives, or other pharmaceutical employees serving New York City during the years 1957 to 1959.

9. Identify all individuals who investigated, provided information, or conducted any search, either physical or of data, in answering these interrogatories.

3

Aaron M. Levine & Associates

*Aaron M Levine/BJC*

AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
(202) 833-8040

Counsel for Plaintiff

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 14TH day of March, 2007, a true copy of the foregoing

Plaintiff's First Set of Interrogatories to Defendant Dart Industries, Inc. was mailed, first class

postage prepaid, to:

John F. Anderson, Esq.
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tyson's Corner
McLean, VA 22102
**Counsel for Defendant Dart Industries, Inc.**

Janet Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, Twelfth Floor
Towson, MD 21204
**Counsel for Defendants GlaxoSmithKline
and Mallinckrodt, Inc.**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20TH Floor
Baltimore, MD 21202
**Counsel for Defendant Bristol-Myers
Squibb Co.**

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon LLP
600 14TH Street, N.W., Suite 800
Washington, DC 20005-2004

Jonathan H. Gregor, Esq.
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64018
**Counsel for Defendant Eli Lilly and
Company**

Aaron M. Bailey, Esq.
Goodwin Proctor LLP
901 New York Ave., NW, 9TH Floor East
Washington, DC 20005-1209
**Counsel for Defendant Premo
Pharmaceutical Laboratories, Inc.**

Elizabeth Ewert, Esq.
Drinker, Biddle & Reath, LLP
1500 K Street N.W., Suite 1100
Washington, DC 20005-1209
**Counsel for Defendants Pharmacia &
Upjohn Company, Ortho-McNeil
Pharmaceuticals, and Merck & Company**

Jaime W. Luse, Esq.
Tydings & Rosenberg LLP
100 East Pratt Street, 26TH Floor
Baltimore, MD 21202
**Counsel for Defendant Carnrick Labs, Inc.
n/k/a Elan Pharmaceuticals, Inc.**

Sean McDonough, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Counsel for Person & Covey, Inc.**

_Aaron M Levine /BJC_
Aaron M. Levine

5

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

RECEIVED
MAR 1 6 2007

CONNIE FRANCO PAVLICAS        )
                              )
        Plaintiff,            )
                              )        Civil Action No. 06-6749
    v.                        )        Judge Mary A. Terrell
                              )        Next Event: Deadline for Discovery Requests
ELI LILLY AND COMPANY, et al., )            And Witness Lists - 3/15/2007
                              )
        Defendants.           )
                              )

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that on the 14th day of March, 2007, I served on all counsel hereto,

a true copy of Plaintiff's First Requests for Production to Defendant Dart Industries, Inc., that I will

retain the original of this document in my possession without alteration, until the case is concluded

in this Court, the time for noting an appeal has expired, and any appeal noted has been decided.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

/s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC   20036
202-833-8040

Counsel for Plaintiff

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

```
——————————————————————)
CONNIE FRANCO PAVLICAS            )
                                 )
          Plaintiff,             )
                                 )         Civil Action No. 06-6749
     v.                          )         Judge Mary A. Terrell
                                 )
ELI LILLY AND COMPANY, et al.,   )
                                 )
          Defendants.            )
——————————————————————)
```

### PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
### TO DEFENDANT DART INDUSTRIES, INC.

TO:     Defendant Dart Industries, Inc.
        c/o John F. Anderson, Esq.
        Troutman Sanders, LLP
        1660 International Drive
        Suite 600, Tyson's Corner
        McLean, VA 22102

Plaintiff Connie Pavlicas, through her attorneys, propounds her First Requests for Production to Defendant Dart Industries, Inc. Plaintiff hereby requests the following documents within thirty (30) days.

1. Copies of any and all statements, depositions, and/or other documents in your possession, other than those produced by Plaintiff Connie Pavlicas in this case, which concern the identity of the brand of diethylstilbestrol ("DES") to which the plaintiff was exposed or the identity of the DES stocked by the practice of Drs. Mortimer Speiser and Mary Spalding in New York City in the years 1957-1959.

2. Copies of all labeling, promotional, educational, and other informational publications designed to inform and/or acquaint and/or educate a physician in the period from 1956 to

1959 with the indications, actions, benefits, warnings, and/or side effects of your DES in dosages used for the prevention of accidents of pregnancy.

3. A listing of those depositions in your possession (from prior DES litigation) of any of your detailmen, pharmaceutical representatives, or other pharmaceutical employees whose territory included New York City during the period 1953-1955.

4. Any and all documents which you relied on or referred to in preparing your Answers to Plaintiff Connie Pavlicas's First Set of Interrogatories in this matter.

*Aaron M. Levine / BJC*

AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
(202) 833-8040

Counsel for Plaintiff

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14TH day of March, 2007, a true copy of the foregoing

Plaintiff's First Requests for Production to Dart Industries, Inc. was mailed, first class postage

prepaid, to:

John F. Anderson, Esq.
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tyson's Corner
McLean, VA 22102
**Counsel for Defendant Dart Industries, Inc.**

Janet Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, Twelfth Floor
Towson, MD 21204
**Counsel for Defendants GlaxoSmithKline and Mallinckrodt, Inc.**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20TH Floor
Baltimore, MD 21202
**Counsel for Defendant Bristol-Myers Squibb Co.**

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon LLP
600 14TH Street, N.W., Suite 800
Washington, DC 20005-2004

Jonathan H. Gregor, Esq.
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64018
**Counsel for Defendant Eli Lilly and Company**

Aaron M. Bailey, Esq.
Goodwin Proctor LLP
901 New York Ave., NW, 9TH Floor East
Washington, DC 20005-1209
**Counsel for Defendant Premo Pharmaceutical Laboratories, Inc.**

Elizabeth Ewert, Esq.
Drinker, Biddle & Reath, LLP
1500 K Street N.W., Suite 1100
Washington, DC 20005-1209
**Counsel for Defendants Pharmacia & Upjohn Company, Ortho-McNeil Pharmaceuticals, and Merck & Company**

Jaime W. Luse, Esq.
Tydings & Rosenberg LLP
100 East Pratt Street, 26TH Floor
Baltimore, MD 21202
**Counsel for Defendant Carnrick Labs, Inc. n/k/a Elan Pharmaceuticals, Inc.**

Sean McDonough, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Counsel for Person & Covey, Inc.**

_Aaron M. Levine /BJC_
Aaron M. Levine

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**



| | | |
|---|---|---|
| CONNIE PAVLICAS | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No. 06-CA-6749B |
| | | Judge: Mary A. Terrell |
| Eli Lilly and Company, et al | * | Next Court Event: Proponent's Rule |
| | * | 26(b)(4) Statement |
| Defendants | | Due: March 29, 2007 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PRELIMINARY LIST OF WITNESSES BY
## DEFENDANT MALLINCKRODT

Pursuant to the Court's Scheduling Order, Defendant Mallinckrodt, Inc., ("Mallinckrodt"), by counsel, submits the following as a preliminary list of witnesses that it may call at the trial of this matter.

Mallinckrodt reserves the right to call as a witness:

(1)    any of the parties to this action;

(2)    any fact or expert witness listed by any of the other parties to this action;

(3)    any relative, friend or co-worker of the plaintiff Connie Pavlicas;

(4)    any physicians, nurses or healthcare providers who tested, evaluated, examined or provided medical treatment, psychiatric care or counseling to the plaintiff;

(5)    any person identified in the parties' responses to discovery requests in this matter; and

(6)    any witnesses not identified to present rebuttal testimony.

Mallinckrodt reserves the right to supplement this preliminary list of witnesses once the parties have completed discovery.

LILY.131454|PH03-04

Respectfully submitted,


 /s/  Janet K. Coleman
Janet K. Coleman,  (Bar # 497902)
WHITNEY & BOGRIS, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
(410) 583-8000

**Attorneys for MALLINCKRODT, INC.**

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of March, 2007, a true copy of the foregoing Witness List of Mallinckrodt was mailed postage prepaid to the following counsel of record:

Michelle R. Mangrum, Esquire
Shook, Hardy & Bacon, LLP
600 14th Street, NW, Suite 800
Washington, DC 20005

Sidney G. Leech
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202

Michael J. McManus, Esquire
Drinker Biddle & Reath, LLP
1500 K Street, N.W.
Suite 1100
Washington, DC 20005

Aaron M. Bailey, Esquire
Goodwin Proctor, L.L.P.
901 New York Avenue, N.W.
9th Floor East
Washington, D.C. 20006

David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia 22314
Jamie W. Luse, Esquire
Tydings & Rosenberg, LLP
100 East Pratt St., 26th floor
Baltimore, MD 21201

John F. Anderson
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102


Aaron M. Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036


Janet K. Coleman

4

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

|  |  |
|---|---|
| CONNIE PAVLICAS, | Civil Action No. 06-0006749 |
| Plaintiff, | Judge Mary A. Terrell |
| v. | Next Event: Proponent's |
| ELI LILLY AND CO., et al. | Rule 26(b)(4) Statement |
| | 3/29/07 |
| Defendants. | |

## DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.'S
## PRELIMINARY LIST OF WITNESSES

Pursuant to the Court's Scheduling Order, Defendant Premo Pharmaceutical Laboratories, Inc. ("Premo") by its undersigned attorneys, submits the following as a preliminary list of witnesses that it may call at the trial of this matter.

Premo reserves the right to call as a witness:

1.      any of the parties to this action;

2.      any witness listed by any of the other parties to this action;

3.      any relative, friend or co-worker of the plaintiff Connie Pavlicas;

4.      any physicians, nurses or healthcare providers who tested, evaluated, examined or provided medical treatment, fertility treatment, psychiatric care or counseling to the plaintiff Connie Pavlicas;

5.      any person identified in the plaintiff's responses to discovery requests in this matter; and

6.      any witnesses not identified to present rebuttal testimony.

Premo reserves the right to supplement this preliminary list of witnesses once the parties have completed discovery.

Dated: March 15, 2007

GOODWIN PROCTER LLP

By:____/s/_____
    Aaron M. Bailey
    Goodwin Procter LLP
    901 New York Avenue, N.W.
    Washington, D.C. 20001
    *Attorneys for Defendant*
    *Premo Pharmaceutical Laboratories, Inc.*

Of Counsel:
Christopher J. Garvey, Esquire
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
Telephone (212) 813-8800
Facsimile (212) 355-3333

2

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2007, a copy of the above and foregoing has been duly filed with the court and served upon counsel of record via CaseFileXpress, including the following parties:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, PA
1320 19th Street, N.W.
Suite 500
Washington, DC 20036
*Attorneys for Plaintiff*

Michelle R. Mangrum, Esquire
John Chadwick Coots, Esquire
Emily J. Laird, Esquire
Shook, Hardy & Bacon LLP
Hamilton Square
600 14th Street, NW
Suite 800
Washington, DC 20005-2004

AND

David W. Brooks, Esquire
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64108
*Attorneys for Eli Lilly and Company*

Sidney G. Leech, Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland  21202
*Attorneys for Bristol-Myers Squibb Company*

Elizabeth Ewert, Esquire
Drinker Biddle & Realth LLP
1500 K Street, N.W., Suite 1100
Washington, DC  20005-1209
*Attorneys for Merck & Company, Inc.,*
*Pharmacia and Upjohn Company, and*
*Ortho-McNeil Pharmaceuticals, Inc.*

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102
*Attorneys for Dart Industries, Inc.*

Janet K. Coleman, Esquire
Daniel Whitney, Esquire
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
*Attorneys for GlaxoSmithKline, Inc.*

Sean C.E. McDonough, Esquire
David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street
Suite 400
Alexandria, VA 22314
*Attorneys for Person & Covey, Inc.*

Jennifer G. Levy
Kirkland & Ellis, LLP
655 15th Street, N.W.
Suite 1200
Washington, DC 20005-5793
*Attorneys for Abbott Laboratories, Inc.*

Harold M. Walter
Tydings & Rosenberg, LLP
100 East Pratt Street
Suite 2600
Baltimore, MD 21202
*Attorneys for Elan Pharmaceuticals*

GlaxoSmithKline, Inc.,
a successor to S.E. Massengill and
Burroughs-Wellcome Co.
1500 K Street, N.W.
Washington, DC 20036
*Defendant*

4

Elan Pharmaceuticals,
a successor to Carnrick Laboratories, Inc.
c/o CT Corporation
1025 Vermont Avenue, N.W.
Washington, DC 20005
*Defendant*        .

_____/s/_____
Aaron M. Bailey

5

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

CONNIE FRANCO PAVLICAS      *

       Plaintiff          *

                                 C.A. No.: 06-CA-0006749 B

v.                            *      Judge: Mary A. Terrell

ELI LILLY & COMPANY, et al.      *

       Defendants        *

         *      *      *      *      *      *      *      *      *

## NOTICE OF SERVICE OF FILING DISCOVERY MATERIALS

THIS IS TO CERTIFY that on this 21st day of March, 2007, a copy Bristol-Myers

Squibb Company's Notices to Take Deposition of Connie Franco Pavlicas and Andriana

Bicos were mailed via first-class mail, postage prepaid to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036; *Attorney for Plaintiffs*

Michelle R. Mangrum, Esquire
Shook Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

David W. Brooks, Esquire
Shook, Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64109; *Attorneys for Eli Lilly & Company*

Elizabeth Ewert, Esquire
Michael J. McManus, Esquire
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209; *Attorneys for Defendants Pharmacia and Upjohn*
*Company; Merck & Company; Ortho-McNeil Pharmaceuticals, Inc.*

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102; *Attorneys for Dart Industries, Inc.*

Janet Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204; *Attorneys for GlaxoSmithKline, Inc. and Mallinckrodt, Inc.*

Aaron M. Bailey, Esquire
Goodwin Proctor, LLP
911 New York Avenue, Suite 900
Washington, D.C. 20001 ; *Attorneys for Premo Pharmaceutical Laboratories, Inc.*

Jaime W. Luse, Esquire
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, Maryland 21202; *Attorneys for Elan Pharmaceuticals*

David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia 22314; *Attorneys for Person & Covey, Inc.*

/s/ Sidney G. Leech
Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
D.C. Bar No. 472101
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
*Attorneys for Defendant,*
*Bristol-Myers Squibb Company*

2

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| **CONNIE FRANCO PAVLICAS** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No.: 2006 CA 006749B** |
| | ) | **Judge Mary A. Terrell** |
| **v.** | ) | **Next Court Event:  Proponent's** |
| | ) | **Rule 26(b)(4) Statement** |
| **ELI LILLY AND COMPANY, et al.** | ) | **3/29/07** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### DEFENDANT ELAN PHARMACEUTICALS, INC.'S
### WITNESS LIST

Defendant ELAN PHARMACEUTICALS, INC., f/k/a Carnrick Laboratories, Inc.

(referred to herein as "Elan"), by its undersigned attorneys, identifies the following individuals

who may be called as witnesses at trial of this matter:

1.    Connie Franco Pavlicas
      55 Main Street #10
      Port Washington, New York 11050

2.    Andriana Bicos
      10025 Arbuckle Drive
      Las Vegas, Nevada 89134

3.    Any person who has tested, examined, treated and/or evaluated the plaintiff,
      Connie Franco Pavlicas.

4.    Drs. David Kreiner and Kathleen Droesch
      Long Island IVF
      2001 Marcus Avenue, Suite N213
      Lake Success, New York 11042

5.    Dr. David Rosenfeld
      The Center for Human Reproduction – NSUH
      300 Community Drive
      Manhasset, New York 11030

6.      Dr. Robert Neuwirth
        315 West 57th Street, Suite 204
        New York, New York 10019

7.      Drs. Mortimer Speiser and Mary Spalding
        905 Fifth Avenue
        New York, New York 10021 (Last known address)

8.      All witnesses not objected to by Elan Pharmaceuticals, Inc. identified by plaintiff.

9.      All expert witnesses not objected to by Elan Pharmaceuticals, Inc. identified by
        plaintiff.

10.     All witnesses not objected to by Elan Pharmaceuticals, Inc. identified by any co-
        defendants.

11.     All expert witnesses not objected to by Elan Pharmaceuticals, Inc. identified by
        any codefendants.

12.     Elan Pharmaceuticals, Inc. reserves the right to amend and/or supplement this
        witness list as discovery has not yet been completed.

                                Respectfully submitted,


                        _____/s/_____
                        Jaime W. Luse, D.C. Bar No. 501944
                          Tydings & Rosenberg LLP
                          100 East Pratt Street, 26th Floor
                          Baltimore, Maryland 21202
                          (410) 752-9700 – telephone
                          (410) 727-5460 – facsimile

                        *Attorneys for Elan Pharmaceuticals, Inc.,*
                        *f/k/a Carnrick Laboratories, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of March, 2007, a true copy of the foregoing Witness List was electronically filed with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an electronic filing to the following e-filing participants in this matter:

The Honorable Mary A. Terrell
Superior Court of the District of Columbia
500 Indiana Avenue, N.W.
Washington, D.C. 20036

Aaron M. Levine, Esquire
1320 19th Street, N.W.
Suite 500
Washington, D.C. 20036

Michelle R. Mangrum, Esquire
Shook, Hardy & Bacon, L.L.P.
600 14th Street, N.W.
Suite 800
Washington, D.C. 20005

Sidney G. Leech, Esquire
Goodell, DeVries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, Maryland 21202

Michael J. McManus, Esquire
Drinker Biddle & Reath, LLP
1500 K Street, N.W.
Suite 1100
Washington, D.C. 20005

Janet K. Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204

Aaron M. Bailey, Esquire
Goodwin Procter LLP
901 New York Avenue, N.W.
9th Floor East
Washington, D.C. 20001

David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street
Suite 400
Alexandria, Virginia 22314

And mailed, first-class postage prepaid to:

John F. Anderson, Esquire
Troutman Sanders LLP
1660 International Drive
Suite 600
McLean, Virginia 22102

/s/ Jaime W. Luse_____
Jaime W. Luse

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| CONNIE PAVLICAS | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No. 06-CA-6749B |
| | * | Judge:  Mary A. Terrell |
| Eli Lilly and Company, et al | | Next Court Event: Proponent's Rule |
| | * | 26(b)(4) Statement |
| Defendants | | Due:  March 29, 2007 |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## PRELIMINARY LIST OF WITNESSES BY
## DEFENDANT GLAXOSMITHKLINE

Pursuant to the Court's Scheduling Order, Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK"), successor to S.E. Massengill Co., by counsel, submits the following as a preliminary list of witnesses that it may call at the trial of this matter.

GSK reserves the right to call as a witness:

(1)     any of the parties to this action;

(2)     any fact or expert witness listed by any of the other parties to this action;

(3)     any relative, friend or co-worker of the plaintiff Connie Pavlicas;

(4)     any physicians, nurses or healthcare providers who tested, evaluated, examined or provided medical treatment, psychiatric care or counseling to the plaintiff;

(5)     any person identified in the parties' responses to discovery requests in this matter; and

(6)     any witnesses not identified to present rebuttal testimony.

GSK reserves the right to supplement this preliminary list of witnesses once the parties have completed discovery.

LILY. 131454/PH 03-04

Respectfully submitted,


  /s/ Janet K. Coleman
Janet K. Coleman,  (Bar 497902)
WHITNEY & BOGRIS, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
(410) 583-8000

**Attorneys for SMITHKLINE BEECHAM CORPORATION
d/b/a GLAXOSMITHKLINE**

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  15th  day of March, 2007, a true copy of the foregoing GlaxoSmithKline's Preliminary  Witness List was mailed postage prepaid to the following counsel of record:


Michelle R. Mangrum, Esquire
Shook, Hardy & Bacon, LLP
600 14th Street, NW, Suite 800
Washington, DC 20005


Sidney G. Leech
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202


Michael J. McManus, Esquire
Drinker Biddle & Reath, LLP
1500 K Street, N.W.
Suite 1100
Washington, DC  20005


Aaron M. Bailey, Esquire
Goodwin Proctor, L.L.P.
901 New York Avenue, N.W.
9th Floor East
Washington, D.C. 20006


David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia 22314
Jamie W. Luse, Esquire
Tydings & Rosenberg, LLP
100 East Pratt St., 26th floor
Baltimore, MD 21201

John F. Anderson
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102


Aaron M. Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036

Janet K. Coleman

4

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CONNIE PAVLICAS,

                Plaintiff,

      vs.

ELI LILLY AND COMPANY, et al.,
Lilly Corporate Center
Indianapolis, IN 46285

              Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \*

**CIVIL ACTION NO. 2006 CA 006749B**

**Judge Mary A. Terrell**

## DEFENDANT ELI LILLY AND COMPANY'S
## PRELIMINARY WITNESS LIST

       Pursuant to the Court's December 15, 2006 Scheduling Order, defendant Eli Lilly

and Company ("Lilly") submits the following preliminary witness list. Because discovery is in

its early stages, it is not possible for Lilly to identify every witness it may call in this case. Lilly

reserves the right to supplement, add and/or amend this preliminary witness list as discovery

progresses and with its Rule 26(b)(4) Statement.

       Lilly reserves the right to call as witnesses:

1.      Plaintiff Connie Pavlicas
        55 Main Street #10
        Port Washington, New York 11050

2.      Andriana Bicos
        10025 Arbuckle Drive
        Las Vegas, Nevada 89134

3.      Any person who has tested, examined, treated and/or evaluated the
        plaintiff, Connie Franco Pavlicas.

LILY. 131454   PH03-3

4.      Drs. David Kreiner and Kathleen Droesch
        Long Island IVF
        2001 Marcus Avenue, Suite N213
        Lake Success, New York 11042

5.      Dr. David Rosenfeld
        The Center for Human Reproduction - NSUH
        300 Community Drive
        Manhasset, New York 11030

6.      Dr. Zev Rosenwaks
        The Center for Reproductive Medicine and Infertility
        505 East 70th Street, Suite 340
        New York, New York 10021

7.      Dr. Robert Neuwirth
        315 West 57th Street, Suite 204
        New York, New York 10019

8.      Drs. Mortimer Speiser and Mary Spalding
        905 Fifth Avenue
        New York, NY 10021 (last known address)

8.      A representative from Eli Lilly and Company.

9.      Any witnesses identified in another party's witness list and/or Rule 26(b)(4) statement and/or pretrial statement and/or responses to discovery.

10.     Rebuttal witnesses.

11.     Any other witnesses identified through discovery.

12.     Lilly's experts. Lilly has not yet determined the identity of the expert witnesses it will call in this case. Lilly will likely call A. Brian Little, M.D.; Eugene D. Albrecht, Ph.D.; Joseph W. Goldzieher, M.D.; Melvin G. Dodson, Ph.D., M.D.; Don Carlos Hines, M.D. (Dr. Hines is deceased and would testify by videotape deposition); Theodore G. Klumpf, M.D. (Dr. Klumpf is deceased and would testify by videotape deposition); and Edith L. Potter, M.D. (Dr. Potter is deceased and would testify by videotape deposition). Lilly will identify these and additional expert witnesses as discovery progresses and as required by the Scheduling Order.

138319v1

Respectfully submitted,


_____/s/ Judith L. O'Grady_____
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

3

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2007, I caused the following documents:

DEFENDANT ELI LILLY AND COMPANY'S PRELIMINARY WITNESS LIST

CERTIFICATE OF SERVICE

to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-filing participants in this matter.

I further certify that I caused true and accurate copies of the above listed documents to be mailed by first-class mail, postage paid, to the following counsel of record:

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street, NW, Suite 500
Washington, DC  20036
**Attorneys for Plaintiffs**

Sidney G. Leech
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street
20th Floor
Baltimore, MD  21202
**Attorneys for Bristol Myers Squibb Company**

Elizabeth Ewert
Michael J. McManus
DRINKER BIDDLE & REATH, LLP
1500 K Street N.W., Suite 1100
Washington, DC  20005
**Attorneys for Pharmacia and Upjohn Company, Ortho-McNeil Pharmaceuticals, Inc. and Merck and Company, Inc.**

David D. Hudgins
Sean C.E. McDonough
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, VA  22314
**Attorneys for Person & Covey, Inc.**

John F. Anderson
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, Virginia 22102
**Attorney for Dart Industries, Inc.**

Aaron M. Bailey
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
**Attorney for Premo Pharmaceuticals Laboratories, Inc.**

Janet K. Coleman
WHITNEY & BOGRIS LLP

Harold M. Walter
TYDINGS & ROSENBERG LLP

138319v1

4

401 Washington Avenue
12th Floor
Towson, Maryland 21204
**Attorney for Mallinckrodt Inc. and
GlaxoSmithKline, Inc.**

100 East Pratt Street
26th Floor
Baltimore, Maryland 21202
**Attorney for Elan Pharmaceuticals**

/s/ Judith L. O'Grady
Judith L. O'Grady

**Attorney for Defendant
Eli Lilly and Company**

 Your submission was successful! Your trace number is **ED301J020014908**. The details of your filing are shown below.

**Timestamp:**
03/15/2007 1:31:14 PM (Eastern (U.S. and Canada))

**This is not your official receipt. Your receipt may be viewed in Review Status after your Filing Status changes to "Confirmation".**

| Description of Fee | Amount |
|---|---|
| eFiling Processing Fees | $10.34 |
| Court Filing Fees | $0.00 |
| CaseFileXpress eService Fee | $1.00 |
| CaseFileXpress Filing Fee | $4.00 |
| **Total cost of filing:** | **$15.34** |

**Personal Information**

**Filer:** jogrady
**Attorney of Record:** jogrady
**Name:** Judith O'Grady
**Law Firm or Organization:** Shook Hardy & Bacon LLP
**Bar Number:** 494290
**Filer Position:** Attorney
**Address:** 600 14th Street, N.W.
Suite 800
Washington, DC 20005
**Phone:** (202) 783-8400
**Fax:** (202) 783-8411
**Email:** jogrady@shb.com

**Payment Information**

**Payment Method:** Credit Card
**Address:** 105 Decker Ct.
Irving, TX 75062
**Credit Card Type:** MAST
**Credit Card #:** XXXX XXXX XXXX 4138
**Cardholder Name:** SHOOK HARDY BACON DC

**Filing Information**

**Case Title:** Pavlicas v. Eli Lilly and Company, et al.
**Sealed Case:** No
**County Name:** D.C. Superior Court
**Court Type:** District
**Court Name:** D.C. Superior Court
**Cause/Case Number:** 2006 CA 006749 B
**Document Type:** Witness List Filed
**Plaintiff Attorney(s):**
    Aaron Levine - Electronic service of copies
**Defendant Attorney(s):**

| | |
|---|---|
| John Coots | - Electronic service of copies |
| Sidney Leech | - Electronic service of copies |
| Kathleen Bustraan Christopher Garvey | |
| Jaime Luse | - Electronic service of copies |
| Michelle Mangrum | - Electronic service of copies |

**Document Information**

**File Name:** Pavlicas, Connie - Preliminary Witness List.pdf

| | |
|---|---|
| Aaron Bailey | - Electronic service of copies |
| Michael McManus | - Electronic service of copies |
| Jennifer Levy | - Electronic service of copies |
| Janet Coleman | - Electronic service of copies |
| David Hudgins | - Electronic service of copies |
| John Anderson | |
| Sean McDonough | - Electronic service of copies |
| Judith O'Grady | |

**Special Instructions:** Defendant Eli Lilly and Company's Preliminary Witness List

**Client Matter #:** LILY.131454

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

CONNIE FRANCO PAVLICAS                )
                                      )
         Plaintiff,                    )        Civil Action No.: 2006 CA 006749 B
                                      )        Judge: Mary A. Terrell
   v.                                  )
                                      )
ELI LILLY AND COMPANY, et al.          )
                                      )
         Defendants.                   )
                                      )
_____)

## NOTICE OF ENTRY OF APPEARANCE OF COUNSEL FOR DEFENDANT
## ELAN PHARMACEUTICALS, INC. F/K/A CARNRICK LABORATORIES, INC.

Please enter the appearance of Jaime W. Luse of Tydings & Rosenberg LLP as counsel

for Defendant Elan Pharmaceuticals, Inc. f/k/a Carnrick Laboratories, Inc. ("Elan").

                              _____
                              Jaime W. Luse, D.C. Bar No. 501944
                              Tydings & Rosenberg LLP
                              100 East Pratt Street, 26th Floor
                              Baltimore, Maryland 21202
                              410-752-9700

#595670v.1

LILY 131454    PH03-4

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of February 2007, a copy of the foregoing

Notice of Entry of Appearance of Counsel for Defendant Elan Pharmaceuticals, Inc., f/k/a

Carnrick Laboratories, Inc.'s was sent via first class mail, postage pre-paid, to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Attorneys for Plaintiffs*

Michelle R. Mangrum, Esquire
Shook, Hardy & Bacon L.L.P.
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004
    AND
David W. Brooks, Esquire
Shook, Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
*Attorneys for Eli Lilly & Co.*

Elizabeth Ewert, Esquire
Michael J. McManus, Esquire
Drinker Biddle & Reath LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
*Attorneys for Merck & Company, Inc.,*
*Ortho-McNeil Pharmaceutical, Inc.*
*and Pharmacia and Upjohn Co.*

Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 15th Street, N.W., Suite 1200
Washington, D.C. 20005
*Attorneys for Abbot Laboratories, Inc.*

Christopher Gauvey, Esquire
Melanie H. Muhlstock, Esquire
Goodwin Proctor LLP
599 Lexington Avenue
New York, New York 10022
    AND
Aaron M. Bailey, Esquire
Goodwin Proctor LLP
901 New York Avenue, N.W., Suite 900
Washington, D.C. 20001
*Attorneys for Premo Pharmaceutical*
*Laboratories, Inc.*

John F. Anderson, Esquire
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102
    AND
Sheila Ann Marie Moeller, Esquire
Gilbride, Tusa, Last & Spellane, LLC
31 Brookside Drive
Greenwich, Connecticut 06836
*Attorneys for Dart Industries, Inc.*

Daniel W. Whitney, Esquire
Janet K. Colemen, Esquire
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, Maryland 21204
*Attorneys for Mallinckrodt, Inc. and*
*GlaxoSmithKline*

#595670v.1

Sidney G. Leech, Esquire
Goodell, DeVries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
***Attorneys for Bristol-Myers Squibb, Co.***

David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia 22314
***Attorneys for Person & Covey, Inc.***


_____
Jaime W. Luse

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

CONNIE FRANCO PAVLICAS,⁣ )
⁣ )
⁣⁣ Plaintiff,⁣ )⁣ Civil Action No. 2006ca006749 B
⁣ )
v.⁣ )⁣ Judge Mary A. Terrell
⁣ )
ELI LILLY AND COMPANY, et al.,⁣ )
⁣ )
⁣⁣ Defendants.⁣ )

**PRELIMINARY LIST OF WITNESSES BY
DEFENDANT DART INDUSTRIES, INC.**

Pursuant to the Court's Scheduling Order entered on December 15, 2006

defendant Dart Industries, Inc., (formerly known as Rexall Drug Company,

hereinafter referred to as "Dart"), by counsel, submits the following preliminary

list of witnesses that it may call at the trial of this matter. Dart reserves the right

to call as a witness any of the parties to this action, any witness listed by the

other parties to this action, any relative of the plaintiff Connie Franco Pavlicas,

any person examining or providing medical treatment, psychiatric care or

counseling to the plaintiff and any person identified in the parties' responses to

discovery requests in this matter.

1. Edith Potter, M.D. (by deposition)
   Deceased

2. Theodore G. Klumpp, M.D. (by deposition)
   Deceased

3. Don Carlos Hines, M.D. (by deposition)

Dart reserves the right to supplement this preliminary list of witnesses

once the parties have completed discovery.

LILY 131454 PH03-4

DART INDUSTRIES, INC.

By Counsel

Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
(703) 734-4356

By: _____
John F. Anderson
DC Bar No. 393764

OF COUNSEL

Sheila AnnMarie Moeller
Gilbride, Tusa, Last & Spellane LLC
31 Brookside Drive
Greenwich, CT 06836
(203) 622-9360

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March 2007 a copy of the foregoing

was served by first class mail on the following:

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036

Michelle R. Mangrum
Shook, Hardy & Bacon LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005

John F. Kuckelman
Shook, Hardy & Bacon LLP
2555 Grand Blvd.
Kansas City, MO 64108

Sidney Gordon Leech
Goodell, Devries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, MD 21202

2

Kathleen D. Leslie
Whitney & Bogris, LLP
401 Washington Ave., 12th Floor
Towson, MD 21204

Aaron M. Bailey
Goodwin Procter LLP
901 New York Ave., N.W.
Washington, D.C. 20001

Elizabeth Ewert
Drinker, Biddle & Reath LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005

David D. Hudgins
Hudgins Law Firm
515 King St., Suite 400
Alexandria, VA 22314

Harold M. Walter
Tydings & Rosenberg LLP
100 East Pratt St., 26th Floor
Baltimore, MD 21202

John F. Anderson

3

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

CONNIE PAVLICAS,                          ]
                                          ]
     Plaintiff,                          ]
                                          ]
     v.                                  ]     Civil Action No.: 2006 CA 006749 B
                                          ]     Judge Mary A. Terrell
                                          ]     Next Event: Proponent's 26(b)(4) Statement
ELI LILLY AND COMPANY, et al.,            ]            due on March 29, 2007
                                          ]
     Defendants.                        ]

### PLAINTIFF'S RULE 26(b)(4) STATEMENT

COMES NOW the Plaintiff, pursuant to this Court's Scheduling Order and D.C. Sup.Ct.Civ.Proc. Rule 26(b)(4), and hereby submit the statements of the following experts who may be called as witnesses at trial in this cause:

**Harris Busch, M.D., Ph.D.**
**Baylor College of Medicine**
**1 Baylor Plaza, Room 319D**
**Houston, TX  77030**

Dr. Busch is an expert in the field of Pharmacology and has been engaged in the investigation and research of drugs and chemical agents that may be ingested by women. Dr. Busch has reviewed the literature as to the safety and efficacy of diethylstilbestrol ("DES") and will testify, as outlined in his prior depositions, that sufficient facts existed in the medical literature to alert a pharmaceutical manufacturer as to the dangers of the teratological effects of synthetic estrogen ingested by pregnant women. The Defendants are familiar with Dr. Busch's opinions and testimony from previous experience and testimony.

**Richard J. Falk, M.D.**
**1588 Lancaster Green**
**Annapolis, MD  21401-6465**

Dr. Falk is a board certified Obstetrician and Gynecologist with a sub-specialty in Reproductive Endocrinology. A copy of his curriculum vitae and fee for expert testimony has previously been provided. Dr. Falk's testimony, as outlined in his previously produced report and recent deposition, will in many ways parallel Dr. Busch's testimony as to state of the art, but will focus on the perspective of the practicing and teaching Obstetrician/Gynecologist at the time. Dr. Falk will testify as to the standard of care of the pharmaceutical industry in the employment of toxicological information gleaned from animal testing and will testify that said standard of care was violated by the Defendants in their initial and then afterward promotion of DES for use in pregnancy. He is also expected to testify that it was foreseeable that DES could injure the exposed offspring's reproductive organs and result in pre-term delivery to subsequent children. In addition, Dr. Falk will testify that said promotion by the Defendants was not merely a failure to exercise ordinary care but their failure to test and warn about lack of efficacy after 1953 was intentional, willful and malicious.

In addition, Dr. Falk is expected to testify that he has reviewed the medical records, reports and hysterosalpingogram ("HSG") films of the plaintiff, and that it is his opinion, based on his education, training, experience and review of the medical literature, that the plaintiff's in utero exposure to DES is causally related to her anatomic and reproductive tract anomalies, including but not limited to, a T-shaped uterus. Dr. Falk is also expected to testify that plaintiff's DES causally related anatomic anomalies have significantly contributed to her poor reproductive outcomes and infertility. A copy of Dr. Falk's report will be forwarded upon receipt.

**Brian Strom, M.D., M.P.H.**
**University of Pennsylvania Medical Center**
**Department of Epidemiology & Biostatistics**
**824 Blockley Hall, 423 Guardian Drive**
**Philadelphia, PA   19104**

Dr. Strom is an expert in the field of Epidemiology. He is expected to testify that he has reviewed the medical literature and evaluated those studies and their designs which were aimed at the investigation between in utero DES exposure and poor pregnancy outcomes, fetal wastage, infertility and pre-term labor. He is expected to testify that it is his opinion, based on his education, training and experience, that the reproductive tract and anatomic anomalies suffered by the plaintiff are causally related to her in utero DES exposure and place her at high risk for poor pregnancy outcomes, infertility and pre-term delivery. Defendants are familiar with Dr. Strom's opinions and testimony based on prior experience and testimony.

**David Kreiner, M.D.**
**East Coast Fertility**
**Kreiner IVF & Associates**
**1074 Old Country Road**
**Plainview, NY   11803**

Dr. Vermesh is board certified in Obstetrics and Gynecology, and is expected to testify, as outlined in his previously produced report, that he has examined, diagnosed and treated the plaintiff, and that it is his opinion, based on his education, training, experience and review of the medical literature, that the plaintiff's in utero exposure to DES is causally related to her reproductive and anatomical anomalies, including cervical and uterine abnormalities. In addition, Dr. Kreiner is expected to testify that the plaintiff's DES-related abnormalities have caused or significantly contributed to her poor pregnancy outcomes and infertility, with concomitant medical and surgical expenses for same. Finally, Dr. Kreiner is expected to testify that had the plaintiff not been exposed to DES in utero, her pregnancy potential and outcomes would likely have been significantly improved.

-3-

**Julius Piver, M.D.**
**6602 Melody Lane**
**Bethesda, MD  20817**

Dr. Piver is a board certified Obstetrician and Gynecologist and has been engaged in the practice of Obstetrics and Gynecology since 1956. A copy of his curriculum vitae and fee for expert testimony has previously been provided. Dr. Piver's testimony, as outlined in his previously produced report and recent deposition, will focus on the standard of care and the usual and ordinary practice of Obstetrics and Gynecology in major population centers from the late 1950's to date, in particular with regard to the use of Diethylstilbestrol.

The aforementioned experts' opinions are made at the time of this Statement, and may be amended and/or supplemented as discovery progresses.

The Plaintiff reserves the right to call:

1.      Any witness identified by the Defendants;

2.      Any witness not identified to present rebuttal testimony; and

3.      Any health care provider who has examined, treated, and diagnosed the Plaintiff.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

 /s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC  20036
202-833-8040

Counsel for Plaintiff

-4-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of March, 2007, a true copy of the foregoing Plaintiff's 26(b)(4) Statement was electronically filed with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an electronic filing to the following e-filing participants in this matter:

The Honorable Mary A. Terrell
Superior Court of the District of Columbia
500 Indiana Avenue, N.W.
Washington, DC  20036

Michelle R. Mangrum, Esq.
John Coots, Esq.
Shook, Hardy & Bacon, L.L.P.
600 14th Street, N.W., Suite 800
Washington, DC  20005

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, MD  21202

Michael J. McManus, Esq.
Elizabeth Ewert, Esq.
Drinker Biddle & Reath, LLP
1500 K Street, N.W.
Suite 1100
Washington, DC  20005

Janet K. Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, MD  21204

Aaron M. Bailey, Esq.
Goodwin Procter LLP
901 New York Avenue, N.W., 9th Floor East
Washington, DC 20001

David D. Hudgins, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA   22314

Jaime W. Luse, Esq.
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, MD   21202

John F. Anderson, Esq.
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA   22102

                                        /s/ Aaron M. Levine
                                        Aaron M. Levine

-6-

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **CONNIE FRANCO PAVLICAS,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **Civil Action No. 06-6749** |
| v. | ) | **Judge Mary A. Terrell** |
| | ) | |
| **ELI LILLY AND COMPANY,** *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

## DEFENDANT ORTHO-MCNEIL PHARMACEUTICAL INC., PRAECIPE OF DISMISSAL WITH PREJUDICE

Plaintiff Connie Franco Pavlicas ("Plaintiff"), and Defendant Ortho-McNeil Pharmaceutical, Inc. (hereinafter "Ortho-McNeil"), have reached a confidential settlement of the above-captioned case, and as part of the terms of the settlement, the parties have agreed to the dismissal with prejudice of the above-captioned case in its entirety as to Defendant Ortho-McNeil. Further, Plaintiff and Defendant Ortho-McNeil have agreed that Plaintiff and Defendant Ortho-McNeil will bear separately all attorneys' fees and costs arising from the actions of their respective counsel in connection with the above-referenced matter.

WHEREFORE, Plaintiff and Defendant Ortho-McNeil, through their respective counsel, jointly move this Court to dismiss the above-captioned case with prejudice as to Ortho-McNeil each party to bear its own attorneys' fees and costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

By: _____
    Aaron M. Levine (#7864)
    1320 - 19th Street, N.W., Suite 500
    Washington, D.C. 20036
    Telephone:  202/833-8040
    *Counsel for Plaintiffs*


          March
Dated: February 28, 2007

DRINKER BIDDLE &REATH, LLP

By: _____
    Elizabeth Ewert (#479368)
    1500 K Street, N.W., Suite 1100
    Washington, D.C. 20005-1209
    Telephone:  202/842-8800
    *Counsel for Defendant ~~Pharmacia &~~*
    *Ortho-McNeil ~~Company LLC~~*
            Pharmaceutical, Inc.

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

```
* * * * * * * * * * * * * * * * * * * * * * * * *
CONNIE FRANCO PAVLICAS,             *
                                    *
                Plaintiff,          *
                                    *    CIVIL ACTION NO. 2006 CA 006749B
        vs.                         *
                                    *    Judge Mary A. Terrell
ELI LILLY AND COMPANY, et al.,      *
                                    *
                Defendants.         *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## CERTIFICATE REGARDING DISCOVERY

I hereby certify that on the 28th day of March, 2007, I served Defendant Eli Lilly and Company's Notice of Taking Deposition *Duces Tecum* of Connie Franco Pavlicas and Defendant Eli Lilly and Company's Notice of Taking Deposition *Duces Tecum* of Andriana Bicos via first-class United States Mail, postage prepaid, on the following counsel for the parties in this action:

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Sidney G. Leech
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street
20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb Company**

Elizabeth Ewert
Michael J. McManus
DRINKER BIDDLE & REATH, LLP
1500 K Street N.W., Suite 1100

138586v3

LILY. 131454  PH03-3

Washington, DC 20005
**Attorneys for Pharmacia and**
**Upjohn Company, Ortho-McNeil Pharmaceuticals, Inc. and Merck and**
**Company, Inc.**

David D. Hudgins
Sean C.E. McDonough
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

John F. Anderson
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, Virginia 22102
**Attorney for Dart Industries, Inc.**

Aaron M. Bailey
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
**Attorney for Premo Pharmaceuticals Laboratories, Inc.**

Janet K. Coleman
WHITNEY & BOGRIS LLP
401 Washington Avenue
12th Floor
Towson, Maryland 21204
**Attorney for Mallinckrodt Inc. and GlaxoSmithKline, Inc.**

Jaime W. Luse
TYDINGS & ROSENBERG LLP
100 East Pratt Street
26th Floor
Baltimore, Maryland 21202
**Attorney for Elan Pharmaceuticals**

Respectfully submitted,

/S/ Judith L. O'Grady
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
Judith L. O'Grady, D.C. Bar No. 494290

2

SHOOK, HARDY & BACON L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C.  200005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
Mark C. Hegarty
John F. Kuckelman
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

3

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2007, I caused the following documents:

CERTIFICATE REGARDING DISCOVERY

CERTIFICATE OF SERVICE

to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-filing participants in this matter.

I further certify that I caused true and accurate copies of the above listed documents to be mailed by first-class mail, postage paid, to the following counsel of record:

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street, NW, Suite 500
Washington, DC  20036
**Attorneys for Plaintiffs**

Sidney G. Leech
GOODELL,    DEVRIES,    LEECH    &
DANN, LLP
One South Street
20th Floor
Baltimore, MD  21202
**Attorneys  for  Bristol  Myers  Squibb Company**

Elizabeth Ewert
Michael J. McManus
DRINKER BIDDLE & REATH, LLP
1500 K Street N.W., Suite 1100
Washington, DC  20005
**Attorneys for Pharmacia and Upjohn Company, Ortho-McNeil Pharmaceuticals, Inc. and Merck and Company, Inc.**

David D. Hudgins
Sean C.E. McDonough
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, VA  22314
**Attorneys for Person & Covey, Inc.**

John F. Anderson
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, Virginia 22102
**Attorney for Dart Industries, Inc.**

Aaron M. Bailey
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
**Attorney for Premo Pharmaceuticals Laboratories, Inc.**

4

138586v3

Janet K. Coleman
WHITNEY & BOGRIS LLP
401 Washington Avenue
12th Floor
Towson, Maryland 21204
**Attorney for Mallinckrodt Inc. and
GlaxoSmithKline, Inc.**

Jaime W. Luse
TYDINGS & ROSENBERG LLP
100 East Pratt Street
26th Floor
Baltimore, Maryland 21202
**Attorney for Elan Pharmaceuticals**

/s/ Judith L. O'Grady
**Attorney for Defendant
Eli Lilly and Company**

5

138586v3

 Your submission was successful! Your trace number is **ED301J020017895**. The details of your filing are shown below.

| Timestamp: |
| --- |
| 03/28/2007 4:33:12 PM (Eastern (U.S. and Canada)) |

This is not your official receipt. Your receipt may be viewed in Review Status after your Filing Status changes to "Confirmation".

| Description of Fee | Amount |
| --- | --- |
| eFiling Processing Fees | $10.34 |
| Court Filing Fees | $0.00 |
| CaseFileXpress eService Fee | $1.00 |
| CaseFileXpress Filing Fee | $4.00 |
| **Total cost of filing:** | **$15.34** |

### Personal Information

**Filer:** jogrady
**Attorney of Record:** jogrady
**Name:** Judith O'Grady
**Law Firm or Organization:** Shook Hardy & Bacon LLP
**Bar Number:** 494290
**Filer Position:** Attorney
**Address:** 600 14th Street, N.W.
Suite 800
Washington, DC 20005
**Phone:** (202) 783-8400
**Fax:** (202) 783-8411
**Email:** jogrady@shb.com

### Payment Information

**Payment Method:** Credit Card
**Address:** 105 Decker Ct.
Irving, TX 75062
**Credit Card Type:** MAST
**Credit Card #:** XXXX XXXX XXXX 4138
**Cardholder Name:** SHOOK HARDY BACON DC

### Filing Information

**Case Title:** Connie Franco Pavlicas v. Eli Lilly and Company, et al.
**Sealed Case:** No
**County Name:** D.C. Superior Court
**Court Type:** District
**Court Name:** D.C. Superior Court
**Cause/Case Number:** 2006 CA 006749 B
**Document Type:** Certificate Regarding Discovery Filed

**Plaintiff Attorney(s):**

Aaron Levine - Electronic service of copies

**Defendant Attorney(s):**

| | |
| --- | --- |
| Elizabeth Ewert | - Electronic service of copies |
| Sidney Leech | - Electronic service of copies |
| Sean McDonough | - Electronic service of copies |
| John Anderson | - Electronic service of copies |
| David Hudgins | - Electronic service of copies |

### Document Information

**File Name:** Pavlicas - Certificate Regarding Discovery.pdf

Jennifer Levy          - Electronic service of copies

Michael McManus        - Electronic service of copies

Michelle Mangrum       - Electronic service of copies

Christopher Garvey

John Coots             - Electronic service of copies

Kathleen Bustraan      - Electronic service of copies

Janet Coleman          - Electronic service of copies

Aaron Bailey           - Electronic service of copies

Jaime Luse             - Electronic service of copies

Judith O'Grady

**Special Instructions:**
           **Client Matter #:** LILY.131454

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

CONNIE PAVLICAS,

      Plaintiff,

v.

ELI LILLY & CO., et al.,

      Defendants.

Civil Action No. 2006ca006749 B
Judge Mary A. Terrell
Next Deadline: Proponent Rule 26
Statement March 29, 2007

## PERSON & COVEY, INC.'S WITNESS LIST

Person & Covey, Inc., by counsel, identifies the following individuals who may be called as witnesses at trial of this matter:

1.     Plaintiff Pavlicas

2.     Lorne Person, Jr.

3.     All treating physicians of plaintiff.

4.     All witnesses not objected to by Person & Covey, Inc. identified by plaintiff.

5.     All expert witnesses not objected to by Person & Covey, Inc. identified by plaintiff.

6.     All witnesses not objected to by Person & Covey, Inc. identified by any co-defendants.

7.     All expert witnesses not objected to by Person & Covey, Inc. identified by any codefendants.

8.     Person & Covey, Inc. reserves the right to amend and/or supplement this witness list as discovery has not yet been completed.

Respectfully submitted,

PERSON & COVEY, INC.


/s/ Sean C.E. McDonough
David D. Hudgins (#362451)
Sean C.E. McDonough (#438599)
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, Virginia 22314
703-739-3300
703-739-3700 fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of March 2007, I sent a true and accurate copy of the foregoing via electronic service to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates
1320 19th Street, Suite 500
Washington, D.C. 20036
*Attorney for Plaintiff*

Michelle R. Mangrum
John Chadwick Coots, Esquire
SHOOK, HARDY & BACON, LLP
600 14th Street, NW, Suite 800
Washington, D.C. 2005-2004
*Attorney for Eli Lilly and Company*

Sidney G. Leech, Esquire
Malcolm S. Brisker, Esquire
Goodell, Devries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
*Attorney for Bristol-Myers Squibb Company*

Elizabeth Ewert, Esquire
Michael McManus, Esquire
Drinker Biddle & Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
*Attorney for Pharmacia & Upjohn Company & Merck & Company, Inc. & McNeil Labs, Inc.*

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
**_Attorney for Dart Industries, Inc._**

Aaron M. Bailey, Esquire
Goodwin Proctor, LLP
901 New York Avenue, NW
9th Floor East
Washington, D.C. 20006

Christopher J. Garvey, Esquire
Goodwin Proctor, LLP
599 Lexington Avenue
New York, New York 10022
**_Attorney for Premo Pharmaceutical Laboratories, Inc._**

Kathleen M. Bustraam
Lord & Whip, PA
36 South Charles Street
10th Floor
Baltimore, Maryland 21201
**_Attorney for Lannett Company, Inc._**

Janet C. Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
**_Attorney for GlaxoSmithKline, Inc. & Mallinckrodt, Inc._**

Jamie W. Luse, Esquire
Tydings & Rosenberg, LLP
100 East Pratt Street
26th Floor
Baltimore, Maryland 21202
**_Attorney for Elan Pharmaceuticals f/k/a Carnick Laboratories, Inc._**

/s/ Sean C.E. McDonough
Sean C.E. McDonough, Esquire

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

CONNIE PAVLICAS,

      Plaintiff,

v.

ELI LILLY & CO., et al.,

      Defendants.

Civil Action No. 2006ca006749 B
Judge Mary A. Terrell
Next Deadline: Proponent Rule 26
Statement March 29, 2007

## DEFENDANT PERSON & COVEY, INC.'S RULE 26(b)(4) STATEMENT

Defendant Person & Covey, Inc., by counsel, pursuant to D.C. Superior Court Rule 26(b)(4) and this Court's Scheduling Order, submits the following disclosure of the expert witness(es) it expects to call at trial.

Person & Covey hereby adopts the Rule 26(b)(4) Disclosure of Expert Witness and accompanying reports disclosed by the co-defendants in this action to the extent that those opinions are not in conflict with Person & Covey's positions in this matter. Person & Covey also reserves the right to call any expert witness identified, designated or called by co-defendants or the plaintiff in this action. Person & Covey reserves the right to object to the relevance of the proposed testimony of the experts designated by the plaintiff or defendants.

Since discovery of this matter is ongoing, Person & Covey reserves the right to supplement and/or amend these disclosures as discovery continues. Person & Covey also reserves the right to call additional experts for rebuttal and/or impeachment testimony and to call any physician, nurse, or other health care provider or counselor who has examined, treated or evaluated the plaintiff.

1

Respectfully submitted,

PERSON & COVEY, INC.


/s/ Sean C.E. McDonough
David D. Hudgins (#362451)
Sean C.E. McDonough (#438599)
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, Virginia 22314
703-739-3300
703-739-3700 fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of March 2007, I sent a true and accurate copy of the foregoing via electronic service to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates
1320 19th Street, Suite 500
Washington, D.C. 20036
*Attorney for Plaintiff*

Michelle R. Mangrum
John Chadwick Coots, Esquire
SHOOK, HARDY & BACON, LLP
600 14th Street, NW, Suite 800
Washington, D.C. 2005-2004
*Attorney for Eli Lilly and Company*

Sidney G. Leech, Esquire
Malcolm S. Brisker, Esquire
Goodell, Devries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
*Attorney for Bristol-Myers Squibb Company*

Elizabeth Ewert, Esquire
Michael McManus, Esquire
Drinker Biddle & Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
*Attorney for Pharmacia & Upjohn Company & Merck & Company, Inc. & McNeil Labs, Inc.*

2

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
*Attorney for Dart Industries, Inc.*

Aaron M. Bailey, Esquire
Goodwin Proctor, LLP
901 New York Avenue, NW
9th Floor East
Washington, D.C. 20006

Christopher J. Garvey, Esquire
Goodwin Proctor, LLP
599 Lexington Avenue
New York, New York 10022
*Attorney for Premo Pharmaceutical Laboratories, Inc.*

Jamie W. Luse, Esquire
Tydings & Rosenberg, LLP
100 East Pratt Street
26th Floor
Baltimore, Maryland 21202
*Attorney for Elan Pharmaceuticals f/k/a Carnick Laboratories, Inc.*

Janet C. Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
*Attorney for GlaxoSmithKline, Inc. & Mallinckrodt, Inc.*

/s/ Sean C.E. McDonough
Sean C.E. McDonough, Esquire

3

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
CONNIE FRANCO PAVLICAS,            *
                                   *
                 Plaintiff,        *    CIVIL ACTION NO. 2006 CA 006749B
                                   *
        vs.                        *    Judge Mary A. Terrell
                                   *
ELI LILLY AND COMPANY, et al.,     *    Next Event: Opponent's Rule 26(b)(4)
                                   *    Statement Due 5/4/2007
                 Defendants.       *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## CERTIFICATE REGARDING DISCOVERY

I hereby certify that on the 16th day of April, 2007, I served Defendant Eli Lilly and Company's Responses to Plaintiff's First Set of Interrogatories and First Request for Production via first-class United States Mail, postage prepaid, on counsel of record for all parties to this action as listed on the attached certificate of service.

Respectfully submitted,

/s/ Emily J. Laird
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C. 200005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

139025v1

David W. Brooks
Mark C. Hegarty
John F. Kuckelman
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

2

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2007, I caused the following documents:

CERTIFICATE REGARDING DISCOVERY

to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-filing participants in this matter.

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street, NW, Suite 500
Washington, DC  20036
**Attorneys for Plaintiffs**
**\*Service by US Mail and Facsimile**

Sidney G. Leech
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street
20th Floor
Baltimore, MD  21202
**Attorneys for Bristol Myers Squibb Company**

Elizabeth Ewert
Michael J. McManus
DRINKER BIDDLE & REATH, LLP
1500 K Street N.W., Suite 1100
Washington, DC  20005
**Attorneys for Pharmacia and Upjohn Company, Ortho-McNeil Pharmaceuticals, Inc. and Merck and Company, Inc.**

David D. Hudgins
Sean C.E. McDonough
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, VA  22314
**Attorneys for Person & Covey, Inc.**

John F. Anderson
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, Virginia 22102
**Attorney for Dart Industries, Inc.**

Aaron M. Bailey
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
**Attorney for Premo Pharmaceuticals Laboratories, Inc.**

Janet K. Coleman
WHITNEY & BOGRIS LLP
401 Washington Avenue
12th Floor
Towson, Maryland 21204
**Attorney for Mallinckrodt Inc. and GlaxoSmithKline, Inc.**

Gerry Tostanoski
Jaime Luse
TYDINGS & ROSENBERG LLP
100 East Pratt Street
26th Floor
Baltimore, Maryland 21202
**Attorney for Elan Pharmaceuticals**

/s/ Emily J. Laird
Emily J. Laird
**Attorney for Defendant**
Eli Lilly and Company

3

139025v1

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

CONNIE FRANCO PAVLICAS      *

       Plaintiff      *

                             C.A. No.: 06-CA-0006749 B
v.                   *      Judge: Mary A. Terrell

ELI LILLY & COMPANY, et al.      *

       Defendants      *

     *      *      *      *      *      *      *      *      *

### DEFENDANT'S RULE 26(b)(4) STATEMENT

     Bristol-Myers Squibb Company, one of the Defendants, by its attorneys, Sidney

G. Leech. Malcolm S. Brisker and Goodell, DeVries, Leech & Dann, LLP, submits

pursuant to this Court's Scheduling Order the statements of the following experts who

may be called as witnesses at the trial of this case:

     1.      Steven G. Somkuti, M.D., Ph.D.
            1245 Highland Avenue, Suite 404
            Abington, Pennsylvania 19001-3775

     Dr. Somkuti is the Director of the Toll Center for Reproductive Sciences and

Clinical Assistant Professor of Obstetrics & Gynecology at Jefferson Medical College.

Dr. Somkuti also maintains a private practice of Obstetrics & Gynecology and of

Reproductive Endocrinology with Abington Reproductive Medicine, P.C.

     Dr. Somkuti is an expert in the field of Obstetrics, Gynecology, and Reproductive

Endocrinology. Dr. Somkuti is a board-certified Obstetrician and Gynecologist with a

sub-specialty certified in Reproductive Endocrinology, with over thirteen years of

experience, having treated thousands of patients with infertility, including those with

LILY. 131454  PH03- 4

DES exposure. Dr. Somkuti has lectured extensively on recurrent miscarriage and has recently authored a review textbook on Obstetrics and Gynecology.

Dr. Somkuti will testify to a reasonable degree of medical probability that the Plaintiff's miscarriage and alleged infertility were not causally related to her *in utero* exposure to DES, but were more likely caused by other etiologies. Dr. Somkuti may also testify in rebuttal to the testimony of Plaintiff's experts.

Dr. Somkuti will testify based on his review of the medical records with which he was provided to a reasonable medical probability that the Plaintiff, Connie Pavlicas, has had three uterine fibroids. Dr. Somkuti will testify based on reasonable medical probability that there is published evidence that suggests that such intramural fibroids may increase the risk for miscarriages and for fertility problems.

Dr. Somkuti will testify concerning the Plaintiff's only pregnancy which occurred in 1997, following an IVF cycle and a GIFT procedure. He will comment based on reasonable medical probability that the records show that the Plaintiff, Connie Pavlicas, sustained a spontaneous abortion or miscarriage at six to seven weeks gestation. He will comment based on reasonable medical probability that the vast majority of first trimester miscarriages are due to a chromosomal aneuploidy or genetic defect. He will comment that approximately four months after her spontaneous miscarriage, she underwent a D+E procedure performed by Dr. Kreiner and he will comment on Dr. Kreiner's operative report that states that copious necrotic tissue adherent to the uterine cavity was found. He will comment on the fact that the Plaintiff called Dr. Kreiner's office on the day following the procedure with chills and fever to a 100.3F, suggestive of a post-procedural infection.

2

Dr. Somkuti will comment on the HSG films which he has reviewed and their relationship to Plaintiff's infertility.

Dr. Somkuti will comment on Plaintiff's multiple ovarian cysts which ruptured and on her ovarian tumor, which was surgically removed along with a fallopian tube.

Dr. Somkuti will comment on the age of the Plaintiff, Connie Pavlicas, as qualifying her as advanced maternal age, which is a known risk factor for miscarriage and infertility.

Dr. Somkuti will comment on the fact that the Plaintiff's husband was a smoker and that second-hand cigarette smoking has been implicated in increasing the risk for diminishing egg quality/infertility and miscarriages.

Dr. Somkuti will also comment on the fact that the Plaintiff's husband had borderline sperm motility at 53% on semen analysis.

Dr. Somkuti will testify based on reasonable medical probability that the Plaintiff, Connie Pavlicas, had multiple risk factors for miscarriage and infertility, including but not limited to, a history of advanced maternal age, poor oocyte quality, poor response to fertility medications, predisposition to cyst formation, exposure to toxic substances, a missed miscarriage with resulting intrauterine scar tissue formation and infection, necessitating multiple procedures and therapies, the presence of uterine fibroids, the removal of a benign ovary and fallopian tube, the presence of pelvic adnexal adhesions and borderline sperm motility.  Dr. Somkuti will comment based on reasonable medical probability that all of the conditions mentioned in this paragraph suggest alternative explanations for the Plaintiff's miscarriage and infertility.

A copy of Dr. Somkuti's curriculum vitae is attached as "Exhibit A" and incorporated herein. Dr. Somkuti's report, which consists of three pages and which is identified as "Exhibit B," is attached hereto and incorporated herein.

> 2.    Leonard J. Lerner, Ph.D.
> Department of Biochemistry and Molecular Pharmacology
> Jefferson Medical College
> Thomas Jefferson University
> 1020 Locust Street
> Philadelphia, PA 19107

Dr. Lerner is an expert in the field of Pharmacology and Reproductive Endocrinology, and has been engaged in the investigation and research of drugs and chemical agents that may be ingested by women during pregnancy. Dr. Lerner has spent his entire career studying, researching, and teaching about the relationship between sex hormones such as estrogen, including diethylstilbestrol ("DES"), cancer and reproduction. Dr. Lerner has reviewed the literature as to the state-of-the-art, safety and efficacy of DES, and will testify that Bristol-Myers Squibb Company or its predecessors or related entities had insufficient information as to the dangers of teratological effects of synthetic estrogen ingested by pregnant women. Dr. Lerner is expected to testify generally about the principles of public health, clinical pharmacology, reproductive endocrinology, as they relate to the considerations of the safety and efficacy of DES. Dr. Lerner will testify that Bristol-Myers Squibb Company or its predecessors or related entities were reasonable and acted in accordance with the industry, clinical and epidemiological practices in the manner in which they responded to the adverse events that were reported to be associated with the drug.

Dr. Lerner may also testify in rebuttal to the testimony of Plaintiff's experts. Dr. Lerner's curriculum vitae is attached hereto as "Exhibit C" and is incorporated herein.

4

3.    This Defendant reserves its right to call Edith Potter, M.D. (deceased) (by deposition or videotape deposition).

4.    This Defendant reserves its right to call Theodore G. Klumpp, M.D. (deceased) (by deposition or videotape deposition).

5.    This Defendant reserves its right to call Don Carlos Hines, M.D. (by deposition or videotape deposition).

6.    This Defendant reserves its right to offer the opinions of any fact or "hybrid" fact/expert witnesses on any matter within their area of expertise, including all of the Plaintiff, Connie Pavlicas's, treating physicians and this Defendant's employees or former employees and company consultants.

The aforementioned expert opinions may be amended and/or supplemented as discovery progresses. Since none of Plaintiff's experts have yet been deposed in the above-captioned case, this designation is preliminary. This designation will be supplemented, as necessary, after the depositions of Plaintiff's experts have been completed and all other discovery and investigation has been completed in the above-captioned case.

Respectfully submitted,

/s/ Sidney G. Leech
Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
D.C. Bar No. 472101
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
*Attorneys for Defendant,*
*Bristol-Myers Squibb Company*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of May, 2007, a copy of Bristol-Myers

Squibb Company's Rule 26(b)(4) Statement was mailed via first-class mail, postage

prepaid, to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036; *Attorney for Plaintiffs*

Michelle R. Mangrum, Esquire
Shook Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

David W. Brooks, Esquire
Shook, Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64109; *Attorneys for Eli Lilly & Company*

Elizabeth Ewert, Esquire
Michael J. McManus, Esquire
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209; *Attorneys for Defendants Pharmacia and Upjohn Company; Merck & Company; Ortho-McNeil Pharmaceuticals, Inc.*

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102; *Attorneys for Dart Industries, Inc.*

Janet Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204; *Attorneys for GlaxoSmithKline, Inc. and Mallinckrodt, Inc.*

Aaron M. Bailey, Esquire
Goodwin Proctor, LLP
911 New York Avenue, Suite 900
Washington, D.C. 20001 ; *Attorneys for Premo Pharmaceutical Laboratories, Inc.*

Jaime W. Luse, Esquire
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, Maryland 21202; *Attorneys for Elan Pharmaceuticals*

David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia 22314; *Attorneys for Person & Covey, Inc.*

/s/ Sidney G. Leech
Sidney G. Leech

# EXHIBIT A

CURRICULUM VITAE

**NAME**  Stephen G. Somkuti, M.D., Ph.D., F.A.C.O.G.

**ADDRESS**  Abington Reproductive Medicine, P.C.
Division of Reproductive Medicine
Department of Obstetrics and Gynecology
1245 Highland Avenue Suite 404
Abington, PA  19001
(215) 887-2010     Fax (215) 887-3291
Email: ssomkuti@abington-repromed.com or nyuszogo@aol.com

**MARITAL STATUS**     Married: Andrea Katalin  Children: Livia and Michael

**PRESENT ACADEMIC AND HOSPITAL APPOINTMENTS**

| | |
|---|---|
| 1995 | Attending Physician, Division of Reproductive Endocrinology Department of Obstetrics and Gynecology, Abington Memorial Hospital, Abington, PA |
| 1995 | Attending Physician, Department of Obstetrics and Gynecology, Lower Bucks Hospital, Bristol, PA |
| 1995 | Attending Physician, Department of Obstetrics and Gynecology, Doylestown Hospital, Doylestown, PA |
| 1995 | Clinical Assistant Professor, Division of Reproductive Endocrinology Department of Obstetrics and Gynecology, Jefferson Medical College, Philadelphia, PA |
| 1995 | Visiting Scientist, Department of Biology, Lehigh University, Bethlehem, PA |
| 1996 | Clinical Assistant Professor, Division of Reproductive Endocrinology Department of Obstetrics and Gynecology, Temple University School of Medicine, Philadelphia, PA |
| 1998 | Medical Director, In Vitro Fertilization Program, The Toll Center for Reproductive Medicine, Abington Memorial Hospital, Abington, PA |

**EDUCATION**

| | |
|---|---|
| 1982 | B.A./B.A., (Biology/German) Lehigh University, Bethlehem, PA |
| 1986 | Ph.D., (Reproductive Toxicology and Pharmacology) Duke University, Durham, NC |
| 1989 | M.D., University of North Carolina at Chapel Hill, Chapel Hill, NC |
| 1993 | Residency, Obstetrics and Gynecology, Duke University Medical Center, Durham, NC |
| 1995 | Fellowship, Reproductive Endocrinology and Fertility, Memorial Hospital University of North Carolina at Chapel Hill, Chapel Hill, NC |

## HONORS AND AWARDS

| | |
|---|---|
| 1978 | Freshman Lehigh University Honors |
| 1979 | Baylor College of Medicine Summer Student Program in Cell Biology |
| 1980 | Baylor College of Medicine Summer Student Program in Cell Biology |
| 1981 | Omicron Delta Kappa, (ODK) Leadership Honor Society |
| 1982 | National Institutes of Health Predoctoral Traineeship Award |
| 1985 | Sigma Xi, Scientific Honor Society |
| 1985 | National Institutes of Health Pharmacology Research Associate Award (PRAT) |
| 1986 | Society of Toxicology Predoctoral Award |
| 1986 | Duke University Graduate School Honors |
| 1988 | Society of Toxicology Predoctoral Award |
| 1986 | Recipient of Student Foreign Fellowship for Study Abroad, UNC School of Medicine |
| 1987 | First Place Poster Award at Student Research Day, UNC School of Medicine |
| 1988 | UNC School of Medicine Senior Year Honors |
| 1992 | First Pace Award, Resident Research Day Competition, Duke University OB/GYN |
| 1993 | First Pace Award, North Carolina ACOG Annual Meeting Resident's Research Paper Competition |
| 1994 | Second Prize, District IV ACOG Annual Meeting, Poster Presentation |
| 1999 | "Top Doc" for Women's Health in Infertility, Philadelphia Magazine |

## SPECIALTY BOARD CERTIFICATIONS

| | |
|---|---|
| 1996 | Board Certified, American Board of Obstetrics and Gynecology |
| 1998 | Board Certified, American Board of Obstetrics and Gynecology, Subspecialty Reproductive Endocrinology and Infertility |

## LICENSURE

| | |
|---|---|
| 1990 | North Carolina  # 39746 issued 9/29/90 |
| 1995 | Commonwealth of Pennsylvania Licensed Physician and Surgeon, # MD-055558-L issued 3/13/95 |

## PREVIOUS ACADEMIC AND HOSPITAL APPOINTMENTS

| | |
|---|---|
| 1982 | Research Associate, Smith Kline and French Laboratories |
| 1986 | Postdoctoral Associate, Duke University Department of Pharmacology |
| 1987 | National Institutes of Environmental Health Sciences (NIEHS) Visiting Scientist |

1989-93   Clinical Instructor, Obstetrics and Gynecology, Duke University
1993-95   Clinical Instructor, Reproductive Endocrinology, Obstetrics and
          Gynecology, University of North at Carolina Chapel Hill

## EDITORIAL ACTIVITIES

1989-94   Abstract Referee, Society for the Study of Reproduction
1992-     Manuscript Referee, Reproductive Toxicology
1993-     Manuscript Referee, Obstetrics and Gynecology
1995-     Editorial Board, Reproductive Toxicology
1995-     Manuscript Referee, Fertility and Sterility
1999-     Advisory Panel, Obstetrics and Gynecology Management

## PROFESSIONAL ORGANIZATION MEMBERSHIPS AND POSITIONS

1982-     Society of Toxicology
1984-     American Society of Andrology
1986-     North Carolina Medical Society
1986-89   American Medical Students Association
1987-     Hungarian-American Medical Association
1992-     American Society for Reproductive Medicine
1995-     The Obstetrical Society of Philadelphia
1996-     The Society for Male Reproduction and Urology
1997-     American College of Obstetricians and Gynecologists, Fellow (FACOG)
1998-     The Society for Reproductive Endocrinology and Infertility
1998-     Board of Directors, Hungarian American Medical Association
2000-     Consultant to the Obstetrics and Gynecology Devices Panel of the Medical
          Devices Advisory Committee, Center for Devices and Radiological
          Health, Food and Drug Administration (FDA)

## TEACHING POSITIONS

1989-93   Clinical Instructor, Duke University Medical Center, Medical Students
          Obstetrics and Gynecology Rotations
1987-95   Lecturer, Duke University, Mammalian Toxicology Course, Graduate
          Students
1993-95   Clinical Instructor, University of North Carolina at Chapel Hill, Medical
          Student Core Lecture in Reproductive Biology
1995      Member, Ph.D. Dissertation Committee, Lehigh University
1995      Member, Resident Education Committee, Abington Memorial Hospital
          Residency Program in Obstetrics and Gynecology

## RESEARCH GRANTS AND ONGOING STUDIES

1995-97    American Society for Reproductive Medicine/TAP Pharmaceuticals Research Grant in Reproductive Endocrinology. Growth Factor Regulation of Human Uterine Receptivity Markers in the Peri-implantation Period, $20,000. Principal Investigator: Stephen G. Somkuti, M.D., Ph.D.

1994-96    American College of Obstetricians and Gynecologists/Ciba Pharmaceutical Company Fellowship for Research in Endocrinology of the Postreproductive Woman. Integrin Expression in Cultured Human Endometrial Epithelium: An in vitro Study Characterizing Markers of Uterine Receptivity, $25,000. Principal Investigator: Stephen G. Somkuti, M.D., Ph.D.

1996    Serono Laboratories: An open label, multicenter, non-comparative phase 3, outpatient study to assess the safety of recombinant LH (r-LH) for compassionate use in patients undergoing ovulation induction for multiple follicular development for assisted reproductive technologies.

1999-    Participant in multicenter trial, Jefferson Medical College, Division of Reproductive Endocrinology: Multicenter randomized trial of the use of the Insulin sensitizing agent metformin in anovulatory polycystic ovary patients.

1999    Ferring Pharmaceuticals, Inc. Randomized open label multicenter study evaluating the efficacy of purified FSH in anovulatory and oligoovulatory female patients for ovulation induction.

1999    Jefferson Medical College, Division of Pediatric Endocrinology, Genetics of Ovarian Failure.

1999-    Lehigh University, Department of Biology. Anti-zonapellucida antibodies in women with premature ovarian failure.

2000-1    Ferring Pharmaceuticals, Inc. Randomized open label multicenter study evaluating the efficacy of purified FSH in female patients for in vitro fertilization.

2001-    Ferring Pharmaceuticals, Inc. Randomized open label, parallel group, multicenter, efficacy study in anovulatory or oligoovulatory infertile female patients comparing purified Repronex sc, purified repronex im, and repronex sc for ovulation induction.

2001    A randomized, open label, parallel group, multicenter, efficacy study comparing purified FSH sc and Follistim sc, In female patients undergoing In vitro fertilization (IVF)

2002    Venane Pharma Inc. A multicenter, prospective, open-label evaluation of the use of intravaginally administered Danazol on patients with moderate to severe pain associated with endometriosis

2002–    Organon Pharmaceuticals, Inc. Oral contraceptive pretreatment for scheduling in Follistim/Antagon vs. Follistim/Lupron cycles in patients undergoing in vitro fertilization and Intracytoplasmic sperm injection (ICSI) treatment.

2002–    Biosense Corporation, Inc. An intravaginal devise (Biometer) for use in ovulation prediction and natural family planning.

<u>LANGUAGES</u>

Hungarian
German

## PUBLICATIONS

### PEER-REVIEWED PAPERS

Somkuti, S.G., Hildebrandt, J.D., Herberg, J.T., and Iyengar, R., (1982). Divalent cation regulation of adenylyl cyclase, an allosteric site on the catalytic component. Journal of Biological Chemistry 257:6387-6393.

Lester, B.R., Sheppard, J.R., Burman, M., Somkuti, S.G., and Stassen, F.L., (1985). Desensitization of LLC-PKI cells by vasopressin results in receptor down- regulation. Molecular and Cellular Endocrinology 40: 193-204.

Somkuti, S.G., Lapadula, D.M., Chapin, R.E., Lamb, J.C., IV and Abou-Donia, M.B., (1987). Testicular toxicity following oral administration of tri-o-cresyl phosphate (TOCP) in roosters. Toxicology Letters 37:279-290.

Somkuti, S.G., Lapadula, D.M., Chapin, R.E., Lamb, J.C., IV, and Abou-Donia, M.B., (1987). Reproductive tract lesions resulting from sub-chronic administration (63 days) of tri-o-cresyl phosphate in male rats. Toxicol. Appl. Pharmacol. 89:49-63.

Somkuti, S.G., Lapadula, D.M., Chapin, R.E., Lamb, J.C., IV, and Abou-Donia, M.B., (1987). Time course of the TOCP-induced testicular lesion in F344 rats: enzymatic, hormonal, and sperm parameter studies. Toxicol. Appl. Pharmacol. 89:64-72.

Somkuti S.G., Tilson, H.E., Brown, R.E., Campbell, G.A., Lapadula, D.M., and Abou-Donia, M.B. (1988) Lack of delayed neurotoxic effect after tri-o-cresyl phosphate treatment in male Fischer 344 rats: biochemical, neurobehavioral and neuropathological studies. Fundam. Appl. Toxicol. 10, 199-205.

Chapin, R.E., Phelps, J.L., Somkuti, S.G., Heindel, J.H., and Burka, L.T. (1990) The interaction of Sertoli and Leydig cells in the testicular toxicity of tri-o-cresyl phosphate. Toxicol. Appl. Pharmacol. 104:483-495.

Somkuti, S.G. and Abou-Donia, M.B. (1990) Disposition, elimination, and metabolism of tri-o-cresyl phosphate following daily oral administration in Fischer 344 male rats. Arch. Toxicol. 64:572-579.

Somkuti, S.G., Lapadula, D.M., Chapin, R.E., and Abou-Donia, M.B. (1991). Light and electron microscopic evidence of tri-o-cresyl phosphate (TOCP)-mediated testicular toxicity in Fischer 344 rats. Toxicol. Appl. Pharmacol. 107:35-46.

Steege, J., Stout, A.L., and Somkuti, S.G. (1991) Chronic Pelvic Pain in Women: toward an integrative model. J. Psychosomatic Obstet. Gynecol. 12: suppl., 3-30.

Somkuti, S.G., Vieta, P.A., Daugherty, J.F., Hartley, L.W., and Blackmon, E.B. (1994) Transvaginal evisceration following hysterectomy in premenopausal women: a presentation of three cases. A. J. Obstet. Gynecol. 171:567-569.

Somkuti, S.G., Sun, J., Yowell, C.W., Fritz, M.A., and Lessey, B.A. (1996) The effect of oral contraceptives on markers of endometrial receptivity. Fertil. Steril. 65:484-488.

Somkuti, S.G., Semelka, R.C., Davenport, M.A., and Fritz, M.A. (1996) Preoperative evaluation of intersex patients with pelvic magnetic resonance imaging in search of Y chromosome-bearing gonadal tissue. Fertil. Steril. 65:1062-1064.

Lessey, B.A., Ilesanmi, A.O., Castelbaum, A.J., Yuan, L., Somkuti, S.G., Satyaswaroop, P.G., and Chwalisz, K. (1996) Characterization of the functional progesterone receptor n a well-differentiated endometrial adenocarcinoma cell line (Ishikawa): Progesterone-induced expression of the alpha 1 integrin. J. Steroid Biochem Mol. Biol. 59:31-39.

Castelbaum, A.J., Ying, L., Somkuti, S.G., Sun, J., Ilesanmi, A.O., and Lessey, B.A. (1997) Characterization of integrin expression in a well differentiated endometrial adenocarcinoma cell line (Ishikawa). J Clin Endocrinol Metab 82: 136-142.

Somkuti, S.G., Yuan, Y., Fritz, M.A., and Lessey, B.A. (1997) Epidermal growth factor and sex steroids dynamically regulate a marker of endometrial receptivity in Ishikawa cells. J Clin Endocrinol Metab 82: 2192-2197.

Meyer, W.R., Castelbaum, A.J., Somkuti, S.G., Sagoskin, A.W., Doyle, M., Harris, J.E., and Lessey, B.A. (1997) Hydrosalpinges adversely affect markers of endometrial receptivity. Human Reprod. 12: 1393-1398.

Lessey, B.A., Somkuti, S.G., Castelbaum, A.J., Young, S.L., Wolf, L., and Fritz, M.A. (1998) Improvement on pregnancy rates with GnRH agonist in women with infertility, minimal, or mild endometriosis and aberrant $\alpha v \beta 3$ expression. Fertil. Steril. Submitted

Meyer, W.B., Beyler, S., Baker, T., Somkuti, S., Lowden, D., and Grainger, D. (1999) The value of post hCG estradiol in predicting pregnancy in assisted reproductive technologies. Fert Steril . submitted

Somkuti, S.G., Wachtel, S., Schinfeld, J., Jackson, L, Therapel, A. T., and DiGeorge, A. (2000) Monozygotic twins with discordant sex phenotype. Fert Steril 74:1254-6.

Wachtel, S.S., Somkuti, S.G., and Schinfeld, J.S. (2000) Monozygotic twins of opposite sex  Cytogenet Cell Genet 91: 293-295

Estes, S.J., Laky, D.C., Hoover, L.M., Smith, S.E., Schinfeld, J.S., and Somkuti, S.G. (2003) Successful pregnancy resulting from cryopreserved pronuclear and cleaved embryos thawed and cultured to blastocysts, refrozen and transferred.  J.Reprod Med (in press).

## PEER-REVIEWED ABSTRACTS

Somkuti, S.G., Lapadula, D.M., Chapin, R.E., Lamb, J.C., IV, and Abou-Donia, M.B., (1986) Testicular toxicity of tri-o-cresyl phosphate in Fisher 344 rats. The Toxicologist. 6, 29-P.

Somkuti, S.G., Lapadula, D.M., Chapin, R.E., Lamb, J.C., IV, and Abou-Donia, M.B., (1986).   The morphogenesis and ultrastructural development of the tri-o-cresyl phosphate induced testicular lesion in Fisher 344 rats. The Toxicologist 6, 290.

Somkuti, S.G., Lapadula, D.M., Chapin, R.E., Lamb, J.C., IV, and Abou-Donia, M.B., (1986).   The spectrum of tri-o-cresyl phosphate's effects on the male reproductive system: effects on multiple cell types. J. Andrology 7, 30-P.

Somkuti, S.G., Chapin, R.E., Lapadula, D.M., Othman, M.A., and Abou-Donia, M.B. (1988)    The metabolism of tri-o-cresyl phosphate (TOCP) by rat testis. The Toxicologist  8,118.

Chapin, R.E., Somkuti, S.G., Phelps, J.L., Heindel, J.J., Lapadula, D.M., and Abou-Donia, M.B. (1988) The effects of saligenin cyclic-o-tolyl phosphate (SCOTP) on primary sertoli cell cultures. The Toxicologist 8, 13.

Somkuti, S.G., Chapin, R.E., Lapadula, D.M., Othman, M.A., Heindel, J.J., and Abou-Donia, M.B. (1988) Metabolic activation of a reproductive toxicant by the testis: In vivo and in vitro studies. J. Andrology 9, 29-P.

Lei, Y., Castelbaum, A.J., Yowell, C.W., Somkuti, S.G., and Lessey, B.A. (1994) Characterization of integrin subunits in a hormone-responsive endometrial carcinoma cell line. 76th Annual Meeting of the Endocrine Society June 15-18, Anaheim, CA. Abstract # 197, p.250.

Somkuti, S.G., Heindel, J.J., and Chapin, R.E. (1994) Between in vivo and in vitro: Stage specific seminiferous tubules as a tool in mechanistic reproductive toxicology studies. J. Andrology 15,   69-P.

Somkuti, S.G., Yowell, C.W., and Lessey, B.A. (1994) The effect of oral contraceptives on markers of uterine receptivity. 50th Annual Meeting of the American Fertility Society November 5-10, San Antonio, TX Abstract # O-139, p. S68.

Somkuti, S.G., Yowell, C.W., Lei, Y., and Lessey, B.A. (1995) Epidermal growth factor and human uterine receptivity: regulation of the avb3 integrin vitronectin receptor. J. Soc. Gynecol. Invest. 2, O120.

Lessey, B.A., Castelbaum, A.J., Bellardo L., Shell, K., Sun, J., and Somkuti, S.G. (1995) Defective endometrial receptivity, an under-appreciated cause of idiopathic recurrent pregnancy loss. 51rst Annual Meeting of the American Fertility Society October 7-12, Seattle, WA. Abstract # P-054, p. S26.

Meyer, W.B., Novotny, D.B., Wolf, L.J., Somkuti, S.G., Lessey, B.A. And Fritz, M.A. (1996) Effects of controlled ovarian hyperstimulation on endometrial maturation in oocyte donors. J. Soc. Gynecol. Invest. 3; P...

Lessey, B.A., Castelbaum, A.J., Somkuti, S.G., Harris, J., Sun, J., Young, S.L., and Wolf, L. (1996) Improvement on pregnancy rates with GnRH agonist in women with infertility, minimal, or mild endometriosis and aberrant αvβ3 expression. 52nd Annual Meeting of the American Fertility Society November 2-6, Boston, MA Abstract # O-165, p. S82.

Meyer, W.B., Beyler, S., Baker, T., Somkuti, S., Lowden, D., and Grainger, D. (1998) The value of post hCG estradiol in predicting pregnancy in assisted reproductive technologies. 54th Annual Meeting of the American Fertility Society October 4-9, San Francisco, CA Abstract # P-089, p. S154.

Wachtel, S., Somkuti, S.G., Jackson, L, DiGeorge, A., Senzon, S., and Schinfeld, J. (1998) Monozygotic twins of opposite sex. Annual Meeting of the American Society of Genetics, Denver, CO.

Yudis, M., Ghantous, V., Sirota, R., Stein, H., Snipes, E., Gronich, J., Collins, D., Schinfeld, J., and Somkuti, S. (2000) Peritoneal drainage for refractory ascites and oliguric acute renal failure secondary to ovarian hyperstimulation syndrome- a probable abdominal compartment syndrome. Annual Meeting of the American Society of Nephrology JSAN 11:136A.

Marshall, D.C., Webster, B.B., Najmabadi, S., Dickey, R.P., Crain, J.L., Somkuti, S.G., Magarelli, P., Elkind-Hirsch, K., and Steinkampf, M.J. (2002) Highly Purified (HP) Repronex SC and HP-Repronex IM are as effective as Repronex SC in a prospective randomized clinical trial evaluating controlled ovarian hyperstimulation (COH) in patients undergoing in vitro fertilization (IVF). Fert Steril 77(4):suppl 3 S15.

## BOOK CHAPTERS, REVIEWS and LETTERS

Steege, J.F., Stout, A.L., and Somkuti, S.G. (1993) Chronic Pelvic Pain in Women: Toward an integrative model. Obstet. Gynecol. Survey 48(2): 95-110.

Somkuti, S.G. (1993) Part I. Contraception: New Progestins. Curr. Pract. Obstet. Gynecol. 13(4):2.

Somkuti, S.G. (1994) Part II. Contraception: New Progestin Delivery Systems. Curr. Pract. Obstet. Gynecol. 14(1):6.

Meyer, W. F. and Somkuti, S.G. (1994) Galactose and Ovarian Physiology. Seminars in Reproductive Endocrinology 12(2):85-89.

Somkuti, S.G. (1995) Environmental and Behavioral Factors Associated with Decreased Female Fertility. Infertility and Reproductive Medicine Clinics of North America 6(1): 77-93.

Somkuti, S.G. and Lessey, B.L. (1995) Advances in the Assessment of Endometrial Function. Infertility and Reproductive Medicine Clinics of North America 6(2):303-328.

Somkuti, S.G. And Vieta, P.A. (1995) Reply to the Editors: Transvaginal evisceration following hysterectomy in premenopausal women: a presentation of three cases. A.J. Obstet. Gynecol. 172:1656.

Lessey, B.A., Castelbaum, A.J., Somkuti, S.G., Yuan, L., and Chwalisz, K. (1997) Clinical Significance of Integrin Cell Adhesion Molecules as Markers of Endometrial Receptivity. The Endometrium as a Target for Contraception. Ernst Schering Research Foundation Workshop 18; 193-221.

Somkuti, S.G. editor  Pearls of Obstetrics and Gynecology (2001) Boston Medical Publishing Company

Olsen, Martin E. and Somkuti S.G. Pediatric and Adolescent Gynecology in Pearls of Obstetrics and Gynecology (2001) Boston Medical Publishing Company pp.257-263.

Somkuti, S.G. Hyperandrogenism in Pearls of Obstetrics and Gynecology (2001) Boston Medical Publishing Company pp. 425-432.

## MEDIA

1998: Wyeth Ayerst Laboratories Promotional video on Crinone 8% Progesterone Vaginal Gel use in Assisted Reproductive Technologies

1998: "Medical Answers: Infertility"  WNVT-TV Public Broadcasting System 10-11PM November 25th, 1998

1999: "Let's Talk Health: Infertility" WPHT 1210AM Radio Talk show March 7, 1999

1999: Channel 3 KYW TV interview on IVF March 30, 1999

1999: KYW 1210 AM Talk Radio interview on IVF April 2, 1999

## INVITED LECTURES

American Hungarian Medical Society Annual Meeting: The Male Reproductive System as a Target of Various Toxicants, Sarasota, October 1987

American Hungarian Medical Society Annual Meeting; Recent Progress in Infertility Evaluation, Sarasota, October 1990.

American Hungarian Medical Society Annual Meeting; Treatment Approaches to the Patient With Chronic Pelvic Pain, Sarasota, October 1991.

F. Bayard Carter Society of Obstetricians and Gynecologists, 41rst Annual Meeting; Between in vivo and in vitro: stage-specific seminiferous tubule cultures as a tool in mechanistic reproductive toxicology, Charleston, October 1992.

Medical Endocrinology/Pediatric Endocrinology Conference at the University of North Carolina Memorial Hospital; Panhypopituitarism, Chapel Hill, April, 1994.

Nash General Medical Center Department of Obstetrics and Gynecology Grand Rounds; Androgen Insensitivity Syndrome, Rocky Mount, April 1994.

Memorial Mission Hospital Grand Rounds; Androgen Secreting Tumors of the Ovary, Asheville, June 1994.

New Hanover Memorial Hospital, Department of Obstetrics and Gynecology Grand Rounds; Alternatives to Hysterectomy: Update of the recent NIH conference, Wilmington, August 1994.

F. Bayard Carter Society of Obstetricians and Gynecologists, 44th Annual Meeting; Transvaginal Ultrasound Assessment of Uterine Receptivity, Durham, September 1994.

National Institutes of Environmental Health Sciences Reproductive Biology Seminar Series; Characterization of Integrin Expression in Human Endometrium, Research Triangle Park, January 1995.

Maria Parham Hospital Grand Rounds; Endocrine Etiologies of Amenorrhea, Henderson, February 1995

New Hanover Memorial Hospital, Department of Obstetrics and Gynecology Grand Rounds; Hyperprolactinemia, Wilmington, March 1995.

Lehigh University, Department of Molecular Biology Seminar, Integrins as Markers of Uterine Receptivity, March, 1995.

New Hanover Memorial Hospital, Department of Pediatrics Grand Rounds; Precocious Puberty, Wilmington, April 1995.

Jefferson Medical College, Serono Symposia USA, Insights into Infertility: Challenges and Choices, Advanced Reproductive Technologies, March 1996.

Jefferson Medical College, Serono Symposia USA, Insights into Infertility: Challenges and Choices, Ovulation Induction Strategies, March 1997.

Lehigh University, Department of Molecular Biology Seminar, The Diagnostic Dilemma of Identical (monozygotic) Male/Female Twin Siblings, October, 1997.

Jefferson Medical College, Serono Symposia USA, Insights into Infertility: Challenges and Choices, Advances in In Vitro Fertilization, November 1998.

Pennsylvania Hospital, Greater Philadelphia Comprehensive OB/GYN Review Course, Spontaneous Abortion, Recurrent Abortion, and Ectopic Pregnancy, April 10, 1999.

Research Triangle Area Reproductive Endocrinologists, Towards optimizing Blastocyst Development, Chapel Hill, October 1999

University of Florida, Division of Reproductive Endocrinology, Towards optimizing Blastocyst Development, Gainesville, October, 1999

Jefferson Medical College, Assisted Reproductive Technologies Symposium, November 1999.

Pennsylvania Hospital, Greater Philadelphia Comprehensive OB/GYN Review Course, Spontaneous Abortion, Recurrent Abortion, and Ectopic Pregnancy, April 8, 2000.

Chestnut Hill Hospital, Department of Obstetrics and Gynecology Grand Rounds, Advances in ART, Chestnut Hill, May 2001

Pennsylvania Pharmacists Association, The Newest Gonadotropin Therapies, Philadelphia, July, 2002

# EXHIBIT B

**Abington Reproductive Medicine, P.C.**

Jay S. Schinfeld, M.D.
Stephen G. Somkuti, M.D., Ph.D.
Larry I. Barmat, M.D.
Minoos Hosseinzadeh, M.D.

Sidney G. Leech
Goodell, DeVries, Leech and Dann, LLP
One South St., 20ᵗʰ Floor
Baltimore, MD  21202

Re: Connie Franco Pavlicas v. Eli Lilly & Company et al.

Dear Mr. Leech:

I have reviewed the medical records on Ms. Pavlicas and her claim that exposure to alleged maternal ingestion of DES in utero has caused her infertility and malfunction of her reproductive organs. I am a board certified Obstetrician Gynecologist and subspecialty certified Reproductive Endocrinologist with 13 years of experience having treated thousands of patients with infertility, including those with DES exposure. I have lectured extensively on recurrent miscarriage and I have recently authored a review textbook on Obstetrics and Gynecology.

In my opinion, Ms. Pavlicas has other obvious significant risk factors for her infertility. Therefore, within a reasonable degree of medical certainty, her DES exposure is an unlikely cause of her infertility.

Ms. Pavlicas has had multiple ultrasounds documenting the presence of up to three uterine fibroids 1.5cm, 1.9cm and 2.3 cm in size. There is published evidence that suggests such intramural fibroids may increase the risk for miscarriages and for fertility problems.

Ms. Pavlicas went through multiple infertility treatments including injectable gonadotropins and artificial inseminations. A note from 5/29/1996 during a treatment cycle states that her response to injectable gonadotropins is "poor" and her medication dosage is increased to high levels (4amps/day). Furthermore, on May 31, 1996, a note states she had only one follicle develop in response to the fertility medications and therefore the "patient is a poor responder". A decision is then made to pursue in vitro fertilization (IVF). She successfully undergoes an IVF/Gamete intrafallopian tubal transfer (GIFT) procedure in February of 1997 with a positive pregnancy test. There were three remaining oocytes in the IVF laboratory that were not transferred. Two of three oocytes were graded as immature and none of these subsequently fertilized. The GIFT resulted in an intrauterine pregnancy. At a six to seven week ultrasound on May 4, 1997 no heart beat was seen. It is well know that the vast majority of first trimester miscarriages are due to a chromosomal aneuploidy or genetic defect. It appears that at

1245 Highland Avenue, Suite 404      (215) 887-2010   (215) 887-3291 fax
Abington, Pennsylvania 19001      www.abington-repromed.com

this point she elected not to have the recommended D+E but rather to allow a spontaneous miscarriage to occur. She ultimately undergoes a D+E four months later on September 4, 1997. Dr. Kreiner's operative report states copious necrotic tissue adherent to the uterine cavity was found and a "rougher than desired sharp curettage had to be performed in order to remove the tissue". She then calls his office on September 5, 1997 with chills and fevers to 100.3 F suggestive of a postprocedural infection.

Ms. Pavlicas has had multiple hysterosalpingograms (HSG). I have reviewed the available films personally along with three other board certified reproductive endocrinologists. The HSG film from March 13, 1995 reveals no scar tissue in the uterine cavity. An office note that same day states "this should not be preventing her from getting pregnant". The uterine cavity on the HSG from December 4, 1997 (done after her D+C for a missed abortion on September 4, 1997 by Dr. Kreiner) reveals significant intrauterine scar tissue. A repeat HSG on March 17, 1998 also reveals significant intrauterine adhesions. At that time she is referred to Dr. Neuwirth who performs multiple hysteroscopies, cervical dilations and lysis of adhesions as well as an intracavitary balloon placement. He also prescribes high dose estrogen therapies. An HSG on July 30, 1998 revealed a significantly improved appearing uterine cavity.

On June 22, 1995, she undergoes a laparoscopy that reveals on the left, "extensive periadnexal adhesions", filmy in nature, "most likely related to a previous ruptured cyst". The left ovary was "fixed to the sidewall and broad ligament". A note from September 8, 1995 states the patient has left sided pain and on ultrasound examination, a clear five cm left ovarian cyst is seen. On June 6, 2000 she undergoes another laparoscopy with a left salpingoophorectomy for an ovarian cyst that on pathology was benign in nature. The operative note states that lysis of adhesions were performed around the left adnexal area in order to remove the fallopian tube and ovary.

Ms. Pavlicas is also over 35 years old qualifying her as advanced maternal age that is a known risk factor for miscarriage and infertility.

Ms. Pavlicas' husband was a smoker. Second hand cigarette smoking has been implicated in increasing the risk for diminishing egg quality/infertility and miscarriages. He also had borderline sperm motility at 53% on a semen analysis.

I would like to also point out that the expert report prepared by Dr. David Kreiner contains an inaccuracy. He states Ms. Pavlicas' age as 33 when she presented to Long Island IVF on November 21, 1996. In fact she is 37 years old at that time.

In summary, Ms. Pavlicas has obvious alternative reasons for having infertility. A history of advanced maternal age, poor oocyte quality, poor response to fertility medications, predisposition to cyst formation, exposure to toxic substances, a missed miscarriage with resulting intrauterine scar tissue formation and infection necessitating multiple procedures and therapies, the presence of uterine fibroids, the removal of a benign ovary and fallopian tube, the presence of pelvic adnexal adhesions and borderline sperm motility all suggest alterative explanations for her reproductive situation.

I remain available for further review. I am willing to give depositions and testify at trial at an hourly rate of $600/hr.

Sincerely yours,

Stephen G. Somkuti MD, Ph.D.
Director, The Toll Center for Reproductive Sciences and
Associate Professor of Obstetrics and Gynecology
Temple University school of Medicine

# EXHIBIT C

EXHIBIT C

CURRICULUM VITAE

June 1999

LEONARD J. LERNER, PH.D.

| | |
|---|---|
| OFFICE ADDRESS | Department of Biochemistry and Molecular Pharmacology<br>Jefferson Medical College<br>Thomas Jefferson University<br>1020 Locust Street<br>Philadelphia, PA 19107<br>Tel: (215) 503-5563 |
| HOME ADDRESS | C-5 Windsor Castle<br>Cranbury, NJ 08512<br>Tel: (609) 448-5191 |
| PLACE OF BIRTH | New Jersey, USA. |

EDUCATION

| | | |
|---|---|---|
| 1954 | Ph.D. | Rutgers University, Graduate School, New Brunswick, N.J. |
| 1953 | M.S. | Rutgers University, Graduate School, New Brunswick, N.J. |
| 1951 | B.A. | Rutgers University, Newark Colleges of Arts and Sciences, Newark, N.J. |
| 1950 | | New York University, Graduate School of Arts and Sciences, New York, N.Y. |
| 1943 | B.S. | Rutgers University, College of Pharmacy, Newark, N.J. |

SPECIAL POST-GRADUATE TRAINING

Pathology, University of Cincinnati Medical School; Administration and Management

PAST AND PRESENT AREAS OF RESEARCH INTEREST

Reproductive Physiology, Adrenal Physiology, Endocrine Cancer, Hormone Antagonism, Nutrition-Endocrine Interrelationships, Central Nervous System-Hormonal and Behavioral Interrelationships, Neuroendocrinology, Growth and Development Physiology, Prenatal and Postnatal Hormonal Balance, Gerontology, Atherosclerosis, Hypocholesterol and Lipid Regulating Agents, Hypoglycemic Agents, Anti-Inflammation, Drug Activity as Related to Pharmaceutical Vehicle, Veterinarian Endocrinology, Diabetes and Hormone Receptors, Insulin and Cardiac Calcium.

MAJOR ACCOMPLISHMENTS IN DRUG RESEARCH

First anti-estrogens leading to drugs used to induce ovulation in the treatment of infertility and for in vitro fertilization, for treatment of breast and uterine cancers, and for altering blood lipids in cardiovascular disease.

First anti-androgens leading to drugs used to treat prostatic carcinomas, benign prostatic hypertrophy, hirsutism and acne.

Development of potent steroidal and non-steroidal anti-inflammatory drugs used orally, parentally and topically.

First injectable long-acting anti-inflammatory corticoid

First injectable long-acting steroidal contraceptive and progestational agent.

Page 2
Curriculum Vitae
Leonard Lerner

First multiphasic oral contraceptive.

Aromatase enzyme (estrogen synthatase) inhibitor.

First agents to inhibit prostaglandin metabolism.

MEMBERSHIP IN SCIENTIFIC SOCIETIES

Endocrine Society
American Association for the Advancement of Science (Fellow)
American Physiology Society
New York Academy of Sciences (Fellow)
American Association for Cancer Research
Sigma Xi
American Society for Pharmacology and Experimental Therapeutics
American Fertility Society
The International Society for Research in the Biology of Reproduction
Society for the Study of Reproduction
Society for Experimental Biology and Medicine
International Study Group for Steroid Hormones

SPECIAL SCIENTIFIC ACTIVITIES

Member of Special Review Committee of the National Cancer Institute

Chairman, Section on Biological and Medical Sciences, New York Academy of Sciences

Vice-Chairman, Section on Biological and Medical Sciences, New York Academy of Sciences

Member of Bureau of Biological Research of Rutgers University

Member of National Cancer Institute, Breast Cancer Task Force

Member of WHO Task Force on Methods for Regulation of Ovum Transport

Member of WHO Task Force on Pharmacological Models

Member of Special Panel Reviewing Biological and Pharmacological Activities of Progestational Drugs for the Food and Drug Administration

Chairman of Guidelines Committee on Long Term Drug Surveillance

Member of Organizing Committee of International Conference on Prostaglandins, Florence, Italy

Members of Organizing Committee of the Italian Group of New York Academy of Sciences

Member of the Steering Committee of the International Study Group for Steroid Hormones

Member of International Committee, Steering Committee and Program Committee of International Study Group for Steroid Hormones

Member of the Program Committee of 78th Annual Meeting of the American Association for Cancer Research

Page 3
Curriculum Vitae
Leonard Lerner

Member of the Animal Care and Experimentation Committee of the Society for the Study of Reproduction

Member of the New York Academy of Sciences Advisory Panel of the Animal Research Committee

Liaison between the above two committees

Organizer of an International Meeting on Animals in Research

Member of the Scientific Advisory Board, First International Symposium on Hormonal Carcinogenesis, Cancun, Mexico 1991

Reviewer of grant proposals for U.S. Dept. of Agriculture, studies in reproduction

Chairman on Committee of Professional Education, American Diabetes Association New Jersey Affiliate

Member of the Board of Directors, American Diabetes Association New Jersey Affiliate

Member of the Concept Review Committee of N.I.H. National Cancer Institute and National Heart Lung and Blood Institute (Long Term Treatment with Tamoxifen as a Prophylaxis Against Breast Cancer, Osteoporosis and Cardiovascular Disorders)

Member of Special Review Committee of National Cancer Institute (Long Term Treatment Comparison of Tamoxifen and Raloxifene as Prophylaxis Against Breast Cancer, Osterporosis and Cardiovascular Disorders)

PROFESSIONAL EXPERIENCE

| | |
|---|---|
| 1991-pres. | Adjunct Professor, School of Nursing, University of Pennsylvania, Philadelphia, PA |
| 1990-1991 | Lecturer in Pharmacology, School of Nursing, University of Pennsylvania, Philadelphia,PA |
| 1988-pres. | Professor of Pharmacology, Department of Pharmacology, Jefferson Medical College, Thomas Jefferson University, Philadelphia, PA |
| 1977-pres. | Research Professor, Departments of Obstetrics and Gynecology and Pharmacology, Jefferson Medical College of Thomas Jefferson University, Philadelphia, PA |
| 1971-1985 | Visiting Professor in Obstetrics and Gynecology, Hahnemann Medical School, Philadelphia, PA |
| 1971-1977 | Director, Department of Endocrinology, Lepetit Research Laboratories, Gruppo Lepetit S.P.A., Milano Italy |
| 1965-1970 | Director, Department of Endocrinology, Squibb Institute for Medical Research, New Brunswick, NJ |
| 1958-1965 | Section Head of Endocrinology, Squibb Institute for Medical Research, New Brunswick, NJ |
| 1954-1958 | Section Head in Endocrine Research, William S. Merrell Company, Cincinnati, Ohio |

TEACHING

Endocrine Pharmacology in the Medical Pharmacology course for medical students at The Thomas Jefferson University (1977-1992)

Drug discovery and development lecture in the General Pharmacology course for graduate students at The Thomas Jefferson University (1979-1987)

Page 4
Curriculum Vitae
Leonard Lerner

Female and Fetal Pharmacology course for graduate students in the School of Nursing, University of Pennsylvania. Course organizer and lecturer (1990-present)

Physiology of Pregnancy and the Fetus course for graduate students in the School of Nursing, University of Pennsylvania. Course organizer and lecturer (1992-present)

Maternal and Fetal Response to Drug Treatment During Pregnancy and Lactation lecture to continuing education students in the School of Nursing, Rutgers University (1996)

Long Term Hormone Replacement Treatment and Osteoporosis lecture to Pharmacist Associations continuing education course in a number of locations in Pennsylvania and New Jersey (1991-1993)

Pathophysiology of Diabetes lectures in a continuing education course for nurses, pharmacists, nutritionists and other health providers sponsored by the American Diabetes Association and the University of Pennsylvania (1979-1991) presented throughout the United States

Pharmacology of Diabetes Drugs lectures in a continuing education course for nurses, pharmacists, nutritionists and other health providers, sponsored by the American Diabetes Association and the University of Pennsylvania (1979-1991) presented in various locations in the United States

CONSULTANT

World Health Organization, Geneva, Switzerland

Food and Drug Administration

Scientific Advisory Board of Progenics, Inc.

NCI-CIDAC Cancergram-Organ Site Carcinogenesis: Reproductive Tract

International and national pharmaceutical companies: Squibb, Johnson and Johnson, Pitman-Moore, Mead-Johnson, Parke Davis, Bristol Myers, Imperial Chemical Corporation, Lepetit, Dow Chemical, Montedison Chemical, Farmitalia Carlo Erba and others.

EDITORIAL BOARDS

| 1966-1986 | Steroids |
| 1966-1972 | Transactions of the New York Academy of Sciences |
| 1966-1992 | The Office Nurse |

AWARDS AND HONORS

| 1963 | Invited Lecturer at Laurentian Hormone Conference (Recent Progress in Hormone Research) |
| 1963 | Elected Fellow of The American Association for the Advancement of Science |
| 1968 | Elected Fellow of The New York Academy of Sciences |
| 1987 | Cover subject of "Cancer Research", Vol 45, March 1 |
| 1989 | Recipient of Eight Cain Memorial Award, 80th Annual meeting of the American Association for Cancer Research, San Francisco, Calif. May 24-27 |

CO-EDITOR

"Research on Steroids", Vol. VI(1975) and Vol. VII(1977) North Holland Press (Amsterdam)

Page 5
Curriculum Vitae
Leonard Lerner

"Research on Steroids", Vol. Viii(1978), Academic PRess, (London and New York)

BOOK REVIEWER

"Steroids"
"International Journal of Fertility"
"Science Books". (approximately 50 reviews)

MANUSCRIPT REVIEWER

A number of scientific journals, annuals and books

PUBLICATIONS

Approximately 160 papers and chapters

PATENTS

Approximately 30 patents have been granted in the USA plus additional foreign patents have been issued

**SUPERIOR COURT FOR
THE DISTRICT OF COLUMBIA**
Civil Division

| | | |
|---|---|---|
| CONNIE PAVLICAS | * | |
| Plaintiff, | * | Case No. 06-CA-06749B |
| | | Judge: Mary A. Terrell |
| v. | * | Next Event:  Close of Discovery |
| | | 6/13/07 |
| ELI LILLY AND COMPANY, et al. | * | |
| Defendants. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*

**DEFENDANT GLAXOSMITHKLINE'S
<u>RULE 26(b)(4) STATEMENT</u>**

One of the defendants, GLAXOSMITHKLINE (GSK"), sued as successor to S.E. Massengill Co., pursuant to this Court's Scheduling Order provides the following expert disclosure statement.

GSK herein adopts the expert designations and expert statements as disclosed by its co-defendants in this case, to the extent that these expert's opinions are not in conflict with GSK's positions in this matter.

GSK also reserves the right to call:

a.    Any expert identified by the Plaintiff;

b.    Any expert not identified to present rebuttal testimony; and

c.    Any other physicians, nurses and/or health care providers who have treated, examined or evaluated the Plaintiff.

Respectfully submitted:


_____/s/Janet K . Coleman_____
Janet K. Coleman  (Bar No.: 497902)
WHITNEY & BOGRIS, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
(410) 583-8000

**Attorneys  for GLAXOSMITHKLINE**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of May, 2007, a true copy of the foregoing GlaxoSmithKline's Rule 26 (b)(4) Statement was electronically filed with the Clerk of the Court through the Court's e-filing service, CaseFile Xpress, and that such e-filing service will send an electronic filing to the following e-filing participants in this manner:

The Honorable Mary A. Terrell
Superior Court of the District of Columbia
500 Indiana Avenue, N.W.
Washington, D.C. 20036

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036

John Coots, Esquire
Judith O'Grady, Esquire
Michelle R. Mangrum, Esquire
Shook, Hardy & Bacon, LLP
600 14th Street, NW, Suite 800
Washington, DC 20005

Sidney G. Leech
Goodell, Devries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202

Elizabeth Ewert, Esquire
Michael J. McManus, Esquire
Drinker Biddle & Reath, LLP
1500 K Street, N.W.
Suite 1100
Washington, DC  20005

Aaron M. Bailey, Esquire
Goodwin Proctor, L.L.P.
901 New York Avenue, N.W.
9th Floor East
Washington, D.C. 20006


David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia 22314


Jamie W. Luse, Esquire
Tydings & Rosenberg, LLP
100 East Pratt St., 26th floor
Baltimore, MD 21201


John F. Anderson
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102


_____/s/Janet K. Coleman_____
Janet K. Coleman

4

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

|  |  |
|---|---|
| CONNIE PAVLICAS | * |
| PLAINTIFF | * |
| | *     Civil Action No.06-CA-6749B |
| v. | * |
| ELI LILLY AND COMPANY | *     Judge Mary A. Terrrell |
| Defendants | Next Event: Close of Discovery |
| | *     June 13, 2007 |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MALLINCKRODT, INC.'S  EXPERT DISCLOSURES

One of the defendants, Mallinckrodt, Inc. ("Mallinckrodt"), pursuant to this Court's Scheduling Order provides the following expert disclosure statement.

Mallinckrodt herein adopts the expert designations and expert statements as disclosed by its co-defendants in this case to the extent that these experts' opinions are not at conflict with Mallinckrodt's positions in this matter.

Mallinckrodt also reserves the right to call:

a.    Any expert identified by the Plaintiff;

b.    Any expert not identified to present rebuttal testimony; and

c.    Any other physicians, nurses and/or health care providers who have treated, examined or evaluated the Plaintiff.

Respectfully submitted :


_____/s/Janet K. Coleman_____
Janet K. Coleman (Bar No.: 497902)
WHITNEY & BOGRIS, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
(410) 583-8000
**Attorneys for Mallinckrodt, Inc.**

2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of May, 2007, a true copy of the foregoing

Mallinckrodt Inc.'s Expert Disclosures was electronically filed with the Clerk of the Court

through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send

an electronic filing to the following e-filing participants in this manner:


The Honorable Mary A. Terrell
Superior Court of the District of Columbia
500 Indiana Avenue, N.W.
Washington, D.C. 20036

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036

John Coots, Esquire
Judith O'Grady, Esquire
Michelle R. Mangrum, Esquire
Shook, Hardy & Bacon, LLP
600 14th Street, NW, Suite 800
Washington, DC 20005

Sidney G. Leech
Goodell, Devries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202


Elizabeth Ewert, Esquire
Michael J. McManus, Esquire
Drinker Biddle & Reath, LLP
1500 K Street, N.W.
Suite 1100
Washington, DC 20005

3

Aaron M. Bailey, Esquire
Goodwin Proctor, L.L.P.
901 New York Avenue, N.W.
9th Floor East
Washington, D.C. 20006


David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia 22314


Jamie W. Luse, Esquire
Tydings & Rosenberg, LLP
100 East Pratt St., 26th floor
Baltimore, MD 21201


John F. Anderson
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102


                                   /s/Janet K. Coleman
                                   Janet K. Coleman

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| **CONNIE PAVLICAS,** | \* |
| | \* |
| | \* |
| **Plaintiff,** | \* |
| | \* **CIVIL ACTION NO. 2006 CA 006749 B** |
| **vs.** | \* |
| | \* **Judge Mary A. Terrell** |
| **ELI LILLY AND COMPANY, et al.,** | \* |
| **Lilly Corporate Center** | \* |
| **Indianapolis, IN 46285** | \* |
| | \* |
| **Defendants.** | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT ELI LILLY AND COMPANY'S
### RULE 26(b)(4) STATEMENT

Pursuant to the Court's December 15, 2006 Scheduling Order, defendant Eli Lilly and Company ("Lilly") submits the following Rule 26(b)(4) Statement. Lilly has not made a final decision on which witnesses it will call to give expert testimony at the trial of this case. Lilly reserves the right to designate additional experts and/or to ask any of the witnesses designated herein to expand the scope and/or nature of his or her testimony as described herein in response to the nature and scope of the expert testimony offered by plaintiff and to the extent other facts are developed through further investigation. Lilly also reserves the right to call and elicit expert testimony from any of plaintiff's health care providers. Subject to these qualifications, Lilly may call as expert witnesses the following individuals who are expected to testify substantially as set out below.

138702v1

1.   A. Brian Little, M.D.
     Department of Obstetrics and Gynecology
     UMDNJ New Jersey Medical School
     185 S. Orange Avenue, MSB E506
     Newark, New Jersey 07103

Dr. Little is Clinical Professor of the Department of Obstetrics and Gynecology at UMDNJ-New Jersey Medical School in Newark, New Jersey. As set out in his C.V., attached, he received his medical training at McGill University and was awarded an M.D. degree in 1950. Dr. Little completed an internship at Montreal General Hospital and attended Harvard Medical School for his residency at Boston Lying-In Hospital and Free Hospital for Women. In addition to his current faculty position, he has been on the faculties in various capacities including Department Chairman, at several universities, including Case Western University and McGill University. Dr. Little is board certified in obstetrics and gynecology and also in reproductive endocrinology.

If called, Dr. Little will testify concerning the state of medical knowledge and research regarding hormones, including diethylstilbestrol, at the relevant time periods. Dr. Little will testify (to a reasonable degree of medical certainty, where applicable) concerning whether pharmaceutical companies had conducted appropriate testing prior to marketing diethylstilbestrol and whether Lilly, and perhaps other drug companies, communicated appropriate information concerning the use of diethylstilbestrol to the medical profession. In addition, if efficacy of diethylstilbestrol is an issue, Dr. Little will testify on that issue as well.

Dr. Little will testify about human reproductive endocrinology and the state of medical knowledge of that subject at various times. He will testify that estrogen and progesterone are hormones produced naturally by a woman's body. Among other things, they help regulate the menstrual cycle and maintain pregnancy. Dr. Little will testify that during

human pregnancy, the levels of these hormones increase dramatically and, at such increased levels, are important factors in sustaining the pregnancy until the baby is born. If estrogen and particularly progesterone are not maintained at the correct levels during the pregnancy, the woman may have a spontaneous abortion or miscarriage.

Dr. Little will further testify that diethylstilbestrol, first synthesized in 1938, was found to have estrogenic effects when administered orally. Beginning in 1939, it was used by research physicians in efforts to help maintain the pregnancies of women who were habitual aborters or who were threatening to abort. Among the pioneers in the use of diethylstilbestrol to treat these problem pregnancies were Drs. Olive and George Smith, with whom Dr. Little worked when he was at the Boston Lying-In Hospital and Free Hospital for Women. The Smiths made numerous original contributions to medical science, and were highly respected in their fields. They sought to determine the amounts of various hormones which are secreted by a woman's body during pregnancy, plotting the hormone level curve for a normal pregnancy and also such curves observed in various complications of pregnancy. Dr. Little will testify that the Smiths developed a hormone replacement schedule calling for a daily dose of diethylstilbestrol rising gradually (as did the natural hormones) throughout the pregnancy for appropriate patients.

Dr. Little will testify that the work of the Smiths, Dr. Priscilla White and others showed that among women who were threatening to abort or who were habitual aborters, there was a greater number of live births to those women treated with diethylstilbestrol than to women who were not treated with diethylstilbestrol. He will testify that the Smiths' work reflected the state of the art of obstetrical medicine and the best judgment of physicians specializing in the treatment of problem pregnancies at all relevant times. He will also testify to his knowledge of

3

138702v1

studies involving examination of offspring of women treated with diethylstilbestrol that demonstrated the safety of the drug.

In sum, Dr. Little will testify that the medical profession properly believed diethylstilbestrol was safe and effective in treating threatened and habitual abortion, and that at the times relevant to this case, both physicians and pharmaceutical manufacturers properly followed and relied upon the work and recommendations of recognized leading physicians and scientists in, respectively, prescribing and manufacturing diethylstilbestrol. He will testify that the warnings and other information disseminated by Lilly to the medical profession concerning diethylstilbestrol during the relevant time periods adequately reflected the then existing knowledge and belief concerning the safety and effectiveness of diethylstilbestrol for the treatment of threatened and habitual abortion.

> 2.      Eugene D. Albrecht, Ph.D.
>         Department of Obstetrics and Gynecology
>         University of Maryland School of Medicine
>         Bressler Research Laboratory 11-017
>         Baltimore, Maryland 21201

Dr. Albrecht is an endocrinologist and a professor in the Department of Obstetrics and Gynecology and in the Department of Physiology at the University of Maryland School of Medicine in Baltimore, Maryland. Dr. Albrecht has a Ph.D. in reproductive endocrinology from Rutgers University. His C.V. is attached. Based on Dr. Albrecht's review of the relevant medical literature and his education, training and experience, Dr. Albrecht intends to testify as follows to a reasonable degree of medical certainty if efficacy is at issue in this case.

First, Dr. Albrecht is expected to testify that diethylstilbestrol is effective in treating threatened or habitual abortion; that the medical profession properly believed diethylstilbestrol was effective; and that in producing diethylstilbestrol at the time relevant to this

4

case, drug companies properly followed the work and recommendations of recognized leading physicians and scientists.

Second, Dr. Albrecht is expected to testify concerning his extensive research in the field of reproductive endocrinology for more than 20 years and its focus on the subject of hormones and particularly estrogen and progesterone. Dr. Albrecht's research has included a study of baboons, whose reproductive systems are very similar to those of humans. Based on his research, Dr. Albrecht is expected to testify about the role of estrogen in stimulating the production of progesterone and the vital role of progesterone in the maintenance of pregnancy.

Third, Dr. Albrecht is expected to testify about human anatomy and physiology; that estrogen and progesterone are hormones produced in a woman's body and that, among other things, they help to regulate the menstrual cycle and to maintain pregnancy. Dr. Albrecht will also testify that, during human pregnancy, the concentration of these hormones increases tremendously; the increased levels are important factors in sustaining the pregnancy until the baby is born; and the woman may have a spontaneous abortion or miscarriage if estrogen and particularly progesterone are not maintained at the correct levels during the pregnancy.

Fourth, Dr. Albrecht is expected to testify concerning his review of the relevant literature which explains the theory developed by Dr. George Smith and Dr. Olive Watkins Smith in the 1940s and 1950s as to the efficacy of diethylstilbestrol in the preservation of certain problem pregnancies. This literature sets out the Smiths' theories that some complications of pregnancy occurred as a result of insufficient hormone levels in pregnant women, and that the administration of diethylstilbestrol would stimulate the production of progesterone which would in turn assist in maintaining the pregnancy.

Fifth, Dr. Albrecht will testify as to why the Smiths and other physicians and scientists in the medical community believed diethylstilbestrol to be effective, beginning in the 1940s and continuing through the time when Ms. Pavlicas claims her mother received this drug. Dr. Albrecht also is expected to testify that, in the 1940s, Drs. Smith, Dr. Priscilla White and others performed studies related to accidents of pregnancy; found that when the levels of the hormones estrogen and progesterone reached a plateau or declined, complications of pregnancy ensued; and concluded that the appropriate hormone levels might be maintained if diethylstilbestrol were administered.

Sixth, Dr. Albrecht will testify based on his own work and expertise in the field, including developments subsequent to the Smiths' work, that the Smiths' and White's theory as to why diethylstilbestrol was efficacious in maintaining certain problem pregnancies was sound and that the theory has been confirmed and corroborated by later work and a substantial body of scientific evidence.

Finally, Dr. Albrecht may be asked to evaluate and critique claims or opinions made by Ms. Pavlicas' experts concerning the efficacy of diethylstilbestrol, if efficacy is at issue.

3.    Joseph W. Goldzieher, M.D.
      14635 Blanco Rd.
      San Antonio, Texas 78216

Dr. Goldzieher is retired Adjunct Clinical Professor in the Department of Obstetrics and Gynecology, Texas Tech Health Sciences Center School of Medicine, Amarillo, Texas. Previously, Dr. Goldzieher was Professor and Director of Endocrine/Metabolic Research in the Department of Obstetrics and Gynecology, Baylor College of Medicine in Houston, Texas. Dr. Goldzieher is a fellow of the American College of Clinical Pharmacology and an Associate Fellow of the American College of Obstetrics and Gynecology. Dr. Goldzieher is a member of the American Association of Clinical Endocrinologists and board certified by the American

138702v1

College of Endocrinology. Dr. Goldzieher has practiced endocrinology, in particular reproductive endocrinology, from 1947 to the present time and is still in active practice thereof. Attached is a copy of Dr. Goldzieher's C.V.

Based on Dr. Goldzieher's review of the relevant medical literature as well as his personal knowledge, training and experience, Dr. Goldzieher anticipates testifying (to a reasonable degree of medical certainty, where applicable) concerning (1) the state of animal testing during the relevant time period; (2) the need to use a physiologically meaningful animal model in attempts to evaluate possible effects of a drug in humans; (3) the adequacy of animal studies performed with diethylstilbestrol; (4) the history of the synthesis of diethylstilbestrol; (5) the state of scientific and medical knowledge at the time of diethylstilbestrol's use; (6) the foreseeability of any effects of diethylstilbestrol in the human fetus on the basis of animal experimentation and clinical experience; (7) the intracellular mechanism by which estrogens exert their effect; and (8) animal and human anatomy and physiology.

Dr. Goldzieher is expected to testify that the warnings written by Lilly for diethylstilbestrol in the relevant time period were appropriate in light of Lilly's indications for diethylstilbestrol and the state of medical and scientific knowledge at that time. Dr. Goldzieher will also testify about the testing done relating to diethylstilbestrol, the adequacy of the testing, and the safety of diethylstilbestrol for the human fetus. In particular, Dr. Goldzieher will testify that based upon the medical and scientific knowledge available during the relevant time periods, a reasonable and prudent drug company would have had no reason to suspect that diethylstilbestrol might be a transplacental teratogen in humans or that it might cause adverse effects in human offspring. Dr. Goldzieher will also testify that a reasonably prudent drug company would have had every reason to believe that the drug was safe for the human fetus.

7

Dr. Goldzieher is further expected to testify that a proper biological model, carefully selected for the particular system under study, is an essential prerequisite to obtain meaningful results from animal studies, and that the effects of a drug on mice or rats given during the pregnancy cannot be extrapolated to the human reproductive system. Dr. Goldzieher is also expected to testify that, because the human reproductive system differs so greatly from that of other non-primate species -- and even some primate species -- it is difficult or impossible to extrapolate to humans the results of tests on inappropriate species; in particular he will testify that tests on rodents predict little or nothing about the results to be expected in humans; that dosages of almost any substance, natural or synthetic, beyond physiologic levels in a particular type of animal will be toxic; and that the pathogenic levels of a substance in one species may be proportionally entirely normal levels in another.

Dr. Goldzieher is also expected to testify about research performed by his group and others that tend to confirm the theories of the Smiths and the efficacy of the drug, if efficacy is an issue. Dr. Goldzieher will further explain the indications, dosage recommendations and other information which were contained in Lilly's product literature for diethylstilbestrol for use in pregnancy during the relevant time period. Based on his review of the relevant medical and scientific literature for this period, Dr. Goldzieher will testify that the warnings and contraindications, and other information contained in Lilly's product literature for diethylstilbestrol for use during pregnancy were adequate statements of the medical and scientific knowledge available during this time period.

In addition to the foregoing, Dr. Goldzieher will offer testimony with respect to matters raised through the course of discovery or in response to plaintiff's experts.

8

138702v1

4.    Melvin G. Dodson, Ph.D., M.D.
3740 Ocean Beach Boulevard
Cocoa Beach, Florida 32931

Dr. Dodson graduated from the University of Miami School of Medicine in June 1967. He completed a residency in obstetrics and gynecology at Jackson Memorial Hospital in 1967-71. In 1974, Dr. Dodson was certified by the American Board of Obstetrics and Gynecology. In 1980, he received his Ph.D. in microbiology from Loyola University in Chicago.

Dr. Dodson is former Nicholas J. Thompson Professor and Chairman of the Department of Obstetrics and Gynecology, and Adjunct Professor of the Department of Microbiology, at Wright State School of Medicine, Dayton, Ohio. Before that position, Dr. Dodson was Professor and Chairman of the Department of Obstetrics and Gynecology at Quillan College of Medicine, East Tennessee State University, Johnson City, Tennessee. In addition, Dr. Dodson has been Assistant Professor of the Department of Obstetrics and Gynecology at Baylor College of Medicine, and an Adjunct Assistant Professor of the Department of Microbiology at Baylor College of Medicine. Further, Dr. Dodson was an Assistant Professor of the Department of Obstetrics and Gynecology at Loyola University Medical Center. Dr. Dodson has published over 130 scientific articles and abstracts and given over 130 lectures nationwide. Dr. Dodson has published two books. Dr. Dodson is licensed to practice in the State of Florida, and has been licensed to practice in the States of Tennessee, Texas and Illinois.

Based on his review of plaintiff Connie Pavlicas' medical records, the relevant medical literature and his education, training and experience, Dr. Dodson is expected to testify as follows to a reasonable degree of medical probability.

9

138702v1

First, there are apparently no records showing that Mrs. Pavlicas was actually exposed to diethylstilbestrol *in utero*. Dr. Dodson is expected to testify that Mrs. Pavlicas cannot prove exposure based on any conditions reported in her records. The medical and scientific literature does not support a relationship to diethylstilbestrol based on any of the clinical conditions reported in her records. In fact, all of the medical conditions noted occur in women unexposed to diethylstilbestrol.

Second, Dr. Dodson is expected to opine that any alleged difficulty in conceiving was unrelated to Mrs. Pavlicas' alleged diethylstilbestrol exposure. In particular, the medical and scientific literature does not establish that infertility is caused by exposure to diethylstilbestrol. Further, difficulties in conceiving are very common in the general population. Specifically, approximately 15% of all couples are infertile. As to Mrs. Pavlicas, her medical records indicate a number of causes for any difficulties she experienced in conceiving unrelated to alleged diethylstilbestrol exposure. In particular, Mrs. Pavlicas did not attempt to conceive until around age 34 and she is now 47 years old. Her records refer to her as premenopausal at least as of age 45. Her records show that she has been anovulatory; in particular, they note irregular periods and poor response to gonadotrophins. Anovulation has been linked to the cause of infertility in 20 to 25 percent of all cases. In addition, Mrs. Pavlicas' records show she was diagnosed by laparoscopy in 1995 with extensive periadnexal adhesions. Pelvic adhesions were also diagnosed in 2000 at the time she had a left salpingo-oopherectomy. Approximately 25 percent of infertility cases are related to pelvic adhesions. Further, Mrs. Pavlicas has Asherman's syndrome. In addition, her records refer to HPV, a sexually transmitted condition that indicates the possible presence of other sexually transmitted conditions that could effect fertility by formation of adhesions. As indicated, Mrs. Pavlicas had adhesions.

10

Third, Dr. Dodson is expected to testify that Mrs. Pavlicas' medical records and the scientific literature do not establish that any of her pregnancy complications or other alleged abnormalities were caused by diethylstilbestrol exposure. Specifically, the medical records do not establish any uterine abnormalities not seen in the unexposed and/or that can be linked to diethylstilbestrol exposure or her pregnancy loss/infertility. Her records also do not reference any cervical or vaginal condition not reported in women unexposed to diethylstilbestrol or that cause any fertility issues. Additionally, Mrs. Pavlicas cannot be properly diagnosed with cervical incompetence because she has not experienced two mid-trimester pregnancy losses in the absence of pain or bleeding. Mrs. Pavlicas did, however, have multiple fibroids, which can affect pregnancy outcome.

Fourth, Dr. Dodson is also expected to testify that any pregnancy loss was not the result of alleged diethylstilbestrol exposure. Mrs. Pavlicas' pregnancy loss was the result of a first trimester miscarriage. Losses like these are common and most secondary to chromosomal abnormalities. Mrs. Pavlicas' history does not show that she could not have had full term pregnancies.

In sum, Dr. Dodson is expected to testify that the relevant medical records and medical and scientific literature do not support a finding that Mrs. Pavlicas' fertility issues or any reported physical condition were caused by diethylstilbestrol exposure. Dr. Dodson may expand or modify his testimony based on additional records obtained and/or any opinions offered in this case.

### 5.    Dr. Don Carlos Hines

Dr. Don Carlos Hines is deceased. His expert testimony will be offered by videotaped deposition. Dr. Hines received his degree in medicine from Stanford University in 1930 and had a private practice in California until 1939. At that time, he joined Lilly Research

138702v1

Laboratories as a physician in the Medical Department, holding that position until 1951, at which time he was promoted to the head of the Medical Department. In 1953, Dr. Hines was promoted to Director of the Medical Division. He retired from Eli Lilly and Company in 1967. A copy of Dr. Hines' C.V. is attached.

Dr. Hines' work at Lilly Research Laboratories did include the initiation and monitoring of clinical investigations and the supervision of others who performed this kind of activity. Special attention in this position was paid to the toxicity and side effects of drugs. Because of his special interest in endocrinology, he was an early participant in the supervision and evaluation of diethylstilbestrol and was one of the main participants in the collating of early diethylstilbestrol data toward the FDA submission and approval. He continued to read the available medical literature on endocrinology, diethylstilbestrol and any materials on the side effects of drugs up to his retirement. Because of his expertise and interest, he was responsible for this knowledge and the evaluation of this medical literature at Eli Lilly and Company.

The videotaped deposition of Dr. Hines that Lilly expects to offer relates to historical and factual matters, including his function as a physician in the Medical Department of Eli Lilly and Company and as to the development, testing, and FDA approval of diethylstilbestrol for use in nonpregnant and pregnant women. Dr. Hines will further discuss the medical literature that was available to Lilly in the relevant time period.

Lilly may further offer the testimony of Dr. Hines that the prevailing medical opinion regarding the use of estrogenic substances was that they were safe for use in obstetrical patients. The testimony offered may also include comments on the general medical opinion about the relevancy of the animal experiences with estrogen to the experience in humans and the known side effects of diethylstilbestrol during the relevant time period Dr. Hines' testimony

12

concerning the effectiveness of diethylstilbestrol may also be offered if efficacy is at issue. Additional areas of testimony will be identified and disclosed as necessary. Lilly will provide a copy of the transcript of Dr. Hines' videotape deposition in advance of trial at plaintiff's request.

6.    Dr. Theodore G. Klumpp

Dr. Theodore G. Klumpp is deceased. His expert testimony will be offered by videotaped deposition. Dr. Klumpp was a physician who was an Assistant Clinical Professor at Yale University Medical School and Chief of the Hematological Clinic and Director of the Medical Laboratory at the New Haven Hospital, from which he took a leave of absence to become the Chief Medical Officer of the FDA, eventually becoming Chief of the Drug Division of the FDA. He then served as Director of the Division of Drugs, Food and Physical Therapy and Secretary of the Council on Pharmacy and Chemistry for the American Medical Association. His C.V. is attached.

During his tenure as Chief of the Drug Division of the FDA, he became familiar in detail with the Food, Drug and Cosmetic Act of 1906, as amended in 1938, and its requirements concerning the filing of new drug applications, or "NDAs." During the time he was in that position, various NDAs for the use of diethylstilbestrol for non-pregnancy purposes were filed and ultimately approved. He was familiar with the background and details of this approval process because of his responsibility as Chief of the Drug Division at the FDA.

Dr. Klumpp's testimony should include a discussion of factual and historical matters, including his knowledge of, and role in, the approval process of NDAs for use of diethylstilbestrol. Dr. Klumpp's testimony will also discuss his familiarity with the background of the approval process. A copy of the transcript of Dr. Klumpp's videotape deposition will be provided in advance of trial at plaintiff's request.

13

138702v1

7.    Dr. Edith L. Potter

Dr. Edith L. Potter is deceased. Her testimony will be presented by videotaped deposition. Dr. Potter was Professor Emeritus of Pathology in the Department of Obstetrics and Gynecology, University of Chicago. From 1927 to 1932, Dr. Potter was in private practice in Minneapolis, Minnesota where she practiced general medicine. She then moved to Chicago where she was a pathologist in the Department of Obstetrics and Gynecology in Chicago's Lying-In Hospital for some 33 years, until her retirement in 1967. She retired as a full professor. A copy of Dr. Potter's C.V. is attached.

Dr. Potter's video deposition testimony Lilly expects to offer concerns her examination of both fetuses and living and non-living infants during the relevant time period. Specifically, she was in charge of the pathology laboratory which examined all available non-surviving infants and fetuses from Chicago's Lying-In Hospital and she also examined surgical specimens from gynecological patients. She was responsible for the microscopic evaluation and diagnosis of infants who died in Chicago and upon whom autopsies were required before they could be buried. She routinely made rounds with the residents and physicians, particularly examining problem cases in the nursery.

Dr. Potter was involved in the examination of diethylstilbestrol-exposed babies. She examined or consulted on seriously or malformed infants, examined available non-surviving babies and attempted to determine the cause of the pathology involved. This would have included evaluation of the medical records in an attempt to correlate any factor known, including drug exposure, to the problem. Lilly expects it will offer the following testimony of Dr. Potter:

1.    Based upon her personal experience, she observed no harmful effects upon the fetus which were attributed to diethylstilbestrol ingestion by the mother during the relevant pregnancy period.

14

138702v1

2.    Based upon her position in the international medical community, her knowledge of the medical literature and reports from other physicians and scientists, it was the prevailing view of the medical community that diethylstilbestrol was safe for use in pregnant women.

3.    That based upon her knowledge and experience and the medical facts available to her, there was no data or information which warned about the possible occurrence of adverse effects in the reproductive tract of the female offspring.

4.    Dr. Potter's testimony may also include statements about the development and structure of the female reproductive tract.

Lilly expects to present the following opinions of Dr. Potter:

a.    That at the time of plaintiff's birth, diethylstilbestrol had not been shown to cause any harm to the baby.

b.    That diethylstilbestrol was believed to be an estrogenic substance, safe to use in pregnancy.

c.    That the prevailing medical opinion was that diethylstilbestrol caused no harm to the baby.

d.    That the injuries alleged by plaintiff to be a result of *in utero* exposure to diethylstilbestrol were unforeseeable. Additional areas of testimony will be identified and disclosed as necessary.

Dr. Potter's opinions were based upon her personal knowledge, training, experience as well as her review of the medical literature, the information which was disseminated through medical meetings and personal consultations with other leading scientists

138702v1

15

during the relevant time period.  A copy of the transcript of Dr. Potter's videotape deposition will

be provided in advance of trial at plaintiff's request.


Respectfully submitted,


_____/s/ Judith L. O'Grady_____
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

138702v1

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2007 I caused the following documents:

DEFENDANT ELI LILLY AND COMPANY'S RULE 26(b)(4) STATEMENT

to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-filing participants in this matter.

I further certify that I caused true and accurate copies of the above listed documents to be mailed by first-class mail, postage paid, to the following counsel of record:

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street, NW, Suite 500
Washington, DC  20036
**Attorneys for Plaintiffs**

Sidney G. Leech
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street
20th Floor
Baltimore, MD  21202
**Attorneys for Bristol Myers Squibb Company**

Elizabeth Ewert
Michael J. McManus
DRINKER BIDDLE & REATH, LLP
1500 K Street N.W., Suite 1100
Washington, DC  20005
**Attorneys for Pharmacia and Upjohn Company and Merck and Company, Inc.**

David D. Hudgins
Sean C.E. McDonough
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, VA  22314
**Attorneys for Person & Covey, Inc.**

John F. Anderson
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, Virginia 22102
**Attorney for Dart Industries, Inc.**

Aaron M. Bailey
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
**Attorney for Premo Pharmaceuticals Laboratories, Inc.**

Janet K. Coleman
WHITNEY & BOGRIS LLP
401 Washington Avenue
12th Floor
Towson, Maryland 21204
**Attorney for Mallinckrodt Inc. and GlaxoSmithKline, Inc.**

Harold M. Walter
TYDINGS & ROSENBERG LLP
100 East Pratt Street
26th Floor
Baltimore, Maryland 21202
**Attorney for Elan Pharmaceuticals**

17

/s/ Judith L. O'Grady
Judith L. O'Grady

**Attorney for Defendant
Eli Lilly and Company**



 Your submission was successful! Your trace number is **ED301J020025642**. The details of your filing are shown below.

**Timestamp:** 05/04/2007 4:12:53 PM (Eastern (U.S. and Canada))

**This is not your official receipt. Your receipt may be viewed in Review Status after your Filing Status changes to "Confirmation".**

| Description of Fee | Amount |
|---|---|
| eFiling Processing Fees | $10.34 |
| Court Filing Fees | $0.00 |
| CaseFileXpress eService Fee | $1.00 |
| CaseFileXpress Filing Fee | $4.00 |
| **Total cost of filing:** | **$15.34** |

### Personal Information

**Filer:** jogrady
**Attorney of Record:** jogrady
**Name:** Judith O'Grady
**Law Firm or Organization:** Shook Hardy & Bacon LLP
**Bar Number:** 494290
**Filer Position:** Attorney
**Address:** 600 14th Street, N.W.
Suite 800
Washington, DC 20005
**Phone:** (202) 783-8400
**Fax:** (202) 783-8411
**Email:** jogrady@shb.com

### Payment Information

**Payment Method:** Credit Card
**Address:** 105 Decker Ct.
Irving, TX 75062
**Credit Card Type:** MAST
**Credit Card #:** XXXX XXXX XXXX 4138
**Cardholder Name:** SHOOK HARDY BACON DC

### Filing Information

**Case Title:** Connie Franco Pavlicas v. Eli Lilly and Company, et al.
**Sealed Case:** No
**County Name:** D.C. Superior Court
**Court Type:** District
**Court Name:** D.C. Superior Court
**Cause/Case Number:** 2006 CA 006749 B
**Document Type:** Rule 26 (b)(4) Statement Filed
**Plaintiff Attorney(s):**

Aaron Levine - Electronic service of copies

**Defendant Attorney(s):**

| Janet Coleman | - Electronic service of copies |
| Sidney Leech | - Electronic service of copies |
| Sean McDonough | - Electronic service of copies |
| Elizabeth Ewert | - Electronic service of copies |
| John Anderson | - Electronic service of copies |
| | - Electronic service of |

### Document Information

**File Name:** 01 Pavlicas - Rule 26b4 Statement.pdf
**Attachments (1):**

02 Pavlicas - Attachments to Rule 26b4 Statement.pdf

| | |
|---|---|
| David Hudgins | copies |
| Jennifer Levy | - Electronic service of copies |
| Michael McManus | - Electronic service of copies |
| Michelle Mangrum | - Electronic service of copies |
| Christopher Garvey | |
| John Coots | - Electronic service of copies |
| Kathleen Bustraan | - Electronic service of copies |
| Aaron Bailey | - Electronic service of copies |
| Jaime Luse | - Electronic service of copies |
| Emily Laird | - Electronic service of copies |
| Judith O'Grady | |

**Judge(s):** Mary Terrell

**Special Instructions:** Defendant Eli Lilly and Company's Rule 26(b)(4) Statement with Attachments

**Client Matter #:** LILY.131454

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| CONNIE FRANCO PAVLICAS | * |
| Plaintiff | * |
| | * |
| v. | * |
| | * |
| ELI LILLY & COMPANY, et al. | * |
| Defendants | * |

C.A. No.: 06-CA-0006749 B
Judge: Mary A. Terrell

    *    *    *    *    *    *    *    *    *

## <u>NOTICE OF SERVICE OF FILING DISCOVERY MATERIALS</u>

THIS IS TO CERTIFY that on this 11th day of May, 2007, a copy Bristol-Myers Squibb Company's Responses to Plaintiff's First Set of Interrogatories and Responses to Plaintiff's First Request for Production of Documents was mailed via first-class mail, postage prepaid, to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036; *Attorney for Plaintiffs*

Michelle R. Mangrum, Esquire
Shook Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

David W. Brooks, Esquire
Shook, Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64109; *Attorneys for Eli Lilly & Company*

Elizabeth Ewert, Esquire
Michael J. McManus, Esquire
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209; *Attorneys for Defendants Pharmacia and Upjohn Company; Merck & Company; Ortho-McNeil Pharmaceuticals, Inc.*

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102; *Attorneys for Dart Industries, Inc.*

Janet Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204; *Attorneys for GlaxoSmithKline, Inc. and Mallinckrodt, Inc.*

Aaron M. Bailey, Esquire
Goodwin Proctor, LLP
911 New York Avenue, Suite 900
Washington, D.C. 20001 ; *Attorneys for Premo Pharmaceutical Laboratories, Inc.*

Jaime W. Luse, Esquire
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, Maryland 21202; *Attorneys for Elan Pharmaceuticals*

David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia 22314; *Attorneys for Person & Covey, Inc.*

/s/ Sidney G. Leech
Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
D.C. Bar No. 472101
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
*Attorneys for Defendant,*
*Bristol-Myers Squibb Company*

2

### SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
**Civil Division**

CONNIE PAVLICAS                          *

                                   *

        Plaintiff,                      *

v.                                       *      Civil Action No. 06-CA-06749
                                                Judge:  Mary A. Terrell
Eli Lilly and Company, et al             *

        Defendants.                     *

                              *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## NOTICE OF SERVICE OF DISCOVERY

       I HEREBY CERTIFY that on this 15th day of May, 2007 a copy of the forgoing Mallinckrodt's Answers to Plaintiff's Interrogatories and Response to Plaintiff's Request for Production of Documents were mailed first-class, postage prepaid to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Elizabeth Ewert Esquire
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
**Attorneys for Defendants Pharmacia and Upjohn
Company and  Merck & Company**

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102
**Attorneys for Dart Industries, Inc.**

1

Michelle R. Mangrum, Esquire
Shook, Hardy & Bacon, LLP
600 14th Street, NW, Suite 800
Washington, DC 20005

John Kuckelman, Esquire
Shook, Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64108
**Attorneys for Eli Lilly and Company**

Aaron M. Bailey, Esquire
Goodwin Proctor, LLP
911 New York Avenue, Suite 900
Washington, D.C. 20001
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

Harold M. Walter, Esquire
Jaime W. Luse, Esquire
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, Maryland 21202
**Attorneys for Elan Pharmaceuticals**

David D. Hudgins, Esquire
Sean C. E. McConough, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandra, Virginia 22314
**Attorneys for Person & Covey, Inc.**

_Janet K. Coleman_
Janet K. Coleman

2

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

|  |  |
|---|---|
| CONNIE FRANCO PAVLICAS )<br><br>Plaintiff, )<br><br>v. )<br><br>ELI LILLY AND COMPANY, et al., )<br><br>Defendants. ) | Case No. 2006 CA 006749 B<br>Judge Mary A. Terrell<br>Next Event:   Discovery Closed<br>June 13, 2007 |

## PLAINTIFF'S SUPPLEMENTAL 26(b)(4) STATEMENT

COMES NOW Plaintiff, by and through counsel, and hereby submits, pursuant to her duties under D.C. Super. Ct. R. Civ. P. 26(f) and her prior D.C. Super. Ct. R.Civ.P. 26(b)(4) Statement, and supplements her prior Rule 26(b)(4) Statement of March 26, 2007 with the statements of the following experts who may be called as witnesses at trial in this cause:

**John J. Hefferren, Ph.D.**
**303 Campfire Drive**
**Lawrence, KS 66049**

Dr. Hefferren is an expert in the field of manufacturer/pharmaceutical identification. He is a Ph.D. in Pharmaceutical Chemistry and has been involved in research pharmaceuticals for the past fifty years. He authored a publication guide on the identification of drugs in the 1950's and 1960's and is uniquely familiar with the physical characteristics and identification of pharmaceuticals. He is expected to testify as to the identity of Eli Lilly and Company's DES pills.

**James P. DellaVolpe**
**29 Benedict Road**
**Buzzards Bay, MA**

Mr. DellaVolpe is an expert in the field of wholesale pharmaceutical distribution, stocking, and brand popularity of DES in the 1960's. He is expected to testify, as outlined in his recent deposition, that McKesson and Robins, which was an Eli Lilly and Company wholesaler, would have provided to a pharmacy Lilly's brand of DES for any order for "DES," "diethylstilbestrol," or "stilbestrol."

**Harold B. Sparr, R.Ph., M.S.**
**216 Dimmock Road**
**Otis, MA 01253**

Mr. Sparr is an expert in pharmacy practices who conducted a survey of the market share of the various DES brands sold in Massachusetts in the 1960's. He will testify, as outlined in his prior depositions, that the brand involved in this case was the Lilly brand of DES based on his experience, his study, and his research. Mr. Sparr will also testify that, based on his experience, research, and years of interactions with pharmacists from across the United States, that Lilly had the predominant share, if not a nearly exclusive position, of the DES market.

**Philip J. Cafferty, R.Ph.**
**16 Triphammer Road**
**Hingham, MA 02043**

Mr. Cafferty is deceased. Mr. Cafferty was a pharmacist and former pharmaceutical representative of Eli Lilly and Company. Based upon Mr. Cafferty's observations of drugstores and familiarity with the pharmaceutical field, it is his opinion, as outlined in his prior deposition, that Lilly had the predominant share, if not a nearly exclusive position, of the DES market.

2

Respectfully submitted,

Aaron M. Levine & Associates


_____/s/_____ Aaron M. Levine_____
AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
(202) 833-8040

Counsel for Plaintiff

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17TH day of May, 2007, a true copy of the foregoing Plaintiff's Supplemental 26(b)(4) Statement was electronically filed with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an electronic filing to the following e-filing participants in this matter:

The Honorable Mary A. Terrell
Superior Court of the District of Columbia
500 Indiana Ave., N.W.
Washington, DC 20036

Janet Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, Twelfth Floor
Towson, MD 21204
**Counsel for Defendants GlaxoSmithKline and Mallinckrodt, Inc.**

Sean McDonough, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Counsel for Person & Covey, Inc.**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20TH Floor
Baltimore, MD 21202
**Counsel for Defendant Bristol-Myers Squibb Co.**

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon LLP
600 14TH Street, N.W., Suite 800
Washington, DC 20005-2004

/s/ Aaron M. Levine
Aaron M. Levine

4

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

CONNIE PAVLICAS,                    ]
                                    ]
        Plaintiff,                  ]
                                    ]
    v.                              ]        Case No.: 2006 CA 006749 B
                                    ]        Judge Mary A. Terrell
                                    ]        Next Event: Discovery Closed 6/13/07
ELI LILLY AND COMPANY, et al.,      ]
                                    ]
        Defendants.                 ]

## CONSENT MOTION TO EXTEND SCHEDULING ORDER

COMES NOW the plaintiff, by and through counsel, and with the consent of the remaining

defendants, and respectfully requests that this Court enter an Amended Scheduling Order extending

deadlines by thirty (30) days, and as grounds therefor states:

1.      This is a personal injury/products liability action in which plaintiff claims anatomic and

reproductive tract anomalies and resultant secondary infertility as a result of her *in utero* exposure

to diethylstilbestrol ("DES").

2.      On December 15, 2006, this Court entered a Scheduling Order (attached hereto as

Appendix No. 1) setting various deadlines including that discovery was to close on June 13, 2007.

3.      To date, the parties have completed written discovery and the depositions of the

plaintiff and her mother.

4.      However, despite the cooperation and best efforts of the parties, the depositions of

several of the plaintiff's treating physicians and plaintiff's treating expert witness cannot be completed

until after the current June 13, 2007, deadline for close of discovery. The aforementioned witnesses

are practicing physician whose availability is limited by the demands of their busy medical practices.

5.      The parties respectfully request a thirty (30) day extension of all currently set deadlines

as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of Discovery | June 13, 2007 | July 13, 2007 |
| Deadline for Dispositive Motions | June 28, 2007 | July 28, 2007 |
| Dispositive Motions Decided | July 30, 2007 | August 29, 2007 |
| ADR (Mediation) | August 13, 2007/ October 11, 2007 | September 12, 2007/ November 10, 2007 |

WHEREFORE, plaintiff respectfully requests, with the consent of the remaining defendants, that the Court amend the Scheduling Order in the above-captioned case extending deadlines by thirty (30) days.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES


/s/ Aaron M. Levine

AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC  20036
202-833-8040
Fax: 202-833-8046

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of May, 2007, a true copy of the foregoing Consent Motion to Extend Scheduling Order was electronically filed with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an electronic filing to the following e-filing participants in this matter:

The Honorable Mary A. Terrell
Superior Court of the District of Columbia
500 Indiana Avenue, N.W.
Washington, DC   20036

Michelle R. Mangrum, Esq.
John Chadwick Coots, Esq.
Emily Laird, Esq.
Judith O'Grady, Esq.
Shook, Hardy & Bacon, L.L.P.
600 14th Street, N.W., Suite 800
Washington, DC   20005

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, MD   21202

Michael J. McManus, Esq.
Elizabeth Ewert, Esq.
Drinker Biddle & Reath, LLP
1500 K Street, N.W.
Suite 1100
Washington, DC   20005

Janet K. Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, MD   21204

David D. Hudgins, Esq.
Sean McDonough, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA   22314

-3-

Jaime W. Luse, Esq.
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, MD   21202

John F. Anderson, Esq.
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA   22102

/s/ Aaron M. Levine
Aaron M. Levine

-4-

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **CONNIE PAVLICAS,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Case No.: 2006 CA 006749 B** |
| | ] | **Judge Mary A. Terrell** |
| | ] | **Next Event: Discovery Closed 6/13/07** |
| **ELI LILLY AND COMPANY, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## RULE 12-I(a) CERTIFICATION

Consent to the foregoing Motion was requested of and granted by counsel for the remaining Defendants as of May 30, 2007.


Respectfully submitted,

AARON M. LEVINE & ASSOCIATES


 /s/ Aaron M. Levine
_____

AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC 20036
202-833-8040

Counsel for Plaintiff

-5-

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

CONNIE PAVLICAS,                          ]
                                          ]
        Plaintiff,                        ]
                                          ]
    v.                                    ]        Case No.: 2006 CA 006749 B
                                          ]        Judge Mary A. Terrell
                                          ]        Next Event: Discovery Closed 6/13/07
ELI LILLY AND COMPANY, et al.,            ]
                                          ]
        Defendants.                       ]


## POINTS AND AUTHORITIES


1.      Rule 12-I of the Superior Court Rules of Civil Procedure.

2.      The record herein.


                          Respectfully submitted,

                          AARON M. LEVINE & ASSOCIATES


                           /s/ Aaron M. Levine
                          _____

                          AARON M. LEVINE, #7864
                          1320 19th Street, N.W.
                          Suite 500
                          Washington, DC   20036
                          202-833-8040

                          Counsel for Plaintiff


-6-

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

CONNIE PAVLICAS,          ]
                           ]
     Plaintiff,        ]
                           ]
     v.               ]     Case No.: 2006 CA 006749 B
                           ]     Judge Mary A. Terrell
                           ]     Next Event: Discovery Closed 6/13/07
ELI LILLY AND COMPANY, et al.,  ]
                           ]
     Defendants.     ]

## ORDER

UPON CONSIDERATION of the Consent Motion to Amend the Scheduling Order, and for good cause shown, it is,

ORDERED that the Consent Motion be and hereby is GRANTED;

AND IT IS FURTHER ORDERED that the December 15, 2006, Scheduling Order, be amended as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of Discovery | June 13, 2007 | July 13, 2007 |
| Deadline for Dispositive Motions | June 28, 2007 | July 28, 2007 |
| Dispositive Motions Decided | July 30, 2007 | August 29, 2007 |
| ADR (Mediation) | August 13, 2007/ October 11, 2007 | September 12, 2007/ November 10, 2007 |

DATED: _____

_____
Mary A. Terrell
Superior Court Judge

With Copies to:

| | |
|---|---|
| Aaron M. Levine, Esq. | aaronlevinelaw@aol.com |
| Michelle R. Mangrum, Esq. | mmangrum@shb.com |
| John Chadwick Coots, Esq. | jcoots@shb.com |
| Emily Laird, Esq. | elaird@shb.com |
| Judith O'Grady, Esq. | jogrady@shb.com |
| Sidney G. Leech, Esq. | sgl@gdldlaw.com |
| Michael J. McManus, Esq. | michael.mcmanus@dbr.com |
| Elizabeth Ewert, Esq. | elizabeth.ewert@dbr.com |
| Janet K. Coleman, Esq. | jcoleman@whitneybogris.com |
| David D. Hudgins, Esq. | dhudgins@hudginslawfirm.com |
| Sean McDonough, Esq. | smcconough@hudginslawfirm.com |
| Jaime W. Luse, Esq. | jluse@tydingslaw.com |
| John F. Anderson, Esq. | john.anderson@troutmansanders.com |

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

CONNIE PAVLICAS,                    }
                                    }
        Plaintiff,                  }
                                    }
    v.                              }        Case No.: 2006 CA 006749 B
                                    }        Judge Mary A. Terrell
                                    }        Next Event: Discovery Closed 6/13/07
ELI LILLY AND COMPANY, et al.,      }
                                    }
        Defendants.                 }

## CONSENT MOTION TO EXTEND SCHEDULING ORDER

COMES NOW the plaintiff, by and through counsel, and with the consent of the remaining

defendants, and respectfully requests that this Court enter an Amended Scheduling Order extending

deadlines by thirty (30) days, and as grounds therefor states:

1.      This is a personal injury/products liability action in which plaintiff claims anatomic and

reproductive tract anomalies and resultant secondary infertility as a result of her *in utero* exposure

to diethylstilbestrol ("DES").

2.      On December 15, 2006, this Court entered a Scheduling Order (attached hereto as

Appendix No. 1) setting various deadlines including that discovery was to close on June 13, 2007.

3.      To date, the parties have completed written discovery and the depositions of the

plaintiff and her mother.

4.      However, despite the cooperation and best efforts of the parties, the depositions of

several of the plaintiff's treating physicians and plaintiff's treating expert witness cannot be completed

until after the current June 14, 2007, deadline for close of discovery. The aforementioned witnesses

are practicing physician whose availability is limited by the demands of their busy medical practices.

5.      The parties respectfully request a thirty (30) day extension of all currently set deadlines

as follows:

| Event | Current Deadline | Proposed Deadline |
|-------|------------------|-------------------|
| Close of Discovery | June 13, 2007 | July 13, 2007 |
| Deadline for Dispositive Motions | June 28, 2007 | July 18, 2007 |
| Dispositive Motions Decided | July 30, 2007 | August 29, 2007 |
| ADR (Mediation) | August 13, 2007/ October 11, 2007 | September 12, 2007/ November 10, 2007 |

WHEREFORE, plaintiff respectfully requests, with the consent of the remaining defendants, that the Court amend the Scheduling Order in the above-captioned case extending deadlines by thirty (30) days.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

 /s/ Aaron M. Levine

AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC  20036
202-833-8040
Fax: 202-833-8046

Counsel for Plaintiff

-2-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of May, 2007, a true copy of the foregoing Consent Motion to Extend Scheduling Order was electronically filed with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an electronic filing to the following e-filing participants in this matter:

The Honorable Mary A. Terrell
Superior Court of the District of Columbia
500 Indiana Avenue, N.W.
Washington, DC   20036

Michelle R. Mangrum, Esq.
John Chadwick Coots, Esq.
Emily Laird, Esq.
Judith O'Grady, Esq.
Shook, Hardy & Bacon, L.L.P.
600 14th Street, N.W., Suite 800
Washington, DC   20005

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, MD   21202

Michael J. McManus, Esq.
Elizabeth Ewert, Esq.
Drinker Biddle & Reath, LLP
1500 K Street, N.W.
Suite 1100
Washington, DC   20005

Janet K. Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, MD   21204

David D. Hudgins, Esq.
Sean McDonough, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA   22314

-3-

Jaime W. Luse, Esq.
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, MD   21202

John F. Anderson, Esq.
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA   22102

/s/ Aaron M. Levine
Aaron M. Levine

-4-

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

CONNIE PAVLICAS,                        }
                                        }
          Plaintiff,                    }
                                        }
    v.                                  }        Case No.: 2006 CA 006749 B
                                        }        Judge Mary A. Terrell
                                        }        Next Event: Discovery Closed 6/13/07
ELI LILLY AND COMPANY, et al.,          }
                                        }
          Defendants.                   }

## RULE 12-I(a) CERTIFICATION

Consent to the foregoing Motion was requested of and granted by counsel for the remaining

Defendants as of May 30, 2007.


Respectfully submitted,

AARON M. LEVINE & ASSOCIATES


 /s/ Aaron M. Levine

AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC   20036
202-833-8040

Counsel for Plaintiff

-5-

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

CONNIE PAVLICAS,                    ]
                                    ]
        Plaintiff,                  ]
                                    ]
    v.                              ]        Case No.: 2006 CA 006749 B
                                    ]        Judge Mary A. Terrell
                                    ]        Next Event: Discovery Closed 6/13/07
ELI LILLY AND COMPANY, et al.,      ]
                                    ]
        Defendants.                 ]

## POINTS AND AUTHORITIES

1.    Rule 12-I of the Superior Court Rules of Civil Procedure.

2.    The record herein.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES


 /s/ Aaron M. Levine
_____

AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC   20036
202-833-8040

Counsel for Plaintiff

-6-

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

CONNIE PAVLICAS,⠀⠀⠀⠀⠀⠀⠀]
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀]
⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀]
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀]
⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀]⠀⠀⠀Case No.: 2006 CA 006749 B
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀]⠀⠀⠀Judge Mary A. Terrell
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀]⠀⠀⠀Next Event: Discovery Closed 6/13/07
ELI LILLY AND COMPANY, et al.,⠀⠀]
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀]
⠀⠀⠀⠀⠀Defendants.⠀⠀⠀⠀⠀]

## ORDER

⠀⠀⠀⠀UPON CONSIDERATION of the Consent Motion to Amend the Scheduling Order, and for

good cause shown, it is,

⠀⠀⠀⠀ORDERED that the Consent Motion be and hereby is GRANTED;

⠀⠀⠀⠀AND IT IS FURTHER ORDERED that the December 15, 2006, Scheduling Order, be

amended as follows:

| Event | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Close of Discovery | June 13, 2007 | July 13, 2007 |
| Deadline for Dispositive Motions | June 28, 2007 | July 18, 2007 |
| Dispositive Motions Decided | July 30, 2007 | August 29, 2007 |
| ADR (Mediation) | August 13, 2007/ October 11, 2007 | September 12, 2007/ November 10, 2007 |

DATED: _____⠀⠀⠀⠀_____

⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Mary A. Terrell
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Superior Court Judge

With Copies to:

| | |
|---|---|
| Aaron M. Levine, Esq. | aaronlevinelaw@aol.com |
| Michelle R. Mangrum, Esq. | mmangrum@shb.com |
| John Chadwick Coots, Esq. | jcoots@shb.com |
| Emily Laird, Esq. | elaird@shb.com |
| Judith O'Grady, Esq. | jogrady@shb.com |
| Sidney G. Leech, Esq. | sgl@gdldlaw.com |
| Michael J. McManus, Esq. | michael.mcmanus@dbr.com |
| Elizabeth Ewert, Esq. | elizabeth.ewert@dbr.com |
| Janet K. Coleman, Esq. | jcoleman@whitneybogris.com |
| David D. Hudgins, Esq. | dhudgins@hudginslawfirm.com |
| Sean McDonough, Esq. | smcconough@hudginslawfirm.com |
| Jaime W. Luse, Esq. | jluse@tydingslaw.com |
| John F. Anderson, Esq. | john.anderson@troutmansanders.com |

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

CONNIE PAVLICAS                          *

                                         *

          Plaintiff,                     *

                                         *

v.                                       *        Civil Action No. 06-CA-06749
                                         *        Judge:  Mary A. Terrell
Eli Lilly and Company, et al             *

                                         *
          Defendants.                    *


*     *     *     *     *     *     *     *     *     *     *     *

**NOTICE OF SERVICE OF DISCOVERY**


          I HEREBY CERTIFY that on this 29th day of May, 2007  a copy of
GlaxoSmithKline's  Answers to Plaintiff's Interrogatories and Response to Plaintiff's
Request for Production of Documents  were  mailed first-class, postage prepaid to:


Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Elizabeth Ewert Esquire
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
**Attorneys for Defendants Pharmacia and Upjohn**
**Company; Merck & Company**

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102
**Attorneys for Dart Industries, Inc.**

1

Michelle R. Mangrum, Esquire
Emily Laird, Esquire
John Chadwick Coots, Esquire
Judith O'Grady, Esquire
Shook, Hardy & Bacon, LLP
600 14th Street, NW, Suite 800
Washington, DC 20005

John Kuckelman, Esquire
Shook, Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64108
**Attorneys for Eli Lilly and Company**

Sarah Keast, Esquire
Goodwin Proctor, LLP
911 New York Avenue, Suite 900
Washington, D.C. 20001
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

Harold M. Walter, Esquire
Jaime W. Luse, Esquire
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, Maryland 21202
**Attorneys for Elan Pharmaceuticals**

David D. Hudgins, Esquire
Sean C. E. McDonough, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandra, Virginia 22314
**Attorneys for Person & Covey, Inc.**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol-Myers Squibb Company**

_/s/ Janet K. Coleman_
Janet K. Coleman

2

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| CONNIE FRANCO PAVLICAS, )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>ELI LILLY AND COMPANY, *et al.,* )<br>)<br>*Defendants.* ) | Civil Action No. 06-6749<br>Judge Mary A. Terrell |

### DEFENDANT MERCK & CO., INC's
### PRAECIPE OF DISMISSAL WITH PREJUDICE

Plaintiff Connie Franco Pavlicas ("Plaintiff"), and Defendant Merck & Co., Inc.'s (hereinafter "Merck"), have reached a confidential settlement of the above-captioned case, and as part of the terms of the settlement, the parties have agreed to the dismissal with prejudice of the above-captioned case in its entirety as to Defendant Merck. Further, Plaintiff and Defendant Merck have agreed that Plaintiff and Defendant Merck will bear separately all attorneys' fees and costs arising from the actions of their respective counsel in connection with the above-referenced matter.

WHEREFORE, Plaintiff and Defendant Merck, through their respective counsel, jointly move this Court to dismiss the above-captioned case with prejudice as to Merck each party to bear its own attorneys' fees and costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

By: _____

    Aaron M. Levine (#7864)
    1320 - 19th Street, N.W., Suite 500
    Washington, D.C. 20036
    Telephone: 202/833-8040
    *Counsel for Plaintiffs*

Dated: ~~March~~ ___, 2007

DRINKER BIDDLE &REATH, LLP

By: _____

    Elizabeth Ewert (#479368)
    1500 K Street, N.W., Suite 1100
    Washington, D.C. 20005-1209
    Telephone: 202/842-8800
    *Counsel for Defendant Merck & Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2007, I caused the following document:

DEFENDANT MERCK & CO., INC's PRAECIPE OF DISMISSAL WITH PREJUDICE

to be filed electronically with the Clerk of the court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-filing participants in this matter.

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street, NW, Suite 500
Washington, DC 20036
**Attorneys for Plaintiffs**

Sidney G. Leech
GOODELL, DEVRIES, LEECH & DANN LLP
One South Street
20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb Company**

Emily J. Laird
SHOOK, HARDY & BACON LLP
Hamilton Square
600 14th Street, N.W., Suite 800
Washington, DC 20005-2004
**Attorney for Defendant Eli Lilly and Company**

David B. Hudgins
Sean C.E. McDonough
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

John F. Anderson
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, VA 22102
**Attorney for Dart Industries, Inc.**

Aaron M. Bailey
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
**Attorney for Premo Pharmaceuticals Laboratories, Inc.**

Janet K. Coleman
WHITNEY & BOGRIS LLP
401 Washington Avenue
12th Floor
Towson, MD 21204
**Attorney for Mallinckrodt Inc. and GlaxoSmithKline, Inc.**

Gerry Tostanoski
Jaime Luse
TYDINGS & ROSENBERG LLP
100 East Pratt Street
26th Floor
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

/s/ Elizabeth L. Ewert
Elizabeth L. Ewert
**Attorney for Defendant**
Merck & Co., Inc.

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

```
* * * * * * * * * * * * * * * * * * * * * * * *
CONNIE FRANCO PAVLICAS,              *
                                     *
            Plaintiff,               *
                                     *   CIVIL ACTION NO. 2006 CA 006749B
      vs.                            *
                                     *   Judge Mary A. Terrell
ELI LILLY AND COMPANY, et al.,       *
                                     *
            Defendants.              *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## CERTIFICATE REGARDING DISCOVERY

I hereby certify that on the 7th day of June, 2007, I served Defendant Eli Lilly and Company's Notice of Taking Deposition *Duces Tecum* of David Kreiner, M.D. via first-class United States Mail, postage prepaid, on counsel of record for all parties to this action as listed on the attached certificate of service.

Respectfully submitted,

/s/ Judith L. O'Grady
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
SHOOK, HARDY & BACON L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C. 200005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

139979v1

David W. Brooks
Mark C. Hegarty
John F. Kuckelman
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2007, I caused the following documents:

CERTIFICATE REGARDING DISCOVERY

to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-filing participants in this matter.

I further certify that I caused true and accurate copies of the above listed documents to be mailed by U.S. first-class mail, postage paid, to the following counsel of record:

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Ste. 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb Company**

Janet K. Coleman
Whitney & Bogris LLP
401 Washington Avenue
12th Floor
Towson, MD 21204
**Attorneys for Mallinckrodt Inc. and GlaxoSmithKline, Inc.**

David D. Hudgins
Sean C.E. McDonough
Hudgins Law Firm
515 King Street
Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

/s/ Judith L. O'Grady
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

139979v1

3



Your submission was successful! Your trace number is **ED301J020032342**. The details of your filing are shown below.

**Timestamp:**

06/07/2007 3:47:53 PM (Eastern (U.S. and Canada))

**This is not your official receipt. Your receipt may be viewed in Review Status after your Filing Status changes to "Confirmation".**

| Description of Fee | Amount |
|---|---|
| eFiling Processing Fees | $10.34 |
| Court Filing Fees | $0.00 |
| CaseFileXpress eService Fee | $1.00 |
| CaseFileXpress Filing Fee | $4.00 |
| **Total cost of filing:** | $15.34 |

### Personal Information

**Filer:** jogrady

**Attorney of Record:** jogrady

**Name:** Judith O'Grady

**Law Firm or Organization:** Shook Hardy & Bacon LLP

**Bar Number:** 494290

**Filer Position:** Attorney

**Address:** 600 14th Street, N.W.
Suite 800
Washington, DC 20005

**Phone:** (202) 783-8400

**Fax:** (202) 783-8411

**Email:** jogrady@shb.com

### Payment Information

**Payment Method:** Credit Card

**Address:** 105 Decker Ct.
Irving, TX 75062

**Credit Card Type:** MAST

**Credit Card #:** XXXX XXXX XXXX 4138

**Cardholder Name:** SHOOK HARDY BACON DC

### Filing Information

**Case Title:** Connie Franco Pavlicas v. Eli Lilly and Company, et al.

**Sealed Case:** No

**County Name:** D.C. Superior Court

**Court Type:** District

**Court Name:** D.C. Superior Court

**Cause/Case Number:** 2006 CA 006749 B

**Document Type:** Certificate Regarding Discovery Filed

### Document Information

**File Name:** Pavlicas - Certificate Regarding Discovery David Kreiner.pdf

**Plaintiff Attorney(s):**

Aaron Levine - Electronic service of copies

**Defendant Attorney(s):**

Janet Coleman - Electronic service of copies

Aaron Bailey - Electronic service of copies

Sidney Leech - Electronic service of copies

Sean McDonough - Electronic service of copies

John Anderson - Electronic service of copies

| David Hudgins | - Electronic service of copies |
| Jennifer Levy | - Electronic service of copies |
| Michael McManus | - Electronic service of copies |
| Michelle Mangrum | - Electronic service of copies |
| Christopher Garvey | |
| John Coots | - Electronic service of copies |
| Kathleen Bustraan | - Electronic service of copies |
| Jaime Luse | - Electronic service of copies |
| Emily Laird | - Electronic service of copies |
| Elizabeth Ewert | - Electronic service of copies |
| Judith O'Grady | |

**Judge(s):** Mary Terrell

**Special Instructions:** Certificat Regarding Discovery, Defendant Eli Lilly and Company's Notice of Taking Deposition Duces Tecum of David Kreiner MD

**Client Matter #:** LILY.131454

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CONNIE PAVLICAS,          \*

                           \*

         Plaintiff,       \*      **CIVIL ACTION NO. 2006 CA 006749 B**

     vs.                 \*      **Judge Mary A. Terrell**

ELI LILLY AND COMPANY, et al.,     \*      **Next Event: Discovery Closes – 6/13/07**

       Defendants.      \*

                           \*

\* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT ELI LILLY AND COMPANY'S
## MOTION TO STRIKE UNTIMELY EXPERT DESIGNATIONS
## OR IN THE ALTERNATIVE TO EXTEND DISCOVERY

Eli Lilly and Company ("Lilly") respectfully requests that this Court enter an Order striking plaintiff's "Supplemental 26(b)(4) Statement" and precluding plaintiff from calling John J. Hefferren, James P. DellaVolpe, Harold B. Sparr or Philip J. Cafferty as witnesses in this case. In disregard of this Court's scheduling order and the District of Columbia Superior Court Rules, plaintiff first identified these purported expert witnesses on May 17, 2007, two months after plaintiff's expert deadline expired.

By attempting to name four new experts (each of which plaintiff's counsel knew about before plaintiff's expert deadline expired), plaintiff has violated Rule 16 and this Court's December 15, 2006 scheduling order. Plaintiff offers no justification for disregarding the Court's rules and deadlines. If the Court permits such behavior, Lilly will be prejudiced. Accordingly, the Court should strike plaintiff's "Supplemental 26(b)(4) Statement" and preclude any individuals identified therein from testifying in this case. In the alternative, the scheduling

order deadlines should be extended to allow Lilly the opportunity to depose these untimely-named experts and the opportunity to identify and disclose new experts of its own.

WHEREFORE, for these reasons and those more fully set forth in the accompanying memorandum in support of this motion, Lilly respectfully requests that this Court issue the attached Order striking plaintiff's "Supplemental 26(b)(4) Statement" and precluding plaintiff from calling John J. Hefferren, James P. DellaVolpe, Harold B. Sparr or Philip J. Cafferty as witnesses in this case. In the alternative, Lilly respectfully requests a three month extension of the applicable scheduling order deadlines so Lilly may have an opportunity to depose these untimely-named experts and an opportunity to identify and disclose new experts of its own.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
600 14TH Street, N.W., Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

139587v4

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2007 I caused the following documents:

**DEFENDANT ELI LILLY AND COMPANY'S MOTION TO STRIKE UNTIMELY EXPERT DESIGNATIONS OR IN THE ALTERNATIVE TO EXTEND DISCOVERY**

**DEFENDANT ELI LILLY AND COMPANY'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE UNTIMELY EXPERT DESIGNATIONS OR IN THE ALTERNATIVE TO EXTEND DISCOVERY**

**PROPOSED ORDER and RULE 12-I(a) CERTIFICATION**

**CERTIFICATE OF SERVICE**

to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-filing participants in this matter.

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street, NW, Suite 500
Washington, DC  20036
**Attorneys for Plaintiffs**

Elizabeth Ewert
DRINKER BIDDLE & REATH, LLP
1500 K Street N.W., Suite 1100
Washington, DC  20005
**Attorneys for Pharmacia and
Upjohn Company**

John F. Anderson
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
**Attorney for Dart Industries, Inc.**

Janet K. Coleman
WHITNEY & BOGRIS LLP
401 Washington Avenue, 12th Floor
Towson, Maryland 21204
**Attorney for Mallinckrodt, Inc. and
GlaxoSmithKline, Inc.**

Sidney G. Leech
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb Company**

David D. Hudgins
Sean C.E. McDonough
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, VA  22314
**Attorneys for Person & Covey, Inc.**

Jaime W. Luse
Harold M. Walter
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
**Attorney for Elan Pharmaceuticals**

/s/ John Chadwick Coots
**Attorney for Defendant
Eli Lilly and Company**

139587v4

3

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CONNIE PAVLICAS,                              \*

                              \*

                    Plaintiff,    \*

                              \*    CIVIL ACTION NO. 2006 CA 006749 B

        vs.                         \*

                              \*    Judge Mary A. Terrell

ELI LILLY AND COMPANY, et al.,    \*

                              \*    Next Event: Discovery Closes – 6/13/07

                    Defendants.    \*

                              \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## RULE 12-I(A) CERTIFICATION

Pursuant to Superior Court Rule 12-I(a), defendant Eli Lilly and Company ("Lilly"), through its designated counsel, conferred with plaintiff's counsel to determine whether plaintiff would consent to the granting of Lilly's Motion to Strike Untimely Expert Designations Or in the Alternative to Extend Discovery. Plaintiff does not consent to the granting of Lilly's Motion to Strike Untimely Expert Designations Or in the Alternative to Extend Discovery.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
600 14TH Street, N.W., Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

1

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

140303v1

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2007 I caused the following documents:

DEFENDANT ELI LILLY AND COMPANY'S MOTION TO STRIKE UNTIMELY EXPERT DESIGNATIONS OR IN THE ALTERNATIVE TO EXTEND DISCOVERY

DEFENDANT ELI LILLY AND COMPANY'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE UNTIMELY EXPERT DESIGNATIONS OR IN THE ALTERNATIVE TO EXTEND DISCOVERY

PROPOSED ORDER and RULE 12-I(a) CERTIFICATION

CERTIFICATE OF SERVICE

to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-filing participants in this matter.

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street, NW, Suite 500
Washington, DC  20036
**Attorneys for Plaintiffs**

Elizabeth Ewert
DRINKER BIDDLE & REATH, LLP
1500 K Street N.W., Suite 1100
Washington, DC  20005
**Attorneys for Pharmacia and
Upjohn Company**

John F. Anderson
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
**Attorneys for Dart Industries, Inc.**

Janet K. Coleman
WHITNEY & BOGRIS LLP
401 Washington Avenue, 12th Floor
Towson, Maryland 21204
**Attorneys for Mallinckrodt, Inc. and
GlaxoSmithKline, Inc.**

Sidney G. Leech
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb Company**

David D. Hudgins
Sean C.E. McDonough
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, VA  22314
**Attorneys for Person & Covey, Inc.**

Jaime W. Luse
Harold M. Walter
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
**Attorneys for Elan Pharmaceuticals**

/s/ John Chadwick Coots
**Attorney for Defendant
Eli Lilly and Company**

3

140303v1

# SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

```
* * * * * * * * * * * * * * * * * * * * * * * *
CONNIE PAVLICAS,                    *
                                    *
              Plaintiff,            *
                                    *    CIVIL ACTION NO. 2006 CA 006749 B
                                    *
         vs.                        *
                                    *    Judge Mary A. Terrell
                                    *
ELI LILLY AND COMPANY, et al.,      *
                                    *    Next Event: Discovery Closes – 6/13/07
                                    *
              Defendants.           *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## DEFENDANT ELI LILLY AND COMPANY'S
## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
## UNTIMELY EXPERT DESIGNATIONS
## OR IN THE ALTERNATIVE TO EXTEND DISCOVERY

Eli Lilly and Company ("Lilly") respectfully requests that this Court strike "Plaintiff's Supplemental 26(b)(4) Statement," which purports to designate additional experts after the expert designation deadline. By attempting to name four new experts[1] (each of which plaintiff's counsel knew about before plaintiff's expert deadline expired) plaintiff has violated Rule 16 as well as this Court's December 15, 2006 Initial Scheduling Order. Plaintiff offers no justification for disregarding the Court's rules and deadlines. If the Court permits such behavior, Lilly will be prejudiced. Accordingly, the Court should strike "Plaintiff's Supplemental 26(b)(4) Statement" and preclude any individuals identified therein from testifying in this case. In the alternative, the scheduling order deadlines should be extended to allow Lilly the opportunity to depose these new experts and the opportunity to identify and disclose new experts of its own.

---

[1] John J. Hefferren; James P. DellaVolpe; Harold B. Sparr; and Philip J. Cafferty.

139592v3

## FACTUAL BACKGROUND

On December 15, 2006, this Court entered its initial scheduling order, which required plaintiff Connie Pavlicas to submit her Rule 26(b)(4) Statement on or before March 29, 2007. *See* **Exhibit 1**. On March 26, 2007, plaintiff submitted her Rule 26(b)(4) Statement, listing five proposed expert witnesses: Harris Busch; Richard J. Falk; Brian Strom; David Kreiner; and Julius Piver. *See* **Exhibit 2**.

As per this Court's initial scheduling order, Lilly submitted its Rule 26(b)(4) Statement on May 4, 2007. On May 17, 2007, nearly two weeks after Lilly submitted its statement, and more than two months after her expert designation deadline expired, plaintiff submitted "Plaintiff's Supplemental 26(b)(4) Statement" (the "May 17th Statement"). The May 17th Statement named four additional experts who did not appear on plaintiff's prior expert statement: John J. Hefferren; James P. DellaVolpe; Harold B. Sparr; and Philip J. Cafferty.[2] *See* **Exhibit 3**.

## LAW AND ARGUMENT

The Court should strike plaintiff's May 17th Statement because plaintiff not only ignored the Court's scheduling order but offered no explanation for her actions.

### A.    Plaintiff Failed To Seek Leave Of Court To Amend The Scheduling Order

As an initial matter, plaintiff did not seek to amend the scheduling order to provide additional time for her expert designations. Nor, for the reasons set forth below – including the undisputed fact that plaintiff's counsel has known of these experts for some time – could plaintiff have made the requisite "good cause" showing for such an amendment. *See* D.C. SUPER. CT. R.

---

[2]    Plaintiff's counsel advised Lilly that they were "amending our Expert Disclosures in all DES cases filed by this office" in a letter on April 25, 2007. *See* **Exhibit 4**. In a May 3, 2007 letter, Lilly responded that it would not agree to such untimely designations. *See* **Exhibit 5**.

CIV. P. 16, Comment (requiring that leave of court be sought, and a showing of good cause made, before a scheduling order may be modified).

Under D.C. SUPER. CT. R. CIV. P. 16(b), this Court is authorized to hold an initial scheduling and settlement conference and to determine the "date a statement comporting with Rule 26(b)(4) must be filed and served." D.C. SUPER. CT. R. CIV. P. 16(b)(3). Under Rule 16(*l*), "[i]f a party or a party's attorney fails to obey a scheduling or pretrial order . . . the Court, upon motion or its own initiative, may make such orders with regard thereto as are just . . . ." Here, plaintiff failed to obey this Court's order and further failed to obey this Court's rules because she did not seek leave of court or provide a showing of "good cause" to modify that order as required by Rule 16. *See* D.C. SUPER. CT. R. CIV. P. 16, Comment ("The scheduling order thus set may be modified with court approval and for good cause shown . . . ."). Therefore, such attempted modification should be stricken.

Even if plaintiff had sought leave of court to modify the scheduling order, she could not have provided a showing of good cause. As set forth below, plaintiff's counsel has known about and even identified these newly-named experts in previous cases. Without having learned of these experts after the deadline, a showing of good cause would not be possible. Because plaintiff ignored the Rule 16 requirement of seeking leave of court and showing good cause, this attempted modification should be stricken.

**B.    This Court Should Strike Plaintiff's Untimely Designation Of Experts**

Rule 16(*l*) further expressly provides that the Court may impose a sanction under Rule 37(b)(2)(B), which authorizes "[a]n order . . . prohibiting [the disobedient] party from introducing designated matters in evidence." Under these rules, the Court has the authority to strike expert designations.

In determining whether to use this authority, the Court evaluates five factors:

> (1) whether allowing the evidence would incurably surprise or prejudice the opposite party; (2) whether excluding the evidence would incurably prejudice the party seeking to introduce it; (3) whether the party seeking to introduce the testimony failed to comply with the evidentiary rules inadvertently or willfully; (4) the impact of allowing the proposed testimony on the orderliness and efficiency of the trial; and (5) the impact of excluding the proposed testimony on the completeness of information before the court or jury.

*Weiner v. Kneller*, 557 A.2d 1306, 1311-12 (D.C. 1989). The party in violation of the Court's order has "the burden of satisfying a preponderance" of these factors. *Id.* The fourth and fifth factors are not relevant in this case as they primarily apply to cases that have already gone to trial. *See Lowrey v. Glassman*, 908 A.2d 30, 34 n.5 (D.C. 2006) (citations omitted). In evaluating the remaining factors it is clear that plaintiff cannot satisfy her burden. Therefore, this Court should strike plaintiff's new expert designations.

**1.     Lilly will be prejudiced if this Court does not exclude these new designations.**

The first factor evaluated is whether "allowing the evidence would incurably surprise or prejudice" Lilly. *Weiner*, 557 A.2d at 1311. The Court of Appeals has found prejudice where, as here, a party "failed to meet its discovery obligations in a timely or candid manner." *Lowrey v. Glassman*, 908 A.2d 30, 35 (D.C. 2006) (internal quotations omitted). Here, plaintiff submitted four completely new expert designations after both this Court's deadline had passed and after Lilly had submitted its Rule 26(b)(4) Statement. As in *Lowrey*, because Lilly's deadline has passed, "it ha[s] no way of counter-designating expert witnesses." *Id.* In *Lowrey*, the Court upheld the trial court's decision to exclude expert's testimony where plaintiffs had named experts but did not provide the expert reports. Here, plaintiff is naming completely new experts after her deadline. Clearly, plaintiff failed to meet her obligations in a timely manner.

If plaintiff is permitted to name expert witnesses beyond her deadline, and in fact beyond even Lilly's deadline, plaintiff will not only defeat the fundamental purpose of D.C. SUPER CT. R. CIV. 16 and eviscerate this Court's Scheduling Order, but plaintiff will also prejudice Lilly because as Lilly's deadline has passed, it will not be permitted to name experts who can counter the testimony of plaintiff's untimely-named experts. Therefore, the first factor weighs in favor of striking these new designations.

### 2.    Plaintiff is unable to show that she would be "incurably prejudice[d]" without these new experts.

The second factor this Court evaluates is whether the exclusion of experts would "incurably prejudice" plaintiff. *Weiner*, 557 A.2d at 1311-12. The burden is on plaintiff to prove that the exclusion of these untimely-named experts would cause her incurable prejudice. *Id.* She cannot satisfy this burden.

Plaintiff's counsel is very experienced in this litigation. In several of the cases dealing with issues similar to those presented in this case, plaintiff's counsel chose not to designate these newly-named experts. For example, in *Cook v. Eli Lilly and Co.*, Civil Action No. 05-0003406 (D.C. Super. Ct.), plaintiff's counsel not only excluded these four individuals but also chose not to designate any other experts to testify in these individual's purported areas of expertise. *See* **Exhibit 6**. *See also McCarty v. Eli Lilly and Co.*, Civil Action No. 05-000328 (D.C. Super. Ct.), **Exhibit 7**; *Gedaro v. Eli Lilly and Co.*, Civil Action No. 05-000650 (D.C. Super. Ct.), **Exhibit 8**.

Plaintiff's counsel was aware of all four experts before the deadline and obviously made a conscious decision *not* to designate them here. These facts preclude plaintiff from now arguing that she would be "incurably prejudiced" without their testimony.

139592v3

### 3.    Plaintiff willfully failed to comply with this Court's scheduling order.

The third factor is whether plaintiff "failed to comply with the evidentiary rules inadvertently or willfully." *Weiner*, 557 A.2d at 1312.    The District of Columbia defines willfulness as a "conscious or intentional failure to act." *Dada v. Children's Nat'l Med. Ctr.*, 763 A.2d 1113, 1116 (D.C. 2000) (internal citations omitted).    A "finding of willfulness…[goes] a considerable way toward supporting" a motion to strike. *Lowrey v. Glassman*, 908 A.2d 30, 35 (D.C. 2006) (internal quotations omitted).

Here, the facts clearly illustrate that plaintiff's counsel's choice not to include the four experts was at least a conscious decision. Plaintiff's counsel has identified all four experts in previous cases.[3] Plaintiff's counsel identified Harold B. Sparr nearly three years ago in *Bohlin v. Eli Lilly and Co.*, 05-cv-11577 (D. Mass.). *See* **Exhibit 9** (Plaintiff's September 23, 2004 Rule 26(a)(2) statement in *Bohlin*).    Similarly, James DellaVolpe was identified over a year ago in *Maxwell v. Eli Lilly and Co.*, 05-cv-12447 (D. Mass.). *See* **Exhibit 10** (Plaintiff's April 18, 2006 Rule 26(a)(2) statement in *Maxwell*).    Philip J. Cafferty was deposed nearly four years ago in the case of *Dean v. Eli Lilly and Co.*, 02-cv-11078 (D. Mass.). *See* **Exhibit 11** (first page of August 22, 2003 deposition transcript in *Dean*).    Finally, plaintiff's counsel submitted the unsigned affidavit of John J. Hefferren, dated November 10, 2006, as an attachment to their opposition to a summary judgment motion in *Cook v. Eli Lilly and Co.*, 05-cv-03406 (D.C. Super. Ct.). *See* **Exhibit 12** (Affidavit of John J. Hefferren filed as Attachment 19 to plaintiff's November 20, 2006 Opposition to Defendant's Motion for Summary Judgment in *Cook*).    Therefore, plaintiff's

---

[3]    The mere fact that plaintiff's counsel has identified these experts in prior litigation does not illustrate that Lilly should have anticipated such here. *See* **Exhibit 13** (April 17, 2007 Order in *Kasparian v. Eli Lilly and Co.*, Civil Action No. 06-290 (D.D.C.) ("Plaintiffs cite no support for the proposition that Lilly should anticipate the identification of an expert from prior litigation, and there is no reason that Lilly should have known that Plaintiffs would rely on [such] testimony in this litigation.").    It only illustrates that plaintiff's counsel knew of these experts long before their deadline passed here.

counsel clearly knew about these experts long before plaintiff's deadline to submit her Rule 26(b)(4) Statement passed.

The timing of plaintiff's new Rule 26(b)(4) Statement also evidences willfulness. While plaintiff's counsel has known of these experts for many years, they fortuitously forgot about them until after Lilly's deadline had passed and less than a month before discovery closed completely. Such intentional maneuvering should not be condoned by this Court.

A proper consideration in evaluating the willfulness factor is plaintiff's "explanation for failing to meet the discovery deadline…" *Dada v. Children's Nat'l Med. Ctr.,* 763 A.2d 1113, 1115 (D.C. 2000). It may be that plaintiff believes calling the May 17th Statement a "supplement" means the deadlines in the scheduling order do not apply. However, such a belief would be incorrect. Rule 26(f)(1) states that a "party is under a duty *seasonably* to supplement…(B) the identity of each person expected to be called as an expert witness at trial . . . ." (emphasis added). This rule "requires supplementation of [the Rule 26(b)(4)] statement if additional testimony *becomes known.*" *Weiner v. Kneller,* 557 A.2d 1306, 1308 (D.C. 1989) (emphasis added). As these experts were known to plaintiff's counsel long before plaintiff's deadline, they did not "become[] known" nor were they "seasonably" supplemented, as required by the rule.

As illustrated above, plaintiff's decision to wait until after Lilly's deadline to identify its experts had passed to submit the May 17th Statement, which identifies experts that plaintiff's counsel has known for years, along with plaintiff's disregard of Rule 16's requirement to seek leave before modifying the scheduling order, proves plaintiff's willfulness and demonstrates that no less severe sanction than striking the untimely-named experts is warranted. In upholding the trial court's decision in *Lowrey,* the Court of Appeals quoted the trial court approvingly:

> Although it might be argued that with respect to factors 1, 2, 4, and
> 5, the impact on the plaintiff might justify the court's forgiveness
> of the violation and an order that the discovery process with
> respect to expert witnesses start all over again, the court has
> concluded that factor 3 in the *Weiner* analysis does not permit such
> a charitable result.

*Lowrey v. Glassman*, 908 A.2d 30, 35 (D.C. 2006) (internal quotations omitted). Similarly, here, this willfulness factor should trump the other factors and result in these untimely designations being stricken.

### B.    Alternatively, This Court Should Extend The Discovery Deadlines To Permit The Deposition Of These Untimely-Designated Experts

In the alternative, if the Court decides not to strike plaintiff's untimely-designated experts, Lilly urges the Court to extend the discovery deadlines to permit Lilly the opportunity to depose plaintiff's untimely-named experts and the opportunity to identify and disclose new experts of its own. Rule 26(e)(1) states that the discovery deadlines can be extended where "good cause is shown to exist for granting additional time for discovery." Allowing plaintiff to ignore the deadlines set by this Court, but then requiring Lilly to strictly adhere to them would be wholly unfair. Plaintiff's late-designation of four experts therefore constitutes "good cause" for an extension of the discovery and all subsequent deadlines. Therefore, if the Court does not strike plaintiff's untimely-designated experts, then, in the alternative, Lilly respectfully requests that the close of discovery and all subsequent deadlines be extended by three months.

Rule 26(e)(2) requires the party requesting an extension to detail the discovery needed. Lilly requests the opportunity to depose the four experts named in the May 17th Statement as well as additional time to potentially identify and disclose new experts of its own. Therefore, Lilly respectfully requests that the close of discovery and all subsequent deadlines be extended by three (3) months.

## CONCLUSION

For these reasons, Lilly respectfully requests that the Court issue the attached Order striking plaintiff's "Supplemental 26(b)(4) Statement" and precluding plaintiff from calling John J. Hefferren, James P. DellaVolpe, Harold B. Sparr and Philip J. Cafferty as witnesses at the trial of this case. In the alternative, Lilly respectfully requests a three month extension of the applicable scheduling order deadlines so Lilly may have an opportunity to depose plaintiff's untimely-named experts and an opportunity to identify and disclose new experts of its own.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
600 14TH Street, N.W., Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

9

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2007 I caused the following documents:

DEFENDANT ELI LILLY AND COMPANY'S MOTION TO STRIKE UNTIMELY EXPERT DESIGNATIONS OR IN THE ALTERNATIVE TO EXTEND DISCOVERY

DEFENDANT ELI LILLY AND COMPANY'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE UNTIMELY EXPERT DESIGNATIONS OR IN THE ALTERNATIVE TO EXTEND DISCOVERY

PROPOSED ORDER and RULE 12-I(a) CERTIFICATION

CERTIFICATE OF SERVICE

to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-filing participants in this matter.

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street, NW, Suite 500
Washington, DC  20036
**Attorneys for Plaintiffs**

Elizabeth Ewert
DRINKER BIDDLE & REATH, LLP
1500 K Street N.W., Suite 1100
Washington, DC  20005
**Attorneys for Pharmacia and
Upjohn Company**

John F. Anderson
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
**Attorneys for Dart Industries, Inc.**

Janet K. Coleman
WHITNEY & BOGRIS LLP
401 Washington Avenue, 12th Floor
Towson, Maryland 21204
**Attorneys for Mallinckrodt, Inc. and
GlaxoSmithKline, Inc.**

Sidney G. Leech
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb Company**

David D. Hudgins
Sean C.E. McDonough
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, VA  22314
**Attorneys for Person & Covey, Inc.**

Jaime W. Luse
Harold M. Walter
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
**Attorneys for Elan Pharmaceuticals**

/s/ John Chadwick Coots
**Attorney for Defendant
Eli Lilly and Company**

139592v3

10

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CONNIE PAVLICAS,                                      \*
                                                     \*
                            Plaintiff,               \*
                                                     \*    CIVIL ACTION NO. 2006 CA 006749 B
            vs.                                      \*
                                                     \*    Judge Mary A. Terrell
ELI LILLY AND COMPANY, et al.,                       \*
                                                     \*    Next Event: Discovery Closes – 6/13/07
                            Defendants.              \*
                                                     \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**AFFIDAVIT OF JOHN C. COOTS IN SUPPORT OF**
**DEFENDANT ELI LILLY AND COMPANY'S**
**MOTION TO STRIKE UNTIMELY EXPERT DESIGNATIONS**
**OR IN THE ALTERNATIVE TO EXTEND DISCOVERY**

I, John C. Coots, being first sworn on oath, attest that the following is true and correct:

I am an attorney in the firm of Shook, Hardy & Bacon, LLP, counsel for defendant Eli Lilly and Company ("Lilly") in the above-captioned action.

1.      Exhibit 4 to Lilly's Memorandum In Support Of Motion To Strike Untimely Expert Designations Or In The Alternative To Extend Discovery is a true copy of correspondence received from Aaron M. Levine and dated April 25, 2007.

2.      Exhibit 5 to Lilly's Memorandum In Support Of Motion To Strike Untimely Expert Designations Or In The Alternative To Extend Discovery is a true copy of correspondence sent by Emily J. Laird to Aaron M. Levine and dated May 3, 2007.

3.      Exhibit 6 to Lilly's Memorandum In Support Of Motion To Strike Untimely Expert Designations Or In The Alternative To Extend Discovery is a true copy of

140305v1

Plaintiff's Rule 26(b)(4) Statement, submitted February 27, 2006, in *Cook v. Eli Lilly and Co.*, Civil Action No. 05-0003406 (D.C. Super. Ct.).

       4.     Exhibit 7 to Lilly's Memorandum In Support Of Motion To Strike Untimely Expert Designations Or In The Alternative To Extend Discovery is a true copy of Plaintiff's Rule 26(b)(4) Statement, submitted August 2, 2005, in *McCarty v. Eli Lilly and Co.*, Civil Action No. 05-000328 (D.C. Super. Ct).

       5.     Exhibit 8 to Lilly's Memorandum In Support Of Motion To Strike Untimely Expert Designations Or In The Alternative To Extend Discovery is a true copy of Plaintiff's Rule 26(b)(4) Statement, submitted August 18, 2005, in *Gedaro v. Eli Lilly and Co.*, Civil Action No. 05-000650 (D.C. Super. Ct.).

       6.     Exhibit 9 to Lilly's Memorandum In Support Of Motion To Strike Untimely Expert Designations Or In The Alternative To Extend Discovery is a true copy of Plaintiff's Rule 26(a)(2) Statement, submitted September 23, 2004, in *Bohlin v. Eli Lilly and Co.*, 05-cv-11577 (D. Mass.).

       7.     Exhibit 10 to Lilly's Memorandum In Support Of Motion To Strike Untimely Expert Designations Or In The Alternative To Extend Discovery is a true copy of Plaintiff's Rule 26(a)(2) Statement, submitted April 18, 2006, in *Maxwell v. Eli Lilly and Co.*, 05-cv-12447 (D. Mass.).

       8.     Exhibit 11 to Lilly's Memorandum In Support Of Motion To Strike Untimely Expert Designations Or In The Alternative To Extend Discovery is a true copy of the first page of the August 22, 2003 deposition of Philip J. Cafferty in *Dean v. Eli Lilly and Co.*, 02-cv-11078 (D. Mass.).

2

9.    Exhibit 12 to Lilly's Memorandum In Support Of Motion To Strike Untimely Expert Designations Or In The Alternative To Extend Discovery is a true copy of the Affidavit of John J. Hefferren, dated November 10, 2006, filed as Attachment 19 to plaintiff's November 20, 2006 Opposition to Defendant's Motion for Summary Judgment in *Cook v. Eli Lilly and Co.*, Civil Action No. 05-0003406 (D.C. Super. Ct.).

10.    Exhibit 13 to Lilly's Memorandum In Support Of Motion To Strike Untimely Expert Designations Or In The Alternative To Extend Discovery is a true copy of the United States District Court for the District of Columbia decision in *Kasparian v. Eli Lilly and Company*, Civil Action No. 06-CV-00290 (D.D.C. April 17, 2007) (Collyer, J.).

Executed on June __20__, 2007

_John C. Coots_
John C. Coots

DISTRICT OF          )
                              )ss.
COLUMBIA           )

On this __20th__ day of June, 2007, before me, a notary public in and for said state, personally appeared John C. Coots, to me personally known, who being duly sworn, acknowledged that he had executed the foregoing instrument for purposes therein mentioned and set forth.

_____
NOTARY PUBLIC

My Commission Expires:

Michel Y. Thompson
Notary Public, District of Columbia
My Commission Expires 10-14-2009

3

140305v1

Exhibit 1

140335v1

# Superior Court of the District of Columbia

Civil Division -- Washington, D.C.  20001

## SCHEDULING ORDER

FILED
IN OPEN COURT

DEC 1 5 2006

Superior Court
of The District of Columbia
Washington, D.C.

Case Number: <u>**2006 CA 006749 B**</u>

<u>**CONNIE PAVLICAS Vs. ELI LILLY & COMPANY et al**</u>

This ORDER may not be modified except by leave of Court upon a showing of good cause; stipulations between counsel shall not be effective to change any deadlines in the order absent court approval. Failure to comply with all terms may result in dismissal, default judgment, refusal to let witnesses testify, refusal to admit exhibits, the assessment of costs and expenses, including attorney's fees, or other sanctions.

December 15, 2006
_____
Date:

JUDGE MARY A TERRELL

ADR Selected:  Mediation ☒        Case Evaluation ☐

## Track 3 - Mediation

| | |
|---|---|
| **DEADLINE FOR DISCOVERY REQUESTS** | 03/15/2007 |
| **EXCHANGE WITNESS LISTS** | 03/15/2007 |
| **PROPONENT'S RULE 26(B) (4) STATEMENT** | 03/29/2007 |
| **OPPONENT'S RULE 26(B) (4) STATEMENT** | 05/04/2007 |
| **DISCOVERY CLOSED** | 06/13/2007 |
| **DEADLINE FOR FILING MOTIONS** | 06/28/2007 |
| **DISPOSITIVE MOTIONS DECIDED** | 07/30/2007 |
| **ADR  (MEDIATION/CASE EVALUATION)** | 08/13/2007-10/11/2007 |
| **PRETRIAL** | (TO BE SET UPON COMPLETION OF ADR) |

**(A Joint Pretrial Statement is required unless otherwise ordered by the Court.)**

Please **check** names of parties for accuracy and **verify** your own **name, address and telephone number**; write any correction and initial it.  Each attorney and pro se party **MUST INITIAL** to acknowledge **receipt of this Order.**

| **PARTY** | **NAME  /   ADDRESS   / BAR NUMBER** |
|---|---|
| <u>PLAINTIFF</u> | CONNIE PAVLICAS  55 MAIN STREET #10  NEW YORK  NY 10163 |
| | Mr AARON M LEVINE  1320 19th Street NW Suite 500  WASHINGTON DC 20036      **007864** |
| <u>Defendant</u> | ELI LILLY & COMPANY  1090 VERMONT AVENUE NW #910  WASHINGTONDC 20005 |
| | Mr JOHN C COOTS  600 14th Street, NW Suite 800  Washington  DC 20005  **461979** |

CASCHORD
12/15/2006

# Superior Court of the District of Columbia
Civil Division -- Washington, D.C. 20001
## SCHEDULING ORDER

DEC 1 5 2006

of The ......... and
Washington, D.C.

Case Number: <u>2006 CA 006749 B</u>

## <u>CONNIE PAVLICAS Vs. ELI LILLY & COMPANY et al</u>

<u>Defendant</u>    BRISTOL-MYERS SQUIBB COMPANY   PO BOX 4500  PRINCETON NJ 08543
           Mr SIDNEY G LEECH  GOODELL,DEVRIES,LEECH &DANN,LLPONE SOUTH STREET, #200
Washington  DC 20005  **359071**

<u>Defendant</u>    PHARMACIA AND UPJOHN COMPANY    100 ROUTE 206 NORTH  PEAPACK  NJ 07977
           Ms ELIZABETH EWERT 1500 K Street, NW Suite 1100  Washington  DC 20005   **479368**

<u>Defendant</u>    ABBOTT LABORATORIES, INC 100 Abbott Park Road Abbott Park  IL 60064

<u>Defendant</u>    DART INDUSTRIES, INC  31 Brookside Drive  Greenwich  CT 06836
           Mr JOHN F ANDERSON TROUTMAN SANDERS LLP  1660 INTERNATIONAL DRIVE SUITE 600
Mclean VA 22102   **393764**

<u>Defendant</u>    GLAXOSMITHKLINE,INC 1500 K ST NW  WASHINGTON DC 20036      JANET K COLEMAN
           401 WASHINGTON AVENUE 12TH FLOOR
     TOWSON MD 21204

CASCHORD
12/15/2006

Exhibit 2

140335v1

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| **CONNIE PAVLICAS,** | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| v. | ] | **Civil Action No.: 2006 CA 006749 B** |
| | ] | **Judge Mary A. Terrell** |
| | ] | **Next Event: Proponent's 26(b)(4) Statement** |
| **ELI LILLY AND COMPANY, et al.,** | ] | **due on March 29, 2007** |
| | ] | |
| **Defendants.** | ] | |

### PLAINTIFF'S RULE 26(b)(4) STATEMENT

COMES NOW the Plaintiff, pursuant to this Court's Scheduling Order and D.C. Sup.Ct.Civ.Proc. Rule 26(b)(4), and hereby submit the statements of the following experts who may be called as witnesses at trial in this cause:

**Harris Busch, M.D., Ph.D.**
**Baylor College of Medicine**
**1 Baylor Plaza, Room 319D**
**Houston, TX  77030**

Dr. Busch is an expert in the field of Pharmacology and has been engaged in the investigation and research of drugs and chemical agents that may be ingested by women. Dr. Busch has reviewed the literature as to the safety and efficacy of diethylstilbestrol ("DES") and will testify, as outlined in his prior depositions, that sufficient facts existed in the medical literature to alert a pharmaceutical manufacturer as to the dangers of the teratological effects of synthetic estrogen ingested by pregnant women. The Defendants are familiar with Dr. Busch's opinions and testimony from previous experience and testimony.

**Richard J. Falk, M.D.**
**1588 Lancaster Green**
**Annapolis, MD  21401-6465**

Dr. Falk is a board certified Obstetrician and Gynecologist with a sub-specialty in Reproductive Endocrinology. A copy of his curriculum vitae and fee for expert testimony has previously been provided. Dr. Falk's testimony, as outlined in his previously produced report and recent deposition, will in many ways parallel Dr. Busch's testimony as to state of the art, but will focus on the perspective of the practicing and teaching Obstetrician/Gynecologist at the time. Dr. Falk will testify as to the standard of care of the pharmaceutical industry in the employment of toxicological information gleaned from animal testing and will testify that said standard of care was violated by the Defendants in their initial and then afterward promotion of DES for use in pregnancy. He is also expected to testify that it was foreseeable that DES could injure the exposed offspring's reproductive organs and result in pre-term delivery to subsequent children. In addition, Dr. Falk will testify that said promotion by the Defendants was not merely a failure to exercise ordinary care but their failure to test and warn about lack of efficacy after 1953 was intentional, willful and malicious.

In addition, Dr. Falk is expected to testify that he has reviewed the medical records, reports and hysterosalpingogram ("HSG") films of the plaintiff, and that it is his opinion, based on his education, training, experience and review of the medical literature, that the plaintiff's in utero exposure to DES is causally related to her anatomic and reproductive tract anomalies, including but not limited to, a T-shaped uterus. Dr. Falk is also expected to testify that plaintiff's DES causally related anatomic anomalies have significantly contributed to her poor reproductive outcomes and infertility. A copy of Dr. Falk's report will be forwarded upon receipt.

**Brian Strom, M.D., M.P.H.**
**University of Pennsylvania Medical Center**
**Department of Epidemiology & Biostatistics**
**824 Blockley Hall, 423 Guardian Drive**
**Philadelphia, PA   19104**

-2-

Dr. Strom is an expert in the field of Epidemiology. He is expected to testify that he has reviewed the medical literature and evaluated those studies and their designs which were aimed at the investigation between in utero DES exposure and poor pregnancy outcomes, fetal wastage, infertility and pre-term labor. He is expected to testify that it is his opinion, based on his education, training and experience, that the reproductive tract and anatomic anomalies suffered by the plaintiff are causally related to her in utero DES exposure and place her at high risk for poor pregnancy outcomes, infertility and pre-term delivery. Defendants are familiar with Dr. Strom's opinions and testimony based on prior experience and testimony.

**David Kreiner, M.D.**
**East Coast Fertility**
**Kreiner IVF & Associates**
**1074 Old Country Road**
**Plainview, NY 11803**

Dr. Vermesh is board certified in Obstetrics and Gynecology, and is expected to testify, as outlined in his previously produced report, that he has examined, diagnosed and treated the plaintiff, and that it is his opinion, based on his education, training, experience and review of the medical literature, that the plaintiff's in utero exposure to DES is causally related to her reproductive and anatomical anomalies, including cervical and uterine abnormalities. In addition, Dr. Kreiner is expected to testify that the plaintiff's DES-related abnormalities have caused or significantly contributed to her poor pregnancy outcomes and infertility, with concomitant medical and surgical expenses for same. Finally, Dr. Kreiner is expected to testify that had the plaintiff not been exposed to DES in utero, her pregnancy potential and outcomes would likely have been significantly improved.

**Julius Piver, M.D.**
**6602 Melody Lane**
**Bethesda, MD   20817**

Dr. Piver is a board certified Obstetrician and Gynecologist and has been engaged in the practice of Obstetrics and Gynecology since 1956. A copy of his curriculum vitae and fee for expert testimony has previously been provided. Dr. Piver's testimony, as outlined in his previously produced report and recent deposition, will focus on the standard of care and the usual and ordinary practice of Obstetrics and Gynecology in major population centers from the late 1950's to date, in particular with regard to the use of Diethylstilbestrol.

The aforementioned experts' opinions are made at the time of this Statement, and may be amended and/or supplemented as discovery progresses.

The Plaintiff reserves the right to call:

1.       Any witness identified by the Defendants;

2.       Any witness not identified to present rebuttal testimony; and

3.       Any health care provider who has examined, treated, and diagnosed the Plaintiff.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

/s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC   20036
202-833-8040

Counsel for Plaintiff

-4-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of March, 2007, a true copy of the foregoing Plaintiff's 26(b)(4) Statement was electronically filed with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an electronic filing to the following e-filing participants in this matter:

The Honorable Mary A. Terrell
Superior Court of the District of Columbia
500 Indiana Avenue, N.W.
Washington, DC   20036

Michelle R. Mangrum, Esq.
John Coots, Esq.
Shook, Hardy & Bacon, L.L.P.
600 14th Street, N.W., Suite 800
Washington, DC   20005

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, MD   21202

Michael J. McManus, Esq.
Elizabeth Ewert, Esq.
Drinker Biddle & Reath, LLP
1500 K Street, N.W.
Suite 1100
Washington, DC   20005

Janet K. Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, MD   21204

Aaron M. Bailey, Esq.
Goodwin Procter LLP
901 New York Avenue, N.W., 9th Floor East
Washington, DC 20001

-5-

David D. Hudgins, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA   22314

Jaime W. Luse, Esq.
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, MD   21202

John F. Anderson, Esq.
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA   22102

/s/ Aaron M. Levine
Aaron M. Levine

-6-

Exhibit 3

140335v1

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

|  |  |
|---|---|
| CONNIE FRANCO PAVLICAS )<br><br>Plaintiff, )<br><br>v. )<br><br>ELI LILLY AND COMPANY, et al., )<br><br>Defendants. ) | Case No. 2006 CA 006749 B<br>Judge Mary A. Terrell<br>Next Event:    Discovery Closed<br>June 13, 2007 |

## PLAINTIFF'S SUPPLEMENTAL 26(b)(4) STATEMENT

COMES NOW Plaintiff, by and through counsel, and hereby submits, pursuant to her duties under D.C. Super. Ct. R. Civ. P. 26(f) and her prior D.C. Super. Ct. R.Civ.P. 26(b)(4) Statement, and supplements her prior Rule 26(b)(4) Statement of March 26, 2007 with the statements of the following experts who may be called as witnesses at trial in this cause:

**John J. Hefferren, Ph.D.**
**303 Campfire Drive**
**Lawrence, KS 66049**

Dr. Hefferren is an expert in the field of manufacturer/pharmaceutical identification. He is a Ph.D. in Pharmaceutical Chemistry and has been involved in research pharmaceuticals for the past fifty years. He authored a publication guide on the identification of drugs in the 1950's and 1960's and is uniquely familiar with the physical characteristics and identification of pharmaceuticals. He is expected to testify as to the identity of Eli Lilly and Company's DES pills.

**James P. DellaVolpe**
**29 Benedict Road**
**Buzzards Bay, MA**

Mr. DellaVolpe is an expert in the field of wholesale pharmaceutical distribution, stocking, and brand popularity of DES in the 1960's. He is expected to testify, as outlined in his recent deposition, that McKesson and Robins, which was an Eli Lilly and Company wholesaler, would have provided to a pharmacy Lilly's brand of DES for any order for "DES," "diethylstilbestrol," or "stilbestrol."

**Harold B. Sparr, R.Ph., M.S.**
**216 Dimmock Road**
**Otis, MA 01253**

Mr. Sparr is an expert in pharmacy practices who conducted a survey of the market share of the various DES brands sold in Massachusetts in the 1960's. He will testify, as outlined in his prior depositions, that the brand involved in this case was the Lilly brand of DES based on his experience, his study, and his research. Mr. Sparr will also testify that, based on his experience, research, and years of interactions with pharmacists from across the United States, that Lilly had the predominant share, if not a nearly exclusive position, of the DES market.

**Philip J. Cafferty, R.Ph.**
**16 Triphammer Road**
**Hingham, MA 02043**

Mr. Cafferty is deceased. Mr. Cafferty was a pharmacist and former pharmaceutical representative of Eli Lilly and Company. Based upon Mr. Cafferty's observations of drugstores and familiarity with the pharmaceutical field, it is his opinion, as outlined in his prior deposition, that Lilly had the predominant share, if not a nearly exclusive position, of the DES market.

Respectfully submitted,

Aaron M. Levine & Associates


_____/s/_____ Aaron M. Levine_____
AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
(202) 833-8040

Counsel for Plaintiff

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17TH day of May, 2007, a true copy of the foregoing Plaintiff's Supplemental 26(b)(4) Statement was electronically filed with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an electronic filing to the following e-filing participants in this matter:

The Honorable Mary A. Terrell
Superior Court of the District of Columbia
500 Indiana Ave., N.W.
Washington, DC 20036

Janet Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, Twelfth Floor
Towson, MD 21204
**Counsel for Defendants GlaxoSmithKline
and Mallinckrodt, Inc.**

Sean McDonough, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Counsel for Person & Covey, Inc.**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20TH Floor
Baltimore, MD 21202
**Counsel for Defendant Bristol-Myers
Squibb Co.**

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon LLP
600 14TH Street, N.W., Suite 800
Washington, DC 20005-2004

/s/ Aaron M. Levine
Aaron M. Levine

4

Exhibit 4

LAW OFFICES

BRANDON J. LEVINE
JENNIFER A. LEVINE*
RENEE L. ROBINSON-MEYER
STEVEN J. LEWIS

ANDREW E. LEVINE, M.D.
MARICEL L. CRUZ, R.N. BSN
YVONNE GIPMAN, R.N.
MEDICAL SPECIALISTS

## AARON M. LEVINE & ASSOCIATES

BOARD CERTIFIED TRIAL ADVOCATE
FIFTH FLOOR
1320 NINETEENTH STREET, N.W.
WASHINGTON, D.C. 20036

TEL (202) 833-8040
FAX (202) 833-8046
TOLL FREE (888) 868-5380

aaronlevinelaw@aol.com
www.aaronlevinelaw.com

*ADMITTED IN NEW YORK AND ILLINOIS ONLY

April 25, 2007

James J. Dillon, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

Mark C. Hegarty, Esq.
Shook, Hardy, & Bacon, L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108

James M. Wood, Esq.
Reed Smith LLP
1999 Harrison Street
Oakland, CA  94612

RE:    DES Cases - Amended Expert Disclosures

Dear Counselors:

You are hereby advised that we are amending our Expert Disclosures in all DES cases filed by this office to include the following:

1.    James P. DellaVolpe
       29 Benedict Road
       Buzzards Bay, MA  02532

Mr. DellaVolpe is an expert in the field of wholesale pharmaceutical distribution, stocking and brand popularity of DES in the 1960's. He is expected testify, as outlined in his recent deposition, that McKesson and Robins, which was a Eli Lilly and Company wholesaler, would have provided to a pharmacy the Lilly brand for a prescription for "DES," "diethylstilbestrol," or "stilbestrol." Mr. DellaVolpe's report, curriculum vitae and fee for expert testimony have previously been provided.

2.    Harold B. Sparr, R.Ph., M.S.
       216 Dimmock Road
       Otis, MA  01253

Mr. Sparr is an expert in pharmacy who has conducted a survey of the market share of the various DES brands sold in Massachusetts in the 1960's. He will testify, as outlined in his prior depositions, that the brand involved in this case was the Lilly brand of DES based on his experience, his study and his research. Mr. Sparr will also testify that based on his experience, research and interactions with pharmacists over the years from throughout the United States, that Lilly had the

LAW OFFICES
AARON M. LEVINE

James J. Dillon, Esq.
Mark C. Hegarty, Esq.
James M. Wood, Esq.
April 25, 2007
Page Two

lion's share, if not all of the DES market. A copy of Mr. Sparr's curriculum vitae and fee for expert testimony have previously been provided.

       3.    Philip J. Cafferty, R.Ph.
            16 Triphammer Road
            Hingham, MA    02043

Mr. Cafferty was a pharmacist and former pharmaceutical representative of Eli Lilly and Company. Based upon Mr. Cafferty's observations of drugstores and familiarity with the pharmaceutical field, it is his opinion, as outlined in his prior deposition, that Lilly had the lion's share, if not all of the DES market. A copy of Mr. Cafferty's curriculum vitae and fee for expert testimony have previously been provided.

       4.    Julius Piver, M.D.
            6602 Melody Lane
            Bethesda, MD   20817

Dr. Piver is a board certified Obstetrician and Gynecologist and has been engaged in the practice of Obstetrics and Gynecology since 1956. A copy of his curriculum vitae and fee for expert testimony have previously been provided. Dr. Piver's testimony, as outlined in his previously produced report and recent deposition, will focus on the standard of care and the usual and ordinary practice of Obstetrics and Gynecology in major population centers from the 1950's to date, in particular with regards to the use of Diethylstilbestrol.

If you require a more formal supplementation of our expert disclosures, please let me know within ten (10) days of the date of this letter.

Thank you for your cooperation.

                        Very Sincerely,

                        Aaron M. Levine

AML/rlm

Exhibit 5



**Shook,
Hardy &
Bacon** L.L.P.

www.shb.com

May 3, 2007

**Emily J. Laird**

BY FACSIMILE AND FIRST CLASS MAIL

Aaron Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street, NW, Suite 500
Washington, DC 20036

Hamilton Square
600 14th Street, N.W., Suite 800
Washington
D.C. 20005-2004
202.783.8400
202.662.4877 DD
202.783.4211 Fax
elaird@shb.com

Re:   DES Cases -- Attempt to Amend Expert Disclosures

Dear Aaron:

Lilly received your April 25, 2007 letter attempting to informally amend the expert disclosures in all DES cases to include statements from James DellaVolpe, Harold Sparr, Philip Cafferty, and Julius Piver. Lilly does not agree to your proposed amendment of your expert disclosures through your April 25, 2007 letter.

In the *Awwad, Dean, Deep, Gilbert, Moore,* and *Pavlicas* cases, the deadline for expert disclosures has passed. In these cases, Lilly will not agree to your attempt to amend your expert disclosures either through your April 25, 2007 letter or through more formal supplementation.

Additionally, in all cases in which the expert disclosure deadline has not passed, Lilly will not accept your April 25, 2007 letter in lieu of formal expert disclosures required by the rules and scheduling order applicable in each case.

Yours sincerely,

*Emily J. Laird*

Emily J. Laird
Associate

cc:   James J. Dillon, Esq.
      James M. Wood, Esq.

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

139287v1

```
**********************
***   TX REPORT   ***
**********************

TRANSMISSION OK

TX/RX NO              3025
CONNECTION TEL              14651#131936#8338046#
CONNECTION ID
ST. TIME              05/04 13:31
USAGE T               00'31
PGS. SENT             2
RESULT                OK
```



## Shook, Hardy & Bacon L.L.P.

www.shb.com

| | | |
|---|---|---|
| **TO** | **PHONE** | **FAX** |
| AARON M. LEVINE, AARON LEVINE & ASSOCIATES | (202) 833-8040 | (202) 833-8046 |
| **FROM** | **IT #** | **MATTER #** |
| EMILY J. LAIRD | 14651 | LILY.00015 |
| | | *131936* |
| | **DATE** | |
| | MAY 4, 2007 | |

Emily J. Laird

Hamilton Square
600 14th Street, N.W., Suite
800
Washington
D.C. 20005-2004
202.783.8400
202.662.4677 DD
202.783.4211 Fax
elaird@shb.com

2 Pages Transmitted
Original Document Will Follow Via First Class Mail
If you experience any problems, please call 202.783.8400 extension 46043.

COMMENTS:

fax

Exhibit 6

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

CATHERINE E. COOK,                          ]
                                            ]
        Plaintiff,                          ]
                                            ]
    v.                                      ]       Civil Action No.: 05-ca-0003406
                                            ]       Cal. #14-Judge Judith Retchin
                                            ]       Next Event: Deadline for Proponent's
ELI LILLY AND COMPANY, et al.,              ]           26(b)(4) Statement – 3/1/06
                                            ]
        Defendants.                         ]

## PLAINTIFF'S RULE 26(b)(4) STATEMENT

COMES NOW the Plaintiff, pursuant to this Court's Scheduling Order and D.C.

Sup.Ct.Civ.Proc. Rule 26(b)(4), and hereby submit the statements of the following experts who may

be called as witnesses at trial in this cause:

**Harris Busch, M.D., Ph.D.**
**Baylor College of Medicine**
**1 Baylor Plaza, Room 319D**
**Houston, TX   77030**

Dr. Busch is an expert in the field of Pharmacology and has been engaged in the investigation

and research of drugs and chemical agents that may be ingested by women. Dr. Busch has reviewed

the literature as to the safety and efficacy of diethylstilbestrol ("DES") and will testify, as outlined

in his prior depositions, that sufficient facts existed in the medical literature to alert a pharmaceutical

manufacturer as to the dangers of the teratological effects of synthetic estrogen ingested by pregnant

women. The Defendants are familiar with Dr. Busch's opinions and testimony from previous

experience and testimony.

**Richard J. Falk, M.D.**
**1588 Lancaster Green**
**Annapolis, MD   21401-6465**

Dr. Falk is a board certified Obstetrician and Gynecologist with a sub-specialty in Reproductive Endocrinology. A copy of his curriculum vitae and fee for expert testimony has previously been provided. Dr. Falk's testimony, as outlined in his previously produced report and recent deposition, will in many ways parallel Dr. Busch's testimony as to state of the art, but will focus on the perspective of the practicing and teaching Obstetrician/Gynecologist at the time. Dr. Falk will testify as to the standard of care of the pharmaceutical industry in the employment of toxicological information gleaned from animal testing and will testify that said standard of care was violated by the Defendants in their initial and then afterward promotion of DES for use in pregnancy. He is also expected to testify that it was foreseeable that DES could injure the exposed offspring's reproductive organs and result in pre-term delivery to subsequent children. In addition, Dr. Falk will testify that said promotion by the Defendants was not merely a failure to exercise ordinary care but their failure to test and warn about lack of efficacy after 1953 was intentional, willful and malicious.

**Brian Strom, M.D., M.P.H.**
**University of Pennsylvania Medical Center**
**Department of Epidemiology & Biostatistics**
**824 Blockley Hall, 423 Guardian Drive**
**Philadelphia, PA 19104**

Dr. Strom is an expert in the field of Epidemiology. He is expected to testify that he has reviewed the medical literature and evaluated those studies and their designs which were aimed at the investigation between in utero DES exposure and poor pregnancy outcomes, fetal wastage, infertility and pre-term labor. He is expected to testify that it is his opinion, based on his education, training and experience, that the reproductive tract and anatomic anomalies suffered by the plaintiff are causally related to her in utero DES exposure and place her at high risk for poor pregnancy outcomes, infertility and pre-term delivery. Defendants are familiar with Dr. Strom's opinions and

-2-

testimony based on prior experience and testimony.

**Amin Milki, M.D.**
**Stanford School of Medicine**
**300 Pasteur Drive, HH-333**
**Stanford, CA   94305**

Dr. Milki is a board certified in Obstetrics and Gynecology with a subspecialty in Reproductive Endocrinology, and is expected to testify, as outlined in his previously produced report, that he has examined, diagnosed and treated the plaintiff, and that it is his opinion, based on his education, training, experience and review of the medical literature, that the plaintiff's in utero exposure to DES is causally related to her reproductive and anatomical anomalies, including but not limited to, a T-shaped uterus.  In addition, Dr. Milki is expected to testify that the plaintiff's DES-related abnormalities have caused or significantly contributed to her poor pregnancy outcomes and infertility, with concomitant medical and surgical expenses for same. Finally, Dr. Milki is expected to testify that had the plaintiff not been exposed to DES in utero, her pregnancy potential and outcome would likely have been significantly improved.

**Robert J. Stillman, M.D.**
**Shady Grove Fertility Reproductive Science Center**
**15001 Shady Grove Road, Suite 400**
**Rockville, MD   20850**

Dr. Stillman is a board certified Obstetrician and Gynecologist with a sub-specialty in the field of Reproductive Endocrinology. He is expected to testify that he has reviewed the medical records, reports and HSG films of the plaintiff, and that it is his opinion, based on his education, training, experience and review of the medical literature, that the plaintiff's in utero exposure to DES is causally related to her T-shaped uterus, poor pregnancy outcomes, and resultant infertility.

The aforementioned experts' opinions are made at the time of this Statement, and may be

-3-

amended and/or supplemented as discovery progresses.

The Plaintiff reserves the right to call:

1.      Any witness identified by the Defendants;

2.      Any witness not identified to present rebuttal testimony; and

3.      Any health care provider who has examined, treated, and diagnosed the Plaintiff.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC  20036
202-833-8040

Counsel for Plaintiff

-4-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___27th___ day of February, 2006, a true and correct copy of the foregoing Plaintiff's 26(b)(4) Statement was mailed, first-class postage prepaid to:

The Honorable Judith Retchin
Superior Court of the District of Columbia
500 Indiana Avenue, N.W.
Washington, DC   20036

John F. Kuckelman, Esq.
Shook, Hardy & Bacon, L.L.P.
2555 Grand Boulevard
Kansas City, MO   64108

John Chadwick Coots, Esq.
Shook, Hardy & Bacon, L.L.P.
600 14th Street, N.W., Suite 800
Washington, DC   20005

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, MD   21202

Elizabeth Ewert, Esq.
Drinker Biddle & Reath, LLP
1500 K Street, N.W.
Suite 1100
Washington, DC   20005

Janet K. Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, MD   21204

Aaron M. Bailey, Esq.
Goodwin Procter LLP
901 New York Avenue, N.W., 9th Floor East
Washington, DC 20001

Sean C.E. McDonough , Esq.
Hudgins Law Firm
515 King Street
Suite 400
Alexandria, VA   22314


_____
Aaron M. Levine

Exhibit 7

140335v1

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

RONDA McCARTY                                    ]
                                                 ]
          Plaintiff,                             ]
                                                 ]
    v.                                           ]     Civil Action No. 05-0000328
                                                 ]     Calendar No. 7
                                                 ]     Judge Neal E. Kravitz
ELI LILLY AND COMPANY, et al.,                   ]     Next Event: Proponent's 26(b)(4)
                                                 ]     Statement
          Defendants.                            ]
                                                 ]

### PLAINTIFF'S 26(b)(4) STATEMENT

COMES NOW the Plaintiff, by and through counsel, and hereby submits, pursuant to

D.C. Sup.Ct.Civ.Proc. Rule 26(b)(4) and the Court's Scheduling Order, the statements of the

following experts who may be called as witnesses at trial in this cause:

**Harris Busch, M.D., Ph.D.**
**4966 Dumfries Drive**
**Houston, Texas 77096**

Dr. Busch is an expert in the field of Pharmacology and has been engaged in the

investigation and research of drugs and chemical agents that may be ingested by women. His

curriculum vitae and fee for expert testimony have previously been provided. Dr. Busch has

reviewed the literature as to the safety and efficacy of diethylstilbestrol ("DES") and will testify

that sufficient facts existed in the medical literature to alert a pharmaceutical manufacturer as to

the dangers of the teratological effects of synthetic estrogen ingestion by pregnant women.

Defendants are familiar with Dr. Busch's opinions and testimony from previous experience and

testimony.

**David I. Hoffman, M.D.**
**2960 N. State Road 7**
**Suite 300**
**Margate, FL 33063**

Dr. Hoffman is a Board Certified Obstetrician/Gynecologist specializing in reproductive endocrinology and infertility. His curriculum vitae and fee for expert testimony will be provided upon receipt. He is expected to testify, as outlined in his previously produced report, that he has examined, diagnosed and treated Plaintiff Ronda McCarty and that it is his opinion, based on his medical training, experience, expertise, and review of the pertinent medical literature, that Plaintiff's in utero DES exposure is causally related to her anatomic and reproductive tract anomalies, including a T-shaped uterus, decreased uterine volume, and irregular walls. In addition, Dr. Hoffman is expected to testify that Ms. McCarty's in utero DES exposure is a significant contributing factor to her poor pregnancy outcomes and infertility. Finally, Dr. Hoffman is expected to testify that Plaintiff's T-shaped uterus serves as a significant impediment to her pregnancy potential and increases the risk for miscarriage, tubal pregnancy, and preterm labor resulting in prematurity of the infant.

**Robin Fischer, M.D.**
**The Fertility Center of New England**
**33 Lyman Street, Suite 302**
**Westborough, MA 01581**

Dr. Fischer is a Board Certified Obstetrician/Gynecologist specializing in reproductive endocrinology. Her curriculum vitae and fee for expert testimony will be provided upon receipt. She is expected to testify, as outlined in her previously produced report, that she has reviewed the medical records and reports of Plaintiff Ronda McCarty and based on her medical training,

2

expertise, experience and review of the literature, it is her opinion that Plaintiff's in utero DES

exposure and resultant T-shaped uterus has significantly contributed to her infertility as well as

her poor pregnancy outcome. She is also expected to testify that due to Plaintiff's increased risk

of ectopic pregnancy, miscarriage and preterm labor and delivery risk from her in utero DES

exposure and T-shaped uterus, Plaintiff's future chances of becoming pregnant are uncertain.

Finally, Dr. Fischer is expected to testify that the Plaintiff's in utero DES exposure and resultant

T-shaped uterus limit her infertility options and their pregnancy rates.

**Richard J. Falk, M.D.**
**1588 Lancaster Green**
**Annapolis, MD 21401**

Dr. Falk is a board certified Obstetrician and Gynecologist with a sub-specialty in

Reproductive Endocrinology.  A copy of his curriculum vitae and fee for expert testimony has

previously been provided.  Dr. Falk's testimony, as outlined in his recent deposition, will in

many ways parallel Dr. Busch's testimony as to state of the art, but will focus on the perspective

of the practicing and teaching Obstetrician/Gynecologist at the time.  Dr. Falk will testify as to

the standard of care of the pharmaceutical industry in the employment of toxicological

information gleaned from animal testing and will testify that said standard of care was violated

by the Defendants in their initial and then afterward promotion of DES for use in pregnancy.  He

is also expected to testify that it was foreseeable that DES could injure the exposed offspring's

reproductive organs and result in pre-term delivery to subsequent children.  In addition, Dr. Falk

will testify that said promotion by the Defendants was not merely a failure to exercise ordinary

care but their failure to test and warn about lack of efficacy after 1953 was intentional, willful

and malicious.

3

**Brian Strom, M.D. MPH**
**University of Pennsylvania Medical Center**
**Department of Epidemiology & Biostatistics**
**824 Blockley Hall, 423 Guardian Drive**
**Philadelphia, Pennsylvania 19104**

Dr. Strom is an expert in the field of Epidemiology. He has reviewed the medical literature and evaluated those studies and their designs which were aimed at the investigation between in utero DES exposure and poor pregnancy outcome, fetal wastage, infertility, and pre-term labor. He is expected to testify that it is his opinion, based on his education, training and experience, that the reproductive tract and anatomic anomalies suffered by the Plaintiff, Ronda McCarty, are causally related to their in utero exposure to DES and place them at high risk for poor pregnancy outcomes, infertility, and pre-term delivery. A copy of Dr. Strom's curriculum vitae and fees for expert testimony have previously been provided. In addition, Defendants are familiar with Dr. Strom's opinions and testimony from previous experience and testimony.

The aforementioned experts' opinions are made at the time of these Statements, and may be amended and/or supplemented as discovery progresses.

The Plaintiff reserves the right to call:

a.    Any expert identified by the defendant;

b.    Any expert not identified to present rebuttal testimony; and

c.    Any other physicians, nurses, and/or health care providers who have treated, examined or evaluated Plaintiff Ronda McCarty.

4

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

AARON M. LEVINE, #7864
1320 19th Street, N.W., Suite 500
Washington, DC 20036
202/833-8040

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of August, 2005, a true copy of the foregoing

Plaintiff's 26(b)(4) Statement was mailed, first-class postage prepaid to:

Judge Neal E. Kravitz
Superior Court of the
District of Columbia
H. Carl Moultrie I Courthouse
500 Indiana Avenue, N.W.
Washington, D.C. 20001-2131

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon, L.L.P.
600 14th Street, N.W., Suite 800
Washington, DC 20005

John F. Kuckelman, Esq.
Shook, Hardy & Bacon, L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108

Janet K. Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, MD 21204

5

Christopher Garvey, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

Kathleen Bustraan, Esq.
Lord & Whip, P.A.
Charles Center South
36 S. Charles Street, 10th Floor
Baltimore, MD 21201

Stephanie Albert, Esq.
Drinker Biddle & Reath LLP
1500 K Street, N.W.
Suite 1100
Washington, DC 20005

John F. Anderson, Esq.
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Cann LLP
One South Street, 20th Floor
Baltimore, MD 21202

_____
Aaron M. Levine

6

Exhibit 8

140335v1

# SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## Civil Division

SUSANNA GEDARO,                      ]
                                     ]
    Plaintiff,          ]
                                     ]
                                     ]    Civil Action No. 05-0000650
    v.                  ]    Calendar No. 8
                                     ]    Judge Russell F. Canan
ELI LILLY AND COMPANY, et al.,       ]    Next Event: Proponent's 26(b)(4)
                                     ]    Statement
    Defendants.         ]
                                     ]

## PLAINTIFF'S 26(b)(4) STATEMENT

COMES NOW the Plaintiff, by and through counsel, and hereby submits, pursuant to

D.C. Sup.Ct.Civ.Proc. Rule 26(b)(4) and the Court's Scheduling Order, the statements of the

following experts who may be called as witnesses at trial in this cause:

**Harris Busch, M.D., Ph.D.**
**4966 Dumfries Drive**
**Houston, Texas 77096**

Dr. Busch is an expert in the field of Pharmacology and has been engaged in the

investigation and research of drugs and chemical agents that may be ingested by women. Dr.

Busch has reviewed the literature as to the safety and efficacy of diethylstilbestrol ("DES") and

will testify that sufficient facts existed in the medical literature to alert a pharmaceutical

manufacturer as to the dangers of the teratological effects of synthetic estrogen ingestion by

pregnant women. Defendants are familiar with Dr. Busch's opinions and testimony from

previous experience and testimony.

**Terrence S. Peppy, M.D.**
**7300 Sandlake Commons Blvd.**
**Suite 300**
**Orlando, FL 32819**

Dr. Peppy is a Board Certified Obstetrician/Gynecologist. He is expected to testify, as outlined in his previously produced report, that he has examined, diagnosed and treated Plaintiff Susanna Gedaro and that it is his opinion, based on his education, training, experience, and review of the pertinent medical literature, that Plaintiff's in utero DES exposure is causally related to her anatomic and reproductive tract anomalies, including a hypoplastic uterus and a gross abnormally shaped cervix. In addition, Dr. Peppy is expected to testify that Ms. Gedaro's in utero DES exposure is a significant contributing factor to her poor pregnancy history, need for cervical cerclage, hypoplastic uterus, premature delivery and fetal transverse lie necessitating a cesarean. Finally, Dr. Peppy is expected to testify that Ms. Gedaro's DES related reproductive abnormalities have contributed to her poor reproductive and pregnancy outcomes and that it was only through aggressive medical and surgical treatment that she was able to have her first child.

**Sharon B. Jaffe, M.D.**
**Center for Reproductive Medicine**
**3435 Pinehurst Avenue**
**Orlando, FL 32804-4049**

Dr. Jaffe is a Board Certified Obstetrician/Gynecologist specializing in reproductive endocrinology. She is expected to testify, as outlined in her previously produced report, that she has examined, diagnosed, and treated Plaintiff Susanna Gedaro and based on her education, training, experience and review of the literature, it is her opinion that Plaintiff's in utero DES

2

exposure has significantly contributed to her infertility as well as her poor pregnancy outcomes.

She is also expected to testify that Plaintiff's in utero exposure to DES is causally related

to her anatomic and reproductive tract anomalies including a hypoplastic uterus and very small

uterine cavity. Finally, Dr. Jaffe is expected to testify that the Plaintiff's in utero DES exposure

played a role in her previous poor pregnancy outcomes and the complications during her third

pregnancy.

**Richard J. Falk, M.D.**
**1588 Lancaster Green**
**Annapolis, MD 21401**

Dr. Falk is a board certified Obstetrician and Gynecologist with a sub-specialty in

Reproductive Endocrinology. Dr. Falk's testimony, as outlined in his recent deposition, will in

many ways parallel Dr. Busch's testimony as to state of the art, but will focus on the perspective

of the practicing and teaching Obstetrician/Gynecologist at the time. Dr. Falk will testify as to

the standard of care of the pharmaceutical industry in the employment of toxicological

information gleaned from animal testing and will testify that said standard of care was violated

by the Defendants in their initial and then afterward promotion of DES for use in pregnancy. He

is also expected to testify that it was foreseeable that DES could injure the exposed offspring's

reproductive organs and result in pre-term delivery to subsequent children. In addition, Dr. Falk

will testify that said promotion by the Defendants was not merely a failure to exercise ordinary

care but their failure to test and warn about lack of efficacy after 1953 was intentional, willful

and malicious. Dr. Falk is also expected to testify that he has reviewed the medical records

reports and radiological studies of the Plaintiff, and that it is his opinion, based on his education

training, experience and review of the medical literature that the Plaintiff's in utero exposure to

3

DES is causally related to her anatomic and reproductive tract anomalies. Dr. Falk is also expected to testify that the Plaintiff's DES-related abnormalities have significantly contributed to her infertility and poor pregnancy outcomes including two pregnancy losses and the preterm birth of her son.

**Brian Strom, M.D. MPH**
**University of Pennsylvania Medical Center**
**Department of Epidemiology & Biostatistics**
**824 Blockley Hall, 423 Guardian Drive**
**Philadelphia, Pennsylvania 19104**

Dr. Strom is an expert in the field of Epidemiology. He has reviewed the medical literature and evaluated those studies and their designs which were aimed at the investigation between in utero DES exposure and poor pregnancy outcome, fetal wastage, infertility, and pre-term labor. He is expected to testify that it is his opinion, based on his education, training and experience, that the reproductive tract and anatomic anomalies suffered by the Plaintiff, Susanna Gedaro, are causally related to her in utero exposure to DES and place her at high risk for poor pregnancy outcomes, infertility, and pre-term delivery. A copy of Dr. Strom's curriculum vitae and fees for expert testimony have previously been provided. In addition, Defendants are familiar with Dr. Strom's opinions and testimony from previous experience and testimony.

The aforementioned experts' opinions are made at the time of these Statements, and may be amended and/or supplemented as discovery progresses.

The Plaintiff reserves the right to call:

a.    Any expert identified by the defendant;

b.    Any expert not identified to present rebuttal testimony; and

4

c.      Any other physicians, nurses, and/or health care providers who have treated,

examined or evaluated Plaintiff Susanna Gedaro.


Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

AARON M. LEVINE, #7864
1320 19th Street, N.W., Suite 500
Washington, DC 20036
202/833-8040

Counsel for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of August, 2005, a true copy of the foregoing

Plaintiff's 26(b)(4) Statement was mailed, first-class postage prepaid to:


Judge Russell F. Canan
Superior Court of the
District of Columbia
H. Carl Moultrie I Courthouse
500 Indiana Avenue, N.W.
Washington, D.C. 20001-2131


Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon, L.L.P.
600 14th Street, N.W., Suite 800
Washington, DC 20005

5

John F. Kuckelman, Esq.
Shook, Hardy & Bacon, L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108

Sallie F. Pullman, Esq.
Goodwin Procter LLP
901 New York Avenue, N.W.
9th Floor East
Washington, DC 20001

Stephanie Albert, Esq.
Drinker Biddle & Reath LLP
1500 K Street, N.W.
Suite 1100
Washington, DC 20005

John F. Anderson, Esq.
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Cann LLP
One South Street, 20th Floor
Baltimore, MD 21202


Aaron M. Levine

Exhibit 9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

NANCY BOHLIN,             )
)
       Plaintiff,      )
)
            v.            )     **Civil Action No. 1:03-CV-11577 (MEL)**
)
ELI LILLY AND COMPANY,     )
)
       Defendant.    )

## PLAINTIFF'S SUPPLEMENTAL 26(a)(2) STATEMENT

COMES NOW the Plaintiff, by and through counsel, and hereby supplements her original

26(a)(2) Statement filed on August 12, 2004 to include the following:

### Harold B. Sparr, R.Ph., M.S.
### 216 Dimmock Road
### Otis, MA 01253

Mr. Sparr is an expert in pharmacy who has conducted a survey of the market share of the

various brands of DES sold in Massachusetts in the 1960s. He will testify that the brand of DES

involved in this case was the Lilly brand based on his experience, his study and research. A copy

of Mr. Sparr's statement has previously been provided. A copy of Mr. Sparr's curriculum vitae and

fee for expert testimony will be forwarded upon receipt.

### Leslie Blachman, M.D.
### Crown Colony Pediatrics
### 500 Congress Street, Suite 1F
### Quincy, MA 02169

Dr. Blachman is a board certified Pediatrician whose medical records have previously been

produced. Dr. Blachman is expected to testify that she has examined, diagnosed and treated minor

plaintiff, Samantha Bohlin, and that it is her opinion, based on her education, training, experience

and review of the medical literature, that Samantha's pre-term birth at 24 weeks gestation is causally

related to her prolonged Neonatal Intensive Care Unit admission and stay with concomitant medical and surgical expenses. In addition, Dr. Blachman is expected to testify that Samantha has suffered from numerous injuries and sequellae of prematurity, including but not limited to, respiratory distress syndrome, chronic lung disease, retinopathy of prematurity, bicuspid aortic valve, renal abnormalities, motor and developmental delays with concomitant medical, surgical, therapeutic monitoring, and treatment expenses for the aforementioned. Finally, Dr. Blachman is expected to testify as to Samantha's present condition, future prognosis, and the medical and/or surgical treatment required for same. A copy of Dr. Blachman's report, curriculum vitae, and fee for expert testimony will be forwarded upon receipt.

**Mervin H. Zimmerman, M.D.**
**6001 Neilwood Drive**
**Rockville, MD 20852**

Dr. Zimmerman is a Board Certified Ophthalmologist. His curriculum vitae and fee for expert testimony will be forwarded upon receipt. Dr. Zimmerman is expected to testify, as outlined in his previously produced report, that he has reviewed Plaintiff Samantha Bohlin's medical records, and that it is his opinion, based on his education, training, experience, and review of the medical literature, that Samantha Bohlin's retinal and vision problems, including but not limited to, retinopathy of prematurity and resultant permanent sequella, including complete retinal detachment in her left eye, are directly related to her pre-term delivery. In addition, Dr. Zimmerman is expected to testify regarding Samantha Bohlin's past, present, and future medical and surgical ophthalmological treatment and prognosis.

The Plaintiff reserves the right to call:

a.    Any expert identified by the defendant;

2

b.    Any expert not identified to present rebuttal testimony; and

c.    Any other physicians, nurses, and/or health care providers who have treated, examined, or evaluated Plaintiff Nancy Bohlin and/or Samantha Bohlin.

Respectfully submitted,

Kenneth M. Levine, BBO #296850
KENNETH M. LEVINE & ASSOCIATES
370 Washington Street
Brookline, MA 02446
(617) 566-2700

AND

Aaron M. Levine, #7864
AARON M. LEVINE & ASSOCIATES
1320 19th Street, N.W.
Suite 500
Washington, DC  20036
(202) 833-8040

Counsel for Plaintiff

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of September 2004, a true copy of the foregoing Plaintiff's Supplemental 26(a)(2) Statement was mailed, first-class postage prepaid to:

James J. Dillon, Esq.
Foley Hoag, LLP
155 Seaport Blvd.
Boston, Massachusetts 02210

Kenneth M. Levine

4

Exhibit 10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

BRIDEY BLISS MAXWELL,       ]
                         ]
      Plaintiff,          ]
                         ]
     v.                ]     Civil Action No.: 05-cv-12447-RCL
                         ]
ELI LILLY AND COMPANY,     ]
                         ]
      Defendant.       ]

## PLAINTIFF'S 26(a)(2) STATEMENT

COMES NOW the Plaintiff, by and through counsel, and hereby submits, pursuant to Fed.R.Civ.P. 26(a)(2), the statements of the following experts who may be called as witnesses at trial in this cause:

**Harris Busch, M.D., Ph.D.**
**Baylor College of Medicine**
**1 Baylor Plaza, Room 319D**
**Houston, Texas  77030**

Dr. Busch is an expert in the field of Pharmacology and has been engaged in the investigation and research of drugs and chemical agents that may be ingested by women. His curriculum vitae and fee for expert testimony have previously been provided. Dr. Busch has reviewed the literature as to the safety and efficacy of diethylstilbestrol ("DES") and will testify that sufficient facts existed in the medical literature to alert a pharmaceutical manufacturer as to the dangers of the teratological effects of synthetic estrogen ingestion by pregnant women. Defendant is familiar with Dr. Busch's opinions and testimony from previous experience and testimony.

**Richard J. Falk, M.D.**
**1588 Lancaster Green**
**Annapolis, MD  21401-6465**

Dr. Falk is a board certified Obstetrician and Gynecologist with a sub-specialty in Reproductive Endocrinology. A copy of his curriculum vitae has previously been provided. Dr. Falk's testimony, as outlined in his previously produced report and recent deposition, will in many ways parallel Dr. Busch's testimony as to state of the art, but will focus on the perspective of the practicing and teaching Obstetrician/Gynecologist at the time. Dr. Falk will testify as to the standard of care of the pharmaceutical industry in the employment of toxicological information gleaned from animal testing and will testify that said standard of care was violated by the Defendant in its initial and then afterward promotion of DES for use in pregnancy. He is also expected to testify that it was foreseeable that DES could injure the exposed offspring's reproductive organs and result in pre-term delivery to subsequent children. In addition, Dr. Falk will testify that said promotion by the Defendant was not merely a failure to exercise ordinary care but their failure to test and warn about lack of efficacy after 1953 was intentional, willful and malicious. Dr. Falk's fee for expert testimony will be provided.

**David K. Walmer, M.D., Ph.D.**
**Chief, Division of Reproductive Endocrinology & Fertility**
**Department of Obstetrics and Gynecology**
**Duke University Medical Center**
**DUMC 3143**
**Durham, NC 27710**

Dr. David Walmer is Board certified in both Obstetrics-Gynecology and Reproductive Endocrinology. His curriculum vitae and fee for expert testimony will be provided upon receipt. He is expected to testify as outlined in his previously produced report, that he has examined, diagnosed and treated Bridey Maxwell and that it is his opinion, based on his training, education, experience and review of the pertinent medical literature, that the Plaintiff's *in utero* DES exposure caused

2

numerous adverse anatomical and reproductive effects, including but not limited to a T-shaped uterine cavity and cervical abnormalities. He is also expected to testify that these DES-related anatomical abnormalities were a significant cause of her multiple pregnancy losses and infertility.

**Gilbert L. Mottla, M.D.**
**Shady Grove Fertility**
**2002 Medical Parkway, Suite 300**
**Annapolis, MD 21401**

Dr. Mottla is a board certified Obstetrician/Gynecologist, with a sub-specialty in infertility and reproductive technologies. His curriculum vitae and fee for expert testimony have previously been provided. He is expected to testify that the Plaintiff's in utero DES exposure caused numerous adverse anatomical and reproductive effects, including but not limited to a T-shaped uterus. He is also expected to testify that these DES-related anatomical abnormalities were a significant cause of her multiple pregnancy losses and infertility and put her at increased risk for additional miscarriages, ectopic pregnancy and/or pre-term delivery.

**Brian Strom, M.D., MPH**
**University of Pennsylvania Medical Center**
**Department of Epidemiology & Biostatistics**
**824 Blockley Hall, 423 Guardian Drive**
**Philadelphia, Pennsylvania   19104**

Dr. Strom is an expert in the field of Epidemiology. He has reviewed the medical literature and evaluated those studies and their designs which were aimed at the investigation between *in utero* DES exposure and poor pregnancy outcomes, fetal wastage, infertility, and pre-term labor. He is expected to testify that it is his opinion, based on his education, training and experience, that the reproductive tract and anatomic anomalies suffered by the Plaintiff, Bridey Maxwell, are causally related to her *in utero* exposure to DES and place her at high risk for poor pregnancy outcomes,

3

infertility, and pre-term delivery. A copy of Dr. Strom's curriculum vitae and fees for expert testimony have previously been provided. In addition, Defendant is familiar with Dr. Strom's opinions and testimony from previous experience and testimony.

**James P. Della Volpe**
**29 Benedict Road**
**Buzzards Bay, MA 02532**

Mr. Della Volpe is an expert in the field of wholesale pharmaceutical distribution, stocking and brand popularity of DES in 1969-70. He is expected to testify that if Kinne's Pharmacy in Needham, Massachusetts, ordered from McKesson and Robins, which was an Eli Lilly and Company wholesaler, the only DES that McKesson and Robins would have provided to the pharmacy for a prescription of DES similar to the prescription in this case was the Lilly brand. Mr. Della Volpe's report has previously been provided. A copy of his curriculum vitae and fee for expert testimony will be forwarded upon receipt.

**Harold B. Sparr, R.Ph., M.S.**
**216 Dimmock Road**
**Otis, MA 01253**

Mr. Sparr is an expert in retail pharmaeconomics, pharmacy history, practice and procedure, including brand identification, who will testify, as outlined in his recent deposition, that based on his experience, study and research, that Eli Lilly and Company had 95% of the diethylstilbestrol market at the relevant time of exposure in this case. A copy of Mr. Sparr's statement, curriculum vitae and fee for expert testimony have previously been provided.

The aforementioned experts' opinions are made at the time of these Statements, and may be amended and/or supplemented as discovery progresses.

The Plaintiff reserves the right to call:

4

a.    Any expert identified by the defendant;

b.    Any expert not identified to present rebuttal testimony; and

c.    Any other physicians, nurses, and/or health care providers who have treated, examined, or evaluated Plaintiff Bridey Maxwell.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, Esq.
1320 19th Street, N.W.
Suite 500
Washington, DC   20036
(202) 833-8040

Counsel for Plaintiff

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of April 2006, a true copy of the foregoing

Plaintiff's 26(a)(2) Statement was mailed, first-class postage prepaid to:

James Dillon, Esq.
Foley Hoag, LLP
155 Seaport Boulevard
Boston, MA 02210

*Aaron M. Levine/SL*
Aaron M. Levine

6

Exhibit 11

00001

1                           Volume:  1

2                           Pages:  1 - 110

3                           Exhibits:  1-2

4           IN THE UNITED STATES DISTRICT COURT

5            FOR THE DISTRICT OF MASSACHUSETTS

6    C.A. No. 02-CV-11078-RGS

7    ------------------------------------x

8    ELLEN J. DEAN,

9            Plaintiff

10

11   v.

12

13   ELI LILLY AND COMPANY,

14           Defendant

15   ------------------------------------x

16

17           DEPOSITION OF PHILIP J. CAFFERTY

18       Friday, August 22, 2003, 11:04 a.m.

19               Foley Hoag LLP

20    155 Seaport Boulevard, Boston, Massachusetts

21

22

23

24        Reporter:  Caroline T. Renault, CSR/RPR

```
00002
   1   PRESENT:

   2

   3   Aaron M. Levine & Associates

   4       Aaron M. Levine, Esq. (Via telephone)

   5       1320 19th Street N.W.

   6       Washington, D.C.  20036

   7       202-833-8040

   8       for the Plaintiff.

   9

  10   Foley Hoag LLP

  11       James J. Dillon, Esq.

  12       155 Seaport Boulevard

  13       Boston, Massachusetts  02210

  14       617-832-1000

  15       for the Defendant.

  16

  17

  18

  19

  20

  21

  22

  23

  24
```

Exhibit 12

<u>Statement of John J. Hefferren</u>

I am a Professor of Pharmaceutical Chemistry (Ph.D.) and for the last fifty years have been involved in research pharmaceuticals.

I was presented as an expert, in the physical characteristics and identification of pharmaceuticals by the Eli Lilly Company. I was the author of the seminal publication guide on the identification of drugs in the 1950s and 1960s. <u>See</u> Hefferren, <u>Identification Guide for Solid Dosage Forms</u>, JAMA, vol. 162, No. 12, which is attached to Defendant Eli Lilly's Motion for Summary Judgment, filed on October 27, 2006, as Exhibit 5.

My curriculum vitae is attached as Appendix A.

I.    BACKGROUND OF GUIDE

The JAMA Guide and the research leading up to it became a reference for poison control centers, police and fire departments, pharmacies and airlines as aide in the investigation emergency situations where people became ill or attempted suicide and the question arose: "What was the medication found near them at discovery to assist physicians in emergency treatment of those overdoses, i.e., poison control and pharmaceutical?"

The research performed in order to write the guide included the collection of thousands of tablets and capsules during my tenure at the American Medical Association in creating a comprehensive chart developing a flow system of categories which lead to the identification of the particular substance in order to take proper immediate action.

My initial research includes all of the major sources of information describing drugs, including the Physician's Desk Reference, Goodman & Gillman, United States Pharmacopeia, Red Book and Blue Book. Because of my guide, the Physician's Desk Reference and other

publications began to include pictures and drawings of products that were distinctive and easier for people to differentiate.

As a staff member of the American Medical Association Council on Pharmacy and Chemistry, I was familiar with the physical characteristics of the solid dosage drugs in common use in the 1950s and 1960s in the United States, as to their pharmaceutical type, i.e., tablet, soft and hard gelatin capsules, physical size, outside and inside colors, uniformity and shading of color, markings and imprintings. In my evaluation and classification of over 5,000 various drugs, diethylstilbestrol was included, although I had no particular interest at that time in that drug.

II.    CURRENT INVESTIGATION

In the winter of 2006, I conducted an investigation into the question of whether a 25mg diethylstilbestrol tablet as identified by Alberta Jean Mikel-Steffen (see Appendix B), in the attached photo, I examined actual Lilly 25 mg tablets and concluded that the subject tablet was made by Eli Lilly. Approaching this investigation from multiple directions, each direction resulted with Lilly's. My report of investigation is attached as Appendix C & D.

The quarter score with the deep bevel on the inside quarter scoring and the perimeter beveling is a very distinct tablet that would be difficult to formulate and mannufacture. My identification guide confirmed this conclusion that the tablet pictured in the photograph was manufactured by Lilly to a very high level of confidence.

2

I state under penalty of perjury that the above statement is true and correct and based on my own personal knowledge.  Executed this 10th day of November, 2006.

_____
John J. Hefferren

Witnessed by: _____

3030 Campfire Drive
Lawrence, KS  66049

3

Exhibit 13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOY KASPARIAN, et al.,      ) | |
|                   ) | |
|      Plaintiffs,      ) | |
|                   ) | |
|      v.      ) | Civil Action No. 06-290 (RMC) |
|                   ) | |
| ELI LILLY AND COMPANY,      ) | |
|                   ) | |
|      Defendant.      ) | |

## ORDER

This is a products liability personal injury case arising from Plaintiff Joy Kasparian's alleged in utero exposure to diethylstilbestrol ("DES"). Defendant Eli Lilly and Company ("Lilly") moves to strike the statement of Julius S. Piver, M.D. relied on by Plaintiffs[1] in their opposition to Lilly's motion for summary judgment. As explained below, Dr. Piver's statement will be stricken because (1) Plaintiffs did not timely disclose him as an expert in this case and (2) his statement regarding the national standard of care is not relevant to the prescribing practices of the doctor in this case.

## I. BACKGROUND FACTS

Plaintiffs allege that Ms. Kasparian was exposed in utero to DES in 1969 and 1970 when Dr. Herbert W. Horne, Jr., prescribed DES to Ms. Kasparian's pregnant mother. Plaintiffs contend that Dr. Horne relied on Lilly's product warnings when he prescribed DES to Ms. Kasparian's mother. Lilly contends that Dr. Horne did not rely on Lilly's product literature since Dr. Horne prescribed DES to Ms. Kasparian's mother at a time when Lilly's DES product literature did

---

[1] Ms. Kasparian is joined in this suit by her husband, Richard Federico. Mr. Federico asserts a claim for loss of consortium.

not indicate that DES should be used to prevent accidents of pregnancy. Def.'s Mot. Summ. J. Ex. 9, Physician's Desk Reference.

In response to Lilly's motion for summary judgment and in support of Plaintiffs' contention that Dr. Horne relied on Lilly's product literature, Plaintiffs rely on a statement by Dr. Piver that purports to establish a national standard of care for prescribing DES. Pls.' Opp. Ex. 6. Pls.' Opp. to Def.'s Mot. for Summ. J. App. 6, Aff. of Dr. Piver ("Piver Aff."). Dr. Piver states that in 1951, Lilly recommended the use of DES in pregnancy "as the most effective agent to prevent the accidents of pregnancy." *Id.* ¶ 11. Further, "[t]he national standard of care in 1970 was to prescribe[] DES in accordance with the Lilly labeling which contained neither warning of any injury to the fetus, nor any contraindication in pregnancy." *Id.* ¶ 9. In 1971, DES was banned for use in pregnant women. *Id.* ¶ 7.

Lilly moves to strike the statement of Dr. Piver, and Plaintiffs object. As explained below, the motion to strike will be granted

## II. ANALYSIS

### A. Failure to Timely Designate Expert

This Court issued a Scheduling Order on May 26, 2006, which required Plaintiffs to designate their experts no later than September 25, 2006, pursuant to Federal Rule of Civil Procedure 26(a)(2) (requiring parties to disclose their experts as directed by the court). *See* Scheduling Order [Dkt. # 11]. Discovery closed on December 26, 2006. *Id.* Plaintiffs did not designate or disclose Dr. Piver until February 5, 2007, when they filed their opposition to Lilly's motion for summary judgment.

2

The failure to disclose an expert in a timely manner can result in the exclusion of the witness and his testimony. A party that "without substantial justification fails to disclose information required by . . . Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion, any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1); LCvR 26.2(a). A plaintiff's late disclosure of expert testimony can necessitate its exclusion because the late disclosure deprives the defendant of the opportunity to depose the expert, to challenge the expert's credentials and testimony, and to solicit the defendant's own experts. *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757-59 (7th Cir. 2004) (excluding expert testimony first disclosed at summary judgment); *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001) (same).

Here, Plaintiffs failed to disclose Dr. Piver until February 2007, after the September 2006 deadline for identifying Plaintiffs' experts and after the December 2006 closure of discovery. Plaintiffs did not provide a justification, let alone a substantial justification, for such failure. Plaintiffs argue that the late disclosure was not prejudicial because Lilly was aware of Dr. Piver through other lawsuits filed by other plaintiffs against Lilly. Plaintiffs cite no support for the proposition that Lilly should anticipate the identification of an expert from prior litigation, and there is no reason that Lilly should have known that Plaintiffs would rely on Dr. Piver's testimony in this litigation. Because the late disclosure deprived Lilly of the opportunity to depose Dr. Piver, to challenge his credentials and testimony, and to retain its own expert to counter Dr. Piver's testimony, the belated identification of Dr. Piver as an expert in this case was prejudicial to Lilly. Accordingly, Dr. Piver and his testimony must be excluded.

3

### B. Relevance

Even if Plaintiffs had timely disclosed Dr. Piver, Dr. Piver's statement should be excluded because it is not relevant to the question of what, if any, product literature Dr. Horne relied on in 1969 and 1970. In prescription drug failure-to-warn cases under Massachusetts law, a plaintiff must produce affirmative evidence to establish the specific standard of care and prescription practices of the actual prescribing physician in order to show the reliance component of causation. *See e.g., Garside v. Osco Drug, Inc.*, 976 F.2d 77, 79-80 (1st Cir. 1992) (examining doctor's affidavit describing his standard of care in prescribing the drug to the injured party); *Linnen v. A.H. Robbins Co., Inc.*, No. 97-2307, 1999 Mass. Super. LEXIS 552, at *11-12 (Mass. Super. Ct. 1999) (focusing on prescribing doctor's investigation into the safety of the drug before prescribing it to the plaintiff).

Here, Dr. Piver's statement relates to the general national standard of care for prescribing DES. His statement does not include any information regarding Dr. Horne's standard of care. Dr. Piver's statement thus is not relevant to the issue of reliance in this case. Moreover, to the extent that Dr. Piver's statement implies that Dr. Horne would necessarily have followed the national standard of care, this implication is based on impermissible speculation. Affidavits submitted in support of summary judgment must be based on personal knowledge. Fed. R. Civ. P. 56(e).

### III. CONCLUSION

Accordingly, Lilly's Motion to Strike [Dkt. # 21] is **GRANTED**; and it is

**FURTHER ORDERED** that Dr. Piver is **STRICKEN** as an expert witness in this case; and it is

4

**FURTHER ORDERED** that Dr. Piver's statement [Dkt. # 15 App. 6] is **STRICKEN** from the record.

**SO ORDERED.**

Date: April 17, 2007

/s/
_____
ROSEMARY M. COLLYER
United States District Judge

5

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CONNIE PAVLICAS,                    \*
                                    \*
                    Plaintiff,      \*
                                    \*      **CIVIL ACTION NO. 2006 CA 006749 B**
                                    \*
        vs.                         \*      **Judge Mary A. Terrell**
                                    \*
ELI LILLY AND COMPANY, et al.,      \*      **Next Event: Discovery Closes – 6/13/07**
                                    \*
                    Defendants.     \*
                                    \*

\* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \* \*

## ORDER GRANTING
## DEFENDANT ELI LILLY AND COMPANY'S
## MOTION TO STRIKE UNTIMELY EXPERT DESIGNATIONS

This matter came before the Court upon defendant Eli Lilly and Company's ("Lilly") Motion to Strike Untimely Expert Designations or in the Alternative to Extend Discovery. Upon consideration of the parties' briefing and being otherwise fully advised, and pursuant to D.C. SUPER. CT. R. CIV. P. 16($l$) and 37(b)(2)(B),

IT IS HEREBY ORDERED THAT Lilly's motion to strike is GRANTED;

IT IS FURTHER ORDERED that plaintiff's May 17, 2007, Supplemental 26(b)(4) Statement is stricken; and

IT IS FURTHER ORDERED that plaintiff is precluded from using John J. Hefferren, James P. DellaVolpe, Harold B. Sparr, and Philip J. Cafferty as witnesses in this case.

Dated _____, 2007.

_____
Superior Court Judge


cc:  Attached list of counsel


140334v1

**List of Counsel**
*Pavlicas v. Eli Lilly and Company*
Civil Action No. 2006 CA 006749 B

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street, NW, Suite 500
Washington, DC  20036
**Attorneys for Plaintiffs**

Elizabeth Ewert
DRINKER BIDDLE & REATH, LLP
1500 K Street N.W., Suite 1100
Washington, DC  20005
**Attorneys for Pharmacia and
Upjohn Company**

John F. Anderson
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
**Attorneys for Dart Industries, Inc.**

Janet K. Coleman
WHITNEY & BOGRIS LLP
401 Washington Avenue, 12th Floor
Towson, Maryland 21204
**Attorneys for Mallinckrodt, Inc. and
GlaxoSmithKline, Inc.**

Sidney G. Leech
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD  21202
**Attorneys for Bristol Myers Squibb Company**

David D. Hudgins
Sean C.E. McDonough
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, VA  22314
**Attorneys for Person & Covey, Inc.**

Jaime W. Luse
Harold M. Walter
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
**Attorneys for Elan Pharmaceuticals**

Michelle R. Mangrum
John Chadwick Coots
Shook, Hardy & Bacon, LLP
600 14th St., NW, Ste. 800
Washington, DC 20005
**Attorneys for Eli Lilly and Company**

2

140334v1

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CONNIE PAVLICAS,

          Plaintiff,

  vs.

ELI LILLY AND COMPANY, et al.,
Lilly Corporate Center
Indianapolis, IN 46285

        Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CIVIL ACTION NO. 2006 CA 006749 B**

Judge Mary A. Terrell

Next Event: Discovery Closes – 6/13/07

## DEFENDANT ELI LILLY AND COMPANY'S
## MOTION FOR DEPOSITIONS PURSUANT TO RULE 28-I

  Eli Lilly and Company ("Lilly") respectfully requests that this Court issue an Order granting Lilly's Motion for Depositions Pursuant to Rule 28-I(a) and issue a commission to take the testimony of the deponents indicated within this motion. In further support thereof, Lilly states as follows:

  1.  In this matter, Plaintiff alleges that Connie Pavlicas's *in utero* exposure to diethylstilbestrol ("DES") caused uterine and cervical malformations, miscarriage, infertility and that Connie Pavlicas incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering. *See* Complaint at ¶ 4.

  2.  Discovery has proceeded in this case and the identity of various health care providers who provided care and treatment to Connie Pavlicas have been identified. These health care providers will have testimony relevant to the issues of her exposure and alleged injuries.

3.    In particular, Lilly has determined that four health care providers located in New

York will have relevant testimony and would like to schedule their depositions as indicated:

a.    Burton Krumholz, M.D.
W – Obstetrics and Gynecology
900 Northern Boulevard, Suite 240
Great Neck, NY 11021
(516) 482-4343

Proposed Deposition Date: July 11, 2007 at 10:00 a.m.

Dr. Krumholz treated Ms. Pavlicas from 1977 through 1999 at the DES Screening
Center which included the period of time when Ms. Pavlicas was attempting to
become pregnant. As a physician at the Center, it is likely that he had discussions
with Ms. Pavlicas regarding her alleged condition and its cause.

b.    Candice Tedeschi, RNC, OGNP
W – Obstetrics and Gynecology
900 Northern Boulevard, Suite 240
Great Neck, NY 11021
(516) 482-4343

Proposed Deposition Date: July 2, 2007 at 2:00 p.m.

Nurse Tedeschi was at the DES Screening Center with Dr. Krumholz and will
likely have similar testimony.

c.    David Rosenfeld, M.D.
Center for Human Reproduction
North Shore University Hospital
300 Community Drive
Manhasset, NY 11030
(516) 562-2229

Proposed Deposition Date: July 11, 2007 at 2:00 p.m.

Dr. Rosenfeld treated Ms. Pavlicas specifically for fertility-related concerns and
issues.

d.    Zev Rosenwaks, M.D.
W – Center for Reproductive Medicine and Infertility
1305 York Avenue, 6th Floor
New York, NY 10021
(646) 962-3743

2

140083v1

Proposed Deposition Date: July 10, 2007 at 2:00 p.m.

Likewise, Dr. Rosenwaks also treated Ms. Pavlicas for her fertility-related concerns and issues.

4.      Lilly has corresponded with all counsel in this matter to ascertain their availability for these depositions.  All co-defendants' counsel and plaintiffs' counsel are available on the proposed dates.

5.      Pursuant to Rule 28-I(a), Lilly requests that the Court appoint an examiner to take the testimony of these witnesses and further requests that the examiner who is appointed be counsel for Lilly in accordance with the Rules.

6.      Discovery closes in this matter on July 13, 2007 and the parties have attempted to work in good faith to schedule these depositions in accordance with the D.C. Rules as well as the relevant civil procedure rules in New York.

## CONCLUSION

For these reasons, Lilly respectfully requests that this Court issue an Order appointing an examiner and issuing a commission to take the depositions of the aforementioned witness outside the District of Columbia in the state of New York.

140083v1

Respectfully submitted,


_____/s/ Judith L. O'Grady_____
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

140083v1

## CERTIFICATE OF SERVICE

I hereby certify that on June ____, 2007 I caused the following documents:

**DEFENDANT ELI LILLY AND COMPANY'S MOTION FOR DEPOSITIONS PURSUANT TO RULE 28-I**

to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-filing participants in this matter.

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street, NW, Suite 500
Washington, DC  20036
**Attorneys for Plaintiffs**

Sidney G. Leech
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD  21202
**Attorneys for Bristol Myers Squibb Company**

Elizabeth Ewert
DRINKER BIDDLE & REATH, LLP
1500 K Street N.W., Suite 1100
Washington, DC  20005
**Attorneys for Pharmacia and Upjohn Company**

David D. Hudgins
Sean C.E. McDonough
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, VA  22314
**Attorneys for Person & Covey, Inc.**

John F. Anderson
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
**Attorney for Dart Industries, Inc.**

Harold M. Walter
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
**Attorney for Elan Pharmaceuticals**

Janet K. Coleman
WHITNEY & BOGRIS LLP
401 Washington Avenue
12th Floor
Towson, Maryland 21204
**Attorney for Mallinckrodt Inc. and GlaxoSmithKline, Inc.**

/s/ Judith L. O'Grady
**Attorney for Defendant Eli Lilly and Company**

140083v1

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

```
* * * * * * * * * * * * * * * * * * * * * * * * *
CONNIE PAVLICAS,                    *
                                    *
                                    *
                    Plaintiff,      *
                                    *       CIVIL ACTION NO. 2006 CA 006749 B
        vs.                         *
                                    *       Judge Mary A. Terrell
ELI LILLY AND COMPANY, et al.,      *
Lilly Corporate Center             *       Next Event: Discovery Closes – 6/13/07
Indianapolis, IN 46285             *
                                    *
                    Defendants.     *
                                    *
* * * * * * * * * * * ** * * * * * * * * * * * *
```

## PROPOSED ORDER

WHEREFORE, it is this _____ day of June 2007, ORDERED that Eli Lilly and

Company's ("Lilly") Motion for Depositions Pursuant to Rule 28-I(a) is hereby GRANTED; and

ORDERED that commissions be issued to take the testimony of witnesses outside this

forum jurisdiction for the following witnesses:

    a.     Burton Krumholz, M.D.
            W – Obstetrics and Gynecology
            900 Northern Boulevard, Suite 240
            Great Neck, NY 11021
            (516) 482-4343

    b.     Candice Tedeschi, RNC, OGNP
            W – Obstetrics and Gynecology
            900 Northern Boulevard, Suite 240
            Great Neck, NY 11021
            (516) 482-4343

    c.     David Rosenfeld, M.D.
            Center for Human Reproduction
            North Shore University Hospital
            300 Community Drive
            Manhasset, NY 11030

(516) 562-2229

d.      Zev Rosenwaks, M.D.
        W – Center for Reproductive Medicine and Infertility
        1305 York Avenue, 6th Floor
        New York, NY 10021
        (646) 962-3743

        Proposed Deposition Date: July 10, 2007 at 2:00 p.m.

        Likewise, Dr. Rosenwaks also treated Ms. Pavlicas for her fertility-related
        concerns and issues.

ORDERED that counsel for Lilly be appointed by this Court as the examiner pursuant to

Rule 28-I.


_____
                                                        Judge


cc:     Counsel of record

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| CONNIE FRANCO PAVLICAS, | Civil Action No. 06-0006749 |
| Plaintiff, | Judge Mary A. Terrell |
| v. | |
| ELI LILLY AND COMPANY, et al. | |
| Defendants. | |

### STIPULATION OF DISMISSAL WITH PREJUDICE AS TO DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.

The parties, Plaintiff, Connie Pavlicas, through her undersigned counsel, Aaron M. Levine of Aaron M. Levine & Associates, and Defendant, Premo Pharmaceutical Laboratories, Inc., by its undersigned counsel, Aaron Bailey, of Goodwin Procter LLP, hereby stipulate that Plaintiff's claims against Premo Pharmaceutical Laboratories, Inc., only, may and shall be dismissed with prejudice, with each party bearing their own costs, expenses, and attorneys' fees.

Respectfully Submitted,

Aaron M. Levine (Bar #7864)
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040
*Attorneys for Plaintiff*
*Connie Pavlicas*

Aaron M. Bailey (Bar # 484262)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 346-4000
*Attorneys for Defendant*
*Premo Pharmaceutical Laboratories, Inc.*

Of Counsel:
Christopher J. Garvey, Esq.
GOODWIN PROCTER, LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800

IT IS SO ORDERED:

Dated: _____, 2007

_____
The Honorable Mary A. Terrell
Judge of Superior Court

2

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CONNIE PAVLICAS,                              \*
                                         \*
                                         \*
                    Plaintiff,           \*
                                         \*    CIVIL ACTION NO. 2006 CA 006749 B
           vs.                            \*
                                         \*    Judge Mary A. Terrell
ELI LILLY AND COMPANY, et al.,               \*
Lilly Corporate Center                       \*    Next Event: Discovery Closes – 6/13/07
Indianapolis, IN 46285                       \*
                                         \*
                    Defendants.          \*
                                         \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER GRANTING MOTION FOR DEPOSITIONS PURSUANT TO RULE 28 I

WHEREFORE, it is this 25th day of June 2007, ORDERED  that Eli Lilly and

Company's ("Lilly") Motion for Depositions Pursuant to Rule 28-I(a) is hereby GRANTED; and

ORDERED that commissions be issued to take the testimony of witnesses outside this

forum jurisdiction for the following witnesses:

    a.    Burton Krumholz, M.D.
        W – Obstetrics and Gynecology
        900 Northern Boulevard, Suite 240
        Great Neck, NY 11021
        (516) 482-4343

    b.    Candice Tedeschi, RNC, OGNP
        W – Obstetrics and Gynecology
        900 Northern Boulevard, Suite 240
        Great Neck, NY 11021
        (516) 482-4343

    c.    David Rosenfeld, M.D.
        Center for Human Reproduction
        North Shore University Hospital
        300 Community Drive
        Manhasset, NY 11030

140159v1

(516) 562-2229

d.    Zev Rosenwaks, M.D.
      W – Center for Reproductive Medicine and Infertility
      1305 York Avenue, 6th Floor
      New York, NY 10021
      (646) 962-3743

Proposed Deposition Date: July 10, 2007 at 2:00 p.m.

Likewise, Dr. Rosenwaks also treated Ms. Pavlicas for her fertility-related
concerns and issues.

ORDERED that counsel for Lilly be appointed by this Court as the examiner pursuant to

Rule 28-I.


_____

Judge Mary A. Terrell


Electronic cc:  Counsel of record

2

140159v1

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| CONNIE PAVLICAS, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | Case No.: 2006 CA 006749 B |
| | ] | Judge Mary A. Terrell |
| | ] | Next Event: Discovery Closed 6/13/07 |
| ELI LILLY AND COMPANY, et al., | ] | |
| | ] | |
| Defendants. | ] | |

## ORDER GRANTING CONSENT MOTION TO AMEND SCHEDULING ORDER

UPON CONSIDERATION of the Consent Motion to Amend the Scheduling Order, and for good cause shown, it is,

ORDERED that the Consent Motion be and hereby is GRANTED;

AND IT IS FURTHER ORDERED that the December 15, 2007, Scheduling Order, be amended as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of Discovery | June 13, 2007 | July 13, 2007 |
| Deadline for Dispositive Motions | June 28, 2007 | July 28, 2007 |
| Dispositive Motions Decided | July 30, 2007 | August 29, 2007 |
| ADR (Mediation) | August 13, 2007/ October 11, 2007 | September 12, 2007/ November 10, 2007 |

*Mary A Terrell*

DATED: June 25, 2007

_____
Mary A. Terrell

Superior Court Judge


With  Electronic Copies to:

Aaron M. Levine, Esq.                    aaronlevinelaw@aol.com

Michelle R. Mangrum, Esq.                mmangrum@shb.com

John Chadwick Coots, Esq.                jcoots@shb.com
mailto:mmangrum@shb.com
Emily Laird, Esq.                        elaird@shb.com

Judith O'Grady, Esq.                     jogrady@shb.com

mailto:jcoots@shb.comSidney G. Leech, Esq.           sgl@gdldlaw.com
mailto:sgl@gdld.com
Michael J. McManus, Esq.                 michael.mcmanus@dbr.com

Elizabeth Ewert, Esq.                    elizabeth.ewert@dbr.com

Janet K. Coleman, Esq.                   jcoleman@whitneybogris.com

David D. Hudgins, Esq.                   dhudgins@hudginslawfirm.com

Sean McDonough, Esq.                     smcconough@hudginslawfirm.com

Jaime W. Luse, Esq.                      jluse@tydingslaw.com

John F. Anderson, Esq.                   john.anderson@troutmansanders.com

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CONNIE PAVLICAS,                                          \*
                                                         \*
                                                         \*
                                Plaintiff,               \*      CIVIL ACTION NO. 2006 CA 006749 B
                                                         \*
                   vs.                                   \*      Judge Mary A. Terrell
                                                         \*
ELI LILLY AND COMPANY, et al.,                           \*      Next Event: Discovery Closes – 6/13/07
Lilly Corporate Center                                   \*
Indianapolis, IN 46285                                   \*
                                                         \*
                               Defendants.               \*
                                                         \*
\* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \*

## ORDER GRANTING MOTION FOR DEPOSITIONS PURSUANT TO RULE 28 I

WHEREFORE, it is this 25th day of June 2007, ORDERED    that Eli Lilly and

Company's ("Lilly") Motion for Depositions Pursuant to Rule 28-I(a) is hereby GRANTED; and

ORDERED that commissions be issued to take the testimony of witnesses outside this

forum jurisdiction for the following witnesses:

   a.      Burton Krumholz, M.D.
           W – Obstetrics and Gynecology
           900 Northern Boulevard, Suite 240
           Great Neck, NY 11021
           (516) 482-4343

   b.      Candice Tedeschi, RNC, OGNP
           W – Obstetrics and Gynecology
           900 Northern Boulevard, Suite 240
           Great Neck, NY 11021
           (516) 482-4343

   c.      David Rosenfeld, M.D.
           Center for Human Reproduction
           North Shore University Hospital
           300 Community Drive
           Manhasset, NY 11030

140159v1

(516) 562-2229

d.    Zev Rosenwaks, M.D.
      W – Center for Reproductive Medicine and Infertility
      1305 York Avenue, 6th Floor
      New York, NY 10021
      (646) 962-3743

Proposed Deposition Date: July 10, 2007 at 2:00 p.m.

Likewise, Dr. Rosenwaks also treated Ms. Pavlicas for her fertility-related concerns and issues.

ORDERED that counsel for Lilly be appointed by this Court as the examiner pursuant to Rule 28-I.


_____

Judge Mary A. Terrell


Electronic cc:  Counsel of record

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

CONNIE PAVLICAS,                          ]
                                          ]
        Plaintiff,                        ]
                                          ]
    v.                                    ]        Case No.: 2006 CA 006749 B
                                          ]        Judge Mary A. Terrell
                                          ]        Next Event: Discovery Closed 6/13/07
ELI LILLY AND COMPANY, et al.,            ]
                                          ]
        Defendants.                       ]

## ORDER GRANTING CONSENT MOTION TO AMEND SCHEDULING ORDER

UPON CONSIDERATION of the Consent Motion to Amend the Scheduling Order, and

for good cause shown, it is,

ORDERED that the Consent Motion be and hereby is GRANTED;

AND IT IS FURTHER ORDERED that the December 15, 2007, Scheduling Order, be

amended as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of Discovery | June 13, 2007 | July 13, 2007 |
| Deadline for Dispositive Motions | June 28, 2007 | July 28, 2007 |
| Dispositive Motions Decided | July 30, 2007 | August 29, 2007 |
| ADR (Mediation) | August 13, 2007/ October 11, 2007 | September 12, 2007/ November 10, 2007 |

DATED: June 25, 2007

_____
Mary A. Terrell

Superior Court Judge

With Electronic Copies to:

| | |
|---|---|
| Aaron M. Levine, Esq. | aaronlevinelaw@aol.com |
| Michelle R. Mangrum, Esq. | mmangrum@shb.com |
| John Chadwick Coots, Esq. | jcoots@shb.com |
| mailto:mmangrum@shb.com | |
| Emily Laird, Esq. | elaird@shb.com |
| Judith O'Grady, Esq. | jogrady@shb.com |

mailto:jcoots@shb.comSidney G. Leech, Esq.          sgl@gdldlaw.com
mailto:sgl@gdld.com

| | |
|---|---|
| Michael J. McManus, Esq. | michael.mcmanus@dbr.com |
| Elizabeth Ewert, Esq. | elizabeth.ewert@dbr.com |
| Janet K. Coleman, Esq. | jcoleman@whitneybogris.com |
| David D. Hudgins, Esq. | dhudgins@hudginslawfirm.com |
| Sean McDonough, Esq. | smcconough@hudginslawfirm.com |
| Jaime W. Luse, Esq. | jluse@tydingslaw.com |
| John F. Anderson, Esq. | john.anderson@troutmansanders.com |

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

CONNIE PAVLICAS,                          )
                                          )
          Plaintiff,                      )
                                          )
     v.                                   )     Civil Action No.: 2006 CA 006749 B
                                          )     Judge Mary A. Terrell
                                          )     Next Event: Mediation on 10/10/07
ELI LILLY AND COMPANY, et al.,            )
                                          )
          Defendants.                     )

**CONSENT MOTION TO WAIVE PLAINTIFF'S PERSONAL APPEARANCE AND
ALLOW PLAINTIFF TO BE AVAILABLE AT MEDIATION BY TELEPHONE**

COMES NOW the Plaintiff, by and through counsel, and with the consent of the remaining

Defendants, and respectfully moves this Court for an Order waiving the Plaintiff's personal

appearance and allowing Plaintiff to be available at the Mediation on October 10, 2007, by

telephone, and as grounds therefore states:

1.      This is a personal injury/products liability claim in which Plaintiff Connie Pavlicas

alleges she has suffered from reproductive and anatomic anomalies, miscarriage and infertility as a

result of her *in utero* exposure to diethylstilbestrol ("DES").

2.      The Mediation of this matter is currently scheduled for Wednesday, October 10, 2007,

beginning at 9:00 a.m. Plaintiff resides in Aliso Viejo, California, and would have difficulty and

incur great expense in traveling to the District of Columbia for the Mediation. Plaintiff requests that

she be allowed to be available by telephone for the duration of the Mediation. Plaintiff's counsel

would have full authority to engage in settlement negotiations and could discuss all issues and/or

settlement offers by telephone with the Plaintiff.

3.      Counsel for Defendants consent to the granting of this Motion.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order waiving her personal appearance at the Mediation on October 10, 2007, and allow her to be available by telephone.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

_____
AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC   20036
202-833-8040

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of July, 2007, a true copy of the foregoing Consent Motion to Extend Scheduling Order was electronically filed with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an electronic filing to the following e-filing participants in this matter:

The Honorable Mary A. Terrell
Superior Court of the District of Columbia
500 Indiana Avenue, N.W.
Washington, DC   20036

Michelle R. Mangrum, Esq.
John Chadwick Coots, Esq.
Emily Laird, Esq.
Judith O'Grady, Esq.
Shook, Hardy & Bacon, L.L.P.
600 14th Street, N.W., Suite 800
Washington, DC   20005

Janet K. Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, MD   21204

David D. Hudgins, Esq.
Sean McDonough, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA   22314

/s/ Aaron M. Levine
Aaron M. Levine

-3-

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

CONNIE PAVLICAS,                     ]
                                     ]
        Plaintiff,                   ]
                                     ]
        v.                           ]        Case No.: 2006 CA 006749 B
                                     ]        Judge Mary A. Terrell
                                     ]        Next Event: Mediation on 10/10/07
ELI LILLY AND COMPANY, et al.,       ]
                                     ]
        Defendants.                  ]

## RULE 12-I(a) CERTIFICATION

Consent to the foregoing Motion was requested of and granted by counsel for the remaining

Defendants as of June 28, 2007.


                              Respectfully submitted,

                              AARON M. LEVINE & ASSOCIATES


                              /s/ Aaron M. Levine
                              AARON M. LEVINE, #7864
                              1320 19th Street, N.W.
                              Suite 500
                              Washington, DC   20036
                              202-833-8040

                              Counsel for Plaintiff

-4-

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

CONNIE PAVLICAS,                    ]
                                    ]
        Plaintiff,                  ]
                                    ]
        v.                          ]        Case No.: 2006 CA 006749 B
                                    ]        Judge Mary A. Terrell
                                    ]        Next Event: Mediation on 10/10/107
ELI LILLY AND COMPANY, et al.,      ]
                                    ]
        Defendants.                 ]


## POINTS AND AUTHORITIES


1.    Rule 12-I of the Superior Court Rules of Civil Procedure.

2.    The record herein.


                        Respectfully submitted,

                        AARON M. LEVINE & ASSOCIATES



                         /s/ Aaron M. Levine
                        AARON M. LEVINE, #7864
                        1320 19th Street, N.W.
                        Suite 500
                        Washington, DC   20036
                        202-833-8040

                        Counsel for Plaintiff


-5-

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

CONNIE PAVLICAS,          ]
                             ]
      Plaintiff,         ]
                             ]
      v.                 ]     Case No.: 2006 CA 006749 B
                             ]     Judge Mary A. Terrell
                             ]     Next Event: Mediation on 10/10/07
ELI LILLY AND COMPANY, et al.,   ]
                             ]
      Defendants.      ]

## ORDER

UPON CONSIDERATION of the Consent Motion to Waive Plaintiff's Personal Appearance and Allow Plaintiff to be Available at Mediation by Telephone, and for good cause shown, it is this

_____ day of _____, 2007:

ORDERED that the Consent Motion be and hereby is GRANTED;

AND IT IS FURTHER ORDERED that the Plaintiff's Personal Appearance at the Mediation on October 10, 2007, is hereby waived;

AND IT IS FURTHER ORDERED that the Plaintiff may be available at Mediation by telephone.

_____
Judge Mary A. Terrell

With Copies to:

| | |
|---|---|
| Aaron M. Levine, Esq. | aaronlevinelaw@aol.com |
| Michelle R. Mangrum, Esq. | mmangrum@shb.com |
| John Chadwick Coots, Esq. | jcoots@shb.com |
| Emily Laird, Esq. | elaird@shb.com |
| Judith O'Grady, Esq. | jogrady@shb.com |
| Janet K. Coleman, Esq. | jcoleman@whitneybogris.com |
| David D. Hudgins, Esq. | dhudgins@hudginslawfirm.com |
| Sean McDonough, Esq. | smcconough@hudginslawfirm.com |

-7-

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CONNIE PAVLICAS,                          \*
                                          \*
                    Plaintiff,            \*      CIVIL ACTION NO. 2006 CA 006749 B
                                          \*
       vs.                                \*      Judge Mary A. Terrell
                                          \*
ELI LILLY AND COMPANY, et al.,            \*      Next Event: Mediation on 10/10/07
                                          \*
                    Defendants.           \*
                                          \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CONSENT MOTION TO WAIVE THE PERSONAL APPEARANCE OF A
REPRESENTATIVE OF DEFENDANT ELI LILLY AND COMPANY AT MEDIATION**

Pursuant to Super. Ct. R. Civ. P. 12-I, Eli Lilly and Company ("Lilly") respectfully requests that this Court enter an Order waiving the requirement of D.C. Super. Ct. Civ. Arbitration Program R. IX(c) that Lilly's representative must personally appear for the mediation in the above-captioned case currently scheduled for October 10, 2007, for the following reasons:

1. Counsel for Lilly has been defending DES cases for a period of over 30 years. During this time period, Lilly's counsel has routinely resolved cases through mediations or settlement conferences without the personal attendance of a Lilly representative, by having that representative available by telephone and by having advance settlement authority.

2. The personal attendance of a Lilly representative, other than counsel, at the mediation scheduled for October 10, 2007 would not aid in the mediation, and would not enhance the prospect that this case will settle during the mediation.

140636v1

3. Counsel for Lilly will participate in the October 10, 2007 mediation in good faith and the Lilly representative with final authority to resolve this case will be available by telephone during the entire mediation session.

4. Counsel for plaintiff and all remaining defendants consent to the granting of this Motion.

WHEREFORE, Lilly respectfully requests that this Court enter the attached Order waiving the personal appearance of a Lilly representative at the mediation on October 10, 2007, and allowing a Lilly representative to be available by telephone, and granting such other relief as the Court may deem just and appropriate.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P.

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
600 14TH Street, NW, Suite 800
Washington, D.C.  200005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, MO  64108
Phone:  (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

140636v1

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2007 I caused the following documents:

DEFENDANT ELI LILLY AND COMPANY'S CONSENT MOTION TO WAIVE THE
PERSONAL APPEARANCE OF A REPRESENTATIVE OF DEFENDANT ELI
LILLY AND COMPANY AT MEDIATION

POINTS AND AUTHORITIES

RULE 12-I(a) CERTIFICATION

PROPOSED ORDER

CERTIFICATE OF SERVICE

to be filed electronically with the Clerk of the Court through the Court's e-filing service,
CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-
filing participants in this matter.

| | |
|---|---|
| The Honorable Mary A. Terrell<br>Superior Court of the District of Columbia<br>500 Indiana Avenue, N.W.<br>Washington, DC 20036 | Janet K. Coleman<br>WHITNEY & BOGRIS LLP<br>401 Washington Avenue, 12th Floor<br>Towson, Maryland 21204<br>**Attorneys for Mallinckrodt, Inc. and**<br>**GlaxoSmithKline, Inc.** |
| Aaron M. Levine<br>AARON M. LEVINE & ASSOCIATES<br>1320 19th Street, NW, Suite 500<br>Washington, DC  20036<br>**Attorneys for Plaintiffs** | David D. Hudgins<br>Sean C.E. McDonough<br>HUDGINS LAW FIRM<br>515 King Street, Suite 400<br>Alexandria, VA  22314<br>**Attorneys for Person & Covey, Inc.** |

/s/ John Chadwick Coots
**Attorney for Defendant**
**Eli Lilly and Company**

140636v1

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

```
* * * * * * * * * * * * * * * * * * * * * * * * *
CONNIE PAVLICAS,                    *
                                    *
              Plaintiff,            *    CIVIL ACTION NO. 2006 CA 006749 B
                                    *
      vs.                           *    Judge Mary A. Terrell
                                    *
ELI LILLY AND COMPANY, et al.,      *    Next Event: Mediation on 10/10/07
                                    *
              Defendants.           *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## POINTS AND AUTHORITIES

1.    Rule 12-I of the Superior Court Rules of Civil Procedure.

2.    Rule IX(c) of the Superior Court Civil Arbitration Program Rules.

3.    The record herein.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P.

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
600 14TH Street, NW, Suite 800
Washington, D.C. 200005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT**
**ELI LILLY AND COMPANY**

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| CONNIE PAVLICAS, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| vs. | \* |
| | \* |
| ELI LILLY AND COMPANY, et al., | \* |
| | \* |
| Defendants. | \* |
| | \* |

CIVIL ACTION NO. 2006 CA 006749 B

Judge Mary A. Terrell

Next Event: Mediation on 10/10/07

\* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \* \*

## RULE 12-I(A) CERTIFICATION

Consent to the foregoing Consent Motion to Waive the Personal Appearance of a Representative of Defendant Eli Lilly and Company at Mediation was granted by counsel for plaintiff and all remaining defendants as of June 28, 2007.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P.

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
600 14TH Street, NW, Suite 800
Washington, D.C. 200005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

140636v1

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

```
* * * * * * * * * * * * * * * * * * * * * * * *
CONNIE PAVLICAS,                    *
                                    *
                Plaintiff,          *
                                    *       CIVIL ACTION NO. 2006 CA 006749 B
        vs.                         *
                                    *       Judge Mary A. Terrell
ELI LILLY AND COMPANY, et al.,      *
                                    *       Next Event: Mediation on 10/10/07
                Defendants.         *
                                    *
* * * * * * * * * * ** * * * * * * * * * * * * *
```

### ORDER

This matter came before the Court on defendant Eli Lilly and Company's Consent Motion to Waive the Personal Appearance of a Representative of Defendant Eli Lilly and Company at Mediation. Upon consideration of said motion and the record herein,

IT IS HEREBY ORDERED THAT defendant Eli Lilly and Company's Consent Motion is GRANTED.

IT IS FURTHER ORDERED THAT defendant Eli Lilly and Company's representative may be available at Mediation by telephone.

Dated _____, 2007

_____
The Honorable Mary A. Terrell
District of Columbia Superior Court Judge

cc: Attached list of counsel

140639v1

**List of Counsel**
*Pavlicas v. Eli Lilly and Company, et al.*
Civil Action No. 2006 CA 006749 B


Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036

**Attorneys for Plaintiff**

Michelle R. Mangrum
John Chadwick Coots
Shook, Hardy & Bacon, LLP
600 14th St., NW, Ste. 800
Washington, DC 20005

**Attorneys for Eli Lilly and Company**

Janet K. Coleman
Whitney & Bogris LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204

**Attorneys for Mallinckrodt, Inc. and GlaxoSmithKline, Inc.**

David D. Hudgins
Sean C.E. McDonough
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314

**Attorneys for Person & Covey, Inc.**


140639v1

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| **CONNIE FRANCO PAVLICAS,** | \* |
| | \* |
| **Plaintiff,** | \* |
| | \* |
| **vs.** | \*  **CIVIL ACTION NO. 2006 CA 006749B** |
| | \* |
| | \*  **Judge Mary A. Terrell** |
| **ELI LILLY AND COMPANY, et al.,** | \* |
| | \* |
| **Defendants.** | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE REGARDING DISCOVERY

I hereby certify that on the 6th day of July, 2007, I served Defendant Eli Lilly and Company's Notice of Taking Deposition *Duces Tecum* of Burton Krumholz, M.D., Zev Rosenwaks, M.D. and David L. Rosenfeld, M.D. via first-class United States Mail, postage prepaid, on counsel of record for all parties to this action as listed on the attached certificate of service.

Respectfully submitted,

/s/ Judith L. O'Grady
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
SHOOK, HARDY & BACON L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C. 200005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

140706v1

David W. Brooks
Mark C. Hegarty
John F. Kuckelman
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

2

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2007, I caused the following documents:

CERTIFICATE REGARDING DISCOVERY

to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-filing participants in this matter.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Ste. 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Janet K. Coleman
Whitney & Bogris LLP
401 Washington Avenue
12th Floor
Towson, MD 21204
**Attorneys for Mallinckrodt Inc. and GlaxoSmithKline, Inc.**

David D. Hudgins
Sean C.E. McDonough
Hudgins Law Firm
515 King Street
Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

/s/ Judith L. O'Grady
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

3

140706v1

 Your submission was successful! Your trace number is **ED301J020037847**. The details of your filing are shown below.

**Timestamp:**

| 07/06/2007 | 3:23:39 PM (Eastern (U.S. and Canada)) |

**This is not your official receipt. Your receipt may be viewed in Review Status after your Filing Status changes to "Confirmation".**

| Description of Fee | Amount |
| --- | --- |
| eFiling Processing Fees | $10.34 |
| Court Filing Fees | $0.00 |
| CaseFileXpress eService Fee | $1.00 |
| CaseFileXpress Filing Fee | $4.00 |
| **Total cost of filing:** | $15.34 |

#### Personal Information

**Filer:** jogrady
**Attorney of Record:** jogrady
**Name:** Judith O'Grady
**Law Firm or Organization:** Shook Hardy & Bacon LLP
**Bar Number:** 494290
**Filer Position:** Attorney
**Address:** 600 14th Street, N.W.
Suite 800
Washington, DC 20005
**Phone:** (202) 783-8400
**Fax:** (202) 783-8411
**Email:** jogrady@shb.com

#### Payment Information

**Payment Method:** Credit Card
**Address:** 105 Decker Ct.
Irving, TX 75062
**Credit Card Type:** MAST
**Credit Card #:** XXXX XXXX XXXX 4138
**Cardholder Name:** SHOOK HARDY BACON DC

#### Filing Information

**Case Title:** Connie Franco Pavlicas v. Eli Lilly and Company, et al.
**Sealed Case:** No
**County Name:** D.C. Superior Court
**Court Type:** District
**Court Name:** D.C. Superior Court
**Cause/Case Number:** 2006 CA 006749 B
**Document Type:** Certificate Regarding Discovery Filed

#### Document Information

**File Name:** 01 Pavlicas - Certificate Regarding Discovery - Krumholz Rosenwaks Rosenfeld.pdf

**Plaintiff Attorney(s):**

Aaron Levine - Electronic service of copies

**Defendant Attorney(s):**

| John Coots | - Electronic service of copies |
| Elizabeth Ewert | - Electronic service of copies |
| Emily Laird | - Electronic service of copies |
| Jaime Luse | - Electronic service of copies |
| Kathleen Bustraan | - Electronic service of copies |

Christopher
Garvey

Michelle Mangrum      - Electronic service of
                        copies

Michael McManus       - Electronic service of
                        copies

Jennifer Levy         - Electronic service of
                        copies

David Hudgins         - Electronic service of
                        copies

John Anderson         - Electronic service of
                        copies

Sean McDonough        - Electronic service of
                        copies

Sidney Leech          - Electronic service of
                        copies

Aaron Bailey          - Electronic service of
                        copies

Janet Coleman         - Electronic service of
                        copies

Judith O'Grady

**Judge(s):** Mary Terrell

**Special Instructions:**

**Client Matter #:** LILY.131454

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CONNIE PAVLICAS,               \*

                           \*

            Plaintiff,      \*     CIVIL ACTION NO. 2006 CA 006749 B

                           \*

     vs.                   \*     Judge Mary A. Terrell

                           \*

ELI LILLY AND COMPANY, et al.,  \*     Next Event: Discovery Closes – 6/13/07

                           \*

            Defendants.     \*

                           \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CONSENT MOTION TO AMEND SCHEDULING ORDER

     **COMES NOW** defendant, Eli Lilly and Company, by and through counsel, **with the consent of plaintiff, Connie Pavlicas, and all remaining co-defendants**, and hereby moves this Court to Amend the current Scheduling Order to extend all deadlines on the scheduling order by 60 days for the following grounds:

     1.    The present action is a pharmaceutical case in which plaintiff Connie Pavlicas claims that she suffered injuries, including abnormalities to her reproductive tract and infertility, as a result of her alleged *in utero* exposure to diethylstilbestrol ("DES").

     2.    On December 15, 2006, the court issued a scheduling order in this matter which set discovery to close on June 13, 2007.

     3.    On or about May 30, 2007, Plaintiff with the consent of the parties filed a Consent Motion to Extend Scheduling Order. Within the motion, Plaintiff indicated that there are several treating physicians in this case whose testimony is relevant to Plaintiff's claims and that all of the parties have been working together to schedule these physicians' depositions who are located in

140726v1

New York and have busy practices. The motion requested a 30 day extension of all deadlines including the discovery deadline.

4.    On June 25, 2007, this Honorable Court granted the motion and extended all pending deadlines by 30 days. Accordingly, the close of discovery was moved from June 13, 2007 to July 13, 2007.

5.    In the meantime, the parties have been working to make contact with the treating physicians and to obtain their cooperation for choosing a date for their depositions. Unfortunately, with the exception of one of the doctors, the remaining two are not available until after the close of discovery. In particular, Dr. Burton Krumholz has committed to being available on August 16, 2007 and Dr. Rosenwaks can be available on July 23, 2007.

6.    In addition, there is a fact witness, Frank Franco, who has testimony relevant to this case. He is plaintiff's ex-husband and can presumably testify regarding plaintiff's infertility. Plaintiff's counsel had attempted to procure Mr. Franco's attendance at a deposition. However, they advised Defendant Lilly on July 3, 2007 that they would not be able to produce him for deposition. Mr. Franco is a resident of New Jersey. Accordingly, Defendant Lilly will now have to locate Mr. Franco, obtain a commission for a deposition outside the forum jurisdiction from this Honorable Court, open a miscellaneous action in New Jersey, and then obtain service of Mr. Franco. We will need additional time to accomplish this.

7.    The parties appreciate the Court's willingness to provide them with the previous 30-day extension and had sincerely hoped to be able to complete all necessary discovery within that time period. However, given the physicians' schedules, we were not able to do so. Nonetheless, we believe with deposition dates scheduled that 60 days is a reasonable amount of time to complete any outstanding discovery.

2

140726v1

8.      A 60-day extension of current scheduling order deadlines would allow parties to complete this necessary discovery.  The parties do not contemplate any further requests to extend the scheduling order.

9.      This is one of many DES cases pending in the District of Columbia.  Plaintiffs' and defense counsel in these cases routinely work together as quickly as possible to complete discovery and to prepare these cases for settlement and/or trial.

10.     Despite the parties' best efforts, discovery cannot be completed before the current discovery deadline of July 13, 2007.  The parties respectfully request that all deadlines in the Scheduling Order be extended by 60 days, resulting in the following amendment to the Scheduling Order:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Closed | 07/13/2007 | 09/11/2007 |
| Deadline for Filing Motions | 07/29/2007 | 09/27/2007 |
| Dispositive Motions Decided | 08/29/2007 | 10/28/2007 |
| ADR (Mediation/Case Evaluation) | 09/12/2007;11/11/2007 | 10/11/2007; 01/10/2008 |

WHEREFORE, all parties to this action respectfully request that the Court enter an Order amending its June 25, 2007 Scheduling Order to extend all deadlines by 60 days.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
600 14TH Street, N.W., Suite 800
Washington, D.C.  20005-2004

3

Phone: (202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2007, I caused the following documents:

CONSENT MOTION TO AMEND SCHEDULING ORDER
RULE 12-I(A) CERTIFICATION
POINTS AND AUTHORITIES
PROPOSED ORDER

to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-filing participants in this matter.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Ste. 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Sidney G. Leech
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD  21202
**Attorneys for Bristol Myers Squibb Company**

Janet K. Coleman
Whitney & Bogris LLP
401 Washington Avenue
12th Floor
Towson, MD 21204
**Attorneys for Mallinckrodt Inc. and GlaxoSmithKline, Inc.**

David D. Hudgins
Sean C.E. McDonough
Hudgins Law Firm
515 King Street
Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

/s/ John Chadwick Coots
**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**

5

140726v1

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * *

CONNIE PAVLICAS,                         *
                                         *
            Plaintiff,                   *      CIVIL ACTION NO. 2006 CA 006749 B
                                         *
      vs.                                *      Judge Mary A. Terrell
                                         *
ELI LILLY AND COMPANY, et al.,           *      Next Event: Discovery Closes – 6/13/07
                                         *
            Defendants.                  *
                                         *
* * * * * * * * * * * * * * * * * * * * * * * * *

## RULE 12-I(a) CERTIFICATION

Pursuant to Superior Court Rule 12-I(a), defendant Eli Lilly and Company, by and

through their undersigned counsel, certify that consent to the foregoing Consent Motion to

Amend Scheduling Order was requested of and granted by counsel for all parties to this action on

July 9, 2007.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
600 14TH Street, N.W., Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.

6

140726v1

2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

7

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CONNIE PAVLICAS,                              \*
                                             \*
                    Plaintiff,               \*       CIVIL ACTION NO. 2006 CA 006749 B
                                             \*
        vs.                                  \*       Judge Mary A. Terrell
                                             \*
ELI LILLY AND COMPANY, et al.,               \*       Next Event: Discovery Closes – 6/13/07
                                             \*
                    Defendants.              \*
                                             \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

POINTS AND AUTHORITIES

1.      Rule 12-I of the Superior Court Rules of Civil Procedure.

2.      The record herein.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
600 14TH Street, N.W., Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY

8

140726v1

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CONNIE PAVLICAS,                               \*
                                              \*
                                              \*
              Plaintiff,                      \*    **CIVIL ACTION NO. 2006 CA 006749 B**
                                              \*
    vs.                                       \*    **Judge Mary A. Terrell**
                                              \*
ELI LILLY AND COMPANY, et al.,                \*    **Next Event: Discovery Closes – 6/13/07**
                                              \*
              Defendants.                     \*
                                              \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

UPON CONSIDERATION of the Consent Motion to Amend Scheduling Order

consented to by counsel for all parties to this action, and for good cause shown, it is this _____

day of _____, 2007,

ORDERED that the Consent Motion to Amend Scheduling Order be and hereby is

granted.

IT IS FURTHER ORDERED that all deadlines in the Scheduling Order are

extended by 60 days.

_____

Judge Mary A. Terrell

With copies to all counsel of record.

9

140726v1

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CONNIE PAVLICAS,                                    \*
                                                   \*
                        Plaintiff,                 \*
                                                   \*    CIVIL ACTION NO. 2006 CA 006749 B
            vs.                                    \*
                                                   \*    Judge Mary A. Terrell
ELI LILLY AND COMPANY, et al.,                     \*
                                                   \*    Next Event: Discovery Closes – 6/13/07
                        Defendants.                \*
                                                   \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT OF JOHN C. COOTS IN SUPPORT OF DEFENDANT ELI LILLY AND COMPANY'S MOTION TO STRIKE UNTIMELY EXPERT DESIGNATIONS OR IN THE ALTERNATIVE TO EXTEND DISCOVERY

I, John C. Coots, being first sworn on oath, attest that the following is true and correct:

I am an attorney in the firm of Shook, Hardy & Bacon, LLP, counsel for defendant Eli Lilly and Company ("Lilly") in the above-captioned action.

1.    Exhibit 4 to Lilly's Memorandum In Support Of Motion To Strike Untimely Expert Designations Or In The Alternative To Extend Discovery is a true copy of correspondence received from Aaron M. Levine and dated April 25, 2007.

2.    Exhibit 5 to Lilly's Memorandum In Support Of Motion To Strike Untimely Expert Designations Or In The Alternative To Extend Discovery is a true copy of correspondence sent by Emily J. Laird to Aaron M. Levine and dated May 3, 2007.

3.    Exhibit 6 to Lilly's Memorandum In Support Of Motion To Strike Untimely Expert Designations Or In The Alternative To Extend Discovery is a true copy of

140305v1

LILY 131454   PH03-3

Plaintiff's Rule 26(b)(4) Statement, submitted February 27, 2006, in *Cook v. Eli Lilly and Co.*, Civil Action No. 05-0003406 (D.C. Super. Ct.).

       4.    Exhibit 7 to Lilly's Memorandum In Support Of Motion To Strike Untimely Expert Designations Or In The Alternative To Extend Discovery is a true copy of Plaintiff's Rule 26(b)(4) Statement, submitted August 2, 2005, in *McCarty v. Eli Lilly and Co.*, Civil Action No. 05-000328 (D.C. Super. Ct).

       5.    Exhibit 8 to Lilly's Memorandum In Support Of Motion To Strike Untimely Expert Designations Or In The Alternative To Extend Discovery is a true copy of Plaintiff's Rule 26(b)(4) Statement, submitted August 18, 2005, in *Gedaro v. Eli Lilly and Co.*, Civil Action No. 05-000650 (D.C. Super. Ct.).

       6.    Exhibit 9 to Lilly's Memorandum In Support Of Motion To Strike Untimely Expert Designations Or In The Alternative To Extend Discovery is a true copy of Plaintiff's Rule 26(a)(2) Statement, submitted September 23, 2004, in *Bohlin v. Eli Lilly and Co.*, 05-cv-11577 (D. Mass.).

       7.    Exhibit 10 to Lilly's Memorandum In Support Of Motion To Strike Untimely Expert Designations Or In The Alternative To Extend Discovery is a true copy of Plaintiff's Rule 26(a)(2) Statement, submitted April 18, 2006, in *Maxwell v. Eli Lilly and Co.*, 05-cv-12447 (D. Mass.).

       8.    Exhibit 11 to Lilly's Memorandum In Support Of Motion To Strike Untimely Expert Designations Or In The Alternative To Extend Discovery is a true copy of the first page of the August 22, 2003 deposition of Philip J. Cafferty in *Dean v. Eli Lilly and Co.*, 02-cv-11078 (D. Mass.).

140305v1

9.    Exhibit 12 to Lilly's Memorandum In Support Of Motion To Strike Untimely Expert Designations Or In The Alternative To Extend Discovery is a true copy of the Affidavit of John J. Hefferren, dated November 10, 2006, filed as Attachment 19 to plaintiff's November 20, 2006 Opposition to Defendant's Motion for Summary Judgment in *Cook v. Eli Lilly and Co.*, Civil Action No. 05-0003406 (D.C. Super. Ct.).

10.    Exhibit 13 to Lilly's Memorandum In Support Of Motion To Strike Untimely Expert Designations Or In The Alternative To Extend Discovery is a true copy of the United States District Court for the District of Columbia decision in *Kasparian v. Eli Lilly and Company*, Civil Action No. 06-CV-00290 (D.D.C. April 17, 2007) (Collyer, J.).

Executed on June ___20___ , 2007

_John C. Coots_
John C. Coots


DISTRICT OF          )
                     )ss.
COLUMBIA_____)

On this __20__ day of June, 2007, before me, a notary public in and for said state, personally appeared John C. Coots, to me personally known, who being duly sworn, acknowledged that he had executed the foregoing instrument for purposes therein mentioned and set forth.

_____
NOTARY PUBLIC


My Commission Expires:

Michel Y. Thompson
Notary Public, District of Columbia
My Commission Expires 10-14-2009

3

140305v1

**EXHIBIT 1**

**Coots, John Chad (SHB)**

| | |
|---|---|
| **From:** | DCD_ECFNotice@dcd.uscourts.gov |
| **Sent:** | Tuesday, October 31, 2006 12:13 PM |
| **To:** | DCD_ECFNotice@dcd.uscourts.gov |
| **Subject:** | Activity in Case 1:06-cv-01252-RMU MOORE v. ELI LILLY AND COMPANY "Status Conference" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

## U.S. District Court

### District of Columbia

Notice of Electronic Filing

The following transaction was received from jwd, entered on 10/31/2006 at 12:12 PM EDT and filed on 10/31/2006
**Case Name:**        MOORE v. ELI LILLY AND COMPANY
**Case Number:**     1:06-cv-1252
**Filer:**
**Document Number:**

**Docket Text:**
Minute Entry for proceedings held before Judge Ricardo M. Urbina: Status Hearing held on 10/31/2006. Discovery due by 6/28/2007. Dispositive Motions are due by 7/30/2007. Oppositions to Dispositive Motions are due by 8/30/2007. Replies to Oppositions to Dispositive Motions are due by 9/13/2007. Motions to Amend Pleadings or Join Parties are due by 11/9/2006. Oppositions to Motions to Amend Pleadings or Join Parties are due by 11/23/2006. Replies to Oppositions to Motions to Amend Pleadings or Join Parties are due by 11/30/2006. Proponent's Rule 26(a)(2)(B)Statement is due by 1/2/2007. Opponent's Rule 26(a)(2)(B)Statement is due by 2/2/2007. An Interim Status Hearing is set for 7/5/2007 at 10:00 a.m. in Courtroom 30, Annex Building, 6th floor before Judge Ricardo M. Urbina, and at which time the Court will schedule a Final Status Hearing. Case referred to Magistrate Judge Alan Kay for settlement discussions to take place after 6/28/2006, the closing of discovery, the spec! ific date and time to be scheduled by Magistrate Judge Kay's chamnbers.(Court Reporter William D. McAllister.) (jwd, )

The following document(s) are associated with this transaction:

**1:06-cv-1252 Notice will be electronically mailed to:**

John Chadwick Coots    jcoots@shb.com,

Emily J. Laird    elaird@shb.com,

Aaron M. Levine    aaronlevinelaw@aol.com

Brandon J. Levine    levbran@aol.com,

Steven Jay Lewis    slewis@aaronlevinelaw.com

Michelle R. Mangrum    mmangrum@shb.com, jcoots@shb.com

Renee Lynne Robinson-Meyer    aaronlevinelaw@aol.com,

EXHIBIT

1

**1:06–cv–1252 Notice will be delivered by other means to:**

**EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HEATHER ANN MOORE,         }
                               }
      Plaintiff,           }
                               }
    v.                 }     Civil Action No.: 06-1252 (RMU)
                               }
ELI LILLY AND COMPANY,     }
                               }
      Defendant.      }

**PLAINTIFF'S 26(a)(2) STATEMENT**

COMES NOW the Plaintiff, pursuant to this Court's Scheduling Order and Fed. R. Civ. P. 26(a)(2)(B), and hereby submits her 26(a)(2) Statement of the following experts who may be called as witnesses at trial in this cause:

**Harris Busch, M.D., Ph.D.**
**Baylor College of Medicine**
**1 Baylor Plaza, Room 319D**
**Houston, TX 77030**

Dr. Busch is an expert in the field of Pharmacology and has been engaged in the investigation and research of drugs and chemical agents that may be ingested by women. His curriculum vitae and fee for expert testimony have previously been provided. Dr. Busch has reviewed the literature as to the safety and efficacy of diethylstilbestrol ("DES") and will testify, as outlined in his prior depositions, that sufficient facts existed in the medical literature to alert a pharmaceutical manufacturer as to the dangers of the teratological effects of synthetic estrogen ingested by pregnant women. The Defendant is familiar with Dr. Busch's opinions and testimony from previous experience and testimony.

EXHIBIT

2

**Richard J. Falk, M.D.**
**1588 Lancaster Green**
**Annapolis, MD   21401-6465**

Dr. Falk is a board certified Obstetrician and Gynecologist with a sub-specialty in Reproductive Endocrinology. A copy of his curriculum vitae and fee for expert testimony has previously been provided.  Dr. Falk's testimony, as outlined in his previously produced report and recent deposition, will in many ways parallel Dr. Busch's testimony as to state of the art, but will focus on the perspective of the practicing and teaching Obstetrician/Gynecologist at the time. Dr. Falk will testify as to the standard of care of the pharmaceutical industry in the employment of toxicological information gleaned from animal testing and will testify that said standard of care was violated by the Defendant in its initial and then afterward promotion of DES for use in pregnancy. He is also expected to testify that it was foreseeable that DES could injure the exposed offspring's reproductive organs and result in pre-term delivery to subsequent children. In addition, Dr. Falk will testify that said promotion by the Defendant was not merely a failure to exercise ordinary care but their failure to test and warn about lack of efficacy after 1953 was intentional, willful and malicious.

In addition, Dr. Falk is expected to testify that he has reviewed the medical records, reports and hysterosalpingogram ("HSG") films of the plaintiff, and that it is his opinion, based on his education, training, experience and review of the medical literature, that the plaintiff's in utero exposure to DES is causally related to her anatomic and reproductive tract anomalies, including but not limited to, a T-shaped uterus and pinpoint cervical os. Dr. Falk is also expected to testify that plaintiff's DES causally related anatomic anomalies have significantly contributed to her primary infertility. A copy of Dr. Falk's report will be forwarded upon receipt.

**Brian Strom, M.D., M.P.H.**
**University of Pennsylvania Medical Center**
**Department of Epidemiology & Biostatistics**
**824 Blockley Hall, 423 Guardian Drive**
**Philadelphia, PA 19104**

Dr. Strom is an expert in the field of Epidemiology. His curriculum vitae and fee for expert testimony have previously been provided. He is expected to testify that he has reviewed the medical literature and evaluated those studies and their designs which were aimed at the investigation between in utero DES exposure and poor pregnancy outcomes, fetal wastage, infertility and pre-term labor. He is expected to testify that it is his opinion, based on his education, training and experience, that the reproductive tract and anatomic anomalies suffered by the Plaintiff are causally related to her in utero DES exposure and place her at high risk for poor pregnancy outcomes, infertility and pre-term delivery. Defendant is familiar with Dr. Strom's opinions and testimony based on prior experience and testimony.

**Katherine Miller Bass, M.D., M.H.S.**
**Fertility Center of Maryland**
**110 West Road, Suite 102**
**Towson, MD 21204**

Dr. Bass is a board certified Obstetrician/Gynecologist with a sub-specialty in Reproductive Endocrinology and Infertility. Dr. Bass is expected to testify, as outlined in her previously produced report, that she has examined, diagnosed and treated the Plaintiff, and that it is her opinion, based on her education, training, experience and review of the medical literature, that the Plaintiff's in utero exposure to DES is causally related to her anatomic and reproductive tract anomalies, including but not limited to, a T-shaped uterus and cervical changes. In addition, Dr. Bass is expected to testify that the Plaintiff's DES related abnormalities have significantly contributed to and are causally

related to her infertility. A copy of Dr. Bass's curriculum vitae and fee for expert testimony will be forwarded upon receipt.

The aforementioned experts' opinions are made at the time of this Statement, and may be amended and/or supplemented as discovery progresses.

The Plaintiff reserves the right to call:

1.    Any witness identified by the Defendant;

2.    Any witness not identified to present rebuttal testimony; and

3.    Any health care provider who has examined, treated, and diagnosed the Plaintiff.

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC   20036
202-833-8040

Counsel for Plaintiff

-4-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of January, 2007, a true copy of the foregoing Plaintiff's 26(a)(2) Statement was mailed, first-class postage prepaid to:

John F. Kuckelman, Esq.
Shook, Hardy & Bacon, L.L.P.
2555 Grand Boulevard
Kansas City, MO   64108

Emily J. Laird, Esq.
Shook, Hardy & Bacon, L.L.P.
600 14th Street, N.W., Suite 800
Washington, DC   20005

Aaron M. Levine

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

MAY 2 1 2007

HEATHER ANN MOORE,                          )
                                            )
            Plaintiff,                      )   CIVIL ACTION No. 06-1252 (RMU)
                                            )   Next Event: Discovery Closed
      v.                                    )       June 28, 2007
                                            )
ELI LILLY AND COMPANY, et al.               )
                                            )
            Defendants.                     )

## PLAINTIFFS' SUPPLEMENTAL 26(a)(2) STATEMENT

COMES NOW Plaintiff, by and through counsel, and hereby submits, pursuant to her

duties under Fed. R. Civ. P. 26(e) and her prior Fed.R.Civ.P. 26(a)(2) Statement dated January 2,

2007, supplements her 26(a)(2) statement with the statements of the following experts who may

be called as witnesses at trial in this cause:

**John J. Hefferren, Ph.D.**
**303 Campfire Drive**
**Lawrence, KS 66049**

Dr. Hefferren is an expert in the field of manufacturer/pharmaceutical identification. He

is a Ph.D. in Pharmaceutical Chemistry and has been involved in research pharmaceuticals for

the past fifty years. He authored a publication guide on the identification of drugs in the 1950's

and 1960's and is uniquely familiar with the physical characteristics and identification of

pharmaceuticals. He is expected to testify, as outlined in his previously produced report, as to

the identity of Eli Lilly and Company's DES pills.

**James P. DellaVolpe**
**29 Benedict Road**
**Buzzards Bay, MA**

EXHIBIT

3

Mr. DellaVolpe is an expert in the field of wholesale pharmaceutical distribution, stocking, and brand popularity of DES in the 1960's. He is expected to testify, as outlined in his recent deposition, that McKesson and Robins, which was an Eli Lilly and Company wholesaler, would have provided to a pharmacy Lilly's brand of DES for any order for "DES," "diethylstilbestrol," or "stilbestrol." Mr. DellaVolpe's report, curriculum vitae, and fee for expert testimony have previously been provided.

**Harold B. Sparr, R.Ph., M.S.**
**216 Dimmock Road**
**Otis, MA 01253**

Mr. Sparr is an expert in pharmacy practices who conducted a survey of the market share of the various DES brands sold in Massachusetts in the 1960's. He will testify, as outlined in his prior depositions, that the brand involved in this case was the Lilly brand of DES based on his experience, his study, and his research. Mr. Sparr will also testify that, based on his experience, research, and years of interactions with pharmacists from across the United States, that Lilly had the predominant share, if not a nearly exclusive position, of the DES market. A copy of Mr. Sparr's curriculum vitae and fee for expert testimony have previously been provided.

**Philip J. Cafferty, R.Ph.**
**16 Triphammer Road**
**Hingham, MA 02043**

Mr. Cafferty is deceased. Mr. Cafferty was a pharmacist and former pharmaceutical representative of Eli Lilly and Company. Based upon Mr. Cafferty's observations of drugstores and familiarity with the pharmaceutical field, it is his opinion, as outlined in his prior deposition, that Lilly had the predominant share, if not a nearly exclusive position, of the DES market. A copy of Mr. Cafferty's curriculum vitae and fee for expert testimony have previously been provided.

2

**Julius Piver, M.D.**
**6602 Melody Lane**
**Bethesda, MD 20817**

Dr. Piver is a board certified obstetrician and gynecologist and has been engaged in the practice of obstetrics and gynecology since 1956. Dr. Piver's testimony, as outlined in his previously produced report and recent deposition, will focus on the standard of care and the usual and ordinary practice of obstetrics and gynecology in major population centers from the 1950's to date, in particular with regards to the use of diethylstilbestrol. A copy of Dr. Piver's curriculum vitae and fee for expert testimony have previously been provided.

The aforementioned experts' opinions are made at the time of this Supplement, and may be amended and/or supplemented as discovery progresses.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, DC #7864
1320 19th Street, N.W., Suite 500
Washington, DC   20036
(202) 833-8040

Counsel for Plaintiff

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 17, 2007, a true copy of the foregoing Plaintiff's

Supplemental 26(a)(2) Statement was mailed, first class postage prepaid, to:

John F. Kuckelman, Esq.
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64108

Michelle R. Mangrum, Esq.
Shook, Hardy, & Bacon LLP
600 Fourteenth Street, NW, Suite 800
Washington, DC 20005

*Counsel for Defendant Eli Lilly and Co.*

Aaron M. Levine

4

**EXHIBIT 4**

APR 3 0 2007

LAW OFFICES

BRANDON J. LEVINE
JENNIFER A. LEVINE*
RENEE L. ROBINSON-MEYER
STEVEN J. LEWIS
———————
ANDREW E. LEVINE, M.D.
MARICEL L. CRUZ, R.N. BSN
YVONNE SIPMAN, R.N.
MEDICAL SPECIALISTS

**AARON M. LEVINE & ASSOCIATES**

BOARD CERTIFIED TRIAL ADVOCATE
FIFTH FLOOR
1320 NINETEENTH STREET, N.W.
WASHINGTON, D.C. 20036

TEL (202) 833-8040
FAX (202) 833-8046
TOLL FREE (888) 868-5380
aaronlevinelaw@aol.com
www.aaronlevinelaw.com

*ADMITTED IN NEW YORK AND ILLINOIS ONLY

April 25, 2007

James J. Dillon, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

Mark C. Hegarty, Esq.
Shook, Hardy, & Bacon, L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108

James M. Wood, Esq.
Reed Smith LLP
1999 Harrison Street
Oakland, CA  94612

RE:    <u>DES Cases - Amended Expert Disclosures</u>

Dear Counselors:

         You are hereby advised that we are amending our Expert Disclosures in all DES cases filed
by this office to include the following:

         1.        James P. DellaVolpe
                    29 Benedict Road
                    Buzzards Bay, MA  02532

         Mr. DellaVolpe is an expert in the field of wholesale pharmaceutical distribution, stocking
and brand popularity of DES in the 1960's. He is expected testify, as outlined in his recent
deposition, that McKesson and Robins, which was a Eli Lilly and Company wholesaler, would have
provided to a pharmacy the Lilly brand for a prescription for "DES," "diethylstilbestrol," or
"stilbestrol." Mr. DellaVolpe's report, curriculum vitae and fee for expert testimony have previously
been provided.

         2.        Harold B. Sparr, R.Ph., M.S.
                    216 Dimmock Road
                    Otis, MA  01253

         Mr. Sparr is an expert in pharmacy who has conducted a survey of the market share of the
various DES brands sold in Massachusetts in the 1960's. He will testify, as outlined in his prior
depositions, that the brand involved in this case was the Lilly brand of DES based on his experience,
his study and his research. Mr. Sparr will also testify that based on his experience, research and
interactions with pharmacists over the years from throughout the United States, that Lilly had the

<table>
<tr><td>**EXHIBIT**<br><br>4</td></tr>
</table>

LAW OFFICES
AARON M. LEVINE

James J. Dillon, Esq.
Mark C. Hegarty, Esq.
James M. Wood, Esq.
April 25, 2007
Page Two

lion's share, if not all of the DES market. A copy of Mr. Sparr's curriculum vitae and fee for expert testimony have previously been provided.

      3.     Philip J. Cafferty, R.Ph.
            16 Triphammer Road
            Hingham, MA  02043

Mr. Cafferty was a pharmacist and former pharmaceutical representative of Eli Lilly and Company.  Based upon Mr. Cafferty's observations of drugstores and familiarity with the pharmaceutical field, it is his opinion, as outlined in his prior deposition, that Lilly had the lion's share, if not all of the DES market. A copy of Mr. Cafferty's curriculum vitae and fee for expert testimony have previously been provided.

      4.     Julius Piver, M.D.
            6602 Melody Lane
            Bethesda, MD  20817

Dr. Piver is a board certified Obstetrician and Gynecologist and has been engaged in the practice of Obstetrics and Gynecology since 1956. A copy of his curriculum vitae and fee for expert testimony have previously been provided. Dr. Piver's testimony, as outlined in his previously produced report and recent deposition, will focus on the standard of care and the usual and ordinary practice of Obstetrics and Gynecology in major population centers from the 1950's to date, in particular with regards to the use of Diethylstilbestrol.

If you require a more formal supplementation of our expert disclosures, please let me know within ten (10) days of the date of this letter.

Thank you for your cooperation.

Very Sincerely,

Aaron M. Levine

AML/rlm

**EXHIBIT 5**

**Shook,
Hardy &
Bacon** L.L.P.®

www.shb.com

May 3, 2007

**Emily J. Laird**

BY FACSIMILE AND FIRST CLASS MAIL

Aaron Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street, NW, Suite 500
Washington, DC 20036

Hamilton Square
600 14th Street, N.W., Suite 800
Washington
D.C. 20005-2004
202.783.8400
202.662.4877 DD
202.783.4211 Fax
elaird@shb.com

Re:   DES Cases -- Attempt to Amend Expert Disclosures

Dear Aaron:

Lilly received your April 25, 2007 letter attempting to informally amend the expert disclosures in all DES cases to include statements from James DellaVolpe, Harold Sparr, Philip Cafferty, and Julius Piver. Lilly does not agree to your proposed amendment of your expert disclosures through your April 25, 2007 letter.

In the *Awwad*, *Dean*, *Deep*, *Gilbert*, *Moore*, and *Pavlicas* cases, the deadline for expert disclosures has passed. In these cases, Lilly will not agree to your attempt to amend your expert disclosures either through your April 25, 2007 letter or through more formal supplementation.

Additionally, in all cases in which the expert disclosure deadline has not passed, Lilly will not accept your April 25, 2007 letter in lieu of formal expert disclosures required by the rules and scheduling order applicable in each case.

Yours sincerely,

Emily J. Laird
Associate

cc:   James J. Dillon, Esq.
      James M. Wood, Esq.

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.



**EXHIBIT
5**

139287v1

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              3025
CONNECTION TEL           14651#131936#8338046#
CONNECTION ID
ST. TIME              05/04 13:31
USAGE T               00'31
PGS. SENT                2
RESULT                OK
```



## Shook, Hardy & Bacon L.L.P.

www.shb.com

**Emily J. Laird**

Hamilton Square
600 14th Street, N.W., Suite 800
Washington
D.C. 20005-2004
202.783.8400
202.662.4877 DD
202.783.4211 Fax
elaird@shb.com

| TO | PHONE | FAX |
|---|---|---|
| AARON M. LEVINE, AARON LEVINE & ASSOCIATES | (202) 833-8040 | (202) 833-8046 |

| FROM | IT # | MATTER # |
|---|---|---|
| EMILY J. LAIRD | 14651 | LILY.00015 |
| | | 131936 |

**DATE**
MAY 4, 2007

2 Pages Transmitted
Original Document Will Follow Via First Class Mail
If you experience any problems, please call 202.783.8400 extension 46043.

COMMENTS:

fax

**EXHIBIT 6**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOY KASPARIAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-290 (RMC) |
| | ) | |
| ELI LILLY AND COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This is a products liability personal injury case arising from Plaintiff Joy Kasparian's alleged in utero exposure to diethylstilbestrol ("DES"). Defendant Eli Lilly and Company ("Lilly") moves to strike the statement of Julius S. Piver, M.D. relied on by Plaintiffs[1] in their opposition to Lilly's motion for summary judgment. As explained below, Dr. Piver's statement will be stricken because (1) Plaintiffs did not timely disclose him as an expert in this case and (2) his statement regarding the national standard of care is not relevant to the prescribing practices of the doctor in this case.

## I. BACKGROUND FACTS

Plaintiffs allege that Ms. Kasparian was exposed in utero to DES in 1969 and 1970 when Dr. Herbert W. Horne, Jr., prescribed DES to Ms. Kasparian's pregnant mother. Plaintiffs contend that Dr. Horne relied on Lilly's product warnings when he prescribed DES to Ms. Kasparian's mother. Lilly contends that Dr. Horne did not rely on Lilly's product literature since Dr. Horne prescribed DES to Ms. Kasparian's mother at a time when Lilly's DES product literature did

---

[1] Ms. Kasparian is joined in this suit by her husband, Richard Federico. Mr. Federico asserts a claim for loss of consortium.



not indicate that DES should be used to prevent accidents of pregnancy. Def.'s Mot. Summ. J. Ex. 9, Physician's Desk Reference.

In response to Lilly's motion for summary judgment and in support of Plaintiffs' contention that Dr. Horne relied on Lilly's product literature, Plaintiffs rely on a statement by Dr. Piver that purports to establish a national standard of care for prescribing DES. Pls.' Opp. Ex. 6. Pls.' Opp. to Def.'s Mot. for Summ. J. App. 6, Aff. of Dr. Piver ("Piver Aff."). Dr. Piver states that in 1951, Lilly recommended the use of DES in pregnancy "as the most effective agent to prevent the accidents of pregnancy." *Id.* ¶ 11. Further, "[t]he national standard of care in 1970 was to prescribe[] DES in accordance with the Lilly labeling which contained neither warning of any injury to the fetus, nor any contraindication in pregnancy." *Id.* ¶ 9. In 1971, DES was banned for use in pregnant women. *Id.* ¶ 7.

Lilly moves to strike the statement of Dr. Piver, and Plaintiffs object. As explained below, the motion to strike will be granted

## II. ANALYSIS

### A. Failure to Timely Designate Expert

This Court issued a Scheduling Order on May 26, 2006, which required Plaintiffs to designate their experts no later than September 25, 2006, pursuant to Federal Rule of Civil Procedure 26(a)(2) (requiring parties to disclose their experts as directed by the court). *See* Scheduling Order [Dkt. # 11]. Discovery closed on December 26, 2006. *Id.* Plaintiffs did not designate or disclose Dr. Piver until February 5, 2007, when they filed their opposition to Lilly's motion for summary judgment.

The failure to disclose an expert in a timely manner can result in the exclusion of the witness and his testimony. A party that "without substantial justification fails to disclose information required by . . . Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion, any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1); LCvR 26.2(a). A plaintiff's late disclosure of expert testimony can necessitate its exclusion because the late disclosure deprives the defendant of the opportunity to depose the expert, to challenge the expert's credentials and testimony, and to solicit the defendant's own experts. *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757-59 (7th Cir. 2004) (excluding expert testimony first disclosed at summary judgment); *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001) (same).

Here, Plaintiffs failed to disclose Dr. Piver until February 2007, after the September 2006 deadline for identifying Plaintiffs' experts and after the December 2006 closure of discovery. Plaintiffs did not provide a justification, let alone a substantial justification, for such failure. Plaintiffs argue that the late disclosure was not prejudicial because Lilly was aware of Dr. Piver through other lawsuits filed by other plaintiffs against Lilly. Plaintiffs cite no support for the proposition that Lilly should anticipate the identification of an expert from prior litigation, and there is no reason that Lilly should have known that Plaintiffs would rely on Dr. Piver's testimony in this litigation. Because the late disclosure deprived Lilly of the opportunity to depose Dr. Piver, to challenge his credentials and testimony, and to retain its own expert to counter Dr. Piver's testimony, the belated identification of Dr. Piver as an expert in this case was prejudicial to Lilly. Accordingly, Dr. Piver and his testimony must be excluded.

3

B. Relevance

Even if Plaintiffs had timely disclosed Dr. Piver, Dr. Piver's statement should be excluded because it is not relevant to the question of what, if any, product literature Dr. Horne relied on in 1969 and 1970. In prescription drug failure-to-warn cases under Massachusetts law, a plaintiff must produce affirmative evidence to establish the specific standard of care and prescription practices of the actual prescribing physician in order to show the reliance component of causation. *See e.g., Garside v. Osco Drug, Inc.*, 976 F.2d 77, 79-80 (1st Cir. 1992) (examining doctor's affidavit describing his standard of care in prescribing the drug to the injured party); *Linnen v. A.H. Robbins Co., Inc.*, No. 97-2307, 1999 Mass. Super. LEXIS 552, at *11-12 (Mass. Super. Ct. 1999) (focusing on prescribing doctor's investigation into the safety of the drug before prescribing it to the plaintiff).

Here, Dr. Piver's statement relates to the general national standard of care for prescribing DES. His statement does not include any information regarding Dr. Horne's standard of care. Dr. Piver's statement thus is not relevant to the issue of reliance in this case. Moreover, to the extent that Dr. Piver's statement implies that Dr. Horne would necessarily have followed the national standard of care, this implication is based on impermissible speculation. Affidavits submitted in support of summary judgment must be based on personal knowledge. Fed. R. Civ. P. 56(e).

**III. CONCLUSION**

Accordingly, Lilly's Motion to Strike [Dkt. # 21] is **GRANTED**; and it is

**FURTHER ORDERED** that Dr. Piver is **STRICKEN** as an expert witness in this case; and it is

4

**FURTHER ORDERED** that Dr. Piver's statement [Dkt. # 15 App. 6] is

**STRICKEN** from the record.

**SO ORDERED.**


Date:  April 17, 2007

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

5

**EXHIBIT 7**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

NANCY BOHLIN,                        ]
                                     ]
        Plaintiff,                   ]
                                     ]    Civil Action No. 1:03-CV-11577 (MEL)
    v.                               ]
                                     ]
ELI LILLY AND COMPANY,               ]
                                     ]
        Defendant.                   ]

## PLAINTIFF'S SUPPLEMENTAL 26(a)(2) STATEMENT

COMES NOW the Plaintiff, by and through counsel, and hereby supplements her original

26(a)(2) Statement filed on August 12, 2004 to include the following:

**Harold B. Sparr, R.Ph., M.S.**
**216 Dimmock Road**
**Otis, MA 01253**

Mr. Sparr is an expert in pharmacy who has conducted a survey of the market share of the

various brands of DES sold in Massachusetts in the 1960s. He will testify that the brand of DES

involved in this case was the Lilly brand based on his experience, his study and research. A copy

of Mr. Sparr's statement has previously been provided. A copy of Mr. Sparr's curriculum vitae and

fee for expert testimony will be forwarded upon receipt.

**Leslie Blachman, M.D.**
**Crown Colony Pediatrics**
**500 Congress Street, Suite 1F**
**Quincy, MA 02169**

Dr. Blachman is a board certified Pediatrician whose medical records have previously been

produced. Dr. Blachman is expected to testify that she has examined, diagnosed and treated minor

plaintiff, Samantha Bohlin, and that it is her opinion, based on her education, training, experience

and review of the medical literature, that Samantha's pre-term birth at 24 weeks gestation is causally

**EXHIBIT**

7

related to her prolonged Neonatal Intensive Care Unit admission and stay with concomitant medical and surgical expenses. In addition, Dr. Blachman is expected to testify that Samantha has suffered from numerous injuries and sequellae of prematurity, including but not limited to, respiratory distress syndrome, chronic lung disease, retinopathy of prematurity, bicuspid aortic valve, renal abnormalities, motor and developmental delays with concomitant medical, surgical, therapeutic monitoring, and treatment expenses for the aforementioned. Finally, Dr. Blachman is expected to testify as to Samantha's present condition, future prognosis, and the medical and/or surgical treatment required for same. A copy of Dr. Blachman's report, curriculum vitae, and fee for expert testimony will be forwarded upon receipt.

**Mervin H. Zimmerman, M.D.**
**6001 Neilwood Drive**
**Rockville, MD 20852**

Dr. Zimmerman is a Board Certified Ophthalmologist. His curriculum vitae and fee for expert testimony will be forwarded upon receipt. Dr. Zimmerman is expected to testify, as outlined in his previously produced report, that he has reviewed Plaintiff Samantha Bohlin's medical records, and that it is his opinion, based on his education, training, experience, and review of the medical literature, that Samantha Bohlin's retinal and vision problems, including but not limited to, retinopathy of prematurity and resultant permanent sequella, including complete retinal detachment in her left eye, are directly related to her pre-term delivery. In addition, Dr. Zimmerman is expected to testify regarding Samantha Bohlin's past, present, and future medical and surgical ophthalmological treatment and prognosis.

The Plaintiff reserves the right to call:

a.      Any expert identified by the defendant;

2

b.      Any expert not identified to present rebuttal testimony; and

c.      Any other physicians, nurses, and/or health care providers who have treated, examined, or evaluated Plaintiff Nancy Bohlin and/or Samantha Bohlin.

Respectfully submitted,

Kenneth M. Levine, BBO #296850
KENNETH M. LEVINE & ASSOCIATES
370 Washington Street
Brookline, MA 02446
(617) 566-2700

AND

Aaron M. Levine, #7864
AARON M. LEVINE & ASSOCIATES
1320 19th Street, N.W.
Suite 500
Washington, DC  20036
(202) 833-8040

Counsel for Plaintiff

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of September 2004, a true copy of the foregoing

Plaintiff's Supplemental 26(a)(2) Statement was mailed, first-class postage prepaid to:

James J. Dillon, Esq.
Foley Hoag, LLP
155 Seaport Blvd.
Boston, Massachusetts 02210

Kenneth M. Levine

4

**EXHIBIT 8**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BRIDEY BLISS MAXWELL,                    }
                                         }
        Plaintiff,                       }
                                         }
        v.                               }    Civil Action No.: 05-cv-12447-RCL
                                         }
ELI LILLY AND COMPANY,                   }
                                         }
        Defendant.                       }

## PLAINTIFF'S 26(a)(2) STATEMENT

COMES NOW the Plaintiff, by and through counsel, and hereby submits, pursuant to

Fed.R.Civ.P. 26(a)(2), the statements of the following experts who may be called as witnesses at trial

in this cause:

**Harris Busch, M.D., Ph.D.**
**Baylor College of Medicine**
**1 Baylor Plaza, Room 319D**
**Houston, Texas  77030**

Dr. Busch is an expert in the field of Pharmacology and has been engaged in the investigation

and research of drugs and chemical agents that may be ingested by women.  His curriculum vitae and

fee for expert testimony have previously been provided.  Dr. Busch has reviewed the literature as to

the safety and efficacy of diethylstilbestrol ("DES") and will testify that sufficient facts existed in

the medical literature to alert a pharmaceutical manufacturer as to the dangers of the teratological

effects of synthetic estrogen ingestion by pregnant women. Defendant is familiar with Dr. Busch's

opinions and testimony from previous experience and testimony.

**Richard J. Falk, M.D.**
**1588 Lancaster Green**
**Annapolis, MD  21401-6465**



EXHIBIT
8

Dr. Falk is a board certified Obstetrician and Gynecologist with a sub-specialty in Reproductive Endocrinology. A copy of his curriculum vitae has previously been provided. Dr. Falk's testimony, as outlined in his previously produced report and recent deposition, will in many ways parallel Dr. Busch's testimony as to state of the art, but will focus on the perspective of the practicing and teaching Obstetrician/Gynecologist at the time. Dr. Falk will testify as to the standard of care of the pharmaceutical industry in the employment of toxicological information gleaned from animal testing and will testify that said standard of care was violated by the Defendant in its initial and then afterward promotion of DES for use in pregnancy. He is also expected to testify that it was foreseeable that DES could injure the exposed offspring's reproductive organs and result in pre-term delivery to subsequent children. In addition, Dr. Falk will testify that said promotion by the Defendant was not merely a failure to exercise ordinary care but their failure to test and warn about lack of efficacy after 1953 was intentional, willful and malicious. Dr. Falk's fee for expert testimony will be provided.

**David K. Walmer, M.D., Ph.D.**
**Chief, Division of Reproductive Endocrinology & Fertility**
**Department of Obstetrics and Gynecology**
**Duke University Medical Center**
**DUMC 3143**
**Durham, NC 27710**

Dr. David Walmer is Board certified in both Obstetrics-Gynecology and Reproductive Endocrinology. His curriculum vitae and fee for expert testimony will be provided upon receipt. He is expected to testify as outlined in his previously produced report, that he has examined, diagnosed and treated Bridey Maxwell and that it is his opinion, based on his training, education, experience and review of the pertinent medical literature, that the Plaintiff's *in utero* DES exposure caused

2

numerous adverse anatomical and reproductive effects, including but not limited to a T-shaped uterine cavity and cervical abnormalities. He is also expected to testify that these DES-related anatomical abnormalities were a significant cause of her multiple pregnancy losses and infertility.

**Gilbert L. Mottla, M.D.**
**Shady Grove Fertility**
**2002 Medical Parkway, Suite 300**
**Annapolis, MD 21401**

Dr. Mottla is a board certified Obstetrician/Gynecologist, with a sub-specialty in infertility and reproductive technologies. His curriculum vitae and fee for expert testimony have previously been provided. He is expected to testify that the Plaintiff's in utero DES exposure caused numerous adverse anatomical and reproductive effects, including but not limited to a T-shaped uterus. He is also expected to testify that these DES-related anatomical abnormalities were a significant cause of her multiple pregnancy losses and infertility and put her at increased risk for additional miscarriages, ectopic pregnancy and/or pre-term delivery.

**Brian Strom, M.D., MPH**
**University of Pennsylvania Medical Center**
**Department of Epidemiology & Biostatistics**
**824 Blockley Hall, 423 Guardian Drive**
**Philadelphia, Pennsylvania   19104**

Dr. Strom is an expert in the field of Epidemiology. He has reviewed the medical literature and evaluated those studies and their designs which were aimed at the investigation between *in utero* DES exposure and poor pregnancy outcomes, fetal wastage, infertility, and pre-term labor. He is expected to testify that it is his opinion, based on his education, training and experience, that the reproductive tract and anatomic anomalies suffered by the Plaintiff, Bridey Maxwell, are causally related to her *in utero* exposure to DES and place her at high risk for poor pregnancy outcomes,

3

infertility, and pre-term delivery. A copy of Dr. Strom's curriculum vitae and fees for expert testimony have previously been provided. In addition, Defendant is familiar with Dr. Strom's opinions and testimony from previous experience and testimony.

**James P. Della Volpe**
**29 Benedict Road**
**Buzzards Bay, MA 02532**

Mr. Della Volpe is an expert in the field of wholesale pharmaceutical distribution, stocking and brand popularity of DES in 1969-70. He is expected to testify that if Kinne's Pharmacy in Needham, Massachusetts, ordered from McKesson and Robins, which was an Eli Lilly and Company wholesaler, the only DES that McKesson and Robins would have provided to the pharmacy for a prescription of DES similar to the prescription in this case was the Lilly brand. Mr. Della Volpe's report has previously been provided. A copy of his curriculum vitae and fee for expert testimony will be forwarded upon receipt.

**Harold B. Sparr, R.Ph., M.S.**
**216 Dimmock Road**
**Otis, MA 01253**

Mr. Sparr is an expert in retail pharmaeconomics, pharmacy history, practice and procedure, including brand identification, who will testify, as outlined in his recent deposition, that based on his experience, study and research, that Eli Lilly and Company had 95% of the diethylstilbestrol market at the relevant time of exposure in this case. A copy of Mr. Sparr's statement, curriculum vitae and fee for expert testimony have previously been provided.

The aforementioned experts' opinions are made at the time of these Statements, and may be amended and/or supplemented as discovery progresses.

The Plaintiff reserves the right to call:

4

a.  Any expert identified by the defendant;

b.  Any expert not identified to present rebuttal testimony; and

c.  Any other physicians, nurses, and/or health care providers who have treated, examined, or evaluated Plaintiff Bridey Maxwell.


Respectfully submitted,


AARON M. LEVINE & ASSOCIATES


_Aaron M. Levine/sL_
Aaron M. Levine, Esq.
1320 19th Street, N.W.
Suite 500
Washington, DC   20036
(202) 833-8040

Counsel for Plaintiff

5

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on the 18th day of April 2006, a true copy of the foregoing

Plaintiff's 26(a)(2) Statement was mailed, first-class postage prepaid to:

James Dillon, Esq.
Foley Hoag, LLP
155 Seaport Boulevard
Boston, MA 02210

*Aaron M. Levine/sl*
Aaron M. Levine

**EXHIBIT 9**

```
00001
   1                        Volume:  1

   2                        Pages:  1 - 110

   3                        Exhibits:  1-2

   4          IN THE UNITED STATES DISTRICT COURT

   5           FOR THE DISTRICT OF MASSACHUSETTS

   6   C.A. No. 02-CV-11078-RGS

   7   --------------------------------x

   8   ELLEN J. DEAN,

   9           Plaintiff

  10

  11   v.

  12

  13   ELI LILLY AND COMPANY,

  14           Defendant

  15   --------------------------------x

  16

  17          DEPOSITION OF PHILIP J. CAFFERTY

  18         Friday, August 22, 2003, 11:04 a.m.

  19                   Foley Hoag LLP

  20      155 Seaport Boulevard, Boston, Massachusetts

  21

  22

  23

  24        Reporter:  Caroline T. Renault, CSR/RPR
```

```
   EXHIBIT
      9
```

```
00002
   1   PRESENT:

   2

   3   Aaron M. Levine & Associates

   4       Aaron M. Levine, Esq. (Via telephone)

   5       1320 19th Street N.W.

   6       Washington, D.C.  20036

   7       202-833-8040

   8       for the Plaintiff.

   9

  10   Foley Hoag LLP

  11       James J. Dillon, Esq.

  12       155 Seaport Boulevard

  13       Boston, Massachusetts  02210

  14       617-832-1000

  15       for the Defendant.

  16

  17

  18

  19

  20

  21

  22

  23

  24
```

**EXHIBIT 10**

## AFFIDAVIT OF JULIUS S. PIVER, M.D.

1.       I am a board certified Obstetrician and Gynecologist and have been engaged in the practice of Obstetrics and Gynecology since 1956. I am a member of the American College of OB/GYN and the American College of Gynecological Laparoscopists. A true and correct copy of my Curriculum Vitae is attached as Exhibit 1.

2.       I am familiar with the standard of care and the usual and ordinary practice of Obstetrics and Gynecology in the United States in major population centers from the 1960s to date. I gained this familiarity from my schooling at George Washington University where I graduated in 1952 and during my residency in OB/GYN at Columbia Hospital for Women. 1953-1956. I have been qualified as an expert of the standard of care in OB/GYN in the courts of 28 different states on many occasions. where I testified both for plaintiffs and defendants.

3.       In addition to my education and training, I am familiar with the literature and labeling of DES as well as other pharmaceuticals used in obstetrics and gynecology over the last 50 years. I gained this familiarity from exchanging information regarding the care and treatment of OB/GYN patients with other physicians at conferences, meetings. seminars, and symposiums attended by OB/GYNs from all over America. In the early 1970's, there was a national standard of care regarding the use of synthetic estrogens during pregnancy where indicated.

4.       Quite often out-of-town OB/GYNs would come to Washington from all over America for symposiums. lectures and meetings where we would confer and exchange views regarding the practice of OB/GYN including diagnoses and treatment of fertility issues and pregnancy.

5.       In 1956 I began prescribing DES to my patients for prevention of the accidents of pregnancy. In fact. I prescribed DES to my wife when she was pregnant with our daughter. The term DES means Diethylstilbestrol and not any other synthetic estrogen.

EXHIBIT

10

6.    From the time I began prescribing DES to my patients I was familiar with the educational and promotional labeling of publications promulgated by Eli Lilly concerning DES. This included the manufacturer's brochure, the Physicians Desk Reference (PDR).

7.    Attached as Exhibit 2 are selected pages from the 1969 PDR, which lists Lilly as the only Diethylstilbestrol manufacturer entry on page 224 and 819. The specific entry contains no warning as to any teratogenic effect. For nearly two decades from the 1950's to the late 1960's, diethylstilbestrol was recommended for treating accidents of pregnancy in 25mg to 100mg daily. The information contained in this 1964 PDR entry attached as Exhibit 2 was the commonly accepted and guiding informational labeling regarding DES until the date it was banned for pregnant women in 1971.

8.    I have reviewed the attached as Exhibit 3, which are true and correct selected pages from the Eli Lilly DES manufacturer's brochure that recommends the regimen and dosage of DES for use in accidents of pregnancy. The information contained therein was widespread and accepted by the OB/GYNs in major population centers in the U.S. This include the manufacturers' brochures and the Physicians Desk Reference. Lilly had recommended the use of DES in pregnancy for twenty years as safe and effective.

9.    The national standard of care in 1970 was to prescribed DES in accordance with the Lilly labeling which contained neither warning of any injury to the fetus, nor any contraindication in pregnancy.

10.    The most widely employed means and methods for gleaning current information as to the risks of pharmaceuticals available to an OB/GYN in the field was the PDR. The PDR was the primary source in conjunction with the pharmaceutical manufacturers' detail representatives and "Dear Doctor" letters. These were the primary sources for current information or updates as to the warnings, contraindications and risks of their pharmaceuticals. Had Lilly contraindicated or warned in their labeling, literature, or a "Dear Doctor" letter of any serious or permanent risks to the daughter *in utero*, it would have been a departure from the standard of care for all OB/GYN doctors to ignore such warnings.

11.    I have reviewed and attach as Exhibit 4 selected pages from a publication entitled De Re Medica, which was promulgated by Eli Lilly and distributed to the physicians of America in 1951. This

2

publication recommends the use of DES in pregnancy as __the most effective__ agent to prevent the accidents of pregnancy.

12.    In the 1970's, Eli Lilly was known as the primary manufacturer and distributor of DES and was considered by the OB/GYN community to be the most reliable source of information regarding DES.

13.    It was the customary ordinary and usual practice of OB/GYNs in major population centers in the U.S. in the 1970's to read, rely upon, and heed the Lilly literature. "Dear Doctor" letters. company detail men and PDR entries regarding the specific risks of *in utero* DES exposure.

14.    Attached as Exhibit 5 is a warning that should have been issued regarding DES based on the state of the art as it then existed.  Had Eli Lilly issued a similar warning of serious injury to the exposed daughter, it would have been a departure from the standard of care for an obstetrician to prescribe DES to a pregnant woman.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on 1ˢᵗ day of February, 2006, at Bethesda, Maryland.

Julius S. Piver, MD

3

**EXHIBIT 11**

Statement of John J. Hefferen

I am a Professor of Pharmaceutical Chemistry (Ph.D.) and for the last fifty years have been involved in research pharmaceuticals.

I was presented as an expert, in the physical characteristics and identification of pharmaceuticals by the Eli Lilly Company. I was the author of the seminal publication guide on the identification of drugs in the 1950s and 1960s. See Hefferen, Identification Guide for Solid Dosage Forms, JAMA, vol. 162, No. 12, which is attached to Defendant Eli Lilly's Motion for Summary Judgment, filed on October 27, 2006, as Exhibit 5.

My curriculum vitae is attached as Appendix A.

I.    BACKGROUND OF GUIDE

The JAMA Guide and the research leading up to it became a reference for poison control centers, police and fire departments, pharmacies and airlines as aide in the investigation emergency situations where people became ill or attempted suicide and the question arose: "What was the medication found near them at discovery to assist physicians in emergency treatment of those overdoses, i.e., poison control and pharmaceutical?"

The research performed in order to write the guide included the collection of thousands of tablets and capsules during my tenure at the American Medical Association in creating a comprehensive chart developing a flow system of categories which lead to the identification of the particular substance in order to take proper immediate action.

My initial research includes all of the major sources of information describing drugs, including the Physician's Desk Reference, Goodman & Gillman, United States Pharmacopeia, Red Book and Blue Book. Because of my guide, the Physician's Desk Reference and other

publications began to include pictures and drawings of products that were distinctive and easier for people to differentiate.

As a staff member of the American Medical Association Council on Pharmacy and Chemistry, I was familiar with the physical characteristics of the solid dosage drugs in common use in the 1950s and 1960s in the United States, as to their pharmaceutical type, i.e., tablet, soft and hard gelatin capsules, physical size, outside and inside colors, uniformity and shading of color, markings and imprintings. In my evaluation and classification of over 5,000 various drugs, diethylstilbestrol was included, although I had no particular interest at that time in that drug.

## II.    CURRENT INVESTIGATION

In the winter of 2006, I conducted an investigation into the question of whether a 25mg diethylstilbestrol tablet as identified by Alberta Jean Mikel-Steffen (see Appendix B), in the attached photo, I examined actual Lilly 25 mg tablets and concluded that the subject tablet was made by Eli Lilly. Approaching this investigation from multiple directions, each direction resulted with Lilly's. My report of investigation is attached as Appendix C & D.

The quarter score with the deep bevel on the inside quarter scoring and the perimeter beveling is a very distinct tablet that would be difficult to formulate and mannufacture. My identification guide confirmed this conclusion that the tablet pictured in the photograph was manufactured by Lilly to a very high level of confidence.

2

I state under penalty of perjury that the above statement is true and correct and based on my own personal knowledge.  Executed this 10th day of November, 2006.

_____
John J. Hefferren

Witnessed by: _____

3030 Campfire Drive
Lawrence, KS  66049

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

```
* * * * * * * * * * * * * * * * * * * * * * * * *
CONNIE PAVLICAS,                      *
                                      *
                                      *
           Plaintiff,                 *
                                      *   CIVIL ACTION NO. 2006 CA 006749 B
     vs.                              *
                                      *   Judge Mary A. Terrell
ELI LILLY AND COMPANY, et al.,        *
Lilly Corporate Center                *   Next Event: Discovery Closes – 6/13/07
Indianapolis, IN 46285                *
                                      *
           Defendants.                *
                                      *
* * * * * * * * * * ** * * * * * * * * * * * * *
```

## MEMORANDUM OF POINTS AND AUTHORITIES

Eli Lilly and Company ("Lilly") respectfully files its Motion for Depositions Pursuant to

Rule 28-I and in support thereof refers the Court to its Motion and to Rule 28-I. Lilly also states

in support that no parties have opposed its motion and that the depositions requested will occur

in accodance with all relevant rules of civil procedure.



Respectfully submitted,


_____ /s/ Judith L. O'Grady _____
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

140159v1

LILY.131454  DC PH 03 03

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

140159v1

06/25/2007 13:07 FAX                                                                    ☒001

```
                              ***********************
                         ***    TX REPORT    ***
                              ***********************

           TRANSMISSION OK

           TX/RX NO              3146
           CONNECTION TEL        17453#131454#2028791642
           CONNECTION ID
           ST. TIME             06/25 13:06
           USAGE T              00'43
           PGS. SENT            3
           RESULT               OK
```

**Shook,**
**Hardy &**
**Bacon** L.L.P.
www.shb.com

**TO**                              **PHONE**        **FAX**
MS. WINDLEY                                          202-879-1642
CHAMBERS OF THE HONORABLE
MARY A. TERRELL

**FROM**                            **IT #**         **MATTER #**
ERICKA KLEIMAN                      17543           LILY.131454
                                    *17453*

                                    **DATE**
Pages Transmitted: 3                JUNE 26, 2007
(including this coversheet)

Original Document:  __X__ Will **NOT** Follow
                    _____ **Will** Follow By: _____

 If you experience any problems, please call Robert Starner, 202.783.8400 ext. 46054.

COMMENTS:

Hamilton Square
600 14th Street, N.W., Suite
800
Washington
D.C. 20005-2004
202.783.8400

202.783.4211 Fax
@shb.com



fax

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| CONNIE FRANCO PAVLICAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ELI LILLY AND COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

Case No. 2006 CA 006749 B
Judge Mary A. Terrell
Next Event:    Discovery Closed
July 13, 2007

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANT ELI LILLY AND
COMPANY'S MOTION TO STRIKE UNTIMELY EXPERT DESIGNATIONS
OR IN THE ALTERNATIVE TO EXTEND DISCOVERY**

COMES NOW Plaintiff Connie Franco Pavlicas, by and through counsel, and opposes
Defendant Eli Lilly and Company's Motion to Strike Untimely Expert Designations or in the
Alternative to Extend Discovery with regards to the striking of Plaintiff's experts and as grounds
therefore states:

1.    Plaintiff consents to an extension of discovery to the extent the court deems
necessary.  Plaintiff only opposes Defendant's Motion insofar as it moves to strike Plaintiff's
experts.

2.    There is no surprise to Defendant Eli Lilly and Company ("Defendant" or "Lilly")
with these experts, and as the correspondence produced by Defendant shows, Plaintiff's counsel
gave Defendant more than sufficient prior notice to avoid prejudice.

3.    Any delay in Plaintiff's designation of experts was harmless as the experts listed
in Plaintiff's Supplemental 26(b)(4) statement are well known to Defendant, as are the experts'
opinions, from prior depositions in Defendant's possession.  DES litigation is a continuing mass
tort litigation where many expert opinions are static from case to case.  Some of Lilly's experts

are dead and Lilly offers those experts' depositions in cases where Plaintiff's counsel was not in attendance. Here, Lilly's counsel took the depositions of the complained-of experts.

4.    Defendant can show no actual prejudice from the naming of these experts.

WHEREFORE, for the aforementioned grounds, the grounds set forth in the attached Memorandum of Points and Authorities, and at oral argument, Plaintiff respectfully requests that Defendant's motion to strike Plaintiff's experts be denied, and that discovery be extended to the extent the court deems necessary.

**ORAL HEARING REQUESTED**

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES


_____/s/ Aaron M. Levine_____
AARON M. LEVINE, #7864
1320 19TH Street, NW, Suite 500
Washington, DC 20036
202-833-8040
Counsel for Plaintiff

2

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 10, 2007, I filed the following documents with the Clerk of

the Court through the Court's e-filing service, CaseFileXpress:

- PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANT ELI LILLY AND COMPANY'S MOTION TO STRIKE UNTIMELY EXPERT DESIGNATIONS OR IN THE ALTERNATIVE TO EXTEND DISCOVERY

- PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER PARTIAL OPPOSITION TO DEFENDANT ELI LILLY AND COMPANY'S MOTION TO STRIKE UNTIMELY EXPERT DESIGNATIONS OR IN THE ALTERNATIVE TO EXTEND DISCOVERY

- AFFIDAVIT OF AARON M. LEVINE, ESQ. AUTHENTICATING DOCUMENTS

- PROPOSED ORDER

and further certify that such e-filing service will send an "e-notice" of electronic filing to the e-

filing participants in this matter.


_____/s/ Aaron M. Levine_____
Aaron M. Levine
COUNSEL FOR PLAINTIFF

3

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ )
CONNIE FRANCO PAVLICAS,            )
                                  )
          Plaintiff,              )
                                  )        Case No. 2006 CA 006749 B
      v.                          )        Judge Mary A. Terrell
                                  )        Next Event:    Discovery Closed
ELI LILLY AND COMPANY, et al.,    )             July 13, 2007
                                  )
          Defendants.             )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ )

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF HER PARTIAL OPPOSITION TO DEFENDANT ELI LILLY AND
COMPANY'S MOTION TO STRIKE UNTIMELY EXPERT DESIGNATIONS
OR IN THE ALTERNATIVE TO EXTEND DISCOVERY**

I.    INTRODUCTION

     Lawsuits stemming from women's *in utero* exposure to diethylstilbestrol ("DES") have

been going on for over thirty years. These cases are mass tort litigation, where many particulars

of the case are common to each plaintiff. In cases involving injury from DES, both Plaintiff and

Defendant Eli Lilly and Company ("Defendant" or "Lilly") depend upon a cast of expert

witnesses whose testimony regards the nature of DES itself or the conduct of DES

manufacturers, including Defendant. The testimony of these witnesses does not change from

case to case as the facts the experts will testify to remain the same. Unlike medical doctors or

accident reconstruction experts, these witnesses do not form an opinion based on the particular

facts of the case; they are experts in the particular behavior and knowledge of a time. With this

kind of expert, there is no need to depose the expert in every case because the expert's testimony

will not change.

For example, in the present case, Defendant announced its intention to rely on the deposition testimony of three dead individuals. See Defendant's Expert Witness Disclosures, pgs. 11, 13, 14, Appendix 1. Like Plaintiff's challenged witnesses, these dead individuals testified to the standard of care and knowledge of the period when Plaintiff was born. While Plaintiff will challenge the content of their testimony, Plaintiff agrees with Defendant that certain contested issues remain the same in every DES case, and for these issues the testimony of the expert witnesses will be exactly the same regardless of the plaintiff.

The witnesses identified in Defendant's motion are the kind of experts identified above. Dr. John J. Hefferren will testify regarding the manufacturing of DES pills and why certain pill shapes are unique. James P. DellaVolpe, Harold B. Sparr, and Philip J. Cafferty will testify to pharmacy sales practices in general during the period when DES was sold. None of these experts have knowledge particular to Plaintiff; they will testify to facts general to the use of DES.

Defendant has admitted to knowing of these witnesses and their testimony from prior cases, and to having been aware of their potential for inclusion in this case long before the close of discovery. Defendant has not been harmed by Plaintiff's supplement. In the absence of harm, Defendant intimates that the timing of Plaintiff's disclosure merits exclusion of her supplemented experts; however, the District of Columbia presumes in favor of inclusion of witnesses, and timing alone has never merited exclusion.

II.     THERE IS NO AUTOMATIC BAR OF EVIDENCE UNDER THE DISTRICT OF COLUMBIA RULES OF CIVIL PROCEDURE, EVEN SHOULD THAT EVIDENCE BE LATE-DISCLOSED

District of Columbia Super. Ct. R. Civ. P. 16 "does not contemplate or require that rigid adherence to the pretrial order must always be exacted." Clarke v. District of Columbia, 311 A.2d 508, (D.C. 1973). In fact, D.C. Super. Ct. R. Civ. P. 16 is designed to promote litigation on

2

the merits, and should not, in the absence of surprise, be used to thwart that objective. See Taylor v. Washington Hosp. Ctr., 407 A.2d 585, 592 (D.C. 1979). Even in situations where a plaintiff has ignored repeated orders of the court, exclusion cannot be had without an analysis of the facts of that particular case. See Tisdale v. Howard University, Inc., 697 A.2d 53, 54 (D.C. 1997); cf. Nolan v. Nolan, 568 A.2d 479, 488 (D.C. 1990) (holding that the court must examine the content of the evidence and then apply an analysis of all the factors). While Defendant makes the "form over substance" argument that the timing and method of Plaintiff's further disclosures of experts bars their inclusion, the District of Columbia takes a view in favor of including testimony.

It was not error for Plaintiff to provide these further experts in a supplement to the 26(b)(4) statement. The duty to supplement disclosures includes the addition of expert witnesses and expert witness theories, which the District of Columbia Court of Appeals has allowed "within the time provided for discovery," even if on the last day of discovery. See Ferrell v. Rosenbaum, 691 A.2d 641, 645, 647 (D.C. 1997) (allowing a supplemental 24(b)(4) statement submitted on the last day of discovery to add expert opinions). The court may consider additional testimony contained in supplemental 24(b)(4) statements even if no motion to add them is filed with the court. See id. at 647 n. 12 (holding no leave of court necessary under the affirmative duty to supplement).

Defendant is also incorrect that Plaintiff must make a good cause showing. A lack of "good cause," alone, has not supported exclusion when there is no prejudice to the opposing party. See Robinson v. Samuel C. Boyd & Son, Inc., 822 A.2d 1093, 1101 (D.C. 2003). Furthermore, even willful failure to comply with discovery rules – which Plaintiff did not engage in – is not in and of itself sufficient to support exclusion. See Abell v. Wang, 697 A.2d 796, 803

3

(D.C. 1997) ("a finding of willfulness . . . would go a considerable way toward supporting the judge's decision to strike – but not all the way"). As illustrated infra, there is no prejudice to Defendant whatsoever. That Plaintiff did not include all of her experts in her initial 26(b)(4) statement does not automatically exclude them.

Discovery closes July 13. Under these circumstances, the interest of the Court is in favor of providing information. It is outside the bounds of the court's discretion to deny witnesses when there is adequate time to allow the other side to meet the testimony of the additional witnesses. Daniels v. Beeks, 532 A.2d 125, 129 (D.C. 1987) (holding one month before trial sufficient time to obtain necessary depositions of late-disclosed witness). Cf. Ferrell, 691 A.2d at 647 n. 11 (holding that Daniels allows amendments as long as there is time for additional discovery). If the Court finds that Defendant needs more time to respond to Plaintiff's experts, the Court not only has the discretion but has been encouraged by the Court of Appeals to grant an extension of discovery.

III.  NONE OF THE WEINER V. KNELLER FACTORS ARE IN FAVOR OF EXCLUDING PLAINTIFF'S WITNESSES

In determining the admissibility of evidence, the Court uses the five-part balancing test set forth in Weiner v. Kneller, 557 A.2d 1306 (D.C. Ct. App. 1989):

> (1) whether allowing the evidence would incurably surprise or prejudice the opposite party;
>
> (2) whether excluding the evidence would incurably prejudice the party seeking to produce it;
>
> (3) whether the party seeking to introduce the testimony failed to comply with the evidentiary rules inadvertently or willfully;
>
> (4) the impact of allowing the proposed testimony on the orderliness and efficiency of the trial; and
>
> (5) the impact of excluding the proposed testimony on the completeness of information before the court or jury.

557 A.2d at 1311-1312. The <u>Weiner</u> factors flow from a strong preference for a decision on the merits. <u>See Abell</u>, 697 A.2d at 801. Exclusion of testimony is disfavored; the District of Columbia Court of Appeals has held that <u>Weiner</u> and its progeny "urge trial courts to consider lesser sanctions than exclusion." <u>Robinson</u>, 822 A.2d at 1104. <u>See also</u> <u>Tisdale</u>, 697 A.2d at 54 n. 1 (holding that the <u>Weiner</u> factors do not preclude a consideration of whether a less severe sanction than exclusion is warranted). In the present case, all the factors individually and collectively demonstrate that exclusion is an unnecessarily severe sanction.

A.    <u>There Is No Incurable Surprise or Prejudice to Defendant</u>

The most important factor in determining if witnesses are allowed is whether the opposing party would be surprised or prejudiced. <u>See Habtu v. Woldemichael</u>, 694 A.2d 846, 849 (D.C. 1997). The District of Columbia Court of Appeals has held that it is an abuse of discretion for the court to exclude new experts when there is no prejudice to the other party. <u>See</u> <u>Ferrell</u>, 691 A.2d at 647. Since Plaintiff's disclosures were harmless, exclusion is unwarranted.

1.    <u>Prejudice Cannot Be Presumed From the Timing of a Disclosure</u>

Defendant's primary argument is that, merely by providing the experts after the time for a 26(b)(4) statement had passed, Defendant is prejudiced. The District of Columbia courts have not held disclosures to such a formalistic standard.

Generally, a claim of prejudice solely from delay and legal costs is legally insufficient to mandate severe sanction. <u>Iannucci v. Pearlstein</u>, 629 A.2d 555, 561 (D.C. 1993). In <u>Shimer v. Edwards</u>, 482 A.2d 399 (D.C. 1984), the plaintiff failed to provide answers to an interrogatory for four months beyond the thirty-day deadline, and a month after the court compelled the answer. Even though the plaintiff had only provided unsigned answers by the time the court ruled on sanctions, the Court of Appeals found that there was "no information on which the court

5

could have made a finding of prejudice" to the defendant. 482 A.2d at 401. Time alone is not dispositive.

The amount of time in discovery when Plaintiff filed her supplemental experts has been found to be sufficient to avoid prejudice. A total failure to file a Rule 26(b)(4) statement after being ordered to do so by the court does not by itself prejudice the other party when there are five weeks left in discovery. See Taylor v. Carreno, 528 A.2d 1241, 1242 (D.C. 1987). When Plaintiff filed her Supplemental 26(b)(4) Statement, there were five weeks left in discovery; subsequently, the parties agreed to extend discovery for an additional month. However, as Defendant admits, it was aware that Plaintiff intended to add these witnesses eight weeks before the initial close of discovery as Plaintiff's counsel sent a letter requesting the informal designation of most of those witnesses at that time. See Def's Exh. 4.

Similarly, the District of Columbia Court of Appeals found that witnesses disclosed first in an amended pretrial statement a month before trial should be allowed when any surprise or prejudice could be cured prior to trial. See Daniels, 532 A.2d at 128. In one instance, the Court of Appeals found that the ability to depose a witness in the week before trial was a factor in favor of admitting his late-disclosed testimony. Hechinger Co. v. Johnson, 761 A.2d 15, 23 (D.C. 2000). There is also less prejudice to the other party when no trial date has been set. See Abell, 697 A.2d at 803. No trial date has been set in this case. With the two months that Defendant already had to conduct discovery of these witnesses, and the additional three months Defendant asks for, there is no prejudice to Defendant based on the timing of Plaintiff's disclosures.

2.    Defendant Knew of Plaintiff's Experts Long Before Her Supplemental 26(b)(4) Statement

When deposition testimony has revealed what an expert will testify to, the failure to disclose his opinion is not prejudicial. See Kling v. Peters, 564 A.2d 708, 715 (D.C. 1989). The present case centers around an injury caused by diethylstilbestrol ("DES").

There is no prejudice to the opposing party when it is aware of what plaintiff intends to prove with discovery. See Abell, 697 A.2d at 803. The key factor in Lowrey v. Glassman, 908 A.2d 30 (D.C. 2006), much-cited by Defendant, was not the late disclosure of the witnesses, but that the party against whom the witnesses were disclosed had no idea of the substance of those witnesses' testimony. See Lowrey, 908 A.2d at 35. However, in Drs. Groover, Christie & Merritt, P.C. v. Burke, 917 A.2d 1110 (D.C. 2007), the Court of Appeals found that the expert testimony of a witness who had already explained expert testimony at a deposition, but had not been named an expert, would not prejudice the other party. 917 A.2d at 1116. In Glorious Food, Inc. v. Georgetown Prospect Place Assoc's, 648 A.2d 946 (D.C. 1994), the Court of Appeals found that an witness who did not qualify as an expert could be designated late as a lay witness as there would be no surprise from his testimony. 648 A.2d at 949.

Weiner holds that when defense counsel has had the opportunity to depose the experts prior to trial, there is no surprise or prejudice. Weiner, 557 A.2d at 1312. Defendant admits that it is aware of the experts' testimony from prior litigation. See Def's Mem. at 6. Defendant has long had the reports that summarize these experts' opinions. Defendant has deposed every one of these witnesses before regarding their opinions; Defendant deposed some witnesses multiple times. While Defendant's counsel makes the conclusory statement that Defendant has been prejudiced by this late disclosure, in cases where these experts have been disclosed in a timely manner, Defendant has generally not taken their depositions or provided rebuttal witnesses. If

7

Defendant will not change its strategy around the contested experts, there is no prejudice. <u>See</u> <u>Abell</u>, 697 A.2d at 805. Defendant's assertion of prejudice is unfounded. There is no further information that Defendant needs at this time.

a)      <u>Dr. John J. Hefferren</u>

Dr. Hefferren will testify as to the uniqueness of the shape of Defendant's DES pill. Dr. Hefferren's testimony deals solely with the uniqueness of the pill shape, not the accuracy or specificity of the mother's identification. In a recent deposition by three of Defendant's law firms, it was established that Dr. Hefferen will only testify about his analysis of the pill shape, not about any facts specific to a particular DES case. <u>See</u> Deposition of John J. Hefferren, Ph.D. ("Hefferen Depo"), pg. 82-83, 179, 232, App. 2.

Dr. Hefferren's appearance in DES cases began when Defendant introduced Dr. Hefferren's article on pill identification into motions for summary judgment. <u>See</u>, <u>e.g.</u>, Selections from Lilly's Motions for Summary Judgment in <u>Cutone v. Eli Lilly and Co.</u>, Civil Action No. 04-CV-12725 (D. Mass. 2006), <u>Delaney v. Eli Lilly and Co.</u>, Civil Action No. 05-CV-10241 (D. Mass. 2006), <u>Tait v. Eli Lilly and Co.</u>, C.A. No. 05-cv-2082 (S.D. Tex. 2006), Exhibits A-C of App. 3. Dr. Hefferren's testimony in no small part relies on the research he did for that article. Defendant cannot claim to be prejudiced with regard to Dr. Hefferren's knowledge and credentials as Defendant itself has relied on his work.

As stated previously, on May 2 of this year, three separate counsel from three of Defendant's law firms took Dr. Hefferren's deposition in multiple cases. At that time, Defendant questioned Dr. Hefferren extensively on his methodology and conclusions regarding the report referred to in Plaintiff's Supplemental 26(b)(4) Statement. Plaintiff includes Dr. Hefferren in this case for the same information that other plaintiffs have relied on Dr. Hefferren in other cases

8

– his expert opinion regarding the uniqueness of a pill. There are no new facts that would change the substance of his testimony as given in the May 2 deposition.

b)      James P. DellaVolpe

James P. DellaVolpe is a mixed fact and expert witness. He will testify both to his experiences as a wholesaler of Defendant's products and to the custom and practice of pharmaceutical wholesalers during the period DES was sold. Mr. DellaVolpe's expert testimony is with regard to general practice and are not particular to any DES plaintiff's pharmacy.

Defendant deposed Mr. DellaVolpe last year on July 12, 2006 in Maxwell v. Eli Lilly and Co., No. 1:05-cv-12447 (D. Mass.). In that deposition Defendant undertook a full examination of Mr. DellaVolpe's experience, credentials, and the basis for the opinion in the report referred to in Plaintiff's Supplemental 26(b)(4) Statement. Mr. DellaVolpe's knowledge of the practices of pharmaceutical wholesalers in the 1960's has not changed in the year since Defendant took his deposition. Since that deposition, Defendant has not produced additional evidence or rebuttal witnesses for the specific purpose of rebutting Mr. DellaVolpe in any case.

c)      Harold B. Sparr

Harold B. Sparr, R.Ph., is an expert in pharmacy practices and conducted a survey of the DES brands sold at Massachusetts pharmacies. In the present case, Mr. Sparr will testify as to the general practice of pharmacy owners and the predominance of Defendant's DES product during the years of Plaintiff's exposure to DES. Mr. Sparr's testimony is with regard to industry practice during a discrete period and does not change based upon the particular plaintiff.

Defendant has been aware Mr. Sparr's testimony since at least October of 2004. See Letter from Aaron Levine, Esq. to James Dillon, Esq., App. 4. Mr. Sparr has been deposed twice before, on December 7, 2004 in Bohlin v. Eli Lilly and Co., No. 03-CV-11577 (D. Mass.) and on

9

October 30, 2006 in <u>Delaney v. Eli Lilly and Co.</u>, No. 04-CV-00349 (D.D.C.). In both those depositions, Defendant investigated the basis for the report of Mr. Sparr referred to in Plaintiff's Supplemental 26(b)(4) Statement. As Mr. Sparr's testimony remains unchanged, there is little need for further depositions or rebuttal of Mr. Sparr.

To the extent that Defendant claims that Mr. Sparr's prior depositions are insufficient, Plaintiff's counsel has noted the *de bene esse* deposition of Mr. Sparr in this and other cases for July 24, 2007 as Mr. Sparr is of advanced years and relatively poor health and may not be available at trial. Defendant's counsel will also soon take the deposition of Dr. Hannelore Vanderschmidt, another principal in the study on which Mr. Sparr bases much of his opinion. Plaintiff is willing to extend the discovery deadline in this case to encompass those depositions should Defendant show that it is necessary.

d)    <u>Philip J. Cafferty</u>

Philip J. Cafferty is deceased and will only testify through a deposition taken on August 22, 2003 by Defendant's counsel in the DES case of <u>Dean v. Eli Lilly and Co.</u>, No. 02-CV-11078 (D. Mass.). That deposition is the one referred to in Plaintiff's Supplemental 26(b)(4) Statement. There is, therefore, no further discovery that will elaborate on Mr. Cafferty's testimony. Defendant is fully aware of Mr. Cafferty's strengths and weaknesses as a witness.

Mr. Cafferty's testimony regards the sales volume and marketing practices of Defendant with regard to DES. While Mr. Cafferty's conclusions may be disputed, the historical practices his testimony refers to do not change from case to case. In the cases where Mr. Cafferty has been timely identified as a witness, Defendant has produced no witnesses or evidence for the specific purpose of rebutting Mr. Cafferty. There is therefore likely no prejudice to Defendant from the addition of Mr. Cafferty's testimony.

B.    The Exclusion of These Witnesses Would Prejudice Plaintiff

The witnesses added by Plaintiff's Supplemental 26(b)(4) Statement are for the purpose of bolstering Plaintiff's evidence against Defendant as the manufacturer of the DES product that caused her injury. In the absence of such evidence, Plaintiff will be limited in recovery to the market share of DES that Lilly had during the year of her exposure, which will compensate less than fifty percent of her injuries. While Plaintiff asserts that she can prove her case without these experts, their exclusion will make Plaintiff's task more difficult.

A party may be incurably prejudiced by the exclusion of "highly relevant" testimony even if that expert testimony is not dispositive of the case. See Townsend v. Donaldson, No. 04-CV-439, 2007 D.C. App. LEXIS 228 at *28-29 (D.C. Apr. 26, 2007). Since this evidence goes to whether or not Plaintiff will receive full recovery for her injuries, it is highly relevant to her case, and she will be prejudiced by its exclusion.

Evidence that rebuts defense theories is important to a case. Weiner, 557 A.2d at 1306. Defendant has contended in the past that Plaintiff's mother's description, alone, does not establish that it was the manufacturer of the DES taken. Each of the witnesses in Plaintiff's Supplemental 26(b)(4) Statement disproves that contention; without them, Plaintiff will be deprived of the cumulative evidence that Defendant's DES product was unique and predominant in the market.

C.    Plaintiff's Submission Was Not Sufficiently Willful to Merit Exclusion

While "[i]n civil or administrative proceedings, willful conduct is most often defined simply as that which is intentional, rather than inadvertent or accidental," Hager v. District of Columbia Dep't of Consumer and Regulatory Affairs, 475 A.2d 367, 368 (D.C. 1984), efforts

which "might be viewed as showing some effort to comply with the court's directives" are not seen as willful. See Bussell v. Berkshire Assoc's, 626 A.2d 22, 25 (D.C. 1993).

As Defendant demonstrated, Plaintiff's counsel have made efforts to include these experts with a minimum of surprise or difficulty to Defendant.

Willfulness alone, without any of the other Weiner factors, does not support a motion to strike. See Abell, 697 A.2d at 803. Defendant's cited cases show that exclusion based primarily on willfulness also requires a high degree of dishonesty that Plaintiff's counsel has not exhibited. Lowrey held that noncompliant disclosures were willful when the plaintiff designated one set of witnesses, then provided reports from others, and admitted that he had not even contacted the experts listed on his initial designation. Lowrey, 908 A.2d at 33. Similarly, in Dada v. Children's Nat'l Med. Ctr., 763 A.2d 1113 (D.C. 2000), a plaintiff's discovery violations were found willful when his counsel disclosed as experts individuals who refused to testify, and plaintiff either was deliberately ignorant of that fact or concealed it from the court. See 763 A.2d at 1116-17.

Defendant's complaint is not that Plaintiff has provided phantom experts – Plaintiff has not done so. Defendant merely complains that Plaintiff's additional experts are "late." This allegation is not sufficient to displace the District of Columbia's strong policy toward including testimony.

D.    The Addition of These Witnesses Will Not Create an Impact On the Orderliness and Efficiency of the Court

The fourth Weiner factor applies primarily to situations where a case is already at trial. See Lowrey, 908 A.2d at 34 n. 5. When no trial date is set, there is no reason to believe that allowing testimony will substantially affect the orderliness of the court. See Abell, 697 A.2d at 803. The Court of Appeals has found that allowing an extension of discovery prior to the filing

12

of motions for summary judgment does not significantly affect the orderly progression of a trial. See Robinson, 822 A.2d at 1101. This factor, too, is in favor of including Plaintiff's experts.

The only example of a pre-trial impact on orderliness and efficiency provided by Defendant is Dada, where the plaintiff failed to designate her expert until a month after a summary judgment motion, failed stay summary judgment pending the outcome of her discovery motion, and failed to appear at a motion to reconsider the grant of summary judgment against her. See Dada, 763 A.2d at 1114, 1116. Not only did the plaintiff in Dada wait until after dispositive motions to disclose her expert, but engaged in other misconduct that wasted the court's time. The behavior of Plaintiff and the procedural posture in this case does not rise to the multiple reiterations of hearings and extra motions required by the plaintiff in Dada.

Discovery, as extended by consent of all parties, closes July 13. Dispositive motions will not be filed for some time yet. No trial date has been set. There will be no strain on judicial resources in granting a further extension if one is necessary; therefore, the fourth Weiner factor is in favor of inclusion.

E.    The Information Presented to the Jury Will Be Incomplete Without the Experts

Like the fourth Weiner factor, the "completeness of information" factor is directed primarily towards cases that have proceeded to trial. See Lowrey, 908 A.2d at 34 n. 5. The Court of Appeals indicates that the completeness of information includes the ability to counter the opposing party's evidence. See Nolan, 568 A.2d at 488 n. 14.

Although it is premature to say definitively that Plaintiff's supplemented experts will complete the information presented at trial, their testimony will not be duplicated by other witnesses. If they are excluded, the jury will not hear the full context surrounding Plaintiff's

13

mother's purchase of the DES product that injured Plaintiff. Therefore, the final Weiner factor is also in favor of including Plaintiff's experts.

IV.     CONCLUSION

Defendant both knew about Plaintiff's supplemented experts prior to this case and had more than two months before the close of discovery to take further discovery regarding these experts. Instead, Defendant filed the instant motion, arguing against established District of Columbia precedent that timing, alone, justifies the exclusion of witnesses disclosed during discovery. Plaintiff is amenable to an extension of discovery should the court deem necessary, and Defendant will be at a deposition of one of the contested experts within the next two weeks regardless.

Respectfully submitted,
AARON M. LEVINE AND ASSOCIATES


_____/s/  Aaron M. Levine_____
Aaron M. Levine, #7864
1320 Nineteenth Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

COUNSEL FOR PLAINTIFF

Dated: July 10, 2007

14

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| CONNIE FRANCO PAVLICAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ELI LILLY AND COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

Case No. 2006 CA 006749 B
Judge Mary A. Terrell
Next Event:    Discovery Closed
July 13, 2007

## AFFADAVIT OF AARON M. LEVINE, ESQ. AUTHENTICATING DOCUMENTS

I, Aaron M. Levine, declare under penalty of perjury that the following is true and correct:

1. Attached as Appendix 1 is a true copy of selections from Defendant Eli Lilly and Company's Expert Witness Disclosures in the present case, dated May 4, 2007.

2. Attached as Appendix 2 is a true copy of selections from the Deposition of John J. Hefferren, Ph.D. in Awwad v. Eli Lilly and Co., No. 4:06-cv-3136 (S.D. Tex.), dated May 2, 2007.

3. Attached as Appendix 3 are true copies of the following documents:

    a.    Selections from Eli Lilly and Company's Memorandum of Points and Authorities in Support of Summary Judgment, Cutone v. Eli Lilly and Co., Civil Action No. 04-CV-12725 (D. Mass.), dated May 1, 2006;

    b.    Selections from Eli Lilly and Company's Memorandum of Points and Authorities in Support of Summary Judgment, Delaney v. Eli Lilly and Co., Civil Action No. 05-10241 (D. Mass.), dated September 5, 2006;

c.      Selections from Eli Lilly and Company's Memorandum in Support of Summary Judgment, <u>Tait v. Eli Lilly and Co.</u>, 05-cv-2082 (S.D. Tex.), dated October 27, 2006.

4.  Attached as Appendix 4 is a true copy of a letter from Aaron Levine, Esq. to James Dillon, Esq., dated October 29, 2004.

I declare under penalty of perjury that the foregoing is true and correct.


       <u>/s/  Aaron M. Levine  </u>
        Aaron M. Levine

2

# Appendix 1

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| CONNIE PAVLICAS, | \* |
| | \* |
| | \* |
| Plaintiff, | \* |
| | \* CIVIL ACTION NO. 2006 CA 006749 B |
| vs. | \* |
| | \* Judge Mary A. Terrell |
| ELI LILLY AND COMPANY, et al., | \* |
| Lilly Corporate Center | \* |
| Indianapolis, IN 46285 | \* |
| | \* |
| Defendants. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT ELI LILLY AND COMPANY'S
## RULE 26(b)(4) STATEMENT

Pursuant to the Court's December 15, 2006 Scheduling Order, defendant Eli Lilly and Company ("Lilly") submits the following Rule 26(b)(4) Statement. Lilly has not made a final decision on which witnesses it will call to give expert testimony at the trial of this case. Lilly reserves the right to designate additional experts and/or to ask any of the witnesses designated herein to expand the scope and/or nature of his or her testimony as described herein in response to the nature and scope of the expert testimony offered by plaintiff and to the extent other facts are developed through further investigation. Lilly also reserves the right to call and elicit expert testimony from any of plaintiff's health care providers. Subject to these qualifications, Lilly may call as expert witnesses the following individuals who are expected to testify substantially as set out below.

138702v1

Third, Dr. Dodson is expected to testify that Mrs. Pavlicas' medical records and the scientific literature do not establish that any of her pregnancy complications or other alleged abnormalities were caused by diethylstilbestrol exposure. Specifically, the medical records do not establish any uterine abnormalities not seen in the unexposed and/or that can be linked to diethylstilbestrol exposure or her pregnancy loss/infertility. Her records also do not reference any cervical or vaginal condition not reported in women unexposed to diethylstilbestrol or that cause any fertility issues. Additionally, Mrs. Pavlicas cannot be properly diagnosed with cervical incompetence because she has not experienced two mid-trimester pregnancy losses in the absence of pain or bleeding. Mrs. Pavlicas did, however, have multiple fibroids, which can affect pregnancy outcome.

Fourth, Dr. Dodson is also expected to testify that any pregnancy loss was not the result of alleged diethylstilbestrol exposure. Mrs. Pavlicas' pregnancy loss was the result of a first trimester miscarriage. Losses like these are common and most secondary to chromosomal abnormalities. Mrs. Pavlicas' history does not show that she could not have had full term pregnancies.

In sum, Dr. Dodson is expected to testify that the relevant medical records and medical and scientific literature do not support a finding that Mrs. Pavlicas' fertility issues or any reported physical condition were caused by diethylstilbestrol exposure. Dr. Dodson may expand or modify his testimony based on additional records obtained and/or any opinions offered in this case.

5.    Dr. Don Carlos Hines

Dr. Don Carlos Hines is deceased. His expert testimony will be offered by videotaped deposition. Dr. Hines received his degree in medicine from Stanford University in 1930 and had a private practice in California until 1939. At that time, he joined Lilly Research

138702v1

concerning the effectiveness of diethylstilbestrol may also be offered if efficacy is at issue. Additional areas of testimony will be identified and disclosed as necessary. Lilly will provide a copy of the transcript of Dr. Hines' videotape deposition in advance of trial at plaintiff's request.

6.    Dr. Theodore G. Klumpp

Dr. Theodore G. Klumpp is deceased. His expert testimony will be offered by videotaped deposition. Dr. Klumpp was a physician who was an Assistant Clinical Professor at Yale University Medical School and Chief of the Hematological Clinic and Director of the Medical Laboratory at the New Haven Hospital, from which he took a leave of absence to become the Chief Medical Officer of the FDA, eventually becoming Chief of the Drug Division of the FDA. He then served as Director of the Division of Drugs, Food and Physical Therapy and Secretary of the Council on Pharmacy and Chemistry for the American Medical Association. His C.V. is attached.

During his tenure as Chief of the Drug Division of the FDA, he became familiar in detail with the Food, Drug and Cosmetic Act of 1906, as amended in 1938, and its requirements concerning the filing of new drug applications, or "NDAs." During the time he was in that position, various NDAs for the use of diethylstilbestrol for non-pregnancy purposes were filed and ultimately approved. He was familiar with the background and details of this approval process because of his responsibility as Chief of the Drug Division at the FDA.

Dr. Klumpp's testimony should include a discussion of factual and historical matters, including his knowledge of, and role in, the approval process of NDAs for use of diethylstilbestrol. Dr. Klumpp's testimony will also discuss his familiarity with the background of the approval process. A copy of the transcript of Dr. Klumpp's videotape deposition will be provided in advance of trial at plaintiff's request.

13

7.    Dr. Edith L. Potter 

Dr. Edith L. Potter is deceased.  Her testimony will be presented by videotaped deposition.  Dr. Potter was Professor Emeritus of Pathology in the Department of Obstetrics and Gynecology, University of Chicago.  From 1927 to 1932, Dr. Potter was in private practice in Minneapolis, Minnesota where she practiced general medicine.  She then moved to Chicago where she was a pathologist in the Department of Obstetrics and Gynecology in Chicago's Lying-In Hospital for some 33 years, until her retirement in 1967.  She retired as a full professor. A copy of Dr. Potter's C.V. is attached.

Dr. Potter's video deposition testimony Lilly expects to offer concerns her examination of both fetuses and living and non-living infants during the relevant time period. Specifically, she was in charge of the pathology laboratory which examined all available non-surviving infants and fetuses from Chicago's Lying-In Hospital and she also examined surgical specimens from gynecological patients.  She was responsible for the microscopic evaluation and diagnosis of infants who died in Chicago and upon whom autopsies were required before they could be buried.  She routinely made rounds with the residents and physicians, particularly examining problem cases in the nursery.

Dr. Potter was involved in the examination of diethylstilbestrol-exposed babies. She examined or consulted on seriously or malformed infants, examined available non-surviving babies and attempted to determine the cause of the pathology involved.  This would have included evaluation of the medical records in an attempt to correlate any factor known, including drug exposure, to the problem.  Lilly expects it will offer the following testimony of Dr. Potter:

1.    Based upon her personal experience, she observed no harmful effects upon the fetus which were attributed to diethylstilbestrol ingestion by the mother during the relevant pregnancy period.

14

138702v1

Appendix 2

Page 1

1       IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF TEXAS (HOUSTON)
2

3   MIKELL GATLIN AWWAD,

4              Plaintiff,

5   vs.                Case No:  4:06-CV-3136

6   ELI LILLY AND COMPANY,

7              Defendant.

8   -----------------------------------------

9       IN THE UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF CALIFORNIA
10

11  LAURA TANGREDI,

12             Plaintiff,

13  vs.                Case No: CV-06-5584 CJC (CTx)

14  ELI LILLY AND COMPANY, et al.,

15             Defendants.

16  -----------------------------------------

17      IN THE UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF MASSACHUSETTS
18

19  JULIE DELANEY,

20             Plaintiff,

21  vs.                Case No: 05-CV-10241 (MLW)

22  ELI LILLY AND COMPANY,

23             Defendant.

24

25      DEPOSITION OF JOHN J. HEFFERREN, PhD

                MAY 2, 2007

---

Page 2

1       DEPOSITION OF JOHN J. HEFFERREN, PhD, a
    witness, taken on behalf of the Defendants,
2   pursuant to Notice, on the 2nd day of May, 2007, at
    The University of Kansas, McCollum Laboratories
3   Building, Pharmaceutical Chemistry, 2095 Constant
    Avenue, Room 143, Lawrence, Kansas, before
4
        SHARON R. LARRICK, RMR, CRR,
5
    of AAA Court Reporting Company, a Certified
6   Shorthand Reporter of the State of Kansas.
7
8           APPEARANCES
9   Telephonically for the Plaintiffs:
        MR. AARON M. LEVINE
10      AARON M. LEVINE & ASSOCIATES
        1320 19th Street NW, Suite 500
11      Washington, DC 20036
12  For the Defendant in "Awwad vs. Eli Lilly
    and Company":
13      MR. JONATHAN E. GREGOR
        SHOOK, HARDY & BACON, LLP
14      2555 Grand Boulevard
        Kansas City, Missouri 64108
15
        MR. KENNETH J. KING
16      PEPPER HAMILTON LLP
        420 Lexington Avenue, Suite 2320
17      New York, New York 10170
18  Telephonically for Defendant Eli Lilly
    and Company in "Tangredi vs. Eli Lilly and
19  Company, et al":
        MR. JAMES M. WOOD
20      REED SMITH LLP
        1999 Harrison Street, Second Floor
21      Oakland, California 94612
22  Telephonically for Defendant Bristol-Myers
    Squibb in "Tangredi vs. Eli Lilly and
23  Company, et al":
        MS. REBECCA M. BIERNAT
24      SEDGWICK, DETERT, MORAN & ARNOLD, LLP
        One Market Plaza
25      Steuart Tower, 8th Floor
        San Francisco, California 94105

---

Page 3

1           APPEARANCES
            (Continued)
2
    Telephonically for the Defendant in
3   "Delaney vs. Eli Lilly and Company":
        MR. BRIAN L. HENNINGER
4       FOLEY HOAG LLP
        155 Seaport Boulevard
5       Boston, Massachusetts 02210
6
7           INDEX
    WITNESS:  JOHN J. HEFFERREN, PhD        PAGE:
8
    Examination by Mr. Gregor                5
9   Examination by Mr. Wood                178
    Examination by Ms. Biernat             208
10  Examination by Mr. Henninger           224
11
    EXHIBITS:                           MARKED:
12
    1 -  Notice of Taking Deposition Duces Tecum   14
13  2 -  Resume of John J. Hefferren, PhD          27
    3 -  Biographical Sketch                       27
14  4 -  Plaintiff's 26(a)(2) Statement           67
    5 -  Statement of John J. Hefferren            80
15  6 -  "The Identification of Tablets" article   88
         dated 1/2/60
16  7 -  "The Identification of Pharmaceutical     88
         Tablets" article dated 1/16/60
17  8 -  "The Labelling of Pharmaceutical          88
         Preparations" article dated 3/3/62
18  9 -  "Identification Guide for Solid Dosage   101
         Forms"
19  10 - 12/10/92 letter to Kenneth King from     114
         Dr. Hefferren
20  11 - "Drug Topics Red Book" published fall    127
         of 1958
21  12 - 1955 McKesson "Guide to Better           133
         Pharmaceutical and Drug Buying"
22  13 - 1961-1962 "American Druggist Blue Book"  151
    14 - "Drug Topics Red Book" published fall    151
23       of 1960
    15 - "Drug Topics Red Book" published fall    151
24       of 1961
    16 - 1957-1958 "American Druggist Blue Book"  151
25

---

Page 4

1           INDEX
            (Continued)
2
    EXHIBITS:                           MARKED:
3
    17 - 1958-1959 "American Druggist Blue Book"  151
4   18 - "Drug Topics Red Book" published fall    151
         of 1957
5   19 - "Drug Topics Red Book" published         151
         fall of 1958
6   20 - "Identification of Drugs" Clinical Notes 196
         published in JAMA 3/21/64 by Caldwell, et al.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 81

1   take a moment to familiarize yourself with it.
2       If you don't recall it specifically, that's
3       fine.
4   A.  Well, you know, it doesn't have a date on it.
5       That's one of the things that kind of bothers
6       me. There it is, November, 2006.
7       I've read this.
8   Q.  Does that document -- does it refresh your
9       recollection that you prepared that?
10  A.  Clearly, I did. It just looks different than
11      something I would write.
12  Q.  Okay.
13  A.  It may be just a duplication or whatever.
14  Q.  Okay. Is there -- do you have any reason to
15      doubt that you prepared this statement or this
16      document?
17  A.  No, I have no reason.
18  Q.  Okay. Now, this includes a statement at the
19      front which you just reviewed, and it also has
20      Appendix A, which is a copy of your CV which we
21      just went through, Doctor. I want to make sure
22      that these are all documents that you're
23      familiar with and you recognize.
24  A.  What did we call this one, 2?
25  Q.  That was the 2006 CV. Do you recognize that as

Page 82

1       being --
2   A.  That's the one that we discussed this morning.
3   Q.  Okay. Appendix B appears to be a copy of a
4       photograph of some pills and other items. Is
5       that correct?
6   A.  Yes.
7   Q.  Okay. Appendix C is titled at the top "AMA
8       Drug Identification Guide and
9       Diethylstilbestrol Tablets, August 7, 2006."
10      And it appears to be a specific discussion of
11      your efforts to specifically identify the 25-
12      milligram diethylstilbestrol tablet
13      manufactured by Eli Lilly and Company in the
14      Tait case. Do you recognize that as being
15      that?
16  A.  Well, any relation to any case is not my doing.
17      It -- and what I think it -- you know, I was
18      asked to look at these tablets and put them
19      through the guide; and then afterwards said,
20      you know, something like this one is a
21      25-milligram tablet of diethylstilbestrol. And
22      I had -- in going through the guide, I came to
23      that conclusion. And then I tried to show the
24      power of the guide using this particular tablet
25      as an example, if you will. To me, it is

Page 83

1       still -- it's just an illustration of the --
2       of -- what I was going to do is get an aspirin
3       and show you how I would do it again. It
4       really doesn't matter, you know, what the
5       tablet is.
6   Q.  Certainly.
7   A.  It's just -- I'm demonstrating the power of the
8       guide to identify an individual tablet, and
9       that was probably one of six or seven or
10      whatever.
11  Q.  Specifically, Doctor, in your statement, on
12      page two of your statement, you state that "In
13      the winter of 2006, I conducted an
14      investigation into the question of whether a
15      25-milligram diethylstilbestrol tablet as
16      identified by Alberta Jean Mikel-Steffen in the
17      attached photo."
18      Did you understand at that time that you
19      were attempting to identify a particular drug
20      or tablet that was selected by an individual in
21      a litigation?
22  A.  Well, I was presented -- the answer is
23      essentially no. I was given an unknown and
24      "Can you identify it with the guide."
25  Q.  Okay. The next appendix, D, the final

Page 84

1       appendix, is -- it has at the top "Summary of
2       AMA Drug Identification Guide Efforts-Hefferren
3       8/1/06." And are you familiar -- do you
4       recognize that document as well as being
5       Appendix D to your statement?
6   A.  Once again, it appears to be an exercise in the
7       demonstration of the power of the guide in a
8       particular instance.
9   Q.  Okay. Doctor, did anyone assist you in the
10      preparation of the statement or the appendices?
11  A.  I did this myself.
12  Q.  Okay.
13  A.  I did go to the University of Missouri to get a
14      copy of the identification guide.
15  Q.  Okay.
16  A.  But I just checked it out there.
17  Q.  Okay. Doctor, do you understand that this
18      statement and the appendices are being offered
19      by plaintiff in this case as well? You may not
20      be aware of that, but it's been offered in the
21      Awwad case as well.
22  A.  I mean, again, I authored the --
23          MR. LEVINE: The doctor has no
24      information of any particular case, although
25      his report will be offered -- I've repeatedly

Page 177

1  Q.  Okay.  So the source of your information would
2      have been --
3  A.  What I was provided by Levine.
4  Q.  Okay.  So you're saying two in the 250 that you
5      actually reviewed?
6  A.  In the book that I looked at, there were two
7      with this shape.
8  Q.  Okay.  And then it says, "Adding the additional
9      quarter-scoring makes the Eli Lilly
10     25-milligram diethylstilbestrol tablet unique
11     amongst those 250 tablets of
12     diethylstilbestrol."  Is that accurate?  Am I
13     reading that -- I want to make sure that I'm --
14 A.  It looks like, you know, that -- that shape and
15     quarter-scoring was the only one in that
16     compilation.
17 Q.  And you're not saying here today, Doctor, that
18     you can testify that the pills that you were
19     presented by Mr. Levine in his office
20     represented the world of diethylstilbestrol
21     tablets available in any particular time?
22         MR. LEVINE:    And we will stipulate to
23     that.  I didn't show him the world.
24 Q.  (By Mr. Gregor)  Doctor, you indicated that --
25     earlier in your testimony that you left the AMA

Page 178

1      in 1959 while the process of preparing or
2      collecting drug samples and cataloguing and
3      things of that nature was still ongoing for the
4      guide at the AMA.  Is that correct?
5  A.  It was still ongoing, but it -- it was pretty
6      mature at that juncture, so ...
7  Q.  Why did you leave the AMA in 1959?
8  A.  Because the American Dental Association said
9      they would keep their promises, so --
10 Q.  What does that mean?
11 A.  I had a better offer.  It was on my doing.  No
12     one asked me to leave.
13 Q.  And -- strike that.  Again, how long were you
14     with the ADA after you left the AMA?
15 A.  Well, I was an employee staff member of the
16     ADA, American Dental Association, from 1959 to,
17     I think, 1986, August of '86.
18 Q.  Okay.
19         MR. GREGOR:    Thank you, Doctor.  I
20     don't have any questions right now, any further
21     questions.
22     EXAMINATION BY MR. WOOD:
23 Q.  Hi, Doctor.  I'm Jim Wood.
24 A.  Yes, thank you.
25 Q.  How are you?

Page 179

1  A.  I am fine.
2  Q.  I'm -- I introduced myself a little bit ago
3      when the deposition began as representing Eli
4      Lilly in the Tangredi case.  Can we agree that
5      everything that you were asked about case
6      specific information earlier in the other case
7      would also be true for Tangredi, that is, you
8      haven't done any investigation about Tangredi,
9      the -- or any case specific information about
10     the Tangredi case, can we agree to that?
11 A.  Yes.
12         (Discussion off the record.)
13 Q.  (By Mr. Wood)  Can we agree that you have no
14     opinion, no facts, know nothing at all about
15     the Tangredi case and will not testify about
16     any specific information about the Tangredi
17     case?  Can we agree to that?
18         MR. LEVINE:    If you want me to agree.
19     I will agree.
20         MR. WOOD:    I want everybody to agree.
21     That's fine.
22 A.  Well, I think this is the point I've tried to
23     stress, is I have dealt with the JAMA
24     identification guide, period.
25 Q.  (By Mr. Wood)  As I understand it, that the

Page 180

1      guide was prepared because -- was it true at
2      the time that you did the study that drugs
3      marketed in solid oral dosage forms were
4      assigned identifying codes and symbols by
5      prescription product manufacturers?
6  A.  Well, I'm not quite sure what you said.  I
7      mean, they all have, you know, identifying
8      codes, but it was not put in the guide
9      anywhere.  Is that what you meant?
10 Q.  No.  Was it true at the time that you did the
11     guide that it was a requirement of the Food and
12     Drug Administration that each company assigned
13     its own identifying codes and symbols for each
14     drug that it made?
15 A.  I am not sure -- I'm not certain of that case,
16     but, I mean, to me, it's sort of nonrelevant.
17     They -- you know, certainly each drug that is
18     marketed is provided a batch record and all the
19     clinical data, laboratory data to support it.
20     But that's -- you know, what is part of that
21     process and so forth, I am not sure it's sort
22     of relevant to the drug identification.
23 Q.  At the time that you did the JAMA study, was
24     there a standardized coding system to uniquely
25     identify each tablet or capsule?

Page 229

1  all, but on page 110 of JAMA -- that's not
2  correct. JAMA does different paging. But in
3  any case, on page 1154 in JAMA, December 22,
4  1962, there is a paragraph on credits. And
5  there's a Highland -- H-I-G-H-L-A-N-D, all one
6  word -- Prescription Laboratory. And they,
7  like Sargent -- they were more or less a twin
8  to Sargent -- provided samples to us.
9  Q.  Okay. And those are pharmacies, then?
10  A.  Well, you know, two of them are pharmacies and
11  then McKesson and Robbins is a --
12  Q.  Let me stop you just right there. Let me just
13  be specific. Highland Prescription Drug and
14  then Sargent Drug in Chicago, those are both
15  pharmacies, correct?
16  A.  Those are high-level prescription pharmacies,
17  or were at that time.
18  Q.  When you say "high-level," high quality?
19  A.  High quality: very, very technically
20  sophisticated.
21  Q.  Okay. Thank you. And did you ever
22  specifically ask Highland Prescription Drug
23  which manufacturers they stocked?
24  A.  No.
25  Q.  Do you know if they stocked generics?

Page 230

1  A.  No.
2  Q.  With respect to Sargent Drug, did you
3  specifically ask them which manufacturers they
4  stocked?
5  A.  No.
6  Q.  Do you know if they stocked generics?
7  A.  I think the answer is no, but in each case, I
8  would presume that --
9  Q.  Actually, it's fairly important that we stick
10  to what you know. If you just answer to what
11  you know, then I want to talk about it.
12        MR. BRANDON LEVINE:  Brian, let him
13  finish his -- this is Brandon Levine. I'm
14  standing in for Aaron. Let him finish his
15  answer. You interrupted him.
16        THE REPORTER:  Wait, wait, wait.
17  Excuse me, one at a time. I am not on the
18  record, okay?
19        (Discussion off the record.)
20        MR. HENNINGER:  Should we start again,
21  Brandon, and we can do it in a more orderly
22  way?
23  Q.  (By Mr. Henninger) Here is my question,
24  Doctor. And if Brandon needs to object, he can
25  do that. Doctor, it is important to me in this

Page 231

1  case, and I think to the plaintiff as well,
2  that you answer this question only with respect
3  to what you know and that you not make
4  assumptions because this is, in essence, all
5  about what you know and not what you presume.
6     So do you know whether or not Sargent Drug in
7     Chicago stocked generics?
8  A.  I do not personally know.
9  Q.  Okay. Thank you. The same questions with
10  respect to McKesson and Robbins. Do you know
11  which drugs they stocked or distributed?
12  A.  No.
13  Q.  Do you know which manufacturers they stocked or
14  distributed?
15  A.  No.
16  Q.  No. With respect to Abbott Labs, do you know
17  whether you actually received any drugs from
18  Abbott or they just helped you facilitate
19  people to send you drugs?
20  A.  I do not think -- I do not think that I
21  received any drugs directly from Abbott
22  Laboratories. It was more a supportive and a
23  communicating thing, so that if I had drugs
24  from Abbott, I got them through another source.
25  Q.  So they just facilitated. Thank you.

Page 232

1  A.  Yes.
2  Q.  Okay. Now, you testified earlier that the --
3  and correct me if I'm wrong about this, that
4  the purpose of the statement that you provided,
5  and I'm referring to Exhibit No. 5 here, was to
6  show, I believe you mentioned specifically, the
7  power of the guide to take an unknown pill or
8  solid dosage form and be able to tell what it
9  is. Is that correct?
10  A.  Yes. I would qualify it a little bit, but
11  fundamentally, I was doing a tutorial on the
12  "Drug Identification Guide."
13  Q.  And that's your area of expertise, that's why
14  you're here, correct, is to be able to show how
15  the guide can be used to identify unidentified
16  solid dosage forms?
17  A.  Yes.
18  Q.  In your understanding sitting here today, do
19  you have expertise in another area or another
20  aspect of this litigation?
21  A.  I don't think so. I think that I should focus
22  on the JAMA "Drug Identification Guide."
23  Q.  Okay.
24  A.  Do you have any suggestions?
25  Q.  I think that's just fine, and I want your

Exhibit 3A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KIMBERLY C. CUTONE and
ANTHONY CUTONE,

　　　　　　　Plaintiffs,

　　　v.

ELI LILLY AND COMPANY,

　　　　　　　Defendant.

CIVIL ACTION No. 04-CV-12725 (JLT)

## DEFENDANT ELI LILLY AND COMPANY'S
## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Eli Lilly and Company ("Lilly") submits this Memorandum of Points and

Authorities in Support of its Motion for Summary Judgment. Lilly is entitled to summary

judgment on all claims because Plaintiffs Kimberly Cutone and her husband Anthony Cutone[1]

("Plaintiffs") have not come forward with competent evidence to identify Lilly as the

manufacturer of the drug to which Kimberly was allegedly exposed. At least 60 manufacturers

produced diethylstilbestrol ("DES") in 1969 and early 1970 when the drug was allegedly

ingested. Plaintiffs, however, seek to prove that a Lilly product was used based only on an

inconclusive physical description of a pill taken 36 years ago -- a description that fits the product

of one manufacturer known to have sold the drug that year and may fit the products of many

others whose descriptions are simply not known. Nothing about the utilitarian description given

-- white, round, and scored -- is unique or particularly exotic. There is no reason why other

---

[1] Anthony Cutone asserts a claim for loss of consortium.

8.     Bristol-Myers Squibb Company made and sold diethylstilbestrol as a white, cross-scored pill under the brand name Stilbetin. *See* John J. Hefferon, *Description of the Identification Guide*, 182 JAMA 1146, 1195 (1962) (attached as Ex. 7 to Dwyer Aff.).

9.     There is no information about the physical description of the great majority of the DES pills available in 1969 and 1970; there is no evidence that Lilly's product was the only one to meet the description given by Plaintiffs.

10.     Plaintiffs have not produced any prenatal medical records indicating that Ms. Camporesi was prescribed Lilly's diethylstilbestrol.

11.     Plaintiffs have not produced any prescription slips or pharmacy records concerning any drug prescribed to Ms. Camporesi during the pregnancy that resulted in Mrs. Cutone's birth.

## ARGUMENT

### I.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Carroll v. Xerox Corp.*, 294 F.3d 231, 236-37 (1st Cir. 2002). Once the moving party has pointed to the absence of adequate evidence supporting the nonmoving party's case, the nonmoving party must come forward with facts that show a genuine issue for trial. *Carroll*, 294 F.3d at 236. Neither "conclusory allegations [nor] improbable inferences" are sufficient to defeat summary judgment. To withstand a properly supported motion for summary judgment, the opposing party must present "enough competent evidence" to enable a fact finder to decide in its favor on the disputed claims. *Id.* at 236-37 (quoting *Goldman v. First Nat'l Bank of Boston*, 985 F.2d 1113, 1116 (1st Cir. 1993)) (citations omitted).

injuries. She sues the owner of a white car that was driving on the same street on the same day that she was hit. During discovery, it comes to light that the street was actually full of cars of varying descriptions that day. To recover in these circumstances, on the basis of a physical description, a plaintiff would have to prove that none of the other cars on the street was white. If one or more other cars were white, it would be just guessing to say that one white car rather than another caused the injury. If the color of the other cars was not known, it would equally be just a guess to *assume* that none of them were white. A verdict cannot rest on such "conjecture." *See Rapid Transit, Inc.*, 58 N.E.2d at 755.

Here, Plaintiffs cannot meet their burden by eliminating other DES manufacturers as potential tortfeasors. Plaintiffs are trying to identify Lilly as the manufacturer of the drug ingested by Ms. Camporesi based on nothing more than a pill description that fits at least one other known manufacturer. During her deposition, Ms. Camporesi described the DES she allegedly ingested as a round, smooth, flat, hard, uncoated, white pill with a cross and no other markings. Camporesi Tr. at 33, 44 (Dwyer Aff., Ex. 2). Plaintiffs have offered no evidence that Ms. Camporesi's description identifies Lilly and excludes all other possibilities, nor have they established that Lilly was the only manufacturer to offer a DES pill fitting that description. In fact, it is clear that Lilly was not the only company to produce such DES pills. Bristol-Myers Squibb Company made and sold diethylstilbestrol as a white, cross-scored pill under the brand name Stilbetin. *See* John J. Hofferon, *Description of the Identification Guide*, 182 JAMA 1146, 1195 (1962) (Dwyer Aff., Ex. 7). For the great majority of the other 60-plus companies who manufactured DES in 1969 to 1970, there is no information or evidence concerning the appearance of their pills. Plaintiffs have not, and personally cannot, adduce evidence that no other company produced a pill fitting Ms. Camporesi's description. Without more, Ms.

Exhibit 3B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JULIE DELANEY and
WILLIAM P. DELANEY

    Plaintiffs,

   v.

ELI LILLY AND COMPANY,

    Defendant.

CIVIL ACTION No. 05-CV-10241 (MLW)

## DEFENDANT ELI LILLY AND COMPANY'S
## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

  Defendant Eli Lilly and Company ("Lilly") submits this Memorandum of Points and

Authorities in Support of its Motion for Summary Judgment. Lilly is entitled to summary

judgment on all claims because Plaintiffs Julie Delaney and her husband William Delaney[1]

("Plaintiffs") have not come forward with competent evidence to identify Lilly as the

manufacturer of the drug to which Julie was allegedly exposed. At least 60 manufacturers

produced diethylstilbestrol ("DES") in 1969 and early 1970 when the drug was allegedly

ingested. Plaintiffs, however, seek to prove that a Lilly product was used based only on a

physical description of a pill taken 36 years ago -- a description that fits one non-Lilly product in

those years and may fit many other such products whose descriptions are simply not known.

Nothing about the utilitarian description given -- white, round, and scored -- is unique or

particularly exotic. There is no reason why other companies could not have made similar pills.

---

[1] William Delaney asserts a claim for loss of consortium.

B3249685.1

10.    In 1969 and 1970, DES was manufactured by more than 60 different companies.
*See* 1969 Red Book (excerpt attached as Exhibit 7 to Henninger Aff.) (identifying 68 DES
manufacturers); 1970 Red Book (excerpt attached as Exhibit 8 to Henninger Aff.) (identifying 60
DES manufacturers; 1969 Blue Book (excerpt attached as Exhibit 9 to Henninger Aff.)
(identifying 22 DES manufacturers); 1970 Blue Book (excerpt attached as Exhibit 10 to
Henninger Aff.) (same). At least 48 of these manufacturers marketed DES in 5 milligram and 25
milligram dosages. *Id.*

11.    Bristol-Myers Squibb Company made and sold diethylstilbestrol as a 100
milligram, white, cross-scored pill under the brand name Stilbetin. *See* John J. Hefferon,
*Description of the Identification Guide*, 182 JAMA 1146, 1195 (1962) (attached as Ex. 11 to
Henninger Aff.).

12.    There is no information about the physical description of the great majority of the
DES pills available in 1969 and 1970; there is no evidence that Lilly's product was the only one
to meet the description given by Plaintiffs.

13.    Plaintiffs have not produced any prescription slips or pharmacy records
concerning any drug prescribed to Ms. O'Leary during the pregnancy that resulted in Mrs.
Delaney's birth.

**ARGUMENT**

**I.    SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party is entitled to a judgment as a
matter of law." Fed. R. Civ. P. 56(c); *Carroll v. Xerox Corp.*, 294 F.3d 231, 236-37 (1st Cir.
2002). Once the moving party has pointed to the absence of adequate evidence supporting the

29-30 (Henninger Aff., Ex. 3). Plaintiffs have offered no evidence that Ms. O'Leary's description identifies Lilly and excludes all other possibilities, nor have they established that Lilly was the only manufacturer to offer a DES pill fitting that description. In fact, it is clear that Lilly was not the only company to produce such DES pills. Bristol-Myers Squibb Company made and sold diethylstilbestrol as a white, cross-scored pill under the brand name Stilbetin. *See* John J. Hefferon, *Description of the Identification Guide*, 182 JAMA 1146, 1195 (1962) (Henninger Aff., Ex. 11). For the great majority of the other 60-plus companies who manufactured DES in 1969 to 1970, there is no information or evidence concerning the appearance of their pills. Plaintiffs have not, and personally cannot, adduce evidence that no other company produced a pill fitting Ms. O'Leary's description. Without more, Ms. O'Leary's description does not make it more likely than not that Lilly, as opposed to Bristol-Myers Squibb or some other unidentified drug company, manufactured the DES to which Mrs. Delaney was exposed.

This situation is very similar to a recent case in the District of Columbia where the court granted Lilly summary judgment because plaintiff's identification of a small, round, white pill with a cross and no other markings failed to exclude all other DES pills. *See Galvin v. Eli Lilly & Co.*, No. 03-1797, slip op. (D.D.C. June 10, 2005). In subsequently denying the Galvin plaintiff's Motion to Alter or Amend Judgment, the court emphasized that testimony regarding another manufacturer's pill that met plaintiff's mother's description was not offered to show that this pill was actually stocked by the pharmacy used by the plaintiff's mother (and thus presumably dispensed to plaintiff's mother) but, rather, to show that the plaintiff could not eliminate the possibility based on her mother's unexceptional pill description. *See Galvin v. Eli Lilly & Co.*, No. 03-1797, slip op., pp. 7-8 (D.D.C. September 12, 2005); *see also Bortell v. Eli*

B3249685.1                                    - 8 -

Exhibit 3C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHELLE TAIT and STEVEN TAIT,<br>    Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-cv-2082 |
| | ) | |
| ELI LILLY AND COMPANY,<br>    Defendant. | ) | |

## DEFENDANT ELI LILLY AND COMPANY'S MEMORANDUM
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

This is a products liability action allegedly involving the prescription drug diethylstilbestrol ("stilbestrol" or "DES"), an unpatented synthetic estrogen used for decades to treat a variety of conditions, including the treatment of some types of cancer and some accidents of pregnancy. On July 16, 2004, plaintiffs Michelle and Steven Tait ("plaintiffs") filed this action against Eli Lilly and Company ("Lilly"), alleging Michelle Tait's mother, Alberta Jean Steffen, ingested DES during her pregnancy with Michelle Tait in 1968-69 and that, as a result, plaintiff sustained certain alleged injuries. Lilly now moves for summary judgment because the undisputed facts and relevant law establish that plaintiffs' claims fail as a matter of law.

First, Texas law requires that plaintiffs prove that Michelle Tait was exposed to DES. Plaintiff, however, has no admissible evidence that her mother ingested DES during her pregnancy with plaintiff. Plaintiff has identified no pharmacy, medical or other records showing that plaintiff's mother, Mrs. Steffen, took DES during her pregnancy with plaintiff. Instead, plaintiff offers inadmissible hearsay testimony that her mother was prescribed DES during her pregnancy with plaintiff. In the absence of admissible evidence that plaintiff was exposed *in*

1987566v1

12. More than 65 companies manufactured DES in dosage sizes indicated for use in pregnancy in 1968 and 1969. (*See* excerpts from 1968 and 1969 Drug Topics Red Book and excerpts from 1968 and 1969 American Druggist Blue Book, **Attachments 1 and 2** respectively, to Affidavit of M. Scott Michelman in Support of Defendant Eli Lilly and Company's Motion for Summary Judgment, attached hereto as **Exhibit 5**.)

13. Among the more than 65 companies that manufactured DES in dosage sizes indicated for use in pregnancy in 1968 and 1969, some manufactured a white, cross-scored pill, including but not limited to, Squibb (Exhibit 5, 1968 and 1969 American Drug Topics Red Book at pp. 155, 442 and pp. 154, 435 respectively; *see also* John J. Hefferen, <u>Description of the Identification Guide</u>, JAMA, Dec. 22, 1962, at pp. 129, 151, attached hereto as Attachment 3 to Exhibit 5.)

14. In response to written discovery, plaintiffs produced a "Statement" signed by Felipe Salinas, a pharmacist who worked at a Mading-Dugan drug store located at 2801 Red Bluff Road in Pasadena, Texas from 1961 through 1970. (*See* "Statement of Pharmacist," attached hereto as **Exhibit 6**.)

15. Mr. Salinas never worked at the South Park Mading-Dugan drug store in Houston, Texas, nor has he ever visited the store. (Felipe Salinas Depo., excerpts attached hereto as **Exhibit 7**, pp. 8, 24.)

16. Mr. Salinas testified that he has no knowledge regarding what brand of DES the South Park Mading-Dugan drug store carried and the pharmacists at Mading Drug stores could order any brand of drugs they desired. (*Id.*, at p. 12.)

17. Mr. Salinas cannot testify as to who manufactured the diethylstilbestrol Mrs. Steffen claims to have purchased from the South Park Mading-Dugan drug store. (*Id.*, at p. 28.)

18. Plaintiffs have identified no records of her mother's pregnancy with her in response to Lilly's discovery requests. (*See* Plaintiff Michelle Tait's Response to Defendant Eli

-4-

1987566v1

Appendix 4

LAW OFFICES

AARON M. LEVINE & ASSOCIATES

BOARD CERTIFIED TRIAL ADVOCATE
FIFTH FLOOR
1320 NINETEENTH STREET, N.W.
WASHINGTON, D.C. 20036

BRANDON J. LEVINE
JENNIFER A. LEVINE*
RENEE L. ROBINSON-MEYER
STEVEN J. LEWIS

MARICEL L. CRUZ, R.N. B.S.N.
THOMAS L. MCDONALD, M.P.H.
YVONNE SIPMAN, R.N.
MEDICAL SPECIALISTS

TEL (202) 833-8040
FAX (202) 833-8046
TOLL FREE (888) 868-5380
aaronlevinelaw@aol.com
www.aaronlevinelaw.com

*ADMITTED IN NEW YORK AND ILLINOIS ONLY

October 29, 2004

James J. Dillon, Esq.
Foley Hoag, LLP
155 Seaport Boulevard
Boston, MA .02210

Dear Jim:

Enclosed is Harold Sparr's report and study, with supporting documents.

As I told you previously, we intend to use Mr. Sparr's testimony, as set forth in his report, together with the supporting documents, in every case in this office, in which product identification is an issue.

You may consider this as an amendment of our Interrogatories and 26(a)(4) Statements. If you wish a more formal amendment of discovery, please let me know. Otherwise, I assume that you are consenting to this procedure.

Very sincerely,

Aaron M. Levine

AML:hm
Enclosures
cc:    James. M. Wood, Esq.
       Patricia M. Stanford, Esq.
       David Brooks, Esq.

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| CONNIE FRANCO PAVLICAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2006 CA 006749 B |
| v. | ) | Judge Mary A. Terrell |
| | ) | Next Event:   Discovery Closed |
| ELI LILLY AND COMPANY, et al., | ) | July 13, 2007 |
| | ) | |
| Defendants. | ) | |

## (PROPOSED) ORDER

**UPON CONSIDERATION** of Defendant Eli Lilly and Company's Motion to Strike Untimely Expert Designations or in the Alternative to Extend Discovery, Plaintiff's Opposition thereto, and for good cause shown, it is hereby

ORDERED that Defendant's Motion to Strike is DENIED.

Dated _____, 2007


_____
The Honorable Mary A. Terrell
Superior Court Judge

With Copies to:

| | |
|---|---|
| Aaron M. Levine, Esq. | aaronlevinelaw@aol.com |
| Michelle R. Mangrum, Esq. | mmangrum@shb.com |
| John Chadwick Coots, Esq. | jcoots@shb.com |
| Emily Laird, Esq. | elaird@shb.com |
| Judith O'Grady, Esq. | jogrady@shb.com |
| Janet K. Coleman, Esq. | jcoleman@whitneybogris.com |
| David D. Hudgins, Esq. | dhudgins@hudginslawfirm.com |
| Sean McDonough, Esq. | smcdonough@hudginslawfirm.com |

FILE
7/12/07

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CONNIE FRANCO PAVLICAS,   \*
             \*
     Plaintiff,   \*
             \*  **CIVIL ACTION NO. 2006 CA 006749B**
  vs.        \*
             \*  **Judge Mary A. Terrell**
ELI LILLY AND COMPANY, et al., \*
             \*
     Defendants.   \*
             \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### CERTIFICATE REGARDING DISCOVERY

   I hereby certify that on the 12th day of July, 2007, I served Defendant Eli Lilly and Company's Amended Notice of Taking Deposition *Duces Tecum* of David L. Rosenfeld, M.D. via first-class United States Mail, postage prepaid, on counsel of record for all parties to this action as listed on the attached certificate of service.

          Respectfully submitted,

          /s/ Judith L. O'Grady_____
          Michelle R. Mangrum, D.C. Bar No. 473634
          John Chadwick Coots, D.C. Bar No. 461979
          Judith L. O'Grady, D.C. Bar No. 494290
          SHOOK, HARDY & BACON L.L.P
          600 14TH Street, N.W., Suite 800
          Washington, D.C. 200005-2004
          Phone: (202) 783 -8400
          Fax: (202) 783-4211

          and

140885v1

LILY- 131454 OCPH 03 03

David W. Brooks
Mark C. Hegarty
John F. Kuckelman
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

2

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2007, I caused the following documents:

CERTIFICATE REGARDING DISCOVERY

to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-filing participants in this matter.

> Aaron M. Levine
> Aaron Levine & Associates
> 1320 19th St., N.W., Ste. 500
> Washington, D.C. 20036
> **Attorneys for Plaintiff**
>
> Janet K. Coleman
> Whitney & Bogris LLP
> 401 Washington Avenue
> 12th Floor
> Towson, MD 21204
> **Attorneys for Mallinckrodt Inc. and GlaxoSmithKline, Inc.**
>
> David D. Hudgins
> Sean C.E. McDonough
> Hudgins Law Firm
> 515 King Street
> Suite 400
> Alexandria, VA 22314
> **Attorneys for Person & Covey, Inc.**

> /s/ Judith L. O'Grady
> **ATTORNEY FOR DEFENDANT**
> **ELI LILLY AND COMPANY**

140885v1

3

Printable Summary

Page 1 of 2

 Your submission was successful! Your trace number is **ED301J020038922**. The details of your filing are shown below.


07/12/2007 3:48:26 PM (Eastern (U.S. and Canada))

**This is not your official receipt. Your receipt may be viewed in Review Status after your Filing Status changes to "Confirmation".**

| Description of Fee | Amount |
|---|---|
| eFiling Processing Fees | $10.34 |
| Court Filing Fees | $0.00 |
| CaseFileXpress eService Fee | $1.00 |
| CaseFileXpress Filing Fee | $4.00 |
| **Total cost of filing:** | **$15.34** |

### Personal Information

**Filer:** jogrady
**Attorney of Record:** jogrady
**Name:** Judith O'Grady
**Law Firm or Organization:** Shook Hardy & Bacon LLP
**Bar Number:** 494290
**Filer Position:** Attorney
**Address:** 600 14th Street, N.W.
Suite 800
Washington, DC 20005
**Phone:** (202) 783-8400
**Fax:** (202) 783-8411
**Email:** jogrady@shb.com

### Payment Information

**Payment Method:** Credit Card
**Address:** 105 Decker Ct.
Irving, TX 75062
**Credit Card Type:** MAST
**Credit Card #:** XXXX XXXX XXXX 4138
**Cardholder Name:** SHOOK HARDY BACON DC

### Filing Information

**Case Title:** Connie Franco Pavlicas v. Eli Lilly and Company, et al.
**Sealed Case:** No
**County Name:** D.C. Superior Court
**Court Type:** District
**Court Name:** D.C. Superior Court
**Cause/Case Number:** 2006 CA 006749 B
**Document Type:** Certificate Regarding Discovery Filed
**Plaintiff Attorney(s):**
Aaron Levine - Electronic service of copies
**Defendant Attorney(s):**

| | |
|---|---|
| John Coots | - Electronic service of copies |
| Elizabeth Ewert | - Electronic service of copies |
| Emily Laird | - Electronic service of copies |
| Jaime Luse | - Electronic service of copies |
| Kathleen Bustraan | - Electronic service of copies |

### Document Information

**File Name:** 01 Pavlicas - Certificate Regarding Amended Discovery Rosenfeld.pdf

Printable Summary                                                    Page 2 of 2

Christopher
Garvey

Michelle Mangrum    - Electronic service of copies

Michael McManus    - Electronic service of copies

Jennifer Levy    - Electronic service of copies

David Hudgins    - Electronic service of copies

John Anderson    - Electronic service of copies

Sean McDonough    - Electronic service of copies

Sidney Leech    - Electronic service of copies

Aaron Bailey    - Electronic service of copies

Janet Coleman    - Electronic service of copies

Judith O'Grady

**Judge(s):** Mary Terrell

**Special Instructions:** Certificate Regarding Discovery

**Client Matter #:** LILY.131454

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

CONNIE FRANCO PAVLICAS                          *

    Plaintiff                          *

                                     C.A. No.: 06-CA-0006749 B

v.                                              *   Judge: Mary A. Terrell

ELI LILLY & COMPANY, et al.                     *

    Defendants                         *

     *    *    *    *    *    *    *    *    *

## PRAECIPE OF DISMISSAL WITH PREJUDICE

Mr. Clerk:

    Please be advised that the Plaintiff in the above-captioned case, acting through her

counsel, Aaron M. Levine & Associates, P.A., and the Defendant, Bristol-Myers Squibb

Company, acting through its attorneys, Sidney G. Leech and Goodell, DeVries, Leech &

Dann, LLP, have reached a settlement in the above-captioned case.  These parties agree

to the dismissal "with prejudice" of the above-captioned case as to the Defendant,

Bristol-Myer Squibb Company only.


_____
Aaron M. Levine (D.C. Bar No. 7864)
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040
*Attorneys for Plaintiffs*

_____
Sidney G. Leech (D.C. Bar No. 359071)
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
*Attorneys for Defendant,*
*Bristol-Myers Squibb Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this _13th_ day of _July_, 2007, a copy of the foregoing Praecipe of Dismissal With Prejudice was mailed via first-class mail, postage prepaid, to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036; *Attorney for Plaintiffs*

Michelle R. Mangrum, Esquire
Shook Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

David W. Brooks, Esquire
Shook, Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64109; *Attorneys for Eli Lilly & Company*

Elizabeth Ewert, Esquire
Michael J. McManus, Esquire
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209; *Attorneys for Defendants Pharmacia and Upjohn Company; Merck & Company; Ortho-McNeil Pharmaceuticals, Inc.*

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102; *Attorneys for Dart Industries, Inc.*

Janet Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204; *Attorneys for GlaxoSmithKline, Inc. and Mallinckrodt, Inc.*

Aaron M. Bailey, Esquire
Goodwin Proctor, LLP
911 New York Avenue, Suite 900
Washington, D.C. 20001 ; *Attorneys for Premo Pharmaceutical Laboratories, Inc.*

2

Jaime W. Luse, Esquire
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, Maryland  21202; *Attorneys for Elan Pharmaceuticals*

David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia  22314; *Attorneys for Person & Covey, Inc.*

Sidney G. Leech

3

SUPERIOR COURT FOR THE
DISTRICT OF COLUMBIA
(Civil Division)

CONNIE FRANCO PAVLICAS,       )
                              )
        Plaintiff,            )        Civil Action No.: 06-CA-006749
                              )        (GMA)
        v.                    )
                              )
ELI LILLY AND COMPANY, et al. )
                              )
        Defendants.           )

### STIPULATION OF AND MOTION FOR DISMISSAL WITH PREJUDICE

Pursuant to Rule 41 of the Superior Court Rules of Civil Procedure, it is hereby

stipulated by the undersigned the attorneys of record in the above-captioned action that

whereas no party hereto is an infant or incompetent person for whom a committee has

been appointed and no person not a party has an interest in the subject matter of this

action, that any and all claims asserted by Plaintiff Connie Franco Pavlicas in the above-

captioned action are dismissed as to Defendant Elan Pharmaceuticals, Inc. f/k/a Carnrick

Laboratories, Inc., with prejudice and without costs to either party as against the other.

Dated: Washington, D.C.
        May 10, 2007
        July

_____
Aaron M. Levine, D.C. Bar No. 7864
Brandon J. Levine, D.C. Bar No. 41230
Renee L. Robinson-Meyer, D.C. Bar No. 455375
Steve Lewis, D.C. Bar No. 472564
Aaron M. Levine & Associates
1320 Nineteenth Street, N.W. – Fifth Floor
Washington, D.C. 20036

Counsel for Plaintiff

_(signature)_

Jamie Walker Luse, D.C. Bar No. 501944
Tydings & Rosenberg LLP
100 East Pratt Street
Baltimore, Maryland 21202
(410) 752-7900

Counsel for Defendant Elan Pharmaceuticals, Inc.,
f/k/a Carnrick Laboratories, Inc.

So Ordered:

Dated: _____, 2007

_____
Mary A. Terrell
Superior Court Judge

201502.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of July, 2007, a true copy of the foregoing Stipulation of and Motion for Dismissal with Prejudice was electronically filed with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an electronic filing to the following e-filing participants in this matter:

The Honorable Mary A. Terrell
Superior Court of the District of Columbia
500 Indiana Avenue, N.W.
Washington, D.C. 20036

Aaron M. Levine, Esquire
1320 19th Street, N.W.
Suite 500
Washington, D.C. 20036

Michelle R. Mangrum, Esquire
Shook, Hardy & Bacon, L.L.P.
600 14th Street, N.W.
Suite 800
Washington, D.C. 20005

Sidney G. Leech, Esquire
Goodell, DeVries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, Maryland 21202

Michael J. McManus, Esquire
Drinker Biddle & Reath, LLP
1500 K Street, N.W.
Suite 1100
Washington, D.C. 20005

Janet K. Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204

#622589v.1

Aaron M. Bailey, Esquire
Goodwin Procter LLP
901 New York Avenue, N.W.
9th Floor East
Washington, D.C. 20001

David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street
Suite 400
Alexandria, Virginia 22314

John F. Anderson, Esquire
Troutman Sanders LLP
1660 International Drive
Suite 600
McLean, Virginia 22102

/s/ Jaime W. Luse
Jaime W. Luse

#622589v.1

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

CONNIE FRANCO PAVLICAS,

Plaintiff,

v.

ELI LILLY AND COMPANY, et al.

Defendants.

Civil Action No. 06-0006749

Judge Mary A. Terrell

## STIPULATION OF DISMISSAL WITH PREJUDICE AS TO DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.

The parties, Plaintiff, Connie Pavlicas, through her undersigned counsel, Aaron M. Levine of Aaron M. Levine & Associates, and Defendant, Premo Pharmaceutical Laboratories, Inc., by its undersigned counsel, Aaron Bailey, of Goodwin Procter LLP, hereby stipulate that Plaintiff's claims against Premo Pharmaceutical Laboratories, Inc., only, may and shall be dismissed with prejudice, with each party bearing their own costs, expenses, and attorneys' fees.

Respectfully Submitted,

Aaron M. Levine (Bar #7864)
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C.  20036
(202) 833-8040
*Attorneys for Plaintiff*
*Connie Pavlicas*

Aaron M. Bailey (Bar # 484262)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C.  20001
(202) 346-4000
*Attorneys for Defendant*
*Premo Pharmaceutical Laboratories, Inc.*

Of Counsel:
Christopher J. Garvey, Esq.
GOODWIN PROCTER, LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800

IT IS SO ORDERED:

Dated: _____, 2007

_____
The Honorable Mary A. Terrell
Judge of Superior Court

2

# Exhibit B

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

CONNIE FRANCO PAVLICAS                    *

        Plaintiff                            *

                              C.A. No.: 06-CA-0006749 B
v.                                        *    Judge: Mary A. Terrell

ELI LILLY & COMPANY, et al.               *

        Defendants                           *

    *      *      *      *      *      *      *      *      *

### PRAECIPE OF DISMISSAL WITH PREJUDICE

Mr. Clerk:

    Please be advised that the Plaintiff in the above-captioned case, acting through her

counsel, Aaron M. Levine & Associates, P.A., and the Defendant, Bristol-Myers Squibb

Company, acting through its attorneys, Sidney G. Leech and Goodell, DeVries, Leech &

Dann, LLP, have reached a settlement in the above-captioned case.  These parties agree

to the dismissal "with prejudice" of the above-captioned case as to the Defendant,

Bristol-Myer Squibb Company only.


Aaron M. Levine (D.C. Bar No. 7864)
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040
*Attorneys for Plaintiffs*

Sidney G. Leech (D.C. Bar No. 359071)
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
*Attorneys for Defendant,*
*Bristol-Myers Squibb Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this *13* day of *July*, 2007, a copy of the foregoing Praecipe of Dismissal With Prejudice was mailed via first-class mail, postage prepaid, to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036; *Attorney for Plaintiffs*

Michelle R. Mangrum, Esquire
Shook Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

David W. Brooks, Esquire
Shook, Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64109; *Attorneys for Eli Lilly & Company*

Elizabeth Ewert, Esquire
Michael J. McManus, Esquire
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209; *Attorneys for Defendants Pharmacia and Upjohn Company; Merck & Company; Ortho-McNeil Pharmaceuticals, Inc.*

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102; *Attorneys for Dart Industries, Inc.*

Janet Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204; *Attorneys for GlaxoSmithKline, Inc. and Mallinckrodt, Inc.*

Aaron M. Bailey, Esquire
Goodwin Proctor, LLP
911 New York Avenue, Suite 900
Washington, D.C. 20001 ; *Attorneys for Premo Pharmaceutical Laboratories, Inc.*

2

Jaime W. Luse, Esquire
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, Maryland 21202; *Attorneys for Elan Pharmaceuticals*

David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia 22314; *Attorneys for Person & Covey, Inc.*

Sidney G. Leech

# Exhibit C

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONNIE FRANCO PAVLICAS,<br>55 Main Street, #10<br>Port Washington, NY  10163<br><br><br>       **Plaintiff,**<br><br>   **vs.**<br><br>ELI LILLY AND COMPANY, et al.,<br>Lilly Corporate Center<br>Indianapolis, IN 46285<br><br>      **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO. _____

SUPERIOR COURT NO.: 06-CA-006749

## DEFENDANT PHARMACIA AND UPJOHN COMPANY'S
## CONSENT TO REMOVAL

Defendant Pharmacia and Upjohn Company ("The Upjohn Company"), with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No.: 06-CA-006749), to this Court.

Elizabeth Ewert /by BMB

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC  20005
**ATTORNEYS FOR THE UPJOHN
COMPANY**

140916v1

# Exhibit D

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CONNIE FRANCO PAVLICAS,**<br>**55 Main Street, #10**<br>**Port Washington, NY 10163**<br><br><br>**Plaintiff,**<br><br>**vs.**<br><br>**ELI LILLY AND COMPANY, et al.,**<br>**Lilly Corporate Center**<br>**Indianapolis, IN 46285**<br><br>**Defendants**. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO. _____

SUPERIOR COURT NO.: 06-CA-006749

## DEFENDANT DART INDUSTRIES, INC.'S
## <u>CONSENT TO REMOVAL</u>

Defendant Dart Industries, Inc., with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No.: 06-CA-006749), to this Court.

John F. Anderson
D.C. Bar No. 393764
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102
**ATTORNEY FOR DART INDUSTRIES,**
**INC.**

140920v1

# Exhibit E

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONNIE FRANCO PAVLICAS,<br>55 Main Street, #10<br>Port Washington, NY 10163<br><br><br><br>       **Plaintiff,**<br><br>  vs.<br><br>ELI LILLY AND COMPANY, et al.,<br>Lilly Corporate Center<br>Indianapolis, IN 46285<br><br>       **Defendants**. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. _____<br>)<br>) SUPERIOR COURT NO.: 06-CA-006749<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT GLAXOSMITHKLINE'S
## CONSENT TO REMOVAL

Defendant GlaxoSmithKline, with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No.: 06-CA-006749), to this Court.

            _Janet Coleman / by BMB_

            Janet K. Coleman
            Daniel Whitney
            Whitney & Bogris, LLP
            401 Washington Avenue, 12th Floor
            Towson, MD 21204
            **ATTORNEYS FOR GLAXOSMITHKLINE**

140922v1

# Exhibit F

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CONNIE FRANCO PAVLICAS,<br>55 Main Street, #10<br>Port Washington, NY 10163 | )<br>)<br>)<br>)<br>)<br>) | |
| Plaintiff, | ) | CIVIL ACTION NO. _____ |
| | ) | |
| vs. | ) | SUPERIOR COURT NO.: 06-CA-006749 |
| | ) | |
| ELI LILLY AND COMPANY, et al.,<br>Lilly Corporate Center<br>Indianapolis, IN 46285 | )<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

## DEFENDANT MALLINCKRODT, INC.'S
## CONSENT TO REMOVAL

Defendant Mallinckrodt, Inc., with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No.: 06-CA-006749), to this Court.

Janet K. Coleman
Daniel Whitney
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**ATTORNEYS FOR MALLINCKRODT,
INC.**

140927v1

# Exhibit G

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CONNIE FRANCO PAVLICAS,<br>55 Main Street, #10<br>Port Washington, NY 10163 | ) ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. _____ |
| vs. | ) ) | SUPERIOR COURT NO.: 06-CA-006749 |
| ELI LILLY AND COMPANY, et al.,<br>Lilly Corporate Center<br>Indianapolis, IN 46285 | ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANT PERSON & COVEY, INC.'S
## CONSENT TO REMOVAL

Defendant Person & Covey, Inc., with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No.: 06-CA-006749), to this Court.

Sean C.E. McDonough
David D. Hudgins
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**ATTORNEYS FOR PERSON & COVEY,
INC.**

140930v1

# Exhibit H

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

CONNIE FRANCO PAVLICAS,                    )
55 Main Street, #10                        )
Port Washington, NY 10163                  )
                                           )
                    Plaintiff,             )
                                           )
          vs.                              )
                                           )
ELI LILLY AND COMPANY                      )          SUPERIOR COURT NO.
Lilly Corporate Center                     )            06-CA-06749
Indianapolis, IN 46285                     )
                                           )
and                                        )          DEFENDANT ELI LILLY AND
                                           )          COMPANY'S NOTICE OF
                                           )          REMOVAL TO FEDERAL COURT
BRISTOL-MYERS SQUIBB COMPANY               )
a successor of E.R. SQUIBB & SONS, INC.    )
P. O. Box 4500                             )
Princeton, NJ 08543                        )
                                           )
and                                        )
                                           )
PHARMACIA and UPJOHN COMPANY               )
(a/k/a THE UPJOHN COMPANY)                 )
100 Route 206 North                        )
Peapack, NJ 07977                          )
                                           )
and                                        )
                                           )
ABBOTT LABORATORIES, INC.                  )
100 Abbott Park Road                       )
Abbott Park, IL 60064                      )
                                           )
and                                        )
                                           )
DART INDUSTRIES, INC., a successor to      )
REXALL DRUG COMPANY, INC.                  )
w/s/o:  Sheila AnnMarie Moeller, Esq.      )
        Gilbride, Tusa, Last & Spellane LLC )
        31 Brookside Drive                 )
        Greenwich, CT 06836                )
                                           )
and                                        )
                                           )

GLAXOSMITHKLINE, INC.,                              )
a successor to S.E. Massengill and                  )
Burroughs-Wellcome Co.,                             )
1500 K Street, NW                                   )
Washington, D.C. 20036                              )
                                                    )
and                                                 )
                                                    )
PREMO PHARMACEUTICAL                                )
LABORATORIES, INC.                                  )
w/s/o:  Corporation Trust Co.                       )
        820 Bear Tavern Road                        )
        West Trenton, NJ 08628                      )
                                                    )
and                                                 )
                                                    )
ORTHO MCNEIL LABS, INC.                             )
Camp Hill Road                                      )
Ft. Washington, PA 19034                            )
                                                    )
and                                                 )
                                                    )
PERSON & COVEY, INC.                                )
616 Allen Avenue                                    )
Glendale, CA 91221                                  )
                                                    )
and                                                 )
                                                    )
MERCK & COMPANY, INC.                               )
P. O. Box 4                                         )
West Point, PA 19486                                )
                                                    )
and                                                 )
                                                    )
MALLINCKRODT, INC.                                  )
685 McDonnell Boulevard                             )
St. Louis, MO 63042                                 )
                                                    )
and                                                 )
                                                    )
ELAN PHARMACEUTICALS,                               )
A successor to CARNRICK                             )
LABORATORIES, INC.,                                 )
w/s/o:  CT Corporation                              )
        1025 Vermont Avenue, NW                     )
        Washington, DC 20005                        )

2

140933v1

)
**Defendants.**                           )

## <u>NOTICE OF REMOVAL TO FEDERAL COURT</u>

TO:    THE CLERK OF THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA, CIVIL DIVISION

PLEASE TAKE NOTICE that on the 24th day of July, 2007, Defendant Eli Lilly and Company filed in the United States District Court for the District of Columbia, a Notice of Removal of the above-styled action. A true and accurate copy of such Notice of Removal is attached hereto as Exhibit 1 and is incorporated herein by reference.

Pursuant to 28 U.S.C. § 1446(d), the filing of the attached Notice of Removal has effected the removal of the above-styled action, and the Superior Court of the District of Columbia, Civil Division, should proceed no further unless and until this case is remanded.

Respectfully submitted,

*John Chadwick Coots*

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
Judith L. O'Grady, D.C. Bar No. 494290
SHOOK, HARDY & BACON L.L.P.
600 14th Street, N.W., Suite 800
Washington, DC 20005-2004
Phone: (202) 783-8400; Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

3

140933v1

# CERTIFICATE OF SERVICE

I hereby certify that on July 24th, 2007, I caused the following documents:

DEFENDANT ELI LILLY AND COMPANY'S NOTICE OF REMOVAL TO
FEDERAL COURT

CERTIFICATE OF SERVICE

to be filed electronically with the Clerk of the Court through the Court's e-filing service,
CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to
the e-filing participants in this matter.

I further certify that I caused true and accurate copies of the above listed
documents to be mailed by first-class mail, postage paid, to the following counsel of
record:

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Janet K. Coleman
Daniel Whitney
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline, Inc.
and Mallinkrodt, Inc.**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb
Company**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company,
Pharmacia and Upjohn Company and
Ortho-McNeil Pharmaceuticals, Inc.**

Aaron M. Bailey
Goodwin Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001

Christopher Garvey
Diana Scharf
Goodwin Proctor, LLP
599 Lexington Ave.
New York, NY 10022

**Attorneys for Premo Pharmaceutical
Laboratories, Inc.**

Sean C.E. McDonough
David D. Hudgins
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005-5793
**Attorneys for Abbott Laboratories, Inc.**

140933v1

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA  22102
**Attorneys for Dart Industries, Inc.**

Harold M. Walter
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD  21202
**Attorneys for Elan Pharmaceuticals**

**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

140933v1