UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
CONNIE FRANCO PAVLICAS,       )
                           )
       Plaintiff,       )
                           )     Civil Action No.: 07-1318 (HHK)
     v.            )     Next Event:
                           )
ELI LILLY AND COMPANY, et al.,   )
                           )
      Defendants.     )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

## PLAINTIFF'S MOTION TO TRANSFER TO THE EASTERN DISTRICT OF NEW YORK

COMES NOW Plaintiff Connie Franco Pavlicas, through counsel, and moves under 28 U.S.C. § 1404(a) to transfer this cause of action to the Eastern District of New York, and as grounds therefore states:

1.      This is a products liability and personal injury case for injuries sustained by Plaintiff including, but not limited to, uterine abnormalities as a result of her embryonic exposure to diethylstilbestrol ("DES").

2.      Plaintiff was born in New York and resided the first seventeen years of her life in Commack, New York, which is in the Eastern District of New York.

3.      Plaintiff's mother procured the DES in question from a doctor's office in New York City.

3.      From 1997 to 2005, Plaintiff suffered her injuries while living in various cities in the Eastern District of New York.

4.      Plaintiff's treating physicians for her injuries are all in New York, all but two are in the Eastern District of New York.

5.      Although Plaintiff is now a resident of California, Plaintiff filed this case when she was a New York resident.

6.     New York law applies to this case.  All DES cases in the Eastern District of New York are handled by Judge Jack Weinstein, who has adjudicated hundreds of DES cases involving New York law.  The Eastern District of New York is a more appropriate jurisdiction to determine New York decisional law.

7.     This case was removed to this Court on July 20, 2007.

8.     At the time this case was removed, discovery was about to close.  Defendant Eli Lilly and Company has noted depositions of two of Plaintiff's treating physicians from the Eastern District of New York.  Any federal court hearing this case will be hearing it for little more than pretrial motions and trial.

9.     The facts adduced during discovery demonstrate that the District of Columbia's contacts with this case are not as strong as the contacts clustered in the Eastern District of New York.

WHEREFORE, for the above reasons, the reasons stated in the attached Memorandum of Points and Authorities, and for good cause shown, Plaintiff respectfully requests that this action be transferred to the Eastern District of New York.

Respectfully submitted,


 /s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
202-833-8040

Counsel for Plaintiff

## <u>LCvR 7.1(m) CERTIFICATION</u>

Plaintiff requested consent for this motion from defendants Eli Lilly and Company, Person & Covey, GlaxoSmithKline, and Mallinckrodt. Defendants Lilly, GlaxoSmithKline, and Mallinckrodt have refused consent. As of this date, counsel for Defendant Person & Covey has not responded to Plaintiff's request.

_____/s/ Aaron M. Levine_____
Aaron M. Levine

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
CONNIE FRANCO PAVLICAS,       )
                            )
       Plaintiff,       )
                            )    Civil Action No.: 07-1318 (HHK)
       v.          )    Next Event:
                            )
ELI LILLY AND COMPANY, et al.,   )
                            )
       Defendants.     )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF HER MOTION TO TRANSFER TO
<u>THE EASTERN DISTRICT OF NEW YORK</u>**

## I.    INTRODUCTION

       Plaintiff Connie Pavlicas brought this suit to compensate for infertility and other injuries caused by Plaintiff's exposure *in utero* to diethylstilbestrol ("DES") in the state of New York. New York is the most appropriate location for trial of this case, both for the convenience of the witnesses and for the interests of justice.

       For the vast majority of her life, Plaintiff and her mother lived in the Eastern District of New York.  <u>See</u> Plaintiff's Responses to Defendants' Uniform Requests for Information, pgs. 2-3, attached as Appendix 1.  Plaintiff was exposed to DES purchased and ingested in the state of New York.  <u>See</u> Plaintiff's Responses, pg. 6, App. 1.  The majority of Plaintiff's diagnosing and treating physicians practice in the Eastern District of New York; the remainder practice in New York City, well within the subpoena power of the Eastern District.  <u>See</u> Plaintiff's Responses, pg. 7, App. 1.  Plaintiff was a resident of the Eastern District of New York when she filed this suit, and asserts claims under New York law.  <u>See</u> Complaint, App. 2.

In <u>Albin v. Eli Lilly and Co.</u>, Civil Action No. 04-986 (D.D.C. July 30, 2004), attached as App. 3, the District Court for the District of Columbia granted a DES plaintiff's motion to transfer to the Eastern District of New York where the plaintiff's exposure and some of her medical treatment took place in New York, although the plaintiff was a Canadian resident. Here, Plaintiff's connection to New York is stronger than that in <u>Albin</u>; transfer therefore should be granted.

## II.    STANDARD ON MOTION TO TRANSFER

A transfer under 28 U.S.C. § 1404(a) is to any district where the action might have been brought. Plaintiff could have initially brought this suit in the Eastern District of New York. All defendants are corporations, which are deemed to reside in any district which can exercise personal jurisdiction over them. <u>See</u> 28 U.S.C. § 1391(c). A plaintiff may sue in any district that a defendant resides, if all defendants reside within a state. <u>See</u> 28 U.S.C. § 1391(a)(1).

In diversity, a District Court has the same jurisdiction as the state court in the same area. Defendants either currently conduct significant business within the state to subject them to jurisdiction or are subject to jurisdiction by virtue of having committed a tortious act against Plaintiff in New York, <u>see</u> N.Y. C.P.L.R. § 302. As all Defendants are subject to jurisdiction, and therefore reside, in the Eastern District of New York, this case could be transferred there.

The standard for transfer of venue as set forth by statute is "[f]or the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a), but "[c]ourts have considered various other factors, including the private interests of the parties and the public interests of the court" in construing § 1404. <u>Trout Unlimited v. United States Dep't of Ag.</u>, 944 F. Supp. 13, 16 (D.D.C. 1996).

The private interest considerations include, but are not limited to the (1) plaintiff's choice of forum, (2) the defendants' choice of forum, (3) whether the claim arose elsewhere, (4) the convenience of the parties, (5) the convenience of the witnesses, and (6) the ease of access to sources of proof.  Trout Unlimited, 944 F. Supp. at 16.  The public interest considerations include (1) the familiarity of the transferee forum with the governing laws, (2) the relative congestion of the court calendars, and (3) the local interest in deciding local controversies at home.  Id.

