UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
CONNIE FRANCO PAVLICAS,            )
                                   )
        Plaintiff,                 )
                                   )   Civil Action No.: 07-1318 (HHK)
    v.                             )   Next Event:
                                   )
ELI LILLY AND COMPANY, et al.,     )
                                   )
        Defendants.                )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

**PLAINTIFF'S SUPPLEMENTAL MOTION
FOR IMMEDIATE TRANSFER TO THE EASTERN DISTRICT OF NEW YORK
AND BIFURCATION OF DEFENDANT ELI LILLY AND COMPANY'S
MOTION FOR COSTS**

COMES NOW Plaintiff, through counsel, and moves this Court to immediately transfer the record of this action to the Eastern District of New York, retaining jurisdiction only for Defendant Eli Lilly and Company's pending Motion for Costs, and as grounds therefore states:

1. Plaintiff filed a Motion to Transfer to the Eastern District of New York on August 8, 2007. See Plt's Mtn. to Transfer, Docket No. 17.

2. On August 22, 2007, Defendant Eli Lilly and Company ("Lilly") indicated that it would not oppose Plaintiff's Motion to Transfer. See Def's Response, Docket No. 23. Lilly did file a Motion for Costs. See Mtn. for Costs, Docket No. 24.

3. August 22, 2007 was the last day for parties to file an opposition to Plaintiff's Motion to Transfer, and no other Defendant filed a response. There is therefore no opposition to Plaintiff's Motion to Transfer.

4. Lilly stated in its Response that the Eastern District of New York "is the proper forum for this case." See Def's Memorandum in Response, Docket No. 23-2, pg. 2. As transfer

1

is unopposed, and Lilly complains that maintaining this action in the District of Columbia is burdensome, this action should be transferred forthwith.

5. This Court's decision on Lilly's Motion for Costs will implicate no issues of fact or law in Plaintiff's case-in-chief. Neither Plaintiff nor Defendants require the outcome of this motion to decide the underlying issues of liability and damages. The Supreme Court has held that "[a]s a general matter, at least, we think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain." Budinich v. Becton Dickinson & Co., 486 U.S. 196, 200 (U.S. 1988).

6. Lilly has, in effect, engaged in a separate action against Plaintiff's counsel which will require the time and effort of Plaintiff's counsel, Lilly's counsel, and this Court regardless of the location of the main body of Plaintiff's case. It will be no more difficult to prosecute Plaintiff's case in the Eastern District of New York while the Motion for Costs continues here than it will be to go through these two cases consecutively.

7. The appropriate time to determine costs under 28 U.S.C. § 1927 is *after* a decision on the merits. See Gordon v. Heimann, 715 F.2d 531, 537 (11th Cir. 1983). Courts have refused to hear motions for sanctions under § 1927 until a decision on the merits has issued. See, e.g., Bright View Trading Co. v. Park, 03 Civ. 2330, 2004 U.S. Dist. LEXIS 18572 at *32 (S.D.N.Y. Sept. 16, 2004). Without this Court's order granting or denying transfer, a key piece of the basis of any ruling on costs is missing; it would be bizarre to find Plaintiff's counsel's actions dilatory prior to ruling on whether Plaintiff's Motion to Transfer, which spurred Lilly's Motion for Costs, is meritorious. Until the Court issues an order with regards to Plaintiff's unopposed motion for transfer, a determination of costs is inappropriate.

8. The District Court has the power to retain jurisdiction over Lilly's Motion for Costs even after this case has been transferred. "It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990). This collateral jurisdiction includes motions such as Lilly's; "[t]he pendency of a motion for section 1927 sanctions likewise presents a 'collateral issue' appropriate for resolution once the court has addressed the merits." Bolivar v. Pocklington, 975 F.2d 28, 31 (1st Cir. 1992). At least one district court has specifically found that jurisdiction exists for a § 1927 motion for costs after a § 1404(a) transfer. See Laine v. Morton Thiokol, Inc., 124 F.R.D. 625, 626 (N.D. Ill. 1989).

9. Delaying the transfer of this case until after the outcome of Lilly's Motion for Costs will only increase the delay in this case. This action began in September of 2006 and discovery was nearly complete in the Superior Court case when Lilly removed the case to this Court. If the Court waits to transfer this case until after deciding the Motion for Costs, counsel for all parties will be required to go through the mandatory discovery conference and scheduling twice – once in the District of Columbia pending the outcome of the Motion for Costs, and once when the case is transferred – for a case where discovery had all but closed.

10. The delay in the case caused by withholding transfer will be substantial; a Motion for Costs requires the Court to grant a hearing. Due Process requires that all motions for sanctions be heard. See Ted Lapidus, S.A. v. Vann, 112 F.3d 91, 96 (2d Cir. 1997)(emphasis in original, citing In re Ames Dept. Stores, Inc., 76 F.3d 66, 70 (2d Cir. 1996)). "Plainly, an attorney threatened with sanctions under § 1927 is entitled to a hearing." Amlong & Amlong, P.A. v. Denny's, Inc., 457 F.3d 1180, 1193 (11th Cir. 2006). The process of scheduling a hearing,

presenting evidence to the Court, and the Court's deliberations in making its findings of fact will all delay the resolution of this case – which all parties agree should occur in the Eastern District of New York – without resolving any of the underlying issues; as shown supra, Lilly's Motion for Costs is collateral to the facts of this case.

    WHEREFORE, for the foregoing reasons, and for good cause shown, Plaintiff hereby requests that the Court immediately transfer this case and the associated record to the Eastern District of New York, retaining jurisdiction solely over Lilly's Motion for Costs.

    Respectfully submitted,

    /s/ Aaron M. Levine
    AARON M. LEVINE, #7864
    1320 Nineteenth Street, N.W.
    Suite 500
    Washington, DC 20036
    202-833-8040

    Counsel for Plaintiff

## LCvR 7.1(m) CERTIFICATION

    Plaintiff requested consent for this motion from defendants Eli Lilly and Company, GlaxoSmithKline, and Mallinckrodt. Defendants Lilly, GlaxoSmithKline, and Mallinckrodt have refused consent.

    /s/ Aaron M. Levine
    Aaron M. Levine

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONNIE FRANCO PAVLICAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 07-1318 (HHK) |
| v. ) | Next Event: |
| ) | |
| ELI LILLY AND COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

**(PROPOSED) ORDER**

**UPON CONSIDERATION** of Plaintiff's Supplemental Motion for Immediate Transfer to the Eastern District of New York and Bifurcation of Defendant Eli Lilly and Company's Motion for Costs, and any Oppositions filed thereto, and for good cause shown, it is this ___ day of _____, 2007,

**ORDERED** that Plaintiff's motion be GRANTED, and

ORDERED that the present action be transferred to the Eastern District of New York and the record, save for Defendant Eli Lilly and Company's Motion for Costs, be sent to the Eastern District of New York;

ORDERED that this Court retain jurisdiction only over Defendant Eli Lilly and Company's Motion for Costs.

_____
The Honorable Henry H. Kennedy
United States District Judge