UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
CONNIE FRANCO PAVLICAS,      )
                              )
         Plaintiff,       )
                              )    Civil Action No.: 07-1318 (HHK)
     v.                 )    Next Event:
                              )
ELI LILLY AND COMPANY, et al.,  )
                              )
        Defendants.    )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

**PLAINTIFF'S OPPOSITION TO DEFENDANT ELI LILLY AND COMPANY'S
MOTION FOR COSTS**

COMES NOW Plaintiff, through counsel, and opposes Defendant Eli Lilly and Company's Motion for Costs, and as grounds therefore states:

There are significant jurisdictional questions regarding the Motion for Costs. Federal courts have repeatedly held that the action Defendant Eli Lilly and Company ("Lilly") claims is vexatious – the filing of a lawsuit in state court (as here) – is not covered by federal statute and is not a "multiplicity" of the pleadings sufficient to meet the requirements of 28 U.S.C. § 1927.

Regardless, the filing of a case in a location where jurisdiction and venue is proper, even if not the most convenient jurisdiction, is not sanctionable under 28 U.S.C. § 1987, but is tacitly encouraged by federal courts. It is nonsensical to claim that Plaintiff's Motion for Transfer, which Lilly does not oppose, admits is appropriate, and argues should have been accomplished earlier, somehow multiplies the vexatiousness of the pleading. Lilly has not set forth a single extra effort they were required to expend as a result of the District of Columbia filing since the physicians subpoenaed would not have appeared voluntarily and therefore costs to subpoena them would be required regardless of where the case was filed. Lilly has provided only an

unsupported assertion of five thousand dollars for its costs, which does not meet its burden; 28 U.S.C. § 1927 is a compensatory statute, not a punitive statute, and therefore Lilly must prove that its costs are more than *de minimis* as nominal damages are not available.

WHEREFORE, for the aforementioned reasons, the reasons given in the attached Memorandum of Points and Authorities, and at oral argument, Plaintiff requests that Lilly's Motion for Costs be Denied.

Respectfully submitted,

 /s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
202-833-8040

Counsel for Plaintiff

## LCvR 7(f) REQUEST FOR ORAL ARGUMENT

Plaintiff respectfully submits that an oral hearing is required for due process for any decision levying monetary sanctions.  See Ted Lapidus, S.A. v. Vann, 112 F.3d 91, 96 (2d Cir. 1997) ("Due process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions.") (emphasis in original, citing In re Ames Dept. Stores, Inc., 76 F.3d 66, 70 (2d Cir. 1996)).  This reasoning applies to awards of costs under 28 U.S.C. § 1927. See Amlong & Amlong, P.A. v. Denny's, Inc., 457 F.3d 1180, 1193 (11th Cir. 2006) ("Plainly, an attorney threatened with sanctions under § 1927 is entitled to a hearing.").  A hearing will allow for the full presentation of evidence and legal arguments.

 /s/  Aaron M. Levine
Aaron M. Levine

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 4, 2007, I caused a copy of this Opposition to Defendant Eli Lilly and Company's Motion for Costs, including attachments, to be served by delivery to Eli Lilly and Company's counsel by courier at the following address:

Michelle M. Mangrum, Esq.
Shook, Hardy, and Bacon LLP
600 Fourteenth Street, N.W.
Washington, DC 20005-2004

/s/  Aaron M. Levine
Aaron M. Levine

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
CONNIE FRANCO PAVLICAS,  )
           )
    Plaintiff,   )
           )  Civil Action No.: 07-1318 (HHK)
   v.      )  Next Event:
           )
ELI LILLY AND COMPANY, et al., )
           )
    Defendants.  )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT ELI LILLY AND COMPANY'S MOTION FOR COSTS**

## I.  INTRODUCTION

This motion for costs is unusual. The action that Lilly complains of is that Plaintiff's counsel filed Plaintiff's suit in Superior Court for the District of Columbia. <u>See</u> Lilly's Mem., Docket No. 24-2, at 10 ("Lilly has incurred exactly such unnecessary expenses here due *solely* to plaintiff's counsel's filing this case in a place where none of the facts occurred . . .") (emphasis added). However, Lilly did not complain of these costs until Plaintiff moved to transfer to the Eastern District of New York, a jurisdiction that Lilly maintains was always the most convenient location for this litigation. Essentially, Lilly wishes this court to use a transfer that Lilly finds appropriate and ameliorative as grounds to sanction Plaintiff's counsel for filing other cases in the District of Columbia. Lilly's tactics are transparent: to avoid the liberal statute of limitations in the District of Columbia in future cases, despite the appropriateness of the District of Columbia for filing cases. If Lilly can get this Court to criticize Plaintiff's counsel for filing DES cases in the District of Columbia, it hopes it can then use this motion for costs as precedent in all future cases. However, there is nothing inherently unethical or vexatious in filing a case to achieve favorable forum law.

1

As one state court set forth, "[a] defendant's claims that 'no significant aspect of a case involves the chosen forum, and that litigating in another forum would be more convenient' is not the type of record evidence that proves litigating the case in the chosen forum is oppressive or vexatious." Catagnus v. Allstate Ins. Co., 864 A.2d 1259, 1264 (Pa. Super. Ct. 2004). Lilly has done no more than set forth that it is likely that a DES case with minimal contacts to the District of Columbia will likely be transferred from the District of Columbia federal courts to another jurisdiction. Even Lilly states that Plaintiff's counsel's actions were to achieve a particular legal outcome and not mere attrition. As such, Plaintiff's counsel's conduct is not sanctionable.

## II. 28 U.S.C. § 1927 DOES NOT APPLY TO THE FILING OF A MERITORIOUS ACTION IN STATE COURT

Lilly's motion for costs is a motion solely under 28 U.S.C. § 1927. See Lilly's Mtn. for Costs, Docket No. 24, at 1; Lilly's Mem., Docket No. 24-2, at 2. The purpose of 28 U.S.C. § 1927 is to prohibit the "persistent prosecution of meritless claims." Villar v. Crowley Maritime Corp., 780 F. Supp. 1467, 1486 (S.D. Tex. 1992). This purpose is different than sanctions under Rule 11 or other powers of the court, which are to prohibit "frivolous filings and the misuse of judicial resources to harass the opposing party." Id. Under the facts of this case, however, Plaintiff's counsel's actions are neither persistent nor meritless; furthermore, 28 U.S.C. § 1927 does not apply to state court actions prior to the pendency of the federal action.

A.    28 U.S.C. § 1927 DOES NOT APPLY TO PRIOR STATE COURT ACTIONS

The filing of the complaint in the present case occurred in the District of Columbia Superior Court, not the federal courts. As the Fifth Circuit held, "§ 1927 cannot reach conduct occurring in a separate state court proceeding no matter how vexatious or multiplicious that conduct may be." In re Case, 937 F.2d 1014, 1023 (5th Cir. 1991).

The District of Columbia Circuit has held that a District Court cannot sanction conduct under 28 U.S.C. § 1927 that another court, such as a federal appellate court, is in control of and has the power to sanction.  See Manion v. American Airlines, Inc., 395 F.3d 428, 433 (D.C. Cir. 2004).  Other courts interpreting 28 U.S.C. § 1927 have found no jurisdiction to apply sanctions for acts occurring in a state court prior to the case's movement to federal court.  See, e.g., Stanley v. Wong, No. S-95-1500, 2006 U.S. Dist. LEXIS 35273 at *9 (E.D. Cal. May 31, 2006).

The District of Columbia Superior Court had power to punish pleadings submitted to the court for the purpose of harassment or to cause unnecessary delay and litigation costs. See D.C. R. Civ. P. 11; see also Valentine v. Elliott, 819 A.2d 968, 998 (D.C. 2003) (holding that the D.C. courts have inherent power to award attorney's fees the type of conduct implicated by 28 U.S.C. § 1927).  It is neither a federal court's place to police conduct in another court nor is it proper for Lilly to be allowed to delay its complaint of vexatious state court litigation until it removed the action to federal court.

B.    THE FILING OF A LAWSUIT IS NOT A SANCTIONABLE ACTION UNDER 28 U.S.C. § 1927

28 U.S.C. § 1927, as opposed to other motions for costs, is only for repeated conduct within an action.  The filing of a lawsuit is an initial pleading, not a multiplication of pleadings, and is therefore not sanctionable under 28 U.S.C. § 1927.  See Zaldivar v. Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986);  See also Macort v. Prem, Inc., 208 Fed. Appx. 781, 786 (11th Cir. 2006).   Section 1927's "unambiguous statutory language necessarily excludes the complaint that gives birth to the proceedings, as it is not possible to multiply proceedings until after those proceedings have begun." Steinert v. Winn Group, Inc., 440 F.3d 1214, 1224-1225 (10th Cir. 2006).  The Second and Ninth Circuits hold that a complaint is not submitted

vexatiously if it is not frivolous.  See <u>Townsend v. Holman Consulting Corp.</u>, 929 F.2d 1358 (9th Cir. 1990); <u>Sussman by & Through Guilden v. Bank of Israel</u>, 56 F.3d 450, 458-59 (2d Cir. 1995).

There is no allegation by Lilly that the substance of the complaint is frivolous. Furthermore, Lilly acknowledges that "jurisdiction and venue may be proper" in the District of Columbia.[1]  See Lilly's Mem., Docket No. 24-2, at 4.  As the Complaint was proper, there can be no allegation of costs related to its filing.

The only time where filing a lawsuit is sanctionable is when the filing comes after proceedings in the same matter.  See <u>LaPrade v. Kidder Peabody & Co.</u>, 146 F.3d 899, 905 (D.C. Cir. 1998) (filing in state court while federal action was pending); <u>Reynolds v. U.S. Capitol Police Bd.</u>, 357 F. Supp. 2d 19, 24 (D.D.C. 2004) (multiple filings of lawsuits involving the same plaintiffs and the same defendant, despite repeated adverse rulings from the bench). That situation is not the present case; here, there was no prior litigation to the filing of the complaint, and no rulings of the court that this Plaintiff would be prejudiced in any future act against these Defendants.  As such, 28 U.S.C. § 1927 simply does not implicate the conduct complained of by Lilly.

## III.  PLAINTIFF'S COUNSEL'S ACTIONS DO NOT MEET THE STANDARD FOR SANCTIONS UNDER 28 U.S.C. § 1927

The standard for liability for costs under 28 U.S.C. § 1927 is that counsel's conduct must be "unreasonable" and "vexatious."  In the District of Columbia Circuit, an attorney's conduct must be both unreasonable and vexatious; unreasonable but non-vexing conduct and reasonable but vexing conduct are not sufficient for sanctions.  See <u>LaPrade v. Kidder Peabody</u>

---

[1] Lilly's consent to transfer under 28 U.S.C. § 1404(a) may also be considered an implicit concession that venue is proper.  See <u>Bentz v. Reed Elsevier, Inc.</u>, 2000 U.S. Dist. LEXIS 20370 at *25 (S.D. Ohio Dec. 5, 2000) (finding a transfer under § 1404 a concession of venue)

& Co., 146 F.3d 899, 906 (D.C. Cir. 1998).  When a court evaluates the separate standards of

unreasonableness and vexatiousness, it evaluates each under an objective standard.  See

Amlong & Amlong, P.A. v. Denny's, Inc., 457 F.3d 1180, 1190 (11th Cir. 2006).  This objective

reasonableness standard requires the court to find that "Plaintiff's claims, objectively

considered, were without any possibility of success."  (888) Justice, Inc. v. Just Enter's, No. 06

CV 6410, 2007 U.S. Dist. LEXIS 61849 at *25 (S.D.N.Y. Aug. 22, 2007).

Lilly cannot show that the conduct of Plaintiff's counsel was either unreasonable or

vexatious.  The filing of this case in the District of Columbia is objectively reasonable, and

Lilly admits that transfer to the Eastern District of New York is reasonable.  Neither of these

actions, separately or in combination, are vexatious.

A.    PLAINTIFF'S COUNSEL MAY FILE IN A PROPER BUT INCONVENIENT
      FORUM TO TAKE ADVANTAGE OF THE STATUTE OF LIMITATIONS

In 28 U.S.C. § 1927, "[t]he term 'unreasonably' necessarily connotes that the district

court must compare the attorney's conduct against the conduct of a 'reasonable' attorney and

make a judgment about whether the conduct was acceptable according to some objective

standard."  Amlong, 457 F.3d at 1190.  The District of Columbia Circuit's discussion of the

reasonableness of counsel's conclusions of law in LaPrade indicates that this Circuit accepts

that standard.  See LaPrade, 146 F.3d at 904-5.

