## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CONNIE FRANCO PAVLICAS** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 1:07-CV-1318-HHK |
| v. ) | |
| ) | |
| **ELI LILLY AND COMPANY, et al.** ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT ELI LILLY AND COMPANY'S OPPOSITION
### TO PLAINTIFF'S SUPPLEMENTAL MOTION FOR IMMEDIATE TRANSFER
### TO THE EASTERN DISTRICT OF NEW YORK AND BIFURCATION OF
### DEFENDANT ELI LILLY AND COMPANY'S MOTION FOR COSTS

Defendant Eli Lilly and Company ("Lilly") respectfully requests that this Court deny Plaintiff's Supplemental Motion for Immediate Transfer to the Eastern District of New York and Bifurcation of Defendant Lilly's Motion for Costs. Lilly further requests that this Court retain jurisdiction over *all aspects* of this case until all currently pending motions have been decided by this Court.

## I.    INTRODUCTION

This is a prescription drug product-liability action in which plaintiff claims that her alleged *in utero* exposure to the synthetic estrogen diethylstilbestrol ("DES") in 1958-1959 caused her injury. Following removal of this case from the District of Columbia Superior Court, plaintiff filed a motion to transfer her own case to the Eastern District of New York.[1]

At the outset, there are several misstatements in plaintiff's brief which must be corrected. First, plaintiff is incorrect in her assertion that Lilly does not oppose her motion to

---

[1]    This case was filed in September 2006. Immediately following plaintiff's July 2007 dismissal of the sole non-diverse defendant from this case, Lilly removed this matter to federal court. On August 8, 2007, plaintiff moved to transfer this case to New York.

transfer.  While it is a subtle distinction, Lilly clearly indicated that it cannot oppose *the relief requested* in plaintiff's motion given that this case has no factual nexus to the District of Columbia.  Lilly, however, does not consent to plaintiff's motion nor does it agree that plaintiff's acts in bringing the motion are proper.  *See* Lilly's Motion for Costs at p. 2.  Rather, this Court should consider the public-interest and private-interest factors relevant to a 28 U.S.C. § 1404 motion and determine the most appropriate jurisdiction in which this case should continue.[2]

Plaintiff further claims that Lilly has "complain[ed]" that maintaining this action in the District of Columbia is "burdensome."  Plaintiff misstates Lilly's argument.  Plaintiff's conduct in (1) filing this case in the District of Columbia knowing that none of the witnesses related to this case reside here and that none of the facts relevant to this case occurred here; and (2) seeking to transfer this case to the Eastern District of New York - after Lilly has incurred unnecessary expenses – has been burdensome.

Plaintiff created the issues raised in the pending motion to transfer and motion for costs and now does not want to wait for this Court to decide those issues.  Plaintiff's counsel chose the jurisdiction in which they initially filed this case knowing that there was no factual connection to the jurisdiction.  Prior to the removal of this case to federal court, plaintiff's counsel was content with prosecuting plaintiff's claims in the District of Columbia. Now that the case has been removed, plaintiff's counsel wants this Court to take the extraordinary action of transferring the case immediately to New York but retaining jurisdiction for purposes of deciding Lilly's motion for costs.  As set forth below, the case law cited in plaintiff's motion does not support counsel's argument that this Court should adopt the procedurally unique approach

---

[2]     Indeed, plaintiff is presumptuous to assume that the parties' agreement that this case does not belong in the District of Columbia, rather than the court's decision concerning plaintiff's motion, determines whether this case should and will be transferred.

counsel suggest and give two courts simultaneous jurisdiction over one case for different purposes.

Lilly respectfully requests that this Court consider and rule upon both plaintiff's motion to transfer and Lilly's motion for costs. Should the Court grant plaintiff's motion to transfer, Lilly further requests that the Court rule upon Lilly's motion for costs before actually transferring the case and case file to New York. There is no legitimate reason for the parties to simultaneously litigate this case in two different jurisdictions as plaintiff suggests.

## II.    LILLY'S MOTION FOR COSTS IS RIPE FOR DECISION

Plaintiff, it seems, is making two separate and somewhat inconsistent arguments regarding why Lilly's motion for costs cannot be decided at his time:  (1) a motion for costs cannot be decided until the entire case has been decided on the merits; and (2) Lilly's motion for costs is not ripe for decision until the Court has ruled upon plaintiff's motion to transfer. Plaintiff is wrong on both counts.

