## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CONNIE FRANCO PAVLICAS** ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 1:07:CV:1318 |
| ) | (HHK) |
| v. ) | |
| ) | |
| **ELI LILLY AND COMPANY, et al.** ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT ELI LILLY AND COMPANY'S
### REPLY IN SUPPORT OF ITS MOTION FOR COSTS

The question posed by Defendant Eli Lilly and Company's ("Lilly's") motion for costs is this: Should plaintiff's prosecution of a case in a jurisdiction that has no connection to the controversy and that needlessly wastes the defendant's and the court's resources be without consequences? The answer is: It should not. Plaintiff's counsel has unreasonably and vexatiously multiplied these proceedings which caused Lilly to incur needless costs and expenses. Accordingly, pursuant to 28 U.S.C. § 1927, this Court should award Lilly the costs it incurred as a result of plaintiff's counsel's conduct.

### I.    28 U.S.C. § 1927 APPLIES TO PLAINTIFF'S COUNSEL'S CONDUCT

The facts of this case fit squarely within the language of 28 U.S.C. § 1927 which permits a court to require counsel who "multiplies the proceedings in any case unreasonably and vexatiously" to personally satisfy costs, expenses, and attorneys' fees reasonably incurred due to that attorney's conduct. 28 U.S.C. § 1927. Plaintiff's counsel attempt to improperly narrow the scope of 28 U.S.C. § 1927 by implying that the sole purpose of the statute is to "prohibit the 'persistent prosecution of meritless claims.'" However, it is clear that prosecuting cases in courts with no connection to the controversy at issue is one of the precise forms of conduct that the

1

statute was meant to address. *See Laine v. Morton Thiokol, Inc.*, 124 F.R.D. 625 (N.D. Ill. 1989) (sanctioning plaintiff's counsel for filing case in forum with no connection to causes of action).

Plaintiff's counsel's conduct in this case, combined with plaintiff's counsel's history of similar repetitive conduct compel the conclusion that an award of costs pursuant to 28 U.S.C. § 1927 is warranted. Not one of the DES cases filed by plaintiff's counsel and defended by the undersigned since 2005 has involved a resident of the District of Columbia. Eighteen such cases have been transferred out of the District of Columbia and not one of Lilly's motions to transfer have been denied. Plaintiff's counsel have demonstrated a course of conduct that wastes the Court's and Lilly's time and resources. Accordingly, plaintiff's counsel should be required to reimburse Lilly for its cost, expenses, and fees incurred as a result of that conduct in this case.

## A.    28 U.S.C. § 1927 Applies To Conduct That Began In Superior Court

28 U.S.C. § 1927 applies to plaintiff's improper conduct which began in Superior Court and continued in this Court. Indeed, at least one of the cases cited by plaintiff's counsel specifically holds that federal courts are permitted to sanction counsel based on improper multiplication of proceedings that occurred in state court. *See Stanley v. Wong,* 2006 U.S. Dist. LEXIS 35273, at *13 (E.D. Cal. May 31, 2006). In this case, plaintiff's counsel filed plaintiff's complaint in Superior Court and were content to remain there until Lilly removed the case.[1] Plaintiff's counsel immediately sought transfer to New York – the jurisdiction with the strongest connection to this case. Plaintiff's counsel's conduct in filing this case in the District of Columbia, albeit in Superior Court, cannot be divorced from their continued conduct in this Court.

---

[1]    Lilly removed the case shortly after plaintiff voluntarily dismissed the non-diverse defendant.

The cases cited by plaintiff's counsel do not support their argument that 28 U.S.C. § 1927 does not apply to their conduct.. In *In re Case*, 937 F.2d 1014, 1023 (5th Cir. 1991), the federal bankruptcy court held that sanctions for conduct that occurred in "an entirely **separate** action" were not appropriate because "the conduct of the parties in that suit is unconnected to the present action." *Id.* at 1023-24. Conversely, the case pending before this Court is clearly not an "entirely separate action" from plaintiff's Superior Court action; rather, it is the same case. In *Stanley v. Wong*, a case cited by plaintiff's counsel, the court specifically stated that "when the misconduct taking place elsewhere is affirmatively continued in the federal court," sanctions are appropriate. 2006 U.S. Dist. LEXIS 35273, at *13 (E.D. Cal. May 31, 2006). While plaintiff's counsel's conduct began in Superior Court, it has unquestionably continued in this Court and is thus subject to 28 U.S.C. § 1927.