## III.    THE EASTERN DISTRICT OF NEW YORK IS MOST CONVENIENT FOR THE WITNESSES

The courts "must afford some deference" to Plaintiffs' choice of forum.  Trout Unlimited, 944 F. Supp. at 17.  Here, Plaintiffs elect to transfer; the weight of this factor is therefore not in favor of maintaining the present forum.  When the current forum has few meaningful ties to or interest in a lawsuit, the court must be "especially cautious" in allowing a case to remain there.  Trout Unlimited, 944 F. Supp. at 17.  If the forum is not the plaintiff's home forum, and the injury and initial treatment occurred elsewhere, the balance of interests is in favor of transfer.  Brannen v. National R.R. Passenger Corp., 403 F. Supp. 2d 89, 93 (D.D.C. 2005) (holding Maryland a more convenient forum where Texas residents were injured in Maryland and received treatment there).  This is a New York products liability case where no parties are residents of the District of Columbia.  The balance of interests favors transfer to a New York court.

The convenience of witnesses is often considered the most important factor in evaluating a motion to transfer.  Altamont Pharmacy, Inc. v. Abbott Lab's, No. 94 C. 6282, 2002 U.S. Dist. LEXIS 759 at *7 (N.D. Ill. 2002), attached as App. 3. In evaluating the convenience of the witnesses, the court considers a number of factors, including "(1) the number of witnesses

3

located in each district; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process for the attendance of witnesses; and (5) the situs of the material events." 2002 U.S. Dist. LEXIS 759 at *6-7 (N.D. Ill. 2002).  Here, there are no witnesses in the District of Columbia.  Within the subpoena power of the Eastern District of New York are all witnesses and documents relevant to Plaintiff's medical treatment.  For example, on August 16, 2007, Defendants will take the deposition of two of Plaintiff's treating physicians in the Eastern District of New York.  See Amended Notice of Deposition of Burton Krumholz, M.D. App. 4; Amended Notice of Deposition of David L. Rosenfeld, M.D., App. 5.  The Eastern District of New York is also the site of the material events involving these witnesses, including Plaintiff's medical treatment.  The Eastern District of New York is the more convenient jurisdiction.

A witness's inconvenience is material when the inconvenience may make the witness unavailable to testify.  Brannen, 403 F. Supp. 2d at 94.  While Plaintiff's mother is not available for subpoena by either the District of Columbia or the Eastern District of New York, she will appear without subpoena; Plantiff's mother has already appeared in Washington, D.C. to be deposed by Defendants' counsel.  Plaintiff's mother is therefore not inconvenienced by transfer to the Eastern District of New York.

Conversely, it will be more inconvenient to require Plaintiff's treating doctors to leave New York to testify in the District of Columbia.  Should any of them need to be subpoenaed, this Court does not have the power to do so, unlike the Eastern District of New York.

## IV.    THE EASTERN DISTRICT OF NEW YORK IS THE MOST APPROPRIATE FORUM FOR THE INTERESTS OF JUSTICE

The Eastern District of New York is a much better forum regarding the local interest factors.  "Controversies should be resolved in the locale where they arise."  Trout Unlimited, 944

F. Supp. at 19.  In a diversity case, the public interest factors weigh in favor of having a jury

apply its local laws.  See Brannen, 403 F. Supp. 2d at 96. As the Supreme Court noted:

> We pay great deference to the views of the judges of those courts
> who are familiar with the intricacies and trends of local law and
> practice . . .

Bishop v. Wood, 426 U.S. 341, 346 n. 10 (1976).

This Court has no close connection with this case.  Although discovery is all but closed

in this case, the case was removed July 20, 2007 and this Court has not yet occupied itself with

the disposition of this case.

New York, the place of Plaintiff's exposure to DES, applies a market share theory to

DES cases.  See Hymowitz v. Eli Lilly, 539 N.E.2d 1069 (N.Y. 1989).  The Eastern District of

New York has extensive experience in applying New York law regarding DES cases.  See, e.g.,

In re DES Cases, 789 F. Supp. 552 (E.D.N.Y. 1992) (discussing New York's DES cases in detail

in reference to consolidated DES litigation).   The case would be assigned to Judge Jack

Weinstein, who has a Standing Order referring all Eastern District DES cases to him.   Judge

Weinstein has extensive experience in handling DES cases.  See In re DES Cases, supra.  The

Eastern District of New York is the best district to interpret the market share law underpinning

this case.

**IV. CONCLUSION**

The Eastern District of New York is a more appropriate venue for this case.  It has

subpoena power over witnesses and documents relevant to Plaintiff Connie Pavlicas's exposure

to DES and has more experience with the governing law.  Therefore, Plaintiff requests to transfer

this case to the Eastern District of New York.

Respectfully submitted,


 /s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
202-833-8040

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
CONNIE FRANCO PAVLICAS,                )
                                       )
                 Plaintiff,            )
                                       )          Civil Action No.: 07-1318 (HHK)
        v.                             )          Next Event:
                                       )
ELI LILLY AND COMPANY, et al.,         )
                                       )
                 Defendants.           )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

**AFFIDAVIT OF AARON M. LEVINE AUTHENTICATING DOCUMENTS**

I, Aaron M. Levine, declare under penalty of perjury that the following is true and correct:

1.    Attached as Appendix 1 is a true copy of Plaintiff's Responses to Defendants' Amended Uniform Preliminary Requests for Information in the present case, dated November 1, 2006.

2.    Attached as Appendix 2 is a true copy of the Complaint in this case, dated September 1, 2006.

3.    Attached as Appendix 3 is a true copy of Plaintiff's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) in Albin v. Eli Lilly and Co., No. 04-986 (D.D.C.), and order granting same (D.D.C. July 30, 2004).

4.    Attached as Appendix 4 is a true copy of Defendant Eli Lilly and Company's Amended Notice of Taking Deposition *Duces Tecum* of Burton Krumholz, M.D. in the present case.

1

5.    Attached as Appendix 5 is a true copy of Defendant Eli Lilly and Company's Amended Notice of Taking Deposition *Duces Tecum* of David L. Rosenfeld, M.D. in the present case.

I declare under penalty of perjury that the foregoing is true and correct.

/s/  Aaron M. Levine
Aaron M. Levine

# Appendix 1

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

CONNIE PAVLICAS,                          ]
                                          ]
                Plaintiff,                ]
                                          ]     Civil Action No. 06-CA-0006749
        v.                                ]     Judge Mary A. Terrell
                                          ]
ELI LILLY AND COMPANY, et al.,            ]
                                          ]
                Defendants.               ]

## PLAINTIFF'S RESPONSES TO DEFENDANTS' AMENDED UNIFORM PRELIMINARY REQUESTS FOR INFORMATION

I.    GENERAL AS TO EACH PLAINTIFF

        1.    State the full name, address, social security number, and date and place of birth of each plaintiff.

**RESPONSE:**        a.    Connie Pavlicas

                     b.    Address: 27068 La Paz Road #477, Aliso Viejo, CA 92656

                     c.    SSN: 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

                     d.    DOB: 8/27/59

                     e.    Place of Birth: French Hospital, New York, NY

        2.    Identify each individual who the Complaint alleges was exposed to DES in utero (the "exposed person").

**RESPONSE:**        Connie Pavlicas

        3.    State separately the full name, current residential address, and social security number of the natural mother ("DES mother") and natural father of each exposed person. Identify any deceased parent, the date, place, and cause of death.