Federal courts have found filing in proper but inconvenient forums reasonable acts by an

attorney.  When venue is and jurisdiction is proper, a filing is not sanctionable unless the *sole*

purpose of filing is to cause inconvenience and expense to the defendants.  See Bentz v. Reed

Elsevier, Inc., No. C-3-00-350, 2000 U.S. Dist. LEXIS 20370 at *25-26 (S.D. Ohio Dec. 5,

2000).  Even Lilly admits that causing inconvenience was not the sole purpose of filing in the

District of Columbia.

Lilly correctly states that one of the reasons that Plaintiff filed suit in the District of Columbia was to take advantage of the District's favorable statute of limitations. See Lilly's Mem., Docket No. 24-2, pg. 2. However, given the nature of DES cases, a favorable statute of limitations is often necessary to ensure a remedy at all. As the District of Columbia does not oppose the use of its courts to take advantage of its statute of limitations, Lilly cannot claim that such a filing is "unreasonable" or "vexatious." As the United States Supreme Court stated, a "successful search for a state with a lengthy statute of limitation is no different from the litigation strategy of countless plaintiffs who seek a forum with favorable substantive or procedural rules or sympathetic local populations." Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 779 (1984). In fact:

> The existence of [forum choices] not only permits but indeed invites counsel in an adversary system, seeking to preserve his client's interests, to select the forum that he considers most receptive to his cause. The motive of the suitor in making his choice is ordinarily of no moment; a court may be selected because its docket moves rapidly, its discovery procedures are liberal, its jurors are generous, the rules of law applied are more favorable, or the judge who presides in that forum is thought more likely to rule in the litigant's favor.

Mohamed v. Mazda Motor Corp., 90 F. Supp. 2d 757, 772 (E.D. Tex. 2000) (citations omitted). The Supreme Court in its wisdom has blessed forum selection by plaintiffs looking for a favorable statute of limitations, see Ferens v. John Deere Co., 494 U.S. 516, 527-28 (1990); Keeton, supra. Plaintiffs are not engaged in subterfuge or sharp dealing when they take advantage of these rights. A lawyer who did not represent his client with regard to the Supreme Court's position on forum selection would not be a zealous advocate.

"Attorneys are not under an affirmative obligation to file an action in the most convenient forum; their only obligation is to file in a proper forum . . . . filing in an inconvenient but proper forum is not a legitimate ground" for sanctions. Newton v. Thomason, 22 F.3d 1455, 1463-1464 (9th Cir. 1994). Filing in a jurisdiction where venue is proper, even if

the action is later dismissed for *forum non conveniens*, is not by itself sanctionable.  Sussman by & Through Guilden v. Bank of Israel, 56 F.3d 450, 457 (2d Cir. 1995).  Plaintiff's counsel's action of filing in the District of Columbia is both permitted and tacitly encouraged by prevailing federal law.  There is nothing unreasonable about filing in the District of Columbia.

In prior DES-related litigation, Lilly has argued that the very conduct it now considers "impermissible" and "wasteful" is a reasonable action by counsel:

> Forum shopping is no more evil than any other tactical determination a party makes in its behalf.  Any competent lawyer chooses a forum with his or her client's interests in mind. . . .
>
> Their accusations of 'forum shopping' . . . hope to divert the Court's attention from the relevant considerations of convenience and justice to the irrelevant matter of Lilly's reason for bringing suit in this District . . . Contrary to defendants' assertions, courts have not penalized plaintiffs for selecting forums with favorable laws.  The relevant policy considerations are established by Van Dusen v. Barrack [citation omitted], the leading case on the subject, which *actually protects the plaintiff in his right to bring his action in the state in which the law is most advantageous to him*.

Eli Lilly's Memorandum in Opposition to Motion to Transfer in Eli Lilly v. Home Ins. Co., 794 F.2d 710 (D.C. Cir. 1986), pg. 14, pertinent parts attached as App. 10.  As Plaintiff's counsel only engaged in the same strategy defended by Lilly as that of a competent lawyer, Plaintiff's counsel should not be considered to have done so unreasonably.

B.    AS TRANSFER TO THE EASTERN DISTRICT OF NEW YORK IS PROPER, IT IS NOT GROUNDS FOR SANCTIONS

"An award of attorneys fees and costs pursuant to § 1927 is appropriate only where 'the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'"  See Abbott v. United States, No. 3:96-CV-510, 2001 U.S. Dist. LEXIS 7569 (N.D.N.Y. 2001) (citing Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986)).  An example of this conduct is in the Naegele case, where

the sanctioned attorney "engaged in Rambo-style litigation tactics . . . and bombarded the court with a serious of motions, including oppositions to motions that do not exist and multiple oppositions to a single motion." <u>Naegele</u>, 355 F. Supp. at 132.  Plaintiff's counsel's behavior in moving for transfer does not meet that standard.

Lilly admits that the Eastern District of New York "is the proper forum for this case." <u>See</u> Lilly's Mem., Docket No. 24-2, pg. 2.  A motion to the benefit of the movant, and not "totally without merit," is not sanctionable.  <u>See</u> <u>Rutecki v. CSX Hotels, Inc.</u>, No. 5:05-cv-00226, 2007 U.S. Dist. LEXIS 44954 at *7 (S.D.W. Va. June 20, 2007).  Therefore, Plaintiff's Motion to Transfer is not a sanctionable action, nor does it create one merely because Lilly finds the District of Columbia a less convenient forum.

Lilly's claims of Plaintiff's unreasonableness through forum-shopping are further belied by its choice to remove the present case to federal court shortly before the end of discovery. Lilly removed this case after the bulk of discovery was complete.  <u>See</u> Consent Motion to Amend Scheduling Order, App. 13 (not ruled on at time of removal; moving the end of discovery from July 13, 2007 to September 11, 2007).  While permitted by applicable law, Lilly's act is just as much forum-shopping as Plaintiff's.  One could make the same allegations regarding dilatory acts and wastes of counsel's time regarding Lilly's removal, which essentially requires counsel to rehash all of their prior discovery efforts and pushes back the date of this case's resolution.  There was no compelling reason for Lilly to remove this case to federal court as it is an ordinary state law products liability case; there is no federal question involved.  There is maneuvering for a favorable court by both parties to this litigation, and it is both incorrect and hypocritical of Lilly to accuse Plaintiff's counsel of impropriety.

C.    LILLY CANNOT SHOW THE NECESSARY SCIENTER FOR VEXATIOUSNESS
ON THE PART OF PLAINTIFF'S COUNSEL

To "vex," "harass," or "oppress" a defendant, one must be "inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (U.S. 1947).  Federal courts have required that the vexatious nature of litigation be established by a "clear showing of facts which . . . establish such oppression and vexation of a defendant as to be out of proportion to the plaintiff's convenience."  Cheng v. Boeing Co., 708 F.2d 1406, 1410 (9th Cir. 1983); cf. Koster v. (American) Lumbermens Mut. Casualty Co., 330 U.S. 518, 524 (U.S. 1947) (same language).

As set forth above, Plaintiff's counsel's filing this action in the District of Columbia is necessary to pursue Plaintiff's remedy – it helps secure for Plaintiff the District of Columbia's favorable statute of limitations.  Furthermore, as Lilly admits, the current Motion to Transfer to the Eastern District of New York has a value to the parties beyond increasing transaction costs; it is the most convenient location for this action.

When a court has subject matter jurisdiction, defending against a 28 U.S.C. § 1404(a) motion to transfer is not unreasonable or vexatious.  See R.E. Davis Chem. Corp. v. Int'l Crystal Labs., No. 03 C 7288, 2004 U.S. Dist. LEXIS 19396 at *22 (N.D. Ill. Sept. 27, 2004). Therefore, Lilly's claims of excess costs from Plaintiff's counsel's refusal to transfer in some cases or filing in this jurisdiction despite the likelihood of transfer are without merit. Furthermore, even if it would be correct to assert that, under the law as it stands, transfer would be a given, and therefore, despite the law to the contrary, that filing an action likely to be transferred is per se vexatious, Plaintiff's counsel would not have been acting against the great weight of authority at the time of filing to assume that this case would be properly maintained in the District of Columbia.

The standard for granting sanctions looks to the law at the time the complaint was filed, not the current law.  See Young v. West Coast Indus. Relations Ass'n, 144 F.R.D. 206, 218 (D. Del. 1992).  To be reckless, Plaintiff's counsel must have acted in disregard of a *known* adverse precedent.  Naegele v. Albers, 355 F. Supp. 2d 129, 148 (D.D.C. 2005).  At the time the complaint was filed, Plaintiff's counsel had a reasonable argument in favor of the convenience of the District of Columbia; there was no known risk of dilatory action.

This action was filed September 1, 2006.  See Complaint, as Lilly's Exh. 2, Docket No. 24-5.  While Lilly relies on a number of cases to show that transfer has been granted repeatedly since 2005; the vast majority of those cases, especially those cases resulting in written opinions, were decided subsequent to September 1, 2006.[2]  In the decisions prior to 2005, the District of Columbia often ruled differently in its holdings regarding motions to transfer.  Until very recently, any diversity in the residence of fact witnesses has been grounds to deny transfer.[3]  Courts in this district have denied transfer even where DES plaintiffs live in the state of their exposure.[4]  One of the premier cases that granted transfer prior to 2005, Abramson v. Eli Lilly and Co., Civil Action No. 03-2541 (D.D.C. Oct. 25, 2004), as App. 9, held that transfer was

---

[2] See, e.g., Lentz v. Eli Lilly and Co., No. 06-1374 (D.D.C. **Dec. 18, 2006**); McKelvey v. Eli Lilly and Co., Civil Action No. 06-1820 (D.D.C. **Apr. 12, 2007**); Barkman v. Eli Lilly and Co., No. 05-0629 (D.D.C. **Apr. 13, 2007**); Mordecai v. Eli Lilly and Co., No. 06-1634 (D.D.C. **May 9, 2007**); Dean v. Eli Lilly and Co., No. 06-1375 (D.D.C. **June 1, 2007**); Lagor v. Eli Lilly and Co., No. 06-1967 (D.D.C. **June 18, 2007**).

[3] See Ingram v. Eli Lilly and Co., 251 F. Supp. 2d 1, 5 (D.D.C. 2003); Dimanche v. Eli Lilly and Co., Civil Action No. 03-0236 (D.D.C. Oct. 17, 2003), mem. op at 1, App. 1 (exposure in Connecticut, plaintiffs in Massachusetts); Coy v. Eli Lilly and Co., Civil Action No. 01-1072 (D.D.C. Jan 23, 2002); selection from Memorandum of Points and Authorities in Support of Eli Lilly and Company's Motion to Transfer at 4, mem. op. at 1, attached as Appendix 2 (exposure in Pennsylvania, Plaintiff in Florida); Fastino v. Eli Lilly and Co., Civil Action No. 02-02210 (D.D.C. Oct. 8, 2003), mem. op. at 1, App. 3 (exposure in Massachusetts, plaintiff in Rhode Island); Bailer v. Eli Lilly and Co., Civil Action No. 02-1654 (D.D.C. Apr. 17, 2003), App. 4 (plaintiff born and lived in Ohio, but infertility treatment in North Carolina); Sumrall v. Eli Lilly and Co., Civil Action No. 01-0670 (D.D.C. Oct. 28, 2002) (exposure in Louisiana, plaintiff in Texas), as App. 5.

[4] See, e.g., Miller v. Eli Lilly and Co., No. 03-896 (D.D.C. May 5, 2004), App. 12; Roing v. Eli Lilly and Co., Civil Action No. 02-2211 (D.D.C. Jan. 2003) (Massachusetts), App. 6; Peterson v. Eli Lilly and Co., No. 01-1404 (D.D.C. Jan. 9, 2002) (Massachusetts), App. 11; Scaramuzzi v. Eli Lilly and Co., Civil Action No. 01-1095 (D.D.C. Dec. 19, 2001) (Rhode Island), App. 7.

only proper because "[u]nlike many of the other DES cases, where relevant witnesses are spread around the country (even the District of Columbia), this case is a case with a single forum that is plainly most convenient for the witnesses." Id., Mem. Op. at 4. It was not at all clear in September of 2006 what cases would be transferred from the District of Columbia and which would stay.