The two cases plaintiff cites for the proposition that a motion for costs cannot be ruled upon until after a decision on the merits involved motions to recover costs incurred because the non-moving party filed meritless cases or claims. *See Gordon v. Heimann*, 715 F.2d 531 (11th Cir. 1983) and *Bright View Trading Co. v. Park*, 2004 U.S. Dist. LEXIS 18572 (S.D.N.Y). Plaintiff is correct that claims for costs incurred in the defense of meritless lawsuits cannot be determined until the Court concludes the claims are without merit and dismisses the case. *See Gordon*, 715 F.2d at 537 ("the defendants were reassured that the appellant's actions were frivolous only when those actions were dismissed by the district court"). Further, in cases in which a party seeks costs incurred in the defense of meritless claims, the actual costs incurred cannot be calculated until the defense of those claims is over – once again at the end of the case.

Neither *Gordon* nor *Bright View* are instructive here. Lilly's motion for costs is not based upon frivolous claims in this case, but upon plaintiff's counsel's act of filing and prosecuting this case in the District of Columbia which unnecessarily multiplied the cost of this litigation. All of the facts necessary to the determination of Lilly's motion are before the Court and all the costs and expenses incurred as a result of counsel's actions are finite and calculable. *See, e.g., Laine v. Morton Thiokol,* 124 F.R.D. 625 (N.D. Ill. 1989)(motion for costs related to 28 U.S.C. §1404 motion ruled upon within weeks of hearing transfer motion).

Plaintiff also argues that "it would be bizarre to find plaintiff's counsel's conduct dilatory prior to ruling on whether Plaintiff's Motion to Transfer, which spurred Lilly's Motion for Costs, is meritorious."[3] Plaintiff misconstrues the basis for Lilly's motion. Lilly is not arguing that plaintiff's motion to transfer, in and of itself, is improper; rather Lilly seeks recompense for costs unnecessarily incurred as a direct result of counsel's prosecution of this case in the District of Columbia. Plaintiff's motion to transfer is relevant to Lilly's motion for costs in one very important way – it is an admission by plaintiff's counsel that this case does not, and never did, belong in District of Columbia courts. A decision by this Court granting plaintiff's motion to transfer only strengthens Lilly's (and further weakens plaintiff's) position regarding Lilly's motion for costs. However, should the Court decide that the disposition of plaintiff's motion to transfer must precede consideration of Lilly's motion for costs, Lilly respectfully requests that the Court rule upon plaintiff's transfer motion but refrain from issuing an order transferring the case until Lilly's motion for costs is considered and decided, rather than engage in the procedural gymnastics plaintiff's counsel suggest.

---

[3]    Plaintiff's assertion would have some merit if Lilly was seeking costs associated with its own motion to transfer.

### III.    THERE IS NO LEGAL BASIS FOR PLAINTIFF'S SUGGESTION THAT THIS COURT TRANSFER A PORTION OF THIS CASE TO NEW YORK BUT RETAIN JURISDICTION OVER LILLY'S PENDING MOTION

Plaintiff's request that this Court take the procedurally unusual approach she advocates is not supported by any case, rule or statute. Plaintiff wants this Court to divide one case into two cases, which she then suggests should be pending in different courts. There is simply no precedent for plaintiff's position and the cases plaintiff cites do not support her request.

In *Cooter & Gell v. Hartmax Corporation*, 496 U.S. 384 (1990), the question before the court was whether a district court could impose FED. R. CIV. P. 11 ("Rule 11") sanctions after the plaintiff voluntarily dismissed the case. In *Cooter & Gell,* the court was not asked to create two cases from a single matter but to rule on the propriety of filing a motion for costs after the plaintiff filed a notice of voluntary dismissal. *See id.* at 393-395. In *Bolivar v. Pocklington*, 975 F.2d 28 (1st Cir. 1992), the court simply cited *Cooter & Gell* for the proposition that a party could file a motion pursuant to 28 U.S.C. § 1927 after plaintiff voluntarily dismissed the case. *See id.* at 31

Neither of these cases cited by plaintiff supports the relief she requests. No one is asking that this case be dismissed. It will continue here or in another court. The issue here is whether a district court should retain jurisdiction for purposes of deciding a motion for costs after it has relinquished jurisdiction over the rest of the case to another court. The cases cited above do not even come close to addressing that issue.

The one case plaintiff cites that involves issues similar to those in this case does not support the relief plaintiff requests. In *Laine v. Morton Thiokol, Inc.*, 124 F.R.D. 625 (N.D.

Ill.1989), the court issued an "oral" ruling granting defendants' motion to transfer the case to Utah. On the same date, defendants filed a motion for costs "stemming from the ill-conceived effort of [plaintiffs] and their counsel to sue here in Illinois despite the total lack of connection between [plaintiffs'] asserted causes of action and this forum." *Id.* at 626. The Court reviewed plaintiffs' opposition to the motion for costs and issued a written opinion less than one month after the motion was filed. *Id.* at 625.