In *LaPrade v. Kidder Peabody & Co.,* 146 F.3d 899 (D.C. Cir. 1998), the court affirmed an award of costs pursuant to U.S.C. § 1927 even though the unreasonable and vexatious conduct occurred when plaintiff's counsel sought an ex parte order from a state court. *Id.* at 905. Several other courts have reached the same conclusion in cases in which some, if not all, of the conduct complained of occurred in state court, in other cases, or in other jurisdictions. *See Dominion Video v. Echostar Satellite L.L.C.*, 430 F.3d 1269 (10th Cir. 2005); *Reynolds v. U.S. Capitol Police*, 357 F. Supp. 2d 19 (D.D.C. 2004); *Villar v. Crowley Maritime Corp.*, 780 F.Supp. 1467 (S.D. Tex. 1992); *McLaughlin v. Bradlee*, 803 F.2d 1197 (D.C. Cir. 1986).

**B.**    **Plaintiff's Counsel Has Multiplied These Proceedings.**

28 U.S.C. § 1927 permits the imposition of costs against counsel whose unreasonable and vexatious behavior multiplies proceedings. Plaintiff's counsel has multiplied this proceeding by prosecuting plaintiff's case in a jurisdiction with no connection to that case

142290v1

and thereby requiring the parties to engage in complicated by out-of-state fact witness discovery. This conduct has multiplied these proceedings and resulted in increased cost to Lilly. In addition, should plaintiff's motion to transfer be granted, Lilly will also incur the cost of retaining counsel in New York who it will have to pay to learn the facts specific to this case. Plaintiff's counsel argues that 1) proceedings can only be "multiplied" by some type of "repeated conduct within an action;" and 2) the filing of a lawsuit alone sanctionable pursuant to 28 U.S.C. § 1927. Both arguments are without merit.

As to the first argument, courts have determined that repeated conduct is not a condition precedent to the imposition of sanctions under 28 U.S.C. § 1927. *See Laine v. Morton Thiokol, Inc.*, 124 F.R.D. 625 (N.D. Ill. 1989) (awarding costs against plaintiff's counsel for filing case in forum with no connection to causes of action). *See also Manion v. American Airlines, Inc.*, 395 F.3d 428 (D.C. Cir. 2004); *LaPrade v. Kidder Peabody & Co.*, 146 F.3d 899 (D.C. Cir. 1998). There is no requirement in the statute or elsewhere that the conduct complained of must be repeated several times within the same case before costs may be appropriately awarded pursuant to 28 U.S.C § 1927.

Next, plaintiff's counsel argue that the filing of a lawsuit alone is not sanctionable.[2] Plaintiff's counsel again misunderstands Lilly's motion. It is not the filing of plaintiff's complaint of which Lilly complains, but the unnecessary costs it incurred because plaintiff's counsel's prosecuted this case in the District of Columbia. Lilly's motion is not based upon a claim that plaintiff's counsel filed this complaint with an improper or frivolous purpose. Lilly's motion seeks costs based upon plaintiff's counsel's "decision to move forward with

---

[2] The majority of cases plaintiff's counsel cite for this proposition were decided under Rule 11, which employs a very different standard than 28 U.S.C. § 1927. *See e.g. Zaldivar v. City of Los Angeles*, 780 F.2d 823 (9th Cir. 1986); *Sussman v. Bank of Israel*, 56 F.3d 450 (2nd Cir. 1995); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358 (9th Cir. 1991).

142290v1

[these] claims" in a forum with no connection to the case despite the fact that plaintiff's counsel knew this case did not belong in the District of Columbia. *See Steinart v. Winn Group, Inc.*, 440 F.3d 1214, 1224 (10th Cir. 2006).