**RESPONSE:**

                     a.    Mother: Andriana Bicos; Address: 10025 Arbuckle Drive, Las Vegas, NV 89134; SSN: Unknown

      b.     Father: Michael Pavlicas (deceased); SSN: Unknown; Date of Death: 9/5/81; Place of Death: Salt Lake City, UT; Cause of Death: Heart Attack

    4.    State separately for each DES mother and exposed person all previous addresses, the dates and with whom each person resided at those addresses.

**RESPONSE:**    <u>Prior addresses for Plaintiff Connie Pavlicas:</u>

      a.     Olga Lane
            Commack, NY 11725
            (Birth - 1963; with parents and siblings)

      b.     53 Cross Bow Lane
            Commack, NY 11725
            (1963 - 1976; with parents and siblings)

      c.     3298 E. Nutmeg Street
            Salt Lake City, UT 84121
            (1976 - 1986; with aunt and uncle)

      d.     1 Standish Place
            Smithtown, NY 11788
            (1986 - 1987; alone)

      e.     78 Morris Street
            N. Brentwood, NY 11717
            (1987 - 1992; alone)

      f.     Guy Lombardo Avenue #2M
            Freeport, NY 11520
            (1992 - 1995; with husband)

      g.     12 Cross Bow Lane
            Commack, NY 11725
            (1995 - 2000; with husband)

      h.     12 Valley Road
            Kings Park, NY 11754
            (2000; with a friend)

      i.     34 Mud Road
            Setauket, NY 11733
            (2000; with a friend)

      j.     3 Ale Court

Centerport, NY 11721
(2000 - 2002; alone)

k.    25B Sintsink Drive West
Port Washington, NY 11050
(2002 - 2004; alone)

l.    55 Main Street #10
Port Washington, NY 11050
(2004 - 2005; alone)

Prior addresses for Andriana Bicos:

a.    1919 Daly Avenue
Bronx, NY 10460
(1940 - 1955; with immediate family)

b.    E. 167th Street at Grand Concourse
Bronx, NY 10452
(1955 - 1959; with husband Michael)

c.    Olga Lane
Commack, NY 11725
(1959 - 1963; with husband Michael and children)

d.    53 Cross Bow Lane
Commack, NY 11725
(1963 - 1980; with husband Michael and children)

e.    Address Unknown
Salt Lake City, UT
(1980 - 1983; with sister and brother-in-law)

f.    1681 W. Byron Avenue
Addison, IL 60101
(1983 - 1985; with husband Steve Bicos)

g.    1059 N. Jamey Lane
Addison, IL 60101
(1985 - 1995; with husband Steve Bicos)

II.    AS TO ALLEGATIONS OF INGESTION

As to the DES ingested by or administered to the DES mother during her pregnancy with an exposed person:

5.      State the name and last known address of each pharmacy or other person or facility from which the DES was obtained. If obtained from a pharmacy, state the name of each pharmacist who sold or provided the DES.

**RESPONSE:**

        a.       Drs. Mortimer Speiser and Mary Spalding

        b.       Last known address: 905 Fifth Avenue, New York, NY

6.      If the name of the specific pharmacy or other person or place who sold the DES is unknown, set forth the name and the last known address of each pharmacy or pharmacist with whom the person who purchased the DES dealt during the time period of the gestation of the exposed person.

**RESPONSE:**      See Plaintiff's Response to Request No. 5.

7.      Identify the source of the DES including, without limitation, the manufacturer or supplier. State the facts which form the basis of this knowledge and identify all documents upon which these facts are based.

**RESPONSE:**      Product identification is still under investigation and has not been finally concluded. See Statement of Andriana Bicos attached hereto as Appendix No. 1. Plaintiff reserves the right to supplement this response as discovery progresses.

8.      State the trade and/or generic name of the DES administered to or ingested by the DES mother.

**RESPONSE:**      Diethylstilbestrol.

9.      Describe in detail the physical appearance of the DES administered to or ingested by the DES mother, including its form, shape, color, size, dosage, and markings.

**RESPONSE:**      Pill form. Dosage unknown. Plaintiff reserves the right to supplement this response as discovery progresses.

10.     Describe in detail the container and packaging in which the DES was contained, including the kind, shape, color, and size.

**RESPONSE:**      See Statement of Andriana Bicos attached hereto as Appendix No. 1.

11.     Describe any labeling affixed to the container or packaging holding the DES and the

matter printed, written or typed thereon, including instructions for use, if any, and the locations and dates when any notations and writings were made thereon.

**RESPONSE:**        See Statement of Andriana Bicos attached hereto as Appendix No. 1.

12.    State the name and last known address of each medical professional who treated, examined or otherwise rendered professional services to the DES mother during her pregnancy with the exposed person.  Specify each professional who prescribed, administered and/or provided the DES.

**RESPONSE:**

        a.    Drs. Mortimer Speiser and Mary Spalding

        b.    Last known address: 905 Fifth Avenue, New York, NY

13.    State how the DES mother obtained the DES, including whether she did so on the authorization of a physician's prescription.  If so, identify the physician.

**RESPONSE:**        See Plaintiff's Response to Request No. 5.

14.    If a prescription for DES was received, identify all words, numerals, symbols, notations, and other markings appearing on the prescription.

**RESPONSE:**        Prescription was verbal.

15.    State the dates on which (or, if unknown, the approximate period, week, month or trimester of the DES mother's pregnancy with the exposed person during which) the prescription was made.

**RESPONSE:**        Early in pregnancy.

16.    State the complaints and purpose for which the drug was allegedly prescribed.

**RESPONSE:**        For the prevention of miscarriage.

17.    Describe the written or non-written instructions for use given by the prescribing practitioner on each prescription (written or otherwise) including the regimen to be followed. Identify the custodian(s) and location(s) of the instructions.  If available, attach copies thereof.

**RESPONSE:**        Plaintiff's mother recalls taking DES daily through the sixth month of

pregnancy.  Custodian and location of instructions unknown.

18.    Identify each prescribing practitioner who authorized any respective prescription to

be refilled and the date of each authorization.

**RESPONSE:**        See Plaintiff's Response to Request Nos. 12 and 13.

19.    State the number of times, and, if known, the dates on which (or, if unknown, the approximate period, week, month or trimester of the DES mother's pregnancy with the exposed person during which) each prescription was filled and/or refilled.