Lilly's argument that "Plaintiff's counsel knows very well that this Court has weighed this alleged connection in other DES cases with similar facts and consistently transferred the cases to the more convenient forum," see Lilly's Mem., Docket No. 24-2, pg. 7, is patently untrue. Courts in this district have previously found Defendant's efforts a relevant connection to the District of Columbia for transfer analysis. See, e.g., Dimanche, mem. op. at 2, App. 1; Roing, mem. op. at 2, App. 6; Blank v. Eli Lilly and Co., No. 02-1976 (D.D.C. Dec. 13, 2002), mem. op. at 5, App. 8; Fastino, mem. op. at 5, App. 3. Even in Abramson v. Eli Lilly and Co., which ruled in favor of transfer, the court considered Defendant's actions in the District of Columbia a contact in support of continued jurisdiction. Abramson, mem. op. at 3, App. 9. The decision which Lilly cites for the proposition that the District of Columbia federal courts have "previously rejected these same contacts," Dean v. Eli Lilly and Co., comes eight months after the filing of the present case and after three written opinions (Lentz, McKelvey, and Barkman) that did not exist at the time this case was filed.

Motions to transfer are not final decisions, and no DES case has gone to appeal on the grounds of improper transfer. There is therefore no definitive controlling authority as to DES cases in this Circuit. The Supreme Court holds that motions to transfer must be evaluated on a case-by-case basis. See Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988). Therefore, at the time Plaintiff's case was filed, Plaintiff's counsel could have found that the then-extant cases

Lilly finds adverse were distinguishable based on their particular facts and equities. Even now, given the need for case-by-case analysis and the profusion of rulings which all but flatly contradict each other, it would be hard to say that Plaintiff's counsel's position is not colorable.

As the present case was filed, Plaintiff and her mother changed their residences from New York to California and Las Vegas, respectively. It was therefore reasonable for counsel to believe that, even if removed to federal court, this action would be held both convenient and appropriate in the District of Columbia. The doctors subpoenaed by Lilly were neither named by Plaintiff as witnesses nor did they provide any information on liability, causation, or the extent of Plaintiff's damages; Plaintiff did not expect to call them. Filing in the District of Columbia, at the time it was undertaken, was reasonable and not reckless in the face of contrary precedent.

## D.    LILLY HAS NOT PROVED THAT ITS EXCESS COSTS ARE MORE THAN *DE MINIMIS*

Sanctions should only reflect the costs or fees incurred in responding to those proceedings found to be unreasonable or vexatious. See Topalian v. Ehrman, 3 F.3d 931, 937 (5th Cir. 1993). The Supreme Court directs federal courts to construe "excess costs" strictly; 28 U.S.C. § 1927 is not meant to provide general relief. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 759-60 (1980). There are therefore no nominal or general damages under 28 U.S.C. § 1927. Lilly cannot make a general claim of costs; 28 U.S.C. § 1927 is not meant to find counsel liable for costs in principle regardless of actual expenditures, and therefore, to prove that it is entitled to costs, Lilly must enumerate those costs.

Lilly claims costs and fees "in the amount of at least $5,000." See Lilly's Mem., Docket No. 24-2, at 2. It provides no accounting for these costs, saying only that it will present them "upon request." Id. at n. 4. This proffer is insufficient to allow the Court to award sanctions

under 28 U.S.C. § 1927; excess costs require specific findings of fact as to the amount of costs incurred and whether they were reasonable.  See In re Prudential Ins. Co. of Am. Sales Practices Litig., 63 F. Supp. 2d 516, 524 (D.N.J. 1999).  In order for Plaintiff's counsel to defend his actions, Plaintiff's counsel needs to be able to challenge the excess nature of the costs incurred, as well as their reasonableness.

Lilly's claims of costs for subpoena are unavailing as the witnesses Lilly subpoenaed were unwilling to testify absent a subpoena.  The bulk of the costs of issuing the subpoena would have issued regardless of the location of this suit; as such, those costs cannot be considered "excess."  In the absence of evidence of particular costs, Lilly has simply not borne its burden as the moving party of showing that it is owed anything by Plaintiff's counsel.

## IV.    CONCLUSION

In filing this DES case in the District of Columbia, Plaintiff's counsel acted reasonably and in the best interests of Plaintiff.  In transferring this case to the Eastern District of New York, Plaintiff's counsel acted to the benefit of all parties.  These actions should not, singly or together, be considered abusive or dilatory.  Lilly has yet to prove that it suffered more than *de minimis* inconvenience from acts which Plaintiff was within her rights to undertake.  Lilly's Motion for Costs should therefore be denied.

Respectfully submitted,

/s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
202-833-8040

Counsel for Plaintiff

14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
CONNIE FRANCO PAVLICAS,       )
                                 )
         Plaintiff,        )
                                 )    Civil Action No.: 07-1318 (HHK)
        v.                )    Next Event:
                                 )
ELI LILLY AND COMPANY, et al.,   )
                                 )
        Defendants.      )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

**AFFIDAVIT OF AARON M. LEVINE, ESQ.**
**AUTHENTICATING DOCUMENTS**

I, Aaron M. Levine, declare under penalty of perjury that the following is true and correct:

1.   Attached as Appendix 1 is a true copy of the order in <u>Dimanche v. Eli Lilly and Co.</u>, No. 03-0236 (D.D.C. Oct. 17, 2003).

2.   Attached as Appendix 2 is a true copy of selections from the Memorandum of Points and Authorities in Support of Eli Lilly and Company's Motion to Transfer and the Order denying same in <u>Coy v. Eli Lilly and Co.</u>, No. 01-1072 (D.D.C. Jan. 23, 2002).

3.   Attached as Appendix 3 is a true copy of the Memorandum Opinion and Order in <u>Fastino v. Eli Lilly and Co.</u>, No. 02-02210 (D.D.C. Oct. 8, 2003).

4.   Attached as Appendix 4 is a true copy of the Order in <u>Bailer v. Eli Lilly and Co.</u>, No. 02-1654 (D.D.C. Apr. 16, 2003).

5.   Attached as Appendix 5 is a true copy of a selection from the Motion of Defendant Eli Lilly and Company to Transfer Action and the Order denying same in <u>Sumrall v. Eli Lilly and Co.</u>, No. 02-670 (D.D.C. Oct. 28, 2002).

6.  Attached as Appendix 6 is a true copy of the Order in <u>Roing v. Eli Lilly and Co.</u>, No. 02-2211 (D.D.C. Jan. 2003).

7.  Attached as Appendix 7 is a true copy of the Motion of Defendant Eli Lilly and Company to Transfer Action and Order denying same in <u>Scaramuzzi v. Eli Lilly and Co.</u>, No. 01-1095 (D.D.C. Dec. 19, 2001).

8.  Attached as Appendix 8 is a true copy of the Memorandum Opinion and Order in <u>Blank v. Eli Lilly and Co.</u>, No. 02-1976 (D.D.C. Dec. 13, 2002).

9.  Attached as Appendix 9 is a true copy of <u>Abramson v. Eli Lilly and Co.</u>, Civil Action No. 03-2541 (D.D.C. Oct. 25, 2004).

10. Attached as Appendix 10 is a true copy of selected pages from Eli Lilly's Memorandum in Opposition to Motion to Transfer in <u>Eli Lilly v. Home Ins. Co.</u> dated July 1, 1982.

11. Attached as Appendix 11 is a true copy of selected pages from the Motion of Defendant Eli Lilly and Company to Transfer Action and the Order denying same in <u>Peterson v. Eli Lilly and Co.</u>, No. 01-1404 (D.D.C. Jan. 9, 2002).

12. Attached as Appendix 12 is a true copy of selected pages from Defendants' Motion to Transfer to the Northern District of California and of the Civil Docket containing a Minute Order denying same in <u>Miller v. Eli Lilly and Co.</u>, No. 03-896 (D.D.C. May 5, 2004).

13. Attached as Appendix 13 is a true copy of the Consent Motion to Amend Scheduling Order filed in the present case by Eli Lilly and Company on July 10, 2007.

I declare under penalty of perjury that the foregoing is true and correct.

_ /s/  Aaron M. Levine _____
Aaron M. Levine

Dated:  September 4, 2007

# Appendix 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARRIE DIMANCHE and
STEVE DIMANCHE,

     Plaintiffs,

     v.

ELI LILLY AND COMPANY,

     Defendant.

Civil Action No.  03-0236 (JDB)

## ORDER

Carrie and Steve Dimanche ("plaintiffs") filed this action in the Superior Court for

the District of Columbia seeking compensatory and punitive relief for injuries associated with

Mrs. Dimanche's alleged in utero exposure to diethylstilbestrol ("DES").  Eli Lilly and Company

("defendant") removed the case to this Court on February 13, 2003.  After discovery had begun,

defendant moved to transfer the case to the District of Massachusetts, where plaintiffs reside, or

alternatively, to the District of Connecticut, where the events giving rise to their injuries allegedly

occurred.  Following eight other judges of this Court who have denied similar motions in DES

cases against defendant, the Court denies defendant's motion to transfer.

Pursuant to 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses,

in the interest of justice, a district court may transfer any civil action to any other district or

division where it might have been brought."  A party seeking a transfer must show that the

"balance of convenience of the parties and witnesses and the interest of justice are in [its] favor."

Armco Steel Co. v. CSX Corp., 790 F. Supp. 311, 323 (D.D.C. 1991) (quoting Consol. Metal

-1-

Prods., Inc. v. Am. Petroleum Inst., 569 F. Supp. 773, 774 (D.D.C. 1983)).  Factors to be

considered in determining whether to grant a motion to transfer include ease of access to sources

of proof, the availability of compulsory process to compel the attendance of unwilling witnesses,

the amount of expense for willing witnesses, and other practical aspects of expeditiously and

conveniently conducting a trial.  See SEC v. Page Airways, 464 F. Supp. 461, 463 (D.D.C. 1978).

Furthermore, district courts have a "local interest in deciding local controversies at home."  Trout

Unlimited v. Dep't of Agric., 944 F. Supp. 13, 16 (D.D.C. 1996).  If the particular controversy has

meaningful ties to the plaintiff's chosen forum and the plaintiff is a resident of that forum, the

plaintiff's choice is given substantial deference, see Wilderness Soc'y v. Babbit, 104 F. Supp. 2d

10, 12-13 (D.D.C. 2000), and the moving party "bear[s] a heavy burden of establishing that

plaintiffs' choice of forum is inappropriate."  Pain v. United Tech. Corp., 637 F.2d 775, 784 (D.C.

Cir. 1980).  But where the lawsuit has no factual nexus with the chosen forum, the plaintiff's

election may be accorded less weight.  See Piper Aircraft v. Reyno, 454 U.S. 235, 255-56 (1981);

Trout Unlimited, 944 F. Supp. at 17; Boers v. United States, 133 F. Supp. 2d 64, 65 (D.D.C.

2001).

   Here, even if plaintiffs' choice of forum is shown little deference, defendant has

failed to demonstrate that the convenience of the parties and witnesses and the interest of justice

would be served by a transfer of venue.  Plaintiffs' chosen forum is, indeed, neither their home

jurisdiction nor the site of the principal events giving rise to their claims.  But plaintiffs submit

that their claims have a factual nexus to the District of Columbia in that defendant has engaged in

lobbying and other efforts to promote DES here.  Additionally, while the substantive law of

Connecticut will govern this case, plaintiffs note that the case is likely to pose issues of District of

Columbia procedural law. And although many of the fact witnesses reside in Massachusetts or Connecticut, defendant does not dispute that the expert witnesses in this case hail from New Jersey, Alabama, Maryland, Texas, Arkansas, and Pennsylvania. Defendant's motion would be more compelling if the anticipated witnesses were more geographically clustered around the proposed alternative venues. Finally, any concerns about the availability of compulsory process in this jurisdiction are mitigated by the fact that plaintiffs and defendant both have counsel in the District of Columbia experienced in handling this type of litigation, and that those counsel have cooperated in numerous other DES cases here with respect to making witnesses and documents readily available.

Thus, upon consideration of defendant's motion to transfer and plaintiffs' opposition thereto, and having assessed the convenience of the parties and witnesses as well as the interest of justice, it is hereby

ORDERED that defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) is DENIED.