The court granted defendants' motion for costs. *Id.* at 628. The facts were nearly identical to those in this case. In *Laine*, plaintiffs resided in Arizona, defendants resided in Utah and the facts giving rise to the cause of action occurred in Utah. There was no connection to Illinois. *Id.* at 627. The Court stated the following during a status hearing:

> But I see no predicate for haling three individual Utah citizens and residents into an Illinois district court, where *Utah* is where the complained-of conduct occurred and Illinois has no connection to this action at all. That is forum-shopping with a vengeance, and it ought to be discouraged with all the vigor at a court's disposal.

*Id.* at 627-628.

Even though the court orally granted defendants' motion to transfer, it immediately decided the defendants' motion for costs. *Id.* at 626-627. While it is not clear from the opinion when the case was "physically" transferred to Utah, given the less than one month period between the oral ruling on defendants' motion to transfer and the written opinion granting defendants' motion for costs, it is reasonable to assume that the court decided defendant's motion for costs before it issued a written transfer order.

In fact, that is exactly what the same court did in a subsequent case. In *R.E. Davis Chemical Corp. v. International Crystal Labs., Inc.,* 2004 WL 2191328 (N.D. Ill.), defendant

filed a motion to transfer and a motion for costs at the same time. The Court issued one opinion addressing the merits of both motions. *Id.*

Plaintiff bears the burden of providing this Court with legal support for the relief she requests. Plaintiff has cited no statutes or rules that buttress her position and the case law she cites does not support the bifurcation and immediate transfer she seeks.

## IV. PRE-TRANSFER RULING ON LILLY'S MOTION FOR COSTS WILL NOT SIGNIFICANTLY DELAY THE PROGRESS OF THIS CASE

### A. Plaintiff Cannot Reasonably Complain of Delay

Almost all discovery has been completed in this case. Written discovery responses have been exchanged. Plaintiff and other key fact witnesses have been deposed. Depositions of key treating physicians have been concluded. The only significant depositions left to take are those of the expert witnesses. As Lilly pointed out in its motion for costs, ***many*** of plaintiff's counsel's DES cases have been transferred to other jurisdictions. Plaintiff's counsel knows that Lilly has never attempted to repeat discovery already completed after a case was transferred and Lilly would not do so in this case.

Lilly acknowledges that this case will have to be set for a status/scheduling conference in New York if it is transferred there. Plaintiff, however, filed the motion to transfer. It is reasonable to assume that counsel understood and accepted that her motion to transfer would result in the delay that occurs before the case is docketed in the transferee court and a scheduling conference can be held. Plaintiff undoubtedly considered the fact that this delay would occur before she filed her motion to transfer. The additional time that the Court will keep this case to rule upon Lilly's motion for costs will not be substantial.

Plaintiff wanted the benefits of a District of Columbia court, but now demands immediate egress before Lilly's pending motion, brought on by plaintiff's own conduct, can be

decided by this Court. Plaintiff and her counsel cannot have it both ways: they can file their cases here and accept potential delays inherent in our system, or they can file their cases where they belong.

**B.      An Oral Hearing Is Not Required On Lilly's Motion For Costs**

Plaintiff claims that this case will also be delayed as the parties wait for a hearing on Lilly's motion for costs. Plaintiff is incorrect. Lilly's motion seeks relief pursuant to 28 U.S.C. § 1927 which contains no explicit or implicit right to such a hearing.

Plaintiff claims that all motions for costs or sanctions entitle the responding party to an oral hearing. Lilly agrees that the party responding to a motion for costs or sanctions has a right to be heard, but Lilly does not agree that that right requires an actual oral hearing. Plaintiff in *Lapidus v. Vann*, 112 F.3d 91 (2d Cir. 1997) filed a Rule 11 motion against the defendant[4]. At the hearing on the Rule 11 motion, the Court *sua sponte* imposed sanctions pursuant to 28 U.S.C. § 1927 rather than Rule 11. Accordingly, the defendant did not have an opportunity to be "heard" as he was not prepared to address the different standards imposed by 28 U.S.C. § 1927 compared to Rule 11. *Id.* at 92. The court simply held that a party has the right to have notice of the specific sanctions sought against him and an opportunity to be heard on the matter. *Id.* The Court did not hold that "being heard" required an oral hearing.[5]

The issue presented in *Amlong & Amlong, P.A. v. Denny's, Inc.,* 457 F.3d 1180 (11th Cir. 2006) is not present here. In that case, a district court judge referred a motion for sanctions to a magistrate judge who held hearings, took testimony and issued a report and recommendations. The district judge rejected the magistrate judge's findings, made his own

---

[4]      *Lapidus* is one of the cases cited by plaintiff.