Further, Plaintiff's counsel's actions in this case did not occur in isolation. Rather, counsel's actions here are simply further evidence of their course of conduct which has repeatedly wasted defendants' and judicial resources. In *Reynolds v. U.S. Capitol Police Bd.*, 357 F. Supp. 2d 19 (D.D.C. 2004), this Court held that sanctions were appropriate under 28 U.S.C. § 1927 where the court had previously ruled that a certain type of conduct was not permitted and yet the attorney persisted with that same conduct. The *Reynolds* Court stated that because counsel made "repeated vexatious efforts to pursue allegations that the Court has ruled are barred by the statute of limitations, causing the Court and the defendant to unnecessarily expend resources," sanctions were appropriate. *Id.* at 21. *See also Villar*, 780 F. Supp. at 1486. While this Court has not ruled that plaintiff's counsel's filings are prohibited, it has clearly and unequivocally told counsel that cases such as this one do not belong in this Court. *See, e.g., Dean v. Eli Lilly and Company,* Civil Action No. 06-1375, pps. 5-6 (D.D.C. June 1, 2007) (Sullivan, J.) (rejecting plaintiff's counsel's arguments that the District of Columbia's contacts was significant, stating, "courts have previously rejected these same contacts..."); *Lentz v. Eli Lilly and Company*, Civil Action No. 06-1374 (D.D.C. December 18, 2006) (Huvelle, J.).

Plaintiff's counsel's act of moving to transfer a case they filed is an express admission that the case never belonged here and is therefore compelling evidence of the unreasonable and vexatious nature of their conduct. Counsel's assertion that this Court's willingness to transfer cases like this one began *after this case was filed* is incorrect. This Court transferred several of plaintiff's counsel's cases before plaintiff's counsel filed this case. *See*

*Thompson v. Eli Lilly and Company*, Civil Action No. 03-122, p. 5 (D.D.C. June 27, 2003) ("[t]his Court is unconvinced that these contacts [to the District of Columbia], which have no direct connection to this case, favor maintaining this case in the District of Columbia."). *See also Awwad v. Eli Lilly and Company*, Civil Action No. 05-0605 (D.D.C. May 2, 2006) (Urbina, J.) (transferred to Texas); *Corbett v. Eli Lilly and Company*, Civil Action No. 05-1584 (D.D.C. June 6, 2006) (Robertson, J.); *Duseau v. Eli Lilly and Company*, Civil Action No. 05-1583 (D.D.C. March 22, 2006) (Kessler, J.) (transferred to Massachusetts); *Erickson v. Eli Lilly and Company*, Civil Action No. 05-2062 (D.D.C. April 18, 2006) (Walton, J.) (transferred to Massachusetts); *Sugrue v. Eli Lilly and Company*, Civil Action No. 06-0764 (D.D.C. October 10, 2006) (Kessler, J.) (transferred to Massachusetts); *Taliercio v. Eli Lilly and Company*, Civil Action No. 05-0339 (D.D.C. June 27, 2005) (Kessler, J.) (transferred to New Jersey); and *Theriault v. Eli Lilly and Company*, Civil Action No. 05-1556 (D.D.C. May 1, 2006) (Collyer, J.) (transferred to Massachusetts).

By filing this case in the District of Columbia knowing that this Court in all likelihood transfer the case pursuant to 28 U.S.C. § 1404, plaintiff's counsel unnecessarily wasted the defendants' and the Court's resources by unreasonably and vexatiously multiplying the proceedings.

## II.    LILLY IS ENTITLED TO COSTS PURSUANT TO 28 U.S.C. § 1927

Plaintiff's counsel's conduct prosecuting this case in the District of Columbia was intentional and objectively unreasonable. After several years of filing DES cases in the District of Columbia only to have them transferred to other forums, plaintiff's counsel certainly knew when they filed this case in the District of Columbia that it would be dismissed or transferred. Yet knowing that none of the relevant facts occurred here and that none of the relevant fact

6

witnesses reside locally, counsel filed plaintiff's case in the District of Columbia. By any standard, this conduct is unreasonable.

**A.    Plaintiff's Counsel's Forum Shopping Is Unreasonable And Vexatious**

Plaintiff's counsel admits to forum shopping in this and other DES cases. This conduct is especially egregious because it is done purposely and repeatedly. Plaintiff's counsel has a long history of filing these cases in a forum where meaningful contact is nonexistent. Plaintiff's counsel do not deny that they know that these DES have no connection to the District of Columbia *before* they file their cases here. Yet, in utter disregard for both this court's and Lilly's time and resources, they file and prosecute their cases in the District of Columbia. Such conduct should no longer be condoned.