**RESPONSE:**        See Plaintiff's Response to Request No. 15. Plaintiff's mother does not recall

the number of times or exact dates that the prescription was refilled.

20.    State the dates on which (or, if unknown, the approximate period, week, month or trimester of the DES mother's pregnancy with the exposed person during which) the drug was ingested by or administered to the DES mother.

**RESPONSE:**        DES was ingested by Plaintiff's mother through the sixth month of pregnancy.

21.    State the name and last known address of each person who purchased or obtained the drug for use by the DES mother.

**RESPONSE:**        DES was obtained by Andriana Bicos.

22.    State, both as to the prescription of DES, and the administration or ingestion of DES, the: (a) dosage strength of each unit; (b) daily regimen; (c) means of administration; and (d) number of days of ingestion.

**RESPONSE:**        See Plaintiff's Response to Request Nos. 9, 17, and 20.

23.    State whether the regimen of DES taken by the DES mother was at any time changed from that initially recommended by the prescribing practitioner. If so, state:

    (a)    the name and last known address of the practitioner who prescribed the change;

    (b)    each date on which the change was carried out;

    (c)    the amount and frequency of dosage on each date; and

    (d)    the number of days of the changed regimen.

**RESPONSE:**        Aside from taking DES daily, Plaintiff's mother does not recall whether the

regimen was changed from that initially recommended by Drs. Speiser and Spalding. Plaintiff

reserves the right to supplement this response as discovery progresses.

24.    Identify all prescription drugs which the DES mother consumed or was administered during her pregnancy with the exposed person. For each drug, identify: (a) the prescribing practitioner; (b) his/her last known address; (c) the amount, frequency, duration, and dates of such prescription, consumption and /or administration. Do not include in your answer that you identified in response to preceding Requests.

**RESPONSE:**    None, other than DES.

25.    State the name and address of each hospital and the dates of each hospitalization for each DES mother during her pregnancy with and resulting birth of an exposed person. Identify the physician attending that birth and the hospital or other place where the birth occurred.

**RESPONSE:**

      a.     French Hospital, New York, NY

      b.     Date of Hospitalization: August 1959

      c.     Mary Spalding, M.D.

26.    (a) State the dates and outcome of each pregnancy of a DES mother (including the pregnancy described above) including those pregnancies not brought to term. Include dates of birth and names of all offspring of those pregnancies, and state whether the DES mother consumed or was administered DES in connection with any of those pregnancies. Also state the names and last known addresses of all medical practitioners seen and facilities visited in connection with those pregnancies. (b) State whether the offspring of those pregnancies have or had any of the conditions which the exposed persons are alleged to have or have had. (c) State whether any of the offspring of the pregnancies has filed a lawsuit related to the mother's use during pregnancy of DES. If so, state the title of the lawsuit, the court in which it was brought, and the current status of the action.

**RESPONSE:**    To the best of Plaintiff's knowledge, Plaintiff's mother has had three

pregnancies as follows:

      a.     Connie Pavlicas born 8/27/59. Dr. Mary Spalding. French Hospital, New York, NY. DES prescribed during the pregnancy.

      b.     Paula Pavlicas, now Paula Mitchell, born 4/13/61. Dr. Spalding. French Hospital, New York, NY. No DES prescribed during the pregnancy.

      c.     Christopher Pavlicas born 8/7/62. Dr. Spalding. French Hospital, New York, NY. No DES prescribed during the pregnancy.

27.    State the date when plaintiff learned that his or her mother took DES during the pregnancy that led to the plaintiff's birth and the circumstances under which plaintiff acquired this

information. Provide copies of all documents that confirm the use of DES.

**RESPONSE:**          Plaintiff learned from her mother in 1977 that she was exposed to DES in

utero. Attached hereto as Appendix No. 2 are copies of Plaintiff's medical records.

III.    AS TO ALLEGATIONS OF INJURIES TO EXPOSED PERSONS

   With respect to any allegations in the Complaint that an exposed person has sustained injury
as a result of exposure to DES, as to each such person, identified by name:

   28.    Describe each injury, whether physical or emotional, allegedly sustained and any
treatment received therefor.

**RESPONSE:**

   a.    T-shaped uterus;

   b.    Missed abortion on 9/4/97, requiring dilatation and curettage, by David
         Kreiner, M.D. at John T. Mather Memorial Hospital, 75 N. Country Road,
         Port Jefferson, NY;

   c.    Infertility. Treating physicians were:

         i.    Drs. David Kreiner and Kathleen Droesch, Long Island IVF, 2001
               Marcus Avenue, Suite N213, Lake Success, NY 11042;

         ii.   Dr. David Rosenfeld, The Center for Human Reproduction - NSUH,
               300 Community Drive, Manhasset, NY 11030;

         iii.  Dr. Zev Rosenwaks, The Center for Reproductive Medicine and
               Infertility, 505 East 70th Street, Suite 340, New York, NY 10021;

         iv.   Dr. Robert Neuwirth, 315 West 57th Street, Suite 204, New York, NY
               10019;

   d.    Anxiety and terror regarding future adverse pregnancy outcomes;

   e.    Anger and resentment that reproductive potential is damaged;

   f.    Depression; and

   g.    Relationship with spouse complicated by anger, resentment, and
         disappointment.

Plaintiff reserves the right to supplement this response as discovery progresses.

29.    As to each injury, specify the date when that person became aware of the injury.

**RESPONSE:**    Plaintiff was aware of her infertility and pregnancy loss at the time.

30.    Specify the date when that person first sought medical treatment for each injury and the names and addresses of the physicians, other licensed professionals, or medical facilities consulted.

**RESPONSE:**    Plaintiff sought treatment for her infertility and pregnancy loss at the time.

31.    Specify the date and nature of each consultation with each medical professional listed above, and state the name and professional title and address of each person and facility who was consulted in relation to the alleged injury.

**RESPONSE:**    See Plaintiff's Response to Request No. 28.

32.    Specify the names, business addresses, and professional titles of all persons or facilities that provided pharmaceuticals to that person, describing the pharmaceuticals provided for treatment of the injury.

**RESPONSE:**    See Plaintiff's Response to Request No. 28.  Plaintiff is not aware of any

pharmaceuticals beyond those listed in her medical records produced.

33.    Specify the dates when that person was confined to any hospital, treating facility, bed or house as a result of the said injury.

**RESPONSE:**    See Plaintiff's Response to Request No. 28.  In addition, see Plaintiff's

medical records attached hereto as Appendix No. 2.