_____/s/_____

JOHN D. BATES
United States District Judge

Signed this 17th day of October, 2003.

Copies to:

**Aaron M. Levine**
AARON M. LEVINE & ASSOCIATES, P.A.
1320 19th Street, NW
Suite 500
Washington, DC 20036
(202) 833-8040
(202) 833-8046
aaronlevinelaw@aol.com

**Lawrence Hedrick Martin**
FOLEY HOAG LLP
1747 Pennsylvania Avenue, NW
Suite 1200
Washington, DC 20006
(202) 223-1200
(202) 785-6687
lmartin@foleyhoag.com

-4-

# Appendix 1

Appendix 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                               \*

DEBRA ANN COY,                   \*

                               \*

       Plaintiff,          \*

                               \*

      v.                    \*     CASE NO. 1:01CV01072 (JGP)/(AK)

                               \*

ELI LILLY AND COMPANY,     \*

                               \*

       Defendant.        \*

                               \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF ELI LILLY AND COMPANY'S MOTION TO TRANSFER

      Defendant Eli Lilly and Company ("Lilly") submits this Memorandum of Points and

Authorities in Support of its Motion to Transfer pursuant to 28 U.S.C. § 1404(a). It is proper for

a district court to transfer an action "[f]or the convenience of parties and witnesses, in the interest

of justice." 28 U.S.C. § 1404(a). In the present action, Plaintiff's Complaint alleges exposure <u>in</u>

<u>utero</u> to diethylstilbestrol ("stilbestrol" or "DES") in the Commonwealth of Pennsylvania.

Although Plaintiff resides in Florida, Lilly presumes that most fact witnesses either reside in or

are subject to the subpoena power of the Eastern District of Pennsylvania. By contrast, the only

connection to the District of Columbia is that Plaintiff chose to file her claim here.

      Lilly believes the Eastern District of Pennsylvania is a more convenient forum for the

parties and witnesses to this action. Further, the substantive law of Pennsylvania will determine

this action because the alleged exposure occurred within that jurisdiction. Since Lilly has and

continues to conduct business in the Eastern District of Pennsylvania, Plaintiff could have

action arises elsewhere." (Citations and internal quotations omitted).  See also Trout Unlimited v.
United States Dept. of Agriculture, 944 F. Supp. 13, 17 (D.D.C. 1996) ("deference to the
plaintiff's choice of forum . . . is mitigated . . . [and] the showing defendants must make is
lessened when the plaintiff's choice of forum has no factual nexus to the case, and, where . . .
transfer is sought to the forum with which plaintiff have substantial ties and where the subject
matter of the lawsuit is connected to that state") (Citations and internal quotations omitted).
Plaintiff does not reside in the District of Columbia and none of the events concerning plaintiff's
alleged exposure to stilbestrol is alleged to have occurred in the District of Columbia.  Therefore,
Plaintiff's chosen forum should be accorded little deference.

By contrast, the Eastern District of Pennsylvania would be at least as convenient a forum
as the District of Columbia and very likely more so.  Although Plaintiff resides in Florida, the
alleged harm occurred in utero in Pennsylvania.  See Complaint at ¶ ¶ 1, 4.  Lilly also has been
informed that Plaintiff's mother, who will be an important witness in this matter (see § C below),
resides in Coatesville, Pennsylvania, not far from Philadelphia.  Plaintiff's Answers to
Defendant's First Set of Interrogatories ("Interrog. Answers"), executed August 27, 2001, at No.
6 (attached at Tab A).  Since the alleged harm occurred in Pennsylvania, Plaintiff's mother still
resides there, Plaintiff does not reside in the District of Columbia, and the Eastern District of
Pennsylvania would be a more convenient forum for Lilly (as described below), the balance of
convenience tips toward the Eastern District of Pennsylvania.

C.     The Eastern District Of Pennsylvania Is Far More Convenient For The Witnesses
       Likely To Be Deposed Or Called To Testify At Trial.

Section 1404(a) instructs the transferor court to consider the convenience of witnesses in
deciding whether to transfer an action. In doing so, courts have also looked at ease of access to
sources of proof and the amount of expense for willing witnesses.  See Abbott Labs., 1989 WL

4

*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

DEBRA ANN COY,

    Plaintiff,

        v.

ELI LILLY AND COMPANY

    Defendant.

FILED

JAN 2 3 2002

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil Action No. 01-1072 (JGP)

## ORDER

This matter comes before the Court on Motion of Defendant Eli Lilly and Company to Transfer Action. Upon consideration of the defendant's motion and the plaintiff's opposition, it is hereby

ORDERED that the defendant's motion to transfer is DENIED without prejudice.

Date:   JAN 2 3 2002

_____
JOHN GARRETT PENN
United States District Judge

13

Appendix 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LORI ANN FASTINO,

Plaintiff,

v.

ELI LILLY AND COMPANY,

Defendant.

Civil Action 02-02210  (HHK)

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lori Ann Fastino ("Fastino"), brings this diversity action for damages arising

from her alleged exposure *in utero* to diethylstilbestrol ("DES").  Presently before this court is

defendant Eli Lilly and Company's ("Eli Lilly") motion to transfer this case to the District of

Massachusetts [#6].  Upon consideration of defendant's motion, the opposition thereto, and the

record of this case, the court concludes that defendant's motion to transfer must be denied.

## I. BACKGROUND INFORMATION

Fastino is a resident of Rhode Island.  Eli Lilly is an Indiana pharmaceutical corporation

which manufactured, marketed, and sold DES throughout the United States.  Fastino alleges that

sometime between 1967 and 1968, her mother ingested DES while she was pregnant with

Fastino pursuant to her physician's prescription.  Fastino alleges that as a result of her mother's

use of DES during pregnancy, she has suffered physical injuries including reproductive

malfunction and infertility.

## II. ANALYSIS

### A.    Legal Standard for Motion to Transfer

Eli Lilly has moved to transfer this case to Massachusetts pursuant to 28 U.S.C.

§ 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of

justice, a district court may transfer any civil action to any other district or division where it

might have been brought." The moving defendant "bears the burden of demonstrating that

transfer pursuant to Section 1404(a) is warranted." *Gemological Inst. of Am., Inc. v. Thi-Dai

Phan*, 145 F. Supp. 2d 68, 71 (D.D.C. 2001). Section 1404(a) grants district courts broad

discretion to transfer cases, but they must "adjudicate motions for transfer according to an

'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v.

Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The court must first determine whether the action could have been brought originally in

the District of Massachusetts. The court must consider whether venue and personal jurisdiction

are proper in the transferee district. *Lamont v. Haig*, 590 F.2d 1124, 1131 n.45 (D.C. Cir. 1978);

*see Relf v. Gasch*, 511 F.2d 804, 806-07 (D.C. Cir. 1975). Once a court makes this

determination, it must then "balance a number of case-specific factors which include the private

interests of the parties as well as public interests such as efficiency and fairness." *Wilderness

Soc'y v. Babbitt*, 104 F. Supp. 2d 10, 12 (D.D.C. 2000). The private interest factors include: (1)

the plaintiff's choice of forum, (2) the defendant's choice of forum, (3) whether the claim arose

elsewhere, (4) the convenience of the parties, (5) the convenience of the witnesses, but only to

the extent that the witnesses may be unavailable for trial in one of the districts, and (6) the ease

of access to sources of proof. *Id.* The public interest factors include: (1) the transferee district's

2

familiarity with the governing law, (2) the relative congestion of both the transferor and transferee courts, and (3) the local interest in deciding local controversies at home. *Id.*

**B.    Jurisdiction and Venue in the District of Massachusetts**

### 1.    Subject Matter Jurisdiction

The District of Massachusetts has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship. Fastino is a resident of Rhode Island; Eli Lilly is incorporated and has its principal place of business in Indiana. Eli Lilly does not contest the amount in controversy requirement at this time. Thus, the District of Massachusetts would have subject matter jurisdiction.

### 2.    Personal Jurisdiction

A federal court in Massachusetts would be able to assert personal jurisdiction over Eli Lilly based on Fastino's allegations that the company sold DES to Fastino's mother in Massachusetts. The Massachusetts long-arm statute extends to torts allegedly committed in Massachusetts. *See* MASS. GEN. LAWS ch. 223A, § 3.

### 3.    Venue

"A civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought . . . in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(a)(2). Fastino alleges that her *in utero* exposure to DES occurred during her mother's pregnancy in Massachusetts.

Because subject matter jurisdiction, personal jurisdiction, and venue would be proper in the District of Massachusetts, this case is one which might have been brought there.

3

C.    Private Interest Factors

The court now turns to the private interest factors. Typically, the plaintiff's choice of

forum is given considerable weight, but it is entitled to "substantially less deference when the

forum preferred by the plaintiff is not his home forum." *Boers v. United States*, 133 F. Supp. 2d

64, 65 (D.D.C. 2001) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)).

Because Fastino is not a resident of the District of Columbia, the court gives less deference to

her choice of forum. Eli Lilly's choice of another forum, however, is undermined by the fact that

Eli Lilly previously chose the District of Columbia as the forum for its own litigation against its

insurers regarding coverage for DES claims and opposed the insurers' motion to transfer the case

to another forum. *See Eli Lilly & Co. v. Home Ins. Co.*, 794 F.2d 710 (D.C. Cir. 1986); Ex. 2 to

Pl.'s Opp'n. The balance tips slightly in favor of this district, then, when weighing the parties'

choices of fora.

Eli Lilly maintains that Fastino's claim arose in Massachusetts where her *in utero*

exposure occurred. This factor favors the District of Massachusetts.

Eli Lilly has not shown that the convenience of the parties and their witnesses favors

transfer to Massachusetts. Eli Lilly argues that the relevant treating physicians and pharmacists

of Fastino and her mother during the pregnancy, as well as relevant medical records, are in

Massachusetts. Fastino represents, however, that Fastino's mother and her treating physician are

both deceased, and that medical records and witnesses will be voluntarily produced in the District

of Columbia without need for subpoena. Fastino's expert witnesses are located in Maryland,

Texas, Pennsylvania, and Alabama; Eli Lilly's experts are located in Alabama, Maryland, and

4

New Jersey. There has been no showing that holding trial in the District of Columbia would impede the parties' access to evidence.

The court concludes that Eli Lilly has failed to show that the private factors weigh in favor of transferring this case to Massachusetts.

**D.     Public Factors**

The court now turns to the public interest factors. The "interests of justice are best served by having a case decided by the federal court in the state whose laws govern the interests at stake." *Kafack v. Primerica Life Ins. Co.*, 934 F. Supp. 3, 8 (D.D.C. 1996). In this case, Massachusetts product liability law would govern the dispute. There is no evidence regarding the relative congestion of the district courts of the District of Columbia and Massachusetts. Massachusetts has an interest in determining this controversy because the alleged tort occurred in Massachusetts. The District of Columbia also has an interest in the controversy because it is where Eli Lilly's lobbying efforts to gain approval of DES and the original industry-wide promotion of DES occurred. *See* Ex. 3 to Pl.'s Opp'n. In addition, substantial litigation concerning DES has occurred in this district in the past. *See, e.g., Shields v. Eli Lilly & Co.*, 895 F.2d 1463 (D.C. Cir. 1990); *Tidler v. Eli Lilly & Co.*, 851 F.2d 418 (D.C. Cir. 1988); *Eli Lilly & Co. v. Home Ins. Co.*, 794 F.2d 710 (D.C. Cir. 1986). Therefore, the court concludes that Eli Lilly has failed to show that the public factors favor transfer.

### III. CONCLUSION

Although this action could have been brought in the District of Massachusetts, the

convenience of the parties and the witnesses and the interests of justice do not favor transfer to

Massachusetts. Therefore, this court concludes that defendant's motion to transfer must be

DENIED.

### ORDER

Accordingly, it is this 8th day of October, 2003, hereby:

**ORDERED**, that defendant's motion to transfer [#6] is **DENIED.**


Henry H. Kennedy, Jr.
United States District Judge

6

Appendix 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### Civil Division

JENNIFER F. BAILER,                    )
                                       )
    Plaintiff,                         )
                                       )        Civil Action No. 1:02CV01654 (RMU)
    v.                                 )
                                       )        Document No. 10
ELI LILLY AND COMPANY, et al.          )                        **FILED**
                                       )
    Defendants.                        )                        APR 1 7 2003

                                                NANCY MAYER WHITTINGTON, CLERK
                                                     U.S. DISTRICT COURT

### ORDER

UPON CONSIDERATION of Defendants' Motion to Transfer, and any oppositions and replies filed hereto, it is this 16th day of __April__ , 2003,

    ORDERED, that Defendants' Motion be, and hereby is, **DENIED**.