[5]      Plaintiff also cites *In re Ames Departments Stores, Inc.,* 76 F.3d 66 (2nd Cir. 1996). Like *Lapidus*, that case simply stands for the proposition that a party has a right to notice that sanctions are being sought against them and an opportunity to respond. *Id.* at 70.

conclusions, and ordered sanctions against plaintiff's counsel.  The court held that, pursuant to 28 U.S.C. § 636, the district judge could not simply reject the magistrate judge's findings without holding an additional hearing and making a "de novo determination." *Id.* at 1195-1196. While the court states in its opinion that an attorney "threatened with sanctions under § 1927 is entitled to a hearing," in support of that conclusion, it cites to a case, *Reynolds v. Roberts*, 207 F.3d 1288 (11th Cir. 2000), that again stands for the simple conclusion that an attorney threatened with sanctions has a right to be heard. *Id.* at 1302.

In *Villar v. Crowley Maritime Corp.*, 780 F. Supp. 1467 (S.D. Tex. 1992)[6],  the court issued an order *sua sponte*, sanctioning plaintiff's counsel pursuant to FED. R. CIV. P. 11 and ordering that counsel pay costs, expenses and attorneys' fees incurred by the defendant. *Id.* at 1487.  The court noted that the "Due Process Clause of the Fourteenth Amendment requires that counsel be given notice and an opportunity to respond before sanctions are imposed." Accordingly, the court ordered plaintiff's counsel to show cause within ten days of the order why sanctions should not be imposed. *Id.*   Rather than set the matter for hearing, the court specifically stated as follows:

> Where sanctions are to be imposed for filing pleadings with no basis in law or for advancing dilatory arguments, specific notices must be given.  [citations omitted]  The opportunity to respond is mandated.  However, a formal hearing is not required, especially where, as here, the trial judge has full knowledge of the relevant facts.

*Id.* at 1487 n.37.  *See also Spiller v. Ella Spiller Geriatric Center,* 919 F.2d 339, 347 (5th Cir. 1990)("After it gives notice the court must also give the violating attorney an opportunity to respond to the possible sanctions.  This requirement does not require an elaborate or formal hearing.  Simply giving a chance to respond to the charges through submission of a brief is

---

[6]    *Villar* is one of the cases cited by plaintiff in her opposition to Lilly's motion for costs.

usually all that due process requires")(citations omitted); *Donaldson v. Clark*, 819 F.2d 1551, 1559-61 (11th Cir. 1987); *Oliveri v. Thompson,* 803 F.2d 1265, 1280 (2d Cir. 1986); *McLaughlin v. Bradlee*, 803 F.2d 1197, 1205-06 (D.C. Cir. 1986).

As the case law cited above indicates, there may be some extraordinary factual situations that require a hearing before costs or sanctions can be imposed. That, however, is not the general rule and there is nothing in Lilly's motion for costs to justify the oral hearing to which plaintiff's counsel erroneously claim they are entitled. 28 U.S.C. § 1927 does not require a hearing and plaintiff has cited no cases from this jurisdiction to support such a conclusion. A party does have the right to notice that sanctions have been requested, notice of the nature of the relief sought and an opportunity to respond to the request that he be sanctioned. Plaintiff received Lilly's motion and has filed a timely response. Thus, plaintiff has notice of Lilly's motion which describes the costs Lilly seeks and has had an opportunity to respond.

## V.    <u>CONCLUSION</u>

There is no need, and indeed no precedent, for the extraordinary relief plaintiff requests. Plaintiff failed to provide any authority to support her assertion that this Court should take the procedurally novel approach plaintiff advocates which will result in two courts simultaneously exercising jurisdiction over the same case. In addition, the approach plaintiff advocates will require the parties to retain and pay New York and DC counsel at the same time for this one matter.

Plaintiff filed this case in the District of Columbia and now must wait until motions pending before this Court have been decided. Lilly's motion for costs is ripe for decision. Plaintiff does not have the right to an oral hearing on Lilly's motion for costs, so any delay in transferring this case (should the court so decide) will be minimal. The only reason

10

plaintiff is not in New York already is because she chose to file this case in the District of Columbia. Plaintiff's counsel cannot reasonably expect to burden defendants and this Court with cases like this one and then run to another jurisdiction the moment they see fit. The right to use District of Columbia courts carries with it certain responsibilities, not the least of which are understanding and acceptance of the facts that the litigants operate on the courts' schedules rather than their own.

WHEREFORE, Defendant Eli Lilly and Company respectfully requests that the Court enter an Order denying Plaintiff's Supplemental Motion for Immediate Transfer to the Eastern District of New York and Bifurcation of Defendant Lilly's Motion for Costs. Should this Court decide to grant plaintiff's motion to transfer, Lilly further requests that the Court decide Lilly's motion for costs before entering an Order transferring this case to the Eastern District of New York, and grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Michelle R. Mangrum
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
SHOOK, HARDY & BACON, L.L.P.
600 14TH Street, NW Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211
and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

11

142101v2

<u>**CERTIFICATE OF SERVICE**</u>

        I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 10th day of September, 2007, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**


      /s/ Michelle R. Mangrum
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

12

142101v2