The facts of this case are nearly identical to those in a federal court case cited by plaintiff's counsel in which the court awarded costs to defendants pursuant to 28 U.S.C. § 1927. *See Laine v. Morton Thiokol, Inc.*, 124 F.R.D. 625 (N.D. Ill. 1989). In *Laine*, the court held that plaintiff's counsel's conduct of filing the complaint in a jurisdiction where none of the events giving rise to the cause of action occurred was exactly the type of conduct 28 U.S.C. § 1927 sought to remedy or prevent. *Id.* The court stated:

> But I see no predicate for haling three individual Utah citizens and residents into an Illinois district court, where Utah is where the complained-of conduct occurred and Illinois has no connection to this action at all. **That is forum-shopping with a vengeance, and it ought to be discouraged with all the vigor at a court's disposal**.

*Id.* at 627-28 (emphasis added). Like the defendant in *Laine*, Lilly seeks costs resulting from plaintiff's counsel's ill-conceived effort to sue in the District of Columbia despite the total lack of connection between plaintiff's asserted causes of action and this forum.

Forum shopping as an appropriate form of zealous representation is not without limitation. *See, e.g., Simeone v. First Bank Nat'l Ass'n.*, 971 F.2d 103, 108 (8th Cir. 1992) (Rule 41(d) is intended to deter forum shopping); *In re: North Am. Oil & Gas, Co.*, 130 B.R. 482, (Bankr. W.D. Tex. 1991). As in *Laine*, plaintiff's counsel's forum shopping "ought to be discouraged with all the vigor at a court's disposal" and this Court should award costs to Lilly pursuant to 28 U.S.C. § 1927.[3]

Plaintiff's counsel attempt to justify their forum shopping by citing *Newton v. Thomason*, 22 F.3d 1455 (9th Cir. 1994). In that case, the court reversed an award of FED. R. CIV. P. 11 sanctions. In doing so, the court held that counsel was not under an obligation to file in the most convenient forum. Unlike here, however, the *Newton* court acknowledged that the injury of which plaintiff complained occurred in the forum where the case was filed. *Id.* at 1464. The same is true of the other case counsel cite to justify their forum shopping – plaintiff's injury occurred, at least in part, where the case was filed. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984).

In this case, there is simply no connection between plaintiff's claims and the District of Columbia. Lilly is not arguing that plaintiff's counsel must file in the most convenient forum. Rather, Lilly is requesting that plaintiff's counsel be required to pay the costs, expenses, and fees associated with filing in the District of Columbia when it is evident to plaintiff's counsel, as it was here, that this jurisdiction has absolutely no connection to this case.

---

[3]     Plaintiff's counsel argue that Lilly's removal of this case is also forum shopping. Plaintiff's counsel fail to cite even one case to support their absurd assertion. Moving three blocks down the street pursuant to rights granted by United States statutes can hardly be called forum shopping when the same substantive law applies in both courts.

142290v1

**B.    Plaintiff's Counsel's Conduct Is Objectively Unreasonable And Vexatious**

In this District, conduct must be "*at least* reckless" to qualify as unreasonable and vexatious such that costs and expenses may be awarded pursuant to 28 U.S.C. § 1927. *See Naegele v. Albers*, 355 F. Supp. 2d 129, 145 (D.D.C. 2005)(citations omitted)(emphasis in original). To meet this standard, "there must be a 'conscious choice of a course of action...'" *Id.* This Court determined on numerous occasions that there is no connection between plaintiff's counsel's DES cases and the District of Columbia and that transfer to another forum is appropriate. Plaintiff's counsel made a "conscious choice" to file this case in the District of Columbia despite their knowledge that the case had no connection to this forum and that this Court would in all likelihood grant a transfer a motion to transfer to the Eastern District of New York.

There is no subjective intent or "scienter" requirement for the imposition of costs and expenses pursuant to 28 U.S.C. § 1927. For purposes of 28 U.S.C. §1927, an attorney's conduct is evaluated by an objective standard. *See Amlong & Amlong v. Denny's, Inc.*, 457 F.3d 1180, 1190 (11th Cir. 2006)("for purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct"). "The term 'vexatiously' similarly requires an evaluation of the attorney's objective conduct." *Id.* "Indeed, other circuits, too, have found that the phrase 'unreasonably and vexatiously' demands an objective analysis and that §1927 does not require a malicious intent or a bad purpose." *Id.* at 1190-91. Further, conduct is vexatious "when it is harassing or annoying, regardless of whether it is intended to be so." *See Cruz v. Savage*, 896 F.2d 626, 632 (1st Cir. 1990). Plaintiff's counsel's conduct objectively meets the requirements necessary for the imposition of costs and expenses pursuant to 28 U.S.C. § 1927.