34.    State which of the injuries, if any, you claim are permanent.

**RESPONSE:**    Plaintiff's reproductive tract and anatomic anomalies are permanent.

35.    Describe fully what further treatment, if any, will be required as a result of said injury.

**RESPONSE:**    See Plaintiff's Response to Request No. 34.  In addition, see Plaintiff's

medical records produced in response to these requests.

36.    State what activities, if any, each exposed person claims have been curtailed or ceased

by virtue of exposure to DES, including physical, educational, and occupational activities.

**RESPONSE:**      Plaintiff's ability to conceive and/or carry a pregnancy to term has been greatly

compromised due to her exposure to DES.

37.    Identify each exposed person who claims to have suffered or claims will suffer a loss
of earnings as a result of the injuries alleged. As to each, state the total amount of the alleged loss.
For all actions commenced on or after June 28, 1986, state any amounts for which you have been
reimbursed, and by whom, for loss of earnings as a result of the injuries alleged.

**RESPONSE:**      Plaintiff is not making a claim for loss of earnings at this time.

38.    Identify each exposed person who claims incapacitation from employment as a result
of DES exposure alleged in this action. As to each, state the nature of such employment as of the
dates of incapacitation; the job performed; the name and address of each employer; the salaries or
wages earned; the dates of incapacitation; and the amount of compensation claimed not earned by
reason of said incapacitation. For all actions commenced on or after June 28, 1986, state any
amounts for which you have been reimbursed and by whom.

**RESPONSE:**      Plaintiff is not making a claim for incapacitation from employment at this

time.

39.    State separately the total amounts, if any, claimed by plaintiff as special damages for:
services provided by any provider of diagnosis, treatment, care therapy, rehabilitation or otherwise
including, without limitation, physicians, psychiatrists, psychologists, teachers, rehabilitation
therapists, physical therapists, occupational therapists, speech therapists, counselors, social workers,
and nurses; hospital services; and medical supplies. For all actions commenced on or after June 28,
1986, state whether payment has been made, the amounts and dates of each payment, amounts
outstanding, who made the payments, reimbursements received for any payment made, and the
source of the reimbursement.

**RESPONSE:**      A listing of Plaintiff's special damages will be provided upon receipt and

compilation.

40.    State whether it is claimed that the exposed person's ability to have children has been
impaired. If so claimed, also state: any medical test performed to determine that person's fertility
and that of his or her spouse; a description of the procedure; the name and address of the place where
the test was administered; the name and address of the person who conducted the test; and the results
of the test.

**RESPONSE:**      See Plaintiff's Response to Request No. 34. In addition, see Plaintiff's

medical records produced in response to these requests.

41.    Does the exposed person have any children?  If so, identify each such child; state whether the child is adopted or a natural child; and specify the date of that child's birth or adoption.

**RESPONSE:**        No.

42.    State the total number and dates of pregnancies which the exposed person has experienced or, if the exposed person is male, the pregnancies which he has fathered, whether or not such pregnancies led to the birth of a living child; describe any complications with each such pregnancy; for each pregnancy, state whether the pregnancy was achieved with the assistance of fertility drugs or treatments; state whether or not the pregnancy went to full term, and, if not, when the pregnancy ended; describe the health of the offspring of each such pregnancy at birth; and identify all medical practitioners consulted in connection with each such pregnancy, stating their names and addresses.

**RESPONSE:**        Plaintiff has had one pregnancy as listed in Plaintiff's Response to Request

No. 28.

## IV.    AS TO ALLEGATIONS OF LIABILITY

43.    State whether the plaintiff alleges that any defendants:  (i) were negligent, (ii) breached warranties, (iii) made fraudulent representations, (iv) engaged in misbranding or mislabeling, (v) failed to test or warn, and/or (vi) are strictly liable.

**RESPONSE:**        Yes, all of the aforementioned.

44.    Identify each plaintiff making such claim(s).

**RESPONSE:**        Connie Pavlicas

45.    Identify each such defendant by name.

**RESPONSE:**        a.    Abbott Laboratories, Inc.

               b.    Bristol-Myers Squibb Company, a successor of E. R. Squibb & Sons, Inc.

               c.    Dart Industries, Inc., a successor of Rexall Drug Company, Inc.

               d.    Elan Pharmaceuticals, a successor of Carnrick Laboratories, Inc.

               e.    Eli Lilly and Company

f.      GlaxoSmithKline, Inc., a successor of S. E. Massengill and Burroughs-Wellcome

g.      Mallinckrodt, Inc.

h.      Merck & Company, Inc.

i.      Ortho-McNeil Pharmaceutical, Inc.

j.      Person & Covey, Inc.

k.      Pharmacia and Upjohn Company (aka The Upjohn Company)

l.      Premo Pharmaceutical Laboratories, Inc.

46.    As to each defendant, separately specify the acts which constitute the basis for the plaintiff's claim that the defendant is liable to that plaintiff, identifying each such defendant by name, and each such allegation.

**RESPONSE:**        As to each defendant, the acts which constitute the basis for Plaintiff's claim

include: a) failure to test for safety or efficacy in humans or animals; b) overpromotion; c) failure

to warn; d) strict liability; e) misrepresentation; and f) breach of warranty.

V.      AS TO THE CLAIMS OF EXPOSED PERSONS NOT BORN IN NEW YORK STATE

47.    If the exposed person was not born in the State of New York, state whether the DES was ever purchased or acquired in the State of New York, and if so, give the dates and places of those purchases or acquisitions; whether the DES mother resided in the State of New York during any time during the exposed plaintiff's gestation, and if so, state the dates and addresses of residence and any other contacts that plaintiffs claim either they or the DES mother had with the State of New York during the exposed person's gestation or at any other time.

**RESPONSE:**        Plaintiff's mother acquired DES in the State of New York and resided in the

State during Plaintiff's gestation in 1959. See Plaintiff's Response to Request Nos. 4 and 5.

VI.     OTHER ACTIONS

48.    State whether any plaintiff has ever instituted an action in New York or a jurisdiction other than New York claiming injury or potential injury as a result of DES, and if so, identify which plaintiffs have done so, and set forth the name and index number of each other action and the name of each court and jurisdiction in which the action was or is pending. If the plaintiff used a different name, please specify the name used.

**RESPONSE:**        Not applicable.

VII.    AS TO PLAINTIFF'S SPOUSE

49.    Identify the plaintiff's spouse.

**RESPONSE:**        Not applicable.

50.    Identify the plaintiff to whom that spouse is or was married.

**RESPONSE:**        Not applicable.

51.    State the date and location of the marriage to the plaintiff identified in response to the preceding Request.

**RESPONSE:**        Not applicable.

52.    State whether the spouse alleges that he or she cohabited continuously as husband and wife with the plaintiff. If not, give the dates during which they did not cohabit as husband and wife following the onset of the injuries alleged by the plaintiff.