                                        _Ricardo M. Urbina_
                                        JUDGE

Copies to:

Lawrence H. Martin, Esq.              Aaron M. Levine, Esq.
Foley Hoag, LLP                       Aaron M. Levine & Associates
1747 Pennsylvania Ave., N.W.          1320 19th Street, N.W.
Suite 1200                            Suite 500
Washington, D.C. 20006                Washington, D.C. 20036

James. J. Dillon, P.C.
Foley Hoag, LLP
155 Seaport Boulevard
Boston, MA 02109-2881

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202



Appendix 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OPP due
7/29/02

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
| --- | --- | --- |
| | \* | |
| ERIN MARGARET SUMRALL and | \* | |
| BRICE LYNN SUMRALL, | \* | |
| | \* | |
| Plaintiffs, | \* | |
| | \* | CIVIL ACTION |
| v. | \* | NO. 1:02CV00670 (CKK) |
| | \* | |
| ELI LILLY AND COMPANY, | \* | |
| | \* | |
| Defendant. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION OF DEFENDANT ELI LILLY
## AND COMPANY TO TRANSFER ACTION

Defendant Eli Lilly and Company ("Lilly") moves to transfer this action, pursuant to 28

U.S.C. § 1404(a), to the Western District of Louisiana. Lilly bases its motion on the fact that the

Western District of Louisiana is a more convenient forum than the District of Columbia, the

action could have been brought in the Western District of Louisiana in the first place, and

transfer out of a district with absolutely no connection to the Plaintiffs' cause of action is in the

best interests of justice.

Specifically, Plaintiffs allege that Ms. Sumrall was exposed in utero to diethylstilbestrol

in the State of Louisiana. Although this case is in its earliest stages and Lilly has not had the

benefit of any discovery, Lilly has reason to believe that almost all fact witnesses either reside in

or are subject to the subpoena power of the Western District of Louisiana. The interests of

justice will not be served by burdening the citizens of the District of Columbia with a case that

UNITED STATES DISTRICT COURT
FOR IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

ERIN MARGARET SUMRALL          )
and                            )
BRICE LYNN SUMRALL             )
                               )
        Plaintiffs,            )
                               )
    v.                         )      CIVIL ACTION NO. 1:02CV00670 (CKK)
                               )      Next Event: Initial Scheduling Conference,
ELI LILLY AND COMPANY          )      August 16, 2002, 10:30am     FILED
                               )
        Defendant.             )                      OCT 2 8 2002

                                              NANCY MAYER WHITTINGTON, CLERK
                                                   U.S. DISTRICT COURT

                              ORDER

Upon consideration of Plaintiffs' Opposition to Defendant's Motion to Transfer, and for

good cause shown, it is this ___28___ day of ___October___, 2002, it is hereby

ORDERED that Defendant's Motion (#5) be and hereby is DENIED;

AND IT IS FURTHER ORDERED that this case shall remain in the United States

District Court for the District of Columbia and shall not be transferred.

                                        _____
                                               Judge

Copies to:

Aaron M. Levine, Esq.                    James J. Dillon, P.C.
Aaron M. Levine & Associates             Goodwin Proctor LLP
1320 - 19th Street, N.W., Suite 500      Exchange Place
Washington, D.C.  20036                  Boston, MA  02109

Thomas M. Hefferon, P.C.
Ellen M. Quattrucci, Esq.
Goodwin Proctor LLP
1717 Pennsylvania Avenue, NW
Washington, DC  20006

C:\AARON\2002\SUMRALL Proposed Order.doc

Appendix 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CELIA ROING, DIANE MULLEN, and ELAINE PHILBRICK, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 02-2211 (JDB) |
| v. | ) ) | |
| ELI LILLY AND COMPANY, | ) ) | |
| Defendant. | ) ) | |

## ORDER

Plaintiffs, who all reside in Massachusetts, have filed this diversity action alleging they

were exposed in utero to diethylstilbestrol ("DES") in Massachusetts. Defendant Eli Lilly and

Company ("defendant") has moved to transfer the case to the District of Massachusetts, pursuant

to 28 U.S.C. § 1404(a), asserting that Massachusetts is a more convenient forum than the District

of Columbia, the action could have been brought in Massachusetts originally, the action has no

connection to the District of Columbia, and transfer thus would be in the interest of justice.

Following six other judges of this Court who have denied similar motions in DES cases

against Eli Lilly, the Court denies defendant's motion. The Court agrees that this action could

have been brought in the District of Massachusetts. However, the convenience of the parties and

witnesses, and the interest of justice, do not warrant transfer. See 28 U.S.C. § 1404(a).

Plaintiffs' choice of forum is entitled to some weight, although it is given less deference

when the chosen forum is not the plaintiff's home forum. See Piper Aircraft v. Reyno, 454 U.S.

235, 255-56 (1981); Boers v. United States, 133 F. Supp. 2d 64, 65 (D.D.C. 2001). On the other

hand, defendant has engaged in some lobbying and other efforts related to DES in the District of Columbia. Moreover, it is the forum of choice for many DES cases against Eli Lilly, and even has been the forum of choice by Eli Lilly for its litigation against insurers regarding coverage for DES claims.[1] The location of fact and particularly expert witnesses all around the country does not clearly favor Massachusetts over the District of Columbia. Finally, it is undisputed that plaintiffs and defendant both have counsel in the District of Columbia experienced in handling this type of litigation, and that those counsel have cooperated in numerous other DES cases in the District of Columbia with respect to making witnesses and documents (including medical records) readily available. In short, the relevant factors do not weigh clearly in favor of transfer to the District of Massachusetts.

Accordingly, upon consideration of defendant's motion to transfer and plaintiffs' opposition thereto, and having assessed the convenience of the parties and witnesses as well as the interest of justice, it is this ____ day of January, 2003, hereby

ORDERED that defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) is DENIED.

---

JOHN D. BATES
United States District Judge

---

[1] Eli Lilly opposed a motion to transfer in that case, defending its right to choose the District of Columbia courts against allegations that it was engaged in forum shopping.

-2-

Appendix 7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                        *
DOREEN SCARAMUZZI, as                   *
Mother and Next Friend of               *
HARRY J. SCARAMUZZI, III, a Minor,      *
                                        *
        Plaintiffs,                     *
                                        *     CASE NO. 1:01CV01095 (EGS/AK)
    v.                                  *
                                        *
ELI LILLY AND COMPANY,                  *
                                        *
        Defendant.                      *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## MOTION OF DEFENDANT ELI LILLY
## AND COMPANY TO TRANSFER ACTION

Defendant Eli Lilly and Company ("Lilly") hereby moves to transfer this third generation

DES products liability action, pursuant to 28 U.S.C. § 1404(a), to the District of Rhode Island.

Lilly bases its motion on the fact that the District of Rhode Island is a more convenient forum

than the District of Columbia, the action could have been brought in the District of Rhode Island

in the first place, and transfer out of a district with absolutely no connection to the Plaintiffs'

cause of action is in the best interests of justice, particularly where the case raises novel issues

under Rhode Island law.

More specifically, Plaintiffs reside in the District of Rhode Island, Ms. Scaramuzzi

alleges that she was exposed in utero to diethylstilbestrol in the District of Rhode Island, and

Harry Scaramuzzi was born in the District of Rhode Island. Lilly has reason to believe that

almost all fact witnesses either reside in or are subject to the subpoena power of the District of

Rhode Island. Further, and importantly, Rhode Island substantive law will govern this third

generation DES action and no Rhode Island court has yet had the opportunity to address the

viability of such a claim.  The interests of justice will not be served by burdening the citizens of

the District of Columbia with a case that has no connection to the forum.  Nor will the interests

of justice be served by asking a District of Columbia Court to rule on novel issues under Rhode

Island law when a transfer to Rhode Island is possible and far more convenient.  Therefore,

transfer to the District of Rhode Island forum is appropriate.

WHEREFORE, based on the foregoing reasons and those more fully set forth in the

accompanying Memorandum of Points and Authorities in Support of this Motion, Lilly

respectfully requests this Court to grant its motion to transfer this case to the District of Rhode

Island.

GOODWIN PROCTER LLP

By: _____
Thomas M. Hefferon, P.C. (#461750)
Ellen M. Quattrucci (#462103)
GOODWIN PROCTER LLP
1717 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
(202) 974-1000

and

James J. Dillon, P.C.
Andrea L. Studley
Daniel J. Pasquarello
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts  02109
(617) 570-1000
Attorneys for Defendant
Eli Lilly and Company

DATED: December 6 , 2001

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOREEN SCARAMUZZI, as mother, )
and next friend of )
HARRY J. SCARAMUZZI, III, )
a minor, )
               Plaintiffs, )   Civil Action No.: 01-1095
                        )   (EGS) [10]
    v. )
                        )
ELI LILLY AND COMPANY, )
             Defendant. )

**FILED**

JUL 0 2001

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

### ORDER

Upon consideration of defendant's motion to transfer, counsels' representations at the December 7, 2001 status hearing, and the fact that the parties have already engaged in substantial discovery, it is hereby

ORDERED that defendant's motion to transfer is DENIED without prejudice.

12/15/01
_____
DATE

_____
Emmet G. Sullivan
United States District Judge

Appendix 8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HILLARY BLANK and MARC BLANK, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 02-1976 (RWR) |
| | ) |
| ELI LILLY AND COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Hillary Blank and Marc Blank filed this diversity action alleging that Ms. Blank was exposed *in utero* to diethylstilbestrol ("DES"). Defendant Eli Lilly and Company ("Eli Lilly") has moved to transfer the case to the District of Massachusetts. Because defendant has failed to establish that the convenience of the parties and the witnesses and the interests of justice favor transfer to Massachusetts, defendant's motion will be denied.

### BACKGROUND

Plaintiffs are residents of New Jersey. Eli Lilly is an Indiana pharmaceutical corporation which manufactured and sold DES throughout the United States. Ms. Blank alleges that her mother took DES during pregnancy.

Ms. Blank was born in Massachusetts in 1967. She alleges that, as a result of her mother's use of DES during pregnancy,

- 2 -

she has suffered physical injuries including reproductive

malfunction and infertility.  Ms. Blank also alleges that she has

suffered depression, anxiety and emotional distress.

### DISCUSSION

Defendant has moved to transfer this case to Massachusetts

pursuant to 28 U.S.C. § 1404(a)(2000), which provides that "[f]or

the convenience of parties and witnesses, in the interest of

justice, a district court may transfer any civil action to any

other district or division where it might have been brought."

The moving defendant "bears the burden of demonstrating that

transfer pursuant to Section 1404(a) is warranted." Gemological

Institute of America v. Thi-Dai Phan, 145 F. Supp. 2d 68, 71

(D.D.C. 2001).  Section 1404(a) grants district courts broad

discretion to transfer cases, but they must "adjudicate such

motions according to an 'individualized, case-by-case

consideration of convenience and fairness.'" Gemological

Institute, 145 F. Supp. 2d at 71 (citing Stewart Organization,

Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).

The Court must first determine whether venue and personal

jurisdiction are proper in the transferee district. Lamont v.

Haig, 590 F.2d 1124, 1131 n.45 (D.C. Cir. 1978); see also Relf v.

Gasch, 511 F.2d 804, 806 (D.C. Cir. 1975) (holding that the

- 3 -

district court may transfer a case only to a judicial district
where the case might have been brought).

Once a court makes this determination, it must then "balance
a number of case-specific factors which include the private
interests of the parties as well as public interests such as
efficiency and fairness." <u>Wilderness Society v. Babbitt</u>, 104 F.
Supp. 2d 10, 12 (D.D.C. 2000). On the private side of the
balance, these factors include: (1) the plaintiff's choice of
forum; (2) the defendant's choice of forum; (3) whether the claim
arose elsewhere; (4) the convenience of the parties; (5) the
convenience of the witnesses, but only to the extent that the
witnesses may be unavailable for trial in one of the districts;
and (6) the ease of access to sources of proof. <u>Id.</u> The factors
on the public side of the balance include: (1) the transferee's
familiarity with the governing law; (2) the relative congestion
of both the transferor and transferee courts; and (3) the local
interest in deciding local controversies at home. <u>Id.</u>

I.    <u>Venue in the District of Massachusetts</u>

"A civil action wherein jurisdiction is founded only on
diversity of citizenship may . . . be brought . . . in . . . (2)
a judicial district in which a substantial part of the events or
omissions giving rise to the claim occurred . . .." 28 U.S.C.