142290v1

Finally, plaintiff's counsel also argue in their opposition that sanctions are only appropriate if "[p]laintiff's claims, objectively considered, were without any possibility of success." *See* Opp. at 5, *citing (888) Justice, Inc. v. Just Enter's*, 2007 U.S. Dist. LEXIS 61849, at *25 (S.D.N.Y. Aug. 22, 2007). That may well be the case in situations in which a party seeks costs for the prosecution of substantively meritless claims, but again counsel construes the purpose of 28 U.S.C. § 1927 too narrowly.[4] An award of costs is also appropriate where, as here, plaintiff's counsel unnecessarily, unreasonably and vexatiously multiplied litigation by prosecuting a case in a jurisdiction unrelated to plaintiff's cause of action. *See, e.g., Laine v. Morton Thiokol, Inc.*, 124 F.R.D. 625 (N.D. Ill. 1989).

Plaintiff's counsel claim that Lilly's argument that this Court has consistently transferred these cases to the more convenient forum is "patently untrue." *See* Opp. at 11. What Lilly's briefing stated, and what is absolutely true, is this: since 2005, *every single motion to transfer* the undersigned counsel have filed in this plaintiff's counsel's DC DES cases has been granted by this Court. Since 2005, and often before, this Court regularly transferred plaintiff's counsel's DES cases out of the District of Columbia. *See Thompson v. Eli Lilly and Company,* Civil Action No. 03-CV-00122 (D.D.C. June 23, 2003) (Walton, J.); (transferring case from the District of Columbia to the District of Massachusetts); *Abramson v. Eli Lilly and Company*, Civil Action No. 03-CV-2541 (D.D.C. Oct. 25, 2004) (Bates, J.); (transferring case from the District of Columbia to the District of New Jersey); *Lentz v. Eli Lilly and Company*, Civil Action No. 06-CV-1374 (D.D.C. Dec. 18, 2006) (Huvelle, J.) (transferring case from the District of Columbia

---

[4]    Plaintiff again misconstrues the conduct of which Lilly complains. In its motion for costs, Lilly does not argue that the substance of plaintiff's complaint or her motion to transfer are objectively frivolous or wholly without merit. Rather, Lilly's motion for costs is based upon plaintiff's counsel's act of filing and prosecuting this case in the District of Columbia which unnecessarily multiplied the cost of this litigation.

to the District of Maine) at Lilly's Response to Plaintiff's Motion to Transfer and the Eastern District of New York and Motion for Costs at 3, fn. 4.[5]

Plaintiff's counsel argues that two cases support their argument that this Court has not consistently transferred their DES cases. *See* Opp. at 11. However, those two cases are readily distinguishable from the facts of this case. In *Dimanche v. Eli Lilly and Co.*, No. 03-0236 (D.D.C. Oct. 17 2003), this Court denied transfer because all of the events and witnesses related to the causes of action were not centered in one location, but were spread throughout the country. *Id.* at 3. Similarly, in *Blank v. Eli Lilly and Co.*, No. 02-1976 (D.D.C. Dec. 13, 2002), this Court denied transfer because Lilly did not satisfy its burden by proving that transfer would be more convenient for the witnesses. *Id.* at 5 ("[t]here is only one witness who lives in Massachusetts...").[6]

Plaintiff's counsel cannot escape from their own clear history in these DES cases. They know that these cases belong elsewhere and that they will eventually be transferred out of the District of Columbia.. Nonetheless, they continue to file in the District of Columbia to the great, and unnecessary, financial detriment of Lilly and the District of Columbia Courts.

## C.    Lilly's Excess Costs Are Not De Minimus

Lilly has incurred costs, expenses, and fees as a direct result of plaintiff's counsel's unreasonable and vexatious conduct. These costs are enumerated with specificity in the attached affidavits and total over $10,000. ***See Exhibits 1 and 2.*** The affidavits detail the resources that Lilly has been forced to unnecessarily expend  because of plaintiff's counsel's conduct.

---

[5] *See* Lilly's Response to Plaintiff's Motion to Transfer to Eastern District of New York and Motion for Costs at 3, fn. 4.

[6] *Dimanche* and *Blank* were not cases in which undersigned counsel represented Lilly.