**RESPONSE:**        Not applicable.

53.    State when each spouse became aware of the injuries allegedly suffered by the plaintiff to whom he or she is or was married.

**RESPONSE:**        Not applicable.

54.    Does the spouse have any children? If so, identify each such child, state whether the child is that person's adopted or natural child, and the date of that child's birth and (if appropriate) adoption. Identify the child's other parent and state whether the other parent is a plaintiff.

**RESPONSE:**        Not applicable.

VIII.    AS TO DES MOTHER WHO ALLEGES INJURY
55.    If the DES mother is also a plaintiff who alleges injury, answer Requests 28 through 39 with respect to the DES mother.

**RESPONSE:**        Plaintiff's mother is not a party-plaintiff to the present lawsuit.

IX.    AS TO CLAIMS MADE AS A REPRESENTATIVE OF DECEASED

56.    If any plaintiff brings this action on behalf of a decedent's estate, identify the decedent and the legal representative of the estate, and state the date of death and date on which the court from which letters of administration or testamentary were issued, and the names and addresses

of all beneficiaries and/or distributes and their relationships to the decedent.

**RESPONSE:**        Not applicable.

X.    DOCUMENT REQUEST

57.    Provide the defendants with a copy of the following:

(a)    All bills, cancelled checks, receipts, and other papers relating to expenses incurred for the medical treatment, hospital care, physicians' or nurses' services, medical supplies, etc., of the plaintiffs in relation to the injuries alleged.

**RESPONSE:**        This information will be provided upon receipt and compilation.

(b)    All medical reports from health care providers identified in response to the foregoing demands, including all reports from hospitals, clinics, or physicians.

**RESPONSE:**        Attached hereto as Appendix No. 2.

(c)    Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain complete records from all hospitals, clinics, and other health care facilities where plaintiff obtained treatment for the injuries alleged, including authorization to obtain all applicable x-ray and technician's reports.

**RESPONSE:**        Plaintiff will execute written authorizations addressed to those relevant health

care providers upon receipt from Defendants if Defendants agree to provide Plaintiff's counsel with

copies of all documents received pursuant to said authorizations.

(d)    Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain the complete office medical records relating to plaintiff of each health care provider with regard to the treatment plaintiff received for the injuries alleged.

**RESPONSE:**        Plaintiff will execute written authorizations addressed to those relevant health

care providers upon receipt from Defendants if Defendants agree to provide Plaintiff's counsel with

copies of all documents received pursuant to said authorizations.

(e)    Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain complete pharmacy or drug store records with respect to any drug prescribed to plaintiff as identified in response to the foregoing demands.

**RESPONSE:**        Plaintiff will execute written authorizations addressed to those relevant

pharmacies and/or drug stores upon receipt from Defendants if Defendants agree to provide

Plaintiff's counsel with copies of all documents received pursuant to said authorizations.

      (f)      Plaintiff's birth certificate, or duly executed and acknowledged written authorization, to obtain plaintiff's birth certificate.

**RESPONSE:**      To be provided.

      (g)      Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain attendance and health records from any school or educational facility plaintiff attended.

**RESPONSE:**      Not applicable.

      (h)      Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain salary and attendance records from plaintiff's employer, identified in response to demand No. 38.

**RESPONSE:**      Plaintiff is not presently making a claim for loss of wages.

      (i)      Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain the file or records of all insurance companies, governmental agencies, or other entities representing any collateral source which was identified in response to demand Nos. 37, 38, and 39 in regard to reimbursements made arising from the injuries alleged.

**RESPONSE:**      Plaintiff will execute written authorizations addressed to those relevant

insurance companies, governmental agencies, or other entities upon receipt from Defendants if

Defendants agree to provide Plaintiff's counsel with copies of all documents received pursuant to

said authorizations.

      (j)      Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain complete records from all hospitals, clinics, or physicians from whom plaintiff's mother received treatment during her pregnancy with plaintiff, through and including their release(s) from the hospital following plaintiff's birth.

**RESPONSE:**      Plaintiff's mother will execute written authorizations addressed to those

relevant health care providers upon receipt from Defendants if Defendants agree to provide

Plaintiff's counsel with copies of all documents received pursuant to said authorizations.

All authorizations must be executed by the plaintiff claiming to have sustained injuries, or by plaintiff's natural guardian, or by the decedent's representative or surviving spouse, or, in the case of records relating to the pregnancy leading to plaintiff's birth, by plaintiff's mother, and if the mother is deceased, by her representative or surviving spouse. If executed by any person other than plaintiff, (or in the case of records relating to the pregnancy leading to plaintiff's birth, her mother) that person's relationship to plaintiff or decedent shall be set forth on the authorization.

The information contained in these requests, as well as the word usage. sentence structure, and opinions, are not solely that of the declarant, rather they are the product of counsel in preparation with declarant.

I SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTY OF PERJURY THAT THE INFORMATION CONTAINED IN THE FOREGOING AMENDED UNIFORM PRELIMINARY REQUESTS FOR INFORMATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Dated: _10 - 31 - 06_

_11 - 1 - 06_

CONNIE PAVLICAS, Declarant

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 833-8040

Counsel for Plaintiff

Appendix 2

# SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## Civil Division

CONNIE FRANCO PAVLICAS ]
55 Main Street, #10 ]
Port Washington, NY 10163 ]
]
            Plaintiff, ]
      v. ] Civil Action No.   0006749-06
]
ELI LILLY AND COMPANY ]         0006748-06
Lilly Corporate Center ]
Indianapolis, IN 46285 ]
w/s/o NATIONAL REGISTERED AGENTS, INC. ]
1090 Vermont Avenue, NW, #910 ]
Washington, DC 20005 ]
]
     and ]
]
BRISTOL-MYERS SQUIBB COMPANY ]
a successor of E.R. SQUIBB & SONS, INC. ]
P.O. Box 4500 ]
Princeton, NJ 08543 ]
      w/s/o  CT CORPORATION ]
      1025 Vermont Avenue, N.W. ]
      Washington, D.C. 20005 ]
]
     and ]
]
PHARMACIA and UPJOHN COMPANY ]
(aka THE UPJOHN COMPANY) ]
100 Route 206 North ]
Peapack, NJ 07977 ]
      w/s/o  CT CORPORATION ]
      1025 Vermont Avenue, N.W. ]
      Washington, D.C. 20005 ]
]
     and ]
]
ABBOTT LABORATORIES, INC. ]
100 Abbott Park Road ]
Abbott Park, IL 60064 ]
w/s/o CT CORPORATION ]
1025 Vermont Avenue, NW ]
Washington, DC 20036 ]
]
     and ]



RECEIVED
Civil Clerk's Office

SEP – 1 2006

Superior Court of the
District of Columbia
Washington, D.C.