- 4 -

§ 1391(a)(2). Plaintiff alleges that her *in utero* exposure to DES occurred during her mother's pregnancy in Massachusetts.

A federal court in Massachusetts would be able to assert personal jurisdiction over Eli Lilly based on plaintiff's allegations that the company sold DES to plaintiff's mother in Massachusetts. See Mass. Gen. Laws ch. 223A, § 3 (Massachusetts long-arm statute governing torts allegedly committed in Massachusetts). Because venue and personal jurisdiction would be proper in the District of Massachusetts, this case is one which might have been brought there.

II. Private Factors

Typically, the plaintiff's choice of forum is given considerable weight, but it is entitled to "substantially less deference when the forum preferred by the plaintiff is not his home forum." Boers v. United States, 133 F. Supp. 2d 64, 65 (D.D.C. 2001) (citing Piper Aircraft v. Reyno, 454 U.S. 235, 255-56 (1981)). In this case, plaintiffs are not residents of their chosen forum, but plaintiffs argue that much of defendant's lobbying efforts before the Food and Drug Administration ("FDA") occurred in the District of Columbia. Defendant's choice of another forum is undermined by the fact that defendant chose the District of Columbia as the forum for its own litigation against insurers regarding coverage for DES claims and opposed the

- 5 -

insurers' motion to transfer the case to another forum.  See Eli

Lilly's Memorandum in Opposition to Motion to Transfer, Exh. 4 to

Plaintiffs' Opposition to Defendant's Motion to Transfer.  The

balance tips slightly in favor of this district, then, when

weighing the parties' choices of fora.

Defendant maintains that plaintiffs' claim arose in

Massachusetts where Ms. Blank's in utero exposure occurred.

Plaintiffs argue that their claim also arose in part from Eli

Lilly's lobbying efforts in the District of Columbia to obtain

FDA approval for DES.  This factor favors neither district.

Defendant has not shown that the convenience of the parties

and their witnesses favors transfer to Massachusetts.  There is

only one witness who lives in Massachusetts and that witness will

appear without subpoena at a mutually-convenient location.  At

least one of plaintiffs' expert witnesses is in this district.

No medical records of Ms. Blank's are in Massachusetts.  There

has been no showing that holding trial in the District of

Columbia would impede the parties' access to evidence.

Defendant has failed to show that the private factors weigh

in favor of transferring this case to Massachusetts.

III. Public Factors

The "interests of justice are best served by having a case

decided by the federal court in the state whose laws govern the

- 6 -

interests at stake." <u>Kafack v. Primerica Life Insurance Co.</u>, 934 F. Supp. 3, 8 (D.D.C. 1996). In this case, however, it has yet to be determined which state or district's law will govern the dispute. There is no evidence regarding the relative congestion of the district courts of the District of Columbia and Massachusetts, and neither the District of Columbia nor Massachusetts has a strong local interest in this controversy. Defendant has failed to show that the public factors favor transfer.

CONCLUSION

Defendant has failed to show that the convenience of the parties and the witnesses and the interests of justice favor transfer to Massachusetts. Accordingly, it is hereby

ORDERED that defendant's motion to transfer [7] be, and hereby is, DENIED.

SIGNED this 13th day of December, 2002.


RICHARD W. ROBERTS
United States District Judge

Appendix 9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VALERIE ABRAMSON, et al.,

    Plaintiffs,

        v.

ELI LILLY AND COMPANY,

    Defendant.

Civil Action No. 03-2541 (JDB)

## MEMORANDUM OPINION

This in utero diethylstilbestrol (DES) exposure case brought by plaintiff Valerie Abramson and her husband Chett Abramson ("plaintiffs") against defendant Eli Lilly and Company is one of many currently pending in this Court. Following initial discovery, defendant has moved to transfer the action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of New Jersey, which defendant submits is a more convenient forum.[1] The Court agrees based on the specific facts of this case.

## FACTUAL BACKGROUND

There is no dispute as to certain facts central to the disposition of defendant's motion. Plaintiffs reside in New Jersey, as do plaintiff Valerie Abramson's parents. Ms. Abramson's gynecologist during the relevant 1988 to 2001 period practices in New Jersey. The other relevant physicians identified by plaintiffs in interrogatory responses all practice in New Jersey and reside in New York (well within the subpoena power of the District of New Jersey pursuant to

---

[1] Briefing on the motion was completed on August 31, 2004.

Fed.R.Civ.P. 45(b)(2)). No non-party fact witness resides in the District of Columbia or is within the subpoena power of this Court. None of the events relating to plaintiffs giving rise to this specific action have any connection to the District of Columbia. As plaintiffs expressly agree, this case could have been brought in the District of New Jersey.

Plaintiffs do, however, claim some connection to the District of Columbia by virtue of defendant's lobbying and promotion efforts with the Food and Drug Administration ("FDA") relating to DES, which occurred largely in the District of Columbia, although for the most part long ago. Plaintiffs also point out that defendant has itself brought suit in the District of Columbia against its insurers over DES claims. Moreover, plaintiffs observe that many DES cases have been brought here, and that the judges of this Court, and particularly Magistrate Judge Kay, have developed an expertise in these cases.

## ANALYSIS

Most of the judges of this Court, including this judge,[2] have denied similar transfer motions in DES cases against Eli Lilly. Where there is no connection to this forum and a strong connection to one other forum, however, transfer has been granted. See Thompson v. Eli Lilly and Co., Civil Action No. 03-0122 (RBW) (D.D.C. June 27, 2003).

The Court agrees that this action could have been brought in the District of New Jersey.[3] However, plaintiffs' choice of forum is entitled to some weight, although it is given less deference when (as here) the chosen forum is not the plaintiff's home forum. See Piper Aircraft v. Reyno,

---

[2] See Roing, et al. v. Eli Lilly & Co., Civil Action No. 02-2211 (JDB) (D.D.C.) (Order dated Jan. 28, 2003).

[3] There is no doubt that the District of New Jersey would have jurisdiction over the action and that venue is proper there.

454 U.S. 235, 255-56 (1981); Boers v. United States, 133 F. Supp. 2d 64, 65 (D.D.C. 2001). On

the other hand, defendant has engaged in some lobbying and other efforts related to DES in the

District of Columbia. Moreover, it is the forum of choice for many DES cases against Eli Lilly,

and even has been the forum of choice by Eli Lilly for its litigation against insurers regarding

coverage for DES claims.[4] Although it does not appear likely that the District Judges of this Court

have developed much real expertise in the substance of these DES cases, certainly Magistrate

Judge Kay has considerable experience in the settlement context. Finally, it is undisputed that

plaintiffs and defendant both have counsel (the latter in the District of Columbia) experienced in

handling this type of litigation, and that those counsel have cooperated in other DES cases in the

District of Columbia with respect to making witnesses and documents (including medical records)

readily available. These relevant factors, taken together, do not weigh clearly in favor of transfer

to the District of New Jersey.

What may be different about this case, however, is the convenience of witnesses factor

under section 1404(a). Indeed, "the most critical factor to examine under 28 U.S.C. § 1404(a) is

the convenience of the witnesses." Chung v. Chrysler Corp., 903 F. Supp. 160, 164 (D.D.C.

1996). The ease of access to sources of proof, the expenses for willing witnesses, and whether the

claim arose elsewhere are all important considerations in this assessment. See Trout Unlimited v.

United States Dep't of Agriculture, 944 F. Supp. 13, 16 (D.D.C. 1996).

Here, all the relevant fact witnesses on exposure, injury and causation are more easily

---

[4] Eli Lilly opposed a motion to transfer in that case, defending its right to choose the District of Columbia courts against allegations that it was engaged in forum shopping. Defendant has explained, however, that the choice of forum there was based in part on the need to accommodate travelers from around the globe.

-3-

accessed in New Jersey than in the District of Columbia -- plaintiffs, Ms. Abramson's parents, her

gynecologist, and other treating physicians. No fact witness appears to be located in or close to

the District of Columbia. The subpoena power of the New Jersey court reaches all those

witnesses, while this Court's subpoena power does not.[5] The relevant medical records are also

more readily obtained in New Jersey from the various physicians. Nor, quite obviously, did the

claim, or any events giving rise to the claim, occur here.

Unlike many of the other DES cases, where relevant witnesses are spread around the

country (even in the District of Columbia), this is a case with a single forum that is plainly most

convenient for the witnesses -- the District of New Jersey. Moreover, that is the forum where

most of the operative facts occurred, although some also apparently occurred in other states but

not in the District of Columbia.[6] It is simply beyond cavil that transfer to the District of New

Jersey will be considerably more convenient (and less expensive) for the witnesses. Importantly,

that will also enable the relevant witnesses to be compelled to testify because they will be within

the subpoena power of that court, which is not the case were the action to remain in this Court.

Finally, given the very minimal connection of this lawsuit to the District of Columbia, it does not

seem appropriate to burden this jurisdiction and its limited resources, or even Magistrate Judge

---

[5] Conceivably, then, some of those witnesses could decline to appear if the case went forward to trial in this Court.

[6] The Court does not find persuasive the argument that DES-related lobbying efforts to the FDA tie this case to the District of Columbia. Documents related to those efforts have already been produced to plaintiff's counsel. Likewise, a 1941 meeting of representatives of drug manufacturers in Washington, D.C., is too attenuated a basis for connecting this action to the District of Columbia.

Kay, with this case.[7]

Accordingly, defendant's motion to transfer this case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a) in the interests of justice and for the convenience of the parties and witnesses will be granted. A separate order will be issued.


/s/    John D. Bates
JOHN D. BATES
United States District Judge

Dated: October 25, 2004

---

[7] Plaintiffs emphasize the several other cases in this District in which transfer has been denied, including a case brought by Ms. Abramson's sister. The point remains, however, that section 1404(a) transfer motions are extremely fact-dependent, turning largely on the connection of the specific case to the transferee and transferor forums and the convenience and location of the relevant witnesses.

-5-

Copies to:

Patricia Martin Stanford
3609 Hendricks Avenue
Jacksonville, FL 32207
(904) 346-4215
Fax: (904) 346-4275
E-mail: pmslaw1@aol.com
        *Counsel for plaintiffs*

Lawrence Hedrick Martin
FOLEY HOAG LLP
1875 K Street, NW
Suite 800
Washington, DC 20006
(202) 223-1200
Fax: (202) 785-6687
E-mail: lmartin@foleyhoag.com

James J. Dillon
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
(617) 832-1000
Fax: (617) 832-7000
E-mail: jdillon@foleyhoag.com
        *Counsel for defendant*

-6-

Appendix 10

APPENDIX 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELI LILLY AND COMPANY,                    )
                                          )
                    Plaintiff             )
                                          )
        v.                                )   Civil Action No. 82-1405
                                          )   Judge Norma Holloway Johnson
THE HOME INSURANCE COMPANY, et al.        )
                                          )
                    Defendants            )

PLAINTIFF'S MEMORANDUM
IN OPPOSITION TO MOTION TO TRANSFER

Peter C. Ward
Michael A. Nardolilli
BAKER & DANIELS
1920 N Street, N.W.
Washington, D.C.   20036
(202) 785-1565

Theodore R. Boehm
Christopher G. Scanlon
BAKER & DANIELS
810 Fletcher Trust Building
Indianapolis, Indiana   46204
(317) 636-4535

Attorneys for Eli Lilly and Company

Dated:    Washington, D.C.
          July 1, 1982

Attorneys for Eli L...

Forum shopping is no more an evil than any other
tactical determination a party makes in its behalf.
Any competent lawyer chooses a forum with his or
her client's interests in mind.  This is undoubtedly
why Justice Jackson [in Gulf Oil Corp. v. Gilbert,
330 U.S. 501, 67 S.Ct. 839 (1947)] made clear that
a party had to do more than forum shop to justify
invoking forum non conveniens; the choice of forum
must have been made 'with some harassment' in mind
to have justified dismissal of the action.