142290v1

While this case was still pending in Superior Court, Lilly was confronted with the task of deposing plaintiff's treating physicians who are located in New York. These physicians were unwilling to voluntarily appear for deposition and were outside the Superior Court's subpoena power. Had this case been pending in New York, little effort would have been necessary to obtain subpoenas and serve the physicians. However, because the case was pending in the District of Columbia, Lilly had to file a motion to obtain commissions for out-of-state depositions. Upon receiving an order from Superior Court, Lilly then had to obtain local counsel in New York to open a miscellaneous state court action in New York, file a motion attaching the commissions from the District of Columbia, and obtain an order from a New York state court allowing Lilly to proceed with serving the physicians with subpoenas. The costs associated with these tasks were reasonable and necessary and are detailed in the attached affidavits.[7]

## III.  LILLY'S MOTION FOR COSTS DOES NOT REQUIRE A HEARING

Plaintiff's counsel are incorrect in their assertion that "an oral hearing is required" before this Court can award costs pursuant to 28 U.S.C. § 1927. Indeed, several cases cited by plaintiff's counsel in their opposition demonstrate the fallacy of their assertion. *See e.g., Villar v. Crowley Maritime Corp.*, 780 F. Supp. 1467, 1487 n.37 (S.D. Tex. 1992)("a formal hearing is not required, especially where...the trail judge has full knowledge of the relevant facts"); *see also LaPrade*, 146 F.3d at 907; *Oliveri v. Thompson*, 803 F.2d 1265, 1280 n.99 (2nd Cir. 1986) ("due process must be afforded" before awarding sanctions, but this "does not mean, necessarily, that an evidentiary hearing must be held.").

---

[7] The costs sought by Lilly are related only to the additional cost required to obtain subpoenas for out-of-state witnesses.

## IV. <u>CONCLUSION</u>

Plaintiff's counsel's conduct in filing and prosecuting this case in the District of Columbia was objectively unreasonable and vexatious. That conduct multiplied these proceedings by causing Lilly to spend thousands of dollars that it would not have had to spend if the case had simply been filed in the jurisdiction to which plaintiff now wants to transfer it. 28 U.S.C. § 1927 clearly applies to the facts of this case and counsel's actions amount to conduct for which this Court may require counsel to personally satisfy the costs, expenses and attorney's fees incurred as a result of that conduct. For these reasons, defendant Eli Lilly and Company respectfully requests that this Court grant its motion for costs, award it the costs sought therein, and grant such other relief as the Court may deem just and proper.

Respectfully submitted,

 /s/ Michelle R. Mangrum
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, NW Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211
and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

13

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 14th day of September, 2007, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

      /s/ Michelle R. Mangrum
**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**

14

142290v1

# Exhibit 1

### To
### Defendant Eli Lilly and Company's Reply in Support of Its Motion for Costs

Filed in:
*Connie Franco Pavlicas v. Eli Lilly and Company,*
District Court for the District of Columbia
Civil Action No. 07-1318

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CONNIE FRANCO PAVLICAS** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 1:07-CV-1318-HHK |
| v. | ) | |
| | ) | |
| **ELI LILLY AND COMPANY, et al.** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**AFFIDAVIT OF ERICKA L. KLEIMAN IN SUPPORT OF
DEFENDANT ELI LILLY AND COMPANY'S REPLY
TO PLAINTIFF'S OPPOSITION TO MOTION FOR COSTS**

Ericka L. Kleiman, being duly sworn, deposes and states as follows:

1.     I am an attorney in the firm of Shook, Hardy & Bacon, LLP, 600 14th Street, Suite 800, Washington, D.C. 20005.  I have personal knowledge of the facts set forth in this affidavit and, if called as a witness, could competently testify to them under oath.

2.     Shook, Hardy & Bacon, LLP represents Eli Lilly and Company ("Lilly") in the above-captioned matter.   I am one of the attorneys in the firm working on this case.

3.     In June 2007, counsel for Lilly determined that it was necessary to depose three of plaintiff's treating physicians in order to properly evaluate and defend this case.  At that time, the case was still pending in the Superior Court for the District of Columbia.  Plaintiff's treating physicians were located in New York.

4.     I consulted with Samuel Abate, Jr. from Pepper Hamilton, LLP, New York, New York, to determine how counsel for Lilly could obtain subpoenas from a New York state court for the depositions of these physicians.