1

DART INDUSTRIES, INC. a successor to            ]
REXALL DRUG COMPANY, INC.                       ]
w/s/o: Sheila AnnMarie Moeller, Esq.            ]
      Gilbride, Tusa, Last & Spellane LLC    ]
      31 Brookside Drive                     ]
      Greenwich, CT  06836                   ]
                      ]
     and                                        ]
                      ]
GLAXOSMITHKLINE, INC.,                          ]
a successor to S. E. Massengill                 ]
Burroughs- Wellcome Co,                         ]
1500 K Street, NW                               ]
Washington, DC  20036                           ]
                      ]
     and                                        ]
                      ]
PREMO PHARMACEUTICAL                            ]
  LABORATORIES, INC.                          ]
w/s/o Corporation Trust Co.                     ]
820 Bear Tavern Road                            ]
West Trenton, NJ  08628                         ]
                      ]
     and                                        ]
                      ]
ORTHO-MCNEIL PHARMACEUTICAL, INC                ]
A Delaware Corporation                          ]
1000 Route 202 South                            ]
Raritan, NJ 08869                               ]
                      ]
     and                                        ]
                      ]
PERSON & COVEY, INC                             ]
616 Allen Avenue                                ]
Glendale, CA 91221                              ]
                      ]
     and                                        ]
                      ]
MERCK & COMPANY, INC.                           ]
P.O. Box 4                                      ]
West Point, PA 19486                            ]
w/s/o CT CORPORATION                            ]
1025 Vermont Avenue, NW                         ]
Washington, DC 20036                            ]
                      ]
     and                                        ]

MALLINCKRODT, INC.,                             ]
     a Delaware Corporation,                    ]

2

675 McDonnell Boulevard ]
St Louis, MO 63042 ]
         ]
    and ]
         ]
ELAN PHARMACEUTICALS, ]
A successor to CARNRICK ]
LABORATORIES, INC., ]
w/s/o  CT Corporation ]
       1025 Vermont Avenue, NW ]
       Washington, DC 20005 ]
         ]
            Defendants. ]

## COMPLAINT
### (DES Litigation – Products Liability)

1. Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2. Defendants are engaged, or have been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and are doing business in the District of Columbia, and sought and obtained industry wide and governmental approval for Diethylstilbestrol ("DES") within the District of Columbia.

## COUNT I
### (Negligence)

3. On or about 1958 and 1959, during her pregnancy with Connie Pavlicas, the mother of the Plaintiff herein ingested Diethylstilbestrol ("DES") in New York. Her physician prescribed said drug during the pregnancy. The Defendants, acting in concert, manufactured, compounded, packaged, labeled, supplied, sold and advertised DES throughout the United States and the state of New York.

4. As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, uterine and cervical malformations, miscarriage, infertility, and incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering.

3

5.   Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability)

6.   All of the allegations contained in Count I are realleged and incorporated herein by reference.

7.   DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

8.   Defendants are engaged or have been engaged in the business of producing DES, and are, or have been, commercial manufacturers of said drug.

9.   Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendants' possession.

10. Said product was defective when placed on the market by Defendants.  DES was sold by Defendants without sufficient warning or instructions.  A reasonable seller would not have sold the product had he/she known of the risks involved.  The risks were greater than a reasonable buyer would expect.

11. Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

4

12. As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was unreasonably exposed to DES as an unborn child and suffered injury, loss, and damages as aforesaid.

13. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT III
### (Breach of Warranty)

14. All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

15. At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

16. Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

17. At all times relevant to this action, these implied and express warranties and representatives were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18. As a direct result of the breach of warranties by the Defendants, Plaintiff has been injured as aforesaid.

5

## COUNT IV

### (Misrepresentation)

19. All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

20. Defendants represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

21. The mother of the Plaintiff and her attending physicians, did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

22. At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

23. As a direct result of said false representations by Defendants, Plaintiff was injured as aforesaid.

## COUNT V
### (Punitive Damages)

24. The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendants knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that

6

warned of the risks and criticized its efficacy. The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendants fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

**WHEREFORE**, Plaintiff Connie Pavlicas, individually, demands judgment against Defendants in the sum of Two Million Dollars ($2,000,000.00) in compensatory damages, and the sum of Two Million Dollars ($2,000,000.00) as punitive damages, jointly and severally, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

Brandon J. Levine, #412130

Renee L. Robinson-Meyer, #455375

Steven J. Lewis, #472564

Counsel for Plaintiff

7

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues of material facts.

Aaron M. Levine

8

Appendix 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRA D. ALBIN,                        ]
                                      ]
              Plaintiff,              ]
                                      ]
        v.                            ]        Civil Action No.: 04-986(RBW)
                                      ]
ELI LILLY AND COMPANY, et. al.        ]
                                      ]
              Defendants.             ]

**PLAINTIFF'S MOTION TO TRANSFER**
**PURSUANT TO 28 U.S.C. § 1404(A)**

COMES NOW the plaintiff, by and through counsel, and moves, pursuant to 28 U.S.C. §

1404(a), that this Court transfer this action to the United States District Court for the Eastern

District of New York, in Brooklyn, New York, and as grounds therefore states:

1.      This is a products liability/personal injury case for injuries sustained by the plaintiff,

including, but not limited to, uterine abnormalities as a result of her embryonic exposure to

diethylstilbestrol ("DES").

2.      Although Plaintiff currently is a resident of Canada, the operative facts occurred in

New York. Plaintiff's mother was prescribed DES in New York, purchased the DES in New York,

Plaintiff was born in New York and lived and received medical treatment for the first thirty-two

(32) years of her life in New York. Plaintiff's mother, in 1959, lived and purchased the DES in a

pharmacy in Hicksville, New York, a city in Nassau County New York. Nassau County is covered

by the United States District Court for the Eastern District of New York. 28 U.S.C. §12(c). The

injury (malformation of the uterus and infertility) occurred in New York.

3.      This case was originally filed in the Superior Court of the District of Columbia on

November 12, 2003, and subsequently removed by Defendants to this Court on June 16, 2004.

4.      28 U.S.C. § 1404(a) provides that:

> For the convenience of the parties and witnesses, in
> the interest of justice, a District Court may transfer
> any civil action to any other district or division where
> it might have been brought.