Cheeseman v. Carey, 485 F. Supp. 203, 215 (S.D. N.Y. 1980),

remanded on other grounds, 623 F.2d 1387 (2d Cir. 1980).

Obviously, by their accusations of "forum shopping"

defendants hope to divert the Court's attention from the

relevant considerations of convenience and justice to the

irrelevant matter of Lilly's reasons for bringing suit in

this district.[1]

These same charges were made by defendant Aetna

Casualty and Surety Company in the Owens-Illinois case.

Quite properly, the court ignored Aetna's allegations in

reaching its decision not to grant transfer.  Lilly's right

to litigate in this forum is afforded by the applicable venue

statute.  Wiren v. Laws, 194 F.2d at 875.  Moreover, Lilly's

---

[1]    Contrary to defendants' assertions, courts
have not penalized plaintiffs for selecting forums
with favorable laws.  The relevant policy consid-
erations are established by Van Dusen v. Barrack,
376 U.S. 612, 84 S. Ct. 805 (1964), the leading
case on the subject, which actually "protects the
plaintiff in his right to bring his action in the
state in which the law is most advantageous to
him, so long as defendant is subject to suit
there * * *."  1 J. Moore, Moore's Federal Practice
¶ 0.145 [4.-5] at 1608 (2d ed. 1982) (footnote
omitted).  At the same time the Court in Van Dusen
recognized that § 1404(a) itself could be used as
a forum-shopping device by a defendant dissatisfied
with the law of the original forum.  By holding
that the transferee court must apply the same sub-
stantive law as would the transferor court, Van Dusen
sought only to protect plaintiffs from § 1404(a)
forum-shopping defendants.  The Court appropriately
did not seek to penalize plaintiffs who merely
exercise rights afforded by the venue statutes
themselves.  See Wiren v. Laws, 194 F.2d at 875.

-14-

shows what common sense tells one.[10/]   The District of
Columbia is a center of international dimensions easily
accessible from all points, including Europe.  The same is
not true of Indianapolis.  It is positively absurd to believe
otherwise.

Defendants have not come forth with any facts to
support their position that Indianapolis would be a more
convenient forum for them.  Therefore, they have failed to
carry their burden of proof.  Clearly, for most defendants
(the 50 or so located in the "East" or in Europe),
Washington, D.C. provides a more convenient forum.  The
twelve defendants located in Illinois, Omaha, St. Paul and
Wausau are going to have to travel by air to arrive at either
Indianapolis or Washington, D.C., and have better service to
Washington.  In any event, no defendant has shown any specific
hardship encountered by litigation in the District of Columbia
which would be eased by transfer to Indiana.

In short, the "convenience" to which defendants
refer is nothing more than a desire to avoid the court of

---

[10/]     The following flight schedule should be com-
pared with the schedule presented in Defendants'
Memo., p. 12 (footnote).  Such a comparison clearly
shows that there is greater ease of access to
Washington, D.C. than to Indianapolis:

| Area | Daily Flights To and From D.C. |
|---|---|
| Seattle, WA | 59 |
| San Francisco, CA | 81 |
| Los Angeles, CA | 107 |
| Omaha, NE | 45 |
| St. Paul, MI | 30 |
| Kansas City, MO | 52 |
| Wausau, WI | 19 |
| Springfield, IL | 26 |
| Chicago, IL | 54 |
| Richmond, VA | 45 |
| Philadelphia, PA | 72 |
| New York City, NY | 104 |
| Hartford, CO | 23 |
| Boston, MA | 45 |

Appendix 11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|                          |   |
| ------------------------ | - |
| NANCY PETERSON,          | \* |
|                          | \* |
| Plaintiff,               | \* |
|                          | \* |
| v.                       | \* |
|                          | \* |
| ELI LILLY AND COMPANY,   | \* |
|                          | \* |
| Defendant.               | \* |
|                          | \* |

Opp due 12/26/01

CASE NO. 1:01CV01404 (ESH)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION OF DEFENDANT ELI LILLY
## AND COMPANY TO TRANSFER ACTION

Defendant Eli Lilly and Company ("Lilly") hereby moves to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the District of Massachusetts. Lilly bases its motion on the fact that the District of Massachusetts is a more convenient forum than the District of Columbia, the action could have been brought in the District of Massachusetts in the first place, and transfer out of a district with absolutely no connection to the Plaintiff's cause of action is in the best interests of justice.

More specifically, Plaintiff resides in the District of Massachusetts and alleges that she was exposed in utero to diethylstilbestrol in the District of Massachusetts. Lilly has reason to believe that almost all fact witnesses either reside in or are subject to the subpoena power of the District of Massachusetts. The interests of justice will not be served by burdening the citizens of the District of Columbia with a case that has no connection to the forum, and therefore transfer to the far more convenient District of Massachusetts forum is appropriate.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 0 9 2002
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NANCY PETERSON,

    Plaintiff,

v.

ELI LILLY AND COMPANY

    Defendant.

Case No. 1:01CV01404 (ESH/AK)
Next Event: Defendant's 26(a)(2)
Statement Due on January 21, 2002

## ORDER

Upon consideration of Plaintiff's Opposition to Defendant's Motion to Transfer, and for good cause shown, it is this 9 day of January, 2002.

ORDERED that Defendant's Motion to Transfer be and hereby is DENIED;

AND IT IS FURTHER ORDERED that this case shall remain in the United States District Court for the District of Columbia and shall not be transferred.

E S Huck

Judge

Copies to:

Aaron M. Levine, Esq.
Aaron M. Levine & Associates
1320 - 19th Street, N.W., Suite 500
Washington, D.C. 20036

Thomas M. Hefferon, P.C.
Goodwin Procter LLP
1717 Pennsylvania Avenue, NW
Washington, DC 20006

James J. Dillon, P.C.
Goodwin Procter LLP
Exchange Place
Boston, MA 02109





.

# Appendix 12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAUREN GAIL MILLER,<br><br>Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY, et al.,<br><br>Defendants. | CIVIL ACTION No. 03-00896 (HHK) |

## DEFENDANTS' MOTION TO TRANSFER
## TO THE NORTHERN DISTRICT OF CALIFORNIA

Defendants Eli Lilly and Company ("Lilly"), Abbot Laboratories, Inc. ("Abbott"),

Bristol-Myers Squibb Company ("Squibb"), Dart Industries, Inc. ("Dart"), GlaxoSmithKline

("Glaxo"), Merck and Company, Inc. ("Merck"), Pharmacia and Upjohn Company

("Pharmacia"), and Premo Pharmaceutical Laboratories, Inc. ("Premo") (collectively, the

"Defendants"), hereby move to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the

United States District Court for the Northern District of California. Defendants base their motion

on the fact that the Northern District of California is a more convenient forum than the District of

Columbia for trying this action based on alleged exposure to the drug DES, the action could have

been brought in the Northern District of California in the first place, and transfer out of a district

with absolutely no connection to the Plaintiff's cause of action is in the interest of justice.

Transfer to the Northern District of California is appropriate for at least the following

reasons:

- Plaintiff Lauren Gail Miller ("Plaintiff") resides in the Northern District of California;

- Plaintiff's Mother, Gail Kendrick Miller, resides in the Northern District of California and Plaintiff's father is deceased;

1

- Plaintiff alleges *in utero* exposure to diethylstilbestrol in the Northern District of California;

- Plaintiff was born in the Northern District of California;

- Although Plaintiff could only identify the location of the pharmacy that allegedly dispensed the product at issue in this case, Plaintiff has identified the dispensing facility as being located in the Northern District of California;

- Dr. Gregory Smith, Plaintiff's mother's prescribing and treating physician, practiced medicine and treated Plaintiff's mother in the Northern District of California;

- All of Plaintiff's gynecological care from the age of menarche to the present has been through the Kaiser Permanente medical group, located in Santa Clara, California which is in the Northern District of California;

- Dr. Edward J. Bailey, Dr. Joseph D'Amico and Dr. Cassius A. Scott, doctors identified as having treated Plaintiff for injuries allegedly caused by *in utero* exposure to diethylstilbestrol, practice in the Northern District of California;

- This case -- like the more than 100 DES cases filed by Plaintiff's counsel in the District of Columbia in the past three years -- has no connection to the District of Columbia except that it was filed here.

WHEREFORE, based on the foregoing reasons and those more fully set forth in the accompanying Memorandum of Points and Authorities in Support of this Motion, Defendants respectfully request this Court to grant their motion to transfer this case to the Northern District of California.

Respectfully submitted,

ELI LILLY AND COMPANY
By its Attorneys:

/s/ Lawrence H. Martin
Lawrence H. Martin
Foley Hoag LLP
1875 K Street, N.W., Suite 800
Washington, D.C., 20006-1238
(202) 223-1200

and

CLOSED, TYPE-B

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:03-cv-00896-HHK

MILLER v. ELI LILLY AND COMPANY et al
Assigned to: Judge Henry H. Kennedy
Cause: 28:1332 Diversity-Product Liability

Date Filed: 04/17/2003
Date Terminated: 05/10/2005
Jury Demand: None
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 04/17/2003 | 1 | NOTICE OF REMOVAL from Superior Court for the District of Columbia, case number 03-0002013. ( Filing fee $ 150 ) (Attachments: # 1 Exhibit # 2 Exhibit)(bcs, ) (Entered: 04/23/2003) |
| 04/17/2003 | 2 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by ELI LILLY AND COMPANY (bcs, ) (Entered: 04/23/2003) |
| 04/21/2003 | 4 | NOTICE of Appearance by John F. Anderson on behalf of DART INDUSTRIES INC (Anderson, John) (Entered: 04/21/2003) |
| 04/21/2003 | 2 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests *for Dart Industries, Inc.* (Anderson, John) (Entered: 04/21/2003) |
| 04/22/2003 | 5 | NOTICE of Appearance by Aaron M. Levine on behalf of LAUREN GAIL MILLER (Levine, Aaron) (Entered: 04/22/2003) |
| 04/24/2003 | 6 | Preliminary Electronic Case Filing Order. Signed by Judge Henry H. Kennedy on April 24, 2003. (FL, ) (Entered: 04/24/2003) |
| 04/28/2003 | 7 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests (Simonyi, Juli) (Entered: 04/28/2003) |
| 04/28/2003 | 8 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests (Leech, Sidney) (Entered: 04/28/2003) |
| 04/29/2003 | 9 | ORIGINAL FILE. certified copy of transfer order. and docket sheet received from D.C. Superior Court 03ca2013. (bcs, ) (Entered: 05/01/2003) |
| 05/06/2003 | 10 | NOTICE of Appearance by Scott Hu Christensen on behalf of MALLINCKRODT, INC. (Christensen, Scott) (Entered: 05/06/2003) |
| 05/06/2003 | 11 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate |

| | | Affiliations and Financial Interests *of Mallinckrodt, Inc.* (Christensen, Scott) (Entered: 05/06/2003) |
|---|---|---|
| 05/13/2003 | 12 | NOTICE of Appearance by Kathleen M. Bustraan on behalf of LANNETT COMPANY, INC. (Bustraan, Kathleen) (Entered: 05/13/2003) |
| 05/13/2003 | 13 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests *for Lannett Company, Inc.* (Bustraan, Kathleen) (Entered: 05/13/2003) |
| 09/11/2003 | 14 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests *Amended* (Leech, Sidney) (Entered: 09/11/2003) |
| 10/14/2003 | 15 | NOTICE of Appearance by Juli Zsuzsa Simonyi on behalf of PREMO PHARMACEUTICAL LABORATORIES, INC. (Attachments: # 1 Exhibit Exhibit 1 - Copy of Answer)(Simonyi, Juli) (Entered: 10/14/2003) |
| 10/21/2003 | 16 | NOTICE of Change of Address by John F. Anderson (Anderson, John) (Entered: 10/21/2003) |
| 10/31/2003 | 17 | NOTICE of Appearance by Janet K. Coleman on behalf of GLAXOSMITHKLINE INC (Coleman, Janet) (Entered: 10/31/2003) |
| 10/31/2003 | 18 | LCvR 26.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests *for GlaxoSmithKline* (Coleman, Janet) (Entered: 10/31/2003) |
| 12/09/2003 | 19 | NOTICE of Change of Address by Lawrence Hedrick Martin (Martin, Lawrence) (Entered: 12/09/2003) |
| 12/23/2003 | 20 | ENTERED IN ERROR.....MOTION to Transfer Case *to the Northern District of California* by ABBOTT LABORATORIES, INC., BRISTOL-MYERS SQUIBB COMPANY, DART INDUSTRIES INC, ELI LILLY AND COMPANY, GLAXOSMITHKLINE INC, MALLINCKRODT, INC., MERCK & COMPANY INC, PHARMACIA & UPJOHN COMPANY, PREMO PHARMACEUTICAL LABORATORIES, INC.. (Attachments: # 1 Affidavit of Howard P. Goldberg# 2 Exhibit A to Goldberg Affidavit# 3 Exhibit B to Goldberg Affidavit# 4 Exhibit C to Goldberg Affidavit# 5 Exhibit D to Goldberg Affidavit# 6 Text of Proposed Order)(Martin, Lawrence) Modified on 12/24/2003 (bcs, ). (Entered: 12/23/2003) |
| 12/24/2003 | | "NOTICE OF CORRECTED DOCKET ENTRY. Document No. 20 was entered in error and counsel has chosen to refile said pleading to make correcection." (bcs, ) (Entered: 12/24/2003) |
| 12/24/2003 | 21 | MOTION to Transfer Case *to the Northern District of California* by ABBOTT LABORATORIES, INC., BRISTOL-MYERS SQUIBB COMPANY, DART INDUSTRIES INC, ELI LILLY AND COMPANY, GLAXOSMITHKLINE INC, MERCK & COMPANY INC, PHARMACIA & UPJOHN COMPANY, PREMO |