142270v1

5.      In addition, I researched the District of Columbia Superior Court local rules and determined that Lilly had to file a motion for commission for out-of-state subpoenas before another state would issue a subpoena for purposes of this case.  I drafted, and counsel of record for Lilly reviewed and filed, that motion.

6.      Upon receipt of an order from the court allowing Lilly to proceed, I sent the order to Mr. Abate so that he could file the necessary documents in New York state court which would allow that court to issue the subpoenas needed for the depositions.

7.      All of the time I spent on this task was necessary and reasonable.

8.      I spent 9.4 hours on this task at $410/hour for a total of $3,854.

142270v1

Executed on September 14th, 2007

_Ericka L. Kleiman_
Ericka L. Kleiman

DISTRICT OF                )
                           )ss.
COLUMBIA                   )

On this 14th day of September, 2007, before me, a notary public in and for said

state, personally appeared Ericka L. Kleiman, to me personally known, who being duly sworn,

acknowledged that she had executed the foregoing instrument for purposes therein mentioned

and set forth.

_Cherrelly Y. Hinnant_
NOTARY PUBLIC

My Commission Expires:

Cherrell Y. Hinnant
Notary Public, District of Columbia
My Commission Expires 5/14/2011

- 3 -

**Exhibit 2**

To
Defendant Eli Lilly and Company's Reply in Support of Its
Motion for Costs

Filed in:
*Connie Franco Pavlicas v. Eli Lilly and Company,*
District Court for the District of Columbia
Civil Action No. 07-1318

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CONNIE FRANCO PAVLICAS** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 1:07-CV-1318-HHK |
| v. | ) | |
| | ) | |
| **ELI LILLY AND COMPANY, et al.** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## AFFIDAVIT OF SAMUEL J. ABATE, JR. IN SUPPORT OF DEFENDANT ELI LILLY AND COMPANY'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR COSTS

I, Samuel J. Abate, Jr., being first sworn on oath, say that the following is true and correct:

1.      I am an attorney in the firm of Pepper Hamilton, LLP, Suite 2320, 420 Lexington Avenue, New York, New York 10170.

2.      In June 2007, while this case was still pending in the Superior Court for the District of Columbia, I was retained by Defendant Eli Lilly and Company ("Lilly") in the above-captioned case for the purpose of assisting in opening an action in New York state court in order to obtain subpoenas for the depositions of two treating physicians located in New York.

3.      I worked with attorneys from Shook, Hardy & Bacon LLP to determine exactly what the New York court would need from D.C. Superior Court in order to effect the subpoenas.

4.      Once I received the necessary documents and order from the D.C. Superior Court, I drafted and filed pleadings in New York in order to obtain subpoenas for the depositions of the two physicians.

5.      On July 5, 2007, the New York court issued an order for subpoenas for these depositions.

6.      In completing this task, I also required the assistance of a paralegal who filed the paperwork and corresponded with the judge's chambers in order to ensure that the necessary documents had been filed.

7.      All of the time that I spent and that my paralegal spent on this task was necessary and reasonable.

8.      In addition, we incurred expenses associated with filing the action in New York. These expenses were also necessary and reasonable.

9.      Our total expenses and fees in this case for this task was $7,132.55 with the following breakdown: 11.1 hours at $440/hour for me; 14.6 hours at $135/hour for my paralegal; and $277.55 in expenses.

10.      We have represented Lilly in several DES cases in the past and are familiar with what is required to defend these cases.  We have represented Lilly in cases directly filed in New York as well as in cases transferred to New York after proceeding in a different jurisdiction. With cases that are transferred, there are substantial costs and fees associated with opening the file and reviewing prior pleadings, depositions, and medical records in order to effectively represent Lilly[1].

---

[1] Lilly is not seeking specific recovery for these costs in this case.

142267v1

Executed on September 12, 2007

_____
Samuel J. Abate, Jr.

NEW YORK    )
_New York_    )ss.
         )

   On this 12th day of September, 2007, before me, a notary public in and for said

state, personally appeared Samuel J. Abate, Jr., to me personally known, who being duly sworn,

acknowledged that he had executed the foregoing instrument for purposes therein mentioned and

set forth.

_____
NOTARY PUBLIC

My Commission Expires:

Jan 23, 2011

MARIE A. RAMOS
NOTARY PUBLIC, State of New York
No. 01RA5038297
Qualified in Bronx County
Certificate Filed in New York County
Commission Expires Jan. 23, 20 11

- 3 -

142267v1