5.      The interests of justice would best be served in this case by having this action transferred to the United States District Court for the Eastern District of New York, as discovery efforts, convenience and costs would be best served. Furthermore, New York substantive law applies to this case. Plaintiff is unable to identify the manufacturers of the DES to which she was exposed and New York market share applies. Hymowitz v. Eli Lilly, 73 N.Y. 2d 487, 539 N.E.2d 1069, 541 N.Y. S.2d 941 (1989). A New York judge would be in the best position to determine and interpret New York law.

6.      This cause has no contacts with the District of Columbia, other than that the Defendants conduct significant business here.

WHEREFORE, plaintiff respectfully requests that this Court, in accordance with 28 U.S.C. § 1404(a), enter an Order transferring, pursuant to 28 U.S.C. §1404(a) to the United States District Court for the Eastern District of New York, at Brooklyn, New York.

Respectfully submitted,


/s/ Aaron M. Levine
Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, DC   20036
202/833-8040

Counsel for Plaintiff

## LOCAL RULE 7(m) CERTIFICATION

Plaintiff attempted to seek consent to the foregoing Motion but no consent was forthcoming.

Respectfully submitted,


_/s/ Aaron M. Levine_
Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, DC   20036
202/833-8040

MYRA D. ALBIN,                          ]
                                        ]
                    Plaintiff,          ]
                                        ]
        v.                              ]        Civil Action No.: 04-986 (RBW)
                                        ]
ELI LILLY AND COMPANY, et. al.          ]
                                        ]
                    Defendants.         ]

## STATEMENT OF POINTS AND AUTHORITIES

1.    28 U.S.C. § 1404(a)

2.    The record herein.

                            Respectfully submitted,


                             /s/ Aaron M. Levine
                            Aaron M. Levine, #7864
                            1320 19th Street, N.W., Suite 500
                            Washington, DC   20036
                            202/833-8040

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MYRA D. ALBIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-986 (RBW) |
| ) | |
| ELI LILLY AND COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter came before the Court on July 30, 2004, for a hearing on Plaintiff's

Motion to Transfer Pursuant to 28 U.S.C. § 1404(a). Upon consideration of this motion

and for the reasons expressed by this Court at the July 30, 2004 hearing, it is hereby

this 30th day of July, 2004

**ORDERED** that the above-captioned case shall be **TRANSFERRED** to the

United States District Court for the Eastern District of New York.

**SO ORDERED**.

REGGIE B. WALTON
United States District Judge

Appendix 4

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| **CONNIE FRANCO PAVLICAS,** | \* |
| | \* |
| **Plaintiff,** | \*     CIVIL ACTION NO. 2006-CA-006749B |
| | \* |
| v. | \*     Judge Mary A. Terrell |
| | \* |
| **ELI LILLY AND COMPANY,** et al., | \* |
| | \* |
| **Defendants**. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT ELI LILLY AND COMPANY'S AMENDED NOTICE OF TAKING DEPOSITION *DUCES TECUM* OF BURTON KRUMHOLZ, M.D.

PLEASE TAKE NOTICE that Defendant Eli Lilly and Company ("Lilly") will take the deposition *duces tecum* upon oral examination of **Burton Krumholz, M.D.** commencing at **10:00 a.m**. on **Thursday, August 16, 2007** at Obstetrics and Gynecology, 900 Northern Blvd, Suite 240, Great Neck, New York 11021, (516) 482-4343, Fax (516) 482-0112. The deposition shall be recorded stenographically and will continue thereafter from day to day until completed before a person duly authorized to administer oaths who is not counsel of record or interested in the events of this cause. The oral examination is to be taken for purposes of discovery, or evidence, or both for use at trial or for such other purposes as are permitted under the Superior Court Rules of Civil Procedure.

The deponent shall produce the documents and tangible things listed on **Exhibit A**, attached hereto, at the deposition.

2540606v1

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P

By:_____/s/ Judith L. O'Grady_____
    Michelle R. Mangrum (DC Bar No. 473634)
    John C. Coots (DC Bar No. 461979)
    Judith L. O'Grady  (DC Bar No. 494290)

600 14TH Street, NW, Suite 800
Washington, DC  20005-2004
(202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
Mark C. Hegarty
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO  64108
(816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

*Pavlicas v. Eli Lilly and Company*
Case No. 2006-CA-6749

-2-

2540606v1

Appendix 5

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CONNIE FRANCO PAVLICAS,**                    \*

                                               \*

                **Plaintiff,**          \*      CIVIL ACTION NO. 2006-CA-6749

                                               \*

        v.                    \*      Judge Mary A. Terrell

                                               \*

**ELI LILLY AND COMPANY,** et al.,              \*

                                               \*

                **Defendants**.          \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT ELI LILLY AND COMPANY'S AMENDED NOTICE OF TAKING
## DEPOSITION *DUCES TECUM* OF DAVID L. ROSENFELD, M.D.

        PLEASE TAKE NOTICE that Defendant Eli Lilly and Company ("Lilly") will take the deposition *duces tecum* upon oral examination of **David L. Rosenfeld, M.D.** commencing at **3:00 p.m**. on **Thursday, August 16, 2007** at Center for Human Reproduction, 300 Community Drive, Manhasset, New York 11030, (516) 562-2229, Fax (516) 562-1710. The deposition shall be recorded stenographically and will continue thereafter from day to day until completed before a person duly authorized to administer oaths who is not counsel of record or interested in the events of this cause. The oral examination is to be taken for purposes of discovery, or evidence, or both for use at trial or for such other purposes as are permitted under the Superior Court Rules of Civil Procedure.

        The deponent shall produce the documents and tangible things listed on **Exhibit A**, attached hereto, at the deposition.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P

By: _____ /s/ Judith L. O'Grady _____
    Michelle R. Mangrum (DC Bar No. 473634)
    John C. Coots (DC Bar No. 461979)
    Judith L. O'Grady (DC Bar No. 494290)

600 14TH Street, NW, Suite 800
Washington, DC  20005-2004
(202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
Mark C. Hegarty
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO  64108
(816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

*Pavlicas v. Eli Lilly and Company*
Case No. 2006-CA-6749

-2-

2543738v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
CONNIE FRANCO PAVLICAS,           )
                                  )
            Plaintiff,            )
                                  )        Civil Action No.: 07-1318 (HHK)
      v.                          )        Next Event:
                                  )
ELI LILLY AND COMPANY, et al.,    )
                                  )
            Defendants.           )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

**(PROPOSED) ORDER**

**UPON CONSIDERATION** of Plaintiff's Motion to Transfer to the Eastern District of

New York, and any Oppositions filed thereto, and for good cause shown, it is this ___ day of

_____, 2007,

**ORDERED** that Plaintiff's motion be GRANTED and the present action transferred to

the Eastern District of New York.

_____
The Honorable Henry H. Kennedy
United States District Judge