| | | 28, 2004. Official paperless order(FL, ) Modified on 1/28/2004 (FL, ). (Entered: 01/28/2004) |
|---|---|---|
| 01/29/2004 | 30 | NOTICE of Voluntary Dismissal re Lannett Company, Inc. (Levine, Aaron) (Entered: 01/29/2004) |
| 05/05/2004 | | MINUTE ORDER: denying Motion to Transfer Case 21 (Kennedy, Henry) (Entered: 05/05/2004) |
| 05/13/2004 | | Set Hearings: Initial Status Conference set for 8/6/2004 10:15 AM in Courtroom 14 before Judge Henry H. Kennedy. (zrew, ) (Entered: 05/13/2004) |
| 05/14/2004 | 31 | Order for Initial Scheduling Conference. Initial conference set for 8/6/2004, at 10:15 am before Judge Henry H. Kennedy, Jr. Signed by Judge Henry H. Kennedy on May 14, 2004. (FL, ) (Entered: 05/14/2004) |
| 05/28/2004 | 32 | STIPULATION *of Dismissal of Dart Industries, Inc.* by DART INDUSTRIES INC, LAUREN GAIL MILLER. (Anderson, John) (Entered: 05/28/2004) |
| 06/02/2004 | 33 | NOTICE of Voluntary Dismissal re Merck & Co. *with prejudice* (Ewert, Elizabeth) (Entered: 06/02/2004) |
| 06/17/2004 | 34 | NOTICE by PHARMACIA & UPJOHN COMPANY *Notice to Strike and Enter Appearance of Counsel* (Leech, Sidney) (Entered: 06/17/2004) |
| 07/27/2004 | 35 | MEET AND CONFER STATEMENT. (Attachments: # 1 Text of Proposed Order Proposed Scheduling Order)(Levine, Aaron) (Entered: 07/27/2004) |
| 08/06/2004 | | Minute Entry for proceedings held before Judge Henry H. Kennedy : Status Conference held on 8/6/2004. The Court adopts counsel's briefing schedule. Counsel agree to Mediation. Status Conference set for 4/8/2005 at 09:30 AM in Courtroom 14 before Judge Henry H. Kennedy. (Court Reporter Dolores Byers.) (rew, ) (Entered: 08/09/2004) |
| 08/11/2004 | 36 | Scheduling Order: Status conference set for April 8, 2005, at 9:30 a.m., before Judge Henry H. Kennedy, Jr. Signed by Judge Henry H. Kennedy, Jr., on August 11, 2004. (FL, ) (Entered: 08/11/2004) |
| 08/11/2004 | 37 | Order referring action to mediation. Signed by Judge Henry H. Kennedy, Jr., on August 11, 2004. (FL, ) (Entered: 08/11/2004) |
| 08/11/2004 | | Set Deadlines/Hearings: Discovery due by 3/7/2005. Dispositive Motions due by 4/11/2005. Plaintiff Rule 26a2 due by 12/6/2004. Defendant Rule 26a2 due by 1/5/2005. Status Conference set for 4/8/2005 09:30 AM in Courtroom 14 before Judge Henry H. Kennedy. (rew, ) (Entered: 08/11/2004) |
| 01/04/2005 | 38 | RULE 26a2 STATEMENT. (Coleman, Janet) (Entered: 01/04/2005) |
| 01/04/2005 | 39 | NOTICE of Appearance by Elizabeth Ewert on behalf of PHARMACIA & UPJOHN COMPANY (Ewert, Elizabeth) (Entered: 01/04/2005) |
| | | |

Appendix 13

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| CONNIE PAVLICAS, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| vs. | \* |
| | \* |
| ELI LILLY AND COMPANY, et al., | \* |
| | \* |
| Defendants. | \* |
| | \* |

**CIVIL ACTION NO. 2006 CA 006749 B**

**Judge Mary A. Terrell**

**Next Event: Discovery Closes – 6/13/07**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CONSENT MOTION TO AMEND SCHEDULING ORDER

      **COMES NOW** defendant, Eli Lilly and Company, by and through counsel, **with the consent of plaintiff, Connie Pavlicas, and all remaining co-defendants**, and hereby moves this Court to Amend the current Scheduling Order to extend all deadlines on the scheduling order by 60 days for the following grounds:

      1.    The present action is a pharmaceutical case in which plaintiff Connie Pavlicas claims that she suffered injuries, including abnormalities to her reproductive tract and infertility, as a result of her alleged *in utero* exposure to diethylstilbestrol ("DES").

      2.    On December 15, 2006, the court issued a scheduling order in this matter which set discovery to close on June 13, 2007.

      3.    On or about May 30, 2007, Plaintiff with the consent of the parties filed a Consent Motion to Extend Scheduling Order. Within the motion, Plaintiff indicated that there are several treating physicians in this case whose testimony is relevant to Plaintiff's claims and that all of the parties have been working together to schedule these physicians' depositions who are located in

New York and have busy practices. The motion requested a 30 day extension of all deadlines including the discovery deadline.

4.    On June 25, 2007, this Honorable Court granted the motion and extended all pending deadlines by 30 days. Accordingly, the close of discovery was moved from June 13, 2007 to July 13, 2007.

5.    In the meantime, the parties have been working to make contact with the treating physicians and to obtain their cooperation for choosing a date for their depositions. Unfortunately, with the exception of one of the doctors, the remaining two are not available until after the close of discovery. In particular, Dr. Burton Krumholz has committed to being available on August 16, 2007 and Dr. Rosenwaks can be available on July 23, 2007.

6.    In addition, there is a fact witness, Frank Franco, who has testimony relevant to this case. He is plaintiff's ex-husband and can presumably testify regarding plaintiff's infertility. Plaintiff's counsel had attempted to procure Mr. Franco's attendance at a deposition. However, they advised Defendant Lilly on July 3, 2007 that they would not be able to produce him for deposition. Mr. Franco is a resident of New Jersey. Accordingly, Defendant Lilly will now have to locate Mr. Franco, obtain a commission for a deposition outside the forum jurisdiction from this Honorable Court, open a miscellaneous action in New Jersey, and then obtain service of Mr. Franco. We will need additional time to accomplish this.

7.    The parties appreciate the Court's willingness to provide them with the previous 30-day extension and had sincerely hoped to be able to complete all necessary discovery within that time period. However, given the physicians' schedules, we were not able to do so. Nonetheless, we believe with deposition dates scheduled that 60 days is a reasonable amount of time to complete any outstanding discovery.

2

8.    A 60-day extension of current scheduling order deadlines would allow parties to complete this necessary discovery. The parties do not contemplate any further requests to extend the scheduling order.

9.    This is one of many DES cases pending in the District of Columbia. Plaintiffs' and defense counsel in these cases routinely work together as quickly as possible to complete discovery and to prepare these cases for settlement and/or trial.

10.    Despite the parties' best efforts, discovery cannot be completed before the current discovery deadline of July 13, 2007. The parties respectfully request that all deadlines in the Scheduling Order be extended by 60 days, resulting in the following amendment to the Scheduling Order:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Closed | 07/13/2007 | 09/11/2007 |
| Deadline for Filing Motions | 07/29/2007 | 09/27/2007 |
| Dispositive Motions Decided | 08/29/2007 | 10/28/2007 |
| ADR (Mediation/Case Evaluation) | 09/12/2007;11/11/2007 | 10/11/2007; 01/10/2008 |

WHEREFORE, all parties to this action respectfully request that the Court enter an Order amending its June 25, 2007 Scheduling Order to extend all deadlines by 60 days.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
600 14TH Street, N.W., Suite 800
Washington, D.C. 20005-2004

3

Phone: (202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

4

140726v1

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2007, I caused the following documents:

CONSENT MOTION TO AMEND SCHEDULING ORDER
RULE 12-I(**A**) CERTIFICATION
POINTS AND AUTHORITIES
PROPOSED ORDER

to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-filing participants in this matter.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Ste. 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Sidney G. Leech
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb Company**

Janet K. Coleman
Whitney & Bogris LLP
401 Washington Avenue
12th Floor
Towson, MD 21204
**Attorneys for Mallinckrodt Inc. and GlaxoSmithKline, Inc.**

David D. Hudgins
Sean C.E. McDonough
Hudgins Law Firm
515 King Street
Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

/s/ John Chadwick Coots
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

5

140726v1

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CONNIE PAVLICAS,**               \*

                              \*

                  **Plaintiff,**     \*     **CIVIL ACTION NO. 2006 CA 006749 B**

                              \*

        **vs.**                   \*     **Judge Mary A. Terrell**

                              \*

**ELI LILLY AND COMPANY, et al.,**    \*     **Next Event: Discovery Closes – 6/13/07**

                              \*

                 **Defendants.**    \*

                              \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## RULE 12-I(a) CERTIFICATION

      Pursuant to Superior Court Rule 12-I(a), defendant Eli Lilly and Company, by and through their undersigned counsel, certify that consent to the foregoing Consent Motion to Amend Scheduling Order was requested of and granted by counsel for all parties to this action on July 9, 2007.

                     Respectfully submitted,

                     SHOOK, HARDY & BACON, L.L.P

                     /s/ John Chadwick Coots
                     Michelle R. Mangrum, D.C. Bar No. 473634
                     John Chadwick Coots, D.C. Bar No. 461979
                     Judith L. O'Grady, D.C. Bar No. 494290
                     600 14TH Street, N.W., Suite 800
                     Washington, D.C.  20005-2004
                     Phone: (202) 783 -8400
                     Fax: (202) 783-4211

                     and

                     David W. Brooks
                     SHOOK, HARDY & BACON, L.L.P.

6

140726v1

2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT**
**ELI LILLY AND COMPANY**

7

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

```
* * * * * * * * * * * * * * * * * * * * * * * * *
CONNIE PAVLICAS,                         *
                                         *
                Plaintiff,               *
                                         *    CIVIL ACTION NO. 2006 CA 006749 B
                                         *
        vs.                              *
                                         *    Judge Mary A. Terrell
ELI LILLY AND COMPANY, et al.,           *
                                         *    Next Event: Discovery Closes – 6/13/07
                                         *
                Defendants.              *
                                         *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

### POINTS AND AUTHORITIES

1.    Rule 12-I of the Superior Court Rules of Civil Procedure.

2.    The record herein.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
600 14TH Street, N.W., Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

8

140726v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
CONNIE FRANCO PAVLICAS,                )
                                       )
            Plaintiff,                 )
                                       )        Civil Action No.: 07-1318 (HHK)
      v.                               )        Next Event:
                                       )
ELI LILLY AND COMPANY, et al.,         )
                                       )
            Defendants.                )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

**(PROPOSED) ORDER**

UPON CONSIDERATION of Defendant Eli Lilly and Company's Motion for Costs,

Plaintiff's Opposition thereto, and for good cause shown, it is hereby ORDERED that Defendant

Eli Lilly and Company's Motion for Costs be DENIED.


_____
The Honorable Henry H. Kennedy
United States District Judge